SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH (*pro hac vice admittance pending*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
E-mail: Shirli.Weiss@dlapiper.com
E-mail: David.Priebe@dlapiper.com
E-mail: Jeff.Coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant

KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant*. | No. C 07 3798 JW<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR TRIAL BY JURY** |

Kenneth Schroeder hereby answers the Complaint of plaintiff Securities And Exchange Commission ("Plaintiff" or "SEC") as follows. Paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint and respond to the allegations of that paragraph, up to the Affirmative Defenses section. To the extent that the headings in the Complaint outside of the numbered allegations are intended to be allegations as opposed to mere argument, Schroeder denies them.

1.    Schroeder admits that from July 1, 1999 through December 31, 2005, he was the Chief Executive Officer of KLA-Tencor Corporation ("KLA-Tencor"), which was headquartered in San Jose, California. Schroeder denies the remaining allegations of paragraph 1.

2.    Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence pf paragraph 2, and on that basis denies those allegations. Schroeder denies the remaining allegations of paragraph 2.

3.    Schroeder denies the allegations of paragraph 3.

4.    Schroeder denies the allegations of paragraph 4.

5.    Schroeder admits that the SEC brings this action under the statutes cited in paragraph 5. Schroeder denies the remaining allegations of paragraph 5.

6.    Schroeder admits that this Court has jurisdiction over this action under the statutes cited in paragraph 6. Schroeder denies the remaining allegations of paragraph 6.

7.    Schroeder admits that venue is proper in the Northern District of California, based on his residence in this District. Schroeder denies the remaining allegations of paragraph 7.

8.    Schroeder denies the allegations of paragraph 8.

9.    Schroeder admits that he is age 61 and resides in Los Altos Hills, California. Schroder admits that he served as KLA-Tencor's President and Chief Operating Officer after KLA Instruments' merger with Tencor Instruments, which closed on April 30, 1997; and that from July 1, 1999 until January 1, 2006, he served as KLA-Tencor's Chief Executive Officer. Schroeder admits that he served on KLA-Tencor's Board of Directors from 1997 through 2005.

Schroeder admits that during certain periods from 1997 through 2005, he served on a stock option committee. Schroeder denies the remaining allegations of paragraph 9.

10. Schroeder admits the allegations of paragraph 10.

11. Schroeder admits that KLA-Tencor used employee stock options as a form of compensation to recruit, retain, and incentivize key employees; and that each option gave the grantee the right to buy KLA-Tencor common stock from the Company at a set price, called the "exercise" or "strike" price, on a future date after the option vested. Schroeder denies the remaining allegations of paragraph 11.

12. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies those allegations.

13. Schroeder denies the allegations of paragraph 13.

14. Schroeder admits that KLA-Tencor made the statements that appear in its public filings with the SEC. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis denies those allegations.

15. Schroeder admits that KLA-Tencor made the statements that appear in its public filings with the SEC. Schroeder denies the remaining allegations of paragraph 15.

16. Schroeder admits that he signed certifications prescribed by the Sarbanes-Oxley Act which were attached as exhibits to KLA-Tencor's Forms 10-K for fiscal years 2002, 2003, 2004 and 2005. Schroeder denies the remaining allegations of paragraph 16.

17. Schroeder admits that KLA-Tencor made the statements that appear in its proxy statement for fiscal year 2002, as filed with the SEC.

18. Schroeder denies the allegations of paragraph 18.

19. Schroeder admits that in 1997, KLA's Board of Directors stated that it authorized Kenneth Levy, Jon Tompkins, and Kenneth Schroeder to grant certain stock options to non-officer employees, and that execution of grants was to be by at least two of those persons. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 14, and on that basis denies those allegations.

20. Schroeder denies the allegations of paragraph 20.

21. Schroeder is without knowledge or information sufficient to form a belief as to the allegations of paragraph 21 inasmuch as they refer to unspecified "KLA executives." Schroeder denies the allegations of paragraph 21 to the extent they are intended to refer to him.

22. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies those allegations.

23. Schroeder admits that in or about June 1999, a KLA executive, Lisa Berry, instructed the Company's Human Resources ("HR") department on how to backdate new hire grants. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 as to the specifics of Ms. Berry's instruction except as admitted and therefore denies those allegations.

24. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the practices of unspecified alleged members of a "Stock Option Committee" other than Schroeder, and as to any HR department employees, and on that basis denies those allegations. Schroeder denies the allegations of paragraph 24 to the extent those allegations are directed at him.

25. Schroeder denies the allegations of paragraph 25.

26. Schroeder denies the allegations of paragraph 26.

27. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegation that the annual employee review process was completed by the end of August or beginning of September, and on that basis denies those allegations. Schroeder denies the remaining allegations of paragraph 27.

28. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies those allegations.

29. Schroeder denies the allegations of paragraph 29.

30. Schroeder denies the allegations of paragraph 30.

31. Schroeder admits that on or around March 19, 2001, the General Counsel of KLA-

Tencor sent Schroeder and others a memorandum. Schroeder has been denied a copy of the memorandum and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations which purport to select and partially quote the memorandum out of context as well as the characterizations of the memorandum and therefore denies all such allegations in paragraph 31.

32. Schroeder admits that on or around March 19, 2001, the General Counsel of KLA-Tencor sent Schroeder and others a memorandum. Schroeder has been denied a copy of the memorandum and therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations which purport to select and partially quote the memorandum out of context as well as the characterizations of the memorandum and therefore denies all such allegations in paragraph 32.

33. Schroeder admits that by e-mail dated March 22, 2001 sent to the General Counsel, he made the statements therein. The allegations of paragraph 33 distort the e-mail by taking phrases out of context and omitting statements that are necessary to make the partial statements that the SEC purports to quote, not misleading. Therefore, except as admitted, Schroeder denies the allegations of paragraph 33.

34. Schroeder denies the allegations of paragraph 34.

35. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis denies them.

36. Schroeder denies the allegations of paragraph 36.

37. Schroeder denies the allegations of paragraph 37.

38. Schroeder admits that he reviewed the KLA-Tencor's financial statements included in any SEC filing he signed, before the filing was filed with the SEC. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis denies them.

39. Schroeder admits that he signed certifications prescribed by the Sarbanes-Oxley Act which were attached as exhibits to KLA-Tencor's Forms 10-Q for the quarterly periods ending September 30, 2002 through March 31, 2005, and whose contents are set forth therein.

Schroeder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39, and on that basis denies them.

40. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, and on that basis denies them.

41. Schroeder admits that KLA-Tencor made the statement that appear in its proxy statement for fiscal year 2002, as filed with the SEC. Schroeder denies the remaining allegations of paragraph 41.

42. Schroeder denies the allegations of paragraph 42.

43. Schroeder denies the allegations of paragraph 43.

44. Schroeder denies the allegations of paragraph 44.

45. Schroeder admits that KLA-Tencor made public statements reflected in public documents. Schroeder is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45, and on that basis denies them.

