```
1  JUDITH L. ANDERSON (State Bar No. 124281)
     andersonju@sec.gov
2  SUSAN F. LA MARCA (Cal. Bar No. 215231)
     lamarcas@sec.gov
3  ELENA RO (Cal. Bar No. 197308)
     roe@sec.gov
4
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
6  San Francisco, California 94104
   Telephone: (415) 705-2500
7  Facsimile: (415) 705-2501
```

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH L. SCHROEDER, <br><br> Defendant. | Case No. C-07-3798 JW <br><br> **STIPULATION AND PROPOSED PROTECTIVE ORDER PURSUANT TO RULE 26(f)** |

Plaintiff Securities and Exchange Commission (the "Commission") and defendant Kenneth L. Schroeder (collectively, "the parties"), by and through their respective counsel, hereby agree and stipulate as follows:

**STIPULATION**

1. In keeping with Federal Rule of Civil Procedure 26, the parties agree that an order regarding claims of privilege or of protection as trial-preparation material asserted after production will facilitate the expeditious delivery of documents and other information, while protecting legitimate rights and confidences.

2. The parties therefore agree that the following terms should be ordered:

    a. The parties agree that the inadvertent disclosure of materials over which a party to this action may assert any valid claim of privilege, including as trial preparation material or work-product, will not by itself constitute a waiver of such privileges or protections.

    b. Whenever any producing party discovers, through review of the material, notice from another party, or otherwise, that the party has inadvertently produced material over which the party claims a privilege, or protections as trial preparation material or work-product, the producing party shall immediately notify all persons to whom the material was produced of the inadvertent disclosure, by: providing a reasonable means for the notified persons to locate the material (by bates number, date, or other description); and describing the nature of the privilege or other protection asserted.

    c. Whenever any receiving party learns, through review of the material, notice from another party, or otherwise, that materials which reasonably appear to be subject to protections under a claim of privilege, or as trial preparation material or work-product, have been inadvertently produced by another party, the party receiving the material will refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the producing party that the receiving party possesses material that appears to be privileged or subject to such other protections. If, upon such notification, the producing party asserts a privilege or protection, the receiving party shall destroy all materials and all copies and shall promptly deliver a certification from counsel attesting to such destruction. The receiving party further shall not use or disclose information derived from such materials. Additionally, the receiving party shall notify the producing party whether any materials or copies, or any information derived therefrom, have or may have

|   |   |   |
|---|---|---|
| | | been reproduced to any other persons and shall promptly take reasonable steps to retrieve the materials, copies and information from all such persons. |
| | d. | In order for any inadvertent disclosure to constitute a waiver, the receiving party must have changed his position by incorporating the material into his trial preparation in reasonable reliance on the non-privileged or non-protected nature of the document. |
| | e. | All disputes concerning whether material is privileged or otherwise protected or concerning any other provision of this Stipulation shall be resolved in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure. |

IT IS SO STIPULATED.

DATED: September 17, 2007

_____
Judith L. Anderson
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

DATED: September 17th, 2007

_____
Shirli Fabbri Weiss
Attorney for Defendant
KENNETH L. SCHROEDER

**ORDER**

The Court having received the stipulation of the parties and finding good cause, **IT IS SO ORDERED.**

DATED:

_____
James Ware
UNITED STATES DISTRICT JUDGE