SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH
(admitted *pro hac vice*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant.* | No. C 07 3798 JW<br><br>**MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION**<br>Fed. R. Civ. P. 26(c)<br><br>**MAGISTRATE JUDGE HOWARD R. LLOYD**<br><br>**DATE: December 18, 2007**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: 8** |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION; RELIEF REQUESTED ............................................ 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

    INTRODUCTION ...................................................................................................... 1

    FACTUAL BACKGROUND ....................................................................................... 3

    ARGUMENT ............................................................................................................. 6

        A.      Legal Standard ............................................................................................ 8

        B.      Mr. Schroeder Will Be Significantly Prejudiced If The SEC Deposes Him At The Beginning Of Discovery .............................................................. 9

        C.      The Balance Of Interests Requires A Protective Order ................................ 9

CONCLUSION............................................................................................................. 11

DLA PIPER US LLP
EAST PALO ALTO

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

# TABLE OF AUTHORITIES

<u>Page</u>

## CASES

*AIG Life Ins. Co. v. Phillips*,
 No. 07-cv-00500-PSF-MFH, 2007 WL 2116383 (D. Colo. July 20, 2007) .................... 9

*Brock v. Tolkow*,
 109 F.R.D. 116 (E.D.N.Y. 1985) ............................................................................. 6, 7, 9

*Digital Equip. Corp. v. Currie Enters.*,
 142 F.R.D. 8 (D. Mass. 1991) ................................................................................. 6, 11

*Favaloro v. S/S Golden Gate*,
 687 F. Supp. 475 (N.D. Cal. 1987) ............................................................................. 6

*Rivera v. NIBCO, Inc.*,
 364 F.3d 1057 (9th Cir. 2004) .................................................................................... 8

*SEC v. Power Sec. Corp.*,
 142 F.R.D. 321 (D. Colo. 1992) ............................................................................. 9, 10

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*,
 7 F. Supp. 2d 523 (D.N.J. 1998) ................................................................................. 9

## FEDERAL RULES

Fed. R. Civ. P. 26(a) ................................................................................................ 5, 7, 10

Fed. R. Civ. P. 26(c) ............................................................................................... 1, 2, 3, 8

Fed. R. Civ. P. 26(f) ...................................................................................................... 6

## MISCELLANEOUS

Milton Pollack, *Parallel Civil and Criminal Proceedings*,
 129 F.R.D. 201 (1989) ................................................................................................ 6

Page ii

## NOTICE OF MOTION AND MOTION; RELIEF REQUESTED

PLEASE TAKE NOTICE that on December 18, 2007, at 10:00 a.m., or at such other date and time as the Court may order, in Courtroom 8 of the above-entitled court, located at 280 S. 1st Street, San Jose, California, Defendant Kenneth L. Schroeder will and hereby does move, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order precluding the Securities and Exchange Commission from noticing Mr. Schroeder's deposition until no earlier than three months before the end of the factual discovery period in this case. This motion is based on this Notice, the Memorandum of Points and Authorities in Support, *infra,* the Request for Judicial Notice filed herewith and any argument of counsel entertained by the Court at the hearing. Filed herewith is the Certification required by Federal Rule of Civil Procedure 26(c) regarding counsel's efforts to resolve this dispute.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Should the Court issue a protective order under Federal Rule of Civil Procedure 26(c) precluding the Securities and Exchange Commission from noticing Kenneth L. Schroeder's deposition more than three months before the end of fact discovery in this case?

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

For well over a year before filing its lawsuit against Kenneth L. Schroeder, the Securities and Exchange Commission (the "SEC") conducted a joint investigation (the "government investigation") with the Department of Justice (the "DOJ") into the option granting practices of KLA-Tencor Corporation ("KLA-Tencor" or "the Company") that existed during a period spanning over ten years. Mr. Schroeder had served as CEO from July 1999 through the end of 2005 at KLA-Tencor. The government investigation apparently relied heavily, perhaps almost entirely, on the work of a "Special Committee" of the Board of Directors of KLA-Tencor. At every stage during the government investigation of KLA-Tencor, the criminal component of which is ongoing, Mr. Schroeder, unlike the government, had no compulsory process to obtain documents or access to witnesses. The SEC, on the other hand, had the benefit of memoranda

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

1    and documents from at least 55 witness interviews conducted by counsel for the Special

2    Committee, which that Committee turned over to the government investigation (but not to

3    Mr. Schroeder) as part of KLA-Tencor's "cooperation" with the government investigation.[1]  The

4    SEC largely outsourced its investigation to the Special Committee.  The Special Committee's

5    interview of Mr. Schroeder, memorialized in a 73-page memorandum, occurred on

6    September 1, 2006.[2]  The SEC was only recently compelled to turn over those Special Committee

7    interviews to Mr. Schroeder when the parties exchanged initial disclosures on October 3, 2007

8    under Rule 26 of the Federal Rules of Civil Procedure.

