SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH
(admitted *pro hac vice*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant.* | No. C 07 3798 JW<br><br>**REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 IN SUPPORT OF MOTION OF KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION**<br><br>MAGISTRATE JUDGE HOWARD R. LLOYD<br><br>DATE: December 18, 2007<br>TIME: 10:00 a.m.<br>COURTROOM: |

Page 1

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 IN SUPPORT OF MOTION OF
KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

DLA PIPER US LLP

Defendant Kenneth L. Schroeder, by and through undersigned counsel, hereby respectfully requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following document:

- Joint Case Management Conference Statement and Proposed Order, *SEC v. Reyes*, No. 3:06-cv-04435-CRB (N.D. Cal. Nov. 21, 2006). A true and correct copy of this document is attached hereto as Exhibit A.

Dated: November 7, 2007

DLA PIPER US LLP

Respectfully submitted,

By: /s/ Jeffrey B. Coopersmith

SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH
(admitted *pro hac vice*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
    KENNETH L. SCHROEDER

DLA PIPER US LLP

Page 2

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201 IN SUPPORT OF MOTION OF
KENNETH L. SCHROEDER FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

SUSAN F. LA MARCA (Cal. Bar No. 215231)
lamarcas@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
leachr@sec.gov
SUSAN FLEISCHMANN (Cal. Bar No. 207194)
fleischmanns@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY L. REYES, ANTONIO CANOVA, and STEPHANIE JENSEN,<br><br>Defendants. | Civil Action No. C-06-4435 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT and PROPOSED ORDER**<br><br>Date: December 1, 2006<br>Time: 8:30 a.m.<br>Place: Courtroom 8, 19th Floor<br>450 Golden Gate Ave.<br>San Francisco, California |

Plaintiff Securities and Exchange Commission ("Commission") and defendants Gregory L. Reyes, Antonio Canova, and Stephanie Jensen submit this Joint Case Management Conference Statement and Proposed Order and request the Court to adopt it as the case management order in this case.

**EXHIBIT A**

# DESCRIPTION OF THE CASE

1. **A brief description of the events underlying the action:**

<u>Commission's Description of the Case</u>:

This is an enforcement action brought by the Commission against three former executives of Brocade Communications, Inc. ("Brocade"), alleging that defendant Gregory L. Reyes, the former chief executive officer of Brocade, directed a years-long fraudulent scheme to backdate stock options granted to Brocade's employees, beginning no later than 2000 and persisting at least through 2004. The Commission alleges that Reyes falsely backdated the option grants in Brocade's official grant documentation so that it would look like the options had been granted on dates in the past when Brocade's stock price was particularly low, in order to add value to the employees' grants. According to the complaint, Reyes lied about the date to hide the necessary expense that he knew Brocade should have recorded and reported in its financial statements to shareholders. The Commission further alleges that Reyes enlisted defendant Stephanie Jensen, Brocade's former vice president for human resources, to carry out the backdating scheme. According to the complaint, Jensen provided Reyes with the backdated grant documentation, together with information showing Brocade's stock price history over a weeks- or months-long period, highlighting the low price during the period. The complaint also alleges that Jensen understood that she was helping create the false documentation of option grants to facilitate Brocade's preparation of financial statements that did not include the necessary expenses related to the backdated grants, and to hide the true date of the grants from the company's accountants and auditors. The Commission also claims that defendant Antonio Canova, Brocade's former chief financial officer, learned of facts suggesting the backdating scheme, but still facilitated the company's fraudulent public reporting by permitting the company to issue periodic reports and financial statements based on the unreliable documentation of option grants.

