1  MARC J. FAGEL (Cal. Bar No. 154425)
   SUSAN F. LA MARCA (Cal. Bar No. 215231)
2    lamarcas@sec.gov
   MARK P. FICKES (Cal Bar No. 178570)
3    fickesm@sec.gov
   ELENA RO (Cal. Bar No. 197308)
4    roe@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2600
   San Francisco, California  94104
7  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13
   SECURITIES AND EXCHANGE COMMISSION,        Case No. C-07-3798 JW
14
            Plaintiff,
15                                            **JOINT CASE MANAGEMENT
        vs.                                   STATEMENT**
16
   KENNETH L. SCHROEDER,
17                                            Date:  December 17, 2007
            Defendant.                        Time:  10:00 a.m.
18                                            Location:  Courtroom 8, 4th Floor
                                                         Hon. James Ware
19

20

21        Pursuant to the Northern District's March 1, 2007 Standing Order and this Court's order dated

22  July 25, 2007 (Docket No. 2), plaintiff Securities and Exchange Commission (the "Commission")

23  and defendant Kenneth L. Schroeder ("Schroeder") submit this Joint Case Management Statement.

24  **1.    JURISDICTION AND SERVICE**

25        This is a civil enforcement action brought by the Commission alleging fraud, in violation of

26  the federal securities laws.  The Commission brings this action pursuant to Sections 20(b) and 20(d)

27  of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)] and Sections 21(d)

28

1    and 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and

2    78u(e)].

3          The Court has jurisdiction over this action pursuant to Sections 20(c) and 22(a) of the

4    Securities Act [15 U.S.C. §§ 77t(c) and 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. §

5    78aa].  The Commission alleges that Schroeder, directly or indirectly, has made use of the means and

6    instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities

7    exchange in connection with the acts, practices and courses of business alleged in this complaint.

8          Venue is proper in this District pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v],

9    and Section 27 of the Exchange Act [15 U.S.C. § 78aa].  Schroeder resides in the Northern District of

10   California, and acts or transactions constituting violations occurred in this district.

11         There are no issues regarding personal jurisdiction or venue, and there are no other parties to

12   be served.

13   **2.     FACTS**

14         **A.  Plaintiff's Description of the Case**

15         This case involves the Commission's allegations of improper stock option backdating at

16   KLA-Tencor Corporation ("KLA" or the "Company"), which resulted in the Company's issuance of

17   false financial statements that concealed millions of dollars in executive and employee compensation.

18   The Commission alleges that Schroeder, KLA's former CEO, used dates and prices for stock option

19   grants chosen with hindsight and concealed this practice, causing KLA to hide millions of dollars in

20   expenses from investors and to significantly overstate the Company's income.  Schroeder continued

21   to engage in this practice even after being specifically instructed by Company counsel that

22   retroactively selecting grant dates without adequate disclosure was improper.

23         Under well-settled accounting principles in effect throughout the relevant period, KLA was

24   not required to record an expense in its financial statements for options granted at the market price

25   ("at-the-money"), but *was* required to record expenses for any options granted below the current

26   market price ("in-the-money").  The Commission alleges that, in order to provide KLA executives

27   and employees with potentially far more lucrative "in-the-money" options, while avoiding having to

28   inform shareholders of millions of dollars in compensation expenses, Schroeder routinely signed

1  option grant approvals which he knew or was reckless in not knowing reflected purported grant dates

2  and prices selected weeks after such grant dates.  In addition, the Commission alleges that Schroeder

3  approved for himself the pricing on several large awards of options that were "in-the-money" by

4  millions of dollars.  As a result, he personally benefited from the backdating and received several

5  million dollars in unreported compensation from the backdated options.

6          **B.  Mr. Schroeder's Description of the Case**

7          Defendant Kenneth L. Schroeder first started working at KLA Instruments in 1979 as the

8  company's Vice President of Manufacturing and rose to the position of Chief Executive Officer of its

9  successor corporation, KLA-Tencor Corporation.  Mr. Schroeder served as CEO of KLA-Tencor

10  from 1999 until his retirement from that position in 2005.  Over the tenure of at least three CEO's and

11  two CFO's of KLA-Tencor, the Company apparently failed to properly account for its stock option

12  grants.  Mr. Schroeder is not an accountant, has never sat on an audit committee and the Company

13  never looked to him to do the accounting for the Company. Mr. Schroeder denies each and every one

14  of the charging allegations the Commission has set forth above.  Among other allegations, Mr.

