1  MARC J. FAGEL (Cal. Bar No. 154425)
   SUSAN F. LA MARCA (Cal. Bar No. 215231)
2    lamarcas@sec.gov
   MARK P. FICKES (Cal Bar No. 178570)
3    fickesm@sec.gov
   ELENA RO (Cal. Bar No. 197308)
4    roe@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2600
   San Francisco, California  94104
7  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14  SECURITIES AND EXCHANGE COMMISSION,        Case No. C-07-3798 (JW)

15              Plaintiff,

16        vs.                                   PLAINTIFF'S OPPOSITION TO
                                                DEFENDANT'S MOTION FOR
                                                PROTECTIVE ORDER REGULATING
17  KENNETH L. SCHROEDER,                       TIMING OF DEPOSITION

18              Defendant.                      Date:  January 15, 2008
                                                Time:  10:00 a.m.
19                                              Location:   Courtroom 2, 5th Floor
                                                            Magistrate Judge Howard Lloyd
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................. 1

II.   ISSUE TO BE DECIDED ............................................................................... 2

III.  STATEMENT OF FACTS .............................................................................. 2

    A.    Schroeder's Deposition........................................................................ 3

    B.    Scheduling Other Depositions ............................................................ 3

IV.   LEGAL ARGUMENT..................................................................................... 4

    A.    Courts Disfavor A Civil Defendant's Request To Stay
        Discovery............................................................................................. 4

    B.    Schroeder Has Not Been Indicted And Should Not Needlessly
        Delay His Deposition.......................................................................... 6

    C.    Schroeder Will Not Suffer Substantial and Irreparable
        Prejudice ............................................................................................. 7

    D.    The Commission Will Be Prejudiced If Denied The
        Opportunity to Depose Schroeder ...................................................... 8

    E.    The Court's Interest In The Efficient Use Of Its Judicial
        Resources Weighs Against A Stay ...................................................... 10

V.    CONCLUSION................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arden Way Associates v. Boesky*,
  660 F. Supp. 1494 (S.D.N.Y. 1987) ........................................................................ 10

*Federal Savings and Loan Insurance Corp. v. Molinaro*,
  889 F.3d 899 (9th Cir. 1989) ............................................................................... 5, 6

*Hollinger International, Inc. v. Hollinger, Inc.*,
  2005 U.S. Dist. LEXIS 14437 (N.D. Ill. 2005) ...................................................... 7, 10

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1995) ............................................................................. 4, 5, 8

*SEC v. Dresser Indus., Inc.*,
  628 F.2d 1368 (D.C. Cir 1980) ............................................................................ 5, 6

*SEC v. First Financial Group of Texas, Inc.*,
  659 F.2d 660 (5th Cir. 1981) ............................................................................. 4, 6, 8

*SEC v. Grossman*,
  121 F.R.D. 207 (S.D.N.Y. 1987) ............................................................................. 6

*SEC v. Horowitz & Ullman*, P.C.,
  1982 W.L. 1576 (M.D. Ga 1982) ............................................................................. 6

*SEC v. Mussella*,
  38 Fed. R. Serv. 2d 426 (S.D.N.Y. 1983) ................................................................. 6

*SEC v. Sandifur*,
  2006 WL 1719920 (W.D. Wash. 2006) ............................................................ 6, 7, 10

*SEC v. Zimmerman*,
  854 F. Supp. 896 (N.D. Ga 1993) ............................................................................. 6

*State Farm Mutual Automobile Insurance Co. v. Beckham-Easley*,
  2002 U.S. Dist. LEXIS 17896 (E.D.N.Y 2001) ........................................................... 7

*Sterling National Bank v. A-1 Hotels International, Inc.*,
  175 F.Supp.2d 573 (S.D.N.Y 2001) ............................................................... 7, 10, 11

