MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
MARK P. FICKES (Cal Bar No. 178570)
  fickesm@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH L. SCHROEDER,<br><br>Defendant. | Case No. C-07-3798 (JW)<br><br>DECLARATION OF MARK P. FICKES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION<br><br>Date:  January 15, 2008<br>Time:  10:00 a.m.<br>Location:  Courtroom 2, 5th Floor<br>            Magistrate Judge Howard Lloyd |

I, Mark P. Fickes, declare that I have personal knowledge of the facts set forth below, and if called as a witness could and would competently testify as follows:

1. I am an attorney duly licensed to practice law in the state of California. I am also admitted to practice before the United States District Court for the Northern District of California.

2. I am currently employed as trial counsel for the Securities and Exchange Commission ("Commission"). I am counsel of record for the Commission in this litigation.

3. On or about November 1, 2007, counsel for the Commission and counsel for defendant Kenneth Schroeder ("Schroeder" or "defendant") met and conferred pursuant to Federal Rule of Civil Procedure 26(f). During the Rule 26(f) meet and confer, counsel for the Commission and Schroeder agreed to work together on the scheduling of depositions and hearings so that the schedule would not be haphazard and chaotic. Although the Commission's counsel did not agree to the request of Schroeder's counsel for 140 depositions, everyone agreed that it would be preferable to avoid setting dates for depositions and hearings where counsel for the opposing party would be unavailable. For example, Schroeder's counsel asked the Commission's counsel not to schedule depositions for the two week period around the Christmas holidays, a request to which the Commission agreed.

4. Throughout the entire process of scheduling depositions and court hearings, the Commission has been exceedingly accommodating. To date, the Commission's counsel has agreed to dates for approximately ten depositions sought by the defendant.

5. Conversely, and as set forth in more detail below, Schroeder's counsel has repeatedly refused to cooperate meaningfully in setting dates.

6. During the Rule 26(f) conference on November 1, I advised Schroeder's counsel that we intended to take Schroeder's deposition early in the litigation. On November 5, 2007, I asked Schroeder's counsel for a date in December 2007 when Schroeder would be available for deposition.

7. Schroeder's counsel indicated that no dates in December were available. Schroeder's counsel did not propose any alternative dates. The Commission made it clear to the defense that it wanted to depose Schroeder as soon as possible. Nevertheless, Schroeder's counsel proposed January 29 as the next available date. In fact, however, Schroeder's counsel confirmed that earlier dates were available, but Schroeder's counsel simply did not want the deposition to proceed in December.

8. During this same timeframe, Schroeder filed his motion for a stay of discovery. Schroeder's counsel did not meet and confer with the Commission before setting the date for the hearing in December, when Schroeder's counsel had indicated their unavailability for his deposition. Schroeder's counsel then refused to move the hearing date for the motion unless the Commission

agreed to move Schroeder's deposition to February 5. The Commission agreed to move the deposition to February 5.

9. Schroeder originally noticed the deposition of third-party witness Tom Coffey ("Coffey") for December 7, 2007, in Atlanta, Georgia, without first meeting and conferring with the Commission's counsel. Although none of the Commission's counsel was available on that date, Schroeder's counsel initially refused to move the deposition. Attached hereto as Exhibit A is a true and correct copy of the meet and confer correspondence among counsel regarding the dates for Coffey's deposition. As I explained in my correspondence, for religious reasons, I am unable to attend out of town depositions that occur on a Friday because I cannot work, travel or handle money from sunset on Friday until sunset on Saturday. Consequently, attending an out of town deposition would require me to remain until Sunday morning without the ability to purchase meals. I further explained that December 7 also fell within the Chanukah holiday.

10. Schroeder's counsel finally agreed to move Coffey's deposition to December 13. After everyone agreed to the December 13 date, however, Coffee expressed the desire to have counsel represent him. Shortly thereafter, Coffey obtained counsel who requested that the deposition be rescheduled yet again. Schroeder's counsel then moved the deposition to December 21 without consulting with the Commission's counsel to see if they were available.

11. Although the Commission's counsel was unavailable, Schroeder's counsel continued to insist on the date. I again explained that attending an out of town deposition on a Friday would be difficult for me. In response, Schroeder's counsel insisted that the deposition proceed on December 21, even though none of the attorneys representing the Commission would be available. Attached hereto as Exhibit B is a true and correct copy of the correspondence related to scheduling Coffey's deposition. As the correspondence makes clear, Schroeder's counsel tried to insist unreasonably that counsel for the Commission remain in Atlanta until Sunday, although Schroeder's counsel fully understood the tremendous burden that would place on me. In addition, Schroeder's counsel threatened to raise the issue of my religious practice with the Court at the case management conference set on December 17, 2007. Schroeder's counsel elected not to follow up on that threat.

12. At the same time that Schroeder was refusing to move the deposition to accommodate the Commission's counsel, he was simultaneously objecting to the representation of Coffey's counsel. Attached hereto as Exhibit C is a true and correct copy of the correspondence in which Schroeder's counsel accuses Coffey's counsel of having a conflict of interest and threatens to bring this perceived conflict to the attention of the Court. Of course, if Coffey's counsel had withdrawn from representing the witness, as demanded by Schroeder's counsel, then the deposition could never have proceeded on December 21.

13. Schroeder's counsel ultimately agreed to move Coffey's deposition to January 9. The Commission's counsel agreed to that date. Schroeder's counsel recently advised me that any efforts to remove Coffey's counsel due to an alleged conflict of interest would be deferred until after Coffey's deposition.

14. The Commission noticed the deposition of third-party witness Elizabeth Harlan ("Harlan") for December 3, 2007. Attached hereto as Exhibit D is a true and correct copy of the notice of deposition and related correspondence. The Commission's counsel made it clear that there was flexibility regarding the date set for the deposition.

15. At the request of Harlan's counsel, and with the prior consent of Schroeder's counsel, Harlan's deposition was re-noticed for December 5. However, due to a dispute between Schroeder's and Harlan's counsel over issues involving attorney-client and work product privileges, and at the request of both Schroeder's and Harlan's counsel, the Commission agreed to delay Harlan's deposition until April 8, 2008. Again, that date was selected with the consent of both Ms. Harlan's and Schroeder's counsel. In addition, the Commission moved Harlan's deposition to afford Schroeder's counsel the opportunity to litigate the privilege issues. Attached hereto as Exhibit E is a true and correct copy of the correspondence among counsel related to the privilege issues and the request to reset the date for Harlan's deposition. As of today, Schroeder's counsel has not filed a motion to litigate the privilege issues.

16. I am also counsel of record in *SEC v. Gregory Reyes et al.*, C-06-5545 (CRB). The *Reyes* litigation involves allegations of fraudulent backdating at Brocade Communication Systems, Inc. ("Brocade"). Mr. Reyes is Brocade's former Chief Executive Officer. Mr. Reyes was also

indicted by the United States in a criminal action. Although he was under indictment, Mr. Reyes sat for deposition in the Commission's enforcement action on the date noticed by the Commission.

17. I am also the trial counsel assigned to the matter of *SEC v. Nancy Heinen et al.*, C-07-2214 (JF). The *Heinen* litigation involves allegations of fraudulent backdating at Apple, Inc. ("Apple"). Ms. Heinen is Apple's former General Counsel. Ms. Heinen sat for deposition in the Commission's enforcement action on the date noticed by the Commission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of December 2007 in San Francisco, California

*/s/ Mark P. Fickes*
Mark P. Fickes