# **EXHIBIT A**

## Fickes, Mark P.

**From:** Fickes, Mark P.
**Sent:** Friday, November 09, 2007 3:05 PM
**To:** 'Weiss, Shirli'
**Cc:** 'Coopersmith, Jeff'; 'Priebe, David'; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Dear Shirli:

December 7 is a real problem. As you know, I am Jewish and that falls in the middle of Chanukah. In addition, December 7 is a Friday. Under Jewish law, I may not, and do not ever work, or travel after sunset. I would have to stay in Atlanta until Sunday, which I really can't do during the religious holiday. I have tried to respect your scheduling wishes during the Christmas holiday and would hope that you would accord my religious practice the same deference.

Thank you,

Mark

---

**From:** Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
**Sent:** Friday, November 09, 2007 1:49 PM
**To:** Fickes, Mark P.
**Cc:** Coopersmith, Jeff; Priebe, David; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Dear Mark,

We agree to move the hearing date to Jan 8 to accommodate your schedule and understand that you will notice Mr. Schroeder's deposition for February 5th, subject to the court's ruling.
We do not agree to otherwise hold up depositions, particularly in view of the aggressive schedule you have requested. If you had noticed Mr. Schroeder's deposition on November 5th, the earliest possible time you could have, for, let's say, December 9th, we would still have filed a motion for a protective order and the deposition would have gone off calendar until the ruling. All discovery does not come to a halt, however.

We have the witnesses interview notes by and large so I think we know what most of the witnesses have said, although we do not have most of the documents from third parties, I hardly think "listening" to them gives us or Mr. Schroeder an advantage. As to unilaterally dictating a deposition date in response to an inflexible schedule, that's what you did with Ms. Harlan and we understood, so I really don't think you can complain. We will try to accommodate you on the other witnesses if possible. We were given this date by Mr. Coffey. It's not optimal for me either since I can't be there then but we have a team of attorneys and Coffey is not the defendant so someone else will take his deposition.

We intend to go forward with Mr. Coffey.

Shirli

---

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Friday, November 09, 2007 1:29 PM
**To:** Weiss, Shirli
**Cc:** Coopersmith, Jeff; Priebe, David; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Dear Shirli:

First, thank you for your warm wishes for my vacation. I will be traveling with my kids to our family's horse farm in Maryland, so I trust it will indeed be very pleasant.

As for the business at hand, we will agree to move Mr. Schroeder's deposition to February 5 provided you agree to move the hearing to January 8. Given the problems in communication thus far, however, your agreement must be in writing. An e-mail or a letter will suffice.

With regard to the proposed deposition dates, we have made it abundantly clear that the reason we want Mr. Schroeder's deposition early is that we want to get his testimony under oath before he has the opportunity to listen to everyone else's disposition. Therefore, we will not agree to the proposed deposition dates of Coffey, Kahn or Wilson. Moreover, you can not unilaterally dictate the deposition schedule in this case by declaring certain witnesses inflexible. As for the remaining dates, we will check our calendars and let you know which dates will work.

Very truly yours,

Mark

---

**From:** Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
**Sent:** Friday, November 09, 2007 12:33 PM
**To:** Fickes, Mark P.; LaMarca, Susan F.; Ro, Elena
**Cc:** Coopersmith, Jeff; Priebe, David
**Subject:** FW: SEC v. Schroeder


Dear Mark:

With reference to your latest email to Jeff:

