SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH
(admitted *pro hac vice*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA  94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant.* | No. C 07 3798 JW<br><br>**REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION**<br><br>**MAGISTRATE JUDGE HOWARD R. LLOYD**<br><br>**DATE: January 15, 2008**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: 8** |

DLA PIPER US LLP
EAST PALO ALTO

REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

# TABLE OF CONTENTS

**Page**

I.   STATEMENT OF ISSUES TO BE DECIDED ....................................................................1

II.  INTRODUCTION ..................................................................................................................1

III. ARGUMENT..........................................................................................................................4

    A.  The SEC Mischaracterizes The Nature Of The Protective Order Motion................4

    B.  Mr. Schroeder Will Be Significantly Prejudiced If The SEC Deposes Him At The Beginning Of Discovery ...........................................................................7

    C.  The SEC Will Not Be Prejudiced By A Protective Order .........................................9

    D.  A Protective Order Will Not Delay This Action ......................................................11

IV.  CONCLUSION.....................................................................................................................13

Page i | REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

DLA PIPER US LLP
EAST PALO ALTO

# TABLE OF AUTHORITIES

**Page**

### CASES

*AIG Life Ins. Co. v. Phillips,*
   No. 07-cv-00500-PSF-MEH, 2007 WL 2116383 (D. Colo. July 20, 2007).................9

*Arden Way Assocs. v. Boesky,*
   660 F. Supp. 1494 (S.D.N.Y. 1987) ........................................................................6, 7

*Brock v. Tolkow,*
   109 F.R.D. 116 (E.D.N.Y. 1985) ............................................................................9, 12

*Digital Equip. Corp. v. Currie Enters.,*
   142 F.R.D. 8 (D. Mass. 1991)........................................................................................7

*Favaloro v. S/S Golden Gate,*
   687 F. Supp. 475 (N.D. Cal. 1987) ..............................................................................7

*Fed. Savings & Loan Ins. Corp. v. Molinaro,*
   889 F.2d 899 (9th Cir. 1989) ........................................................................................5

*Hollinger Int'l, Inc. v. Hollinger Inc.,*
   No. 04 C 698, 2005 U.S. Dist. LEXIS 14437 (N.D. Ill. July 15, 2005) ....................12

*Keating v. Office of Thrift Supervision,*
   45 F.3d 322 (9th Cir. 1995) ......................................................................................5, 6

*Rivera v. NIBCO, Inc.,*
   364 F.3d 1057 (9th Cir. 2004) .....................................................................................5

*SEC v. Dresser Indus., Inc.,*
   628 F.2d 1368 (D.C. Cir. 1980)...................................................................................5

*SEC v. First Fin. Group of Tex., Inc.,*
   659 F.2d 660 (5th Cir. 1981) ....................................................................................5, 6

*SEC v. Grossman,*
   121 F.R.D. 207 (S.D.N.Y. 1987) .................................................................................6

*SEC v. Horowitz & Ullman, P.C.,*
   No. C80-590A, 1982 WL 1576 (N.D. Ga. Mar. 4, 1982)............................................6

*SEC v. Musella,*
   No. 83 Civ. 342, 1983 WL 1297 (S.D.N.Y. Apr. 4, 1983) ..........................................6

*SEC v. Power Sec. Corp.,*
   142 F.R.D. 321 (D. Colo. 1992) ............................................................................9, 11

*SEC v. Sandifur,*
   No. C05-1631C, 2006 WL 1719920 (W.D. Wash. June 19, 2006)..........................5, 6

Page ii

REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

DLA PIPER US LLP
EAST PALO ALTO

# TABLE OF AUTHORITIES

**Page**

*SEC v. Zimmerman,*
    854 F. Supp. 896 (N.D. Ga. 1993)..................................................................................6

*State Farm Mu. Auto Ins. Co. v. Beckham-Easley,*
    No. 01-5530, 2002 U.S. Dist. LEXIS 17896 (E.D. Pa. Sept. 18, 2002)........................6

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,*
    175 F. Supp. 2d 573 (S.D.N.Y. 2001).........................................................................12

*U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.,*
    297 F. Supp. 2d 531 (E.D.N.Y. 2003).........................................................................12

*United States v. Kordel,*
    397 U.S. 1 (1970).........................................................................................................5

