SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH
(admitted *pro hac vice*)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant.* | No. C 07 3798 JW<br><br>**DECLARATION OF JEFFREY B. COOPERSMITH**<br><br>**MAGISTRATE JUDGE HOWARD R. LLOYD**<br><br>DATE: January 15, 2008<br>TIME: 10:00 a.m.<br>COURTROOM: 8 |

Jeffrey B. Coopersmith, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney admitted to practice in Washington state and the District of Columbia, as well as *pro hac vice* by this Court. (I have also recently been admitted to practice in California, but I am not yet admitted in this Court). I am one of the attorneys representing Defendant Kenneth L. Schroeder in this case.

2. On November 7, 2007, Mr. Schroeder filed a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Protective Order Motion"). The motion seeks an order to revise the discovery schedule such that the Securities and Exchange Commission (the "SEC") would not take Mr. Schroeder's deposition until later in the discovery process because of the parallel criminal investigation ongoing at this time. The SEC has noticed Mr. Schroeder's deposition for February 5, 2008.

3. The SEC asserts in its Opposition To Defendant's Motion For Protective Order Regulating Timing Of Deposition (the "Opposition Brief") that it needs to take Mr. Schroeder's deposition early in the discovery process because it wants to obtain his testimony before other witnesses are deposed, which the SEC claims might cause Mr. Schroeder to alter his testimony.

4. On November 8, 2007, I had a telephone conversation with Mark P. Fickes, who I understand is the lead SEC attorney assigned to this case. Mr. Fickes stated during that conversation that it was his understanding that Mr. Schroeder would assert his Fifth Amendment rights and would not testify substantively at any deposition. I informed Mr. Fickes on the telephone that his understanding was not necessarily correct, because Mr. Schroeder had not decided whether he would testify or not. I explained to Mr. Fickes that that the purpose of the Protective Order Motion was to preclude the SEC from putting Mr. Schroeder to such an unfair and unnecessary choice at this stage of the proceedings. By email dated November 8, 2007, I informed Mr. Fickes that, because he believed that Mr. Schroeder would assert his Fifth Amendment rights at a deposition, it was clear that the purpose of the SEC's early noticing of Mr. Schroeder's deposition was simply to gain an argument that adverse inferences should apply at trial. A true and correct copy of this email is attached hereto as Exhibit 1. Mr. Fickes did not respond to this portion of the email or otherwise deny that his intention was to create an argument for an adverse inference.

5. The U.S. Attorney's office has requested and received a statute of limitations tolling agreement in connection with possible criminal claims against Mr. Schroeder. The U.S. Attorney's office has informed counsel for Mr. Schroeder that Mr. Schroeder is one of the people who is a possible target of the criminal investigation, but that the U.S. Attorney's office has not

yet decided whether criminal charges are warranted in this matter. The fact of the ongoing criminal investigation has also been disclosed by KLA-Tencor in its SEC filings and widely reported in the press.

6. Counsel for the SEC know all about the ongoing nature of the criminal investigation, because counsel for the SEC attended a June 22, 2007 meeting that Mr. Schroeder's counsel had with the U.S. Attorney's office, during which Mr. Schroeder's counsel presented evidence to the U.S. Attorney's office, but the U.S. Attorney's office responded that it has not concluded its investigation and has not ruled out action against Mr. Schroeder. Counsel for the SEC also informed counsel for Mr. Schroeder during a call on September 27, 2007 that the SEC conducted joint investigative interviews of witnesses in this case with the U.S. Attorney's office and the FBI, and that the SEC was in possession of FBI interview memoranda from those joint interviews but returned those memoranda to the U.S. Attorney's office prior to the point in time when initial document disclosures were due in this case.

7. I have reviewed the interview memorandum of Joy Nyberg dated September 15, 2006 from her interview with the Special Committee of the Board of Directors of KLA-Tencor Corporation. This memorandum was provided to Mr. Schroeder by the SEC with its initial disclosures pursuant to Federal Rule of Civil Procedure 26. This memorandum states that Ms. Nyberg entered into an immunity agreement with the U.S. Attorney's office prior to her interview with the Special Committee.

