# EXHIBIT 1

**Coopersmith, Jeff**

| | |
|---|---|
| **From:** | Coopersmith, Jeff |
| **Sent:** | Thursday, November 08, 2007 8:33 PM |
| **To:** | Fickes, Mark P. |
| **Cc:** | Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena |
| **Subject:** | RE: SEC v. Schroeder |
| | |
| **Attachments:** | RE: SEC v. Schroeder.webarchive; RE: SEC v. Schroeder 2.webarchive |


RE: SEC v.
chroeder.webarchiv


RE: SEC v.
chroeder 2.webarch...

Mark, I am glad we finally ended the game of phone tag and connected this morning. Unfortunately, I am afraid that much of what you write mischaracterizes our phone conversation and our positions. I suggest to you that this litigation will be much more difficult for all of us if after every telephone call you run off and write lengthy correspondence purporting to set forth every bit of conversation, particularly in an inaccurate way . But since you have done just that in this instance, we are compelled to respond. This is on behalf of both Shirli and I.

First, Shirli did not tell you that "no one was available the entire month of December." Shirli said she is fully committed in December and of course, as lead counsel, intends to be present at Mr. Schroeder's deposition. Nor did Shirli tell you that January 29 was the first available date. As your email correspondence shows, you asked for a date and she offered you January 29 (see attached). As I said in our call, it was not our intention to set a hearing date on the motion that would be inconvenient for you, and I told you that we would be happy to work with you on a mutually convenient hearing date. We assumed you would want a hearing date as soon as possible. We will contact the court to see what other dates are available. We do require a reasonable time between the ruling and the scheduled date for the deposition, at least 4 weeks.

Regarding whether Mr. Schroeder would testify substantively or not, I think our motion speaks for itself. It is clear to us that you are trying to leverage the fact of there being an ongoing criminal investigation for tactical advantage. This is transparent to us and we believe it will be to the Court as well. You stated during our conversation that it was your understanding that Mr. Schroeder would assert his Fifth Amendment rights at a deposition. This gives away your real intentions. If this is what you believed, and you said so on the phone, then it is clear that your whole purpose in trying to take Mr. Schroeder's deposition so early is to gain an argument that adverse inferences should apply at trial.

Regarding Fed.R.Civ.P. 26(a)(1)(D) and your request for information about insurance coverage, we will send you the insurance information. However, the rule does not require us to provide this information to the extent that insurance funds would be available only for defense costs and not to pay penalities and/or disgorgement. We therefore have complied with our disclosure obligations and the CMC statement should so state. We do not

want you to get the impression that there is insurance money available in this case to pay penalties and/or disgorgement, because it is our understanding that there is not.

Finally, I am surprised at your position that you are unwilling to agree to more than 10 depositions per side until the Court conference on December 17.   I think we both know that 10 depositions per side is unworkable in this case where there are well over 100 witnesses on our respective Rule 26(a)(1)(A) lists, where the documents will ultimately number in the millions of pages, and where the time frame of the case spans eight years between 1997 and 2005.  Your proposal to expand the number of depositions to 20 per side is an acknowledgment of this fact.   Accordingly, your position that you are unwilling to agree that we can notice more than 10 depositions until we meet with the Court over a month from now is, again, an attempt to gain tactical advantage.  If you intend to take the position on December 17 that we should be limited to 10 depositions, let me know. If you intend to take the position on December 17 that more than 10 depositions per side should be allowed, then there is no reason for you not to agree to allow us to notice that greater number of depositions now, except for a desire to hamstring our discovery efforts.  This is all the more surprising, and disappointing, when the SEC had well over one year to take one-sided testimony during the investigative phase of this case.

Again, thank you for getting back to me this morning.  Shirli plans to get in touch with you tomorrow morning about the CMC statement.

Jeffrey B. Coopersmith
DLA Piper US LLP
701 Fifth Avenue, Suite 7000 | Seattle , WA 98104-7044
[O] 206.839.4847 [F] 206.839.4801
jeff.coopersmith@dlapiper.com | www.dlapiper.com


-----Original Message-----
From: Fickes, Mark P. [mailto:fickesm@sec.gov]
Sent: Thu 11/8/2007 1:56 PM
To: Coopersmith, Jeff
Cc: Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena
Subject: SEC v. Schroeder

Dear Jeff:

I write to follow up on our conversation this morning.

First, as I indicated, Shirli's offer to re-set the hearing on the motion for protective order only if we accede to new scheduling demands is not acceptable.

As you know, we noticed Elizabeth Harlan's deposition for early December. We made it clear to you that we would move the date if it would not work for you.  We also made it clear that the only reason that we didn't meet and confer about the date before sending out the notice was that Ms. Harlan is due to go on maternity leave very soon.  Unlike Shirli's offer, however, we did not condition our willingness to be flexible on dates on your

acquiescence to additional demands.  To date, you have not expressed any concerns about the deposition date for Ms. Harlan.

As for Mr. Schroeder's deposition, we consulted with Shirli before setting the date. I informed her that I wanted to take Mr. Schroeder's deposition in December.  Shirli told me that no one was available during the entire month of December.  Now, it appears you are free in December.  Despite the obligation to meet and confer, Shirli failed to provide alternative dates for Mr. Schroeder's deposition. When I asked for dates in January, Shirli advised that the earliest date possible is January 29.  I assumed Shirli was acting in good faith when she represented that this was the earliest date available.  During our phone conversation this morning, however, I learned (for the first time) that there are earlier dates available, but that you want time to prepare for the deposition.  In the future, I would appreciate more candor in these conversations so that there won't be such misunderstandings.

During our pone call today, you also indicated that you want time after the hearing on the motion to prepare Mr. Schroeder for deposition.  When I asked why you need so much time to prepare him to assert his Fifth Amendment privilege, you indicated that he may testify substantively.  You added that the thrust of your motion for a protective order was to defer the decision on whether to testify substantively or not.

Consequently, I proposed setting the hearing for January 8 and keeping January 29 for the deposition.  If you do not prevail on the motion, that gives you three of the four weeks Shirli requested in order to prepare. You agreed to get back to me shortly on this proposal.  If you are not amenable to the proposal, that is fine too.  On this factual record, I am comfortable asking the Court to move the hearing date.

We also discussed your Rule 26 disclosures.  Although you stand alone in taking the view that you don't have to produce the insurance information, I am happy to change the CMC statement to say that you have completed your disclosures.  Whether any Commission policy exists regarding using insurance for civil penalties or disgorgement strikes me as irrelevant. Either you have an obligation to disclose or you don't, and that obligation is not contingent on some Commission policy.  Nevertheless, as you don't feel there is an obligation, we'll simply wait and seek that information through discovery.  .

Finally, you indicated that you intend to notice depositions soon.  Given your representations about unavailability, we assume that those depositions will be noticed for dates after January 29.  If I am incorrect in this assumption, please let me know right away.  In any event, given that most depositions will occur long after the December 17 case management conference, we would prefer to wait before exceeding the 10 deposition rule.  Our offer is essentially to stipulate to 20 depositions per side. The number 20 is not intended as the starting point to a broader negotiation.  Therefore, until we get further guidance from the Court, we think it better to start with the 10 depositions to which we are both entitled.

Thank you again for your call this morning.  I appreciate that you took the

time to apologize for the scheduling mishap.

Very truly yours,

Mark

Mark P. Fickes
Trial Counsel
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA  94104
(415) 705-8103 – telephone
(415) 705-2501 – facsimile
Email: Fickesm@sec.gov <mailto:FickesM@sec.gov>

PRIVILEGED & CONFIDENTIAL: This email message (including any attachments)
from the United States Securities and Exchange Commission is for the
exclusive use of the intended recipient(s) and may contain confidential,
non-public, and privileged information. If you are not the intended
recipient, please do not read, distribute, or take action in reliance upon
this message. If you have received this email in error, please notify the
sender immediately by return email and promptly delete this message and its
attachments from your computer system. The sender of this email does not
intend to waive any privileges that may apply to the contents of this email
or any attachments to it.

