**\*E-FILED 1/15/2008\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. C07-03798 JW (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| KENNETH L. SCHROEDER, | **[Re: Docket No. 18]** |
| Defendant. | |

On January 15, 2008, this court heard the motion for protective order filed by defendant Kenneth L. Schroeder. The Securities and Exchange Commission (SEC) opposed the motion. Upon consideration of the papers filed by the parties, as well as the argument of counsel, this court grants the motion in part.

## I. BACKGROUND

This is a civil enforcement action for alleged improper stock option backdating at KLA-Tencor. Defendant Kenneth Schroeder is KLA-Tencor's former Chief Executive Officer. The SEC contends that he was a key participant in a fraudulent scheme to backdate stock options, resulting in the concealment of millions of dollars in executive and employee compensation and significant overstatement of the company's income.

Before filing the instant action, the SEC and the Department of Justice (DOJ) investigated KLA-Tencor's option granting practices. In the course of its investigation, the

SEC obtained memoranda of approximately 55 witness interviews conducted by counsel for a Special Committee of KLA-Tencor's Board of Directors. The Special Committee also interviewed Schroeder on September 1, 2006; and, that interview was recorded in a 73-page memorandum. The SEC produced these memoranda to Schroeder as part of its initial disclosures in the instant action.

The DOJ's investigation of KLA-Tencor is ongoing. Although he has not yet been indicted, Schroeder says that the U.S. Attorney's Office has advised that he is a possible target of the investigation and that criminal charges have not been ruled out.

Discovery is set to close on March 31, 2009. The SEC has noticed Schroeder's deposition for February 5, 2008. Schroeder now seeks a protective order precluding the SEC from deposing him until the last three months of discovery – that is, no earlier than January 2009. He argues that, by noticing his deposition early in discovery, the SEC is trying to force him to prematurely choose between testifying or asserting his Fifth Amendment rights (and, consequently, risking the possibility of having adverse inferences drawn against him). The SEC argues that Schroeder's Fifth Amendment concerns are merely speculative because he has not been indicted and it is not clear when, or if, he will face criminal charges. It further asserts that the government and public have an overriding interest in the expeditious resolution of these proceedings and that it will be prejudiced if Schroeder cannot be deposed until the very end of the discovery period.

## II. DISCUSSION

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). Absent substantial prejudice to the parties involved, simultaneous parallel civil and criminal actions are unobjectionable. *Id*. Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice so require. *Id.* "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id*. (quoting

*Molinaro*, 889 F.2d at 902). In making its determination, the court should consider several factors, including: (1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) plaintiff's interests in proceeding expeditiously with the litigation; (3) the burden which any particular aspect of the proceedings may impose on the defendants; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the public's interest in the pending civil and criminal litigation. *Id*. at 325.

In the instant case, as discussed above, no criminal charges have been brought against Schroeder. "The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.'" *Molinaro*, 889 F.2d at 903 (quoting *Securities & Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D. D.C. 1980)).

However, Schroeder does not request a stay of the instant action or even of all discovery. Instead, he seeks the less drastic relief of having his deposition postponed so that he may make a more informed decision as to whether to assert his constitutional rights. He has made some showing as to the possibility of criminal indictments and advises that the DOJ has requested and obtained a tolling agreement as to any criminal charges which may be brought. (*See* Coopersmith Decl., ¶ 5). And, there is no dispute as to the significant overlap between the instant action and the subject matter of the DOJ's ongoing investigation of KLA-Tencor. This court is not persuaded that the instant action will be unduly delayed or hampered if Schroeder's deposition is postponed for a time. *See, e.g., Securities & Exchange Comm'n v. Power Securities Corp*., 142 F.R.D. 321, 323 (D. Co. 1992) (granting defendant's request to postpone his deposition until after the time when the grand jury reached a decision as to indictments); *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 482 (N.D. Cal. 1987) (denying defendant's request to stay civil action where no indictments had been filed, but directing the parties to nonetheless develop a discovery plan that would be least likely to intrude on defendants' Fifth Amendment rights).

3

At the same time, however, the court is not persuaded that the SEC should be precluded from deposing Schroeder for a year until the very end of discovery. The SEC acknowledges that, by virtue of the Special Committee interview memoranda, it does have some inkling as to what Schroeder and other witnesses may have to say. Nevertheless, the memoranda in question apparently are not sworn testimony, but rather, attorney summaries of what witnesses said. Assuming Schroeder elects to testify substantively, his testimony might well point to the need to take other or further discovery. Moreover, there currently is no indication as to when the DOJ's investigation will be completed or if any criminal charges will be filed. And, Schroeder readily acknowledges that the SEC is entitled to depose him and that he may well have to choose between testifying and asserting his Fifth Amendment rights at some point.

Under the circumstances presented, this court concludes that an appropriate balance will be achieved if Schroeder's deposition is postponed for four months.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendant's motion for protective order is GRANTED IN PART. His deposition shall be postponed until after May 15, 2008.

Dated:   January 15, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:07-cv-3798 Notice has been electronically mailed to:**

Judith L. Anderson andersonju@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

Jeffrey Bruce Coopersmith jeff.coopersmith@dlapiper.com, stephanie.tucker@dlapiper.com

Marc J. Fagel fagelm@sec.gov

Mark Philip Fickes fickesm@sec.gov

Stuart L. Gasner slg@kvn.com, dxc@kvn.com, efiling@kvn.com, mcianfrani@kvn.com

Susan F. LaMarca lamarcas@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

Elliot Remsen Peters epeters@kvn.com, aap@kvn.com, alm@kvn.com, efiling@kvn.com, mak@kvn.com

David Allen Priebe david.priebe@dlapiper.com, stacy.murray@dlapiper.com

Elena Ro roe@sec.gov

Steven Keeley Taylor skt@kvn.com, efiling@kvn.com

Shirli Fabbri Weiss shirli.weiss@dlapiper.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.