MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal Bar No. 178570)
  fickesm@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>KENNETH L. SCHROEDER,<br><br>    Defendant. | Case No. C-07-3798 JW/HRL<br><br>**JOINT STATUS REPORT REGARDING DISCOVERY**<br><br>Date: January 29, 2008<br>Time: 1:30 p.m.<br>Location:  Courtroom 2, 5th Floor<br>          Hon. Howard R. Lloyd |

Pursuant to this Court's Order dated January 7, 2008, plaintiff Securities and Exchange Commission (the "Commission") and defendant Kenneth L. Schroeder ("Mr. Schroeder") submit this Joint Status Report regarding discovery, to set forth the issues for the Court at the Discovery Conference scheduled for January 29, 2008.

**1.    DISCOVERY TO DATE**

The parties engaged in several conversations after the complaint was filed on July 25, 2007, and completed their "meet and confer" obligations under Rule 26(f) for outlining discovery on November 1, 2007, and agreed that discovery could thereafter commence.

A. <u>Initial Disclosures per Rule 26(a)</u>

Both the Commission and Mr. Schroeder completed initial disclosures pursuant to Fed. R. Civ. Proc. 26(a)(1) on October 3, 2007. In its disclosures, the Commission identified 63 people likely to have discoverable information that it may use to support its claims, and provided an index to the 65 boxes of documents it previously obtained from other persons during its investigation preceding this litigation, as well a transcript of testimony obtained. In his disclosures, Mr. Schroeder identified 102 people likely to have discoverable information that he may use to support his claims or defenses, and he identified certain documents that he may rely on by describing categories of documents (including KLA's and KLA Instruments Corporation's filings with the Commission; the Commission's complaints filed against Lisa C. Berry and KLA in 2007; agendas, minutes, unanimous written consents and other documents related to KLA's Board of Directors; stock option plans, memoranda, presentations and other documents related to KLA compensation to employees; and calendars).

The Commission produced to Mr. Schroeder copies of the documents contained in the boxes in electronic format to the extent available at no additional copying cost to Mr. Schroeder, and otherwise made available to Mr. Schroeder for his review and/or photocopying the documents that were not available in electronic format. Mr. Schroeder also made the documents identified in his Rule 26 disclosures available to the SEC for its inspection and copying.

B. <u>Rule 33 Interrogatories to Parties</u>

On December 13, 2007, Mr. Schroeder served his first set of Interrogatories (one interrogatory) on the Commission; the Commission served its response (an objection) on January 11, 2008.

C. <u>Rule 34 Requests For Production of Documents From Parties</u>

On December 13, 2007, the Commission served its first Request for Production of Documents on Mr. Schroeder, to which Mr. Schroeder provided a timely response on January 17, 2008.

C. <u>Rule 45 Subpoenas To Third Parties For Documents</u>

On November 7, 2007, the Commission served a subpoena for documents on Elizabeth Harlan (an attorney with Skadden Arps), together with a subpoena for her deposition.

1    Mr. Schroeder has served the following subpoenas for records with the following dates of
2 issuance:
3    PricewaterhouseCoopers (auditor for KLA-Tencor), Oct. 17, 2007
4    Juniper Networks, Inc., Oct. 17, 2007
5    KLA-Tencor Corp., Oct. 19, 2007
6    Skadden Arps (law firm conducting KLA-Tencor's internal investigation), Nov. 12, 2007
7    Elizabeth Harlan (attorney with Skadden Arps), Nov. 7, 2007
8    Galen Bellamy (attorney with Skadden Arps), Nov. 13, 2007
9    Zvi D. Gabbay (attorney with Skadden Arps), Nov. 13, 2007
10    Victoria Holstein-Childress (attorney with Skadden Arps), Nov. 13, 2007
11    Cale Keable (attorney with Skadden Arps), Nov. 13, 2007
12    Morgan K. Lopez (attorney with Skadden Arps), Nov. 13, 2007
13    Thomas W. McDonald (attorney with Skadden Arps), Nov. 13, 2007
14    Lanelle Meidan (attorney with Skadden Arps), Nov. 13, 2007
15    Jonah Van Zandt (attorney with Skadden Arps), Nov. 13, 2007
16    Sheryl Wu (attorney with Skadden Arps), Nov. 13, 2007

17    D.    <u>Deposition Notices and Depositions Completed</u>

18    <u>The Commission</u> has served two Notices of Deposition, one for defendant's deposition
19 (originally for Feb. 5, 2007), and the other for the deposition of Elizabeth Harlan, an attorney with
20 Skadden Arps (originally for December 5, 2007). The defendant's deposition has been delayed by
21 this Court's Order of January 15, 2008, which granted in part defendant's motion for a protective
22 order. The Harlan deposition has been delayed until April 2008, as counsel for Ms. Harlan interposed
23 objections on privilege grounds and defendant informed the Commission that he would be filing a
24 motion to address Skadden Arp's claims of privilege.

