NINA F. LOCKER, State Bar No. 123838
STEVEN D. GUGGENHEIM, State Bar No. 201386
CAZ HASHEMI, State Bar No. 210239
JONI OSTLER, State Bar No. 230009
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: jostler@wsgr.com

Attorneys for Non-party
JUNIPER NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KENNETH L. SCHROEDER <br><br> Defendant. | CASE NO.: C07-3798-JW <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS PRODUCED BY THIRD-PARTY JUNIPER NETWORKS, INC.** |

## STIPULATION

WHEREAS, on October 17, 2007, defendant Kenneth L. Schroeder ("Schroeder") issued a subpoena to non-party Juniper Networks, Inc. ("Juniper"), which demands the production of documents containing confidential, proprietary, or private information ("Confidential Information") for which special protection from public disclosure and from use for any purpose other than the limited purposes of prosecuting, defending, or attempting to settle this litigation would be warranted. Accordingly, Juniper, Schroeder and the Securities and Exchange Commission ("SEC") hereby stipulate to and petition the Court to enter the following Stipulation and [Proposed] Protective Order Regarding Confidentiality of Certain Documents Produced By Third-Party Juniper Networks, Inc. ("Protective Order") to govern the production of documents by Juniper pursuant to Schroeder's subpoena. Juniper, Schroeder and the SEC acknowledge that this Protective Order does not confer blanket protections on all documents produced pursuant to the subpoena, that the protection it affords extends only to information or items entitled to treatment as confidential under the applicable legal principles. Juniper and Schroeder further acknowledge that Civil Local Rule 79-5 sets forth the applicable procedures and standards for seeking permission from the Court to file material under seal.

**IT IS THEREFORE STIPULATED THAT:**

1.  Documents containing Confidential Information disclosed or produced by Juniper are referred to as "Protected Documents." Except as otherwise indicated below, all documents designated by Juniper as "Confidential" are Protected Documents and are entitled to confidential treatment as described below, unless they are duplicates of documents previously produced by Juniper to the SEC or Department of Justice.

2.  Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

3.  At any time after the delivery of Protected Documents, counsel for the parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for non-party Juniper. If the party

or parties receiving the Protected Documents and non-party Juniper are unable to agree as to whether the confidential designation of the document(s) is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that an agreement cannot be reached as to the confidential nature of all or a portion of the Protected Documents. Thereafter, Juniper shall have twenty (20) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. Juniper shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If Juniper does not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Protective Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Protective Order until and unless Juniper formally agrees in writing to the contrary, Juniper fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

4. Protected Documents and any information contained therein shall be used solely for the prosecution, defense or settlement of this litigation, and shall not be used or shown, disseminated, copied, nor in any way communicated to anyone for any purpose whatsoever other than those persons identified in paragraph 5 below and pursuant to the procedures below.

5. Except with the prior written consent of Juniper, or upon prior order of this Court obtained upon notice to Juniper's counsel, Protected Documents shall not be disclosed to any person other than:

    a. counsel of record for the parties to this litigation, employees of such counsel of record to whom it is reasonably necessary to disclose the information for this litigation, and Kenneth L. Schroeder, the defendant in this litigation;

    b. consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (Ex. A) (which shall be retained by counsel to the party so disclosing the Protected Document(s) and made available for inspection by Juniper's counsel during the pendency or after the termination of the action only

    upon good cause shown and upon order of the Court) before being shown or given any Protected Document;

  c. the Court, Court personnel, and court reporters; and

  d. during their depositions or during an informal interview, witnesses in the action (other than persons described in paragraph 5(b)) to whom disclosure is reasonably necessary.

6. Nothing in this stipulation and order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available to other governmental agencies, as described in the "Routine Uses of Information" section of SEC Form 1662, a copy of which is attached hereto as Exhibit B. The SEC is free to disclose Protected Documents in a manner consistent with the "Routine Uses of Information" section of SEC Form 1662 without notifying or seeking permission from Juniper.

