# Exhibit 1

# The Power of One
One Application. One Process. One Platform.

**META** A SEAGATE COMPANY

**Law.com's In-House Counsel**

Select '**Print**' in your browser menu to print this document.

©2007 *In-House Counsel* Online

Page printed from: http://www.inhousecounsel.com

Back to Article

---

### Ex-Prosecutor Dishes Up Advice to GCs on Government Probes
Katheryn Hayes Tucker
Fulton County Daily Report
October 19, 2007

The red flag that triggers a government investigation of a company is sometimes a whistleblower or some other complaint. But more often than not, it's just a little something in the news that doesn't add up right.

A prosecutor reads a story in the newspaper and says, "We'll just see what the heck is going on at Acme Co."

That is what Roscoe C. Howard Jr., a Washington-based partner with Troutman Sanders and former federal prosecutor, told members of the Georgia chapter of the Association of Corporate Counsel in a continuing legal education program Oct. 10 at Maggiano's Little Italy in Buckhead.





Run smarter, not harder.
Download our Proactive Guide to Comprehensive Discovery Management.

discovery
ie discovery, inc.

Howard's 30-year legal career includes stints as a professor at the University of Kansas School of Law and as U.S. Attorney for the District of Columbia.

He invited questions both during and after the lecture, and he got plenty. He didn't eat a bite of the nine-dish lunch served, and the audience didn't seem particularly interested in it either. They were eating up every spicy word from the speaker.

Those in attendance now have a thick book detailing Howard's presentation in PowerPoint. What they don't have is a copy of his speech, because it was extemporaneous. Here are some of the highlights of what he dished out:

1. Look closely at compliance. "They will give you a break if you have an effective compliance program. But it has to be effective. Enron had a compliance program. Arthur Andersen had a compliance program. You've got to have one that works. ... They are looking for what you are doing to keep your house in order."

2. Divide the duties. "For larger companies, try not to have the compliance officer be your in-house counsel. If you ask

me about my kids, I'm going to tell you they are beautiful and they are great people, but I'm invested in them. [One is a sophomore at the University of Chicago. One is a high school senior.] If your in-house counsel is also your compliance officer, he may say, 'Hell yeah, it's legal. I've looked at it.' You want somebody who isn't invested."

3. Watch the tone at the top. "People at the top of an organization tell what's important. What are you telling people about what's important? Make sure your employees are prepared."

4. Know the rules before you need to know them, including the U.S. Department of Justice policies. [He included copies of the Thompson memo and the McNulty memo in the handout book. Written by former deputy attorney general Larry Thompson and his successor, Paul J. McNulty, these memos explain the government's practice and principles in business prosecutions.] "Nobody calls and tells you they are coming," Howard said. "If you're trying to get your act together during the investigation, it is too late. They want to catch you off guard."

5. Don't panic. "When they knock, don't panic." Having worked on both sides of investigations, Howard offered plenty of observations, namely this: "It's all about pressure." He said he has seen investigators send in a uniformed SWAT team just for effect. "None of us think as well when we are under pressure," Howard said. "One of the ways to handle the pressure is to prepare for it now."

6. Don't consent. Don't give up right to counsel. Don't answer questions without a legal requirement. But think carefully about resistance. "You can resist, but the resistance is going to be held against you. You know that. But you've got shareholders. You've got responsibilities to them."

7. Send everyone home. "Send your folks home -- the ones you don't need." As a prosecutor, Howard said he would invade a company at dawn, send the team in when the gates opened and by the time most employees arrived, have investigators in every office waiting. The investigators' idea is to get as many people talking as possible -- without benefit of counsel.

8. Find out who is running the investigation. If it's the U.S. Justice Department, it's probably a criminal complaint. "Those are bet-the-company cases," Howard said. "They will put you out of business." Investigators could be from other federal agencies, such as the Treasury Department or the I.R.S. Or, they could be from the state government, although Howard said states will typically let federal agencies take the lead and expense of an investigation if possible.

9. Get friendly with the investigators. Follow up. Keep in touch. Find out what they're looking for, whom they suspect and when they think it happened. "Your goal is to find out those individuals, separate them and if necessary toss them under the bus," Howard said. "The goal is to protect the company."

10. The company is always the client. The board of directors is not the client. As outside counsel representing a corporation, Howard said he encountered a situation in which a board chairman was informing executives involved of his every move on an internal investigation. Howard learned that by cross referencing their cell phone records. After that, he refused to give information about the investigation to the board of directors.

11. Never lie: "Lie during an investigation, get indicted."

12. Trust documents. Get them. Keep them. "Witnesses change their story. It's human nature. But the one witness that will never change is a document. The documents will set you free, because you will find the truth in them."

13. Always do your own internal investigation. Put someone in charge of it. Make a report. Stamp the report "attorney work product." Then it belongs to the attorney, not the company, and it is the attorney's to keep and to hand over at the strategic moment. The goal of the internal investigation is to "make you smarter."

14. Never do solo interviews. Have two interviewers in internal investigations -- one to ask questions, one to take notes and be a witness. But interview people one at a time to avoid collaborations.

15. Remember that a lot of times, the government is "dead wrong." Sometimes prosecutors are young and inexperienced. They have tremendous power. But they are not infallible. "Sometimes these kids are just out of their league." Sometimes a corporate counsel has to fight back. "It may not seem cooperative, but it is representing someone."