# Exhibit 5

1  MARC J. FAGEL (State Bar No. 154425)
   JUDITH L. ANDERSON (State Bar No. 124281)
2  MICHAEL S. DICKE (State Bar No. 158187)
   ELENA RO (State Bar No. 197308)
3
   Attorneys for Plaintiff
4  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
5  San Francisco, California 94104
   Telephone: (415) 705-2500
6  Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C 07 3799   HRL

| SECURITIES AND EXCHANGE COMMISSION, | Case No. _____ |
|---|---|
| Plaintiff, | |
| v. | CONSENT OF DEFENDANT KLA-TENCOR CORPORATION TO ENTRY OF FINAL JUDGMENT |
| KLA-TENCOR CORPORATION, | |
| Defendant. | |

1.  Defendant KLA-Tencor Corporation ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)  permanently restrains and enjoins Defendant from violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B)] and

1

SEC v. KLA-TENCOR CORP.
CONSENT TO ENTRY OF FINAL JUDGMENT

Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] thereunder.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

1  organizations. Such collateral consequences include, but are not limited to, a statutory
2  disqualification with respect to membership or participation in, or association with a member of, a
3  self-regulatory organization. This statutory disqualification has consequences that are separate from
4  any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding
5  before the Commission based on the entry of the injunction in this action, Defendant understands that
6  it shall not be permitted to contest the factual allegations of the complaint in this action.

7      10.    Defendant understands and agrees to comply with the Commission's policy "not to
8  permit a defendant or respondent to consent to a judgment or order that imposes a sanction while
9  denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance
10 with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any
11 public statement denying, directly or indirectly, any allegation in the complaint or creating the
12 impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent,
13 Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation
14 in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to
15 vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph
16 affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in
17 litigation or other legal proceedings in which the Commission is not a party.

18     11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small
19 Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from
20 the United States, or any agency, or any official of the United States acting in his or her official
21 capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
22 expended by Defendant to defend against this action. For these purposes, Defendant agrees that
23 Defendant is not the prevailing party in this action since the parties have reached a good faith
24 settlement.

25     12.    Defendant agrees that the Commission may present the Final Judgment to the Court
26 for signature and entry without further notice.

27     13.    In connection with this action and any related judicial or administrative proceeding or
28 investigation commenced by the Commission or to which the Commission is a party, Defendant

(i) agrees to take all possible steps to make available its employees and agents to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 7/23/07, 2007

[Name] Brian Martin
[Title] General Counsel
For KLA-Tencor Corporation

On July 23, 2007, Brian Martin, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public Odette H. Devera
Commission expires: Jan 21, 2010

Approved as to form:

John H. Hemann, Esq.
William H. Kimball, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower

ODETTE H. DEVERA
Commission # 1632812
Notary Public - California
Santa Clara County
My Comm. Expires Jan 21, 2010

1  San Francisco, California 94105
   Telephone: (415) 442-1000
2  Facsimile: (415) 442-1001

3  Attorneys for Defendant
   KLA-TENCOR CORPORATION

MARC J. FAGEL (State Bar No. 154425)
JUDITH L. ANDERSON (State Bar No. 124281)
MICHAEL S. DICKE (State Bar No. 158187)
ELENA RO (State Bar No. 197308)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

KLA-TENCOR CORPORATION,

Defendant.

Case No. _____

[PROPOSED] FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant KLA-Tencor Corporation having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently

1

SEC v. KLA-TENCOR CORP.
[PROPOSED] FINAL JUDGMENT

1  restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 18m(a)] and
2  Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and
3  240.13a-13], thereunder, by failing to file annual, quarterly and current reports in conformity with the
4  Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing
5  to include such further material information as may be necessary to make the required statements, in
6  light of the circumstances under which they were made, not misleading.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing, with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act or which is required to file reports pursuant to Section 15(d) of the Exchange Act, (A) to make and keep books, records, and accounts, which, in reasonable detail, accurately reflect the transactions and dispositions of the assets of the issuer; and (B) to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(a)  transactions are executed in accordance with management's general or specific authorization;

(b)  transactions are recorded as necessary (1) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (2) to maintain accountability for assets;

(c)  access to assets is permitted only in accordance with management's general or specific authorization; and

(d)  the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2007

_____
UNITED STATES DISTRICT JUDGE

Approved as to form:

_/s/ W. Kimball_____
John H. Hemann, Esq.
William H. Kimball, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
KLA-TENCOR CORPORATION