# Exhibit 8

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Matthew Michael Haut**
Paralegal
415.442.1426
matthew.haut@morganlewis.com

June 29, 2007

**FOIA CONFIDENTIAL TREATMENT REQUESTED
BY KLA-TENCOR CORPORATION
PURSUANT TO 17 C.F.R. 200.83**

Office of Freedom of Information
and Privacy Act Operations
U.S. Securities and Exchange Commission
Operations Center
100 F Street, N.E.
Washington, DC  20549

Re:  In the Matter of KLA-Tencor Corp. (SF-3120)

Dear Sir or Madam:

On behalf of our client, KLA-Tencor Corporation, we made a presentation to the Staff of the San Francisco, California Offices of the U.S. Securities and Exchange Commission (the "Commission") which consisted of PowerPoint slides [copy of slides attached] and certain supporting materials (the "Materials") on June 8, 2007. The Materials, and the information contained therein, represent information that is privileged and confidential within the contemplation of the applicable provisions of the Freedom of Information Act ("FOIA"), and the rules of the Commission implementing that Act, 17 C.F.R. Sections 200.80 & .83, and is furnished solely for the use of the Commission. Accordingly, we request that the Materials and the information contained therein be afforded confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act.

We also request confidential treatment of the letters transmitting the Materials because they relate to information that is itself privileged and confidential.

**Morgan Lewis**
COUNSELORS AT LAW

June 29, 2007

FOIA CONFIDENTIAL TREATMENT REQUESTED
BY KLA-TENCOR CORPORATION
PURSUANT TO 17 C.F.R. 200.83
Page 2

Please acknowledge receipt of this letter by signing in the space provided on the enclosed duplicate copy of this letter and returning it to me in the enclosed self-addressed, postage pre-paid envelope.

Sincerely,

*[signature]*

Matthew Michael Haut

Enclosures
cc: Ms. Elena Ro
    John H. Hemann (w/o encl.)
    William H. Kimball (w/o encl.)

RECEIPT ACKNOWLEDGED:

_____
FOIA Officer





- Cooperation has been exemplary by all accounts and was designed to expedite SEC investigation
  - Immediately shared attorney-client privileged information pursuant to confidentiality agreement
  - Immediately shared results of Special Committee investigation with SEC staff
  - Immediately provided critical documents in manner designed to assist SEC staff
  - Promptly responded to every request for documents or information

Morgan Lewis

F.O.I.A. Confidential Treatment Requested



- Critical information voluntarily provided to SEC that would not otherwise have been uncovered and available
  - Privileged Special Committee documents
  - Privileged Company documents
  - Privileged witness interviews

Morgan Lewis

F.O.I.A. Confidential Treatment Requested

## Privileged Special Committee Documents

- Interview memoranda of over 60 witnesses
- Presentations to SEC and DOJ
- PowerPoint presentations
  - To Board of Directors
  - To Auditors

Morgan Lewis

F.O.I.A. Confidential Treatment Requested



- **Privileged Company Documents**
  - Stu Nichols memorandum and related e-mail
  - Lisa Berry memoranda and related e-mail
  - E-mail and other documents prepared by outside counsel

Morgan Lewis

F.O.I.A. Confidential Treatment Requested





Morgan Lewis

## Privileged and Confidential

**Date:** March 19, 2001
**To:** Ken Schroeder
**From:** Stu Nichols
**cc:** Maureen Lamb, John Kispert, Joy Nyberg
**Re:** Stock Option Pricing

Recently, several questions have been raised regarding the mechanics behind stock option pricing, both generally and specifically with respect to officer option grants. The purpose of this memo is to clarify and set forth the basis for the rules regarding stock option pricing of option grants to company officers.

F.O.I.A. Confidential Treatment Requested

Morgan Lewis

**Via Facsimile**

To: Larry W. Sonsini, Esq.
Wilson Sonsini Goodrich & Rosati

cc: Judith Mayer O'Brien

From: Lisa C. Berry
Vice President, General Counsel

Date: November 14, 1998

Re: November 17, 1998 Board Meeting

* * *

In order to avoid certain adverse accounting consequences, those employees repricing options had to turn in the requisite paperwork by a set date (August 31). We got approval from PricewaterhouseCoopers to have the Stock Option Committee meet at some time during the 30 days following August 31 and set the price for repricing at that time in order to maximize the value to employees. The repricing date ended up being August 31 but it was not determined until September 30 that the August 31 date was the correct date. The repricing date was also to be the date for the grant of "in-lieu" options.

F.O.I.A. Confidential Treatment Requested

**From:** Stern, Roger
**Sent:** Sunday, March 7, 2004 1:26 PM
**To:** DiMarco, Bret
**Subject:** Old KLA Option timing e-mail

---

REDACTED

Bret

[REDACTED] I thought it would be handy if it could track down that old e-mail/memo that you ghost-wrote for Stu on the option grant cherrypicking issues (when they were using the time machine to pick low strike prices).

Roger Stern
Employee Benefits & Compensation Group
Wilson, Sonsini, Goodrich & Rosati
Ph. 650-320-4818 (direct)
Fax 650-493-6811

Morgan Lewis

F.O.I.A. Confidential Treatment Requested



Morgan Lewis

- Company Document Productions Designed to Assist and Expedite SEC Investigation
  - Witness binders highlighting relevant documents
  - Productions made on timely basis as requested
- Witness Availability
  - All requested witnesses made available on timely basis, including current and former employees
- Privileged Witness Interviews

F.O.I.A. Confidential Treatment Requested