# Exhibit 11

1   SHIRLI F. WEISS, Bar No. 79225
    shirli.weiss@dlapiper.com
2   DAVID A. PRIEBE, Bar No. 148679
    david.priebe@dlapiper.com
3   JEFFREY B. COOPERSMITH
    (Admitted *pro hac vice*)
4   jeff.coopersmith@dlapiper.com
    DLA PIPER US LLP
5   400 Capitol Mall, Suite 2400
    Sacramento, CA  95814-4428
6   Tel:  916.930.3200
    Fax:  916.930.3201
7
    Attorneys for Defendant
8   Kenneth L. Schroeder

9                          UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                             SAN JOSE DIVISION

12

13   SECURITIES AND EXCHANGE          Case No. C-07-3798-JW
     COMMISSION,
14                                    **NOTICE OF SUBPOENA FOR RECORDS
                Plaintiff,            TO SKADDEN, ARPS, SLATE, MEAGHER
15                                    & FLOM LLP**
        v.
16
     KENNETH L. SCHROEDER,
17
                Defendant.
18

19

20

21

22

23

24

25

26

27                                      1

28
DLA PIPER US LLP

NOTICE OF SUBPOENA FOR RECORDS TO SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
CASE NO. C-07-3798-JW

1  **TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD:**

2  PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

3  Procedure, Defendant Kenneth L. Schroeder ("Defendant"), by his attorneys, demands that

4  Skadden, Arps, Slate, Meagher & Flom LLP respond to the demands for production of documents

5  and things identified in Attachment A to the attached subpoena by producing the requested

6  documents on or before November 27, 2007, at 9:00 a.m. at the offices of DLA Piper US LLP,

7  located at 2000 University Avenue, East Palo Alto, CA 94303-2214; Telephone: (650) 833-2000.

8

9  Dated:  November 12, 2007                    DLA PIPER US LLP

10

11  ,By _____
       SHIRLI F. WEISS
12       DAVID A. PRIEBE
         JEFFREY B. COOPERSMITH
13
         Attorneys for Defendant
14       Kenneth L. Schroeder

15  SD\1774345.1

16

17

18

19

20

21

22

23

24

25

26

27

28

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION       **SUBPOENA IN A CIVIL CASE**

     V.

KENNETH L. SCHROEDER       Case Number:[1] C-07-3798-JW

TO:   Custodian of Records: Skadden, Arps, Slate, Meagher & Flom, LLP, Four Embarcadero Center, Suite 3800, San Francisco, CA 94111; (415) 984-6400

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
   SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP, 2000 University Avenue, East Palo Alto, CA 94303-2214; (650) 833-2000 | November 27, 2007; 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*        Attorney for Kenneth Schroeder | November 12, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shirli F. Weiss, DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101; (619) 699-3650

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT A TO SUBPOENA TO SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP**

***SEC v. Schroeder***

**DEFINITIONS**

1.    "YOU" or "YOUR" or "SKADDEN" shall mean and refer to the law firm of Skadden, Arps, Slate, Meagher & Flom LLP.

2.    "SCHROEDER" shall mean and refer to Defendant Kenneth L. Schroeder.

3.    "KLA-TENCOR" or "THE COMPANY" shall mean and refer to KLA-Tencor Corporation and its predecessor corporations (including KLA Instruments and Tencor Instruments), including its agents, trustees, custodians, affiliates, attorneys, accountants, representatives, consultants, or other persons acting under its direction or control.

4.    "COMMUNICATION(S)" shall mean the exchange of information by any means, including without limitation telephone, telecopy, facsimile, electronic mail, text message, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation or other form of verbal expression.

5.    "CONCERN" or "CONCERNING" shall mean relating to, referring to, describing, discussing, memorializing, reflecting, containing, evidencing or constituting.

6.    "DOCUMENT(S)" shall mean and include all "writings" as "writings" is defined in the Federal Rules of Evidence, Rule 1001(1), as well as all writings of any nature whatsoever within YOUR possession, custody or control, including but not limited to, contracts, agreements, COMMUNICATIONS, correspondence, telegrams, electronic mail, memoranda, records, reports, books, summaries, power point presentations, records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, billing records, work papers, drafts, copies, graphs, accounts, analytical records, minutes and other records of meetings, conferences, consultant reports, appraisals, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes, personal notes, handwritten notes, marginal notations, bills, invoices, checks, photographs, brochures, lists, journals, advertising, computer tapes, disks, or other computer storage media,

-1-

1    electronic or magnetic storage media, and all other matter, printed, recorded or photographic

2    matter or sound reproductions, including video and audio tapes, however produced or reproduced.

