# Exhibit 12

1  JAMES E. LYONS (Cal. Bar No. 112582)
   RAYMOND H. CHO (Cal Bar No. 240556)
2  Skadden, Arps, Slate, Meagher & Flom LLP
   Four Embarcadero Center, Suite 3800
3  San Francisco, California 94111-4144
   (415) 984-6400
4  (415) 984-2698 (fax)
   jlyons@skadden.com
5  rcho@skadden.com

6  MATTHEW E. SLOAN (Cal. Bar No. 165165)
   Skadden, Arps, Slate, Meagher & Flom LLP
7  300 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-3144
8  (213) 687-5000
   (213) 687-5600 (fax)
9  masloan@skadden.com

10 Attorneys for Non-Party
   Skadden, Arps, Slate, Meagher & Flom LLP

11

12                UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14
   SECURITIES AND EXCHANGE          )  CASE NO. C 07-3798 (JW)
15 COMMISSION,                      )
                                    )  NON-PARTY SKADDEN, ARPS, SLATE,
16              Plaintiff,          )  MEAGHER & FLOM LLP'S RESPONSES
           vs.                      )  AND OBJECTIONS TO DEFENDANT
17                                  )  KENNETH L. SCHROEDER'S
   KENNETH L. SCHROEDER,            )  SUBPOENA FOR RECORDS
18                                  )
                                    )
19              Defendant.          )
                                    )
20 ─────────────────────────────────

21         Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Skadden, Arps,

22 Slate, Meagher & Flom LLP ("Skadden"), by and through undersigned counsel, hereby objects and

23 responds to the Subpoena Duces Tecum (the "Subpoena") served by defendant Kenneth L.

24 Schroeder ("Schroeder") in the above-captioned litigation ("Litigation") as follows:

25

26

27

28

─────────────────────────────────────────────────
        NON-PARTY SKADDEN'S RESPONSES AND OBJECTIONS TO
     DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS

1    **GENERAL OBJECTIONS**

2          1.      Skadden incorporates by reference each and every General Objection set
3    forth below into each and every specific response.

4          2.      Skadden objects to the Subpoena to the extent that it seeks the production of
5    documents that are within Schroeder's possession, custody or control, or that are equally as
6    accessible to Schroeder as to Skadden, including documents produced to Schroeder by the
7    Securities and Exchange Commission ("SEC"), as outlined in its Initial Disclosures pursuant to
8    F.R.C.P. 26(a)(1).

9          3.      Skadden objects to the Subpoena to the extent that it is vague, overbroad,
10   unduly burdensome and/or calls for the production of documents not relevant to the issues raised
11   nor reasonably calculated to lead to the discovery of admissible evidence.  Skadden does not
12   concede the relevance of any document produced in response to the Subpoena.

13         4.      Skadden objects to the Subpoena to the extent it would require Skadden to
14   conduct an unreasonably broad and burdensome search for documents that would only have
15   marginal relevance.

16         5.      Skadden objects to the Subpoena insofar as it requests documents that are
17   protected from discovery by the attorney-client privilege, the work-product doctrine, or any other
18   applicable privilege or immunity.  By producing documents in response to the Subpoena, Skadden
19   does not waive, intentionally or otherwise, any privilege, doctrine or immunity protecting its
20   communications, transactions or records from disclosure.  Any production of documents
21   inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such
22   privilege or protection.

23         6.      Skadden objects to the Subpoena to the extent it seeks confidential,
24   proprietary or competitively sensitive information, or information concerning past or present
25   employees of Skadden or KLA-Tencor Corporation ("KLA") which is protected by the right of
26   privacy under Article I, Section 1 of the California Constitution or other applicable law.  Absent

27

28

1   the entry of a suitable protective order in this case to safeguard the confidentiality of the documents
2   sought, no such documents will be produced.

3          7.      Skadden objects to the Subpoena to the extent it purports to require Skadden
4   to comply with requirements beyond those imposed by the Federal Rules of Civil Procedure and
5   the Local Rules of the United States District Court for the Northern District of California, or which
6   exceed the permissible scope of discovery under said rules.

7          8.      Skadden objects to the term "DOCUMENT(S)" as defined in the Subpoena
8   as overly broad and unduly burdensome to the extent that this definition is broader than and
9   deviates from the commonly understood definition of that term.

