# Exhibit 13

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

———

TEL: (213) 687-5000

FAX: (213) 687-5600

DIRECT DIAL
(213) 687-5276
DIRECT FAX
(213) 687-5600
EMAIL ADDRESS
MATTHEW.SLOAN@SKADDEN.COM

FIRM/AFFILIATE OFFICE
———
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
PRAGUE
SINGAPORE
SYDNEY
TOKYO
TORONTO

<u>CONFIDENTIAL</u>

December 27, 2007

**BY U.S. MAIL AND E-MAIL**

Shirli F. Weiss
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101

      RE:   SEC v. Schroeder, Case No. C 07-3798-JW
              <u>Areas of Inquiry for Deposition of E. Harlan</u>

Dear Ms. Weiss:

      Thank you for your letter of December 5, 2007. This letter responds to your various requests for clarification as presented in that letter.

**<u>Questions Re: Responses to Inquiries Nos. 1 and 2</u>:**

      You have asked us to clarify, with regard to your Inquiry Nos. 1 and 2 from your November 30, 2007 email, whether Skadden will allow Ms. Harlan to "testify with respect to the non-Schroeder interview memoranda which Skadden turned over to the SEC, in the event [you] were to sign the confidentiality /non-waiver agreement ... [we] have proposed."

      As an initial matter, we note that we believe it was KLA Tencor Corporation ("KLA" or "the Company") that produced the final witness interview memoranda (the "Interview Memoranda") to the SEC, not Skadden or KLA's Special Committee. That being said, we agree that the major "stumbling block" here is your unwillingness to sign a reasonable confidentiality agreement or protective order, which provides, among other things, that Ms. Harlan's -- or other current or prior Skadden attorneys' -- testimony about the interviews conducted by Skadden on

Shirli F. Weiss
December 27, 2007
Page 2

behalf of the Special Committee would not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. ("Confidentiality Order") (*See* Letter from M. Sloan to S. Weiss, dated December 3, 2007).

Providing you agree to sign such a Confidentiality Order, and it is entered by the court, we <u>will</u> allow Ms. Harlan to testify with respect to the statements that Mr. Schroeder and other witnesses made to Skadden during the interviews as long as Ms. Harlan was present at the witness interview. Additionally, we will allow Ms. Harlan to answer certain questions about the final interview memoranda produced to the SEC, which she authored or edited, providing you do not ask her any questions which call on her to discuss her or other Skadden attorneys' "mental impressions, conclusions, opinions or legal theories," which are protected by the work product doctrine. For example, we would allow you to ask Ms. Harlan her recollection of particular statements reflected in the Interview Memoranda, and to ask her whether she has any additional memory of the witness's statements besides those reflected in the Interview Memorandum.

As previously stated, however, we will not produce any of Ms. Harlan's handwritten "notes" about the interviews, or any "drafts" or revisions of the interview memoranda, and we will not allow her to answer any questions on such handwritten notes or drafts, as such information is squarely protected by the attorney work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 508 (1947).

**Questions Re: Responses to Inquiry No. 3:**

You have also asked whether your refusal to sign a Confidentiality Order, along the lines outlined above, is the principal reason we will not allow Ms. Harlan (or other Skadden attorneys) to answer questions about their "methodology for taking notes" and editing of interview memoranda, as requested in Inquiry No. 3 from your November 30, 2007 email to me. This is only partially correct.

As I indicated in my December 3, 2007 letter to you, we would allow Ms. Harlan to answer certain basic questions about her methodology for taking notes for the Schroeder interview, and certain "generic questions about her approach to taking notes and preparing interview memoranda in connection with other witness interviews," even without a Confidentiality Order. You are correct, however, that if you sign a Confidentiality Order, and it is entered by the Court, we would allow Ms. Harlan (or other Skadden attorneys) to answer more specific questions about the note-taking methodology they employed at the interviews of witnesses other than Mr. Schroeder.

However, even if the Court enters a Confidentiality Order, we will instruct Ms. Harlan and other potential Skadden witnesses <u>not</u> to answer any questions about the substance of their "notes" or about any corrections, revisions or amendments that they or other Skadden attorneys made or suggested to be made to the Interview Memoranda as such information is protected by the work product doctrine.

