MORGAN, LEWIS & BOCKIUS LLP
JOHN H. HEMANN (SBN 165823)
JOSEPH E. FLOREN (SBN 168292)
THOMAS R. GREEN (SBN 203480)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
Email: jhemann@morganlewis.com
       jfloren@morganlewis.com
       tgreen@morganlewis.com

Attorneys for Non Parties KLA-Tencor Corporation
and John Kispert

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>Defendant. | Case No. C-5:07-cv-3798-JW (HRL)<br><br>**NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES**<br><br>DATE: MARCH 11, 2008<br>**EXPEDITED [HEARING REQUESTED ON FEBRUARY 12, 2008]**<br>TIME: 10:00 A.M.<br>DEPT.: COURTROOM 2, 5TH FLOOR (SJ)<br>JUDGE: MAGISTRATE JUDGE HOWARD R. LLOYD<br><br>TRIAL DATE: |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                                                                                       5:07-cv-03798 JW
NON PARTY KLA-TENCOR CORPORATION'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS
OF CURRENT AND FORMER KLA WITNESSES

## NOTICE OF MOTION AND MOTION:  RELIEF REQUESTED

PLEASE TAKE NOTICE that on March 11, 2008, at 10:00 a.m., or at such other date and time as the Court may order, in Courtroom 2 of the above-entitled court, located at 280 South 1st Street, San Jose, California, non-parties KLA-Tencor Corporation ("KLA") and John Kispert will and hereby do move, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order precluding depositions of current and former KLA directors, officers and employees until after the court has ruled on defendant Kenneth Schroeder's pending motion to dismiss and any privilege issues raised by that motion in the event that the motion to dismiss is denied.  KLA and Defendant Kenneth Schroeder have filed a stipulation seeking to have KLA's motion for a protective order heard on shortened time, specifically on February 12, 2008, at 10:00 a.m. in the same above referenced court.  This motion is based on this Notice, the attached Memorandum of Points and Authorities in Support, *infra*, the Declaration of Thomas R. Green in Support of the Motion and any argument of counsel and oral argument entertained by the Court at the hearing. Filed herewith is the Certification required by Federal Rule of Civil Procedure 26(c) regarding counsel's efforts to resolve this dispute.

## STATEMENT OF ISSUES TO BE DECIDED

1.   Should the Court issue a protective order under Federal Rule of Civil Procedure 26(c) precluding depositions of former and current KLA directors, officers and employees until after the court has ruled on defendant Kenneth Schroeder's pending motion to dismiss and any privilege issues raised by that motion in the event that the motion to dismiss is denied?

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

Schroeder has served subpoenas commanding the deposition testimony of at least eight current and former KLA directors, officers and employees in this matter, none of whom are parties to this action, and all of whom are commanded to appear for deposition by the end of March.  *See* Thomas R. Green Declaration in Support of KLA's Motion for Protective Order

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7662326.2                                                                    1                                                            5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

("Green Decl.") at ¶ 2. He has since requested deposition dates for an additional three current KLA employees, and indicated an intention to depose each of them as quickly as possible.[1] In the meantime, KLA has come to learn that Schroeder filed a motion to dismiss this entire action, with said motion set to be heard on March 24, 2008. *Id.* at ¶ 3. With discovery open until March 2009 in this action, no urgency exists to burden non-party witnesses with the expense and annoyance of appearing for depositions that will not even be necessary should Schroeder prevail on his motion to dismiss. *Id.* at ¶ 4.

KLA has asked Schroeder to agree to continue the depositions until after the court has ruled on his motion to dismiss. Schroeder has rejected KLA's request. *Id.* at ¶ 5. Moreover, Schroeder has made it clear that he intends to seek information from these witnesses which he knows KLA contends is subject to attorney client privilege and/or attorney work product protection. *See*, Green Decl., ¶¶ 7-8. Schroeder has already deposed the first KLA witness, former KLA General Counsel Stu Nichols, who sacrificed an entire Sunday sitting through a series of questions designed to elicit instructions not to answer from KLA counsel. *Id.* If the Court denies Schroeder's motion to dismiss, the moving parties anticipate that Schroeder will file a second motion arguing that KLA waived the privilege and that current and former KLA witnesses should be compelled to sit for a second day of testimony. Even if the motion to dismiss had not been filed, a protective order is warranted to delay all depositions of KLA witnesses until any privilege issues have been resolved. It makes little sense to insist that a non-party witness sit through a day of instructions not to answer if Schroeder intends to file a motion compelling that witness to return a second day to respond to further questions seeking privileged information.

KLA requests an order from the court precluding any depositions of current and former KLA directors, officers, employees and counsel until and if the court denies Schroeder's pending motion to dismiss and rules on any privilege issues Schroeder or other parties may raise in the

---

[1] The precise scope of witnesses covered by this motion may change prior to the hearing date. Counsel for Schroeder has suggested that she may be taking some of the depositions off calendar until after the Court has ruled on Schroeder's motion to dismiss. KLA anticipates that all former KLA witnesses represented by separate counsel will join KLA's motion. *See* Green Decl. at ¶¶ 5-6.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7662326.2       2       5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE
ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

1  event his motion to dismiss is denied.[2]  Moving parties do not seek permanent relief from being
2  deposed.  They merely seek the court's intervention so that the depositions may take place
3  pursuant to a sensible schedule that minimizes the inconvenience and expense hoisted upon the
4  non-party deponents.

