MORGAN, LEWIS & BOCKIUS LLP
JOHN H. HEMANN (SBN 165823)
JOSEPH E. FLOREN (SBN 168292)
THOMAS R. GREEN (SBN 203480)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
Email: jhemann@morganlewis.com
       jfloren@morganlewis.com
       tgreen@morganlewis.com

Attorneys for Non Party KLA-Tencor Corporation
and John Kispert

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>Defendant. | Case No. 5:07-cv-03798 JW (HRL)<br><br>**DECLARATION OF THOMAS R. GREEN IN SUPPORT OF NON-PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR A PROTECTIVE ORDER RE: DEPOSITIONS OF KLA WITNESSES**<br><br>DATE: MARCH 11, 2008<br>[REQUESTED EXPEDITED HEARING ON FEBRUARY 12, 2008]<br>TIME: 10:00 A.M.<br>DEPT.: COURTROOM 2, 5TH FLOOR (SJ)<br>JUDGE: MAGISTRATE JUDGE HOWARD R. LLOYD |

I, Thomas R. Green, Esq., declare under penalty of perjury that:

1. I am an attorney with Morgan, Lewis & Bockius, LLP. I am licensed to practice in the state of California and I am an attorney for defendant KLA-Tencor Corporation ("KLA") and John Kispert. I have personal knowledge of the facts stated herein and, if called as a witness in this action, I could and would testify competently to the following facts.

2. Defendant Kenneth Schroeder ("Schroeder") has served subpoenas commanding

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662349.1                             1.                           5:07-cv-03798 JW (HRL)
GREEN DECLARATION ISO OF KLA'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER
RE: DEPOSITIONS OF KLA WITNESSES

the deposition testimony of at least eight current and former KLA directors, officers and employees in this matter ("KLA deponents"), none of whom are parties to this action, and all of whom are commanded to appear for deposition by the end of March 2008. The subpoenaed witnesses include Stuart Nichols, Lars Samson, Kenneth Levy, John Kispert, Ned Barnholt, Maureen Lamb, Leslie Wilson and Gary Dickerson. Schroeder has since requested deposition dates for an additional three current KLA employees, and indicated an intention to depose each of them as quickly as possible. The next scheduled deposition is set for Thursday, February 14, 2008, when Schroeder intends to depose Kenneth Levy, the former Chairman and Chief Executive Officer of KLA.

3. Since serving deposition subpoenas on the KLA deponents, Schroeder has filed a motion to dismiss this action. Schroeder's motion, which he filed on February 1, 2008, is scheduled to be heard on March 24, 2008.

4. It is my understanding that discovery in this matter is open until March 2009, assuming no continuances are granted to conduct additional discovery after March 2009.

5. In light of the facts that Schroeder has a pending dispostive motion before the Court and discovery does not close for more than a year, KLA requested that Schroeder postpone deposing the KLA deponents until after the court has ruled on his motion to dismiss. I personally participated in telephone conferences on February 4 and February 5 in which we made this request to Ms. Shirli Weiss, counsel for Schroeder. Ms. Weiss rejected our request. On February 6, Ms. Weiss' co-counsel Jeffrey Coopersmith and I discussed KLA's motion a number of times, primarily in connection with preparing the stipulation to have this motion heard on shortened time. Mr. Coopersmith suggested to me that Schroeder may decide to take some of the motions off calendar, but Schroeder has not committed to taking any depositions off calendar as of yet. While Schroeder and KLA may make further efforts to resolve this matter without further action by the Court, the pressing nature of Mr. Levy's deposition on February 14 required KLA to file the present motion without further delay.

6. I have spoken to a few of the attorneys who represent the KLA deponents not represented individually by Morgan Lewis. I anticipate that all former KLA witnesses

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662349.1                                    2.                               5:07-cv-03798 JW (HRL)
GREEN DECLARATION ISO OF KLA'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER
RE: DEPOSITIONS OF KLA WITNESSES

represented by separate counsel will join KLA's motion.

7. Even in the absence of Schroeder's motion to dismiss, good cause exists to postpone the depositions of the KLA deponents. Prior to noticing his motion to dismiss, Schroeder took his first deposition of a KLA deponent, deposing former KLA General Counsel Stuart Nichols on Sunday, January 27, 2008. The deposition lasted approximately seven hours, with a significant amount of the day consumed with Schroeder asking KLA's former General Counsel to testify regarding several communications and documents over which KLA asserts attorney client privilege and/or work product protection. KLA repeatedly instructed Mr. Nichols not to respond to such questions and counsel for Schroeder stated that she wanted to "make a clear record today of KLA's intentions with respect to instructions of witness so that we don't have to take more witness' depositions before we approach the court with these issues." KLA thus anticipates that Schroder will file a motion to compel challenging KLA's assertion of the privilege if his motion to dismiss is denied. I have participated in conference calls between counsel for Schroeder and KLA during which we have explained that it is KLA's position that any privilege issues should be resolved prior to further depositions of KLA witnesses if Schroeder intends to file a motion to compel further testimony where KLA asserts the privilege. We have explained that KLA intends to continue to assert the privilege in the same fashion that it did during the deposition of Stuart Nichols.

8. A true and correct copy of selected excerpts from the January 27, 2008 Nichols deposition is attached as Exhibit A to this declaration. The excerpts include page 9, which lists nearly 20 instances where Nichols was instructed not to respond to Schroeder's examination, and page 36 in which Ms. Weiss states that she intends to approach the court on the privilege issue prior to deposing further KLA witnesses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 6th day of February, 2008, in San Francisco, California.

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-SF/7662349.1   3.   5:07-cv-03798 JW (HRL)
GREEN DECLARATION ISO OF KLA'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER
RE: DEPOSITIONS OF KLA WITNESSES

1  I hereby attest pursuant to General Order 45, section X.B, that I have on file all holograph
2  signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled
3  document.

                                      /s/   Thomas R. Green
                                        Thomas R. Green

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7662349.1                                4.                          5:07-cv-03798 JW (HRL)
GREEN DECLARATION ISO OF KLA'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER
RE: DEPOSITIONS OF KLA WITNESSES

# Exhibit A

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

vs.                                      No. C 07-3798-JW

KENNETH L. SCHROEDER,

        Defendant.

DEPOSITION OF STUART J. NICHOLS, Esq.

Sunday, January 27, 2008

VOLUME I (Pages 1-230)

SHEILA CHASE & ASSOCIATES
REPORTING FOR:
LiveNote World Service
221 Main Street, Suite 1250
San Francisco, California  94105
Phone:  (415) 321-2300
Fax:  (415) 618-0743

Reported by:
JANIS JENNINGS, CSR, CRP

## Page 2

Deposition of STUART NICHOLS, taken on behalf of the Defendant, at DLA PIPER, 2000 University Avenue, East Palo Alto, California, beginning at 9:48 A.M. on Sunday, January 27, 2008, before JANIS L. JENNINGS, Certified Shorthand Reporter No. 3942, CRP

## Page 3

APPEARANCES

For the United States Securities and Exchange Commission:

MARK P. FICKES, ESQ.
ELENA RO, ESQ.
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Phone: 415.705.2338
fickesm@sec.gov
roe@sec.gov

For the Defendant Kenneth L. Schroeder:

SHIRLI FABBRI WEISS, ESQ.
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
Phone: 619.699.2700
Fax: 619.699.2701
shirli.weiss@dlapiper.com

JEFFREY B. COOPERSMITH, ESQ.
DLA PIPER US LLP
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044
Phone: 206.839.4800
Fax: 206.839.4801
jeff.coopersmith@dlapiper.com

## Page 4

APPEARANCES (Continued)

For KLA-Tencor Corporation:

JOHN H. HEMANN, ESQ.
TERA M. HEINTZ, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105
Phone: 415.442.1000
Fax: 415.442.1001
jhemann@morganlewis.com
theintz@morganlewis.com

For the Deponent:

MARK A. BELNICK, ESQ.
LAW OFFICES OF MARK A. BELNICK, LLC
120 West 45th Street, Suite 1700B
New York, New York 10036
Phone: 646.453.2900
Fax: 646.453.2908
mbelnick@belnicklaw.com

Also Present:
    Margaret Austin, Paralegal
    Gary Brewer, Videographer

## Page 5

INDEX
DEPOSITION OF
STUART NICHOLS

                                        Page
Examination by Ms. Weiss                 12

EXHIBITS
No.      Description                    Page
Exhibit 41  Comp Book; Nos. KT ACWP-PRIV00002541-
            2696                         10
Exhibit 42  Comp Book; Nos. KT ACWP-PRIV00002697-
            2893                         10
Exhibit 43  Computation Book; Nos.
            KT ACWP-PRIV00002894-3047    10
Exhibit 44  Computation Book; Nos.
            KT ACWP-PRIV00003048-3201    10
Exhibit 45  Computation Book; Nos.
            KT ACWP-PRIV00003202-3357    10
Exhibit 46  Computation Book; Nos.
            KT ACWP-PRIV00003358-3512    10
Exhibit 47  Computation Book; Nos.
            KT ACWP-PRIV00003513-3665    10
Exhibit 48  Computation Book; Nos.
            KT ACWP-PRIV00003666-3818    10
Exhibit 49  Computation Book; Nos.
            KT ACWP-PRIV00003819-3855    10
Exhibit 50  Email thread dated 10/12/99; Nos.
            MK-PRIV000046 through 47     65

Case 5:07-cv-03798-JW    Document 46    Filed 02/06/2008    Page 8 of 11
Nichols, Stuart J. Esq.                                      1/27/2008

Page 6

I N D E X (Continued)

EXHIBITS

No.         Description                                    Page

Exhibit 51  Letter dated 10/18/99 to Stuart
            Nichols; Nos. MLB/KLA-SEC00016923
            through 16924                                  65
Exhibit 52  Letter dated 10/7/99 to Stuart
            Nichols; Nos. MK0003340-341                    65
Exhibit 53  New Hire Form, No. MLB/KLA-SEC00016905         65
Exhibit 54  Minutes of the Meeting of the Board of
            Directors of KLA-Tencor Corporation
            November 16, 1999; Nos. KLS-SEC002735
            through 2739                                   81
Exhibit 55  Memo dated 1/5/00 from Stuart Nichols;
            Nos. KT ACWP-PRIV00004298 through 4304         114
Exhibit 56  Email thread from Stuart Nichols dated
            1/6/2000; Nos. KTACWP-PRIV00004938
            through 4940                                   124
Exhibit 57  Minutes of the Meeting of the Board of
            Directors KLA-Tencor Corporation January
            25, 2000; Nos. MLB/KLA-SEC00021958
            through 21961                                  132
Exhibit 58  Email thread from Leslie Wilson dated
            1/22/00; Nos. MLB/KLA-SEC00051399
            through 51400                                  133
Exhibit 59  Minutes of the Meeting of the Board of
            Directors of KLA-Tencor Corporation
            April 25, 2000; Nos. MLB/KLA-SEC00021983
            through 21984                                  136
Exhibit 60  KLA-Tencor Historical Stock Prices;
            20 pages                                       153
Exhibit 61  Email thread of Stuart Nichols dated
            10/9/00; Nos. MLB/KLA-SEC00022981
            through 22982                                  155

Page 7

I N D E X (Continued)

EXHIBITS

No.         Description                                    Page
Exhibit 62  Minutes of the Meeting of the Board of
            Directors of KLA-Tencor Corporation Oct.
            15, 2000; Nos. MLB/KLA-SEC00022086
            through 22089                                  159
Exhibit 63  Employee Retention Stock Option Issue
            Oct. 30, 2000; Nos. KT ACWP-PRIV00002401
            through 2415                                   160
Exhibit 64  Employee Retention Stock Option Program
            Proposal for the Compensation Committee;
            Nos. MLB/KLA-SEC00004879 through 4898          163
Exhibit 65  Minutes of the Meeting of the Board of
            Directors of KLA-Tencor Corporation
            Nov. 10, 2000; Nos. MLB/KLA-SEC00004903
            through 4907                                   164
Exhibit 66  Minutes of the Meeting of the
            Compensation Committee of KLA-Tencor
            Corp.; Nos. MLB/KLA-SEC00004872 through
            4876                                           164
Exhibit 67  Minutes of the Meeting of the Board of
            Directors of KLA Instruments Corp. Apr.
            28, 1997; Nos. MLB/KLA-SEC00050391
            through 50458                                  193
Exhibit 68  Email thread from Joy Nyberg dated
            3/12/01; No. MLB/KLA-SEC00052175               198
Exhibit 69  Email thread from Stuart Nichols dated
            3/13/01; Nos. KT ACWP-PRIV00001924
            through 1925                                   198
Exhibit 70  Email thread from Stuart Nichols dated
            3/13/01; Nos. KT ACWP-PRIV00001903
            through 1904                                   198
Exhibit 71  Email thread from Bret DiMarco dated
            3/13/01; Nos. KLA-SEC000042 through 45         198

Page 8

I N D E X (Continued)

EXHIBITS

No.         Description                                    Page

Exhibit 72  Email with attachment from Stuart
            Nichols dated 3/14/01; Nos.
            KT ACWP-PRIV00001905 through 1909              198
Exhibit 73  Email with attachment from Roger
            Stern dated 3/14/01; Nos.
            KT ACWP-PRIV00002365 through 2370              198
Exhibit 74  Email thread with attachment from
            Bret DiMarco dated 3/14/01; Nos.
            KT ACWP-PRIV00001328 through 2381              198
Exhibit 75  Email thread from Bret DiMarco dated
            3/14/01; Nos. KT ACWP-PRIV00001327
            through 2370                                   198
Exhibit 76  Email thread with attachment from
            Selina Lopez dated 3/14/01; Nos.
            KT ACWP-PRIV00002371 through 2377              198
Exhibit 77  Memo from Stu Nichols dated 3/19/01;
            Nos. KT ACWP-PRIV00002391 through 2395        198
Exhibit 78  Email thread from Stuart Nichols dated
            3/22/01; No. MLB/KLA-SEC00050838               198
Exhibit 79  Email thread from Stuart Nichols dated
            3/22/01; No. KT ACWP-PRIV00001817              198
Exhibit 80  Email thread from Roger Stern dated
            3/22/01; No. KLA-SEC000007                     198
Exhibit 81  Email thread from Stuart Nichols dated
            3/22/01; No. KT ACWP-PRIV00002389              198
Exhibit 82  Email thread from Stuart Nichols dated
            3/22/01; Nos. KT ACWP-PRIV00002397
            through 2399                                   199
Exhibit 83  Complaint                                      202

Page 9

I N D E X (Continued)

EXHIBITS

No.         Description                                    Page
Exhibit 84  Stock Option Committee Procedures;
            No. MLB/KLA-SEC00022989                        220

QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER

| Page | Line |
|------|------|
| 43   | 11   |
| 109  | 21   |
| 112  | 24   |
| 118  | 1    |
| 119  | 9    |
| 120  | 4    |
| 122  | 11   |
| 127  | 5    |
| 128  | 4    |
| 128  | 13   |
| 131  | 18   |
| 135  | 23   |
| 140  | 3    |
| 142  | 6    |
| 155  | 7    |
| 164  | 8    |
| 167  | 15   |

Page 34

1  the Special Committee or the counsel acting for
2  their members; is that correct?
3       MR. HEMANN: That's correct.
4       MS. WEISS: Is that the same instruction
5  that you would make with respect to all of
6  KLA-Tencor's current and former personnel?
7       MR. HEMANN: Yes.
8       MS. WEISS: Would that also be true
9  with respect to the assertion of the work product
10 doctrine with respect to all current and former
11 inside attorneys of KLA-Tencor?
12      MR. HEMANN: Yes.
13      MS. WEISS: That is to say that to the
14 extent that they met with the Special Committee,
15 you would instruct them not to respond to my
16 questions --
17      MR. HEMANN: Oh, I'm sorry. I'm sorry.
18 I thought you were talking about Mr. Nichols'
19 communications with attorneys for KLA-Tencor.
20      I would instruct Mr. Nichols not to -- I
21 would advise Mr. Nichols that the company is taking
22 the position that his communications with attorneys
23 for KLA-Tencor, whether inside attorneys or outside
24 attorneys, are protected by some combination of
25 the attorney-client privilege and the attorney work

Page 35

1  product doctrine.
2       MS. WEISS: Okay. Right now I'm just on
3  the Special Committee.
4       THE VIDEOGRAPHER: I'm sorry. Is your
5  BlackBerry on?
6       MR. HEMANN: Yes. I can turn it off.
7       THE VIDEOGRAPHER: Somebody is starting to
8  interfere with the audio.
9       MS. WEISS: You may actually have to put
10 it remotely. I've had trouble with Blackberrys that
11 are even off.
12      THE VIDEOGRAPHER: Thank you.
13      MS. WEISS: Okay. Mr. Hemann, what I'd
14 like to do is, first of all, segregate the Special
15 Committee. And I think you were clear about your
16 instruction with respect to the attorney-client
17 privilege.
18      I'm moving now to the work product
19 protection. As to Mr. Nichols' communications with
20 the Special Committee or the Special Committee's
21 counsel, is it your instruction to him not to
22 respond to questions on the grounds that asks for
23 his communications to those personnel; the Special
24 Committee or their counsel, on the grounds of the
25 work product doctrine?

Page 36

1       MR. HEMANN: Yes.
2       MS. WEISS: And would it be your
3  instruction to each of KLA-Tencor's current and
4  former in-house counsel that they are not to respond
5  to questions that I pose to them as witnesses
6  regarding their communications with the Special
7  Committee or its counsel on the basis of the work
8  product doctrine?
9       MR. HEMANN: I think my comments and
10 positions today are directed solely to Mr. Nichols.
11 I'd be happy to talk to you after the deposition
12 about other potential witnesses.
13      MS. WEISS: Well, Counsel, we'd like to
14 make a clear record today of KLA's intentions with
15 respect to instructions to witnesses so that we
16 don't have to take more witness' depositions before
17 we approach the court with these issues.
18      So these issues have been vetted over many
19 weeks now. Are you not prepared to tell me what
20 the company's position is with respect to other
21 attorneys that I call as witnesses as far as the
22 assertion of the attorney-client privilege and
23 the work product doctrine is concerned?
24      MR. HEMANN: I'm prepared to meet and
25 confer with you about other witnesses outside

Page 37

1  the context of Mr. Nichols' deposition.
2       MS. WEISS: Mr. Nichols --
3       MR. BELNICK: Can I just make a brief
4  statement?
5       MS. WEISS: Please.
6       MR. BELNICK: Just to make clear, as
7  I indicated both to you and Mr. Hemann and our
8  communication before deposition when Mr. Hemann gave
9  the instructions he described, Mr. Nichols, as a
10 lawyer, former general counsel for KLA, obviously
11 has fiduciary ethical and legal obligations and so
12 he has no choice.
13      And I'm neither criticizing or applauding,
14 but he obviously has no choice but to follow the
15 instructions of KLA and its counsel, and therefore
16 he will follow the instruction that Mr. Hemann just
17 put on the record.
18      And if all or part -- or the substantial
19 part of an answer would involve privileged or work
20 product, I have no choice but to say "privilege";
21 meaning he can't answer it. Not because he doesn't
22 want to answer or I don't want him to answer, but
23 because he has no choice as a lawyer other than to
24 follow his former clients' request and direction.
25      MS. WEISS: I understand, Mr. Belnick.

### Page 226

1   MS. WEISS: Well, that it's identified to
2   Lisa Berry, if you can --
3   MR. BELNICK: You have her initials in the
4   lower left.
5   MR. FICKES: That's fine with us. We can
6   stipulate to that.
7   MS. WEISS: Okay. So if you give me a few
8   minutes, I'll take a look at my exhibit list and see
9   what else we need to mark.
10  MR. BELNICK: I think you don't need to
11  mark anything else.
12  THE VIDEOGRAPHER: Off the record. The
13  time is 4:24 p.m.
14       (Off the record.)
15  THE VIDEOGRAPHER: We are back on the
16  record. The time is 4:38 p.m.
17  BY MS. WEISS:
18     Q. Mr. Nichols, I've asked you a number of
19  questions that I believe are germane to
20  Mr. Schroeder's defense in this lawsuit. And you
21  have been instructed not to respond to those
22  questions on the basis of privilege by counsel for
23  KLA Tencor, who holds the privilege. And,
24  therefore, I'm not going to proceed further at this
25  time. However, I'm going to leave the record open

### Page 227

1   in order to assess our options with respect to the
2   instruction -- your instruction not to respond.
3       And so we are going to be requesting
4   another day of your deposition. Also the
5   commission, I'm sure, will be asking you questions,
6   however that turns out. And I will coordinate with
7   your counsel --
8   MR. BELNICK: That's fine.
9   MS. WEISS: -- for another day of
10  deposition. I'll also send your counsel copies of
11  the minutes that I believe you signed so that we can
12  have a stipulation as to those issues.
13  MR. BELNICK: Also acceptable.
14  MS. WEISS: And I thank you very much for
15  coming today. I know you have other things to do,
16  and we appreciate it.
17  THE WITNESS: That you all for doing this
18  on a Sunday to accommodate my schedule.
19  MS. WEISS: Certainly.
20  MR. FICKES: And -- I'm sorry. Just while
21  we're still on the record, you probably said this.
22  I just want to make sure we're all on the same page,
23  because of the timing and because the record will
24  remain open, that no one here is going to assert an
25  objection that the commission has waived its right

### Page 228

1   to question the witness or to present the witness --
2   MR. BELNICK: That's correct. And I think
3   in fact Shirli mentioned that you may have questions
4   as well.
5   MR. FICKES: Okay.
6   MR. BELNICK: Certainly we're not going to
7   assert that objection on behalf of Mr. Nichols.
8   MS. WEISS: All right. We will adjourn
9   for today.
10  THE VIDEOGRAPHER: Okay. One moment,
11  please. This is the end of videotape No. 3, volume
12  1, in the deposition of Stuart Nichols. The
13  original videotapes will be retained by LiveNote
14  World Service. Going off the record. The time is
15  4:40 p.m.
16      (Whereupon, the deposition adjourned.)
17              --oOo--

### Page 229

DECLARATION

I hereby declare under penalty of perjury that the foregoing is my deposition under oath; that these are the questions asked of me and my answers thereto; and that I have read my deposition and have made the corrections, additions, or changes to my answers that I deem necessary.

In witness whereof, I hereby subscribe my name this    day of            , 2007.


STUART NICHOLS

Page 230

```
 1              CERTIFICATE OF REPORTER
 2
 3        I, JANIS L. JENNINGS, a Certified Shorthand
 4   Reporter of the State of California, do hereby certify:
 5        That the foregoing proceedings were taken
 6   before me at the time and place herein set forth; that
 7   any witnesses in the foregoing proceedings, prior to
 8   testifying, were placed under oath; that a verbatim
 9   record of the proceedings was made by me using machine
10   shorthand which was thereafter transcribed under my
11   direction; further, that the foregoing is an accurate
12   transcription thereof.
13        I further certify that I am neither
14   financially interested in the action nor a relative or
15   employee of any attorney of any of the parties.
16        IN WITNESS WHEREOF, I have this date
17   subscribed my name.
18
19   Dated: January 29, 2008.
20
21
              JANIS JENNINGS
22            CSR NO. 3942
23
24
25
```

59 (Page 230)