Robert P. Varian (STATE BAR NO. 107459)
Walter F. Brown, JR. (STATE BAR NO. 130248)
Jonathan B. Gaskin (STATE BAR NO. 203625)
M. Todd Scott (STATE BAR NO. 226885)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:   415-773-5700
Facsimile:    415-773-5759
E-mail:         rvarian@orrick.com
                    wbrown@orrick.com
                    jgaskin@orrick.com
                    tscott@orrick.com

Attorneys for Non-Party Gary Dickerson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>   v.<br><br>KENNETH L. SCHROEDER,<br><br>          Defendant. | Case No. C-5:07-cv-3798-JW (HRL)<br><br>**NON-PARTY GARY DICKERSON'S NOTICE OF JOINDER AND JOINDER IN NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES**<br><br>Date:    March 11, 2008 [*expedited hearing requested for February 12, 2008*]<br>Time:   10:00 a.m.<br>Dept.:   Courtroom 2, 5th Floor (SJ)<br>Judge:  Magistrate Judge Howard R. Lloyd |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that non-party Gary Dickerson, through his attorneys, hereby joins KLA-Tencor Corporation's and John Kispert's Motion for Protective Order Re: Depositions of Current and Former KLA Witnesses ("Motion for Protective Order").  The Motion for Protective Order is scheduled to be heard on March 11, 2008 at 10 a.m. in Courtroom 2 of the above-referenced court, located at 280 South 1st Street, San Jose, California.  KLA-Tencor Corporation ("KLA") and Defendant Kenneth Schroeder have filed a stipulation seeking to have the Motion for Protective Order heard on shortened time, specifically February 12, 2008, at 10:00 a.m. in the above-referenced court.

Mr. Dickerson joins the Motion for Protective Order to respectfully request that the Court enter a protective order staying the deposition of Mr. Dickerson, currently scheduled for March 31, 2008, until after the Court rules on Defendant Kenneth Schroeder's Motion to Dismiss the Complaint, which is scheduled to be heard on March 24, 2008.  While Mr. Dickerson joins the Motion for Protective Order, he specifically retains all other objections to his deposition on March 31, 2008 or another date.  This Joinder is based on this Notice of Joinder, Joinder, and the following Memorandum of Support; the Motion for Protective Order, its supporting Memorandum of Points and Authorities, its supporting Declaration of Thomas R. Green, and its Proposed Order; the Stipulation and [Proposed] Order to Shorten Time on KLA-Tencor Corporation's Motion for Protective Order and its supporting Declaration of Thomas R. Green; and any argument of counsel for KLA and oral argument entertained by the Court at the hearing on the Motion for Protective Order.

**MEMORANDUM OF SUPPORT**

Mr. Dickerson is a former officer of KLA and a non-party to this action.  Mr. Schroeder has issued a deposition subpoena to Mr. Dickerson and scheduled his deposition for March 31, 2008 at 9 a.m.  Since Mr. Schroeder's Motion to Dismiss could dispose of this case, requiring non-party Mr. Dickerson to prepare for and be subjected to a deposition could prove an unnecessary and expensive waste of time, for both Mr. Dickerson and the public company he serves as CEO.  And as Mr. Schroeder has argued elsewhere in this case, delaying depositions

1  does not preclude the parties from pursuing other forms of discovery.  See Motion of Kenneth L.
2  Schroeder for Protective Order Regulating Timing of Deposition 12-14.
3        Moreover, Mr. Dickerson understands that KLA may raise attorney-client and attorney
4  work product privilege objections to some or all of Mr. Dickerson's deposition testimony and that
5  Mr. Schroeder intends to challenge these assertions.  Until the Court rules on these critical
6  privilege issues, it would again be a poor use of resources to require non-party Mr. Dickerson to
7  prepare for and be subjected to a potentially incomplete deposition.  Were Mr. Schroeder to
8  prematurely take such a deposition, Mr. Dickerson would likely be instructed by KLA not to
9  answer some or all of Mr. Schroeder's questions, only to later be subjected to a second deposition
10 based on privileged materials.
11       For all the reasons stated above and in the Motion for Protective Order, Mr. Dickerson
12 respectfully requests that the Court enter a protective order staying the deposition of non-party
13 Mr. Dickerson until after the Court rules on Defendant Kenneth Schroeder's Motion to Dismiss
14 the Complaint and resolves all efforts by Mr. Schroeder to challenge KLA's assertion of
15 privilege.

16 Dated: February 8, 2008

ROBERT P. VARIAN
WALTER F. BROWN, JR.
JONATHAN B. GASKIN
M. TODD SCOTT

Orrick, Herrington & Sutcliffe LLP

_____
JONATHAN B. GASKIN
Attorneys for Non-Party Defendant
Gary Dickerson