MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal Bar No. 178570)
  fickesm@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-07-3798 JW/HRL |
| Plaintiff, | |
| vs. | **STIPULATED DISCOVERY PLAN and [PROPOSED] ORDER** |
| KENNETH L. SCHROEDER, | |
| Defendant. | |

Pursuant to this Court's Order dated January 7, 2008, and with the direction and guidance of United States Magistrate Judge Howard R. Lloyd at the Discovery Conference held on January 29, 2008, plaintiff Securities and Exchange Commission (the "Commission") and defendant Kenneth L. Schroeder ("Mr. Schroeder") hereby agree and stipulate to the following Stipulated Discovery Plan.

I.  <u>Noticing and Taking Depositions in Excess of Presumed Limits Under the FRCP</u>

Deposition discovery in this case shall be conducted in two phases, the <u>First Phase</u> and the <u>Second Phase</u>.  In the <u>First Phase</u>, each party shall be entitled to notice and take up to 40 depositions.

1  The parties agree that no further leave of Court, pursuant to FRCP 30(a)(2)(A), shall be required in
2  order for a party to notice and take up to 40 depositions.
3        The <u>Second Phase</u> governs the ability of either party to notice and take more than 40
4  depositions.  After a party has noticed or taken 40 depositions, prior to noticing any further
5  deposition, that party will comply with the following steps:  (1) Meet and confer with the opposing
6  party, identifying the person sought to be deposed and why that deposition is needed, in order to
7  obtain agreement that the deposition should go forward.  If agreement that the deposition may go
8  forward is reached between the parties, no further action is required and the party wishing to take the
9  deposition need not seek further leave of Court pursuant to FRCP 30(a)(2) to notice and take the
10 deposition.  (2) If, after meeting and conferring, no agreement is reached between the parties that the
11 deposition may go forward, the party wishing to take the deposition may seek leave from the Court
12 (Magistrate Judge Lloyd) to take the deposition, providing the Court with a brief (two-page or less)
13 statement setting forth: the need for the particular deposition, why the discovery cannot be had
14 through other means, and the reasons the parties have not been able to reach agreement.  The party
15 opposing the deposition may respond, within three business days after receipt of the opposing party's
16 statement, with a brief (two-page or less) statement setting forth: why the particular deposition is
17 unnecessary, and/or how the discovery may be had through other means, and the reasons the parties
18 did not reach agreement.  If the opposing party does not so respond, the deposition may proceed.
19       II.  <u>Scheduling Depositions: Required Meet and Confer</u>
20       The parties agree that, to the maximum extent possible, prior to noticing a deposition, a party
21 will contact the opposing party and the deponent to learn of availability and any obstacles to
22 availability during the time period contemplated for the deposition.  In offering dates for a deposition,
23 the noticing party will provide alternatives unless the deponent is unavoidably available only on a
24 single date; if a deponent is temporarily unavailable during most or all of the desired period for taking
25 their deposition, the noticing party should first attempt to accommodate them and opposing counsel
26 by seeking a deposition during another period, rather than offering inconvenient dates or times for the
27 deposition.
28

III. Conducting Depositions

The parties agree to the following procedures for dividing the time allocated and interposing objections during depositions:

(1) Only one attorney per party may ask questions or interpose objections during a deposition, unless an attorney for a party is required to leave the deposition early or join it late; in any event, only one attorney per party may ask questions or object at any given time. (2) The noticing party will reserve one hour of the seven hour deposition to the opposing party for further questioning at the end of the deposition. To the extent a party needs more time to question a witness than one hour, the party may cross-notice a deposition.

IT IS SO STIPULATED:

DATED:   February 8, 2008

/s/ Susan F. LaMarca
Susan F. LaMarca
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION


/s/  Jeffrey B. Coopersmith
Shirli Weiss
David Priebe
Jeffrey B. Coopersmith
DLA PIPER US LLP
Attorneys for Defendant
Kenneth L. Schroeder

**[PROPOSED] ORDER AS TO STIPULATED DISCOVERY PLAN**

The parties shall comply with the above terms and procedures as agreed to in their Stipulated Discovery Plan.

**IT IS SO ORDERED.**

Dated: _____

James Ware
UNITED STATES DISTRICT JUDGE