JAMES E. LYONS (Cal. Bar No. 112582)
LANELLE K. MEIDAN (Cal Bar No. 248561))
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
(415) 984-6400
(415) 984-2698 (fax)
jlyons@skadden.com
lmeidan@skadden.com

MATTHEW E. SLOAN (Cal. Bar No. 165165)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
(213) 687-5000
(213) 687-5600 (fax)
masloan@skadden.com

Attorneys for Non-Party Skadden, Arps, Slate,
Meagher & Flom LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KENNETH L. SCHROEDER,<br><br>　　　　　　Defendant. | CASE NO. C 07-3798-JW (HRL)<br><br>**NON-PARTY SKADDEN, ARPS, SLATE, MEAGHER & FLOM'S JOINDER IN NON-PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES**<br><br>Date: March 11, 2008<br>EXPEDITED HEARING REQUESTED ON FEBRUARY 12, 2008<br>TIME: 10:00 a.m.<br>DEPT.: Courtroom 2, 5th Floor (SJ)<br>JUDGE: Magistrate Judge Howard R. Lloyd<br>TRIAL DATE: None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that non-party Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") hereby joins Non-Parties KLA-Tencor Corporation's ("KLA") and John Kispert's ("Kispert") Motion for Protective Order Re: Depositions of Current and Former KLA Witnesses ("Motion for Protective Order").[1] By joining in this motion, Skadden seeks to preclude defendant Kenneth L. Schroeder ("Schroeder") from taking the deposition of Skadden attorney Elizabeth Harlan, whom defendant Schroeder has subpoenaed to be deposed on April 8, 2008, or any other current or former Skadden attorneys or Skadden representatives whom Schroeder may seek to depose in the future, until after the Court has heard and resolved defendant Schroeder's pending motion to dismiss and his anticipated motion to challenge KLA's and Skadden's claims of privilege on behalf of KLA's Special Committee.[2] *See* Declaration of Matthew Sloan ("Sloan Decl."), ¶ 15. In addition, Skadden also requests that the Court stay Skadden and the Skadden Attorneys' obligation to produce any documents in response to defendant Schroeder's pending or future discovery requests (except for the limited category of documents which Skadden has already agreed to produce in early February) until the resolution of defendant Schroeder's motion to dismiss. Because the granting of defendant's motion to dismiss would obviate the need for Skadden or any Skadden attorneys to produce any documents or for any Skadden attorneys to appear for depositions, the Court should grant KLA's and Kispert's motion for a protective order and also grant the modified relief requested in this joinder.

**I.   INTRODUCTION AND PROCEDURAL BACKGROUND**

In May 2006, KLA's Board of Directors appointed a Special Committee comprised of two Board members to investigate certain aspects of the Company's stock option granting practices. *See* Sloan Decl. ¶ 4. The Special Committee retained Skadden as legal counsel to assist

---

[1] Defendant Kenneth L. Schroeder has served records subpoenas on Skadden, as an entity, and twelve current or former Skadden attorneys (the "Skadden Attorneys") in the their individual capacities. In addition, defendant Schroeder has also served a deposition subpoena on Skadden associate Elizabeth Harlan and has indicated, through his attorneys, that he will likely seek to depose several, if not all, of the other Skadden Attorneys.

[2] Skadden served as counsel to the Special Committee of KLA's Board of Directors which conducted the internal investigation of KLA's option granting practices.

NON-PARTY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP'S JOINDER IN NON-PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES
Case No. 5:07-cv-03798 JW

with the investigation. *Id.* One of Skadden's responsibilities in connection with the Special Committee investigation was to conduct interviews of approximately 55 witnesses. *Id.* ¶ 5. Ultimately, the Special Committee determined that, in certain circumstances, retroactive pricing of stock options had occurred at KLA. *Id.* ¶ 6. The Special Committee's findings were disclosed in a Form 10-K filed with the SEC on January 26, 2007. *Id.*

After the conclusion of the Special Committee's investigation, the Securities and Exchange Commission ("SEC") sued Schroeder in the present action in connection with the retroactive pricing of options at KLA. In November 2007, the SEC sought to take the deposition of Skadden attorney Elizabeth Harlan, who authored an interview memorandum regarding defendant Schroeder's interview by the Special Committee, and issued a subpoena for certain of her records. *Id.* ¶ 7. That deposition has not yet gone forward.

Counsel for defendant Schroeder thereafter launched a barrage of discovery requests on Skadden and the Skadden Attorneys. *Id.* ¶¶ 8-11. First, defendant Schroeder served Ms. Harlan with a subpoena requesting her to produce numerous privileged and work product documents. *Id.* ¶¶ 8, 9, Ex. A. Defendant Schroeder then served additional records subpoenas on Skadden and eleven current and former Skadden attorneys in addition to Ms. Harlan. *Id.* ¶¶ 9-10. Next, Schroeder served a subpoena cross-noticing Ms. Harlan's deposition. *Id.* ¶ 8. Although defendant Schroeder and the SEC have agreed to put off Ms. Harlan's deposition until April 8, 2008, Schroeder's counsel has indicated both verbally and in writing that she may seek to take the depositions of several other – and possibly all – of the remaining Skadden Attorneys in addition to Ms. Harlan.[3] *Id.* ¶ 13.

Each of the twelve subpoenas to the individual Skadden attorneys, including Ms. Harlan, contains ten separate requests for documents and the subpoena to Skadden contains an additional seventeen requests. *Id.* ¶ 11. In total, therefore, Skadden and its attorneys have been

---

[3] Defendant Schroeder and the SEC had initially requested that Ms. Harlan be deposed in early December 2007, but both parties agreed to postpone her deposition until April 8, 2008 in order to give defendant Schroeder an opportunity to resolve the outstanding privilege and work product issues with KLA, Skadden, and the Skadden Attorneys and to accommodate Ms. Harlan's personal schedule. *See* Sloan Decl. at ¶ 8.

served with 137 requests for documents. These requests have been the subject of repeated, lengthy meet and confer letters and emails, as well as an extended telephonic meet and confer between counsel for defendant Schroeder and counsel for Skadden, in an effort to work out discovery disputes caused by defendant Schroeder's sweeping requests for the production of privileged and work product documents including many internal documents generated by Skadden and the Skadden Attorneys during the internal investigation. Defendant Schroeder has previously indicated that he intends to file an omnibus motion to compel in order to resolve all of these outstanding privilege and work product issues prior to deposing any of the Skadden witnesses, but his recent attempts to depose several current and former KLA witnesses seems to reflect a new strategy. *Id.* ¶ 15.

The volume of the requests served on Skadden, including 137 document requests, along with the potential for as many as a dozen attorney depositions, is unduly burdensome and harassing, particularly in light of the fact that Skadden and the Skadden Attorneys are not parties in this case and thus have no interest in the outcome of the litigation. Accordingly, KLA's and Kispert's motion for a protective order should be granted (as modified by this joinder) in order to avoid imposing any additional burden on Skadden and the Skadden Attorneys until the resolution of defendant Schroeder's motion to dismiss and, in the event the motion is denied, the resolution of the outstanding privilege and work product disputes.

## II.   ARGUMENT

### A.   The Court Should Postpone All Depositions of Skadden and the Skadden Attorneys Until After the Court Has Ruled on Defendant Schroeder's Motion to Dismiss and Forthcoming Motion to Compel.

Skadden joins in the arguments set forth in the Motion for Protective Order, which assert that the depositions of KLA witnesses should be stayed until after the Court has ruled on the pending motion to dismiss, and if that motion is denied, until such time as the Court has ruled on defendant Schroeder's anticipated motion challenging KLA's assertion of the attorney-client privilege and the work product doctrine in connection with defendant Schroeder's document requests and questions propounded to the KLA witnesses at depositions. These same arguments

-- 3 --

apply to Skadden's request that any and all depositions of Skadden attorneys be postponed until the Court has ruled on Mr. Schroeder's motion to dismiss, and in the event that the Court denies that motion, until the Court has also resolved the outstanding privilege issues. To compel Skadden or the Skadden Attorneys to sit for depositions before these issues are resolved would impose an unwarranted burden on Skadden and the Skadden Attorneys for the reasons set forth in KLA's moving papers.

In addition to the arguments made in the Motion for Protective Order, Skadden further notes that as non-parties to this litigation, Skadden and the Skadden Attorneys are entitled to heightened protection from any undue burdens imposed by subpoenas. "The Federal Rules of Civil Procedure...afford nonparties special protection against the time and expense of complying with subpoenas." *Beinin v. Center for Study of Popular Culture*, No. C 06-2298 JW (RS), 2007 WL 832962 at *2 (N.D. Cal. Mar. 16, 2007) (denying defendant's motion to compel a nonparty to comply with a subpoena for the production of documents). "While discovery is a valuable right and should not be unnecessarily restricted...the 'necessary' restriction may be broader when a nonparty is the target of discovery." *Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (upholding the district court's quashing of a subpoena duces tecum issued to a nonparty and its denial of further discovery against the nonparty); *see also* California Practice Guide, William Schwarzer, § 11:1075 at 11-113 (noting that protective orders should be more easily granted where discovery is sought from third parties)(*citing Dart Industries, supra*). As such, the Court must limit discovery directed to non-parties, like Skadden and the Skadden Attorneys here, to protect them from undue "harassment, inconvenience, or disclosure of confidential documents." *Dart*, 649 F.2d at 649.

The burdensomeness of the requests is particularly acute here, where depositions and document discovery are sought from attorneys. Courts strongly disfavor allowing parties to take the depositions of attorneys because of the likelihood that such discovery will interfere with the attorney-client privilege and/or the work product doctrine. *See, e.g., Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1986) (plaintiffs were not allowed to take

-- 4 --

attorney's deposition where questions might cause attorney to reveal mental impressions protected by work product doctrine). As articulated in KLA's moving papers, moreover, allowing defendant Schroeder to proceed with depositions of Ms. Harlan or any other Skadden attorneys now, before the resolution of defendant's Schroeder's anticipated motion to compel, would largely be futile because Skadden would probably have to instruct its witnesses not to answer the overwhelming majority of questions propounded by Schroeder on grounds of privilege and/or work product.[4]

### B. The Court Should Postpone Further Document Productions by Skadden.

In its latest meet and confer letter, Skadden has agreed to make productions of certain categories of non-privileged documents to Mr. Schroeder in early February. *See* Sloan Decl. ¶ 14, Ex. B (M. Sloan 1/25/08 letter to S. Weiss) (indicating that Skadden will produce redacted copies of responsive billing records, attorney calendars, and metadata by early February). Skadden and the Skadden Attorneys intend to make production of these already promised documents to defendant Schroeder shortly. For the reasons articulated above and in the Motion for Protective Order, however, Skadden respectfully requests that its obligation and the obligations of the Skadden Attorneys to respond to or produce documents in response to all other pending or future document requests by defendant Schroeder should be stayed pending the Court's resolution of defendant Schroeder's motion to dismiss and, in the event that motion is denied, until the resolution of all outstanding privilege and work-product issues raised by that motion.

### III. CONCLUSION

For the foregoing reasons, Skadden requests that the Court grant KLA's request for a protective order, and further preclude defendant Schroeder from taking the deposition of Skadden Attorney Elizabeth Harlan or any other current or former Skadden attorneys, or representatives, whom Schroeder may seek to depose in the future, until after the Court has heard and resolved (1) defendant Schroeder's pending motion to dismiss and, if necessary, (2) Schroeder's anticipated

---

[4] The futility of such an exercise is perhaps best illustrated by defendant Schroeder's recent attempt to depose KLA's former General Counsel, Stuart Nichols. That attempt was largely in vain, as KLA and Mr. Nichols's counsel were forced to repeatedly instruct Mr. Nichols not to answer questions that would violate the attorney-client privilege or divulge attorney work product.

-- 5 --
NON-PARTY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP'S JOINDER IN NON-PARTIES KLA-TENCOR
CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT
AND FORMER KLA WITNESSES
Case No. 5:07-CV-03798 JW

motion to resolve all remaining privilege and work product issues. In addition, Skadden also requests that the Court stay Skadden and the Skadden Attorneys' obligations to produce any documents in response to defendant Schroeder's pending or future discovery requests, with the exception of the limited category of documents that Skadden has already agreed to produce in early February.

Dated: February 8, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Matthew E. Sloan
        Matthew E. Sloan

Attorneys for Non-Party Skadden, Arps, Slate, Meagher & Flom LLP