SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH (Bar No. 252819)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant*. | No. C 07 3798 JW<br><br>**DEFENDANT KENNETH L. SCHROEDER'S RESPONSE TO NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES**<br><br>**DATE:** February 12, 2008<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** 2, 5th Floor<br><br>**MAGISTRATE JUDGE HOWARD R. LLOYD** |

DLA PIPER US LLP

DEFENDANT KENNETH L. SCHROEDER'S RESPONSE TO NON PARTIES KLA-TENCOR CORPORATION'S AND JOHN KISPERT'S
MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS OF CURRENT AND FORMER KLA WITNESSES
Page 1                                                                                                      No. C 07 3798 JW

Defendant Kenneth L. Schroeder respectfully submits this Response To Non Parties KLA-Tencor Corporation's and John Kispert's Motion for Protective Order Re: Depositions of Current and Former KLA Witnesses.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Should the Court issue a protective order under Federal Rule of Civil Procedure 26(c), opposed by the defense, that effectively stays all deposition discovery in this case until after the District Court rules on Mr. Schroeder's Motion to Dismiss the Complaint.

**INTRODUCTION**

In the clearest sign yet of just how vigorously it intends to wield the attorney-client privilege and the work product doctrine to hinder defendant Kenneth L. Schroeder's ability to defend himself from the SEC's claims against him in this action, non-party KLA-Tencor Corporation ("KLA", or "the Company") (joined by John Kispert, Edward Barnholt, Kenneth Levy, Gary Dickerson and the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden")) now moves for a protective order under Federal Rule of Civil Procedure 26(c) that would prevent Mr. Schroeder from deposing *any* current or former officer, director or non-officer employee of KLA (collectively, the "KLA Deponents") until after the District Court rules on Mr. Schroeder's Motion to Dismiss the SEC's Complaint against him. KLA's motion effectively seeks a potentially months-long stay of deposition discovery in this case, as almost all of the witnesses on Mr. Schroeder's and the SEC's Rule 26 disclosure lists, the set of witnesses who may be deposed, fall within the broad scope of KLA's requested protective order.

KLA has not established good cause for a protective order staying deposition discovery in this case, and its motion should be denied. First, the protective order that KLA seeks is both unnecessary and substantially overbroad. Contrary to KLA's apparent belief, Mr. Schroeder has no intention of deposing witnesses whose testimony will significantly implicate matters that KLA claims are privileged before the District Court rules on his Motion to Dismiss. KLA has already clearly shown that it intends to assert sweeping privilege claims to prevent Mr. Schroeder from inquiring into the central allegations of the SEC's Complaint and the central issues that support his defense. KLA has made this abundantly clear, and Mr. Schroeder has no need to create a

further record on that point. In fact, the wall that KLA and the SEC have constructed based on assertions of the attorney-client privilege and work product doctrine to prevent Mr. Schroeder from defending the case is the basis for his Motion to Dismiss the Complaint. Nevertheless, there are a significant number of KLA Deponents who can be deposed by Mr. Schroeder without implicating KLA's privilege claims to any significant extent, if at all. Mr. Schroeder intends to depose a number of those witnesses while the Motion to Dismiss is pending, and KLA has not established good cause for why any such depositions should be stayed.

Second, the fact that Mr. Schroeder has filed a Motion to Dismiss is not itself sufficient to warrant a stay of deposition discovery in this case. Mr. Schroeder fully believes that his Motion to Dismiss is meritorious and will be granted. But Mr. Schroeder also intends to litigate this case actively until his Motion is granted, and he would be prejudiced by the stay of deposition discovery that KLA effectively requests. Although discovery in this case will continue until March 2009, this case is highly complex, with over 100 witnesses with knowledge and millions of pages of documents covering a time span of over eight years. The scale of this case will cause March 2009 to approach very quickly from a litigation standpoint. Moreover, Mr. Schroeder will be prejudiced in following up with discovery based on the actual testimony of witnesses if deposition discovery is pushed back significantly as requested by KLA's motion.

Third, although KLA and Skadden complain that they are mere third parties who should not be inconvenienced unnecessarily in any way, this assertion is like burning down your house for the insurance money and then complaining that you are homeless. KLA and its various agents are no ordinary "non-parties." KLA and its attorneys, including Skadden, worked hand-in-hand with the SEC in preparation for filing the Complaint. They volunteered documents and made witnesses available for interviews, including KLA's former in-house and outside counsel, without regard to any privilege that might have applied to that information. KLA traded cooperation with the SEC for leniency. That cooperation allowed KLA to settle the SEC's lawsuit against it involving its pervasively flawed accounting systems for its option processes with a mere wrist-

slap involving no financial penalties, and to save its currently serving directors and officers.[1] Having so successfully followed a well-known Special Committee tactic[2] espoused by some former U.S. Attorneys and thrown Mr. Schroeder "under the bus" and run him over, KLA and its various agents are now trying to back over him by denying Mr. Schroeder the ability to defend himself by inquiring into the SEC's claims.

Because KLA has not shown good cause to stay the depositions of all KLA Deponents pending the District Court's decision on Mr. Schroeder's Motion to Dismiss, the Court should deny its Motion for Protective Order.

## BACKGROUND

After a May 22, 2006 *Wall Street Journal* article suggested that KLA and other public companies had selected grant dates and exercise prices for employee stock options with hindsight (a practice that was not improper or uncommon, but that required special accounting treatment), the Department of Justice and the SEC commenced investigations of KLA's stock option granting practices. Facing civil and possible criminal penalties, KLA and the "Special Committee" of its Board that was formed to conduct an internal investigation hastened to volunteer cooperation to the government investigations in a prayer for leniency. As part of that strategy, KLA volunteered to the SEC, under the terms of an October 12, 2006 Confidentiality Agreement, numerous documents reflecting communications between KLA personnel and two lawyers who served as KLA's General Counsel, communications between KLA personnel and the Company's outside counsel concerning stock option grants, and at least 55 memoranda summarizing witness interviews taken by counsel for the Special Committee.

---

[1] *See* Consent of Defendant KLA-Tencor Corporation to Entry of Final Judgment, *SEC v. KLA-Tencor Corp.*, No. C 07-3799 (N.D. Cal. July 25, 2007) (attached as Exhibit 1 to the Declaration of Jeffrey B. Coopersmith, dated February 11, 2008 ("Coopersmith Decl.")).

[2] *See, e.g.*, Katheryn Hayes Tucker, *Ex-Prosecutor Dishes Up Advice to GCs on Government Probes*, Fulton County Daily Report, Oct. 19, 2007 (Coopersmith Decl. Ex. 2) ("Get friendly with the investigators. . . . Find out what they're looking for, whom they suspect, and when they think it happened. 'Your goal is to find out those individuals, separate them and if necessary toss them under the bus.'").

The SEC relied heavily on the documents and information it received from KLA and the Special Committee in conducting its investigation, and the SEC ultimately made privileged communications that KLA provided to it under the Confidentiality Agreement the very cornerstone of its Complaint against Mr. Schroeder in this case. The SEC's core allegations, designed to show the crucial element of scienter to support its securities fraud claims, are based largely on the SEC's interpretation of communications involving former KLA General Counsel Stuart Nichols as to which KLA claims privilege. Mr. Schroeder's defense, in turn, is critically affected by communications between Mr. Nichols and KLA personnel, including the then-CFO John Kispert and Maureen Lamb, the then-Vice President of Finance, as well as communications of KLA's other former General Counsel, Lisa Berry, and KLA's outside counsel, the law firm of Wilson, Sonsini, Goodrich & Rosati ("WSGR").

After assisting the SEC in the preparation of its case (and, indeed, after self-interestedly pointing the finger at Mr. Schroeder to the SEC),[3] KLA has now broadly asserted the attorney-client privilege and the work product protection to prevent Mr. Schroeder from inquiring into the communications that form the basis for the SEC's scienter allegations and the circumstances surrounding those communications. In its meet-and-confer correspondence with Mr. Schroeder and at the January 27, 2008 deposition of former KLA General Counsel Stuart Nichols, KLA made it clear that it continues to assert the attorney-client privilege and work product protection over documents and communications that it provided to the SEC under the Confidentiality Agreement, and that it will instruct witnesses not to answer any questions concerning those communications.

---

[3] KLA has a strong financial stake in seeing the SEC succeed in this litigation for three reasons. First, in October 2006, to curry favor with the government and save itself from penalties, the Company blamed Mr. Schroeder for its option process failures, unilaterally and without judicial scrutiny terminating all of his contracts, cancelling millions of dollars of his contract benefits. KLA has admitted in its SEC filings that Mr. Schroeder's asserted claims of KLA misconduct against him could involve "a material amount." Second, KLA is the real party in interest in a pending derivative complaint against Mr. Schroeder and others. *See In re KLA-Tencor Corp. Shareholder Derivative Litig.*, No. C-06-3445 (JW) (N.D. Cal.). Third, KLA stands to be a direct beneficiary of a portion of the SEC's recovery in this case, as permitted by law. A victory by the SEC in this case would greatly aid KLA's position in all three of these areas.

The end result is a perverse and unfair situation where the SEC relies on KLA's privileged communications to make its case against Mr. Schroeder while KLA, with the SEC's acquiescence, prevents Mr. Schroeder from inquiring about those communications. KLA's privilege claims have made it impossible for Mr. Schroeder to defend himself in this case, and under these circumstances the SEC's maintenance of this action contravenes well-established principles of fundamental fairness and due process. Accordingly, on February 1, 2008, Mr. Schroeder filed his motion to dismiss the SEC's Complaint against him with prejudice on these grounds. Mr. Schroeder's Motion to Dismiss was set for the earliest date that the District Court had availability to hear the Motion: March 24, 2008.[4]

Citing its broad privilege claims and Mr. Schroeder's pending Motion to Dismiss, on February 6, 2008, KLA filed this motion to stay the depositions of all current and former KLA officers, directors and employees and requested that Mr. Schroeder stipulate to a request to this Court to shorten time on the motion. Mr. Schroeder agreed to the request to shorten time.

**ARGUMENT**

**A.    Legal Standard**

Federal Rule of Civil Procedure 26(c) provides that a court can, "for good cause shown," issue a protective order staying or limiting discovery where necessary to protect a person from whom discovery is sought from, *inter alia*, "undue burden or expense." Although courts have discretion to issue protective orders staying discovery under Rule 26(c), the moving party must meet a "heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (same); *Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal.

---

[4] A complete copy of Mr. Schroeder's Motion to Dismiss and supporting Declaration with Exhibits is attached as Exhibit 3 to the Coopersmith Declaration.

1995) (same). The moving party "must show a particular and specific need for the protective order" before a stay of discovery is appropriate. *Gray*, 133 F.R.D. at 40.[5]

**B.   KLA Has Not Established Good Cause For A Protective Order Staying Deposition Discovery.**

1.   <u>The Requested Protective Order Is Unnecessary And Overbroad.</u>

KLA argues that a protective order staying the depositions of all KLA Deponents until after the District Court decides Mr. Schroeder's Motion to Dismiss is necessary because KLA intends to instruct them not to answer questions on the basis of the attorney-client privilege and/or the work product doctrine, and it will be therefore be inefficient and unduly burdensome to permit any KLA Deponents to be examined while the Motion to Dismiss is pending. KLA's concerns are simply unfounded. Although Mr. Schroeder plans to examine a number of KLA Deponents before the March 24, 2008 hearing on his Motion to Dismiss, he does not intend to depose any KLA Deponents whose testimony is likely to significantly implicate matters over which KLA asserts claims of privilege. In fact, Mr. Schroeder has attempted to work with KLA to schedule depositions efficiently so that only those where privilege concerns are not significantly implicated would go forward prior to a ruling.

In its motion, KLA notes specifically that Mr. Schroeder has subpoenaed the deposition testimony of eight KLA Deponents before the end of March. *See* Protective Order Motion at 1. In his declaration in support of the Motion for Protective Order, counsel for KLA identifies those KLA Deponents as Stuart Nichols, Lars Samson, Kenneth Levy, John Kispert, Edward Barnholt, Maureen Lamb, Leslie Wilson, and Gary Dickerson. In fact, however, Mr. Schroeder intends to

---

[5] The filing of a motion for a protective order does not itself operate to stay discovery or prevent a deposition from going forward. *See, e.g.*, *Garcia v. Almieda*, No. 1:03-CV-066580-OWW-SMS P, 2006 WL 3001171, at *4 (E.D. Cal. Oct. 20, 2006) ("[F]iling a motion for a protective order does not work to immediately shield the moving party from the deposition. Rather, the moving party is shielded only if the motion is granted.") (citing, *inter alia*, *Pioche Mines Consolidated v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)); *see also Nelson v. Capital One Bank*, 206 F.R.D. 499, 500 (N.D. Cal. 2001) ("[A] motion for protective order does not ordinarily prevent a deposition from going forward absent the court's issuance of a protective order . . . ."). In this case, the Court has approved the parties' stipulated request to shorten time, and there are no depositions scheduled prior to an anticipated ruling on KLA's motion.

depose only one of those eight people — Edward Barnholt — between now and the hearing date on Mr. Schroeder's Motion to Dismiss. Two of the KLA Deponents mentioned — Messrs. Nichols and Samson — have been deposed already. Mr. Schroeder has not noticed the continuation of Mr. Samson's deposition and has no plans to take further testimony from Mr. Samson prior to the ruling on the Motion to Dismiss. *See* Coopersmith Decl. ¶ 6.b. Mr. Nichol's deposition was commenced on January 27, 2008,[6] in order for Mr. Schroeder's counsel to make a record of KLA's broad and pervasive assertion of privilege so as to accurately describe KLA's position to the Court in the Motion to Dismiss. Mr. Schroeder has not noticed the continuation of Mr. Nichols' deposition and has no plans to conclude Mr. Nichols' deposition so long as KLA is in a position to instruct him not to answer. *See id.* ¶ 6.a. Moreover, as explained in the Coopersmith Declaration, Mr. Schroeder's counsel has contacted the attorneys for Kenneth Levy, John Kispert, and Maureen Lamb to reschedule those depositions to a date after the hearing on the Motion to Dismiss because Mr. Schroeder's counsel expects that the examination of those witnesses about matters crucial to Mr. Schroeder's defense will trigger a plethora of privilege objections and instructions not to answer from KLA's counsel. *See id.* ¶ 6.c. Gary Dickerson's deposition is scheduled to commence on March 31, 2008, a week after the hearing on the Motion to Dismiss. Mr. Schroeder's counsel will also take Mr. Dickerson's deposition off calendar if this case remains pending and KLA still asserts the privilege at that time. *See id.* ¶ 6.d. The deposition of Leslie Wilson has not yet been scheduled, and it will not be until it is possible go forward without KLA instructing her not to answer. *See id.* ¶ 6.c.

Thus, the only one of the eight KLA Deponents named in the Motion for Protective Order that Mr. Schroeder expects to depose prior to March 24, 2008 is Edward Barnholt. Mr. Barnholt's deposition is set for February 22, 2008. Mr. Barnholt has been a member of KLA's Board of Directors since 1995, and he has served on the Compensation Committee of that Board (which has responsibility for granting stock options to KLA officers ) since 2000, a period that is highly relevant to the SEC's allegations against Mr. Schroeder. *See id.* ¶ 6.e. Mr.

---

[6] The scheduling of Mr. Nichols' deposition on a Sunday was at Mr. Nichols' request.

1  Schroeder's counsel is unaware of any topics on which Mr. Barnholt might be examined that
2  would significantly implicate KLA's privilege claims, *see id.*, and KLA has made no showing
3  that examination of Mr. Barnholt would necessarily implicate its privilege claims. Accordingly,
4  Mr. Schroeder intends to go forward with Mr. Barnholt's deposition, and there is no good cause
5  for a protective order to prevent Mr. Barnholt's deposition.

6  In addition, the protective order that KLA seeks, which would stay the deposition of any
7  current or former KLA officer, director, or employee, is remarkably overbroad. As explained
8  above, Mr. Schroeder recognizes that the depositions of certain KLA Deponents would likely be
9  so impeded by KLA's privilege assertions that it makes sense to take them off calendar while
10 Mr. Schroeder's Motion to Dismiss is pending and KLA continues to assert privilege. But KLA
11 does not seriously contend (and it has certainly made no showing) that the depositions of any and
12 all current or former KLA officers, directors, and employees will be so intertwined with KLA's
13 privilege claims that they cannot proceed so long as KLA continues to assert privilege claims.
14 Notably, during the February 6, 2008 deposition of Lars Samson, a former employee who worked
15 in KLA's Human Resources department, KLA's counsel objected and instructed Mr. Samson not
16 to answer questions based on privilege assertions on only two occasions during an entire day of
17 testimony. *See id.* ¶ 6.b. The mere possibility that KLA's counsel might interpose one or two
18 privilege objections over the course of a day's testimony is hardly sufficient to warrant a
19 sweeping protective order that stays virtually all deposition discovery in this case.

20 Mr. Schroeder currently intends to subpoena and depose a number of KLA Deponents in
21 addition to Mr. Barnholt prior to the March 24, 2008 hearing on Mr. Schroeder's Motion to
22 Dismiss. Those witnesses are: Jane Butler, Tracy LaBoy, Cynthia Mangan, Peter Campagna,
23 Kathryn Cross, Pat Marshall, Sharon Orlando, Arthur Schnitzer, Leo Chamberlain, Lida Urbanek,
24 James Bagley, Robert Bond, Raymond Bingham, and perhaps others as well, as schedules
25 permit. Mr. Schroeder's counsel has no reason to believe that the examination of any of those
26 witnesses would significantly implicate KLA's privilege claims. *See id.* ¶ 7. In the absence of
27 such a showing, KLA's bald assertions that the witnesses will be unduly burdened if deposed are
28 insufficient to warrant a protective order. *See Skellerup*, 163 F.R.D. at 600 ("The moving party

must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements.").

### 2. Mr. Schroeder's Motion To Dismiss Is Not Good Cause To Stay Deposition Discovery In This Case.

KLA also contends that the Court should stay the depositions of all KLA Deponents because Mr. Schroeder's Motion to Dismiss is currently pending before the District Court, and the motion, if granted, would obviate the need for any further discovery. It is well established, however, that the mere fact that a potentially dispositive motion — such as a motion to dismiss — is pending is insufficient to warrant a stay of discovery. *See Long v. Hewlett-Packard, Co.*, No. C06-02816 JW (HRL), 2006 WL 3751447, at *2 (N.D. Cal. Dec. 19, 2006) (Lloyd, M.J.); *Turner Broadcasting*, 175 F.R.D. at 556; *Gray*, 133 F.R.D. at 40 ("The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery."); *Hachette Distrib., Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991) ("Merely because these defendants filed an early dispositive motion does not in and of itself give rise to justification to warrant a stay.").

Mr. Schroeder's Motion to Dismiss the SEC's Complaint against him is potentially dispositive of this case, and Mr. Schroeder is confident that that District Court will ultimately conclude that it is fundamentally unfair for the SEC to use communications over which KLA claims privilege as the centerpiece of its complaint against Mr. Schroeder while KLA simultaneously invokes privilege to deny Mr. Schroeder the opportunity to test and refute the SEC's allegations. Nevertheless, Mr. Schroeder intends to litigate this case vigorously so long as it remains pending, and it would be prejudicial for this Court to impose a potentially months-long stay of deposition discovery while Mr. Schroeder's Motion to Dismiss is pending before the District Court. The very reason that the discovery period in this case is scheduled to last until March 2009 is that this case is complex and will require a significant amount of discovery. Granting a protective order barring the depositions of all KLA Deponents until after the District Court rules on the Motion to Dismiss would impede the progress of the litigation and would unfairly prejudice Mr. Schroeder in the event that the District Court does not grant his Motion to

1   Dismiss. *See Turner Broadcasting*, 175 F.R.D. at 556 (denying motion for protective order where
2   dispositive motion was pending; "The Court is interested in moving this case forward and
3   recognizes that it will require much discovery. The parties themselves have requested a discovery
4   period longer than suggested by the local rules."); *Hachette Distrib.*, 136 F.R.D. at 359 (denying
5   motion to stay that would "effectively impede the just and speedy administration of the progress
6   of this lawsuit").[7] Accordingly, the mere pendency of Mr. Schroeder's Motion to Dismiss does
7   not warrant the imposition of KLA's requested protective order.

8   **C.    Skadden's "Joinder" Is Improper And Unnecessary.**

9   Late on the evening of Friday, February 8, 2008, Skadden (which served as counsel to
10  KLA's Special Committee) filed a motion for "joinder" in KLA's motion. Skadden's "joinder" is
11  actually a separate and distinct motion for a protective order staying discovery involving Skadden
12  and its current and former attorneys. Mr. Schroeder objects to Skadden's attempt to piggyback its
13  motion onto KLA's motion and give Mr. Schroeder less than one business day to respond.
14  Skadden's motion is beyond the scope of the stipulation between Mr. Schroeder and KLA
15  shortening the hearing time for KLA's motion. Moreover, although Skadden is permitted to file a
16  motion for a protective order, there is no reason that Skadden's motion needs to be heard on an
17  abbreviated schedule. Accordingly, Mr. Schroeder requests that the Court disregard Skadden's
18  filing in its entirety.

19  In the event that the Court entertains Skadden's untimely filing, Mr. Schroeder calls to the
20  Court's attention that no Skadden attorneys have been subpoenaed to give deposition testimony
21  between now and the March 24, 2008 hearing date on Mr. Schroeder's Motion to Dismiss, and
22  there is therefore no reason that Skadden cannot set its motion for hearing in accordance with the

23

24  [7] The cases on which KLA relies are inapposite and do not authorize the relief that it requests.
None of those cases stands for the proposition that a non-party may use the fact of a defendant's
25  pending motion to dismiss to prevent the defendant from conducting discovery. Rather, in each
of those cases, the party who filed the dispositive motion sought to stay discovery. *See Wenger v.*
26  *Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (defendant sought stay pending ruling on
dispositive motion); *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (same); *Panola Land*
27  *Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (same); *Lowery v. Fed. Aviation*
*Admin.*, No. Civ.S93 1352EJG/GGH, 1994 WL 912632, at *2-3 (E.D. Cal. Apr. 11, 1994)
28  (same); *Grant v. Pitchford*, 565 F. Supp. 430, 431-32 (S.D. Cal. 1983) (same).

ordinary procedures required by the local rules. Further, the SEC, not Mr. Schroeder, initially noticed the one deposition that Skadden claims is at issue, that of Elizabeth Harlan, a Skadden associate who took notes at the Special Committee interviews of Mr. Schroeder and several other witnesses, including Stuart Nichols, Kenneth Levy, Gary Dickerson and Maureen Lamb. The deposition of Ms. Harlan is scheduled for April 8, 2008. The joint SEC/Skadden strategy, at least prior to the filing of Mr. Schroeder's Motion to Dismiss, was to allow Ms. Harlan to testify in response to any questions about what Mr. Schroeder said at his Special Committee interview, but to object on privilege grounds and instruct Ms. Harlan not to answer in response to any questions from Mr. Schroeder's counsel about what the other important witnesses said at their Special Committee interviews unless Mr. Schroeder agreed to a nonsensical "confidentiality order" stating that such testimony would not affect KLA's attorney-client privilege and work product protection claims. *See* Coopersmith Decl. ¶ 8. Apparently, Mr. Schroeder's Motion to Dismiss has led to a changed strategy to attempt to shut down depositions altogether. In any event, Mr. Schroeder has no objection if the SEC wants to take Ms. Harlan's deposition off calendar until after the privilege questions are resolved by dismissal or otherwise. If the SEC does so, Mr. Schroeder will do the same with the cross-notice of her deposition.

## CONCLUSION

For all of the reasons stated above, defendant Kenneth L. Schroeder respectfully requests that the Court deny KLA's Motion for Protective Order.

Respectfully submitted this 11th day of February, 2008.

DLA PIPER US LLP

Respectfully submitted,

By: /s/ Jeffrey B. Coopersmith

SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH (Bar No. 252819)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
    KENNETH L. SCHROEDER

SE\9107487.1