```
1   SHIRLI FABBRI WEISS (Bar No. 079225)
    DAVID PRIEBE (Bar No. 148679)
2   JEFFREY B. COOPERSMITH (Bar No. 252819)
    **DLA PIPER US LLP**
3   2000 University Avenue
    East Palo Alto, CA 94303-2248
4   Tel: (650) 833-2000
    Fax: (650) 833-2001
5   Email: shirli.weiss@dlapiper.com
    Email: david.priebe@dlapiper.com
6   Email: jeff.coopersmith@dlapiper.com

7   ELLIOT R. PETERS (Bar No. 158708)
    STUART L. GASNER (Bar No. 164675)
8   **KEKER & VAN NEST LLP**
    710 Sansome Street
9   San Francisco, CA 94111
    Tel: (415) 391-5400
10  Fax: (415) 397-7188
    E-mail: EPeters@KVN.com
11  E-mail: SGasner@KVN.com

12  Attorneys for Defendant
    KENNETH L. SCHROEDER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. C 07 3798 JW |
| *Plaintiff*, | **DECLARATION OF JEFFREY B. COOPERSMITH** |
| v. | DATE: February 12, 2008<br>TIME: 10:00 a.m. |
| KENNETH L. SCHROEDER, | COURTROOM: 2, 5th Floor (SJ) |
| *Defendant*. | **MAGISTRATE JUDGE HOWARD R. LLOYD** |

I, Jeffrey B. Coopersmith, declare under penalty of perjury that:

1. I am an attorney licensed to practice law in the State of California and am admitted to practice before this honorable Court. I am one of the attorneys representing Defendant Kenneth L. Schroeder in this case.

2. I have reviewed the motion of non-parties KLA-Tencor Corporation and John Kispert for a protective order regarding depositions of current and former KLA witnesses (docket entry number 45), and the accompanying declaration of Thomas R. Green (docket entry number 46). I have also reviewed Non-Party Skadden, Arps, Slate, Meagher & Flom's Joinder in Non-Parties KLA-Tencor Corporation's and John Kispert's Motion for Protective Order Re: Depositions of Current and Former KLA Witnesses, filed in the late evening of February 8, 2008 (docket entry number 56), as well as the joinders of other witnesses (docket entry numbers 49, 50, and 52). This declaration is in support of Mr. Schroeder's response to these filings.

3. Attached as Exhibit 1 hereto is a true and correct copy of the Consent of Defendant KLA-Tencor Corporation to Entry of Final Judgment, *SEC v. KLA-Tencor Corp.*, No. C 07-3799 (N.D. Cal. July 25, 2007).

4. Attached as Exhibit 2 hereto is a true and correct copy of: Katheryn Hayes Tucker, *Ex-Prosecutor Dishes Up Advice to GCs on Government Probes*, Fulton County Daily Report, Oct. 19, 2007.

5. Mr. Green states in paragraph 2 of his declaration that Mr. Schroeder has served subpoenas for the deposition testimony "of at least eight current and former KLA directors, officers and employees" and "has since requested deposition dates for an additional three current KLA employees, and indicated an intention to depose each of them as quickly as possible." The eight individuals listed by Mr. Green are: Stuart Nichols, Lars Samson, Kenneth Levy, John Kispert, Edward Barnholt, Maureen Lamb, Leslie Wilson, and Gary Dickerson. The three additional KLA employees that I believe Mr. Green is referring to are: Jane Butler, Tracy LaBoy, and Cynthia Mangan. Mr. Schroeder also intends to issue subpoenas to a number of additional current and former KLA employees and directors for deposition dates prior to the March 24, 2008 hearing on Mr. Schroeder's pending Motion to Dismiss the Complaint. A true and correct copy of Mr. Schroeder's Motion to Dismiss (with supporting declaration and exhibits) (docket entry numbers 39-40), as filed with the District Court on February 1, 2008, is attached hereto at Exhibit 3.

6. Of the eight individuals listed by Mr. Green in paragraph 2 of his declaration, I believe that only one deposition, that of Edward Barnholt, is in fact at issue. Each of the eight individuals listed by Mr. Green is addressed below:

a. Mr. Nichols was deposed on January 27, 2008, and KLA instructed him not to answer many questions on the grounds of the attorney-client privilege and/or the work product protection. Mr. Schroeder has no plans to reconvene Mr. Nichols' deposition to get substantive answers until after the Court rules on the pending Motion to Dismiss.

b. Mr. Samson was deposed on February 6, 2008. I have reviewed the rough transcript of this deposition (the final transcript is not yet available), and I have found that there were only two occasions in the course of an entire day's testimony where KLA's counsel instructed Mr. Samson not to answer on the basis of the attorney-client privilege or the work product protection. The two occasions where KLA instructed Mr. Samson not to answer appear at pages 115 and 197. Mr. Schroeder will provide the Court with a true and correct copy of the transcript upon request. Mr. Schroeder has not noticed the continuation of Mr. Samson's deposition and has no plans to take further testimony from Mr. Samson prior to the ruling on the Motion to Dismiss.

c. Kenneth Levy's deposition was set for February 14, 2008; John Kispert's deposition was set for February 19, 2008; Maureen Lamb's deposition was set for March 13, 2008; and Leslie Wilson's deposition has not been set. Counsel for Mr. Schroeder has informed counsel for KLA and counsel for Mr. Levy, Mr. Kispert, and Ms. Lamb that the depositions of these individuals will be taken off calendar (or, in the case of Ms. Wilson, not put on calendar) so long as KLA is in a position to object on privilege grounds and instruct not to answer, because the examinations of these witnesses would likely trigger a plethora of privilege objections and instructions not to answer from KLA's counsel on matters crucial to Mr. Schroeder's defense. Mr. Schroeder has informed counsel for KLA that the deposition of Ms. Wilson will not be scheduled until these issues are resolved.

d. The deposition of Gary Dickerson is currently set for March 31, 2008. The hearing on the pending Motion to Dismiss is set for March 24, 2008. Counsel for Mr. Schroeder

1  has informed counsel for KLA and counsel for Mr. Dickerson that Mr. Dickerson's deposition
2  will come off calendar in the event that KLA remains in a position to object and instruct
3  Mr. Dickerson not to answer on privilege grounds on March 31, 2008.

4        e.      With regard to the deposition of Edward Barnholt, it is my understanding
5  that Mr. Barnholt is a member of KLA's Board of Directors and has served in that capacity since
6  1995. It is also my understanding that he has served on the Compensation Committee of that
7  Board since 2000, a position and a period of time highly relevant to the SEC's allegations against
8  Mr. Schroeder. I am unaware of topics upon which we would examine Mr. Barnholt that would
9  implicate KLA's attorney-client privilege claims to any significant extent, and counsel for KLA
10 has not provided me with any such topics.

11       7.      The other depositions that Mr. Schroeder hopes to take prior to March 24, 2008
12 include the three employees mentioned by Mr. Green (Jane Butler, Tracy LaBoy, and Cynthia
13 Mangan), five additional members of the Compensation Committee (Leo Chamberlain, Lida
14 Urbanek, James Bagley, Robert Bond, and Raymond Bingham), and others similarly situated in
15 that we do not anticipate that KLA's privilege claims will come into play at these depositions to
16 any significant extent, as follows:

17       a.      It is my understanding that Ms. Butler was employed within KLA's Human
18 Resources Department at times relevant to the SEC's allegations against Mr. Schroeder, and has
19 knowledge relating to KLA's stock option granting procedures. I am unaware of topics upon
20 which we would examine Ms. Butler that would implicate KLA's attorney-client privilege claims
21 to any significant extent, and counsel for KLA has not provided me with any such topics.

22       b.      It is my understanding that Ms. LaBoy was employed within KLA's
23 Finance Department at times relevant to the SEC's allegations against Mr. Schroeder. It is also
24 my understanding that Ms. LaBoy has knowledge about KLA's stock option procedures, and that
25 her responsibilities included managing the inputs into Equity Edge, the computerized stock option
26 tracking database adopted by KLA (and many other companies). I am unaware of topics upon
27 which we would examine Ms. LaBoy that would implicate KLA's attorney-client privilege claims
28 to any significant extent, and counsel for KLA has not provided me with any such topics.

   c. It is my understanding that Ms. Mangan served as Gary Dickerson's administrative assistant during a time period relevant to the SEC's allegations against Mr. Schroeder, and that Mr. Dickerson was KLA's Chief Operating Officer and a member of KLA's Stock Option Committee from 1999 to 2004, a period highly relevant to the allegations against Mr. Schroeder. I am unaware of topics upon which we would examine Ms. Mangan that would implicate KLA's attorney-client privilege claims to any significant extent, and counsel for KLA has not provided me with any such topics.

   d. Mr. Schroeder may also attempt to schedule the depositions of five additional members of the Compensation Committee (Leo Chamberlain, Lida Urbanek, James Bagley, Robert Bond, and Raymond Bingham), and perhaps others, as schedules permit, prior to March 24, 2008. It is my understanding that these five witnesses served as members of the Compensation Committee at times highly relevant to the SEC's allegations against Mr. Schroeder. I am unaware of topics upon which we would examine them that would implicate KLA's attorney-client privilege claims to any significant extent, and counsel for KLA has not provided me with any such topics.

   e. Mr. Schroeder may also attempt to schedule the depositions of former KLA employees Peter Campagna, Kathryn Cross, Pat Marshall, Sharon Orlando, and Arthur Schnitzer prior to March 24, 2008. For these five witnesses, I am unaware of topics upon which we would examine them that would implicate KLA's attorney-client privilege claims to any significant extent, and counsel for KLA has not provided me with any such topics.

  8. Attached as Exhibit 4 hereto is a true and correct copy of the SEC's November 1, 2007, notice of deposition of Elizabeth Harlan, an attorney at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"). Skadden served as counsel for KLA's Special Committee, and Ms. Harlan took notes and wrote interview memoranda for the Special Committee's interviews of Mr. Schroeder and a number of other witnesses, including Stuart Nichols, Kenneth Levy, Gary Dickerson and Maureen Lamb. Attached as Exhibit 5 hereto is a true and correct copy of Mr. Schroeder's November 26, 2007 cross-notice of deposition for Ms. Harlan. The parties and Skadden later agreed to reschedule Ms. Harlan's deposition for April 8, 2008. Attached as

Exhibit 6 is a true and correct copy of a letter dated December 3, 2007 from Matthew Sloan of Skadden to Shirli Weiss, Mr. Schroeder's lead counsel. As stated in that letter at pages 2-3, Skadden's position prior to the filing of Mr. Schroeder's Motion to Dismiss on February 1, 2008, was that Skadden (on behalf of KLA) would allow the SEC to freely inquire of Ms. Harlan about Mr. Schroeder's statements to the Special Committee while claiming privilege to deny Mr. Schroeder the opportunity to inquire of Ms. Harlan about what other witnesses said to the Special Committee unless Mr. Schroeder agreed to a "confidentiality order" stating that such testimony would not affect the attorney-client privilege and work product protection that KLA claims. I have informed SEC counsel that if the SEC wishes to take Ms. Harlan's deposition off calendar, Mr. Schroeder will do the same with respect to his cross-notice of her deposition.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 11th day of February, 2008.

/s/ Jeffrey B. Coopersmith
Jeffrey B. Coopersmith

SE\9107571.1