# Exhibit 4

```
1  MARC J. FAGEL (Cal. Bar No. 154425)
   SUSAN F. LA MARCA (Cal. Bar No. 215231)
2    lamarcas@sec.gov
   MARK P. FICKES (Cal Bar No. 178570)
3    fickesm@sec.gov
   ELENA RO (Cal. Bar No. 197308)
4    roe@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
7  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-07-3798-JW |
|---|---|
| Plaintiff, | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF VIDEOTAPED DEPOSITION OF ELIZABETH HARLAN** |
| v. | |
| KENNETH L. SCHROEDER, | |
| Defendant. | |

## NOTICE OF VIDEOTAPED DEPOSITION

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, plaintiff Securities and Exchange Commission will take the oral deposition, under oath, of the following individual on Monday, December 3, 2007, at the Commission's San Francisco Regional Office, 44 Montgomery St., Suite 2600, San Francisco, CA 94104, telephone: (415) 705-2500, at the time indicated:

Elizabeth Harlan at 10:00 a.m. (Pacific Time) (contact: c/o Matthew E. Sloan, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071; (213) 687-5276).

This deposition will be recorded by stenographic, audio and videotape means and will take place before a certified shorthand reporter who is authorized to administer oaths.

DATED:    November 1, 2007

*Mark P. Fickes (by ELS)*
Mark P. Fickes
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## for the NORTHERN DISTRICT OF CALIFORNIA

Securities and Exchange Commission,

                Plaintiff,

vs.

**SUBPOENA IN A CIVIL CASE.**
CASE NUMBER: C 07-3798 (JW)

Kenneth L. Schroeder,
                Defendant.

TO: Elizabeth Harlan
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center
Suite 3800
San Francisco, CA 94111

Copy via email:
c/o Matthew E. Sloan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Securities and Exchange Commission<br>44 Montgomery Street, Suite 2600<br>San Francisco, CA 94104 | 10:00 a.m.<br>December 3, 2007 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Securities and Exchange Commission<br>44 Montgomery Street, Suite 2600<br>San Francisco, CA 94104 | 10:00 a.m.<br>November 15, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Mark P. Fickes (by Elena)* Regional Trial Counsel / Attorney for Plaintiff | November 1, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark P. Fickes    Securities and Exchange Commission
(415) 705-8103    44 Montgomery Street, Suite 2600, San Francisco, CA 94104

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| served | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE<br>By prior arrangement, received by fax and by U.S. mail, acknowledged by recipient, and returned to issuing party |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                       DATE                                         SIGNATURE OF SERVER

                                                                     _____
                                                                     ADDRESS OF SERVER


Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is no limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the material or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that , subject to the provisions of clause
(c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden
(B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>**ATTACHMENT A**</u>
SEC v. Kenneth L. Schroeder, Case No. C-07-3798-JW

## I. DEFINITIONS AND INSTRUCTIONS

"DOCUMENT" or "DOCUMENTS" means any and all records and information in the possession, custody or subject to YOUR control, whether drafts or finished versions, originals or annotated or non-identical copies, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise) including, but not limited to, books, papers, files, notes, account statements, confirmations, reports, correspondence, electronic files, electronic mail, memoranda, ledger sheets, reports, telegrams, telexes, telephone bills, messages or logs, notes or minutes of conversations or meetings, contracts, agreements, calendars, datebooks, diaries, computer programs, records of billings, checks, receipts, wire transfers, drafts for money, records of payment, magnetic tape, tape recordings, disks, diskettes, diskpacks or other electronic media, microfilm, microfiche, and other storage devices.

"KLA" means KLA-Tencor Corporation, its officers, directors, employees, attorneys, accountants, agents, affiliates, subsidiaries, and anyone acting on behalf of the company with express, implied, or apparent authority to do so.

"YOU" or "YOUR" means Elizabeth Harlan and any agents, attorneys, or others acting under YOUR control.

The terms "each," "any," and "all" are mutually interchangeable and are meant to encompass one another so as to make a request broadly inclusive rather than narrowly exclusive. Similarly, the conjunctive form "and" and the disjunctive form "or" are mutually interchangeable. Use of either the singular or the plural should not be deemed a limitation, and the use of the singular should be interpreted as including the plural form and vice versa.

"RELATING TO" a given subject matter means constituting, containing, embodying, comprising, reflecting, identifying, stating, referring to, regarding, dealing with, commenting on, responding to, describing, analyzing or being in any way pertinent to that subject.

"COMMUNICATIONS" means any and all reports (whether formal or informal), studies, recommendations, e-mail messages, faxes, letters, notes and documentation of verbal communications regarding KLA.

## II. DOCUMENTS AND INFORMATION TO BE PROVIDED

1. All DOCUMENTS that reflect or constitute notes, whether handwritten or typed, taken by YOU, RELATING TO the September 1, 2006 interview of Kenneth L. Schroeder by the Special Committee of KLA's Board of Directors.

2. All COMMUNICATIONS (including, but not limited to, reports (whether formal or informal), studies, recommendations, e-mail messages, faxes, letters, and documentation of verbal communications such as handwritten notes) sent or received by YOU, RELATING TO the interview memorandum authored by YOU of Kenneth L. Schroeder's September 1, 2006 interview by the Special Committee of KLA's Board of Directors.

3. All DOCUMENTS that reflect or constitute notes, whether handwritten or typed, taken by YOU, RELATING TO any/all conversations YOU had with counsel to Kenneth L. Schroeder, including but not limited to Shirli Fabbri Weiss, Esq., David Priebe, Esq., Jeff Coopersmith, Esq., Elliot R. Peters, Esq. and/or Stuart L. Gasner, Esq., from May 1, 2006 through the date of production.

4. All memoranda authored by YOU that memorialize any/all conversations YOU had with counsel to Kenneth L. Schroeder, including but not limited to Shirli Fabbri Weiss, Esq., David Priebe, Esq., Jeff Coopersmith, Esq., Elliot R. Peters, Esq. and/or Stuart L. Gasner, Esq., from May 1, 2006 through the date of production.

MARC J. FAGEL (Cal. Bar No. 154425)
fagelm@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
lamarcas@sec.gov
Mark P. Fickes (Cal Bar No. 178570
fickesm@sec.gov
ELENA RO (State Bar No. 197308)
roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>Defendant. | Case No. C-07-3798 JW<br><br>CERTIFICATE OF SERVICE |

I, Janet L. Johnston, am a citizen of the United States, over 18 years of age and not a party to this action. On November 1, 2007, I served the following:

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF VIDEOTAPED DEPOSITION OF ELIZABETH HARLAN (SUBPOENA ATTACHED)**

on counsel for defendant in this action by Federal Express, marked for next day delivery, with shipping fees provided for, addressed to the following:

1

Case No. C-07-3798 JW
CERTIFICATE OF SERVICE

1  Shirli Fabbri Weiss, Esq.
2  DLA Piper US LLP
   401 B Street, Suite 1700
3  San Diego, CA 92101-4297

4  Jeffrey B. Coopersmith, Esq.
   DLA Piper US LLP
5  701 Fifth Avenue, Suite 7000
   Seattle, WA 98104
6
   David A. Priebe, Esq.
7  DLA Piper US LLP
   2000 University Avenue
8  East Palo Alto, CA 94303

9
   I declare under penalty of perjury that the statements made above are true and correct.
10
   Executed in San Francisco, California on November 1, 2007.
11

12                                  *[signature]*
13                                  Janet L. Johnston

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          2                    Case No. C-07-3798 JW
                                                 CERTIFICATE OF SERVICE