MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal Bar No. 178570)
  fickesm@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH L. SCHROEDER,<br><br>Defendant. | Case No. C-07-3798 JW (HRL)<br><br>DECLARATION OF SUSAN F. LaMARCA<br><br>(IN SUPPORT OF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS)<br><br>Date: March 24, 2008<br>Time: 9:00 a.m.<br>Location: Courtroom 8, 4th Floor<br>       Honorable James Ware |

I, Susan F. LaMarca, declare that I have personal knowledge of the facts set forth below, and if called as a witness could and would competently testify as follows:

1. I am an attorney licensed to practice law and admitted to practice before the United States District Court for the Northern District of California. I am counsel of record for the Securities and Exchange Commission ("Commission") in this case.

2. On October 3, 2007, the Commission served its Initial Disclosures on defendant in this action, describing persons who may have discoverable information about the complaint, and documents the Commission received. By October 3, however, the Commission had already produced, mostly in electronic format, copies of the documents the Commission had received during its investigation, including each of the documents referenced in the complaint as well as memoranda prepared by KLA-Tencor's counsel (Skadden) of interviews of various persons. The Commission provided these documents to defendant without requiring that he serve formal Rule 34 requests; moreover, the electronic copies were provided to him without charge.

3. On November 1, 2007, the Commission served the first notice for a deposition in this case, directed to Elizabeth Harlan, an attorney with Skadden Arps. As we explained to defense counsel at the time, the Commission's counsel was aware that Ms. Harlan expected to be on extended leave after December 2007, so we scheduled the deposition to occur during the first week of December. Ms. Harlan and the parties agreed the deposition would occur on December 5, 2007.

4. In the days just before December 5, however, defense counsel suggested that privilege assertions that Skadden had made to a document subpoena the defendant sent to Ms. Harlan might present problems with her plans for questions at the deposition. Finally, on December 3, 2007, after several communications between the parties in which counsel for the defendant, Shirli Weiss, informed us that she was attempting to obtain a "clear statement" from Skadden about areas over which they would assert privilege, Ms. Weiss asked the Commission's counsel to agree to put over the deposition until April 2008. In her email message she stated: "the court might be annoyed if we make the witness appear only to be instructed not to answer when we could state the positions at issue on paper."

5. Although the Commission agreed to the several month delay in the first deposition we noticed, we understood the purpose of the delay was to accommodate the defense's stated objective of filing a motion to compel based on the clear statements about privilege the defense had received from Skadden. Through February 2008, defendant filed no such motion to compel, but on February 10, and February 22, defense counsel again asked the Commission to put over Ms. Harlan's deposition purportedly due to "privilege issues."

6. In mid-January 2008, Schroeder's counsel, Ms. Weiss, again indicated that she anticipated privilege issues would interfere with a deposition, this time of Stuart Nichols, whom the defendant had noticed for appearance on Sunday, January 27, 2008. (The Sunday schedule had been proposed by the deponent, and the parties agreed to accommodate him.) Ms. Weiss informed us that, although she was attempting to reach a stipulation with KLA to obviate the deposition, she anticipated that she would need to "make a deposition record," as she did not believe that the defendant and KLA would reach a stipulation. Also at this same time, on January 17 and 18, 2008, Ms. Weiss asked us about our availability for specific dates in February and March which she proposed for the hearing on her intended "motions to compel production of documents and testimony against both KLA and, separately, Skadden." Mr. Nichols' deposition went forward on January 27, 2008, but the motions to compel were never filed.

7. On December 17, 2007, the parties attended the initial case management conference, during which the principal issues appeared to be our disagreement over the discovery cut-off date, and the number of depositions to be allowed. Defense counsel suggested that discovery was complicated in this case by privilege issues that could be resolved only through lengthy and hard fought litigation with KLA.

8. On January 29, 2008, the parties attended the discovery conference with Magistrate Judge Lloyd, for the purpose of preparing a Stipulated Discovery Plan. We asked Magistrate Judge Lloyd to set a deadline for the defendant to file a motion to compel, stating our belief that defendant's failure to do so up until that date, while going forward with depositions, was causing inefficiencies and would needlessly result in multiple depositions of certain deponents. Magistrate Judge Lloyd declined to impose any deadline. Counsel for defendant, Ms. Weiss, stated that the motion to compel had not yet been filed because KLA had been "equivocal" about its assertion of privilege. She assured Magistrate Judge Lloyd and the Commission that a motion would be filed very soon and sought, and was granted by the Court, permission to file a single, 40-page brief, rather than two 25-page briefs directed at KLA and Skadden.

9. On February 1, 2008, defendant filed the instant "motion to dismiss" without counsel for defendant first meeting and conferring with the Commission regarding the issues in his moving

papers. In a conversation days after the filing, I informed defense counsel (Jeff Coopersmith) that the Commission regarded their unwillingness to meet and confer before filing defendant's motion to be a violation of the Local Rules requiring parties to meet and confer before filing any discovery motions. I further informed defense counsel that we considered the instant "motion to dismiss" to be a mislabeled discovery motion.

      I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of March 2008 in San Francisco, California

                /s/  Susan F. LaMarca
                Susan F. LaMarca