46. Schroeder denies the allegations of paragraph 46.

47. Schroeder denies the allegations of paragraph 47.

### FIRST CLAIM OF RELIEF

48. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

49. Schroeder denies the allegations of paragraph 49.

50. Schroeder denies the allegations of paragraph 50.

### SECOND CLAIM FOR RELIEF

51. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

52. Schroeder denies the allegations of paragraph 52.

53. Schroeder denies the allegations of paragraph 53.

54. Schroeder denies the allegations of paragraph 54.

### THIRD CLAIM FOR RELIEF

55. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

56. Schroeder denies the allegations of paragraph 56.

57. Schroeder denies the allegations of paragraph 57.

### FOURTH CLAIM FOR RELIEF

58. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

59. Schroeder denies the allegations of paragraph 59.

60. Schroeder denies the allegations of paragraph 60.

### FIFTH CLAIM FOR RELIEF

61. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

62. Schroeder denies the allegations of paragraph 62.

63. Schroeder denies the allegations of paragraph 63.

### SIXTH CLAIM FOR RELIEF

64. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

65. Schroeder denies the allegations of paragraph 65.

66 Schroeder denies the allegations of paragraph 66.

67. Schroeder denies the allegations of paragraph 67.

### SEVENTH CLAIM FOR RELIEF

68. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

69. Schroeder denies the allegations of paragraph 69.

70. Schroeder denies the allegations of paragraph 70.

71. Schroeder denies the allegations of paragraph 71.

### EIGHTH CLAIM FOR RELIEF

72. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

73. Schroeder denies the allegations of paragraph 73.

74. Schroeder denies the allegations of paragraph 74.

75. Schroeder denies the allegations of paragraph 75.

### NINTH CLAIM FOR RELIEF

76. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

77. Schroeder denies the allegations of paragraph 77.

78. Schroeder denies the allegations of paragraph 78.

### TENTH CLAIM FOR RELIEF

79. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

80. Schroeder denies the allegations of paragraph 80.

81. Schroeder denies the allegations of paragraph 81.

### ELEVENTH CLAIM FOR RELIEF

82. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

83. Schroeder denies the allegations of paragraph 83

84. Schroeder denies the allegations of paragraph 84.

85. Schroeder denies the allegations of paragraph 85.

### TWELFTH CLAIM FOR RELIEF

86. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

87. Schroeder denies the allegations of paragraph 87.

88. Schroeder denies the allegations of paragraph 88.

## THIRTEENTH CLAIM FOR RELIEF

89. Schroeder incorporates by reference his responses to paragraphs 1 through 47, above.

90. Schroeder denies the allegations of paragraph 90.

91. Schroeder denies the allegations of paragraph 91.

## AFFIRMATIVE DEFENSES

Schroeder sets forth below his affirmative defenses. Each defense is asserted as to all causes of action against Schroeder. By setting forth these affirmative defenses, Schroeder does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to the SEC.

As separate affirmative defenses, Schroeder alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

The Complaint, and each claim in it, is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Permitted Reliance of Director and Officer)

Plaintiff's claims are bared in whole or in part because Schroeder was permitted under applicable law to rely, and did reasonably rely, on information, opinions, reports and statements

prepared or presented by:

(1) officers or employees of the corporation whom he believed to be reliable and competent in the matters presented;

(2) counsel, independent accountants or other persons as to matters which he believed to be within such person's professional or expert competence;

(3) committees of the board upon which Schroeder did not serve, as to matters within their designated authority, which committees Schroeder in good faith believed to merit confidence.

## FIFTH AFFIRMATIVE DEFENSE

**(Relief Barred by Eighth Amendment to the U.S. Constitution)**

The relief sought in the Complaint is barred, in whole or in part, by the Eighth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

**(Relief Barred by Fourteenth Amendment to the U.S. Constitution)**

The relief sought in the Complaint is barred, in whole or in part, by the Fourteenth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Schroeder prays for relief and judgment as set forth below.

1. For judgment in his favor;
2. That Plaintiff takes nothing by means of its Complaint; and
3. For such other further relief as the Court deems just and proper.

Dated: September 10, 2007

DLA PIPER US LLP

By /s/ Shirli Weiss
SHIRLI WEISS
Attorneys for Defendant
KENNETH L. SCHROEDER

**DEMAND FOR JURY TRIAL**

Schroeder demands a trial by jury of all issues triable to a jury.

Respectfully submitted,

Dated: September 10, 2007          DLA PIPER US LLP

By /s/ Shirli Weiss
   SHIRLI WEISS
Attorneys for Defendant
KENNETH SCHROEDER