9         Despite having had well over a year's head start, the SEC has nevertheless informed

10   undersigned counsel that it intends to immediately notice the deposition of Mr. Schroeder and to

11   take his deposition as early as December 2007 or January 2008.  As further discussed below, this

12   is a transparent attempt by the SEC to exploit the fact of the ongoing DOJ investigation, and to

13   run roughshod over Mr. Schroeder's Fifth Amendment rights by trying to force him into a

14   premature and unnecessary choice between asserting those rights or testifying.  However, the law

15   is clear that great deference should be accorded a civil defendant's Fifth Amendment rights,

16   particularly in a case where the civil plaintiff is the government.  Nonetheless, the SEC is

17   disregarding these principles in its effort to place itself in the tactically advantageous position of

18   forcing Mr. Schroeder to either forego his constitutional rights or risk having the SEC later ask

19   this Court to draw adverse inferences against him.  Such a choice may have to be made at some

20   point, but it need not be made now.

21        Mr. Schroeder is not disputing that the SEC is entitled to take his deposition during the

22   discovery phase of this case.  Mr. Schroeder is not asking to stay his deposition or any other

---

23   [1] This cooperation paid off handsomely for the Company; by pointing the finger of blame for
24   options backdating at Mr. Schroeder alone rather than at any of the then-current officers or
     directors of KLA-Tencor, the Company escaped paying any financial penalty in connection with
25   its settlement with the SEC.  See SEC Charges Former KLA-Tencor CEO With Fraud For
     Improper Stock Options Backdating: Commission Also Settles Claims Against KLA-Tencor,
26   SEC Litig. Release No. 20207 (July 25, 2007).

27   [2] Contrary to its usual practice, the SEC took little investigative testimony prior to filing this
     action.
28   Page 2

1  discovery. Rather, Mr. Schroeder simply requests that the Court adjust the discovery schedule so

2  that Mr. Schroeder's deposition will occur later in the discovery process. This simple scheduling

3  adjustment will relieve the pressure that the SEC is trying to put on Mr. Schroeder's

4  constitutional rights without delaying the progress of this litigation or prejudicing the SEC in any

5  way. The SEC has a 73-page memorandum of Mr. Schroeder's Special Committee interview, and

6  it will be able to make further inquiries in due course at deposition testimony. The SEC has

7  already issued a subpoena to the Special Committee's lawyer for deposition testimony regarding

8  Mr. Schroeder's statements at the interview. Mr. Schroeder recognizes that if the criminal part of

9  the government investigation is still pending without a charging decision, he ultimately will be

10  put to the difficult choice that he now seeks to avoid. There is just no reason, however, to allow

11  the SEC to leverage the criminal side of the government investigation by forcing him to make that

12  choice now.

13        Accordingly, Mr. Schroeder respectfully requests that the Court issue a protective order

14  pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that precludes the SEC from

15  noticing Mr. Schroeder's deposition in this case until further along in the discovery period,

16  specifically, no earlier than three months before the end of the time for fact discovery.

17                          **FACTUAL BACKGROUND**

18        The series of events that led to this lawsuit was triggered by a May 22, 2006 *Wall Street*

19  *Journal* article suggesting that a number of companies, including KLA-Tencor, had selected stock

20  option grant dates using hindsight (a process that was indisputably legal, but that required

21  different accounting treatment than contemporaneously granted options). The next day, KLA-

22  Tencor's Board formed a "Special Committee" to investigate the company's stock option

23  granting practices. The possibility that stock options had not been properly accounted for in

24  public companies sparked numerous investigations by the SEC and the DOJ. KLA-Tencor was

25  soon notified that the SEC and the DOJ were both investigating its stock option practices.

26        The Special Committee retained counsel to conduct an internal investigation. In the

27  course of the internal investigation, counsel for the Special Committee compiled hundreds of

28  Page 3

thousands of pages of hard copy and electronic documents and interviewed at least 55 current and former directors, officers and employees of KLA-Tencor, including Mr. Schroeder. Mr. Schroeder's interview alone generated a 73-page interview memorandum. The memorandum was written at the time of Mr. Schroeder's interview in September 2006, but not produced to Mr. Schroeder by the SEC until October 3, 2007.

On October 16, 2006, KLA-Tencor issued a press release stating that the Special Committee's investigation was substantially complete, and that, as a result of the investigation, the company would restate its financial statements.[3]  On January 29, 2007, KLA-Tencor announced the findings of the Special Committee's investigation.[4]  The Special Committee concluded that employee stock option grants at KLA-Tencor between July 1, 1997 and June 30, 2002, had been retroactively priced and had not been accounted for properly, which caused the company's financial statements to be inaccurate.  The Special Committee purported to wholly absolve the then-current management and Board of Directors of any wrongdoing, and at the same time, conveniently (to it), placed the blame almost entirely on Mr. Schroeder, who had retired from his position as CEO and from the Board before the Special Committee began its investigation, and as a result, had no political power in the Company.  The Company then leveraged its blame on Mr. Schroeder to give itself an excuse to breach its pending contracts with Mr. Schroeder, appropriating to itself millions of dollars in benefits to Mr. Schroeder that had earlier been approved by the Company's Board.

Mindful of the premium that the SEC and the DOJ have placed on cooperation by corporations under investigation in recent years, the Company sought leniency from the SEC and the DOJ by "cooperating" with the ongoing government investigations, urging the government to

---

[3] *See* KLA-Tencor Corp., Current Report (Form 8-K), at Ex. 99.1 (Oct. 18, 2006), *available at* http://www.sec.gov./Archives/edgar/data/319201/000089161806000417/0000891618-06-000417-index.htm.

[4] *See* KLA-Tencor Corp., Annual Report (Form 10-K), at 23-25 (Jan. 29, 2007), *available at* http://www.sec.gov./Archives/edgar/data/319201/000119312507014655/0001193125-07-014655-index.htm.

DLA PIPER US LLP
EAST PALO ALTO

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

focus on Schroeder.[5]  The SEC complaint in this case is largely a regurgitation of the Special Committee's purported "findings," with the notable exception that the SEC sued Lisa Berry, the former General Counsel of KLA-Tencor, in a separate complaint, asserting that Ms. Berry had been the architect of options backdating at KLA-Tencor and at Juniper Networks, her subsequent employer.  *See SEC v. Lisa C. Berry*, No. 5:07-cv-04431-RMW (N.D. Cal. filed Aug. 28, 2007).[6] The Company's Special Committee investigation had downplayed any role of the General Counsel, in its attempt to fix blame on Schroeder, and had concealed it from the public.

On July 25, 2007, over 14 months after it began its inquiry, the SEC filed its complaint against Mr. Schroeder in this action.  (On that same day, the SEC announced a settlement with KLA-Tencor, under which the company paid no financial penalty).  The SEC complaint itself is not enlightening, as it contains merely conclusory allegations and selectively quotes portions of documents and erroneously misconstrues them.  As part of its Rule 26(a) initial disclosures, on October 3, 2007, the SEC provided Mr. Schroeder with the interview memoranda and other documents from the Special Committee's investigation, giving Mr. Schroeder his first opportunity to see the documents and information that supposedly supported the allegations leveled at him by the Special Committee and the SEC.  The DOJ's criminal investigation into KLA-Tencor's stock option grants is ongoing.[7]

Mr. Schroeder has conferred with the SEC about the upcoming discovery process in this action, in the hopes of arriving at an agreed discovery schedule that accommodates both the parties' discovery rights and, given the DOJ's ongoing criminal investigation, Mr. Schroeder's

---

[5] *See, e.g.*, Katheryn Hayes Tucker, *Ex-Prosecutor Dishes Up Advice to GCs on Government Probes*, Fulton County Daily Report, Oct. 19, 2007, *available at* http://www.law.com/jsp/legaltechnology/PubArticleFriendlyLT.jsp?id=1192698215037 ("Get friendly with the investigators. . . . Find out what they're looking for, whom they suspect, and when they think it happened.  'Your goal is to find out those individuals, separate them and if necessary toss them under the bus.'").

[6] The Special Committee completely missed or chose to ignore the role of Ms. Berry as the architect of backdating at KLA-Tencor.  The SEC alleges in the complaint against Ms. Berry that she "orchestrated" options backdating at KLA-Tencor.

[7] *See* Justin Scheck, *SEC Is Preparing Option to Charge Former GC of KLA*, The Recorder, Aug. 14, 2007, *available at* http://www.law.com/jsp/article.jsp?id=1186996023641.

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

Fifth Amendment rights. The SEC has refused Mr. Schroeder's modest request to schedule his deposition nearer the end of discovery, however, and it has indicated that it intends to notice Mr. Schroeder's deposition as early as next month or January 2008 (the parties had their Rule 26(f) conference, the kickoff for deposition and other discovery, on November 1, 2007). There are well over 100 witnesses to be deposed other than Mr. Schroeder.

## ARGUMENT

The perils to individuals posed by parallel civil and criminal proceedings are not new. *See generally* Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201 (1989). In the current regulatory environment, however, it has become increasingly common for the government to bring parallel civil and criminal cases or investigations. It is not improper for the government to conduct parallel civil and criminal proceedings concerning the same facts and subject matter, but such proceedings can significantly impact a party's Fifth Amendment rights. Parallel proceedings always have the potential to force a civil defendant to choose between the Scylla of providing necessary testimony in the civil case that could later be used against him in the criminal proceeding, and the Charybdis of invoking the Fifth Amendment privilege against self-incrimination and facing a possible adverse inference in the civil action. *See, e.g., Brock v. Tolkow*, 109 F.R.D. 116, 120-21 (E.D.N.Y. 1985).

Given the inherent pressure that the maintenance of parallel proceedings exerts on a civil defendant's right to be free from self-incrimination, courts have long recognized that parallel civil actions should be conducted in a manner that looks to accommodate the defendant's Fifth Amendment rights. *See id.* ("[A] court can exercise its discretion to enable a defendant to avoid this unpalatable choice when to do so would not seriously hamper the public interest."); *Digital Equip. Corp. v. Currie Enters.*, 142 F.R.D. 8, 13, 15 (D. Mass. 1991) (declining to stay civil action, but ordering parties to file joint protective order to "protect the defendants' interests and their fifth amendment rights"); *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 482 (N.D. Cal. 1987) (ordering parties to "confer and agree on a discovery plan that will be least likely to intrude on defendants' fifth amendment rights"). This is especially true where the government is the

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

1   plaintiff in both proceedings. *See Tolkow*, 109 F.R.D. at 119 (stating that relief from parallel civil

2   and criminal proceedings "is even more appropriate when both actions are brought by the

3   government").

4          By insisting that it be permitted to depose Mr. Schroeder early in the discovery process,

5   the SEC seeks to use this Fifth Amendment dilemma against Mr. Schroeder entirely for strategic

6   advantage: if Mr. Schroeder testifies, the SEC will transmit that testimony to its investigative

7   partners at the DOJ; if he invokes the Fifth Amendment, the SEC can then ask for an adverse

8   inference against him in this case.   There is no legitimate need, however, for the SEC to take

9   Mr. Schroeder's deposition at the beginning of discovery.   The SEC spent well over a year

10  gathering information during its investigation, and it has long had the information gathered in the

11  Special Committee's investigation, including a 73-page memorandum purporting to reflect Mr.

12  Schroeder's interview with the Special Committee.  The Special Committee's investigation in this

13  case was effectively an extension of the SEC's investigation, as the SEC was given the Special

14  Committee's interview memoranda and kept appraised on an ongoing basis.   Moreover, the SEC

15  cannot credibly claim that it needs to depose Mr. Schroeder early, to "pin down" his testimony

16  before he learns what other witnesses will say, because Mr. Schroeder already received 55

17  detailed interview memoranda from the Special Committee's investigation from the SEC's Rule

18  26(a) production.

19         The SEC is plainly aware of the effect that its proposed schedule would have on Mr.

20  Schroeder's Fifth Amendment rights, and if the SEC was truly more interested in getting the

21  substance of Mr. Schroeder's testimony than engaging in tactical gamesmanship, there would be

22  no need for this motion.   Indeed, in a similar case involving former executives of Brocade

23  Communications, Inc., the SEC itself requested discovery deadlines that would both protect the

24

25

26

27

28  Page 7

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF
DEPOSITION

NO. C 07 3798 JW

1   deponents' Fifth Amendment rights and increase the likelihood that the depositions would yield

2   substantive testimony.[8]

3         Mr. Schroeder has no intention of delaying the overall resolution of this action or

4   unnecessarily dragging out the discovery process.    Indeed, with the onset of discovery,

5   Mr. Schroeder has, for the first time, the ability to gather information necessary to defend himself

6   from the SEC's allegations.    But the discovery process is intended to further the truth-finding

7   function of litigation, and this Court should not permit the SEC to structure discovery in this case

8   in a way that is designed to place the maximum amount of pressure on Mr. Schroeder's Fifth

9   Amendment rights.    A limited protective order postponing Mr. Schroeder's deposition until

10  nearer the end of discovery would further the purposes of discovery, advance the litigation, and

11  protect Mr. Schroeder's Fifth Amendment rights.

12        **A.      Legal Standard**

13        Federal Rule of Civil Procedure 26(c) provides that a district court may, upon motion and

14  for good cause, "make any order which justice requires to protect a party or person from

15  annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the

16  disclosure or discovery may be had only on specified terms and conditions, including a

17  designation of the time or place." A protective order is appropriate if the party seeking the order

18  shows "harm or prejudice that will result from the discovery," and a balancing of the public and

19  private interests indicates that a protective order is necessary.  *Rivera v. NIBCO, Inc.*, 364 F.3d

20  1057, 1063-64 (9th Cir. 2004).

21
    ─────────────────────────
22  [8] *See* Joint Case Management Conference Statement and Proposed Order at 6, *SEC v. Reyes*, No.
    3:06-cv-04435-CRB (N.D. Cal. Nov. 21, 2006).  In the statement, the SEC proposed a discovery
23  plan as follows:

24        Anticipating that witnesses, including the defendants, may invoke the Fifth
          Amendment rather than testify substantively prior to the conclusion of the related
25        criminal trial . . . the deadline for fact discovery should be four months after
          judgments are entered in the criminal case in order to provide sufficient time to
26        gain substantive depositions at a point when witnesses may be more willing to
          testify.
27
    *Id.*
28  Page 8

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF
DEPOSITION

NO. C 07 3798 JW

**B.    Mr. Schroeder Will Be Significantly Prejudiced If The SEC Deposes Him At The Beginning Of Discovery**

As explained above, the SEC's stated intention to depose Mr. Schroeder early in the discovery process is nothing more than an attempt to force Mr. Schroeder into the quandary of choosing between (i) protecting his Fifth Amendment rights in the face of the DOJ's ongoing criminal investigation and having the SEC seek an adverse inference against him in this action; and (ii) providing the SEC with deposition testimony that could be used against him in the criminal proceeding. That the SEC's proposed timing for Mr. Schroeder's deposition would be severely prejudicial to him is simply undeniable. Courts have repeatedly held that forcing a party to choose between preserving his right against self-incrimination and potentially losing a civil action is sufficiently prejudicial to warrant some form of intervention to protect the party's Fifth Amendment rights. *See AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MFH, 2007 WL 2116383, at *2-3 (D. Colo. July 20, 2007) (granting limited stay of discovery directed at civil defendant); *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526-29 (D.N.J. 1998) (staying depositions and interrogatories; noting burden of forcing defendants to "choose between waiving their Fifth Amendment rights and defending themselves in the civil lawsuit or asserting the privilege and probably losing the civil case"); *SEC v. Power Sec. Corp.*, 142 F.R.D. 321, 323 (D. Colo. 1992) (postponing civil defendant's deposition because ongoing criminal investigation made it "difficult for him to make an informed decision as to whether to assert his *Fifth Amendment* privilege"); *Tolkow*, 109 F.R.D. at 121 (postponing discovery in civil action pending outcome of criminal investigation).

**C.    The Balance Of Interests Requires A Protective Order**

While the prejudice that Mr. Schroeder will suffer in the absence of a protective order is clear, there is no countervailing prejudice to the SEC's interest or to the public interest that will result from postponing Mr. Schroeder's deposition.

First, the SEC does not need to depose Mr. Schroeder at the start of discovery to develop its theory of the case. The SEC investigated KLA-Tencor's stock options process for

Page 9

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

approximately 14 months before it filed this action against Mr. Schroeder, during which time it has had the ability to subpoena both documents and testimony. Any claim that the SEC now needs to depose Mr. Schroeder early to enable it to plan its case strategy simply rings hollow. Moreover, if the SEC takes Mr. Schroeder's deposition three months before the end of fact discovery, the SEC will have more than enough time to follow-up on information learned during Mr. Schroeder's deposition. *See Power Sec. Corp.*, 142 F.R.D. at 323 (stating that SEC would not be prejudiced by postponement of civil defendant's deposition because it "will have ample time to follow up information gained from [the] deposition and prepare for trial").

Second, the SEC already has a lengthy memorandum from Mr. Schroeder's interview with the Special Committee. The SEC has long touted the importance of internal investigations as a key aspect of the SEC's enforcement practice,[9] and, in this case, KLA-Tencor's Special Committee investigation operated as a *de facto* extension of the SEC's investigation. Counsel for the Special Committee not only shared its work product with the SEC, it also met with the agency to discuss the findings and conclusions of the investigation. While the SEC may wish to ask Mr. Schroeder questions in addition to the questions he was asked in his Special Committee interview (and, again, Mr. Schroeder does not dispute that the SEC has the right to do so in this action), it will not be prejudiced if Mr. Schroeder's deposition is scheduled later in the discovery period.

Third, the SEC cannot credibly assert that it needs to depose Mr. Schroeder early in discovery, before he learns what other witnesses have to say. Whether or not this could be a proper concern in any event, that ship has already sailed in this case. The SEC provided Mr. Schroeder with the interview memoranda from the Special Committee investigation, as required, in its Rule 26(a) initial disclosures. Thus, Mr. Schroeder and his counsel already have a record of what other witnesses have said, so the SEC cannot now claim any need to depose

---

[9] *See, e.g.*, Linda Chatman Thomsen, Director, Division of Enforcement, Sec. and Exchange Comm'n, Remarks Before the Stanford Law School Directors' College 2007 (June 26, 2007) ("More than 30 years after the initiation of the Commission's voluntary disclosure program, the internal investigation continues to play a key role in our enforcement efforts.").

Page 10

1    Mr. Schroeder before he learns what other witnesses have to say. Moreover, such a concern

2    cannot overcome the need to protect Mr. Schroeder's constitutional rights with the requested

3    slight adjustment to the discovery schedule.

4        Fourth, the public interest will not be harmed by postponing Mr. Schroeder's deposition.

5    The public has a general interest "in both the prompt resolution of civil cases as well as the fair

6    prosecution of criminal cases." *See Digital Equip. Corp.*, 142 F.R.D. at 14. The protective order

7    that Mr. Schroeder requests would not cause any overall delay in the conduct of this action, and,

8    as explained above, postponing Mr. Schroeder's deposition will not prejudice the SEC's ability to

9    pursue its case. Accordingly, the public interest will be completely unaffected by the requested

10   protective order.

11       The balance of Mr. Schroeder's substantial interest in preserving his Fifth Amendment

12   rights against the SEC's interests and the public's interest in a prompt, fair resolution of this case

13   clearly mandates the entry of a protective order postponing Mr. Schroeder's deposition in this

14   case until later in the discovery phase. There is simply no reason to allow the SEC to take

15   Mr. Schroeder's deposition immediately, other than to allow it to engage in tactical

16   gamesmanship at the expense of constitutional rights.

17                            **CONCLUSION**

18       For the reasons stated above, Kenneth L. Schroeder requests that the Court grant a

19   protective order preventing the SEC from noticing his deposition more than three months before

20   the end of fact discovery in this case.

21

22

23

24

25

26

27

28   Page 11

DLA PIPER US LLP
EAST PALO ALTO

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF
DEPOSITION

NO. C 07 3798 JW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: November 7, 2007

DLA PIPER US LLP

Respectfully submitted,

By: /s/Jeffrey B. Coopersmith
_____

SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH
(admitted *pro hac vice*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
  KENNETH L. SCHROEDER

DLA PIPER US LLP
EAST PALO ALTO

Page 12

MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF
DEPOSITION

NO. C 07 3798 JW