The Commission alleges that Reyes, Canova and Jensen violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), by making material misrepresentations and omissions of fact and by engaging in fraudulent devices in connection with the purchase and sale of securities. The Commission also alleges that

1  each of the defendants also directly, or as aiders and abetters, violated the Exchange Act prohibitions
2  against falsifying documents and evading internal controls (15 U.S.C. § 78m(b)(5) and 17 C.F.R. §
3  240.13b2-1); causing a company to issue false or misleading periodic reports (15 U.S.C. § 78m(a),
4  17 C.F.R. §§ 240.12b-20, 13a-1, 13a-13); causing a company to make or keep inaccurate books and
5  records and inadequate internal controls (15 U.S.C. § 78m(b)(2)(A) & (B); and lying to accountants
6  (17 C.F.R. 240.13b2-2). The Commission also alleges that Reyes and Canova falsely certified
7  financials contained in periodic reports in violation of 17 C.F.R. § 240.13a-14. The Commission
8  seeks injunctions against each of the defendants prohibiting future violations of the above provisions;
9  disgorgement from each of them of their wrongfully obtained benefits, plus prejudgment interest;
10 civil monetary penalties pursuant to the Securities Act and the Exchange Act (15 U.S.C. §§ 77t(d)
11 and 78u(d)(3)); and a bar against defendants Reyes and Canova serving as officers or directors of any
12 public company.

<u>Defendants' Description of the Case</u>:

Defendants acknowledge that they are former officers of Brocade Communications. They otherwise deny each and every one of the allegations the SEC has set forth above. Among other things, Mr. Reyes denies that he had the necessary scienter to violate any securities laws, including the requisite knowledge of the accounting rules and any impact on Brocade's financial statements; denies that there was any scheme to defraud by looking back to select option strike prices at lows; denies that the alleged conduct was material to Brocade's financial statements; and denies that the alleged conduct was material to Brocade's stock price. Ms. Jensen denies she knew the relevant accounting rules, denies she had any responsibility for accounting, and denies she had the necessary scienter to violate the securities laws.

**2. The principal factual issues which the parties dispute:**

As noted above, Defendants dispute each of the factual allegations set forth in the Commission's statement above. In particular, Mr. Reyes disputes that he directed any fraudulent scheme or that he falsely backdated option grants in Brocade's official grant documentation. Additionally, Mr. Reyes disputes that he hid stock option expenses that he knew Brocade should have recorded and reported in its financial statements to shareholders; that he intended to misstate

Brocade's financial statements; or that he falsely certified Brocade's financials. Mr. Reyes further disputes that he conspired with or enlisted Stephanie Jensen to carry out any scheme, as there was no scheme. Mr. Reyes also disputes that his alleged conduct had any material impact on Brocade's financial statements and Brocade's stock price.

In addition to the above, Ms. Jensen further disputes that "Jensen understood that she was helping create the false documentation of option grants to facilitate Brocade's preparation of financial statements that did not include the necessary expenses related to the backdated grants, and to hide the true date of the grants from the company's accountants and auditors."

Mr. Canova disputes all of the factual allegations made by the Commission except as expressly admitted in his answer to the Complaint. In summary, Mr. Canova denies that he had knowledge of or was reckless with regard to the existence of the "backdating scheme" alleged by the Commission, that he knowingly or recklessly allowed Brocade to issue materially false financial statements and periodic reports, and that Brocade in fact issued materially false financial statements and periodic reports. Mr. Canova denies that he has violated any of the statutes or rules cited by the Commission.

**3.     The principal legal issues which the parties dispute:**

Defendants maintain that the Commission must prove that their conduct as alleged in the complaint was material to both Brocade's financial statements and Brocade's stock price. Defendants further contend that the Commission must prove that Defendants acted with the intent to misstate Brocade's financial statements. Defendants dispute that their conduct violated the Securities Act or the Exchange Act. Defendants further assert that the Commission is not entitled to any injunction against them; the Commission is not entitled to any disgorgement from Defendants and none of their profits were wrongfully obtained; the Commission is not entitled to civil monetary penalties pursuant to the Securities Act and the Exchange Act (15 U.S.C. §§ 77t(d) and 78u(d)(3)); and the Commission is not entitled to bar Mr. Reyes or Mr. Canova from serving as an officer or director of a public company. As this litigation advances, additional legal issues may come to light.

In addition to contending that defendants are each liable and that the relief requested in the complaint is appropriate, the Commission disputes defendants' contentions regarding proof of materiality and scienter.

**4. The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None.

**5. The parties which have not been served and the reasons:**

Each defendant has been served or has waived service.

**6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

**7. The following parties consent to assignment of this case to a United States Magistrate Judge for trial:**

The parties do not consent to assignment of this case to a United States Magistrate Judge.

## ALTERNATIVE DISPUTE RESOLUTION

**8. The parties filed a Notice of Need for ADR Phone Conference, requesting a Settlement Conference before a United States Magistrate Judge, and had a phone conference with the ADR staff on October 11, 2006.**

9. Any other information regarding ADR process or deadline:

None.

## DISCLOSURES

**10. The parties certify that they have made the following disclosures:**

On October 10, 2006, the Commission served Plaintiff's Initial Disclosures on each of the defendants on and has since supplemented those disclosures in correspondence and produced documents described in the Commission's disclosures.

On October 10, 2006, Mr. Reyes served Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a). Mr. Reyes intends to supplement his Initial Disclosures as he becomes aware of additional information called for by Rule 26.

On October 10, 2006, defendant Jensen served Stephanie Jensen's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a).

Defendant Canova sought and received an extension of time from plaintiff to serve his initial disclosures. Defendant Canova served his initial disclosures on November 20, 2006.

## DISCOVERY

**11. The parties do not agree to a discovery plan:**

<u>The Commission proposes the following plan with which defendant Canova concurs:</u>

Anticipating that witnesses, including the defendants, may invoke the Fifth Amendment rather than testify substantively prior to the conclusion of the related criminal trial (<u>United States v. Reyes and Jensen</u>, No. CR-06-0556 CRB), the deadline for fact discovery should be four months after judgments are entered in the criminal case in order to provide sufficient time to gain substantive depositions at a point when witnesses may be more willing to testify.

A separate deadline for the conclusion of expert discovery after the conclusion of fact discovery should be set to conclude five months after judgments are entered in the criminal case.

Also, as defendants estimate that they will need to take approximately 50-65 depositions, each party should be permitted to take up to 65 depositions without further leave of the Court.

<u>Mr. Reyes's and Ms. Jensen's Proposal:</u> [1]

Like the Department of Justice, the SEC seeks to delay this case until the criminal action is completed. By contrast, the defendants are eager to clear their names: this action is not (at least to them) a subsidiary part of the criminal action but rather is a separate action also deserving prompt adjudication.

The SEC commenced its investigation of this matter more than two years ago. Over this period of years, the Commission has gathered more than 100 boxes of documents from numerous sources, including Brocade, KPMG, PriceWaterhouseCoopers, and other government agencies. Moreover, during its investigation, the Commission has deposed numerous witnesses – some for

---

[1] The Commission disputes entirely the characterizations of the Commission's motives and the descriptions of events to date in defendants Reyes' and Jensen's proposals regarding discovery and trial.

1  multiple days. Defendants are also informed that numerous witnesses were questioned by the SEC
2  and the Department of Justice rather than being deposed. Defendants need to "catch up" and wish to
3  do so quickly.
4      The Commission identified 105 people/entities as witnesses with knowledge in its Initial
5  Disclosures. In addition to receiving and reviewing the massive volume of documents gathered by
6  the Commission, Defendants will need an opportunity to depose the various fact witnesses. These
7  will include the depositions of KPMG and PWC personnel, Brocade employees, and accounting
8  professionals. In light of the substantial number of witnesses in this case, Mr. Reyes and Ms. Jensen
9  estimate that they will need to take approximately 65 depositions, and request that each party be
10 permitted to take up to 65 depositions without further leave of the Court.
11     Mr. Reyes proposes that the deadline for fact discovery be set ten weeks prior to the trial date,
12 and the deadline for expert discovery be set for seven weeks prior to the trial date.
13     Ms. Jensen has no objection to the court setting a deadline for the conclusion of fact discovery
14 and the exchange of expert reports but believes those deadlines should not be delayed by the criminal
15 trial.

### TRIAL SCHEDULE

16
17 **12. The parties do not agree to a specific trial date:**
18 <u>The Commission proposes the following:</u>
19     To accommodate the schedule in the related criminal trial <u>United States v. Reyes and Jensen</u>,
20 set to begin in June 2007, trial in this matter shall commence approximately six months following
21 judgments as to each defendant, to allow the parties sufficient time to complete deposition discovery
22 and to permit for dispositive motions based on the criminal judgments, to the extent appropriate.
23 However, dispositive motions may be filed both before and after the conclusion of the criminal trial.
24     Defendant Canova concurs with the Commission's above proposal.
25     (The Commission further notes that in conferring with defendants' Reyes and Jensen
26 regarding proposed trial dates, the Commission was informed that they each believed trial in this
27 matter should follow trial in the criminal case, consistent with defendant Jensen's current proposal.)
28

Mr. Reyes's Proposal:

Mr. Reyes proposes that the trial in this matter shall take place prior to the trial in the criminal matter. By setting this matter for trial first, the parties can potentially avoid the need for a criminal trial altogether, because summary judgment motions and/or the trial in this case may provide the Assistant U.S. Attorney with additional information about the criminal case. While cognizant of the fact that the Court set the trial date for the criminal matter for June 18, 2007, Mr. Reyes proposes that the trial date in the instant matter be set for June 18, 2007. Mr. Reyes further proposes that the criminal trial immediately follow the conclusion of the instant trial, if a criminal trial is still warranted at that point. Mr. Reyes intends to make a formal request that the trial in this case precede the trial in the criminal case.

Ms. Jensen's Proposal:

Ms. Jensen proposes that the trial in this action commence within two weeks of the conclusion of the criminal trials. Ms. Jensen believes that it would be appropriate for summary judgment motions to be heard well in advance of the criminal trial.

**13.   The parties have different expectations regarding the length of trial:**

The Commission estimates that trial will be completed in six weeks. Defendants Reyes, Jensen, and Canova estimate that trial will be completed in three months.

**14.   Other:**

In keeping with Federal Rule of Civil Procedure 26 (as amended, effective December 1, 2006), the Commission proposes an order regarding claims of privilege or of protection as work-product or trial-preparation material asserted after production, as follows:

a.   To facilitate the expeditious delivery of documents and other information, the parties agree that the inadvertent disclosure of materials that are protected by any valid claim of privilege, or as trial preparation material or work-product, will not by itself constitute a waiver of such privileges or protections.

b.   Whenever any receiving party learns, through review of the material, notice from another party, or otherwise, that materials which reasonably appear to be subject to protections by a claim of privilege, or as trial preparation material or work-product,

have been inadvertently produced by another person, the party receiving the material will refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the producing person that the receiving party possesses material that appears to be privileged or subject to such other protections. If upon such notification the producing party asserts a privilege or protection, the receiving party will destroy all copies and notify the producing person whether any copies may have been reproduced to any other persons.

c. Whenever any producing party discovers through review of the material, notice from another party, or otherwise, that the party has inadvertently produced material over which the party claims a privilege, or protections as trial preparation material or work-product, the producing party shall immediately notify all persons to whom the material was produced of the inadvertent disclosure, by: providing a reasonable means for the notified persons to locate the material (by bates number, date, or other description); and describing the nature of the privilege or other protection asserted.

d. In order for any inadvertent disclosure to constitute a waiver, the receiving party must have changed his position by incorporating the material into his trial preparation in reasonable reliance on the non-privileged or non-protected nature of the document.

Defendants Reyes and Jensen do not agree with the above proposed order.

Respectfully submitted,

Dated: 11/21/2006

/s/_____
Susan F. LaMarca
SECURITIES AND EXCHANGE
COMMISSION

Dated: 11/21/2006

/s/_____
Richard Marmaro
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

Dated: 11/21/2006

/s/_____
Michael D. Celio
KEKER & VAN NEST LLP

Dated: 11/21/2006

/s/_____
Alexander M. R. Lyon
HELLER EHRMAN LLP

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____

_____
Charles R. Breyer
UNITED STATES DISTRICT JUDGE