15  Schroeder denies that he selected stock option grant prices using hindsight, or that he concealed any

16  such practice.  Mr. Schroeder denies that he committed any violations of the federal securities laws,

17  that he had the requisite scienter to violate any such laws, and that any alleged inaccuracies in the

18  KLA-Tencor financial statements were material to investors, and if they were, the extent of their

19  materiality.  Mr. Schroeder further denies that he engaged in "backdating" stock options after being

20  advised by company counsel not to do so, and denies that he personally benefited from any such

21  practice.  Mr. Schroeder believes that the allegations of this case are based upon a flawed and biased

22  internal corporate investigation authored by KLA-Tencor's Special Committee whose results were

23  formulated and presented to the Commission so as to achieve two goals: to curry favor with the

24  Commission by singling one person out  (the former CEO) and treating him harshly and to deflect

25  blame from directors and officers serving at the time of the internal investigation by distorting,

26  falsifying and exaggerating  Mr. Schroeder's role and ignoring and understating the roles of others

27  whom Mr. Schroeder reasonably relied upon in the option granting process.

28  ///

**JOINT CASE MANAGEMENT STATEMENT**
                                                                                **SEC V. SCHROEDER, No. C-07-3798 (JW)**

1

**C.  Principal Facts in Dispute**

2

   **(1) The Commission**

3

   The Commission believes that the principal issues of fact in dispute will likely be: (1) whether

4

KLA's Stock Option Committee actually met and approved certain grants on the purported grant date

5

as opposed to selecting grant dates with the benefit of hindsight; (2) for those grants that the

6

Commissions and Schroeder agree were picked with hindsight, whether Schroeder had the requisite

7

scienter to appreciate the wrongfulness of his conduct; and (3) whether any "measurement date"

8

accounting errors for the option grants in question were material to KLA's financial statements

9

and/or stock price.

10

   **(2)  Mr. Schroeder**

11

   Mr. Schroeder believes that the principal issues of fact in dispute will be: (1) whether Lisa

12

Berry, KLA-Tencor's former general counsel, created and arranged an option backdating system that

13

was implemented by herself, Human Resources and Stock Administration.  (2) whether Schroeder, a

14

non-accountant, relied on the finance department, the General counsel and Human Resources and

15

Stock Administration, to properly document and account for stock option grants; (3) whether the

16

factual evidence supports each of the elements of the pled offenses, including scienter and materiality

17

and whether there is a factual basis supporting a remedy of disgorgement.

18

**3.    LEGAL ISSUES**

19

   **A.  The Commission**

20

   The Commission does not believe there is a legitimate dispute about the elements of the

21

alleged violations.  For example, the Commission believes that the parties cannot reasonably dispute

22

the legal elements that the Commission must prove to establish the alleged violations of the securities

23

laws.

24

   The Commission anticipates a dispute over whether Schroeder has the requisite scienter to

25

establish liability for fraud and whether the transactions alleged in the complaint are material within

26

the meaning of the federal securities laws.  These are essentially mixed questions of law and fact.

27

///

28

///

**JOINT CASE MANAGEMENT STATEMENT**
                    **SEC V. SCHROEDER, No. C-07-3798 (JW)**

**B. Mr. Schroeder**

Mr. Schroeder anticipates disputes over the elements of the alleged violations and the remedies that the Commission claims to be entitled to.  Among other things, Mr. Schroeder anticipates a dispute over whether he had the requisite scienter to have violated any provision of the federal securities laws and the proper standard under which scienter should be determined.  Mr. Schroeder also anticipates a dispute over whether any alleged inaccuracies in the KLA-Tencor financial statements are material within the meaning of the federal securities laws and whether the facts support a disgorgement remedy.  Mr. Schroeder also anticipates a dispute over the Commission's claim to entitlement to a remedy under Section 304 of the Sarbanes-Oxley Act and the legal meaning of that provision.

**4.    MOTIONS**

Mr. Schroeder has filed a motion for a protective order to postpone sitting for deposition.

**5.    AMENDMENT OF PLEADINGS**

The parties do not expect to add or dismiss any parties, claims or defenses.

**6.    EVIDENCE PRESERVATION**

Some of the relevant evidence in this case consists of paper and electronic documents in the possession of KLA or its outside auditors, PricewaterhouseCoopers ("PwC").  Both KLA and PwC are aware of the Commission's pending lawsuit against Schroeder and the need to maintain evidence relevant to this case.  In addition, the Commission sent a formal document preservation request to KLA in May 2006.

**7.    DISCLOSURES**

On October 3, 2007, the Commission completed its initial disclosures pursuant to Federal Rule of Civil Procedure 26.  In its disclosures, the Commission identified 63 people likely to have discoverable information that it may use to support its claims.  In addition, the Commission provided an index to the 65 boxes of documents it previously obtained from Gary Dickerson, Wilson Sonsini Goodrich & Rosati, Michael Kahn, John Kispert, KLA, PwC, Joy Nyberg, Jon Tompkins and copies of the transcripts of investigative testimony taken prior to filing this litigation.  The Commission

///

1  made the hard copies of documents available to Schroeder for inspection and copying.  CDs

2  containing documents in an electronic format were produced to Schroeder.

3       Schroeder has completed his initial disclosures.  He has identified 102 people likely to have

4  discoverable information that he may use to support his claims or defenses.  In addition, he identified

5  certain documents that he may rely on, including KLA's and KLA Instruments Corporation's filings

6  with the Commission; the Commission's complaints filed against Lisa C. Berry and KLA in 2007;

7  agendas, minutes, unanimous written consents and other documents related to KLA's Board of

8  Directors; stock option plans, memoranda, presentations and other documents related to KLA

9  compensation to employees; and calendars.

10  **8.    DISCOVERY**

11      In addition to the Rule 26 disclosures described above, Schroeder has served subpoenae for

12  documents on PwC; KLA; Juniper Networks, Inc.; Elizabeth Harlan; Skadden, Arps, Slate, Meagher

13  & Flom LLP; Sheryl Wu; Jonah Van Zandt; Lanelle Median; Cale Keable; Zvi Gabbay; Victoria

14  Holstein-Childress; Morgan Lopez; Thomas McDonald; and Galen Ballamy.  Schroeder has also

15  served subpoenae for the depositions of Tom Coffey and Elizabeth Harlan.  The Commission has

16  noticed the depositions of Elizabeth Harlan and Schroeder.  The parties have agreed to allow each

17  other to inspect and copy any documents obtained from third party subpoenae.

18      The parties have been unable to agree on many aspects of their discovery plan.  For example,

19  the Commission proposes permitting each party to take 20 depositions, whereas Schroeder proposes

20  70 depositions per side.  The Commission proposes a simultaneous exchange of expert witness

21  information, to the extent either party wants to use experts whereas Schroeder proposes multiple

22  exchanges.  Mr. Schroeder believes that the Commission should identify its experts and produce

23  expert reports at least 30 days before Mr. Schroeder identities his experts and produce expert reports.

24  Likewise, the parties have been unable to reach consensus on a discovery schedule.  We therefore set

25  out our respective positions below.

26      **A. Plaintiff's Discovery Proposal**

27       The Commission proposes the following reasonable discovery schedule:

28       Last day for fact discovery:  September 22, 2008

1    Last day to identify expert witnesses:  August 25, 2008

2    Last day to complete expert discovery:  September 22, 2008

3    **B.  Mr. Schroeder's Discovery Proposal**

4    Mr. Schroeder proposes the following discovery schedule:

5    Last day for fact discovery: March 31, 2009

6    Earliest day that the Commission may take Mr. Schroeder's deposition:  December 8,

7    2008

8    Last day for SEC to identify primary expert witnesses: April 10, 2009

9    Last day for Mr. Schroeder to identify primary expert witnesses:  May 10, 2009

10    Last day for the parties to identify rebuttal expert witnesses:  May 22, 2009

11    Last day to complete depositions of expert witnesses:  July 17, 2009

12    **9.    CLASS ACTIONS**

13    *In re KLA-Tencor Corp. Securities Litigation*, C-06-04065-MJJ.

14    **10.    RELATED CASES**

15    The court determined that this matter is related to *SEC v. KLA-Tencor Corp.*, C-07-3799

16    (JW), which is a settled action against KLA.

17    **11.    RELIEF**

18    The Commission seeks the following relief:

19    a.  <u>Injunctive Relief</u>:  An injunction against Schroeder from directly or indirectly violating

20    Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Sections 10(b), 13(b)(5), and 16(a) of the

21    Exchange Act  [15 U.S.C. §§ 78j(b), 78m(b)(5), and 78p(a)], and Rules 10b-5, 13b2-1, 13b2-2, and

22    16a-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.13b2-1, 240.13b2-2, and 240.16a-3], and from aiding

23    and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 14(a) of the Exchange

24    Act [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and 78n(a)] and Rules 10b-5, 12b-20,

25    13a-1, 13a-13, and 14a-9 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, and 240.14a-

26    9] thereunder;

27    b.  <u>Officer and Director Bar</u>:  An order prohibiting Schroeder, pursuant to Section 21(d)(2) of

28    the Exchange Act [15 U.S.C. § 78u(d)(2)], from serving as an officer or director of any entity having

**JOINT CASE MANAGEMENT STATEMENT
SEC V. SCHROEDER, No. C-07-3798 (JW)**

1  a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act [15

2  U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

3  U.S.C. § 78*o*(d)];

4       c.  <u>Disgorgement</u>:  An order directing Schroeder to disgorge unlawful profits.  The amount of

5  disgorgement may require detailed factual analysis and expert opinion.

6       d.  <u>Penalties</u>:  An order imposing civil monetary penalties on Schroeder, pursuant to Section

7  20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. §

8  78u(d)].

9       e.  <u>Repayment</u>:  An order requiring Schroeder to repay bonuses and stock profits, pursuant to

10  Section 304 of the Sarbanes-Oxley Act of 2002 [15 U.S.C. § 7243].

11  **12.    SETTLEMENT AND ADR**

12       The parties have met and conferred regarding an ADR plan and filed a Notice of Need for

13  ADR Phone Conference [Docket No. 17].  An ADR phone conference has not been set.  At present,

14  the Commission and Schroeder believe it will be necessary to develop the facts through discovery

15  before there can be any real chance to settle the case.  The parties recommend that the Court refer this

16  case for a settlement conference with a judicial officer at a date after the completion of discovery and

17  motions for summary judgment, if any.

18  **13.    CONSENT TO MAGISTRATE JUDGE**

19       The parties do not consent to proceed before a magistrate judge.

20  **14.    OTHER REFERENCES**

21       The Commission and Schroeder do not believe this case is suitable for binding arbitration.

22  However, as noted above, the parties recommend that a settlement judge be appointed following the

23  completion of discovery and motions for summary judgment.

24  **15.    NARROWING OF ISSUES**

25       The parties have not yet identified any issues that can be narrowed by agreement or motion.

26  **16.    EXPEDITED SCHEDULE**

27       This case is not suitable for expedited scheduling.

28  ///

1  **17.  SCHEDULING**

2      **A.  The Commission's Proposed Schedule:**

3          Last day for fact discovery:  September 22, 2008

4          Last day to identify expert witnesses:  August 25, 2008

5          Last day to complete expert discovery:  September 22, 2008

6          Last day to hear dispositive motions:  November 24, 2008

7          Pre-trial conference:  December 29, 2008

8          Trial:  January 13, 2009

9      **B.  Mr. Schroeder's Proposed Schedule:**

10         Last day for fact discovery: March 31, 2009

11         Earliest day that the Commission may take Mr. Schroeder's deposition:  December 8,

12         2008

13         Last day for SEC to identify primary expert witnesses: April 10, 2009

14         Last day for Mr. Schroeder to identify primary expert witnesses:  May 10, 2009

15         Last day for the parties to identify rebuttal expert witnesses:  May 22, 2009

16         Last day to complete depositions of expert witnesses:  July 17, 2009

17         Last day for filing of dispositive motions: August 31, 2009

18         Last day to hear dispositive motions:  October 30, 2009

19         Pre-trial conference:  November 16, 2009

20            Trial:  November 30, 2009

21 **18.  TRIAL**

22     Schroeder demanded a jury trial.  Plaintiff estimates the entire trial will take approximately 15

23 days and the defendant estimates it will take seven weeks.

24 **19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

25     As noted above, Schroeder is also a defendant in *In re KLA-Tencor Corp. Shareholder*

26 *Derivative Litigation*, C-06-3445 (JW), which concerns alleged instances of improper options

27 backdating at KLA, including instances at issue in this lawsuit.  As a result, the parties to that

28 litigation may have an interest that could be substantially affected by the outcome of the

**JOINT CASE MANAGEMENT STATEMENT
SEC V. SCHROEDER, No. C-07-3798 (JW)**

1  Commission's action against Schroeder.  Aside from that, the Commission is not aware of any other

2  non-parties who have a financial interest in, or may be substantially affected by, the outcome of this

3  case.

4       The Commission filed a certificate to that effect with the Clerk of Court on October 29, 2007

5  (Docket No. 14).  Thus far, Schroeder had not filed a certificate.

6  **20.    OTHER MATTERS**

7       None.

8

9  DATED:   November 28, 2007       Respectfully Submitted,

10

11

12  /s/ Mark P. Fickes
   Susan F. LaMarca
   Mark P. Fickes
13  Elena Ro
   Attorneys for Plaintiff
14  SECURITIES AND EXCHANGE COMMISSION

15  /s/ Shirli Weiss
   Shirli Weiss
16  David Priebe
   Jeffrey Coopersmith
17  Attorneys for Defendant
18  KENNETH L. SCHROEDER

19

20

21

22

23

24

25

26

27

28