*U.S. Commodity and Futures Trading Comm'n v. A.S.*
  *Templeton Group, Inc.*,
  297 F.Supp.2d 531 (E.D.N.Y 2003) ................................................................... 5, 6, 7

*U.S. v. Kordel*,
    297 U.S. 1, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970) ................................................ 4, 8

*U.S. v. Private Sanitation Indus. Assoc. of Nassau/Suffolk,
    Inc.*, 811 F.Supp. 802 (E.D.N.Y 1992) ............................................................ 5, 10

*Wilson v. Olanthe Bank*, 1998 U.S. Dist. LEXIS 5509 (D.
    Kan. 1998) ....................................................................................................................... 7

## STATUTES

Federal Rule of Civil Procedure 26 ................................................................................ 1

## OTHER AUTHORITIES

Senate Rep. No. 101-337,
    101st Congress 2d Session (1990) ........................................................................ 5

## TREATISES

Milton Pollack, *Parallel Civil and Criminal Proceedings*,
    129 F.R.D. 201, 202-03 (March, 1990) ............................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Securities and Exchange Commission ("Commission") submits this memorandum in opposition to defendant Kenneth L. Schroeder's motion for protective order.

## I.    INTRODUCTION

The Commission filed the complaint in this matter on July 25, 2007.  On November 1, 2007, the parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and discovery commenced shortly thereafter.  Now that discovery is underway, the Commission wants to obtain the defendant's sworn testimony before he has had the opportunity to hear from all of the other witnesses in this case.  To that end, the Commission noticed the defendant's deposition for February 5, 2007.

Schroeder's motion is about nothing more than gamesmanship.  Despite a professed desire to move this case forward expeditiously, the defendant asks this Court to stay discovery against him because he does not feel like deciding whether to continue to invoke his Fifth Amendment right against self-incrimination.  Indeed, Mr. Schroeder does not claim that he will actually assert his Fifth Amendment rights at his deposition; rather, he specifically asks not to be forced to decide whether to testify substantively.  Curiously, the defendant does not offer any evidence or justification for this extraordinary request.  While devoting six of the eleven pages of his motion to the "introduction" and "factual background," the defendant does not submit any admissible evidence or a declaration under penalty of perjury to substantiate his radical request for a one-sided stay of discovery.  This startling lack of evidence is even more troubling given Mr. Schroeder's unprecedented request for "well over 100" depositions in this litigation.  *See* defendant's Motion for a Protective Order ("Motion") at 6.  The defendant advocates for discovery that will be tremendously burdensome to everyone associated with this litigation, with the notable exception of himself.

Schroeder's gamesmanship becomes apparent in light of his failure to submit any evidence, such as a target letter or a grand jury subpoena from the criminal authorities suggesting that he faces any legitimate quandary.  In lieu of evidence, however, he asks the Court for a one-sided stay of discovery based on unsubstantiated speculation.  Because Schroeder does not have any factual or legal basis to justify his requested stay of discovery, he asks the Court to follow the model used in another stock option backdating case, *SEC v. Reyes*, C-06-5545 (CRB).  Yet, the *Reyes* litigation is

1    inapposite.  First, Mr. Reyes was a defendant in pending civil and criminal proceedings, whereas Mr.

2    Schroeder is not a criminal defendant.  In addition, Mr. Reyes did not ask the Court to defer his

3    deposition until the end of fact discovery.  Rather, he sat for deposition long before the end of fact

4    discovery.  Thus, he made the very choice which Mr. Schroeder seeks to avoid.

5            Granting Schroeder's motion will substantially prejudice the Commission's and the public's

6    interest in this case.  Schroeder was a key participant in the fraudulent backdating of stock option

7    grants at KLA and the Commission is entitled to obtain discovery from him.  Yet, if the Court grants

8    his motion, Schroeder will effectively deprive the Commission of the opportunity to obtain

9    information from him before he has the chance to review and carefully consider the information

10   obtained from 139 or more other witnesses in this case.  In sum, Schroeder wants special treatment

11   and an unfair tactical advantage not afforded to any other litigant in civil enforcement actions brought

12   by the Commission.  Consequently, his motion should be denied.

13   **II.     ISSUE TO BE DECIDED**

14           Whether the defendant be granted a one-sided stay of discovery.

15   **III.    STATEMENT OF FACTS**

16           On November 1, 2007, the parties met and conferred pursuant to Federal Rule of Civil

17   Procedure 26(f), and discovery commenced shortly thereafter.  Declaration of Mark P. Fickes in

18   Support of the Plaintiff's Opposition to Defendant's Motion for a Protective Order ("Fickes Dec.")

19   ¶ 3.  During the Rule 26(f) meet and confer, counsel for the parties agreed to work together on the

20   scheduling of depositions and hearings so that the schedule would not be haphazard and chaotic,

21   particularly given that Schroeder's counsel also expressed the desire to have 140 depositions in this

22   case.  Fickes Dec. ¶ 3.  Everyone also expressed the desire to avoid setting dates where counsel for

23   the opposing party would be unavailable.  *Id.*  Thus, counsel for Schroeder asked the Commission's

24   counsel not to schedule depositions for the two week period around the Christmas holidays.  *Id.*  The

25   Commission agreed.  *Id.*  Indeed, throughout the entire process of scheduling depositions and court

26   hearings, the Commission has been exceedingly accommodating, whereas on numerous occasions,

27   Schroeder has repeatedly refused to cooperate meaningfully in setting dates.  *Id.* at ¶¶ 4, 5.

28

1

## A.    Schroeder's Deposition

2      On November 1, the Commission also met and conferred about the timing of Schroeder's

3  deposition. *Id.* at ¶ 6.  On November 5, 2007, the Commission requested a date in December 2007

4  when Mr. Schroeder would be available for deposition. *Id.*  Schroeder's counsel indicated that no

5  dates in December were available.[1] *Id.* at ¶ 7.  Schroeder's counsel did not propose any alternative

6  dates. *Id.*  The Commission made it clear to the defense that it wanted to depose Schroeder as soon

7  as possible. *Id.*  Nevertheless, Schroeder's counsel proposed January 29 as the next available date.

8  In fact, however, earlier dates were available. *Id.*

9      During this same timeframe, Schroeder filed his motion for a one-sided stay of discovery. *Id.*

10  at ¶ 8.  Schroeder's counsel did not meet and confer with the Commission before setting the date for

11  the hearing in December, when Schroeder's counsel had indicated their unavailability for his

12  deposition. *Id.*  Schroeder's counsel then refused to move the hearing date for the motion unless the

13  Commission agreed to move Schroeder's deposition to February 5. *Id.*  Despite such questionable

14  tactics, the Commission agreed to move the deposition to February 5. *Id.*

15

## B.    Scheduling Other Depositions

16      Schroeder originally noticed the deposition of third-party witness Tom Coffey ("Coffey") for

17  December 7, 2007, in Atlanta, Georgia, without first meeting and conferring with the Commission's

18  counsel. *Id.* at ¶ 9.  Although none of the Commission's counsel was available on that date,

19  Schroeder's counsel initially refused to move the deposition. *Id.*  When the Commission's counsel

20  explained that it would be impossible to attend the deposition for religious reasons, Schroeder

21  grudgingly agreed to move the deposition. *Id.* at ¶ 9, Ex. A.  Shortly thereafter, Coffey obtained

22  counsel who requested that the deposition be rescheduled yet again. *Id.* at 10.  Schroeder's counsel

23  then moved the deposition to December 21 without consulting with the Commission's counsel to see

24  if they were available. *Id.*  Although the Commission's counsel was unavailable, Schroeder's counsel

25  continued unreasonably to insist on the date even though he understood the tremendous burden that

26  ─────────────────

27  [1] Later in November, notwithstanding the claimed unavailability, Schroeder's counsel insisted that
the deposition of another person, a third-party witness, proceed in December, as discussed more fully

28  below.

1  would place on the Commission's counsel. *Id.* at 11, Ex. B. Curiously, while Schroeder was refusing

2  to move the deposition to accommodate the Commission's counsel, the defense was simultaneously

3  objecting to Coffey's counsel's representation, knowing full well that withdrawal by the witness's

4  counsel would only further delay the deposition beyond December 21. *Id.* at ¶ 12, Ex. C. To date,

5  Schroeder's counsel has not filed a motion seeking to remove Coffey's counsel. *Id.* at ¶ 13.

6        Similarly, the Commission noticed the deposition of third-party witness Elizabeth Harlan

7  ("Harlan") for December 3, 2007. *Id.* at ¶ 14, Ex. D. The Commission made it clear that it would be

8  flexible about the date set for the deposition. *Id.* at ¶ 14, Ex. D. At the request of Harlan's counsel,

9  and with the prior consent of Schroeder's counsel, her deposition was re-noticed for December 5. *Id.*

10  at ¶ 16. Due to a dispute between Schroeder's and Harlan's counsel over issues involving attorney-

11  client and work product privileges, and at the request of both Schroeder's and Harlan's counsel, the

12  Commission agreed to delay Ms. Harlan's deposition until April 8, 2008. *Id.* at ¶ 15; Ex. E. Again,

13  that date was selected with the consent of both Ms. Harlan's and Schroeder's counsel. *Id.* at ¶ 15. In

14  addition, the Commission moved Harlan's deposition to afford Schroeder's counsel the opportunity

15  to litigate the privilege issues. *Id.* Yet, as of today, no motion has been filed. *Id.*

16  **IV.    LEGAL ARGUMENT**

17        **A.    Courts Disfavor A Civil Defendant's Request To Stay Discovery**

18        Courts have long recognized that parallel civil and criminal proceedings are appropriate and

19  constitutional. *U.S. v. Kordel*, 297 U.S. 1, 11, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970); *SEC v. First*

20  *Financial Group of Texas, Inc.*, 659 F.2d 660, 666-68 (5th Cir. 1981) ("The simultaneous prosecution

21  of civil and criminal actions is generally unobjectionable"). It is well-established that "a defendant

22  has no absolute right not to be forced to choose between testifying in a civil matter and asserting his

23  Fifth Amendment Privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir.

24  1995) (holding that a federal agency civil enforcement action should not be stayed while a criminal

25  indictment was pending.)

26        Though courts occasionally stay a civil proceeding when a defendant is also being prosecuted

27  criminally, they do so only when necessary to avoid "*substantial and irreparable prejudice*." *First*

28  *Financial Group of Texas, Inc.*, 659 F.2d at 668 (citing *Kordel*, 297 U.S. at 11-13) (emphasis added).

1  A hypothetical concern about invoking the Fifth Amendment privilege should be given little weight

2  when, as here, a civil defendant has not been indicted.  *Federal Savings and Loan Insurance Corp. v.*

3  *Molinaro*, 889 F.3d 899, 903 (9th Cir. 1989) (affirming denial of stay in civil enforcement action);

4  *see also SEC v. Dresser Indus., Inc*, 628 F.2d 1368, 1376 (D.C. Cir 1980) (case for staying civil

5  proceedings is "a far weaker one" when "[n]o indictment had been returned"); *U.S. v. Private*

6  *Sanitation Indus. Assoc. of Nassau/Suffolk, Inc.*, 811 F.Supp. 802, 807-08 (E.D.N.Y 1992).

7       The Commission is the primary agency charged with enforcement of the federal securities

8  laws.  A main goal of the Commission's enforcement program is to promote confidence in the

9  integrity of the securities markets by promptly bringing enforcement actions against securities law

10 violators.  *See* Senate Rep. No. 101-337, 101st Congress 2d Session (1990) (proposing Remedies Act

11 of 1990 to provide increased deterrence to financial fraud and other illegal activity through the

12 introduction of civil monetary penalties and other relief).  Moreover, the Commission needs to move

13 promptly in injunctive proceedings "in order to protect the integrity of the financial markets."  Milton

14 Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 202-03 (March, 1990).  However,

15 federal law also authorized the Department of Justice ("DOJ") to bring separate criminal prosecutions

16 for securities laws violations.  Thus, in practice, "Commission enforcement actions often precede, or

17 occur concurrently with, enforcement by [the DOJ] as well as other federal and state agencies."  *U.S.*

18 *Commodity and Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531, 534

19 (E.D.N.Y 2003) (internal quotation omitted).

20       Even where a state criminal proceeding was pending, the Ninth Circuit refused to delay a

21 banking regulator's enforcement action.  *Keating*, 45 F.3d at 325-36.  The Keating court found that

22 the "Constitution does not ordinarily require a stay of civil proceedings pending the outcome of

23 criminal proceedings."  *Id.* at 324.  The propriety of allowing regulatory and criminal actions to

24 proceed at the same time has also been specifically recognized in securities enforcement cases

25 brought by the Commission.

26       Effective enforcement of the securities laws requires that the SEC and [the DOJ]
         be able to investigate possible violations simultaneously.  Dissemination of false
27       or misleading information by companies to members of the investing public may
         distort the efficient workings of the securities markets and injure investors who
28       rely on the accuracy and completeness of the company's disclosures.  If the SEC

suspects that a company has violated the securities laws, it must be able to respond quickly; it must be able to obtain relevant information concerning the alleged violation and to seek prompt judicial redress if necessary.

*Dresser Indus., Inc.*, 628 F.2d at 1377 (denying stay of Commission investigation) (emphasis added); *see also*, *First Financial Group of Texas, Inc.*, 659 F.2d at 667-69 (affirming denial of stay in case concerning fraudulent sale of securities); *SEC v. Grossman*, 121 F.R.D. 207, 209-10 (S.D.N.Y. 1987) (rejecting stay of insider trading case) (citing *SEC v. Mussella*, 38 Fed. R. Serv. 2d 426, 427 (S.D.N.Y. 1983); *also see*, *SEC v. Zimmerman*, 854 F. Supp. 896, 900 (N.D. Ga 1993) (denying stay of Commission civil action in light of duty to enforce securities laws and protect securities markets) (citing *SEC v. Horowitz & Ullman*, P.C., 1982 W.L. 1576 *3 (M.D. Ga 1982)); *SEC v. Sandifur*, 2006 WL 1719920, * 3 (W.D. Wash. 2006) (denying a stay where defendant's fear of asserting the Fifth Amendment was speculative).

Although Schroeder frames his motion as seeking a protective order, he is essentially asking to stay discovery, but only by the Commission.  Essentially, Schroeder wants to conduct a limitless number of depositions without bothering to confer with Commission's counsel on scheduling.  At the same time, however, he wants to exempt himself from sitting for deposition, which is an obligation he intends to impose on "well over 100" individuals. *See* Motion at 6.  As the cases cited above demonstrate, however, he is not entitled to such an unusual remedy.

### B.    Schroeder Has Not Been Indicted And Should Not Needlessly Delay His Deposition

In the absence of an indictment, courts frequently decline to stay a civil action at a civil defendant's request even when there is substantial overlap between the civil action and an ongoing criminal investigation.  *Molinaro*, 889 F.2d at 903 (affirming denial of stay of civil enforcement action); *see also Dresser Indus., Inc.*, 628 F.2d at 1376 (case for staying civil proceedings is "a far weaker one" when "[n]o indictment has been returned"); *A.S. Templeton Group, Inc.*, 297 F.Supp.2d at 534.

For example, the court in *A.S. Templeton Group, Inc.* refused to stay a civil action brought by the U.S. Commodities and Futures Trading Commission even though the defendants were under criminal investigation for the same conduct at issue in the civil action.  Because the defendants had

1  neither been indicted nor subpoenaed by a grand jury, the court concluded that any threat of criminal

2  prosecution was "purely speculative" and, thus, that defendants' concerns about invoking their Fifth

3  Amendment privilege were "minimal." *Id.* at 535; *see also Sandifur*, 2006 WL 1719920, *3 [2];

4  *Hollinger International, Inc. v. Hollinger, Inc.*, 2005 U.S. Dist. LEXIS 14437, *12-18 (N.D. Ill.

5  2005) (denying a temporary stay even though two defendants had received criminal prosecution

6  target letters); *Sterling National Bank v. A-1 Hotels International, Inc.*, 175 F.Supp.2d 573, 379

7  (S.D.N.Y 2001) (denying stay pending criminal investigation as the risk of harm to defendants'

8  interests was "speculative and uncertain"); *State Farm Mutual Automobile Insurance Co. v.*

9  *Beckham-Easley*, 2002 U.S. Dist. LEXIS 17896, * 4-10 (E.D.N.Y 2001) (denying stay where two

10  defendants had received criminal prosecution target letters); *Wilson v. Olanthe Bank*, 1998 U.S. Dist.

11  LEXIS 5509, *22-23 (D. Kan. 1998) (denying stay for defendant who was target of a criminal

12  investigation into the same conduct as in the civil case).

13      In the instant case, Schroeder has not been indicted, and there is no record upon which the

14  Court can conclude when or even if he will face criminal charges.  Schroeder neglected to submit any

15  evidence at all in support of his motion.  Schroeder's absolute silence on such a fundamental question

16  speaks volumes.  On this record, Schroeder's request to stay discovery appears to be yet another

17  example of his gamesmanship.

18      **C.    Schroeder Will Not Suffer Substantial and Irreparable Prejudice**

19      Schroeder claims he will be "significantly prejudiced" if he sits for deposition because he will

20  be forced "into the quandary of choosing between (i) protecting his Fifth Amendment Rights in the

21  face of the ongoing criminal investigation and having the SEC seek an adverse inference against him

22  in this action; and (ii) providing the SEC with deposition testimony that could be used against him in

23  the criminal proceeding."  Motion at 9.  As an initial matter, Schroeder misstates the appropriate legal

24  standard.  The question is not whether he will be "significantly" prejudiced; rather, he must

25

26  _____

27  [2] Curiously, Schroeder's counsel was also counsel of record in the *Sandifur* case; yet, he neglected to
    cite a highly relevant case in his moving papers.  Of course, given that the overwhelming weight of

28  authority militates against granting a stay, Schroeder's omission is understandable.

1  affirmatively show that he will suffer "substantial and irreparable prejudice." *First Financial Group*
2  *of Texas, Inc.*, 659 F.2d at 668 (citing *Kordel*, 297 U.S. at 11-13).

3       As discussed above, even where an indictment has been handed down, courts frequently
4  permit civil and criminal actions to proceed and have consistently held that where there is no
5  indictment, the case for staying discovery is even weaker.  Thus, the mere fact that Schroeder must
6  choose between providing evidence to the Commission that may also be relevant to a possible
7  criminal investigation and continuing to assert his Fifth Amendment privilege, does not by itself
8  constitute substantial and irreparable prejudice.  If such were the case, courts would routinely grant
9  pre-indictment stays in cases involving the Commission, a practice that would effectively thwart the
10 Commission's civil enforcement program. *Cf. Kordel*, 397 U.S. at 11 (finding that it would "stultify
11 enforcement of federal law" if regulatory enforcement actions were routinely stayed).  In addition,
12 Schroeder wants to be treated differently than all other defendants in civil enforcement actions
13 brought by the Commission.  In the context of options backdating cases, defendants including
14 Gregory Reyes (the former Chief Executive Officer of Brocade Communications) and Nancy Heinen
15 (the former General Counsel of Apple) have sat for depositions in the Commission's litigation against
16 them.  Fickes Dec. ¶¶ 16, 17.

17      The Commission has a legitimate, independent interest in the prompt resolution of its
18 enforcement action against Schroeder.  The fact that in the course of this litigation, Schroeder *may*
19 have to choose whether to assert his Fifth Amendment privilege or risk providing information that
20 might tend to incriminate him, does not represent the type of undue burden sufficient to stay
21 discovery. *Keating*, 45 F.3d at 326.

22      **D.**    **The Commission Will Be Prejudiced If Denied The Opportunity to Depose**
                  **Schroeder**
23

24      Schroeder contends that the Commission will not be prejudiced if denied the opportunity to
25 depose him.  Motion at 9-10.  Schroeder misses the point, ignoring the important public interest in a
26 prompt resolution of the Commission's enforcement actions.  The conduct at issue here occurred
27 between July 1, 1999 and June 30, 2002 and again in 2005.  Until 2006, the fraudulent scheme
28 remained concealed from the shareholders of KLA and the public.  The potentially indefinite delay of

1   Schroeder's deposition would frustrate the Commission's and the public's interest in quickly

2   obtaining relevant evidence of fraud at public companies. Precluding the Commission from deposing

3   a civil defendant hampers the discovery of relevant evidence.

4         Schroeder claims that the Commission does not need to depose Schroeder because it

5   investigated this case prior to filing the instant lawsuit. Motion at 9-10. As Schroeder is aware, the

6   Commission's staff sought his testimony during the investigation preceding this lawsuit. Schroeder

7   refused to answer the staff's questions based on this Fifth Amendment privilege against self-

8   incrimination. Thus, to date, the Commission had not heard from Mr. Schroeder himself. Rather

9   than testify now, Schroeder wants to create and exploit an unfair tactical advantage by availing

10  himself of the opportunity to hear the testimony of "well over 100" witnesses (*see* Motion at 6),

11  thereby gaining the ability to alter his testimony to conform to what other witnesses might say. In

12  addition, by staying his deposition until the end of discovery, Schroeder will deprive the Commission

13  of the opportunity to subpoena witnesses or documents to test the veracity of his testimony.

14        Schroeder argues that because the Commission has access to an interview memorandum

15  prepared by counsel for a special committee formed by KLA's board of directors, the Commission

16  should wait indefinitely to depose him.[3] This claim is patently absurd. First, Schroeder also has

17  access to numerous interview memoranda prepared by Skadden; yet, Schroeder seeks "well over 100"

18  depositions in this case (s*ee* Motion at 6). If the parties could simply rely on interview memoranda,

19  then Schroeder would not pursue such a burdensome discovery plan. Clearly, each party is entitled to

20  depose percipient witnesses, and Schroeder does not seriously contend otherwise. Rather, Schroeder

21  believes that everyone should be burdened by discovery with the exception of himself. In addition, as

22  demonstrated by his history of gamesmanship in the discovery process thus far, Schroeder believes

23

24  _____

25  [3] When allegations of backdating surfaced at KLA, the company's board of directors formed a special
    committee to investigate (the "Special Committee"). The Special Committee retained the law firm of
26  Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") to act as the Special Committee's counsel
    and assist in the investigation. Skadden attorneys interviewed witnesses, including Schroeder, and
27  prepared memoranda of those interviews. The interview memoranda were provided to the
    Commission during its investigation and have been produced to Schroeder as part of the
28  Commission's Rule 26 disclosures.

SEC v. SCHROEDER, C-07-3798 (JW)         9         PLAINTIFF'S OPPOSITION TO DEFENDANT'S
                                                   MOTION FOR PROTECTIVE ORDER

1   that he is entitled to a different standard than everyone else associated with this litigation.  Finally, the

2   Commission is cognizant that Schroeder may tailor his testimony to conform to the statements in the

3   interview memoranda.  Such a risk is inevitable, but may be minimized by taking Schroeder's

4   deposition now, as opposed to the very end of discovery.  Thus, the Commission seeks to obtain

5   Schroeder's version of events before he gains the additional tactical advantage of hearing from every

6   other witness in this case.

7   **E.      The Court's Interest In The Efficient Use Of Its Judicial Resources Weighs
            Against A Stay**

8

9           "A policy of issuing stays solely because a litigant is defending simultaneous lawsuits would

10  threaten to become a constant source of delay and interference with judicial administration."  *Arden*

11  *Way Associates v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) (internal quotation omitted).

12  Accordingly, the "convenience of the courts is best served when motions to stay proceedings are

13  discouraged."  *Private Sanitation Indus. Assoc. of Nassau/Suffolk, Inc.*, 811 F.Supp. at 808.

14          At present, Schroeder seeks to stay his deposition for at least one year.  He claims, without

15  any factual support, that some vague and undefined circumstance will change by then such that he

16  will be able to choose between testifying substantively or asserting his Fifth Amendment privilege.

17  Under similar circumstances, courts have rejected requests to stay some or all of the proceedings

18  when based on unsupported and speculative contentions about the possible course of a criminal

19  investigation.  *See Sterling National Bank*, 175 F.Supp.2d at 579-80 (rejecting six month stay

20  request); *Sandifur*, 2006 WL 1719920 at * 3; *Hollinger*, 2005 U.S. Dist. LEXIS 14437, 16 (rejecting

21  stay despite claim that defendants' status in a criminal investigation would be clearer "at some point

22  after August 1").

23          In *Sterling National Bank*, the defendants sought to delay their depositions for six months, on

24  the theory that during that time a federal criminal investigation into their conduct would be

25  concluded.  175 F.Supp.2d at 575.  However, the Court denied the stay, finding that:

26          It is far from clear, moreover, that the delay will be limited to the intitial six
            months requested by the defendants.  If a stay is granted, it is completely
27          unpredictable how the criminal investigation will have progressed over the next
            six months.  Unless the government has completed its investigation by that time,
28          and is prepared to say that it will not bring charges, the argument for a further stay

SEC v. SCHROEDER, C-07-3798 (JW)                10                PLAINTIFF'S OPPOSITION TO DEFENDANT'S
                                                                  MOTION FOR PROTECTIVE ORDER

1
2
will be at least as potent as it is now.  Effectively, then, the defendants seek to delay the entire civil case indefinitely.  This is a weighty burden on plaintiff. . . It is also a burden on the court's ability to manage its cases.

3
*Id.* at 579-80.

4     As in *Sterling* and *Hollinger*, there is no basis for Schroeder's request to avoid his deposition.

5  The notion that his status vis-à-vis a criminal investigation will have changed in a year is wholly

6  lacking in evidentiary support.  What is clear, however, is that if the criminal investigation is not

7  completed one year from now, Schroeder will likely return to this Court asking again to avoid having

8  to choose between testifying and asserting his Fifth Amendment privilege, and again calling his

9  request one for a "limited stay."  Schroeder's request is unmanageable and offers no real cure to his

10  perceived "quandary."  Accordingly, his motion should be denied.

11  **V.     CONCLUSION**

12     For the foregoing reasons, the Commission requests that the Court deny defendant's motion

13  for a protective order.

14

15  Dated:  December 21, 2007          Respectfully submitted,

16

17      /s/ Mark P. Fickes
        Susan F. LaMarca
18      Mark P. Fickes
        Elena Ro
19      Attorneys for Plaintiff
        SECURITIES AND EXCHANGE COMMISSION

20

21

22

23

24

25

26

27

28