I informed you that I personally am fully committed in December. I intend to be at Mr. Schroeder's deposition. We have a motion for a protective order pending re Mr. Schroeder's deposition currently noticed for Dec. 18 . We could also ask the court to specially set the motion to be heard on Dec. 17 along with the CMC if the 18th does not work for you. I am happy to move the hearing date to January 8 but I asked for at least 4 weeks between the ruling and any scheduled date for Mr. Schroeder's deposition. Having Mr. Schroeder's deposition that early is unreasonable given the SEC's lengthy head start in this case, as we have said in our motion. Your refusal to even agree to 4 weeks time between the ruling and the scheduling of the deposition is purely an exercise in gamesmanship. Therefore, if you will not agree to the 4 weeks, I will not change the hearing date to Jan 8 .
Your comment about an ex parte contact (based on our comment that we would check with the court on dates. ) is puzzling but thank you for checking the web site.
I offered you a date for scheduling Mr. Schroeder's deposition on January 29 in the event we lose the motion and you took it. At no time had I told you that was the only date available . Mr. Schroeder's deposition is unlike Ms. Harlan's so I really do not understand your analogy.
Our decision not to address all of your statements should not be interpreted that we agree with the statements not addressed.

Per your request, these are the first 10 depositions we intend to notice:

| | |
|---|---|
| Coffey | Dec. 7, 2007 |
| Dickerson | . March 31, 2008 |

12/12/2007

| | |
|---|---|
| Kahn | January 8, 2008 |
| Kispert | Feb. 13, 2008 |
| Lamb | March 14 |
| Levy | March 10 |
| Nichols | February 28 |
| Nyberg | March 24 , 2008 |
| Samson | Feb 6, 2008 |
| Wilson | Jan 10, 2008 |

We were going to do what you did, basically, notice them up and then amend for scheduling, but let us know if any of these dates do not work for you.
We have just confirmed Coffey's date. That will be in Atlanta and he is not flexible so we expect that one to go forward. We have issued the subpoena and will serve you the notice shortly. The others are subject to confirmation.

We just received a production of documents from KLA and will make a copy of the CD for you. Have a pleasant vacation .

Shirl



**Shirli Fabbri Weiss**
Partner

**DLA Piper US LLP**
401 B Street, Suite 1700
San Diego, California 92101

619.699.3650 T
619.699.2701 F
858.449.4850 M
shirli.weiss@dlapiper.com

www.dlapiper.com

12/12/2007

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Friday, November 09, 2007 10:24 AM
**To:** Coopersmith, Jeff
**Cc:** Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Dear Jeff:

Thank you for your note. I am disappointed that your lengthy exposition fails to address the central question at hand, namely whether you will agree to set the hearing for your motion on January 8. As I told you during our phone call yesterday, I checked the Court's web site and the Magistrate can hear motions on January 8. I do not understand why would would seek an ex parte contact with the Court, especially when such contacts are disfavored in the Northern District. If you doubt my representation about Judge Lloyd's availability, please go to
http://www.cand.uscourts.gov/CAND/Calendar.nsf/ExtraInfoLinkDocs/HRL.

I note that you do not dispute my characterization of the meet and confer process concerning Ms. Harlan's deposition. If I can extend you the basic professional courtesy of agreeing to move dates for her deposition without extorting concessions from you, I do not understand why you cannot simply extend me the reciprocal courtesy. You say that did not intend to set the motion on an inconvenient date, yet you have acknowledged that you did not even bother to check to see if Suzy or I would be available. Even more troubling is that after two days of discussion on this topic, I still do not have your firm commitment to move the hearing.

I agree with you that this litigation will be more difficult if there is a need to reduce every phone call to writing. Unfortunately, committing our conversations to writing is necessary because neither I nor my colleagues have confidence that you and Shirli are candid with us. For example, I still do not have an answer as to the earliest date in December or January when Mr. Schroeder is available for deposition. Shirli did not agree to any date in December and proposed only one date at the very end of January. You now say there that are other dates in January that are available, but you still have not provided us with those dates. When will you provide alternative dates?

Finally, please provide us with your proposed dates for the depositions that you intend to notice. In your proposal, it would be helpful to know whether you have conferred with the deponents and their counsel about their availability too. We will be happy with you to lock in dates as soon as you provide them to us.

Please let me know by 3:00 p.m. today whether you will agree to move the hearing to January 8. I am leaving for vacation toward the end of next week and need sufficient time to prepare an application to continue the hearing date.

Very truly yours,

Mark

---

**From:** Coopersmith, Jeff [mailto:Jeff.Coopersmith@dlapiper.com]

**Sent:** Thursday, November 08, 2007 8:33 PM
**To:** Fickes, Mark P.
**Cc:** Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Mark, I am glad we finally ended the game of phone tag and connected this morning. Unfortunately, I am afraid that much of what you write mischaracterizes our phone conversation and our positions. I suggest to you that this litigation will be much more difficult for all of us if after every telephone call you run off and write lengthy correspondence purporting to set forth every bit of conversation, particularly in an inaccurate way . But since you have done just that in this instance, we are compelled to respond. This is on behalf of both Shirli and I.

First, Shirli did not tell you that "no one was available the entire month of December." Shirli said she is fully committed in December and of course, as lead counsel, intends to be present at Mr. Schroeder's deposition. Nor did Shirli tell you that January 29 was the first available date. As your email correspondence shows, you asked for a date and she offered you January 29 (see attached). As I said in our call, it was not our intention to set a hearing date on the motion that would be inconvenient for you, and I told you that we would be happy to work with you on a mutually convenient hearing date. We assumed you would want a hearing date as soon as possible. We will contact the court to see what other dates are available. We do require a reasonable time between the ruling and the scheduled date for the deposition, at least 4 weeks.

Regarding whether Mr. Schroeder would testify substantively or not, I think our motion speaks for itself. It is clear to us that you are trying to leverage the fact of there being an ongoing criminal investigation for tactical advantage. This is transparent to us and we believe it will be to the Court as well. You stated during our conversation that it was your understanding that Mr. Schroeder would assert his Fifth Amendment rights at a deposition. This gives away your real intentions. If this is what you believed, and you said so on the phone, then it is clear that your whole purpose in trying to take Mr. Schroeder's deposition so early is to gain an argument that adverse inferences should apply at trial.

Regarding Fed.R.Civ.P. 26(a)(1)(D) and your request for information about insurance coverage, we will send you the insurance information. However, the rule does not require us to provide this information to the extent that insurance funds would be available only for defense costs and not to pay penalties and/or disgorgement. We therefore have complied with our disclosure obligations and the CMC statement should so state. We do not want you to get the impression that there is insurance money available in this case to pay penalties and/or disgorgement, because it is our understanding that there is not.

Finally, I am surprised at your position that you are unwilling to agree to more than 10 depositions per side until the Court conference on December 17. I think we both know that 10 depositions per side is unworkable in this case where there are well over 100 witnesses on our respective Rule 26(a)(1)(A) lists, where the documents will ultimately number in the millions of pages, and where the time frame of the case spans eight years between 1997 and 2005. Your proposal to expand the number of depositions to 20 per side is an acknowledgment of this fact. Accordingly, your position that you are unwilling to agree that we can notice more than 10 depositions until we meet with the Court over a month from now is, again, an attempt to gain tactical advantage. If you intend to take the position on December 17 that we should be limited to 10 depositions, let me know. If you intend to take the position on December 17 that more than 10 depositions per side should be allowed, then there is no reason for you not to agree to allow us to notice that greater number of depositions now, except for a desire to hamstring our discovery efforts. This is all the more surprising, and disappointing, when the SEC had well over one year to take one-sided testimony during the investigative phase of this case.

Again, thank you for getting back to me this morning. Shirli plans to get in touch with you tomorrow morning about the CMC statement.

Jeffrey B. Coopersmith
DLA Piper US LLP
701 Fifth Avenue, Suite 7000 | Seattle , WA 98104-7044
[O] 206.839.4847 [F] 206.839.4801
jeff.coopersmith@dlapiper.com | www.dlapiper.com


-----Original Message-----

From: Fickes, Mark P. [mailto:fickesm@sec.gov]
Sent: Thu 11/8/2007 1:56 PM
To: Coopersmith, Jeff
Cc: Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena
Subject: SEC v. Schroeder

Dear Jeff:

I write to follow up on our conversation this morning.

First, as I indicated, Shirli's offer to re-set the hearing on the motion for protective order only if we accede to new scheduling demands is not acceptable.

As you know, we noticed Elizabeth Harlan's deposition for early December. We made it clear to you that we would move the date if it would not work for you. We also made it clear that the only reason that we didn't meet and confer about the date before sending out the notice was that Ms. Harlan is due to go on maternity leave very soon. Unlike Shirli's offer, however, we did not condition our willingness to be flexible on dates on your acquiescence to additional demands. To date, you have not expressed any concerns about the deposition date for Ms. Harlan.

As for Mr. Schroeder's deposition, we consulted with Shirli before setting the date. I informed her that I wanted to take Mr. Schroeder's deposition in December. Shirli told me that no one was available during the entire month of December. Now, it appears you are free in December. Despite the obligation to meet and confer, Shirli failed to provide alternative dates for Mr. Schroeder's deposition. When I asked for dates in January, Shirli advised that the earliest date possible is January 29. I assumed Shirli was acting in good faith when she represented that this was the earliest date available. During our phone conversation this morning, however, I learned (for the first time) that there are earlier dates available, but that you want time to prepare for the deposition. In the future, I would appreciate more candor in these conversations so that there won't be such misunderstandings.

During our pone call today, you also indicated that you want time after the hearing on the motion to prepare Mr. Schroeder for deposition. When I asked why you need so much time to prepare him to assert his Fifth Amendment privilege, you indicated that he may testify substantively. You added that the thrust of your motion for a protective order was to defer the decision on whether to testify substantively or not.

Consequently, I proposed setting the hearing for January 8 and keeping January 29 for the deposition. If you do not prevail on the motion, that gives you three of the four weeks Shirli requested in order to prepare. You agreed to get back to me shortly on this proposal. If you are not amenable to the proposal, that is fine too. On this factual record, I am comfortable asking the Court to move the hearing date.

We also discussed your Rule 26 disclosures. Although you stand alone in taking the view that you don't have to produce the insurance information, I am happy to change the CMC statement to say that you have completed your disclosures. Whether any Commission policy exists regarding using insurance for civil penalties or disgorgement strikes me as irrelevant. Either you have an obligation to disclose or you don't, and that obligation is not contingent on some Commission policy. Nevertheless, as you don't feel there is an obligation, we'll simply wait and seek that information through discovery.

Finally, you indicated that you intend to notice depositions soon. Given your representations about unavailability, we assume that those depositions will be noticed for dates after January 29. If I am incorrect in this assumption, please let me know right away. In any event, given that most depositions will occur long after the December 17 case management conference, we would prefer to wait before exceeding the 10 deposition rule. Our offer is essentially to stipulate to 20 depositions per side. The number 20 is not intended as the starting point to a broader negotiation. Therefore, until we get further guidance from the Court, we think it better to start with the 10 depositions to which we are both entitled.

Thank you again for your call this morning. I appreciate that you took the time to apologize for the scheduling mishap.

Very truly yours,

Mark

12/12/2007

Mark P. Fickes
Trial Counsel
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
(415) 705-8103 - telephone
(415) 705-2501 - facsimile
Email: Fickesm@sec.gov <mailto:FickesM@sec.gov>

PRIVILEGED & CONFIDENTIAL: This email message (including any attachments) from the United States Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential, non-public, and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return email and promptly delete this message and its attachments from your computer system. The sender of this email does not intend to waive any privileges that may apply to the contents of this email or any attachments to it.

Please consider the environment before printing this email.

---

The information contained in this email may be confidential and/or legally privileged. It has the sole use of the intended recipient(s). If the reader of this message is not an intended recip hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or this communication, or any of its contents, is strictly prohibited. If you have received this co in error, please contact the sender by reply email and destroy all copies of the original messa contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Please consider the environment before printing this email.

---

The information contained in this email may be confidential and/or legally privileged. It has been the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copyi this communication, or any of its contents, is strictly prohibited. If you have received this commur in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

12/12/2007

The information contained in this email may be confidential and/or legally privileged. It has been sent fo the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---