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,*
    811 F. Supp. 802 (E.D.N.Y. 1992)...............................................................................6

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,*
    7 F. Supp. 2d 523 (D.N.J. 1998)..................................................................................9

*Wilson v. Olathe Bank,*
    No. 97-2458-KHV, 1998 U.S. Dist. LEXIS 5509 (D. Kan. Mar. 2, 1998)..................6

**RULES**

Fed. R. Civ. P. 26(c) ...............................................................................................1, 4, 5, 6, 8

**MISCELLANEOUS**

Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 211 (1989)................7

DLA PIPER US LLP
EAST PALO ALTO

Page iii

REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR
PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

Defendant Kenneth L. Schroeder respectfully submits this Reply Memorandum Of Kenneth L. Schroeder In Support Of Motion For Protective Order Regulating Timing Of Deposition.

### STATEMENT OF ISSUES TO BE DECIDED

1. Should the Court issue a protective order under Federal Rule of Civil Procedure 26(c) precluding the Securities and Exchange Commission from noticing Kenneth L. Schroeder's deposition very early in discovery, while a parallel criminal investigation remains pending, when a postponement of the deposition would avoid significant prejudice to the defendant without compromising the government's position?

### INTRODUCTION

The SEC filed this securities fraud action against Mr. Schroeder, the former CEO of KLA-Tencor Corporation ("KLA-Tencor," or "the Company") after a one-sided, year-long investigation conducted jointly with the Department of Justice ("DOJ"). The SEC also was given, and largely deferred to, the results of a self-serving internal probe conducted by a "Special Committee" of KLA-Tencor's Board of Directors. As part of the Special Committee's mission to deflect blame from its directors and current management, curry favor with the government, and avoid penalties from the SEC, the Special Committee volunteered to the SEC documents and other selected information and conclusions of its internal probe, including memoranda summarizing witness interviews, including a day-long interview of Mr. Schroeder.

As is well-known to the SEC, DOJ is conducting an ongoing criminal investigation concerning the stock option granting practices of KLA-Tencor, and is investigating Mr. Schroeder and others. The SEC now wants to leverage the fact of that ongoing criminal investigation for tactical advantage in this civil action. It has served notice of Mr. Schroeder's deposition for February 5, 2008 — as one of the very first depositions to be taken — in order to prematurely force Mr. Schroeder to choose between asserting his Fifth Amendment rights at his deposition — and thereby permitting the SEC to argue that an adverse inference should be drawn against him in this action — or providing substantive testimony, which the SEC would then pass on to DOJ. The prejudice to Mr. Schroeder from being forced to make that choice very early in

discovery in this civil action is clear and undeniable. A protective order from this Court scheduling Mr. Schroeder's deposition nearer the end of the discovery process will ameliorate much of that prejudice, without prejudicing the SEC.

In the SEC's Opposition To Defendant's Motion For Protective Order Regulating Timing Of Deposition (the "Opposition Brief"), the SEC chooses to obfuscate the issues rather than address the real issue on Mr. Schroeder's Protective Order Motion,[1] that is, whether good cause exists for a protective order postponing Mr. Schroeder's deposition for a reasonable period of time. The SEC's lengthy exposition of perceived slights it has suffered in connection with scheduling depositions has nothing to do with this central issue, nor do its self-serving claims that it has been "exceedingly accommodating" in scheduling depositions nor its baseless assertions that Mr. Schroeder has "refused to cooperate meaningfully."[2] Not only is this diatribe irrelevant, it is also dramatically inaccurate, as set forth at Paragraphs 8-20 of the Declaration of Jeffrey B. Coopersmith, dated December 31, 2007 (the "Coopersmith Declaration"), attached to this Reply Brief for review to the extent the Court finds it necessary to examine the record of the parties' discovery communications.[3]

---

[1] The full title of Mr. Schroeder's motion is Motion of Kenneth L. Schroeder For Protective Order Regulating Timing Of Deposition (the "Protective Order Motion").

[2] The SEC's emphasis on the scheduling of Mr. Schroeder's deposition is confusing, because, irrespective of the date for which the SEC noticed Mr. Schroeder's deposition, it was clear to both sides that Mr. Schroeder intended to move for a protective order, and that Mr. Schroeder's deposition would therefore not take place on any date selected prior to the date of the Court's ruling on the Protective Order Motion. Moreover, Mr. Schroeder's counsel has long made it clear to the SEC that, in the event the Court denied Mr. Schroeder's Protective Order Motion, counsel would require a reasonable period of time — about four weeks — to prepare Mr. Schroeder for his deposition. See Declaration of Jeffrey B. Coopersmith, dated December 31, 2007 (the "Coopersmith Declaration"), ¶ 9.

[3] Mr. Schroeder is cognizant that this Court actively discourages parties from attaching correspondence among counsel to discovery motions. See Standing Order Re: Initial Case Management ¶ 9 ("The parties are discouraged from attaching letters between counsel as exhibits to discovery motions."). Because the parties' correspondence is irrelevant to the Protective Order Motion, Mr. Schroeder does not believe that the Court needs to review either the exhibits to the SEC's Opposition Brief or Paragraphs 8-20 of the Coopersmith Declaration (and the exhibits referenced therein) in order to decide the motion. Mr. Schroeder files those materials solely to correct the SEC's misrepresentations about the parties' correspondence during the discovery process, in the event that the Court determines that it needs to review that correspondence in connection with the Protective Order Motion.

The SEC also repeatedly mischaracterizes both the nature and scope of the relief that Mr. Schroeder seeks in the Protective Order Motion. Contrary to the SEC's repeated assertions, Mr. Schroeder does **not** seek a discovery stay. Mr. Schroeder does not dispute that the SEC is entitled to depose him in this action, nor does he seek to postpone his deposition indefinitely. Rather, Mr. Schroeder simply asserts that, in light of the DOJ's ongoing criminal investigation, there is good cause for a narrow protective order scheduling Mr. Schroeder's deposition nearer the end of the fact discovery period. Such a result strikes the appropriate balance, founded on Constitutional principle, by accommodating Mr. Schroeder's Fifth Amendment rights without prejudicing the SEC's right to depose Mr. Schroeder as part of the discovery process in this case.

The SEC's assertion that Mr. Schroeder cannot show sufficient prejudice to warrant a protective order because he has not submitted evidence to establish that he is a subject of the ongoing criminal investigation is either disingenuous or is the product of lack of communication between and among the SEC's counsel. The DOJ's criminal investigation into stock option granting practices at KLA-Tencor (as with a number of other companies), has been widely reported and is no secret. In fact, counsel for the SEC not only engaged in joint interviews with the DOJ, but also attended a meeting between Mr. Schroeder's counsel and the U.S. Attorney's office, during which the U.S. Attorney's office — in the presence of SEC counsel — informed Mr. Schroeder that the criminal investigation into the conduct of Mr. Schroeder and others was ongoing and that criminal charges had not been ruled out.

The SEC's professed need to "pin down" Mr. Schroeder's testimony before other witnesses are deposed is a red herring, because counsel for the SEC *admitted to Mr. Schroeder's counsel in the course of scheduling discussions that he expects Mr. Schroeder to invoke his Fifth Amendment rights rather than testify substantively.* Plainly, the SEC's only intention is to pin down an unfair adverse inference, not to pin down substantive testimony. Moreover, the SEC also already has a 73-page memorandum of Mr. Schroeder's Special Committee interview, and has also noticed the deposition of the law firm associate who took notes and wrote a memorandum of that interview. These facts belie the SEC's suggestion that it lacks Mr. Schroeder's recollections of the events in question. The SEC has also turned over to

DLA PIPER US LLP
EAST PALO ALTO

Page 3

REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

Mr. Schroeder fifty-five (55) interview memoranda from the Special Committee investigation, which renders moot the SEC's claim that it must take Mr. Schroeder's deposition before he learns what other witnesses have to say.

Finally, the SEC incorrectly claims that a protective order will result in a delay of this action. As Mr. Schroeder recognized in the Protective Order Motion, if the DOJ's criminal investigation is not completed by three months before the end of the discovery period, Mr. Schroeder will then be put to the difficult choice between testifying substantively at his deposition and asserting the Fifth Amendment privilege against self-incrimination. That Mr. Schroeder **may** ultimately be required to make that choice is not itself justification for forcing it on him now.

Accordingly, Mr. Schroeder submits that good cause exists for the Court to issue a protective order providing that the SEC may not notice his deposition more than three months before the end of fact discovery in this case.

## ARGUMENT

### A. The SEC Mischaracterizes The Nature Of The Protective Order Motion

In the Protective Order Motion, Mr. Schroeder made abundantly clear the nature of the relief that he seeks: a protective order under Federal Rule of Civil Procedure 26(c) providing that the SEC cannot notice Mr. Schroeder's deposition until three months before the close of fact discovery. *See, e.g.*, Protective Order Motion at 1, 3, 11. Mr. Schroeder does **not** ask the Court to stay discovery in this action. Mr. Schroeder does **not** seek to prevent the SEC from taking his deposition. Mr. Schroeder does **not** seek to delay his deposition for an indeterminate period of time until the DOJ completes its criminal investigation. Mr. Schroeder does not even request that his deposition be the last deposition to be taken in this case.

As discussed in the Protective Order Motion, Rule 26(c) provides that a court "may, for *good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" an order "specifying terms, *including time*

*and place,* for the disclosure or discovery."[4]  (Emphasis added).  Good cause exists for a protective order where the party requesting relief demonstrates "harm or prejudice that will result from the discovery" and a balancing of the interests at stake indicates that a protective order is necessary.  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004).

Nevertheless, throughout its Opposition Brief, the SEC repeatedly mischaracterizes Mr. Schroeder's motion as, alternatively, a motion to stay discovery[5] or a motion to prevent the SEC from deposing him.[6]  Those mischaracterizations permeate every aspect of the SEC's Opposition Brief, including its discussion of the legal standards applicable to Mr. Schroeder's motion. Virtually all of the authorities that the SEC cites in its Opposition Brief relate to a party's request to either stay an entire civil proceeding or to stay all civil discovery pending the completion of a related criminal action or investigation, and they are therefore irrelevant to this motion for a protective order.  *See United States v. Kordel*, 397 U.S. 1, 4 (1970) (motion to stay civil proceedings or stay discovery until conclusion of criminal proceeding); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325-26 (9th Cir. 1995) (motion to stay proceedings); *Fed. Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989) (motion to stay proceedings); *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 666-68 (5th Cir. 1981) (request to stay proceedings); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376-77 (D.C. Cir. 1980) (declining to stay civil investigation); *SEC v. Sandifur*, No. C05-1631C, 2006 WL 1719920, at

---

[4] Rule 26(c) was amended effective December 1, 2007 as part of a general restyling of the Federal Rules of Civil Procedure.  The former version provided, in relevant part, that the court could, for good cause "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery be had only on specified terms and conditions, including a designation of time and place."  The 2007 amendments did not alter the substance of Rule 26(c).

[5] *See, e.g.*, Opposition Brief at 1 ("the defendant asks this Court to stay discovery against him"); *id.* (referring to Mr. Schroeder's "radical request for a one-sided stay of discovery"); *id.* at 7; *id.* at 8.

[6] *See* Opposition Brief at 8 (claiming that SEC would be "denied the opportunity to depose [Mr. Schroeder]"); *id.* at 9 ("Schroeder claims that the Commission does not need to depose Schroeder . . . .").

DLA PIPER US LLP
EAST PALO ALTO

Page 5    REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

*1-2 (W.D. Wash. June 19, 2006) (motion to stay proceedings);[7] *State Farm Mut. Auto Ins. Co. v. Beckham-Easley*, No. 01-5530, 2002 U.S. Dist. LEXIS 17896, at *2 (E.D. Pa. Sept. 18, 2002) (motion to stay all discovery); *Wilson v. Olathe Bank*, No. 97-2458-KHV, 1998 U.S. Dist. LEXIS 5509, at *19 (D. Kan. Mar. 2, 1998) (motion to stay proceedings); *SEC v. Zimmerman*, 854 F. Supp. 896, 899 (N.D. Ga. 1993) (motion to stay proceedings); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805-08 (E.D.N.Y. 1992) (motion to stay proceedings); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1496-99 (S.D.N.Y. 1987) (motion to stay proceedings); *SEC v. Grossman*, 121 F.R.D. 207, 209-10 (S.D.N.Y. 1987) (motion to stay proceedings); *SEC v. Musella*, No. 83 Civ. 342, 1983 WL 1297, at *1 (S.D.N.Y. Apr. 4, 1983) (motion to stay proceedings); *SEC v. Horowitz & Ullman, P.C.*, No. C80-590A, 1982 WL 1576, at *1 (N.D. Ga. Mar. 4, 1982) (motion to quash subpoena or stay civil investigatory proceedings). Moreover, because Mr. Schroeder is not asking to stay this case pending the outcome of the DOJ's criminal investigation, the SEC's claim that the appropriate legal standard requires Mr. Schroeder to demonstrate "substantial and irreparable prejudice"[8] is simply wrong.

---

[7] The SEC notes that one of Mr. Schroeder's attorneys was counsel of record for one of the parties in the *Sandifur* case (incidentally, not the party to whom the opinion relates) and insinuates that it was somehow improper for Mr. Schroeder to have not cited *Sandifur* to this Court. Because *Sandifur* involved a request to stay an entire civil proceeding against a party pending the outcome of a criminal investigation, *Sandifur* is irrelevant to Mr. Schroeder's Protective Order Motion.

[8] *See First Fin. Group of Texas, Inc.*, 659 F.2d at 668. Moreover, "substantial and irreparable prejudice" is not the applicable standard for a stay under Ninth Circuit law. *See Keating*, 45 F.3d at 324 (holding that court has discretion to stay parallel civil proceeding "when the interests of justice [] seem to require such action" based on consideration of "the particular circumstances and competing interests involved in the case") (alteration in original) (internal quotation marks omitted). Even if the Court evaluated Mr. Schroeder's Protective Order Motion under the standard that applies to a motion to stay, those factors still weigh in favor of granting the motion. In *Keating*, the Ninth Circuit stated that a court considering a motion to stay parallel civil proceedings should weigh a number of factors when making its decision: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of such a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324-25. The application of those factors in this case is essentially the same as determining good cause under Rule 26(c). Mr. Schroeder's Fifth Amendment rights would be significantly
DLA PIPER US LLP
EAST PALO ALTO

Page 6    REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

NO. C 07 3798 JW

The SEC also ignores completely the well-established principle that, where there are parallel proceedings, courts should, where possible, take steps short of staying the civil action in order to accommodate the defendant's Fifth Amendment rights. *See Digital Equip. Corp. v. Currie Enters.*, 142 F.R.D. 8, 13, 15 (D. Mass. 1991); *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 482 (N.D. Cal. 1987); *see also* Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 211 (1989) ("By limiting both the time and subject matter covered in temporary deferrals of particular discovery, a Court can allow civil proceedings to progress as much as possible without prejudicing the relative interests of the litigants."); *Arden Way Assocs.*, 660 F. Supp. at 1500 (denying motion to stay proceedings and stating that "[t]here are adequate and less intrusive means available to accommodate the varied interests in the course of this litigation").

### B. Mr. Schroeder Will Be Significantly Prejudiced If The SEC Deposes Him At The Beginning Of Discovery

In its Opposition Brief, the SEC attempts to downplay the significance of Mr. Schroeder's Fifth Amendment concerns by suggesting that Mr. Schroeder has not offered evidence to show that he is a subject of an ongoing criminal investigation. *See* Opposition Brief at 1 (calling Mr. Schroeder's concerns "unsubstantiated speculation"); *id.* at 7 ("Schroeder's absolute silence on such a fundamental question speaks volumes."). But the SEC has long been fully aware that Mr. Schroeder is a subject of the DOJ's ongoing criminal investigation into stock option granting practices at KLA-Tencor, and the Court should reject its disingenuous suggestions that Mr. Schroeder has somehow invented the threat of criminal charges for a discovery advantage in this civil case.

The DOJ's ongoing criminal investigation into stock option grant practices at KLA-Tencor is not a secret. The fact of the criminal investigation has been disclosed by KLA-Tencor in its public filings and has been widely reported in the media. *See* Coopersmith

---

burdened if the SEC is permitted to depose him at the beginning of discovery, and the protective order that he requests would not prejudice the SEC, the public interest, or this Court's interest in the efficient use of its resources. The SEC's mere strategic desire to force Mr. Schroeder to decide whether to provide substantive testimony or to invoke his Fifth Amendment rights early in the litigation cannot outweigh the substantial burden that it would impose on Mr. Schroeder's Fifth Amendment rights.

Page 7    REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION

DLA PIPER US LLP
EAST PALO ALTO

NO. C 07 3798 JW

Declaration ¶ 5. The U.S. Attorney's office has informed Mr. Schroeder's counsel that Mr. Schroeder is one of the people who is a possible target of the criminal investigation, and that the U.S. Attorney's office has not yet decided whether criminal charges are warranted in this matter. *Id.* In addition, the U.S. Attorney's office has requested and received a statute of limitations tolling agreement in connection with possible criminal claims against Mr. Schroeder. *Id.*

The SEC's feigned ignorance of the ongoing criminal investigation is remarkable in this case, as the SEC conducted its investigation into this matter jointly with criminal investigators. On September 27, 2007, counsel for the SEC informed Mr. Schroeder's counsel that that the SEC conducted joint investigative interviews of witnesses in this case with the U.S. Attorney's office and the FBI, and that the SEC was in possession of FBI interview memoranda from those joint interviews but decided to return those memoranda to the U.S. Attorney's office prior to the point in time when initial document disclosures were due in this case (apparently hoping to put them out of Mr. Schroeder's reach). *Id.* ¶ 6. Moreover, counsel for the SEC attended a June 22, 2007 meeting between Mr. Schroeder's counsel and the U.S. Attorney's office, during which Mr. Schroeder's counsel presented evidence and the U.S. Attorney's office represented that it has not concluded its investigation and has not ruled out action against Schroeder. *Id.*[9]

The SEC does not seriously dispute that Mr. Schroeder will be prejudiced if the SEC is permitted to depose him at the beginning of discovery — rather, it asserts only that Mr. Schroeder will not suffer "substantial and irreparable prejudice." *See* Opposition Brief at 7-8. But, as noted above, not only is "substantial and irreparable prejudice" an inapplicable legal standard in this Rule 26(c) motion, but Mr. Schroeder's circumstances would meet this standard in any event. The SEC also fails completely to address the numerous authorities cited by Mr. Schroeder, which hold that where there is an ongoing criminal investigation, postponement of a civil defendant's deposition is appropriate to protect the defendant from being forced to choose prematurely

---

[9] In addition, the SEC also has in its possession a September 15, 2006 memorandum from the Special Committee's interview with Joy Nyberg, which states that the U.S. Attorney's office had entered into an immunity agreement with Ms. Nyberg. *See* Coopersmith Declaration ¶ 7.

DLA PIPER US LLP
EAST PALO ALTO

Page 8

REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

between potentially waiving the Fifth Amendment privilege against self-incrimination and possibly facing an adverse inference in the civil action. *See AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2-3 (D. Colo. July 20, 2007); *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526-29 (D.N.J. 1998); *SEC v. Power Sec. Corp.*, 142 F.R.D. 321, 323 (D. Colo. 1992); *Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y. 1985).

### C. The SEC Will Not Be Prejudiced By A Protective Order

The SEC claims in its Opposition Brief that it needs to take Mr. Schroeder's deposition immediately in this case in order to secure Mr. Schroeder's sworn testimony before Mr. Schroeder has the opportunity to learn what other witnesses in the case have said. That assertion is, however, flatly contradicted by other statements made by counsel for the SEC, which make clear that the SEC is simply trying to use the criminal investigation to gain an adverse inference against Mr. Schroeder in this action. In any event, the SEC's claim that it will be prejudiced by the requested protective order is wholly unfounded.

<u>First</u>, at the point when he noticed Mr. Schroeder's deposition, counsel for the SEC informed Mr. Schroeder's counsel that the SEC assumed that Mr. Schroeder would invoke his Fifth Amendment rights at the deposition. On November 8, 2007, counsel for Mr. Schroeder had a telephone conversation with counsel for the SEC, during which counsel for the SEC stated that it was his understanding that Mr. Schroeder would assert his Fifth Amendment rights and would not testify substantively at any deposition. *See* Coopersmith Declaration ¶ 4.[10] Counsel's statement reveals the SEC's true motivation for noticing Mr. Schroeder's deposition early in discovery — to use the ongoing criminal investigation to try to obtain an adverse inference

---

[10] Mr. Schroeder's counsel explained that Mr. Schroeder had not made any decision about whether to testify substantively or to invoke his Fifth Amendment privilege, and that the purpose of the Protective Order Motion was to prevent the SEC from unfairly and unnecessarily forcing Mr. Schroeder to make that choice at the beginning of the discovery process. *See id.* By email dated November 8, 2007, Mr. Schroeder's counsel informed counsel for the SEC that, because he believed that Mr. Schroeder would simply assert his Fifth Amendment rights at a deposition, it was clear that the purpose of the SEC's early noticing of Mr. Schroeder's deposition was simply to gain an argument that adverse inferences should apply at trial. *Id.* Counsel for the SEC has never denied that this was the SEC's intention in noticing Mr. Schroeder's deposition early or even responded to that portion of the email. *Id.*

DLA PIPER US LLP
EAST PALO ALTO

Page 9

REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

against Mr. Schroeder — and it completely undermines the SEC's current position that it needs to hear Mr. Schroeder's version of events early in discovery. Mr. Schroeder fully acknowledges that the SEC is entitled to take his deposition in this case, but the Court should not countenance the SEC's attempt to gain a tactical advantage wholly unrelated to the merits of this case. Moreover, SEC counsel's admission of his true intentions also demonstrates that the SEC knows full well that there is an ongoing criminal investigation in this matter.

Second, although the SEC has not obtained sworn testimony from Mr. Schroeder to date, it has long had in its possession a 73-page memorandum from Mr. Schroeder's interview with counsel for the Special Committee. The SEC cannot therefore complain that it will be completely in the dark until it takes Mr. Schroeder's deposition. In its Opposition Brief, the SEC pretends to miss the point by asserting that the interview memorandum cannot substitute for taking Mr. Schroeder's deposition. *See* Opposition Brief at 9 ("If the parties could simply rely on interview memoranda, then Schroeder would not pursue such a burdensome discovery plan."). But Mr. Schroeder has never argued that interview memoranda are substitutes for depositions, and he does not assert that the SEC should not be permitted to depose him. The fact that the SEC has the Special Committee's interview memorandum does, however, undercut its claimed need to depose him *immediately*, at the beginning of discovery.[11]

Third, the SEC's purported concern that Mr. Schroeder will "alter" his testimony based on the deposition testimony of other witnesses is moot. On October 3, 2007, the SEC provided Mr. Schroeder with 55 interview memoranda volunteered to it by KLA-Tencor's Special Committee as part of the SEC's initial disclosures in this case. Mr. Schroeder is thus already aware of what many, if not all witnesses in this case have said, and the SEC cannot now claim

---

[11] The SEC has already noticed the deposition of the attorney who took notes and drafted the original memorandum of Mr. Schroeder's interview with the Special Committee. Just as Mr. Schroeder would do in the event that the trial or deposition testimony of other witnesses materially differs from the Special Committee interview memorandum, the SEC would undoubtedly seek to call the person who drafted the Special Committee interview memorandum as a witness in the event that Mr. Schroeder's deposition testimony materially differed from what is set forth in the Special Committee interview memorandum.

that it needs to take Mr. Schroeder's deposition early in order to prevent him from acquiring that knowledge.[12]

Fourth, the SEC asserts that it will be prejudiced by the requested protective order because it will "deprive the Commission of the opportunity to subpoena witnesses or documents to test the veracity of his testimony." Opposition Brief at 9. Like much of the SEC's argument, however, this assertion is based entirely on a mischaracterization of the relief that Mr. Schroeder seeks. Under the protective order Mr. Schroeder requests, the SEC would have a full three months between Mr. Schroeder's deposition and the close of fact discovery to conduct any necessary follow-up concerning information learned during Mr. Schroeder's deposition. See Protective Order Motion at 10; Power Sec. Corp., 142 F.R.D. at 323 (postponing civil defendant's deposition and noting that the "SEC still will have ample time to follow up information gained from Masucci's deposition and prepare for trial").

### D. A Protective Order Will Not Delay This Action

Finally, the SEC claims that the Court's interest in the efficient use of its resources weighs against granting the Protective Order Motion because a protective order would cause a potentially indefinite delay in the progress of this civil case while the DOJ completes its criminal investigation. Again, however, the SEC's argument is belied by the very limited nature of the relief that Mr. Schroeder requests. Mr. Schroeder does not ask that the Court stay his deposition indefinitely until the DOJ concludes its criminal investigation; he asks only that the Court postpone his deposition until three months before the end of fact discovery. Although it is possible that the DOJ will not have concluded its criminal investigation by that time, Mr. Schroeder's Protective Order Motion expressly contemplated that possibility and acknowledged that "if the criminal part of the government investigation is still pending without a charging decision, he ultimately will be put to the difficult choice that he now seeks to avoid."

---

[12] In addition, the unstated assumption that underlies the SEC's argument — that Mr. Schroeder will perjure himself if not deposed at the very beginning of the discovery process — is both unwarranted and offensive.

DLA Piper US LLP
East Palo Alto

Page 11

REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW

Protective Order Motion at 3. The protective order that Mr. Schroeder seeks will not delay these proceedings, and the SEC's hypothetical concerns about delay are therefore unfounded.[13]

For that same reason, the SEC's reliance on *Hollinger International, Inc. v. Hollinger Inc.*, No. 04 C 698, 2005 U.S. Dist. LEXIS 14437 (N.D. Ill. July 15, 2005), *U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531 (E.D.N.Y. 2003), and *Sterling National Bank v. A-1 Hotels International, Inc.*, 175 F. Supp. 2d 573 (S.D.N.Y. 2001), is completely misplaced. In *Hollinger*, a number of civil defendants (several of whom were not confirmed to be targets of the related criminal investigation) sought, well into the discovery period, an indefinite stay of depositions until the completion of the related criminal investigation. *See Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *16 ("Defendants are actually requesting an indefinite stay of their depositions. Defendants have not established that such an open-ended stay is necessary or appropriate in this case."). In *A.S. Templeton Group*, the court denied a request to stay discovery "pending the the [sic] expiration of the statute of limitations for every crime for which the defendants could be indicted . . . or the resolution of any related criminal prosecution of Defendants, if filed." 297 F. Supp. 2d at 534. And in *Sterling National Bank*, the court rejected a request for a potentially indefinite stay of certain depositions where the parties had already completed all other discovery in the case, the discovery deadline was near, and the depositions in question were the last thing that needed to be done before trial. *See Sterling Nat'l Bank*, 175 F. Supp. 2d at 579-80 (In practice, . . . the relief sought effectively stops the case in its tracks. . . . [D]efendants seek to delay the entire civil case indefinitely.").[14] Because the relief that

---

[13] Similarly, the SEC also argues that a protective order would undermine the public's interest in the prompt resolution of SEC enforcement actions. *See* Opposition Brief at 8-9. Because the requested protective order would not delay the progress of this action, however, granting Mr. Schroeder's motion will not affect the public interest.

[14] *Hollinger* and *Sterling National Bank* are also both distinguishable for the additional reason that neither of those cases involved parallel civil proceedings brought by a government entity. *See Sterling Nat'l Bank*, 175 F. Supp. 2d at 578-79 ("[T]his is not a case in which the government itself has an opportunity to escalate the pressure on defendants by manipulating simultaneous civil and criminal proceedings, both of which it controls."); *Hollinger*, 2005 U.S. Dist. LEXIS 14437, at *18-20 (emphasizing that "[t]he government is not a party to this litigation"). Where, as here, the government is the plaintiff in the civil proceeding, the case for a protective order protecting the civil defendant's Fifth Amendment rights is even stronger. *See Brock*, 109 F.R.D.

Mr. Schroeder requests is narrowly tailored and would not prolong or delay this action, each of those cases is inapposite.

## CONCLUSION

For the reasons stated above, and for the additional reasons stated in the Protective Order Motion, Kenneth L. Schroeder respectfully requests that the Court issue a protective order precluding the SEC from noticing his deposition more than three months before the end of fact discovery in this case.

Dated: December 31, 2007

DLA PIPER US LLP

Respectfully submitted,

By: /s/ Jeffrey B. Coopersmith

SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH
(admitted *pro hac vice*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

---

at 119 (stating that relief from parallel proceedings "is even more appropriate when both actions are brought by the government").

DLA PIPER US LLP
EAST PALO ALTO

Page 13    REPLY MEMORANDUM OF KENNETH L. SCHROEDER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGULATING TIMING OF DEPOSITION
NO. C 07 3798 JW