///
///
///
///
///
///
///
///
///

### Response To The SEC's Factual Assertions About The Discovery Process

The remaining Paragraphs of this Declaration relate to facts that are not relevant to the merits of Mr. Schroeder's Protective Order Motion. Nevertheless, because the SEC's Opposition Brief and the Declaration Of Mark P. Fickes In Support Of Plaintiff's Opposition To Defendant's Motion For Protective Order Regulating Timing Of Deposition (the "Fickes Declaration") dramatically misrepresent the parties' communications during the discovery process, Mr. Schroeder is compelled to correct the record.[1]

**A.  Mr. Schroeder's Deposition**

8. The SEC makes a number of assertions concerning the scheduling of Mr. Schroeder's deposition. It asserts (1) that Mr. Schroeder's lead counsel misrepresented her availability for scheduling Mr. Schroeder's deposition in December 2007; (2) that Mr. Schroeder's lead counsel misrepresented that January 29, 2008 was the earliest date that was available for Mr. Schroeder's deposition; and (3) that Mr. Schroeder's counsel engaged in "questionable tactics" by asking the SEC to move Mr. Schroeder's deposition to February 5, 2008 after the SEC asked Mr. Schroeder's counsel to continue the hearing date on the Protective Order Motion. *See* Opposition Brief at 3; Fickes Declaration ¶¶ 7-8.

9. Irrespective of the date for which the SEC noticed Mr. Schroeder's deposition, it was clear to both sides that Mr. Schroeder intended to move for a protective order, and that Mr. Schroeder's deposition would therefore not take place on any date selected prior to the date of the Court's ruling on the motion for protective order. *See* Exhibit 2, at 2 (November 5, 2007 email from Mark P. Fickes to Shirli Weiss and others) ("I assume that you will file a motion for a protective order, which would stay the deposition until the Court rules on your motion.").

---

[1] Mr. Schroeder is cognizant that this Court actively discourages parties from attaching correspondence among counsel to discovery motions. *See* Standing Order Re: Initial Case Management ¶ 9 ("The parties are discouraged from attaching letters between counsel as exhibits to discovery motions."). Because the parties' correspondence is irrelevant to the Protective Order Motion, Mr. Schroeder does not believe that the Court needs to review either the exhibits to the SEC's Opposition Brief or Paragraphs 8-20 of this Declaration (and the exhibits referenced therein) in order to decide the motion. Mr. Schroeder files these materials solely to correct the SEC's misrepresentations about the parties' correspondence during the discovery process, in the event that the Court determines that it needs to review that correspondence in connection with the Protective Order Motion.

1  Moreover, Mr. Schroeder's counsel has long made it clear to the SEC that, in the event the Court
2  denied Mr. Schroeder's Protective Order Motion, counsel would require a reasonable period of
3  time — about four weeks — to prepare Mr. Schroeder for his deposition. *See* Exhibit 3, at 4
4  (November 8, 2007 email from Jeffrey B. Coopersmith to Mark P. Fickes and others); *id.* at 2
5  (November 9, 2007 email from Shirli Weiss to Mark P. Fickes and others).

6      10.    The SEC claims that Mr. Schroeder's lead counsel misrepresented her availability
7  for scheduling Mr. Schroeder's deposition in December 2007, because Mr. Schroeder originally
8  noticed the Protective Order Motion for hearing on December 18, 2007 and sought to depose a
9  third-party witness in December 2007. On November 5, 2007, Mr. Schroeder's lead counsel
10 advised counsel for the SEC that Mr. Schroeder would be filing the Protective Order Motion and
11 that, in any event, there was no date in December on which both *she and Mr. Schroeder* would be
12 available for his deposition. *See* Exhibit 2, at 2 (November 5, 2007 email from Shirli Weiss to
13 Mark P. Fickes and others) ("[W]e will go ahead and file a motion for a protective order this
14 week. We are not able to give you dates when [Mr. Schroeder] and I are available for deposition
15 in December. I customarily take a 2 week Christmas vacation and the other days that month are
16 fully committed."). That statement was and is accurate, and Ms. Weiss did not state or suggest
17 that none of Mr. Schroeder's attorneys were available for any purpose during the month of
18 December. Counsel for Mr. Schroeder has explained this to the SEC several times. *See* Exhibit
19 3, at 4 (November 8, 2007 email from Jeffrey B. Coopersmith to Mark P. Fickes and others); *id.*
20 at 2 (November 9, 2007 email from Shirli Weiss to Mark P. Fickes and others).

21     11.    The SEC also asserts that Mr. Schroeder's lead counsel misrepresented that
22 January 29, 2008 was the earliest date in January available for Mr. Schroeder's deposition. On
23 November 6, 2007, the SEC asked Mr. Schroeder's counsel to provide "alternative dates" in
24 January for Mr. Schroeder's deposition. *See* Exhibit 2, at 1-2 (November 6, 2007 email from
25 Mark P. Fickes to Shirli Weiss and others) ("Please provide me with dates in January when
26 Mr. Schroeder can sit for a deposition."). Mr. Schroeder's counsel replied that, in light of the
27 Protective Order Motion, the SEC did not need to actually notice the deposition, but stated that if
28 the SEC preferred to notice the deposition, it could do so for January 29, 2008. *See* Exhibit 2, at

1 (November 7, 2007 email from Shirli Weiss to Mark P. Fickes and others) ("Nonetheless, if you disagree, January 29 is a date you can use for the notice."). Counsel for the SEC did not ask for the earliest date in January when Mr. Schroeder could be deposed, nor did Mr. Schroeder's counsel represent that January 29 was the earliest possible date. Mr. Schroeder's counsel has also repeatedly explained this fact to counsel for the SEC. *See* Exhibit 3, at 4 (November 8, 2007 email from Jeffrey B. Coopersmith to Mark P. Fickes and others); *id.* at 2 (November 9, 2007 email from Shirli Weiss to Mark P. Fickes and others). The SEC has nevertheless raised this issue with the Court without providing the Court with copies of the actual communications that it claims were misrepresentations.[2]

12. Mr. Schroeder initially noticed the hearing on the Protective Order Motion for December 18, 2007, the first motion date available for this Court, on the assumption that the SEC would want an expeditious ruling on the Protective Order Motion. Counsel for the SEC informed Mr. Schroeder's counsel that December 18 was an inconvenient date. Mr. Schroeder's counsel responded that Mr. Schroeder was happy to move the hearing date, but that the SEC would also need to reschedule Mr. Schroeder's deposition to provide Mr. Schroeder and his counsel with adequate time to prepare in the event the Court denied the Protective Order Motion. *See* Exhibit 4, at 1 (November 7, 2007 email from Mark P Fickes to Shirli Weiss and others); *id.* at 1 (November 7, 2007 email from Shirli Weiss to Mark P. Fickes and others). The SEC ultimately agreed to counsel's request that it reschedule Mr. Schroeder's deposition. *See* Exhibit 3, at 1 (November 9, 2007 email from Mark P. Fickes to Shirli Weiss).

**B.  The Deposition of Tom Coffey**

13. Mr. Schroeder's counsel originally noticed the deposition of Tom Coffey for December 7, 2007, in Atlanta, Georgia. *See* Exhibit 5 (notice of deposition and subpoena). On November 9, 2007, counsel for the SEC informed Mr. Schroeder's counsel that the December 7

---

[2] The SEC also persists in making the assertion that Mr. Schroeder has asked for "140 depositions" in this case. *See* Opposition Brief at 2; Fickes Declaration ¶ 3. Mr. Schroeder's counsel has explained to counsel for the SEC that, although Mr. Schroeder believes that each side should be permitted 70 depositions, because of substantial overlap, the total number of depositions will be much lower than 140. *See* Exhibit 12 (November 9, 2007 email from Shirli Weiss to Mark P. Fickes and others).

date was problematic. Counsel for the SEC explained that his religious observance of the Sabbath forbids him from traveling between sunset on Friday and sunset on Saturday, and that he could not travel to Atlanta for a December 7 deposition because it would require him to stay in Atlanta, away from his family, over a weekend in the middle of Chanukah. *See* Fickes Declaration, Exhibit A, at 1 (November 9, 2007 email from Mark. P. Fickes to Shirli Weiss and others). Accordingly, Mr. Schroeder's counsel re-noted Mr. Coffey's deposition for December 13, 2007. *See* Exhibit 6 (amended notice of deposition and subpoena). Before the scheduled date, Mr. Coffey retained counsel, who asked that the deposition be postponed until December 21. *See* Exhibit 7, at 3 (December 4, 2007 email from Jeffrey B. Coopersmith to Mark P. Fickes and others). Counsel for the SEC then notified Mr. Schroeder's counsel that December 21 did not work for any of the SEC's attorneys. *See* Exhibit 7, at 2-3 (December 4, 2007 email from Mark P. Fickes to Jeffrey B. Coopersmith and others); *id.* at 1 (December 4, 2007 email from Susan F. LaMarca to Jeffrey B. Coopersmith and others). Mr. Coffey's deposition was then again re-noted, this time for January 9, 2008. *See* Exhibit 8 (second amended notice of deposition and subpoena); Exhibit 9, at 1-2 (December 7, 2007 emails between counsel for Mr. Schroeder and counsel for the SEC).

14.   The SEC states that Mr. Schroeder's counsel "moved the [Coffey] deposition to December 21 without consulting with the Commission to see if they were available." Fickes Declaration ¶ 10; Opposition Brief at 3. That statement is incorrect. Mr. Coffey's deposition was never noticed for December 21. No subpoena was issued for December 21. Mr. Coffey's attorneys proposed December 21 as an available date, and Mr. Schroeder's counsel proposed that date to the SEC. After the SEC confirmed that no SEC attorney was available on December 21, Mr. Schroeder's counsel proposed January 9, 2008, which the SEC accepted.

15.   In the Fickes Declaration, Mr. Fickes asserts that I "threatened to raise the issue of [Mr. Fickes's] religious practice with the Court at the case management conference set on December 17, 2007," but "elected not to follow up on that threat." Fickes Declaration ¶ 11. Mr. Fickes's assertion is inaccurate. On December 4, 2007, Mr. Fickes stated that a December 21 deposition in Atlanta would not work for the SEC because of Mr. Fickes's religious observance

DLA PIPER US LLP
EAST PALO ALTO

Page 7                    DECLARATION OF JEFFREY B. COOPERSMITH

No. C 07 3798 JW

of the Sabbath. I responded that, if the SEC's position was that there could be no out-of-town depositions on Fridays in this case, then I would raise *that issue*, not Mr. Fickes's religious observance, with the Court on December 17. *See* Exhibit 7, at 2 (December 4, 2007 email from Jeffrey B. Coopersmith to Mark P. Fickes and others) ("If so, this is something that we will have to take up with the Court on December 17 as a general matter, as it does not seem reasonable in light of the tight schedule you are asking for *to forego out-of-town Friday depositions altogether*.") (emphasis added). Mr. Fickes's colleague (Ms. LaMarca) then clarified that, where necessary, other SEC attorneys could attend out-of-town Friday depositions. *See* Exhibit 7, at 1 (December 4, 2007 email from Susan F. LaMarca to Jeffrey B. Coopersmith and others). That clarification obviated the need for me to raise any issue concerning out-of-town Friday depositions with the Court, and I further explained that I would do everything I could to avoid inconvenience to SEC counsel. *See* Exhibit 10, at 1-2 (December 13, 2007 email from Jeffrey B. Coopersmith to Mark P. Fickes and others); *id.* at 1 (December 13, 2007 email from Jeffrey B. Coopersmith to Mark P. Fickes and others).

### C. The Deposition of Elizabeth Harlan

16. The SEC points out to the Court that it was willing to reschedule the deposition of non-party Elizabeth Harlan (an associate at Skadden, Arps, Slate, Meagher & Flom LLP who authored a number of the Special Committee's interview memoranda in this case, including the memorandum of Mr. Schroeder's interview) once it became apparent that Ms. Harlan would refuse to answer many questions that Mr. Schroeder's counsel intended to ask her on privilege grounds. *See* Opposition Brief at 4; Fickes Declaration ¶ 15. All interested parties, including the SEC, have cooperated in the scheduling of Ms. Harlan's deposition, but the implication that the SEC did Mr. Schroeder a favor by agreeing to reschedule is inaccurate. Mr. Schroeder also noticed Ms. Harlan's deposition for December 5, 2007. *See* Exhibit 11 (notice of deposition and subpoena). Moreover, Mr. Schroeder's counsel did not ask to postpone Ms. Harlan's deposition, but instead suggested only that the Court might prefer the parties to litigate the privilege issues before Ms. Harlan appeared for her deposition. *See* Fickes Declaration, Exhibit E, at 1 (December 3, 2007 email from Shirli Weiss to Mark P. Fickes and others).

17. In addition, the SEC suggests that it is problematic that Mr. Schroeder has not yet filed a motion to compel with respect to Ms. Harlan's deposition. *See* Opposition Brief at 4. The parties' agreement to postpone Ms. Harlan's deposition eliminated the need for Mr. Schroeder to file a motion to compel immediately. Mr. Schroeder fully intends to file a motion to compel sufficiently in advance of Ms. Harlan's current deposition date of April 8, 2008, so that any discovery issues relating to that deposition can be resolved.

18. Exhibits 2-4, 7, 9-10, and 12 are true and correct copies of correspondence between Mr. Schroeder's counsel and counsel for the SEC concerning the discovery process in this case.

19. Exhibits 5, 6, and 8 are true and correct copies of deposition notices and subpoenas served by Mr. Schroeder on non-party Tom Coffey.

20. Exhibit 11 is a true and correct copy of a deposition notice and subpoena served by Mr. Schroeder on non-party Elizabeth Harlan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2007

/s/Jeffrey B. Coopersmith
Jeffrey B. Coopersmith

SE\9105632.1