# EXHIBIT 2

# REDACTED
## Internal File Designation

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Wednesday, November 07, 2007 9:43 AM
**To:** Weiss, Shirli
**Cc:** LaMarca, Susan F.; Ro, Elena; Coopersmith, Jeff; Priebe, David
**Subject:** Re: SEC v. Schroeder

Thank you Shirli. The other reason we wanted the date is that we intend to proceed with the deposition if you do not prevail on the motion. Thus, it seems preferble to get a commitment for a real date.

As always, thank you for your professional courtesy.

Mark
Mark P. Fickes

----- Original Message -----
From: Weiss, Shirli <Shirli.Weiss@dlapiper.com>
To: Fickes, Mark P.
Cc: LaMarca, Susan F.; Ro, Elena; Coopersmith, Jeff <Jeff.Coopersmith@dlapiper.com>; Priebe, David
<David.Priebe@dlapiper.com>
Sent: Wed Nov 07 01:09:46 2007
Subject: RE: SEC v. Schroeder

Mark,

Given that you have advised us that you intend to notice Schroeder's deposition imminently, we do not think you need to actually notice it for us to seek a protective order under Rule 26(c). We will be filing our motion tomorrow. Nonetheless, if you disagree, January 29 is a date you can use for the notice.

We also will send you our proposed additions/edits to the CMC tomorrow.

Thank you

Shirli

---

From: Fickes, Mark P. [mailto:fickesm@sec.gov]
Sent: Tuesday, November 06, 2007 7:22 AM
To: Weiss, Shirli; Coopersmith, Jeff; Priebe, David
Cc: LaMarca, Susan F.; Ro, Elena
Subject: RE: SEC v. Schroeder

Shirli:

Thank you for the update. I had assumed that as part of the meet and confer process, you would propose alternative

dates. Please provide me with dates in January when Mr. Schroeder can sit for deposition.

I could be wrong on this (and if I am, please provide me with the relevant case law), but it seems that there should be a deposition notice before you can move for the protective order. Moreover, if you lose the motion, we want to proceed with Mr. Schroeder's deposition immediately. Thus, I would appreciate it if you would provide me with the date by the close of business tomorrow.

Thank you for your prompt attention to this matter.

Mark

---

From: Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
Sent: Monday, November 05, 2007 6:54 PM
To: Fickes, Mark P.; Coopersmith, Jeff; Priebe, David
Cc: LaMarca, Susan F.; Ro, Elena
Subject: RE: SEC v. Schroeder

Dear Mark:
Thank you for your efforts to meet and confer. Given our respective positions, we will go ahead and file a motion for a protective order this week. We are not able to give you dates when he and I are available for deposition in December. I customarily take a 2 week Christmas vacation and the other days that month are fully committed.
Thank you.

Shirli Weiss

<http://www.dlapiper.com/>
Shirli Fabbri Weiss
Partner
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California 92101
619.699.3650 T
619.699.2701 F
858.449.4850 M
shirli.weiss@dlapiper.com
www.dlapiper.com <http://www.dlapiper.com/>

---

From: Fickes, Mark P. [mailto:fickesm@sec.gov]
Sent: Monday, November 05, 2007 9:52 AM
To: Weiss, Shirli; Coopersmith, Jeff; Priebe, David
Cc: LaMarca, Susan F.; Ro, Elena
Subject: SEC v. Schroeder

Dear Shirli and Jeff:

Pursuant to Local Rule 30-1, I write to meet and confer concerning the deposition of Mr. Schroeder. Please provide me with a list of dates in December when you and he will be available. I understand that Mr. Schroeder does not want to sit for deposition at this time. I assume that you will file a motion for a protective order, which would stay the deposition until the Court rules on your motion. Nevertheless, I would like to start the process now by picking a date and sending out the deposition notice.

Very truly yours,

Mark

Mark P. Fickes
Trial Counsel
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
(415) 705-8103 - telephone
(415) 705-2501 - facsimile
Email: Fickesm@sec.gov <mailto:FickesM@sec.gov>

PRIVILEGED & CONFIDENTIAL: This email message (including any attachments) from the United States Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential, non-public, and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return email and promptly delete this message and its attachments from your computer system. The sender of this email does not intend to waive any privileges that may apply to the contents of this email or any attachments to it.

Please consider the environment before printing this email.

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Please consider the environment before printing this email.

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

# EXHIBIT 3

# REDACTED
## Internal File Designation

**From:** Weiss, Shirli
**Sent:** Friday, November 09, 2007 1:49 PM
**To:** Fickes, Mark P.
**Cc:** Coopersmith, Jeff; Priebe, David; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Dear Mark,

We agree to move the hearing date to Jan 8 to accommodate your schedule and understand that you will notice Mr. Schroeder's deposition for February 5th, subject to the court's ruling.
We do not agree to otherwise hold up depositions, particularly in view of the aggressive schedule you have requested. If you had noticed Mr. Schroeder's deposition on November 5th, the earliest possible time you could have, for, let's say, December 9th, we would still have filed a motion for a protective order and the deposition would have gone off calendar until the ruling. All discovery does not come to a halt, however.

We have the witnesses interview notes by and large so I think we know what most of the witnesses have said, although we do not have most of the documents from third parties, I hardly think "listening" to them gives us or Mr. Schroeder an advantage. As to unilaterally dictating a deposition date in response to an inflexible schedule, that's what you did with Ms. Harlan and we understood, so I really don't think you can complain. We will try to accommodate you on the other witnesses if possible. We were given this date by Mr. Coffey. It's not optimal for me either since I can't be there then but we have a team of attorneys and Coffey is not the defendant so someone else will take his deposition.

We intend to go forward with Mr. Coffey.

Shirli

> **From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
> **Sent:** Friday, November 09, 2007 1:29 PM
> **To:** Weiss, Shirli
> **Cc:** Coopersmith, Jeff; Priebe, David; LaMarca, Susan F.; Ro, Elena
> **Subject:** RE: SEC v. Schroeder
>
> Dear Shirli:
>
> First, thank you for your warm wishes for my vacation. I will be traveling with my kids to our family's horse farm in Maryland, so I trust it will indeed be very pleasant.
>
> As for the business at hand, we will agree to move Mr. Schroeder's deposition to February 5 provided you agree to move the hearing to January 8. Given the problems in communication thus far, however, your agreement must be in writing. An e-mail or a letter will suffice.
>
> With regard to the proposed deposition dates, we have made it abundantly clear that the reason we want Mr. Schroeder's deposition early is that we want to get his testimony under oath before he has the opportunity to listen to everyone else's disposition. Therefore, we will not agree to the proposed deposition dates of Coffey, Kahn or Wilson. Moreover, you can not unilaterally dictate the deposition schedule in this case by declaring certain witnesses inflexible. As for the remaining dates, we will check our calendars and let you know which dates will work.

12/21/2007

Very truly yours,

Mark

---

**From:** Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
**Sent:** Friday, November 09, 2007 12:33 PM
**To:** Fickes, Mark P.; LaMarca, Susan F.; Ro, Elena
**Cc:** Coopersmith, Jeff; Priebe, David
**Subject:** FW: SEC v. Schroeder


Dear Mark:

With reference to your latest email to Jeff:

I informed you that I personally am fully committed in December. I intend to be at Mr. Schroeder's deposition. We have a motion for a protective order pending re Mr. Schroeder's deposition currently noticed for Dec. 18 . We could also ask the court to specially set the motion to be heard on Dec. 17 along with the CMC if the 18th does not work for you. I am happy to move the hearing date to January 8 but I asked for at least 4 weeks between the ruling and any scheduled date for Mr. Schroeder's deposition. Having Mr. Schroeder's deposition that early is unreasonable given the SEC's lengthy head start in this case, as we have said in our motion. Your refusal to even agree to 4 weeks time between the ruling and the scheduling of the deposition is purely an exercise in gamesmanship. Therefore, if you will not agree to the 4 weeks, I will not change the hearing date to Jan 8 . Your comment about an ex parte contact (based on our comment that we would check with the court on dates. ) is puzzling but thank you for checking the web site.
I offered you a date for scheduling Mr. Schroeder's deposition on January 29 in the event we lose the motion and you took it. At no time had I told you that was the only date available . Mr. Schroeder's deposition is unlike Ms. Harlan's so I really do not understand your analogy.
Our decision not to address all of your statements should not be interpreted that we agree with the statements not addressed.

Per your request, these are the first 10 depositions we intend to notice:

| | |
|---|---|
| Coffey | Dec. 7, 2007 |
| Dickerson | . March 31, 2008 |
| Kahn | January 8, 2008 |
| Kispert | Feb. 13, 2008 |
| Lamb | March 14 |
| Levy | March 10 |
| Nichols | February 28 |
| Nyberg | March 24 , 2008 |
| Samson | Feb 6, 2008 |
| Wilson | Jan 10, 2008 |

We were going to do what you did, basically, notice them up and then amend for scheduling, but let us know if any of these dates do not work for you.

We have just confirmed Coffey's date. That will be in Atlanta and he is not flexible so we expect that one to go forward. We have issued the subpoena and will serve you the notice shortly. The others are subject to confirmation.

We just received a production of documents from KLA and will make a copy of the CD for you. Have a pleasant vacation .

Shirl



**Shirli Fabbri Weiss**
Partner

**DLA Piper US LLP**
401 B Street, Suite 1700
San Diego, California 92101

619.699.3650 T
619.699.2701 F
858.449.4850 M
shirli.weiss@dlapiper.com

www.dlapiper.com

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Friday, November 09, 2007 10:24 AM
**To:** Coopersmith, Jeff
**Cc:** Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Dear Jeff:

Thank you for your note. I am disappointed that your lengthy exposition fails to address the central question at hand, namely whether you will agree to set the hearing for your motion on January 8. As I told you during our phone call yesterday, I checked the Court's web site and the Magistrate can hear motions on January 8. I do not understand why would would seek an ex parte contact with the Court, especially when such contacts are disfavored in the Northern District. If you doubt my representation about Judge Lloyd's availability, please go to http://www.cand.uscourts.gov/CAND/Calendar.nsf/ExtraInfoLinkDocs/HRL.

I note that you do not dispute my characterization of the meet and confer process concerning Ms. Harlan's deposition. If I can extend you the basic professional courtesy of agreeing to move dates for her deposition without extorting concessions from you, I do not understand why you cannot simply extend me the reciprocal courtesy. You say that did not intend to set the motion on an inconvenient date, yet you have acknowledged that you did not even bother to check to see if Suzy or I would be available. Even more troubling is that after two days of discussion on this topic, I still do not have your firm commitment to move the hearing.

I agree with you that this litigation will be more difficult if there is a need to reduce every phone call to writing. Unfortunately, committing our conversations to writing is necessary because neither I nor my colleagues have confidence that you and Shirli are candid with us. For example, I still do not have an answer as to the earliest date in December or January when Mr. Schroeder is available for deposition. Shirli did not agree to any date in December and proposed only one date at the very end of January. You now say there that are other dates in January that are available, but you still have not provided us with those dates. When will you provide alternative dates?

Finally, please provide us with your proposed dates for the depositions that you intend to notice. In your proposal, it would be helpful to know whether you have conferred with the deponents and their counsel about their availability too. We will be happy with you to lock in dates as soon as you provide them to us.

Please let me know by 3:00 p.m. today whether you will agree to move the hearing to January 8. I am leaving for vacation toward the end of next week and need sufficient time to prepare an application to continue the hearing date.

Very truly yours,

Mark

**From:** Coopersmith, Jeff [mailto:Jeff.Coopersmith@dlapiper.com]
**Sent:** Thursday, November 08, 2007 8:33 PM
**To:** Fickes, Mark P.
**Cc:** Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Mark, I am glad we finally ended the game of phone tag and connected this morning. Unfortunately, I am afraid that much of what you write mischaracterizes our phone conversation and our positions. I suggest to you that this litigation will be much more difficult for all of us if after every telephone call you run off and write lengthy correspondence purporting to set forth every bit of conversation, particularly in an inaccurate way. But since you have done just that in this instance, we are compelled to respond. This is on behalf of both Shirli and I.

First, Shirli did not tell you that "no one was available the entire month of December." Shirli said she is fully committed in December and of course, as lead counsel, intends to be present at Mr. Schroeder's deposition. Nor did Shirli tell you that January 29 was the first available date. As your email correspondence shows, you asked for a date and she offered you January 29 (see attached). As I said in our call, it was not our intention to set a hearing date on the motion that would be inconvenient for you, and I told you that we would be happy to work with you on a mutually convenient hearing date. We assumed you would want a hearing date as soon as possible. We will contact the court to see what other dates are available. We do require a reasonable time between the ruling and the scheduled date for the deposition, at least 4 weeks.

Regarding whether Mr. Schroeder would testify substantively or not, I think our motion speaks for itself. It is clear to us that you are trying to leverage the fact of there being an ongoing criminal investigation for tactical advantage. This is transparent to us and we believe it will be to the Court as well. You stated during our conversation that it was your understanding that Mr. Schroeder would assert his Fifth Amendment rights at a deposition. This gives away your real intentions. If this is what you believed, and you said so on the phone, then it is clear that your whole purpose in trying to take Mr. Schroeder's deposition so early is to gain an argument that adverse inferences should apply at trial.

Regarding Fed.R.Civ.P. 26(a)(1)(D) and your request for information about insurance coverage, we will send you the insurance information. However, the rule does not require us to provide this information to the extent that insurance funds would be available only for defense costs and not to pay penalties and/or disgorgement. We therefore have complied with our disclosure obligations and the CMC statement should so state. We do not want you to get the impression that there is insurance money available in this case to pay penalties and/or disgorgement, because it is our

understanding that there is not.

Finally, I am surprised at your position that you are unwilling to agree to more than 10 depositions per side until the Court conference on December 17. I think we both know that 10 depositions per side is unworkable in this case where there are well over 100 witnesses on our respective Rule 26(a)(1)(A) lists, where the documents will ultimately number in the millions of pages, and where the time frame of the case spans eight years between 1997 and 2005. Your proposal to expand the number of depositions to 20 per side is an acknowledgment of this fact. Accordingly, your position that you are unwilling to agree that we can notice more than 10 depositions until we meet with the Court over a month from now is, again, an attempt to gain tactical advantage. If you intend to take the position on December 17 that we should be limited to 10 depositions, let me know. If you intend to take the position on December 17 that more than 10 depositions per side should be allowed, then there is no reason for you not to agree to allow us to notice that greater number of depositions now, except for a desire to hamstring our discovery efforts. This is all the more surprising, and disappointing, when the SEC had well over one year to take one-sided testimony during the investigative phase of this case.

Again, thank you for getting back to me this morning. Shirli plans to get in touch with you tomorrow morning about the CMC statement.

Jeffrey B. Coopersmith
DLA Piper US LLP
701 Fifth Avenue, Suite 7000 | Seattle , WA 98104-7044
[O] 206.839.4847 [F] 206.839.4801
jeff.coopersmith@dlapiper.com | www.dlapiper.com

-----Original Message-----
From: Fickes, Mark P. [mailto:fickesm@sec.gov]
Sent: Thu 11/8/2007 1:56 PM
To: Coopersmith, Jeff
Cc: Weiss, Shirli; Priebe, David; LaMarca, Susan F.; Ro, Elena
Subject: SEC v. Schroeder

Dear Jeff:

I write to follow up on our conversation this morning.

First, as I indicated, Shirli's offer to re-set the hearing on the motion for protective order only if we accede to new scheduling demands is not acceptable.

As you know, we noticed Elizabeth Harlan's deposition for early December. We made it clear to you that we would move the date if it would not work for you. We also made it clear that the only reason that we didn't meet and confer about the date before sending out the notice was that Ms. Harlan is due to go on maternity leave very soon. Unlike Shirli's offer, however, we did not condition our willingness to be flexible on dates on your acquiescence to additional demands. To date, you have not expressed any concerns about the deposition date for Ms. Harlan.

As for Mr. Schroeder's deposition, we consulted with Shirli before setting the date. I informed her that I wanted to take Mr. Schroeder's deposition in December. Shirli told me that no one was available during the entire month of December. Now, it appears you are free in December. Despite the obligation to meet and confer, Shirli failed to provide alternative dates for Mr. Schroeder's deposition. When I asked for dates in January, Shirli advised that the earliest date possible is January 29. I assumed Shirli was acting in good faith when she represented that this was the earliest date available. During our phone conversation this morning, however, I learned (for the first time) that there are earlier dates available, but that you want time to prepare for the deposition. In the future, I would appreciate more candor in these conversations so that there won't be such misunderstandings.

During our pone call today, you also indicated that you want time after the hearing on the motion to prepare Mr. Schroeder for deposition. When I asked why you need so much time to prepare him to assert his Fifth Amendment privilege, you indicated that he may testify substantively. You added that the thrust of your motion for a protective order was to defer the decision on whether to testify substantively or not.

Consequently, I proposed setting the hearing for January 8 and keeping January 29 for the deposition. If you do not prevail on the motion, that gives you three of the four weeks Shirli requested in order to prepare. You agreed to get back to me shortly on this proposal. If you are not amenable to the proposal, that is fine too. On this factual record, I am comfortable asking the Court to move the hearing date.

We also discussed your Rule 26 disclosures. Although you stand alone in taking the view that you don't have to

produce the insurance information, I am happy to change the CMC statement to say that you have completed your disclosures. Whether any Commission policy exists regarding using insurance for civil penalties or disgorgement strikes me as irrelevant. Either you have an obligation to disclose or you don't, and that obligation is not contingent on some Commission policy. Nevertheless, as you don't feel there is an obligation, we'll simply wait and seek that information through discovery.

Finally, you indicated that you intend to notice depositions soon. Given your representations about unavailability, we assume that those depositions will be noticed for dates after January 29. If I am incorrect in this assumption, please let me know right away. In any event, given that most depositions will occur long after the December 17 case management conference, we would prefer to wait before exceeding the 10 deposition rule. Our offer is essentially to stipulate to 20 depositions per side. The number 20 is not intended as the starting point to a broader negotiation. Therefore, until we get further guidance from the Court, we think it better to start with the 10 depositions to which we are both entitled.

Thank you again for your call this morning. I appreciate that you took the time to apologize for the scheduling mishap.

Very truly yours,

Mark

Mark P. Fickes
Trial Counsel
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
(415) 705-8103 - telephone
(415) 705-2501 - facsimile
Email: Fickesm@sec.gov <mailto:FickesM@sec.gov>

PRIVILEGED & CONFIDENTIAL: This email message (including any attachments) from the United States Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential, non-public, and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return email and promptly delete this message and its attachments from your computer system. The sender of this email does not intend to waive any privileges that may apply to the contents of this email or any attachments to it.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been se the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, yo hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copyin this communication, or any of its contents, is strictly prohibited. If you have received this communi in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

# EXHIBIT 4

# REDACTED
## Internal File Designation

**From:** Weiss, Shirli
**Sent:** Wednesday, November 07, 2007 4:06 PM
**To:** Fickes, Mark P.; Coopersmith, Jeff; Priebe, David
**Cc:** LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder

Mark,
It's not too late to discuss hearing dates, we can always re-notice the hearing.  In my experience, it's not unusual to just set a hearing or discovery date and then move it at the request of a party. (For example, the deposition date that you set). You had said you wanted to proceed "immediately" to Ken's deposition if we lose the motion.  That may work for you but it does not work for us.  There are still a huge amount of documents and facts to review and starting in early January, before a motion is heard (assuming we moved the hearing to January) to prepare for Ken's deposition, without having the certainty of the ruling does not strike us as the best way to go about this.  We would like at least a month between the ruling and the scheduled date of the depo.  You initially wanted to set the depo for December.  Under that scenario, when did you think we were going to get a ruling on the motion?  Your insistence on setting an early date for Ken's depo so as to go forward in the event you are successful on the motion required that we seek an early date for the hearing.   We are happy to renotice the motion for January if you move the depo date to a month after the hearing date.

Thank you.

Shirli

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Wednesday, November 07, 2007 3:34 PM
**To:** Weiss, Shirli; Coopersmith, Jeff; Priebe, David
**Cc:** LaMarca, Susan F.; Ro, Elena
**Subject:** SEC v. Schroeder

Shirli:

We are in receipt of your motion for a protective order.  It would have been nice if you had had extended us the basic professional courtesy of meeting and conferring about hearing dates.  We are not available on Dec. 18.  We are available on January 15 or January 22.  As the deposition will be set for January 29, there is no reason not to hear your motion on Jan. 15 or 22.

Please let us know by 5:00 p.m. tomorrow whether you will agree to move the hearing date.

Thank you,

Mark

Mark P. Fickes
Trial Counsel
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA 94104
(415) 705-8103 - telephone
(415) 705-2501 - facsimile
Email: Fickesm@sec.gov

PRIVILEGED & CONFIDENTIAL: This email message (including any attachments) from the United States Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential, non-public, and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return email and promptly delete this message and its attachments from your computer system. The sender of this email does not intend to waive any privileges that may apply to the contents of this email or any attachments to it.

# EXHIBIT 5

1  SHIRLI FABBRI WEISS (Bar No. 079225)
    DAVID PRIEBE (Bar No. 148679)
2  JEFFREY B. COOPERSMITH
    (admitted *pro hac vice*)
3  **DLA PIPER US LLP**
    2000 University Avenue
4  East Palo Alto, CA 94303-2248
    Tel: (650) 833-2000
5  Fax: (650) 833-2001
    Email: shirli.weiss@dlapiper.com
6  Email: david.priebe@dlapiper.com
    Email: jeff.coopersmith@dlapiper.com
7

8  ELLIOT R. PETERS (Bar No. 158708)
    STUART L. GASNER (Bar No. 164675)
9  **KEKER & VAN NEST LLP**
    710 Sansome Street
    San Francisco, CA 94111
10  Tel: (415) 391-5400
    Fax: (415) 397-7188
11  E-mail: EPeters@KVN.com
    E-mail: SGasner@KVN.com
12

13  Attorneys for Defendant
    KENNETH L. SCHROEDER

14             UNITED STATES DISTRICT COURT

15           NORTHERN DISTRICT OF CALIFORNIA

16

17  SECURITIES AND EXCHANGE
    COMMISSION,               CASE NO.  C 07-3798-JW

18        *Plaintiff,*          **KENNETH L. SCHROEDER'S NOTICE OF DEPOSITION TO TOM COFFEY**

19      v.

20  KENNETH L. SCHROEDER,

21

22        *Defendant.*

23

24

25

26

27

28

1

## NOTICE OF VIDEOTAPED DEPOSITION

2   Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendant

3   Kenneth L. Schroeder will take the oral deposition, under oath, of the following individual on

4   December 7, 2007 at 10:00 a.m. (Eastern Standard Time) at DLA Piper's Atlanta office at One

5   Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, GA 30309:

6           Tom Coffey
7           Powder Springs, GA

8   Said deposition will continue day-to-day, Saturdays, Sundays and holidays excepted, until

9   completed.

10  This deposition will be recorded by stenographic, audio and videotape means and will

11  take place before a certified shorthand reporter who is authorized to administer oaths.

12  Dated: November 9, 2007

13                          DLA PIPER US LLP

14                          By

15                             Jeffrey B. Coopersmith
                               Attorneys for Defendant
16                             KENNETH L. SCHROEDER

17

18  SE\9104041.1

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP

-1-

NOTICE OF DEPOSITION TO TOM COFFEY
CASE NO. C 07-3798-JW

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____Northern_____    DISTRICT OF    _____Georgia_____

SECURITIES AND EXCHANGE COMMISSION,

V.

KENNETH L. SCHROEDER.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-07-3798-JW (N.D. Cal.)

TO:  Tom Coffey
     Powder Springs, GA

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  DLA PIPER US LLP, Atlanta Office: One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, GA  30309 | DATE AND TIME  12/7/2007 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_ , Attorney for Defendant | November 9, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey B. Coopersmith, DLA Piper US LLP, 701 Fifth Avenue, Ste. 7000, Seattle, WA 98104
Telephone:  206.839.4800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT 6

1  SHIRLI FABBRI WEISS (Bar No. 079225)
   DAVID PRIEBE (Bar No. 148679)
2  JEFFREY B. COOPERSMITH
   (admitted *pro hac vice*)
3  **DLA PIPER US LLP**
   2000 University Avenue
4  East Palo Alto, CA 94303-2248
   Tel: (650) 833-2000
5  Fax: (650) 833-2001
   Email: shirli.weiss@dlapiper.com
6  Email: david.priebe@dlapiper.com
   Email: jeff.coopersmith@dlapiper.com
7
   ELLIOT R. PETERS (Bar No. 158708)
8  STUART L. GASNER (Bar No. 164675)
   **KEKER & VAN NEST LLP**
9  710 Sansome Street
   San Francisco, CA 94111
10 Tel: (415) 391-5400
   Fax: (415) 397-7188
11 E-mail: EPeters@KVN.com
   E-mail: SGasner@KVN.com
12
   Attorneys for Defendant
13 KENNETH L. SCHROEDER

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16
   SECURITIES AND EXCHANGE          CASE NO.  C 07-3798-JW
17 COMMISSION,
                                    **KENNETH L. SCHROEDER'S AMENDED**
18          *Plaintiff*,            **NOTICE OF DEPOSITION TO TOM**
                                    **COFFEY**
19          v.

20 KENNETH L. SCHROEDER,

21
            *Defendant.*
22

23

24

25

26

27

28

1

## NOTICE OF VIDEOTAPED DEPOSITION

2      Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendant

3  Kenneth L. Schroeder will take the oral deposition, under oath, of the following individual on

4  December 13, 2007 at 9:00 a.m. (Eastern Standard Time) at DLA Piper's Atlanta office at One

5  Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, GA 30309:

6
          Tom Coffey
7            Powder Springs, GA

8      Said deposition will continue day-to-day, Saturdays, Sundays and holidays excepted, until

9  completed.

10      This deposition will be recorded by stenographic, audio and videotape means and will

11  take place before a certified shorthand reporter who is authorized to administer oaths.

12  Dated: November 14, 2007

13                 DLA PIPER US LLP

14                 By

15                    Jeffrey B. Coopersmith
16                    Attorneys for Defendant
                  KENNETH L. SCHROEDER

17

18  SE\9104041.1

19

20

21

22

23

24

25

26

27

28

DLA Piper US LLP

NOTICE OF DEPOSITION TO TOM COFFEY
CASE NO. C 07-3798-JW

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Georgia |
| --- | --- | --- |

SECURITIES AND EXCHANGE COMMISSION,

V.

KENNETH L. SCHROEDER,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C-07-3798-JW (N.D. Cal.)

TO:   Tom Coffey
         Powder Springs, GA

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION     DLA PIPER US LLP, Atlanta Office: One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, GA 30309 | DATE AND TIME 12/13/2007 9:00 am |
| --- | --- |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)     Atty. for Defendant | DATE Nov. 14, 2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeffrey B. Coopersmith, DLA PIPER US LLP, 701 Fifth Avenue, Ste. 7000, Seattle, WA 98104
Telephone: 206.839.4800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the place claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT 7

REDACTED

Internal File Designation

**From:** LaMarca, Susan F. [mailto:LAMARCAS@sec.gov]
**Sent:** Tuesday, December 04, 2007 5:10 PM
**To:** Coopersmith, Jeff; Fickes, Mark P.
**Cc:** Weiss, Shirli; Priebe, David; Ro, Elena
**Subject:** RE: deposition of Tom Coffey

Jeff,

I just spoke to Mark about this, and yes, he is not available to travel on Fridays out of town. If you'd like to bring it up with the Court, feel free. We anticipate that there will be few out of town depositions in this case, in any event, and generally another counsel for the SEC can cover those that could only be done on a Friday if needed (though this does create a hardship generally for the SEC).

The issue with respect to Mr. Coffey is that NO attorney for the plaintiff on this case is available on 12/21/2007, the date you proposed today. (Mark is available on 12/24, 25, 26; however, we recognize that those dates fall on around a religious holiday and the witness likely wouldn't be available.)

Your reference to a tight schedule doesn't make any sense regarding this witness, and you are not accommodating us by moving it to 12/21/07 – we understand the witness has asked for representation by counsel.

Please let us know if there is another date in December that works, or if there is a date in January that you'd like to propose. We have been quite flexible, and will continue to be accommodating.

Suzy LaMarca

**From:** Coopersmith, Jeff [mailto:Jeff.Coopersmith@dlapiper.com]
**Sent:** Tuesday, December 04, 2007 4:26 PM
**To:** Fickes, Mark P.
**Cc:** Weiss, Shirli; Priebe, David; Ro, Elena; LaMarca, Susan F.
**Subject:** RE: deposition of Tom Coffey

Thank you for the prompt response. First, let me say that we have nothing but the highest respect for your religious beliefs and practices. I am confused, however, about what you are

actually saying. In your email of November 9, 2007 -- when we had noticed Mr. Coffey's deposition for December 7 and then accomodated you by moving it to December 13 -- you stated that the problem with December 7 was that it would force you to stay until Sunday in Atlanta *during the Chanukah holiday*, not that you could never attend an out-of-town deposition on a Friday. You stated that:

"December 7 is a real problem. As you know, I am Jewish *and that falls in the middle of Chanukah*. In addition, December 7 is a Friday. Under Jewish law, I may not, and do not ever work, or travel after sunset. I would have to stay in Atlanta until Sunday, *which I really can't do during the religious holiday*. I have tried to respect your scheduling wishes during the Christmas holiday and would hope that you would accord my religious practice the same deference."

Are you now saying that you can never attend an out-of-town deposition on a Friday, even if that Friday does not fall within the period of a religious holiday such as Chanukah?

If so, this is something that we will have to take up with the Court on December 17 as a general matter, as it does not seem reasonable in light of the tight schedule you are asking for to forego out-of-town Friday depositions altogether. But on the issue of Tom Coffey's deposition specifically, we must ask you to either stay in Atlanta until Sunday, December 23, if that is what your beliefs require, or ask a colleague to attend Mr. Coffey's deposition. December 21 is the only available day in December other than December 13 that Mr. Coffey's deposition could go forward. We originally noticed this deposition for December 7 but moved it to accomodate you. Now we are being told that Mr. Coffey's counsel cannot make it on December 13. You work for the United States government with its vast resources. The SEC has many lawyers, including several assigned to this case. Surely there are other lawyers who do not have your travel restrictions who could be in Atlanta on December 21, or on this particular occasion you could remain in Atlanta until Sunday morning. My practice is to accomodate opposing counsel's schedule when it is at all possible, and I am sorry that I have to engage in this discussion with you at all, but in this particular case our obligation to our client requires that we go forward on December 21 if we cannot on December 13.

Please let me know your position. Thank you.

**Jeffrey B. Coopersmith**
*DLA Piper US LLP*

701 Fifth Avenue, Suite 7000 | Seattle . WA 98104-7044
[O] 206.839.4847 [F] 206.839.4801

jeff.coopersmith@dlapiper.com | www.dlapiper.com

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Tuesday, December 04, 2007 3:52 PM
**To:** Coopersmith, Jeff
**Cc:** Weiss, Shirli; Priebe, David; Ro, Elena; LaMarca, Susan F.
**Subject:** Re: deposition of Tom Coffey

Jeff:

I will be more than happy to work with you on alternative dates, but Dec. 21 will not work. As I mentioned to you and Shirli the last time we tried to schedule the deposition, Fridays present a problem for out of town depositions because I cannot travel until after sunset on Saturday. This would effectively require me to stay in Atlanta until Sunday the 23rd.

Are there any other options? Again, I will work diligently to find another day in December, with the exception of Fridays.

Thank you,

Mark
Mark P. Fickes

----- Original Message -----
From: Coopersmith, Jeff <Jeff.Coopersmith@dlapiper.com>
To: Fickes, Mark P.
Cc: Weiss, Shirli <Shirli.Weiss@dlapiper.com>; Priebe, David <David.Priebe@dlapiper.com>; Ro, Elena; LaMarca, Susan F.
Sent: Tue Dec 04 18:34:08 2007
Subject: deposition of Tom Coffey

Mark,

Tom Coffey has retained counsel, who has asked for the deposition to be postponed from December 13 to December 21. We prefer to keep it on December 13, but would agree to move it to December 21. So we are hoping that the SEC would be available on December 21 in Atlanta. Please let me know. Thank you.

Jeffrey B. Coopersmith
DLA Piper US LLP
701 Fifth Avenue, Suite 7000 | Seattle , WA 98104-7044
[O] 206.839.4847 [F] 206.839.4801
jeff.coopersmith@dlapiper.com | www.dlapiper.com

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of

12/27/2007

this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

# EXHIBIT 8

1   SHIRLI FABBRI WEISS (Bar No. 079225)
    DAVID PRIEBE (Bar No. 148679)
2   JEFFREY B. COOPERSMITH
    (admitted *pro hac vice*)
3   **DLA PIPER US LLP**
    2000 University Avenue
4   East Palo Alto, CA 94303-2248
    Tel: (650) 833-2000
5   Fax: (650) 833-2001
    Email: shirli.weiss@dlapiper.com
6   Email: david.priebe@dlapiper.com
    Email: jeff.coopersmith@dlapiper.com
7
    ELLIOT R. PETERS (Bar No. 158708)
8   STUART L. GASNER (Bar No. 164675)
    **KEKER & VAN NEST LLP**
9   710 Sansome Street
    San Francisco, CA  94111
10  Tel: (415) 391-5400
    Fax: (415) 397-7188
11  E-mail: EPeters@KVN.com
    E-mail: SGasner@KVN.com
12
    Attorneys for Defendant
13  KENNETH L. SCHROEDER

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16
    SECURITIES AND EXCHANGE              CASE NO.  C 07-3798-JW
17  COMMISSION,
                                         **KENNETH L. SCHROEDER'S SECOND**
18              *Plaintiff,*             **AMENDED NOTICE OF DEPOSITION TO**
                                         **TOM COFFEY**
19          v.

20  KENNETH L. SCHROEDER,

21
                *Defendant.*
22

23

24

25

26

27

28

## NOTICE OF VIDEOTAPED DEPOSITION

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendant Kenneth L. Schroeder will take the oral deposition, under oath, of the following individual on January 9, 2008 at 9:00 a.m. (Eastern Standard Time) at DLA Piper's Atlanta office at One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, GA 30309:

Tom Coffey
Powder Springs, GA

Said deposition will continue day-to-day, Saturdays, Sundays and holidays excepted, until completed.

This deposition will be recorded by stenographic, audio and videotape means and will take place before a certified shorthand reporter who is authorized to administer oaths.

Dated: December 10, 2007

DLA PIPER US LLP

By _____
Jeffrey B. Coopersmith
Attorneys for Defendant
KENNETH L. SCHROEDER

SE\9105378.1

DLA PIPER US LLP

-1-
SECOND AMENDED NOTICE OF DEPOSITION TO TOM COFFEY
CASE NO. C 07-3798-JW

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern       DISTRICT OF       Georgia

SECURITIES AND EXCHANGE COMMISSION,

V.

KENNETH L. SCHROEDER.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C-07-3798-JW (N.D. Cal.)

TO:  Tom Coffey
      Powder Springs, GA

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   DLA PIPER US LLP, Atlanta Office: One Atlantic Center, 1201 West Peachtree Street, Suite 2800, Atlanta, GA 30309 | DATE AND TIME   1/9/2008 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *[signature]*  Attorney for Defendant | DATE   12/10/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey B. Coopersmith, DLA Piper US LLP, 701 Fifth Avenue, Ste. 7000, Seattle, WA 98104
Telephone: 206.839.4800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT 9

**REDACTED**
Internal File Designation

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Friday, December 07, 2007 2:37 PM
**To:** Weiss, Shirli
**Cc:** Ro, Elena; Coopersmith, Jeff; Priebe, David; LaMarca, Susan F.
**Subject:** RE: Tom Coffey

Sirli:

The 9th in Atlanta will be just fine.

On a separate note, we've gotten the notice for the ADR call on 12/14 at 11:30 a.m.  We're all going to be in San Jose at that time for the CMC in the Berry case, so the date will not work for the ADR call.  Do you have any alternative dates that you would like to propose before I contact the ADR program about the scheduling conflict?  If so, please let me know.  I'll wait to contact them until after I hear from you.

Thank you,

Mark

**From:** Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
**Sent:** Friday, December 07, 2007 2:03 PM
**To:** Fickes, Mark P.
**Cc:** Ro, Elena; Coopersmith, Jeff; Priebe, David; LaMarca, Susan F.
**Subject:** RE: Tom Coffey

Mark, I meant January 9 for the deposition, sorry for the confusion.

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Friday, December 07, 2007 1:44 PM
**To:** Weiss, Shirli
**Cc:** Ro, Elena; Coopersmith, Jeff; Priebe, David; LaMarca, Susan F.
**Subject:** RE: Tom Coffey

Shirli:

I'll get back to you shortly, but I am a little confused.  Are you proposing that the deposition be on the same day as the motion for a protective order, i.e., January 8, or did you mean to say that you want the deposition on January 9.

I ask because you write "That leaves **January 9**, essentially, because a deposition on January 7th may leave counsel unavailable to be in San Francisco on Jan. 8th.  Please confirm your availability for a deposition of Mr. Coffey in Atlanta on **January 8th.**"

Thank you,

Mark

------------------------------------------------

**From:** Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
**Sent:** Friday, December 07, 2007 1:35 PM
**To:** Fickes, Mark P.; LaMarca, Susan F.
**Cc:** Ro, Elena; Coopersmith, Jeff; Priebe, David
**Subject:** Tom Coffey

Dear Counsel:
As you know, we noticed the deposition of Tom Coffey for December 13, 2007 in Atlanta and served him with a subpoena. Following our noticing his deposition, we understand that the SEC contacted Mr. Coffey and sought to interview him.
We understand that Mr. Coffey requested that KLA-Tencor pay for counsel for him and that the firm of Morgan Lewis has stepped in to represent him. Morgan Lewis has told us that it cannot go forward with his deposition on December 13.
Based on our interviews of Mr. Coffey, we believe Morgan Lewis has a conflict of interest in representing Mr. Coffey in that his statements directly conflict with positions taken by KLA-Tencor regarding its options grant practices and statements of other Morgan Lewis clients. Morgan Lewis is determined to hold onto the representation, however. They have offered December 21, 2007 as an alternative date which we know does not work with your schedule. They have also offered the first week of January, 2008.

January 8 is the date of the hearing on our motion for a protective order. You have previously stated that January 10 does not work for you and January 11 would force Mark to be out of town on a Friday which he has requested we not schedule. That leaves January 9, essentially, because a deposition on January 7th may leave counsel unavailable to be in San Francisco on Jan. 8th.

Please confirm your availability for a deposition of Mr. Coffey in Atlanta on January 8th.
Thank you

Shirli



**Shirli Fabbri Weiss**
Partner
**DLA Piper US LLP**
401 B Street, Suite 1700
San Diego, California 92101

619.699.3650 **T**
619.764.6650 **F**
858.449.4850 **M**
shirli.weiss@dlapiper.com
www.dlapiper.com

------------------------------------------------

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are

hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

# EXHIBIT 10

# REDACTED
## Internal File Designation

**From:** Coopersmith, Jeff
**Sent:** Thursday, December 13, 2007 4:37 PM
**To:** Fickes, Mark P.
**Cc:** Priebe, David; LaMarca, Susan F.; Ro, Elena; Weiss, Shirli
**Subject:** RE: SEC v. Schroeder: Deposition

As I stated, we hope to avoid asking to schedule out-of-town depositions on Friday (and certainly that applies to Saturday as well). Whether we end up asking and how many depositions would be involved in the request depends on the schedules of all concerned, including the non-party witnesses and their counsel. As you also know, we have accommodated you on all scheduling conflicts so far and will continue to take this approach to the maximum extent possible. I am not sure what dispute you think we have at this point, but if you feel there is one that you need to take up with the Court, that is your prerogative.

> **From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
> **Sent:** Thursday, December 13, 2007 1:38 PM
> **To:** Coopersmith, Jeff
> **Cc:** Priebe, David; LaMarca, Susan F.; Ro, Elena; Weiss, Shirli
> **Subject:** RE: SEC v. Schroeder: Deposition
>
> Mr. Coopersmith:
>
> Perhaps you can tell us how many Saturday depositions and Friday out-of-town depositors you believe will be necessary. Once you give us that answer, then we can decide whether to lodge your email on this subject with the Court next Monday.
>
> Your prompt response is greatly appreciated.

> **From:** Coopersmith, Jeff [mailto:Jeff.Coopersmith@dlapiper.com]
> **Sent:** Thursday, December 13, 2007 11:39 AM
> **To:** Fickes, Mark P.; Weiss, Shirli
> **Cc:** Priebe, David; LaMarca, Susan F.; Ro, Elena
> **Subject:** RE: SEC v. Schroeder: Deposition
>
> Mark, I will let Shirli address the scheduling issues, but I will just comment that I have no such "troubling and confused" views. As I have commented on before, I think that this case will be far more pleasant for all of us if we avoid gratuitous comments like this. I am also Jewish so I fully understand the significance of the Sabbath. My email on this subject had to do only with what struck me as a change in your position regarding the scheduling of depositions on Fridays that are not also other holidays such as Hanukah. Ms. LaMarca helpfully clarified that any

12/21/2007

necessary out-of-town depositions on a Friday would be covered by an SEC attorney other than yourself, assuming the other attorney is available. By "necessary" I mean that we are not looking to inconvenience you or your colleagues by trying to schedule Friday (or Saturday) depositions, but as you know sometimes the demands of scheduling leave no alternative. Ms. LaMarca's clarification removed the necessity of raising the issue with the Court.

Best regards,

**Jeffrey B. Coopersmith**
*DLA Piper US LLP*

701 Fifth Avenue, Suite 7000 | Seattle . WA 98104-7044
[O] 206.839.4847 [F] 206.839.4801

jeff.coopersmith@dlapiper.com | www.dlapiper.com

---

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Thursday, December 13, 2007 11:06 AM
**To:** Weiss, Shirli
**Cc:** Priebe, David; Coopersmith, Jeff; LaMarca, Susan F.; Ro, Elena
**Subject:** RE: SEC v. Schroeder: Deposition

Shirli:

I believe that I previously agreed to Kispert's deposition on February 13 and Levy's on March 10. Those dates still look good for me. Likewise, I think you proposed February 6 for Samson and March 31 for Dickerson. Those dates still look good too. Please confirm at your earliest convenience whether Dickerson will be in Boston. Finally, January 22 for Barnholt also will work.

As for Mr. Nichols, is he willing to sit for deposition on a Sunday? If so, that would be my preference. Of course, I understand that Mr. Coopersmith has some troubling and confused views about about my religious observance that he intends to raise with the Court tomorrow, and I look forward to that discussion. Nevertheless, as I am willing to consider doing this deposition on a weekend, I am wondering whether you and the witness will be willing to meet me half-way and do the deposition on a Sunday instead.

Thank you,

Mark

---

**From:** Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
**Sent:** Thursday, December 13, 2007 10:35 AM
**To:** Fickes, Mark P.; LaMarca, Susan F.; Ro, Elena
**Cc:** Priebe, David; Coopersmith, Jeff
**Subject:** SEC v. Schroeder: Deposition

Dear Counsel,

Perhaps not surprisingly, and although all counsel have been quite cordial in responding vaguely to our repeated requests to set deposition dates, none of the counsel for the former or present directors and officers (except Morgan Lewis who represents that it has assumed the representation of Mr. Coffee), contacted from the list we have discussed with you has agreed to any specific requested dates for their clients' depositions or offered alternative dates. Accordingly, in order to expedite the scheduling process, we have served subpoenas on counsel (who have agreed to accept service ) for Messrs. Kispert and Levy for February 13, March 10 and expect to subpoena Lars Samson and Mr. Dickerson today or tomorrow.

In view of your demand (and without conceding its appropriateness ) that Wilson and Kahn not be deposed in January, we would like to move up the deposition of Stuart Nichols to January and wish to take the deposition of KLA director Edward Barnholt in January 22. Please advise your availability or offer alternative dates in January 2008. On Mr. Nichols, his counsel has asked me to pass on a request that he be deposed on a Saturday in January because he is newly employed. We are willing to accommodate him. If you are not, we would like to set the deposition for January 16 or at the latest February 1. Please advise if you can do those dates or please email alternatives.

Thank you

Shirli



**Shirli Fabbri Weiss**
Partner
**DLA Piper US LLP**
401 B Street, Suite 1700
San Diego, California 92101
619.699.3650 **T**
619.764.6650 **F**
858.449.4850 **M**
shirli.weiss@dlapiper.com
www.dlapiper.com

Please consider the environment before printing this email.

---

The information contained in this email may be confidential and/or legally privileged. It has been se the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, yc hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copyin this communication, or any of its contents, is strictly prohibited. If you have received this communi in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

Please consider the environment before printing this email.

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

12/21/2007

Thank you.

# EXHIBIT 11

1   SHIRLI F. WEISS, Bar No. 79225
    shirli.weiss@dlapiper.com
2   DAVID A. PRIEBE, Bar No. 148679
    david.priebe@dlapiper.com
3   JEFFREY B. COOPERSMITH
    (Admitted *pro hac vice*)
4   jeff.coopersmith@dlapiper.com
    DLA PIPER US LLP
5   400 Capitol Mall, Suite 2400
    Sacramento, CA  95814-4428
6   Tel: 916.930.3200
    Fax: 916.930.3201
7
    Attorneys for Defendant
8   Kenneth L. Schroeder

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                         SAN JOSE DIVISION
12

13  SECURITIES AND EXCHANGE              Case No. C-07-3798-JW
    COMMISSION,
14                                       **NOTICE OF VIDEOTAPED DEPOSITION
                  Plaintiff,             OF ELIZABETH HARLAN**
15
          v.
16
    KENNETH L. SCHROEDER,
17
                  Defendant.
18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP

                                     1

**TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant Kenneth L. Schroeder ("Defendant"), by his attorneys, will take the oral deposition, under oath, of the following individual on Wednesday, December 5, 2007, at the Commission's San Francisco Regional Office located at 44 Montgomery Street, Suite 2600, San Francisco, CA 94104; telephone (415) 705-2500, at the time indicated:

Elizabeth Harlan at 1:30 p.m. (Pacific Time) (contact: c/o Matthew E. Sloan, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071; (213) 687-5276).

This deposition will be recorded by stenographic, audio and videotape means and will take place before a certified shorthand reporter who is authorized to administer oaths.

Dated:  November 26, 2007

DLA PIPER US LLP

By _____

SHIRLI F. WEISS
DAVID A. PRIEBE
JEFFREY B. COOPERSMITH

Attorneys for Defendant
Kenneth L. Schroeder

SD\1775298.1

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>V. | **SUBPOENA IN A CIVIL CASE** |
| KENNETH L. SCHROEDER | Case Number:[1] C-07-3798-JW |

TO: Elizabeth Harlan, c/o Matthew E. Sloan, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Securities and Exchange Commission<br>44 Montgomery Street, Suite 2600<br>San Francisco, CA 94104 | DATE AND TIME<br>December 5, 2007 at 1:30 p.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Kenneth Schroeder | DATE<br>November 26, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shirli F. Weiss, DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101; (619) 699-3650

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.<br>www.FormsWorkflow.com

**PROOF OF SERVICE**

    I am employed in the City and County of San Diego, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297.

    On November 26, 2007, I served the following document(s):

**NOTICE OF VIDEOTAPED DEPOSITION OF ELIZABETH HARLAN**

    On the interested parties in the subject action by placing a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

| | |
|---|---|
| Susan F. La Marca | Elizabeth Harlan c/o Matthew E. Sloan, Esq. |
| Mark P. Fickes | Skadden, Arps, Slate, Meagher & Flom LLP |
| Elena Ro | 300 South Grand Avenue, Suite 3400 |
| Securities and Exchange Commission | Los Angeles, California 94111 |
| 44 Montgomery Street, Suite 2600 | matthew.sloan@skadden.com |
| San Francisco, CA 94101 | |
| lamarcas@sec.gov | |
| fickesm@sec.gov | Elliot R. Peters |
| roe@sec.gov | Stuart L. Gasner |
| | Keker & Van Nest LLP |
| | 710 Sansome Street |
| | San Francisco, CA 94111 |
| | epeters@kvn.com |
| | sgasner@kvn.com |

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on November 26, 2007, at San Diego, California.

Emiko S. Gonzales

SD\1774323.1

DLA PIPER US LLP
SAN DIEGO

-1-

# EXHIBIT 12

# REDACTED
## Internal File Designation

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Tuesday, November 13, 2007 7:48 AM
**To:** Weiss, Shirli
**Cc:** Coopersmith, Jeff; Priebe, David; Ro, Elena; LaMarca, Susan F.
**Subject:** RE: SEC v. Schroeder -- Draft CMC Statement

Dear Shirli:

Thank you for your comments, If you think it is unfortunate that we go with largely separate statements, why don't you propose a solution?

If you would like to start from scratch and draft a new statement that is more "unified," we would be more than happy to review it. The CMC statement is not due until December 7, so we certainly have time.

Very truly yours,

Mark


**From:** Weiss, Shirli [mailto:Shirli.Weiss@dlapiper.com]
**Sent:** Friday, November 09, 2007 4:49 PM
**To:** Fickes, Mark P.
**Cc:** Coopersmith, Jeff; Priebe, David; Ro, Elena; LaMarca, Susan F.
**Subject:** RE: SEC v. Schroeder -- Draft CMC Statement

Mark (or Susan or Elena if Mark is not available),

It's unfortunate that we have to go with largely separate statements but I think we have to get the CMC statement on file so these are my comments:

1. As I said, I think defendant has complied with Rule 26, given the language of the rule, although I do not object to sending you the insurance information, so please change the second paragraph of section 7 to say so.

2. Under "Discovery", you may add that Mr. Schroeder has served a subpoena for documents on Ms. Harlan and we will have also served a subpoena on Skadden by the time this is filed and the subpoena on Mr. Coffey. Please delete "unprecedented." Also, it is inaccurate to refer to a total of "140 depositions," that should be deleted. Although we contend that each side should have the right to depose 70 people, there undoubtedly will be much overlap and the total will not be 140. In fact, the Commission has said that it feels the need for few depositions. Please delete "Mr. Schroeder advances the novel proposition that because." If you feel you have to argue in this fashion, let me know and I will draft a separate Schroeder paragraph.

3. Under discovery proposal, if we delete "massive" will you delete the new language that you added regarding the term "massive" as well as the sentence beginning with : "Moreover" ?

4. Under Class action, we have correctly identified the class action pending which arose out of KLA-Tencor's option granting practices. The action you identified is a derivative, not a class action. As to related cases, we believe the case is

related at least to the Lisa Berry action. You can leave out the reference until we file a notice if you like.

Thank you

Shirli



**Shirli Fabbri Weiss**
Partner

**DLA Piper US LLP**
401 B Street, Suite 1700
San Diego, California 92101

619.699.3650 **T**
619.699.2701 **F**
858.449.4850 **M**
shirli.weiss@dlapiper.com

www.dlapiper.com

**From:** Fickes, Mark P. [mailto:fickesm@sec.gov]
**Sent:** Thursday, November 08, 2007 7:56 AM
**To:** Weiss, Shirli
**Cc:** Coopersmith, Jeff; Priebe, David; Ro, Elena; LaMarca, Susan F.
**Subject:** SEC v. Schroeder -- Draft CMC Statement

Shirli:

Attached please find a revised CMC statement. For some reason, I could not get my Microsoft Word to redline, so I've prepared a new document. Except as discussed below, I've incorporated many of your changes. I believe some of your proposals are argumentative and extreme. Like you, I believe some level of argument is inevitable. So, I've left your text largely in tact and simply inserted some additions of my own. Of course, I am still willing to negotiate the language of the document where we can reach consensus.

As for some changes I did not include:

I will change the Rule 26 language to say you have completed your disclosures when you provide the insurance information. It is not a question of what I want; rather, it is a question of you fulfilling your Rule 26 obligations. Until you've actually complied with those obligations, I see no reason to inaccurately represent to the Court the status of your disclosures.

I did not include your changes in the class action section, but am happy to do so, if you'll answer a few questions. Is the C-06-04056 MJJ case the lead case? I just don't understand your change. Again, I am happy to make it once you explain it to me.

Also, I did not include your changes on related cases. Has the Court entered an order relating SEC v. Schroeder to the derivative litigation? If not, are you planning to file a notice of related cases? If not, then I am not sure why we should include the derivative litigation in this section. Likewise, I am not aware of a determination that SEC v. Berry is related. Are you filing a notice?

Please let me know.

Again, the reason I gave you the draft CMC statement early is so that we would have sufficient time to come to as much consensus as possible. So, I am happy to consider further changes to the document.

12/21/2007

<<Schroeder Case Management Statement 121707 (11.8.07 Draft).doc>>

Very truly yours,

Mark


Mark P. Fickes
Trial Counsel
U.S. Securities & Exchange Commission
San Francisco Regional Office
44 Montgomery Street, Suite 2600
San Francisco, CA  94104
(415) 705-8103 - telephone
(415) 705-2501 - facsimile
Email: **Fickesm@sec.gov**

PRIVILEGED & CONFIDENTIAL: This email message (including any attachments) from the United States Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential, non-public, and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return email and promptly delete this message and its attachments from your computer system. The sender of this email does not intend to waive any privileges that may apply to the contents of this email or any attachments to it.

---

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

---

12/21/2007