25    <u>Mr. Schroeder</u> has served the following Notices of Deposition:
26    Thomas Coffey, and the deposition was held in Atlanta on January 9, 2008
27    Stuart Nichols, Jan. 27, 2008
28    Ken Levy, Feb. 14, 2008

1  John Kispert, Feb. 19, 2008

2  Edward Barnholt, Feb. 22, 2008

3  Gary Dickerson, Mar. 31, 2008.

**2. ISSUES TO BE RESOLVED IN FORMULATING DISCOVERY PLAN**

A. <u>Noticing Depositions in Excess of Presumed Limits under Rule 26</u>

The parties were not able to agree on a numerical limit on the number of depositions that each side may notice and take prior to the initial Case Management Conference, held before Judge Ware, on December 17, 2007. The issue was raised before the Court at the CMC.

<u>The Commission proposes</u>:

During the initial Case Management Conference, the Commission believes that Judge Ware indicated that he did not believe "numerical" limits should dictate how many depositions are taken, but instead believed that the parties should be able to take depositions as needed, but may need to substantiate their respective needs. We therefore propose creating three phases to deposition discovery. In the first phase, parties may freely take depositions without providing any justification or substantiation for the need for a deposition, which would freely permit for general discovery and allow the parties to determine the scope of the issues as well as their respective needs for any additional discovery. In the second phase, a party wishing to take a deposition would need to provide basic information to the other party about the witness, why the party believes a deposition is necessary, and why the discovery cannot be had by other means. In the third, a party wishing to take a deposition would have to make such substantiation to the Court – and the presumption would be that a deposition not be taken. The Commission proposes that: the first phase consists of the initial 20 depositions noticed by each party; the second phase consists of depositions numbering between 21 and 40; and the third phase consists of any depositions sought beyond 40. The Commission believes this proposal would both accommodate the defendant's concern that this case may be "complex," and would permit him to "catch up" with the Commission in terms of understanding the facts alleged through a significant number of depositions designed purely for discovery purposes. (The issue has not been "litigated" – it is our understanding that this is the primary reason for Judge Ware's assignment of this matter to the Court for development of a discovery plan.) Defendant's proposal to

impose further, one-sided limits or obligations on the Commission is unfair, inefficient, and counter to the discovery rules.

<u>Mr. Schroeder proposes</u>:

Mr. Schroeder believes that Judge Ware stated that no numerical limits would be placed on depositions in this case because this is not the kind of case for which such limits were designed, and that Judge Ware did not "indicate" that the parties "may need to substantiate their respective needs" or otherwise place limits on the number of depositions. Mr. Schroeder believes that the SEC's proposal for three tiers of depositions requiring increasing hurdles to get depositions noticed and taken is flatly inconsistent with Judge Ware's rulings at the scheduling conference held on December 17, 2007, and that the SEC is trying to relitigate the issue of numerical limits after it already lost it before Judge Ware. Mr. Schroeder instead proposes that deposition discovery should proceed in two sequential phases. In light of the fact that the SEC had over one year to investigate this case with subpoena authority prior to filing this lawsuit, Mr. Schroeder believes that in the first instance it is now his turn to investigate the facts through discovery. During the first phase, Mr. Schroeder would be entitled to notice and take deposition of witnesses identified in the parties' Rule 26(a) disclosures. During the second phase, the SEC would be able to notice and take any other remaining depositions of witnesses that Mr. Schroeder did not notice and take. This phased approach would not apply to: (1) the deposition of Mr. Schroeder, which the SEC may notice and take after May 15, 2008 pursuant to the Court's ruling on Mr. Schroeder's motion for protective order; (2) the deposition of Elizabeth Harlan, which the SEC has already noticed for April 3, 2008; and (3) any other deposition that the SEC seeks authority to take in the first phase for good cause after meeting and conferring with Mr. Schroeder's counsel.. To the extent that the SEC believes that Mr. Schroeder is attempting to notice and take an unnecessary deposition, it may meet and confer with Mr. Schroeder or if necessary file a motion with the Court. Mr. Schroeder believes that this proposal is consistent with Judge Ware's remarks at the scheduling conference held on December 17, 2007. Moreover, as officers of the Court, counsel for Mr. Schroeder intends to conduct discovery properly by deposing witnesses with potentially relevant information in the most efficient way possible, and should not have to "justify" to the SEC prior to noticing a deposition why a particular witness must be deposed. The Company's

1  Special Committee interviewed over 55 witnesses and shared memoranda from these interviews with
2  the SEC. Mr. Schroeder has as much right to question these and other witnesses as the SEC and the
3  Company. Mr. Schroeder is optimistic that, if the Court adopts Mr. Schroeder's approach, counsel
4  for the parties will be able to work out the time period for each sequential phase without the need for
5  intervention by the Court.

     B.  <u>Scheduling Depositions: Required Meet and Confer</u>

7  The parties agree that, to the maximum extent possible, prior to noticing a deposition, a party
8  will contact the opposing party and the deponent to learn of availability and any obstacles to
9  availability during the time period contemplated for the deposition. In offering dates for a deposition,
10 the noticing party will provide alternatives unless the deponent is unavoidably available only on a
11 single date; if a deponent is temporarily unavailable during most or all of the desired period for taking
12 their deposition, the noticing party should first attempt to accommodate them and opposing counsel
13 by seeking a deposition during another period, rather than offering inconvenient dates or times for the
14 deposition.

     C.  <u>Conducting Depositions</u>

16 <u>The parties propose</u> the following on how to divide the time allocated and how to interpose
17 objections during depositions:
18 (1) Only one attorney per party may ask questions or interpose objections during a
19 deposition, unless an attorney for a party is required to leave the deposition early or join it late; in any
20 event, only one attorney per party may ask questions or object at any given time. (2) The noticing
21 party will reserve one hour of the seven hour deposition to the opposing party for further questioning
22 at the end of the deposition. To the extent a party needs more time to question a witness than one
23 hour, the party may cross-notice a deposition. Defendant's proposal that the Commission be
24 subjected to different rules is contrary to the Federal Rules and serves no legitimate purpose.
25 <u>Mr. Schroeder further proposes</u> that, because the time period relevant to the complaint dates
26 back to 1994 and involves KLA's stock option practices over many years, and therefore the
27 testimony of certain of the witnesses may not be able to be completed in one day of testimony, Mr.
28 Schroeder will meet and confer with the Commission to attempt to agree on which witnesses may

1 take more than one day to depose and will attempt to get agreement of counsel for the witness or,
2 absent agreement, approach the court.

3        D.  Expert Discovery

4        The parties do not agree on when expert disclosures should be made pursuant to Rule
5 26(a)(2).

6        The Commission proposes:

7        Any party that wishes to call an expert at trial shall disclose to the other party the identity of
8 the person, together with the report and related information set forth in Rule 26(a)(2) no later than
9 January 30, 2009.  Included with any expert's report shall be the data and other information
10 considered by the expert in a form in which it was used by the expert (i.e., electronic data shall be
11 produced electronically; data that may be manipulated shall remain in the original form to the extent
12 feasible; paper documents may be produced in paper or electronically).  Depositions shall be
13 concluded by the close of discovery (March 31, 2009).  Because the Commission may choose to, but
14 need not, present expert testimony in order to prove any of its claims (or any of the elements of any
15 of its claims), there is no reason to anticipate that defendant's expert designees will be "responding"
16 to Commission experts, or even to an issue on which the Commission would need to present expert
17 testimony in order to meet its burden.  Consequently, there is no reason for the staggered schedule
18 defendant proposes, and such staggered disclosures are rarely ordered in Commission enforcement
19 cases.

20        Mr. Schroeder proposes:

21        Mr. Schroeder does not agree with the Commission's position or on what typically occurs in
22 lawsuits brought by the Commission.  Mr. Schroeder proposes the following schedule for expert
23 discovery, which is based on the fact that the SEC has the burden of proof on the elements of the
24 violations alleged in the Complaint:  Plaintiff SEC will disclose its primary expert witnesses and
25 reports under Fed. R. Civ. P. 26(a)(2)(A) and (B) no later than December 15, 2008.  Mr. Schroeder
26 will disclose primary expert witnesses and reports under Fed. R. Civ. P. 26(a)(2)(A) and (B), as well
27 as rebuttal expert witnesses and reports under Fed. R. Civ. P. 26(a)(2)(C), no later than January 15,
28 2009.  Disclosure of plaintiff SEC's rebuttal expert witnesses and reports under Fed. R. Civ. P.

26(a)(2)(C) will be due by February 2, 2009. Depositions of Fed. R. Civ. P. 26(a)(2) expert witnesses will be completed by March 31, 2009.

    E. <u>Discovery Motions</u>

    The parties propose the Court provide guidance on the scheduling of discovery motions, and whether such motions should be arranged for telephonic hearing or upon shortened notice.

DATED: January 22, 2008          Respectfully Submitted,

<u>/s/ Susan F. LaMarca</u>
Susan F. LaMarca
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

<u>/s/ Jeffrey B. Coopersmith</u>
Shirli Weiss
David Priebe
Jeffrey B. Coopersmith
Attorneys for Defendant
KENNETH L. SCHROEDER