7. In the event that a party to this litigation files Protected Document(s) with the Court, that party shall (a) comply with the requirements of Civil Local Rule 79-5, and lodge the Protected Document(s) with the Clerk in accordance with that Rule; (b) immediately serve notice upon Juniper that the Protected Document(s) were lodged with the Court, so that Juniper may file the required declaration pursuant to Civil Local Rule 79-5(d). Copies of any pleading, brief or other document containing Protected Document(s) that is served on opposing counsel shall be delivered in a sealed envelope stamped:

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

and shall be treated in accordance with the provisions of this Protective Order.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony to the extent that it quotes, paraphrases or summarizes any portion of a Protected Document or information contained therein.

9. In the event that a Protected Document is introduced as an exhibit at a deposition, that portion of the deposition transcript quoting, paraphrasing or summarizing the Protected

Document shall be designated as "confidential," and that portion of the transcript shall be treated as a Protected Document under this Protective Order. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Protective Order shall remain "confidential" and shall not be disclosed by them to anyone, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

10. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Protective Order for a period of six (6) months following termination of this litigation.

12. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to counsel for Juniper, or destroy all Protected Documents and certify to counsel for Juniper that all Protected Documents have been destroyed. The party or parties receiving the Protected Documents may keep their attorney work product that refers or relates to any Protected Documents, but such attorney work product will continue to be governed by the terms of this Protective Order.

13. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14. If any party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Documents, that party shall, within seven (7) days of

the receipt thereof, notify Juniper, unless seven (7) days notice would not permit sufficient time in which to allow Juniper to assert any interest in preventing disclosure of the Protected Documents, and in such case, the party being requested to make the disclosure will give notice to Juniper as soon as possible, but in any event, before actual disclosure.

15. The parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties and to non-party Juniper, and any violation of its terms shall be subject to the same sanctions and penalties as if the Order had been entered by the Court.

WHEREAS, Schroeder, the SEC and non-party Juniper agree to the foregoing terms, IT IS SO STIPULATED.

Dated: January 22, 2008          WILSON SONSINI GOODRICH & ROSATI
                                 Professional Corporation

                                 By: /s/ Caz Hashemi
                                 Caz Hashemi

                                 Attorneys for Non-party
                                 Juniper Networks, Inc.

Dated: January 23, 2008          DLA PIPER US LLP

                                 By: /s/ Jeffrey B. Coopersmith
                                 Jeffrey B. Coopersmith

                                 Attorneys for Defendant
                                 Kenneth L. Schroeder

Dated: January 22, 2008          SECURITIES AND EXCHANGE COMMISSION

                                 By: /s/ Mark P. Fickes
                                 Mark P. Fickes

                                 Attorney for Plaintiff

### [PROPOSED] ORDER

For good cause appearing, the foregoing stipulation regarding confidentiality is approved. IT IS SO ORDERED.

Dated: _____

                                 _____
                                 THE HONORABLE HOWARD R. LLOYD
                                 United States Magistrate Judge

STIPULATION AND [PROPOSED] PROTECTIVE          -5-          CASE NO. C07-3798-JW
ORDER REGARDING CONFIDENTIALITY OF
CERTAIN DOCUMENTS PRODUCED BY THIRD-
PARTY JUNIPER NETWORKS, INC.

# **ATTESTATION**

I, Joni Ostler, am the ECF User whose identification and password are being used to file this STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY. In compliance with General Order 45.X.B, I hereby attest that Caz Hashemi, Jeffrey B. Coopersmith and Mark P. Fickes have concurred in this filing.

Dated: January 23, 2008                    WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation


                                           By: /s/ Joni Ostler
                                               Joni Ostler

STIPULATION AND [PROPOSED] PROTECTIVE                                    CASE NO. C07-3798-JW
ORDER REGARDING CONFIDENTIALITY OF
CERTAIN DOCUMENTS PRODUCED BY THIRD-
PARTY JUNIPER NETWORKS, INC.