3        7.    "DOJ" shall mean and refer to the United States Department of Justice, including

4    its FBI agents or other custodians, attorneys, expert consultants, paralegals, representatives, or

5    other persons acting under the United States Department of Justice's direction or control.

6        8.    "LECG" shall mean and refer to LECG, LLC, including its employers, agents,

7    custodians, representatives, or other persons acting under LECG's direction or control.

8        9.    "MORGAN LEWIS" shall mean and refer to the law firm of Morgan Lewis &

9    Bockius, LLP.

10        10.    "NASDAQ" shall mean and refer to the NASDAQ stock exchange, including its

11    agents, custodians, attorneys, expert consultants, representatives, or other persons acting under

12    the NASDAQ's direction or control.

13        11.    "PWC" shall mean and refer to PricewaterhouseCoopers International Limited,

14    including its member firms, predecessor firms, and their agents, custodians, attorneys, expert

15    consultants, representatives, or other persons acting under their direction or control.

16        12.    "RESTATEMENT" shall mean and refer to the Restatement announced in THE

17    COMPANY's Form 10-K filed with the Securities & Exchange Commission on January 29,

18    2007.

19        13.    "SEC" shall mean and refer to the United States Securities and Exchange

20    Commission, including its agents, custodians, attorneys, paralegals, expert consultants,

21    representatives, or other persons acting under the United States Securities and Exchange

22    Commission's direction or control.

23        14.    "SLC INVESTIGATION" shall mean and refer to the investigation conducted by

24    the SPECIAL LITIGATION COMMITTEE, its legal counsel and other advisors concerning

25    possible claims relating to KLA-TENCOR's historical stock option practices.

26        15.    "SPECIAL COMMITTEE" shall mean and refer to the Special Committee of

27    KLA-TENCOR's Board of Directors appointed on or about May 23, 2006 to investigate THE

28    COMPANY's historical stock option granting practices.

DLA PIPER US LLP

ATTACHMENT A TO SUBPOENA TO SKADDEN ARPS, SLATE, MEAGHER & FLOM LLP    C07-3798-JW

1    16.    "SPECIAL LITIGATION COMMITTEE" shall mean and refer to the Special

2  Litigation Committee appointed by KLA-TENCOR's Board of Directors to conduct an

3  investigation of the possible claims of KLA-TENCOR relating to its historical stock option

4  practices.

5    17.    "SPECIAL COMMITTEE INVESTIGATION" shall mean and refer to the internal

6  investigation (including any follow-up activities) conducted by the SPECIAL COMMITTEE and

7  its legal counsel, accounting experts, consultants, and other advisors, which investigation was

8  initiated by KLA-TENCOR's Board of Directors on or about May 23, 2006 to examine the

9  historical stock option practices of THE COMPANY.

10

11    **INSTRUCTIONS**

12    1.    If any DOCUMENTS described in these Demands are not produced as demanded,

13  then with respect to each such DOCUMENT please state:

14        (a)    The name, present or last known address, telephone number, present or last

15  known business affiliation and location, job title and job responsibilities of the DOCUMENT's

16  author, drafter or originator, each PERSON who edited, corrected, revised, amended or reviewed

17  the DOCUMENT, each PERSON who entered any initials, comments or notations into the

18  DOCUMENT, and each recipient of the DOCUMENT or a copy thereof;

19        (b)    The DOCUMENT date;

20        (c)    A description of the DOCUMENT's subject matter or general nature (i.e.,

21  opinion of counsel, report, letter);

22        (d)    The basis for not producing the DOCUMENT or a copy thereof; and

23        (e)    The present location of the DOCUMENT and every copy thereof, and the

24  name of the PERSON in each location having custody or control of the DOCUMENT or a copy.

25    2.    This Demand for production requires that the DOCUMENTS be produced in the

26  same form and in the same order in which they existed prior to production.

27    3.    This Demand for production is a continuing demand for all DOCUMENTS which

28  are described herein which may hereafter come into YOUR possession, custody, or control.

-3-

4.    In the event that any DOCUMENTS referred to in YOUR response are not in YOUR possession, custody, or control, please specify what disposition was made of them and by whom the DOCUMENTS are now possessed, held in custody, or controlled.

5.    Wherever it is necessary to bring within the scope of these Demands DOCUMENTS that might otherwise be construed to be outside its scope:

(a)    The words "and" and "or" shall be construed both disjunctively and conjunctively;

(b)    The words "any" and "all" shall be construed to mean "any and all;"

(c)    The singular shall include the plural, and vice versa; and

(d)    The words "include(s)" and "including" shall be construed to mean "including without limitation."

6.    These Demands require that YOU make available for inspection and copying each responsive DOCUMENT or tangible thing that is within YOUR actual or constructive possession, custody, care or control, including DOCUMENTS that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other PERSONS acting or purporting to act on YOUR behalf.

7.    Each category of DOCUMENTS in these Demands seeks production of each responsive DOCUMENT in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

8.    If a portion of an otherwise responsive DOCUMENT contains information subject to a claim of privilege, only those portions of the DOCUMENT subject to the claim of privilege shall be deleted or redacted from the DOCUMENT, and the rest of the DOCUMENT shall be produced.

9.    Any DOCUMENT responsive to any category of these Demands that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

(a)    The manner of disposal, including destruction, loss, discarding, or any other means of disposal;

-4-

1          (b)    The date of disposal;

2          (c)    The reason for disposal;

3          (d)    The PERSON authorizing disposal;

4          (e)    The PERSON disposing of the DOCUMENT; and

5          (f)    The name and address of the most recent custodian of the DOCUMENT.

6      10.    Time Period of Demand: Unless otherwise specified, the time period covered by

7  these Demands is May 1, 2006 through the present.

8                **DEMAND FOR PRODUCTION OF DOCUMENTS AND THINGS**

9  **PRODUCTION DEMAND NO. 1**

10      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

11  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

12  presented to or received from the SEC.

13  **PRODUCTION DEMAND NO. 2**

14      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

15  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

16  presented to or received from the DOJ.

17  **PRODUCTION DEMAND NO. 3**

18      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

19  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

20  presented to or received from the NASDAQ.

21  **PRODUCTION DEMAND NO. 4**

22      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

23  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

24  presented to or received from PWC.

25  **PRODUCTION DEMAND NO. 5**

26      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

27  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

28

1    presented to or received from LECG.

2    **PRODUCTION DEMAND NO. 6**

3          All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

4    and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

5    presented to or received from MORGAN LEWIS.

6    **PRODUCTION DEMAND NO. 7**

7          All DOCUMENTS CONCERNING notes and/or memoranda of witness interviews

8    WHICH YOU conducted on behalf of the SPECIAL COMMITTEE, including but not limited to:

9    (1) YOUR handwritten notes; (2) all drafts of interview memoranda, whether dictated,

10   handwritten, typed or otherwise memorialized; (3) the metadata of any electronically created and

11   edited electronic DOCUMENTS showing when they were edited; (4) all exhibits or other

12   DOCUMENTS referenced in any such memoranda or notes; and (5) all DOCUMENTS showing

13   edits of such memoranda or notes.

14   **PRODUCTION DEMAND NO. 8**

15         YOUR calendars and billing time records which reference or describe the dates, length

16   and content of: (1) witness interviews YOU attended conducted by the SPECIAL COMMITTEE

17   or SKADDEN; (2) meetings or telephone calls YOU attended with any agency of the government

18   CONCERNING the SPECIAL COMMITTEE INVESTIGATION; (3) meetings or telephone

19   calls YOU attended with PWC CONCERNING the SPECIAL COMMITTEE INVESTIGATION

20   and/or RESTATEMENT; (4) meetings or telephone calls YOU attended with LECG

21   CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT; (5)

22   meetings YOU attended with the NASDAQ CONCERNING the SPECIAL COMMITTEE

23   INVESTIGATION and/or RESTATEMENT; (6) time YOU spent on the SPECIAL

24   COMMITTEE INVESTIGATION and/or RESTATEMENT other than that specified in (1)

25   through (5) above.

26   **PRODUCTION DEMAND NO. 9**

27         All DOCUMENTS summarizing any interactions which YOU attended with

28

-6-

1   representatives of the SEC, DOJ and/or NASDAQ concerning the SPECIAL COMMITTEE

2   INVESTIGATION and/or RESTATEMENT including notes or memoranda of any such

3   interaction and any presentations that YOU made therein.

4   **PRODUCTION DEMAND NO. 10**

5       All DOCUMENTS CONCERNING statements which YOU transmitted, read from (in

6   whole or in part), summarized or presented to, or received from, any member of the press or news

7   media or made to attendees at any seminars, CONCERNING the SPECIAL COMMITTEE

8   INVESTIGATION and/or SCHROEDER.

9   **PRODUCTION DEMAND NO. 11**

10      All DOCUMENTS CONCERNING the COMPANY'S SEC filings that refer to or discuss

11  the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts

12  which YOU prepared, edited or commented upon.

13  **PRODUCTION DEMAND NO. 12**

14      All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted

15  to, read from (in whole or in part), summarized, presented to or received from any governmental

16  agency.

17  **PRODUCTION DEMAND NO. 13**

18      All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted

19  to, read from (in whole or in part), summarized, presented to or received from, PWC.

20  **PRODUCTION DEMAND NO. 14**

21      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

22  which YOU created or edited, which related to the findings of the SPECIAL COMMITTEE.

23  **PRODUCTION DEMAND NO. 15**

24      All DOCUMENTS CONCERNING meetings and/or telephone calls which YOU had with

25  representatives of the press or other news media CONCERNING SCHROEDER, the SPECIAL

26  COMMITTEE INVESTIGATION and/or the SLC INVESTIGATION, including billing records

27  and calendar entries showing any such meetings or telephone calls.

28

DLA PIPER US LLP    ATTACHMENT A TO SUBPOENA TO SKADDEN ARPS, SLATE, MEAGHER & FLOM LLP    C07-3798-JW

1  **PRODUCTION DEMAND NO. 16**

2          All DOCUMENTS CONCERNING any investigation CONCERNING SCHROEDER or

3  KLA-TENCOR's historical stock option practices (other than the SPECIAL COMMITTEE

4  INVESTIGATION, RESTATEMENT, and SLC INVESTIGATION) which YOU gave, read

5  from (in whole or in part), summarized, presented to or received from any of the following

6  entities: SEC, DOJ, NASDAQ or news media.

7  **PRODUCTION DEMAND NO. 17**

8          All DOCUMENTS that relate to any ownership interest in KLA-TENCOR securities held

9  during the time period May 1, 2006 to the present by any SKADDEN attorney(s) who worked on

10 the SPECIAL COMMITTEE INVESTIGATION.

11 Dated: November 12, 2007.                    DLA PIPER US LLP

12

13                                             By _____

14                                                SHIRLI F. WEISS
                                                  DAVID A. PRIEBE
15                                                JEFFREY B. COOPERSMITH
                                                  Attorneys for Defendant
                                                  Kenneth L. Schroeder
16 SD\1773757.1

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
ATTACHMENT A TO SUBPOENA TO SKADDEN ARPS, SLATE, MEAGHER & FLOM LLP    C07-3798-JW

**PROOF OF SERVICE**

  I am employed in the City and County of San Diego, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297.

  On November 12, 2007, I served the following document(s):

**NOTICE OF SUBPOENA FOR RECORDS TO SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

  On the interested parties in the subject action by placing a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

Marc J. Fagel
Susan F. La Marca
Mark P. Fickes
Elena Ro
Securities and Exchange Commission
44 Montgomery Street, Suite 2600
San Francisco, CA 94101
fagelm@sec.gov
lamarcas@sec.gov
fickesm@sec.gov
pendreyj@sec.gov
roe@sec.gov

James E. Lyons
Skadden Arps Slate Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
jlyons@skadden.com


Elliot R. Peters
Stuart L. Gasner
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
epeters@kvn.com
sgasner@kvn.com

  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

  Executed on November 12, 2007, at San Diego, California.

Emiko S. Gonzales