10         9.      Skadden objects to the Subpoena on the ground that it makes no provision
11  for reimbursement of the substantial expenses that Skadden may incur in complying with the
12  Subpoena.  Skadden's response to the Subpoena is subject to its claim for reimbursement of the
13  reasonable costs and expenses incurred in connection with the Subpoena as provided in Federal
14  Rule of Civil Procedure 45(c)(1).

15         10.     Skadden objects to the Subpoena to the extent it seeks documents or
16  information primarily to harass or annoy KLA, for use in other litigation, or to release to third
17  parties.

18         11.     Without waiving any of the foregoing General Objections, Skadden responds
19  to the Subpoena, subject to the following additional express reservations of rights:

20              a.      Skadden expressly reserves the right to object, on the grounds of
21  competency, privilege, relevance, burden or materiality, or any other proper ground, to the use of
22  these responses or documents produced in response to the Subpoena for any purpose, in whole or
23  in part, in any subsequent stage or proceeding in the Litigation;

24              b.      Skadden does not concede the relevancy of any document or
25  information being produced in response to the Requests and expressly reserves the right to object
26  to the introduction into evidence or any other use of such documents or information on relevance or
27  any other grounds; and

28

---

**NON-PARTY SKADDEN'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS**

-3-

1         c.     Skadden expressly reserves the right to revise, amend, correct, add to

2 or clarify any of the responses or objections propounded herein.

3         **SPECIFIC RESPONSES AND OBJECTIONS**

4         Without waiving or departing from its General Objections, and specifically

5 incorporating the General Objections into each of the specific responses below, Skadden makes the

6 following additional objections and responses to specific document requests in the Subpoena.

7 **REQUEST FOR PRODUCTION NO. 1:**

8         All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

9 INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

10 part), summarized, presented to or received from the SEC.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

12         Skadden incorporates by reference its General Objections as though fully set forth

13 herein. Skadden additionally objects to this Request to the extent that it seeks the production of

14 documents that are within Schroeder's possession, custody or control, or that are equally as

15 accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

16 seeks the discovery of information that is neither relevant to the subject matter of this action nor

17 reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

18 objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

19 objects to this Request to the extent that it seeks the production of documents that are subject to

20 any applicable privilege, doctrine or immunity, including without limitation the attorney-client

21 privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

22 to this Request to the extent that it is vague and ambiguous with respect to the terms

23 "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

24 Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

25 requires Skadden to speculate as to the nature and scope of the documents sought. Requiring

26 Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

27 reasonably calculated to lead to the discovery of admissible evidence.

28

1    Based on Skadden's review of the SEC's Initial Disclosures, the SEC has already

2  produced substantially all of the documents responsive to this Request to Schroeder, pursuant to

3  F.R.C.P. 26(a)(1).  Because these documents are already in Schroeder's possession, custody or

4  control, it would be unduly burdensome and an improper use of the discovery process to compel

5  Skadden to produce such documents in this case.  Accordingly, Skadden will not produce any

6  documents responsive to this Request which the SEC has already produced to Schroeder as such

7  documents are already in Schroeder's possession, custody or control, and therefore are equally

8  accessible to Schroeder as to Skadden.   Skadden also refuses to produce many of these responsive

9  documents on the additional grounds that they are protected by the attorney client privilege, the

10  work product doctrine, and/or other applicable privileges.

11    To the extent that Skadden has any responsive documents that were not included in

12  the SEC's Initial Disclosures to Schroeder, and are not protected by the attorney-client privilege,

13  the work product doctrine or some other applicable privilege, Skadden will produce such

14  documents to Schroeder to the extent that they do not contain any trade secrets or confidential or

15  competitively sensitive business information.  To the extent that such responsive, non-privileged

16  documents do contain any trade secrets or confidential or competitively sensitive business

17  information, Skadden will produce them to Schroeder subject to the entry by the court of a

18  confidentiality order prohibiting the parties from disclosing such documents or information to third

19  parties or using them for purposes unrelated to this Litigation.   However, Skadden currently

20  believes that all non-privileged responsive documents that were produced to the SEC have already

21  been produced to Schroeder pursuant to the SEC's Initial Disclosures.

22  **REQUEST FOR PRODUCTION NO. 2:**

23    All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

24  INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

25  part), summarized, presented to or received from the DOJ.

26

27

28

---

NON-PARTY SKADDEN'S RESPONSES AND OBJECTIONS TO
DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS

1 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**</u>

2          Skadden incorporates by reference its General Objections as though fully set forth

3 herein. Skadden additionally objects to this Request to the extent that it seeks the production of

4 documents that are within Schroeder's possession, custody or control, or that are equally as

5 accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

6 seeks the discovery of information that is neither relevant to the subject matter of this action nor

7 reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

8 objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

9 objects to this Request to the extent that it seeks the production of documents that are subject to

10 any applicable privilege, doctrine or immunity, including without limitation the attorney-client

11 privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

12 to this Request to the extent that it is vague and ambiguous with respect to the terms

13 "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

14 Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

15 requires Skadden to speculate as to the nature and scope of the documents sought. Requiring

16 Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

17 reasonably calculated to lead to the discovery of admissible evidence.

18          Based on Skadden's review of the SEC's Initial Disclosures, the SEC has already

19 produced substantially all of the documents responsive to this Request to Schroeder, pursuant to

20 F.R.C.P. 26(a)(1). Because these documents are already in Schroeder's possession, custody or

21 control, it would be unduly burdensome and an improper use of the discovery process to compel

22 Skadden to produce such documents in this case. Accordingly, Skadden will not produce any

23 documents responsive to this Request which the SEC has already produced to Schroeder as such

24 documents are already in Schroeder's possession, custody or control, and are therefore equally

25 accessible to Schroeder as to Skadden. Skadden also refuses to produce many of these responsive

26 documents on the additional grounds that they are protected by the attorney client privilege, the

27 work product doctrine, and/or other applicable privileges.

28

---

1    To the extent that Skadden has any responsive documents that were not included in
2  the SEC's Initial Disclosures to Schroeder, and are not protected by the attorney-client privilege,
3  the work product doctrine or some other applicable privilege, Skadden will produce such
4  documents to Schroeder to the extent that they do not contain any trade secrets or confidential or
5  competitively sensitive business information.  To the extent that such responsive, non-privileged
6  documents do contain any trade secrets or confidential or competitively sensitive business
7  information, Skadden will produce them to Schroeder subject to the entry by the court of a
8  confidentiality order prohibiting the parties from disclosing such documents or information to third
9  parties or using them for purposes unrelated to this Litigation.  However, Skadden currently
10 believes that all non-privileged responsive documents that were produced to the DOJ have already
11 been produced to Schroeder pursuant to the SEC's Initial Disclosures.

12 **REQUEST FOR PRODUCTION NO. 3:**

13    All DOCUMENTS CONCERNING the SPECIAL COMMITTEE
14 INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in
15 part), summarized, presented to or received from the NASDAQ.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17    Skadden incorporates by reference its General Objections as though fully set forth
18 herein.  Skadden further objects to this Request to the extent that it seeks the discovery of
19 information that is neither relevant to the subject matter of this action nor reasonably calculated to
20 lead to the discovery of admissible evidence.  Skadden additionally objects to this Request to the
21 extent that it is overbroad and unduly burdensome.  Skadden additionally objects to this Request to
22 the extent that it is vague and ambiguous with respect to the terms "CONCERNING", transmitted",
23 "read from", "summarized", "presented" and "received."  Skadden objects that the use of these
24 vague and ambiguous terms in conjunction with this Request requires Skadden to speculate as to
25 the nature and scope of the documents sought.  Requiring Skadden to so speculate renders the
26 Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the
27 discovery of admissible evidence.

28

1    Subject to and without waiving any of the above objections, Skadden will produce

2 documents responsive to this Request, to the extent that such documents are not subject to any

3 applicable privilege, doctrine or immunity.

4 **REQUEST FOR PRODUCTION NO. 4:**

5    All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

6 INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

7 part), summarized, presented to or received from the PWC.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

9    Skadden incorporates by reference its General Objections as though fully set forth

10 herein.  Skadden additionally objects to this Request to the extent that it seeks the production of

11 documents that are within Schroeder's possession, custody or control, or that are equally as

12 accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that it

13 seeks the discovery of information that is neither relevant to the subject matter of this action nor

14 reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

15 objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

16 objects to this Request to the extent that it seeks the production of documents that are subject to

17 any applicable privilege, doctrine or immunity, including without limitation the attorney-client

18 privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

19 to this Request to the extent that it is vague and ambiguous with respect to the terms

20 "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

21 Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

22 requires Skadden to speculate as to the nature and scope of the documents sought.  Requiring

23 Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

24 reasonably calculated to lead to the discovery of admissible evidence.

25    Skadden will not produce documents responsive to this Request because any such

26 documents are protected by the work product doctrine and/or the attorney-client privilege.

27

28

1 **REQUEST FOR PRODUCTION NO. 5:**

2        All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

3 INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

4 part), summarized, presented to or received from LECG.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

6        Skadden incorporates by reference its General Objections as though fully set forth

7 herein.  Skadden additionally objects to this Request to the extent that it seeks the production of

8 documents that are within Schroeder's possession, custody or control, or that are equally as

9 accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that it

10 seeks the discovery of information that is neither relevant to the subject matter of this action nor

11 reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

12 objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

13 objects to this Request to the extent that it seeks the production of documents that are subject to

14 any applicable privilege, doctrine or immunity, including without limitation the attorney-client

15 privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

16 to this Request to the extent that it is vague and ambiguous with respect to the terms

17 "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

18 Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

19 requires Skadden to speculate as to the nature and scope of the documents sought.  Requiring

20 Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

21 reasonably calculated to lead to the discovery of admissible evidence.

22        Skadden will not produce documents responsive to this Request because any such

23 documents are protected by the work product doctrine and/or the attorney-client privilege.

24 **REQUEST FOR PRODUCTION NO. 6:**

25        All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

26 INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

27 part), summarized, presented to or received from MORGAN LEWIS.

28

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2 |       Skadden incorporates by reference its General Objections as though fully set forth

3 | herein. Skadden additionally objects to this Request to the extent that it seeks the production of

4 | documents that are within Schroeder's possession, custody or control, or that are equally as

5 | accessible to Schroeder as to Skadden. Skadden additionally objects to this Request to the extent

6 | that it seeks the production of documents that are within Schroeder's possession, custody or control,

7 | or that are equally as accessible to Schroeder as to Skadden. Skadden further objects to this

8 | Request to the extent that it seeks the discovery of information that is neither relevant to the subject

9 | matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10 | Skadden additionally objects to this Request to the extent that it is overbroad and unduly

11 | burdensome. Skadden further objects to this Request to the extent that it seeks the production of

12 | documents that are subject to any applicable privilege, doctrine or immunity, including without

13 | limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy.

14 | Skadden additionally objects to this Request to the extent that it is vague and ambiguous with

15 | respect to the terms "CONCERNING," "transmitted", "read from", "summarized", "presented" and

16 | "received." Skadden objects that the use of these vague and ambiguous terms in conjunction with

17 | this Request requires Skadden to speculate as to the nature and scope of the documents sought.

18 | Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive

19 | and not reasonably calculated to lead to the discovery of admissible evidence.

20 |       Skadden will not produce documents responsive to this Request because any such

21 | documents are protected by the attorney-client privilege and/or the work product doctrine.

22 | **REQUEST FOR PRODUCTION NO. 7:**

23 |       All DOCUMENTS CONCERNING notes and/or memoranda of witness interviews

24 | WHICH YOU conducted on behalf of the SPECIAL COMMITTEE, including but not limited to:

25 | (1) YOUR handwritten notes; (2) all drafts of interview memoranda, whether dictated, handwritten,

26 | typed or otherwise memorialized; (3) the metadata of any electronically created and edited

27 | electronic DOCUMENTS showing when they were edited; (4) all exhibits or other DOCUMENTS

28 |

1  referenced in any such memoranda or notes; and (5) all DOCUMENTS showing edits of such

2  memoranda or notes.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

4            Skadden incorporates by reference its General Objections as though fully set forth

5  herein. Skadden additionally objects to this Request to the extent that it seeks the production of

6  documents that are within Schroeder's possession, custody or control, or that are equally as

7  accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

8  seeks the discovery of information that is neither relevant to the subject matter of this action nor

9  reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

10  objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

11  objects to this Request to the extent that it seeks the production of documents that are subject to

12  any applicable privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

14  to this Request to the extent that it is vague and ambiguous with respect to the terms

15  "CONCERNING," "notes", "memoranda", "conducted", "on behalf of", "drafts", "memorialized",

16  "metadata", "electronic", "edited", "referenced" and "showing." Skadden objects that the use of

17  these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate

18  as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the

19  Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the

20  discovery of admissible evidence.

21            Based on Skadden's review of the SEC's initial disclosures to Schroeder, pursuant to

22  F.R.C.P. 26(a)(1), the SEC has already produced the final version of all witness interview

23  memoranda prepared by Skadden (the "Interview Memoranda") as well as all the document or

24  exhibits referenced therein. Because such documents are already in Schroeder's possession,

25  custody or control, it would be unduly burdensome and an improper use of the discovery process to

26  compel Skadden to produce such documents in this case. Accordingly, Skadden will not produce

27  any of the Interview Memoranda or the documents or exhibits referenced therein to Schroeder as

28

1  the SEC has already produced such documents to Schroeder and they are, accordingly, equally

2  accessible to Schroeder as to Skadden.  Skadden also refuses to produce any of the Interview

3  Memoranda, or any of the privileged documents or exhibits attached thereto, on the additional

4  grounds that such documents are protected from discovery by the attorney client privilege, the

5  work product doctrine, or other applicable privileges.

6          Skadden will produce the electronic document metadata concerning the Interview

7  Memoranda, which reflect information such as "date last modified," "date created," and "date

8  printed," but do not disclose information protected by the work product doctrine, or any other

9  applicable privileges, doctrines or immunities, such as the substance of any revisions or

10  amendments made to the Interview Memoranda.

11          Skadden will refuse to produce all other documents responsive to this Request on

12  the grounds that they are protected by the attorney client privilege, the work product doctrine or

13  other applicable privileges or immunities.

14  **REQUEST FOR PRODUCTION NO. 8:**

15          YOUR calendars and billing time records which reference or describe the dates,

16  length and content of: (1) witness interviews YOU attended conducted by the SPECIAL

17  COMMITTEE or SKADDEN; (2) meetings or telephone calls YOU attended with any agency of

18  the government CONCERNING the SPECIAL COMMITTEE INVESTIGATION; (3) meetings or

19  telephone calls YOU attended with PWC CONCERNING the SPECIAL COMMITTEE

20  INVESTIGATION and/or RESTATEMENT; (4) meetings or telephone calls YOU attended with

21  LECG CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or

22  RESTATEMENT; (5) meetings YOU attended with the NASDAQ CONCERNING the SPECIAL

23  COMMITTEE INVESTIGATION and/or RESTATEMENT; (6) time YOU spent on the SPECIAL

24  COMMITTEE INVESTIGATION and/or RESTATEMENT other than that specified in (1) through

25  (5) above.

26

27

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2          Skadden incorporates by reference its General Objections as though fully set forth

3   herein.  Skadden further objects to this Request to the extent that it seeks the discovery of

4   information that is neither relevant to the subject matter of this action nor reasonably calculated to

5   lead to the discovery of admissible evidence.  Skadden additionally objects to this Request to the

6   extent that it is overbroad and unduly burdensome.  Skadden further objects to this Request to the

7   extent that it seeks the production of documents that are subject to any applicable privilege,

8   doctrine or immunity, including without limitation the attorney-client privilege, the attorney work

9   product doctrine or the right of privacy.  Skadden additionally objects to this Request to the extent

10  that it is vague and ambiguous with respect to the terms "CONCERNING," "calendars", "time

11  records", "reference", "describe", "attended", "conducted" and "meetings."  Skadden objects that

12  the use of these vague and ambiguous terms in conjunction with this Request requires Skadden to

13  speculate as to the nature and scope of the documents sought.  Requiring Skadden to so speculate

14  renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to

15  lead to the discovery of admissible evidence.

16         Subject to and without waiving any of the above objections, Skadden will produce

17  certain documents responsive to this Request, including final versions of billing records and certain

18  calendar items, which have been redacted to remove information protected by the attorney-client

19  privilege, the work product doctrine, the right of privacy and confidential information that is not

20  responsive to this Request.

21  **REQUEST FOR PRODUCTION NO. 9:**

22         All DOCUMENTS summarizing any interactions which YOU attended with

23  representatives of the SEC, DOJ and/or NASDAQ concerning the SPECIAL COMMITTEE

24  INVESTIGATION and/or RESTATEMENT including notes or memoranda of any such interaction

25  and any presentations that YOU made therein.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Skadden incorporates by reference its General Objections as though fully set forth herein. Skadden further objects to this Request to the extent that it seeks the discovery of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further objects to this Request to the extent that it seeks the production of documents that are subject to any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects to this Request to the extent that it is vague and ambiguous with respect to the terms "CONCERNING," "summarizing", "interactions", "attended", "representatives", "notes", "memoranda" and "presentations." Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the above objections, Skadden will produce any documents responsive to this Request, to the extent they exist, which are not protected by the work product doctrine, the attorney client privilege, or any other applicable privilege or immunity. However, Skadden believes that substantially all, if not all, responsive documents, if any, will be protected by the work product doctrine, the attorney client privilege, or other applicable privileges, and will not produce any such documents.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS CONCERNING statements which YOU transmitted, read from (in whole or in part), summarized or presented to, or received from, any member of the press or news media or made to attendees at any seminars, CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or SCHROEDER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

1    Skadden incorporates by reference its General Objections as though fully set forth

2  herein. Skadden further objects to this Request to the extent that it seeks the discovery of

3  information that is neither relevant to the subject matter of this action nor reasonably calculated to

4  lead to the discovery of admissible evidence. Skadden additionally objects to this Request to the

5  extent that it is overbroad and unduly burdensome. Skadden further objects to this Request to the

6  extent that it seeks the production of documents that are subject to any applicable privilege,

7  doctrine or immunity, including without limitation the attorney-client privilege, the attorney work

8  product doctrine or the right of privacy. Skadden additionally objects to this Request to the extent

9  that it is vague and ambiguous with respect to the terms "CONCERNING," "statements",

10  "transmitted", "read from", "summarized", "presented", "received", "member", "press", "news

11  media", "attendees" and "seminars." Skadden objects that the use of these vague and ambiguous

12  terms in conjunction with this Request requires Skadden to speculate as to the nature and scope of

13  the documents sought. Requiring Skadden to so speculate renders the Request overbroad, unduly

14  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16    Subject to and without waiving any of the above objections, Skadden will produce

17  documents responsive to this Request, if any, to the extent that such documents are not subject to

18  any applicable privilege, doctrine or immunity. However, Skadden does not believe it has any such

19  documents.

20  **REQUEST FOR PRODUCTION NO. 11:**

21    All DOCUMENTS CONCERNING the COMPANY'S SEC filings that refer to or

22  discuss the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including

23  drafts which YOU prepared, edited or commented upon.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

25    Skadden incorporates by reference its General Objections as though fully set forth

26  herein. Skadden additionally objects to this Request to the extent that it seeks the production of

27  documents that are within Schroeder's possession, custody or control, or that are equally as

28

---

accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

seeks the discovery of information that is neither relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

objects to this Request to the extent that it seeks the production of documents that are subject to

any applicable privilege, doctrine or immunity, including without limitation the attorney-client

privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

to this Request to the extent that it is vague and ambiguous with respect to the terms

"CONCERNING," "filings", "refer", "discuss", "drafts", "prepared", "edited" and "commented."

Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

requires Skadden to speculate as to the nature and scope of the documents sought. Requiring

Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the above objections, Skadden will produce

any documents responsive to this Request which are not protected by the work product doctrine,

the attorney-client privilege, or any other applicable privilege or immunity. However, Skadden

does not believe it has any such non-privileged documents.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU

transmitted to, read from (in whole or in part), summarized, presented to or received from any

government agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Skadden incorporates by reference its General Objections as though fully set forth

herein. Skadden additionally objects to this Request to the extent that it seeks the production of

documents that are within Schroeder's possession, custody or control, or that are equally as

accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

seeks the discovery of information that is neither relevant to the subject matter of this action nor

1  reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

2  objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

3  objects to this Request to the extent that it seeks the production of documents that are subject to

4  any applicable privilege, doctrine or immunity, including without limitation the attorney-client

5  privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

6  to this Request to the extent that it is vague and ambiguous with respect to the terms

7  "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

8  Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

9  requires Skadden to speculate as to the nature and scope of the documents sought.  Requiring

10  Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

11  reasonably calculated to lead to the discovery of admissible evidence.

12          Subject to and without waiving any of the above objections, Skadden will produce

13  documents responsive to this Request, if any, to the extent that such documents are not subject to

14  any applicable privilege, doctrine or immunity.

15  **REQUEST FOR PRODUCTION NO. 13:**

16          All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU

17  transmitted to, read from (in whole or in part), summarized, presented to or received from, PWC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

19          Skadden incorporates by reference its General Objections as though fully set forth

20  herein.  Skadden further objects to this Request to the extent that it seeks the discovery of

21  information that is neither relevant to the subject matter of this action nor reasonably calculated to

22  lead to the discovery of admissible evidence.  Skadden additionally objects to this Request to the

23  extent that it is overbroad and unduly burdensome.  Skadden further objects to this Request to the

24  extent that it seeks the production of documents that are subject to any applicable privilege,

25  doctrine or immunity, including without limitation the attorney-client privilege, the attorney work

26  product doctrine or the right of privacy.  Skadden additionally objects to this Request to the extent

27  that it is vague and ambiguous with respect to the terms "CONCERNING," "transmitted", "read

28

1    from", "summarized", "presented" and "received."  Skadden objects that the use of these vague and

2    ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature

3    and scope of the documents sought.  Requiring Skadden to so speculate renders the Request

4    overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

5    of admissible evidence.

6               Skadden will not produce documents responsive to this Request because any such

7    documents are protected by the work product doctrine and/or attorney-client privilege.

8    **REQUEST FOR PRODUCTION NO. 14:**

9               All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

10   INVESTIGATION which YOU created or edited, which related to the findings of the SPECIAL

11   COMMITTEE.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

13              Skadden incorporates by reference its General Objections as though fully set forth

14   herein.  Skadden additionally objects to this Request to the extent that it seeks the production of

15   documents that are within Schroeder's possession, custody or control, or that are equally as

16   accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that it

17   seeks the discovery of information that is neither relevant to the subject matter of this action nor

18   reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

19   objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

20   objects to this Request to the extent that it seeks the production of documents that are subject to

21   any applicable privilege, doctrine or immunity, including without limitation the attorney-client

22   privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

23   to this Request to the extent that it is vague and ambiguous with respect to the terms

24   "CONCERNING," "created", "edited" and "findings."  Skadden objects that the use of these vague

25   and ambiguous terms in conjunction with this Request requires Skadden to speculate as to the

26   nature and scope of the documents sought.  Requiring Skadden to so speculate renders the Request

27

28

1  overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

2  of admissible evidence.

3       Subject to and without waiving any of the above objections, Skadden will produce

4  any documents responsive to this Request, which are not protected by the work product doctrine,

5  the attorney client privilege, or any other applicable privilege or immunity.

6  **REQUEST FOR PRODUCTION NO. 15:**

7       All DOCUMENTS CONCERNING meetings and/or telephone calls which YOU

8  had with representatives of the press or other news media CONCERNING SCHROEDER, the

9  SPECIAL COMMITTEE INVESTIGATION and/or the SLC INVESTIGATION, including billing

10 records and calendar entries showing any such meetings or telephone calls.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

12      Skadden incorporates by reference its General Objections as though fully set forth

13 herein. Skadden further objects to this Request to the extent that it seeks the discovery of

14 information that is neither relevant to the subject matter of this action nor reasonably calculated to

15 lead to the discovery of admissible evidence. Skadden further objects to this Request to the extent

16 that it seeks the production of documents that are subject to any applicable privilege, doctrine or

17 immunity, including without limitation the attorney-client privilege, the attorney work product

18 doctrine or the right of privacy. Skadden additionally objects to this Request to the extent that it is

19 vague and ambiguous with respect to the terms "CONCERNING," "meetings", "representatives",

20 "press", "news media", "billing records" and "calendar entries." Skadden objects that the use of

21 these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate

22 as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the

23 Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the

24 discovery of admissible evidence.

25      Subject to and without waiving any of the above objections, Skadden will produce

26 documents responsive to this Request, if any, to the extent that such documents are not subject to

27

28

1  any applicable privilege, doctrine or immunity.  However, Skadden does not believe it has any such

2  documents.

3  **REQUEST FOR PRODUCTION NO. 16:**

4  　　　　All DOCUMENTS CONCERNING any investigation CONCERNING

5  SCHROEDER or KLA-TENCOR's historical stock option practices (other than the SPECIAL

6  COMMITTEE INVESTIGATION, RESTATEMENT, and SLC INVESTIGATION) which YOU

7  gave, read from (in whole or in part), summarized, presented to or received from any of the

8  following entities: SEC, DOJ, NASDAQ or news media.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

10  　　　　Skadden incorporates by reference its General Objections as though fully set forth

11  herein.  Skadden additionally objects to this Request to the extent that it seeks the production of

12  documents that are within Schroeder's possession, custody or control, or that are equally as

13  accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that it

14  seeks the discovery of information that is neither relevant to the subject matter of this action nor

15  reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

16  objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

17  objects to this Request to the extent that it seeks the production of documents that are subject to

18  any applicable privilege, doctrine or immunity, including without limitation the attorney-client

19  privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

20  to this Request to the extent that it is vague and ambiguous with respect to the terms

21  "CONCERNING," "historical", "practices", "other than", gave", "read from", "summarized",

22  "presented", "received" and "news media."  Skadden objects that the use of these vague and

23  ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature

24  and scope of the documents sought.  Requiring Skadden to so speculate renders the Request

25  overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

26  of admissible evidence.

27

28

1    Subject to and without waiving any of the above objections, Skadden will produce

2  documents responsive to this Request, if any, to the extent that such documents are not subject to

3  any applicable privilege, doctrine or immunity.  However, Skadden does not believe it has any such

4  documents.

5  **REQUEST FOR PRODUCTION NO. 17:**

6    All DOCUMENTS that relate to any ownership interest in KLA-TENCOR

7  securities held during the time period May 1, 2006 to the present by any SKADDEN attorney(s)

8  who worked on the SPECIAL COMMITTEE INVESTIGATION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

10    Skadden incorporates by reference its General Objections as though fully set forth

11  herein.  Skadden further objects to this Request on the ground that it seeks the production of

12  documents subject to a constitutional, statutory or common law right of privacy.  *See, e.g., Whittall*

13  *v. Henry Schein, Inc.*, No. CIVS051629 WBS GGH, 2006 WL 902571, at *4 (E.D. Cal. Apr. 5,

14  2006) ("Personal financial information comes within the zone of privacy protected by article I,

15  section 1 of the California Constitution").  A non-party's personal financial information is

16  irrelevant to this action, and therefore this Request is inapplicable, harassing, and seeks information

17  that is not reasonably calculated to lead to the discovery of admissible evidence.  Skadden

18  additionally objects to this Request to the extent that it is vague and ambiguous with respect to the

19  terms "CONCERNING," "relate", "ownership" and "securities."

20    Notwithstanding the foregoing objections, no current or former Skadden associate,

21  counsel or partner who attended a witness interview, authored an interview memorandum, or

22  billed more than 50 hours in connection with the Special Committee investigation, has any

23  documents responsive to this request, with the possible exception of documents relating to mutual

24  funds.  Skadden will not produce any such documents relating to attorneys' mutual fund holdings,

25  to the extent they exist, as it would be unduly burdensome to find such documents and the

26  information contained therein would be irrelevant, not reasonably calculated to lead to the

27

28

1  discovery of admissible evidence, and would be protected by the constitutional, statutory and/or

2  common law right of privacy of the individual Skadden attorneys involved in this case.

3  Dated:  December 10, 2007                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4

5                                          By: _____

6                                                        Matthew E. Sloan

7                                               Attorneys for Non-Party
                                         Skadden, Arps, Slate, Meagher & Flom LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

201576-San Francisco Server 1A - MSW