Shirli F. Weiss
December 27, 2007
Page 3

**Questions Re: Responses to Inquiry Nos. 4, 5 and 8:**

With regard to your Inquiry Nos. 4, 5, and 8, you have asked us to clarify whether we would allow Ms. Harlan to testify regarding the substance of her conversations with other Skadden attorneys about the witness interviews and the Special Committee's investigation -- and about the earlier (i.e., non-final) drafts of the Interview Memoranda -- in the event that a Confidentiality Order is entered.

You are correct that we will instruct Harlan not to testify about any of these topics, even if a Confidentiality Order is entered, on the grounds that these topics are protected by the attorney work product doctrine, and in some instances may also be protected by the attorney-client privilege. (*See* Letter from M. Sloan to S. Weiss, dated December 3, 2007).

**Questions Re: Responses to Inquiry No. 6:**

You have asked us to confirm that our response to Inquiry No. 6 is unqualified, i.e, that we would instruct Ms. Harlan not to answer any questions about her communications with the KLA Special Committee even if you were to sign a Confidentiality Order. You are correct. Ms. Harlan's communications with the Special Committee are protected by both the attorney-client privilege and/or the work product doctrine, and have not been divulged to the SEC or any other government entity. Therefore we would instruct Ms. Harlan not to answer any questions about such communications even if the Court entered a Confidentiality Order similar to the one outlined above.

**Questions Re: Responses to Inquiry No. 7:**

You have also asked for further clarification about our response to Inquiry No. 7 from your November 30 email which, in turn, asked for further clarification about Ms. Harlan's response to Request No. 1 in the document subpoena directed to her. Request No. 1 seeks documents concerning the witness interviews conducted by the Special Committee, including all of Ms. Harlan's notes, her final Interview Memoranda, drafts of interview memoranda, and all exhibits referenced in the Interview Memoranda. Based on the SEC's Initial Disclosures, the SEC has already produced to you every responsive document that the Special Committee or the Company produced to the SEC pursuant to the Company's confidentiality agreement with the government, including copies of (1) all final Interview Memoranda and (2) all exhibits or other documents referenced in the Interview Memoranda. Because the SEC has already produced these documents to you, we will not produce them again because they are already within your possession and control, and it would therefore be unduly burdensome and thus an abuse of the discovery process to compel Skadden or the Skadden Attorneys to produce them to you again. This position is not contingent on your agreement to enter a suitable Confidentiality Order. We are willing, however, to meet and confer further to confirm that you, in fact, have the final version of all responsive Interview Memoranda and other documents that were previously produced to the SEC by the Special Committee or the Company.

We will also continue to object to the production of Ms. Harlan's "handwritten notes" regarding the interviews, as well as to the production of any drafts or documents showing edits made by Ms. Harlan or other Skadden attorneys or personnel to the Interview Memoranda. These document are squarely protected by the work product doctrine and the attorney-client privilege, and we will object to their production even if you agree to enter our proposed Confidentiality Order.

We will, however, produce certain electronic meta-data concerning the Interview Memoranda, which reflect information such as "date last modified," "date created," and "date printed," but do not disclose information protected by the work product doctrine, or any other applicable privileges, doctrines or immunities, such as the substance of any revisions or amendments.

With regard to billing records and calendar entries, we direct you to Skadden's response to Request No. 8 in the document subpoena directed to Skadden, which states that Skadden will produce final versions of billing records and certain calendar items, which have been redacted to remove information protected by the attorney-client privilege, the work product doctrine, the right of privacy and other confidential information which is not relevant to this matter even without your agreement to enter into a Confidentiality Order.

**Miscellaneous Questions**

You have also asked whether the "additional documents" referenced in the last paragraph of Ms. Harlan's response to your Demand No. 1 are identified on the privilege log. We can confirm that they are.

At your request, we have treated the term "concerning" as a capitalized, defined term in our responses and objections to both the subpoenas to Skadden and to the individual Skadden Attorneys.

Very truly yours,

Matthew E. Sloan/RSH

Matthew E. Sloan

cc: James E. Lyons
Raymond Cho