**II.   ARGUMENT**

The Federal Rules of Civil Procedure state that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and may "specify[] terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c).  Good cause exists for a protective order where the moving party demonstrates "annoyance, embarrassment, oppression, or undue burden or expense." *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) (granting a protective order preventing a second deposition of a party witness) (emphasis added).  Proceeding with the depositions of the KLA witnesses now, prior to a potentially dispositive motion to dismiss, and prior to resolving any disputes that may exist surrounding KLA's assertion of the attorney client privilege, creates tremendous undue burden and expense on the non-party witnesses.  With discovery open in this matter for more than another year, Schroeder cannot be prejudiced by KLA's short term and reasonable request.

**A.   Good Cause Exists to Postpone All Non-Party KLA Depositions Until After The Court Has Ruled on Schroeder's Pending Dispositive Motion to Dismiss.**

Magistrate judges have been given broad discretion to stay discovery pending decisions on dispositive motions.  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir.1985).  And in exercising that discretion, courts routinely grant relief from discovery when motions to dismiss are pending, for the obvious reason that, if the motion is granted, the discovery in question will be unnecessary.  *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)

---

[2] This motion is brought on behalf of KLA and current KLA officer John Kispert, one of the non-party individuals subpoenaed to testify.  KLA anticipates that all current and former KLA officers, directors and employees who have received deposition subpoenas, the bulk of whom have their own counsel, will join this motion.  Due to the rushed nature of this motion, KLA could not circulate a draft motion for the other parties to join prior to filing its moving papers.

1-SF/7662326.2                                          3                                  5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(District Court did not err in granting a protective order preventing discovery from proceeding while motion to dismiss was pending); *see also Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) (District Court granted a protective order to prevent a deposition from going forward when a motion to dismiss was pending); *Grant v. Pitchford*, 565 F.Supp. 430, 432 (S. D. Cal. 1983) (protective order granted where the "motion to dismiss, if granted, would be dispositive of the case"). Relief from discovery is particularly appropriate where, as here, the discovery is not necessary to resolving the issues presented in the motion to dismiss. *Grant*, 565 F. Supp. at 432 (granting a protective order where "none of the discovery sought by plaintiff related to any of the issues raised by the motion to dismiss").

Though KLA's motion is not based solely on the existence of Schroeder's pending motion to dismiss, some Courts have applied a two-step test in determining whether a protective order should issue on the sole basis of the existence of a pending motion to dismiss. *See, e.g. Lowery v. F.A.A.* No. CIV.S93 1352EJG/GGH, 1994 WL 912632, *3 (E.D.Cal. April 11,1994). The two part test asks whether the pending motion is potentially dispositive of the case and whether the pending motion can be decided absent additional discovery. *See, e.g.* Lowery v. F.A.A. No. CIV.S93 1352EJG/GGH, 1994 WL 912632, *3 (E.D.Cal. April 11,1994). If the court answers these two questions in the affirmative, a protective order should issue.

Here, it is clear that KLA meets both prongs of this test. First, Schroeder's Motion to Dismiss, if granted, would be dispositive of the pending action. Schroeder asks that the SEC's complaint be dismissed with prejudice because he has been prevented from presenting a defense, in violation of 'fundamental fairness' and due process. Motion to Dismiss at 19-24. Second, the motion to dismiss filed by Schroeder will not be resolved on the basis of any evidence adduced at the fast approaching depositions of Mr. Levy and the other former or current KLA officers, directors, and employees. Schroeder bases his motion on principles of 'fundamental fairness' and alleges violations of his Fifth Amendment 'due process' rights, arguing that the assertion of the attorney-client privilege by KLA has made it "impossible" to defend himself against the SEC's allegations (Schroder's Motion to Dismiss at 16-18). No further depositions are necessary to develop this argument. KLA has made it abundantly clear that it intends to instruct all KLA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                                    4                              5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE
ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

witnesses not to answer any questions that seek information protected by the attorney client privilege or attorney work product doctrine. *See* Green Decl. at ¶ 7. Indeed, Schroeder's motion to dismiss is predicated on this fact. As such, good cause exists to postpone all depositions of former or current KLA officers, directors and employees until after the Court has ruled upon Schroeder's motion to dismiss.

**B.  Good Cause Exists to Postpone All Non-Party KLA Depositions Until After Any Subsequent Challenge to KLA's Claim of Privilege is Determined.**

KLA can show good cause for the additional reason that subjecting its former and current officers, directors, and employees to depositions as demanded by Schroeder could result in additional depositions. If Schroeder's motion to dismiss is denied, it would be inefficient to conduct depositions until such time that Schroeder has either accepted the legitimacy of KLA's privilege assertions, or brought an appropriate motion challenging such assertions. Otherwise, the parties run the very real risk that Schroeder will seek a second deposition of the non-party witnesses in the event he later successful challenges KLA's assertion of the privilege. Such second depositions are disfavored. *See Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) (Magistrate Judge granted protective order to prevent second deposition, noting "second depositions are disfavored"). If Schroeder intends to inquire into privileged communications and documents he should first obtain a court order allowing him to do so, rather than dragging non-party witnesses to multiple depositions. The Court should grant the protective order to ensure that the parties' efforts preparing for and attending depositions are not wasted and/or duplicated.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7662326.2                                    5                                    5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES

## III. CONCLUSION

For the foregoing reasons, this Court should postpone the depositions of all former and current KLA personnel until after Schroeder's motion to dismiss, and any effort by Schroeder to challenge KLA's assertion of privilege, have been resolved.

Dated: February 6, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By      /s/    Thomas R. Green
        Thomas R. Green
        Attorneys for Third Party KLA-Tencor
        Corporation

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662326.2                    6                    5:07-cv-03798 JW
NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES