SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH (Bar. No. 252819)
STAN PANIKOWSKI III (Bar No. 224232)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com
Email: stanley.panikowski@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. C 07 3798 JW |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF SHIRLI FABBRI WEISS IN SUPPORT OF MOTION TO DISMISS** (Supplement to Declaration Filed on February 1, 2008) |
| v. | |
| KENNETH L. SCHROEDER, | Date:          March 24, 2008 |
| Defendant. | Time:          9:00 a.m. |
| | Courtroom:  8 |
| | Judge:        Hon. James Ware |

I, Shirli Fabbri Weiss, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and am admitted to practice before this honorable Court. I am lead counsel representing Defendant Kenneth L. Schroeder ("Schroeder") in this case. I have first hand knowledge of the events testified to in this declaration.

2.      In its opposition memorandum as well as in the Declaration of Susan LaMarca, the SEC spends considerable time scolding the defense for not pursuing the strategy that the SEC apparently has concluded is the defense's appropriate or "promised" strategy, and in suggesting that the defense has somehow behaved inappropriately with regard to the filing of this Motion. There were no "promises" made to the SEC and there is no basis for the SEC's innuendo of any improper conduct on the part of Schroeder's counsel. Nonetheless, since the SEC makes an issue of the events leading to Schroeder's filing of the Motion to Dismiss and urges erroneous inferences on the Court, what follows is a summary of events leading to the filing of the Motion to Dismiss.

**Pertinent Events Leading to the Filing of the Motion to Dismiss; The January 29, 2008 Discovery Conference Before Magistrate Judge Howard Lloyd; the February 12 Hearing on KLA and the KLA Witnesses' the Motions for Protective Order; Response to Statements Made in the Declaration of Ms. LaMarca Filed in Opposition to the Motion to Dismiss.**

3.      Shortly after the parties to this litigation were permitted to commence discovery, on October 19, 2007, Schroeder served document subpoenas on KLA-Tencor Corporation ('KLA"). KLA served Objections and Responses on November 8, 2007 and Amended and Supplemental Objections and Responses on December 14, 2007. Copies of the Subpoenas and the Amended and Supplemental Objections and Responses are attached hereto as Exhibits 17 and 18, respectively (the Exhibit numbers continue from the Exhibits identified and attached to my Declaration dated February 1, 2008 submitted in support of the Motion to Dismiss). KLA pervasively asserted the attorney-client privilege and work product protection as the bases for withholding numerous documents relevant to the claims and defenses in the case. Several meet

1  and confer conferences with counsel for KLA failed to resolve any privilege issues.

2      4.     On November 12, 2007, Schroeder served subpoenas for documents on counsel to

3  KLA's Special Committee, the law firm of Skadden Arps Slate, Meagher & Flom ("Skadden")

4  (and on individual attorneys who had attended witness interviews in KLA's Special Committee

5  options investigation). Skadden served Responses and Objections on behalf of the firm on

6  December 10, 2007. Copies of the Subpoena to Skadden and its Responses and Objections are

7  attached as Exhibits 11 and 12 to my February 1, 2008 Declaration filed in this motion. Skadden

8  pervasively asserted the attorney-client privilege and work product protection as the bases for

9  withholding documents relevant to the claims and defenses in the case. Several exchanges of

10  correspondence and meet and confer conferences with counsel for Skadden failed to resolve any

11  privilege issues.

12      5.     On November 1, 2007, the SEC served a notice of the deposition of Elizabeth

13  Harlan, a Skadden associate for an early December 2007 deposition and Schroeder thereafter

14  cross-noticed Ms. Harlan's deposition for the same day. Ms. Harlan was one of the associates at

15  Skadden who took notes at some of the witness interviews conducted by KLA's Special

16  Committee, including the interview of Schroeder. Schroeder's counsel intended to question Ms.

17  Harlan about her original interview notes and the later versions of interview memoranda (which

18  KLA had turned over to the SEC but not to Schroeder) with respect to all of the interviews she

19  attended. However, in correspondence, Skadden made clear that privilege objections would be

20  asserted to many of the questions that were likely to be posed to Ms. Harlan and Skadden refused

21  to produce Ms. Harlan's original notes of interviews conducted by the Special Committee.

22  Accordingly, rather than take her deposition, we endeavored to get a clear statement from

23  Skadden of its position. The decision to put off Ms. Harlan's deposition was mutually arrived at

24  among counsel for the SEC, Mr. Schroeder and Skadden. If the deposition had gone forward, it

25  would not have been completed because of privilege issues.

26      7.     Following the defense's receipt of the responses to subpoenas served on KLA,

27  Skadden, and the Skadden attorneys and our inability to resolve privilege issues through a meet

28  and confer process, the defense intended to bring a Motion to Compel Discovery, and I so advised

1  the SEC, Skadden and KLA.

2      8.    Schroeder also had noticed the deposition of the former General Counsel of KLA,

3  Stuart Nichols, for Sunday, January 27, 2008 (Mr. Nichols specifically requested a weekend day

4  for his deposition and both the SEC and Schroeder agreed to accommodate him).  The defense

5  considered trying to get a statement of KLA's position regarding privilege in lieu of Mr. Nichols'

6  deposition but in discussions with Mr. John Hemann, counsel for KLA, it seemed to me that he

7  equivocated on KLA's position and that trying to get a clear statement of KLA's position would

8  be a lengthy process (as had been the process with Skadden), so we decided to go ahead with the

9  deposition and in fact, we believe that at the deposition, as shown in the transcript to the

10  deposition, Exhibit 9 to my Declaration filed on February 1, 2008 in this motion, Mr. Hemann set

11  forth KLA's position regarding privilege.

12      9.    The defense also noticed the depositions of other witnesses to statements of

13  Nichols and Schroeder and of Berry, all necessary to the defense of Schroeder, including the

14  depositions of KLA's former Chief Financial Officer John Kispert, its Vice President of Finance,

15  Maureen Lamb and the former Chairman of the Board and a former CEO, Kenneth Levy.

16      10.    In light of the defense's intention to bring a motion to compel discovery, on

17  January 29, 2008 at the discovery conference conducted before Magistrate Judge Lloyd, I

18  requested permission to combine briefs in support of separate motions we intended to file against

19  KLA and Skadden who separately had asserted privileges in response to document and deposition

20  subpoenas.  As the defense team was completing the motion and I was personally reviewing the

21  cases, I was offered authority demonstrating that Mr. Schroeder had a Constitutional Due Process

22  right to defend the action unfettered and that it was not his burden to spend months and months

23  litigating privilege, but rather the SEC's burden resolve those issues if it brought a case that so

24  clearly implicated privileged communications.

25      11.    I then consulted with my colleague at DLA Piper, Stan Panikowski, former clerk

26  to Justice Sandra Day O'Connor, who has strong expertise in Constitutional Law and

27  fundamental fairness principles implicated by Constitutional Law and the defense team then

28  determined in good faith to bring the Motion to Dismiss instead of a Motion to Compel

1   Discovery.  There was no nefarious purpose or delay involved.  Once the decision was made we

2   worked virtually non-stop to complete the Motion to Dismiss which we then filed on February 1,

3   2008 shortly after the deposition of former General Counsel Stuart Nichols, whose deposition I

4   had believed was necessary foundation to the motion to compel (and also the motion to dismiss).

5   We obtained March 24, 2008 as the earliest date for hearing on the Motion to Dismiss, available

6   on this court's calendar (which allowed the SEC additional time to respond over and above that

7   prescribed by the Rules).  We had cleared the hearing date ahead of time with the SEC.  We did

8   not attempt to meet and confer regarding the Motion to Dismiss.  In response to Ms. LaMarca's

9   statement in her declaration regarding the SEC's view that we should have asked to meet and

10  confer with it prior to filing a motion to dismiss, I am not aware of any rule that requires such a

11  conference for such a motion.  Contrary to Ms. LaMarca's characterization, the Motion to

12  Dismiss is not a discovery motion.

13          12.     Following Mr. Nichols' deposition (where he was instructed not to answer almost

14  every question based on privilege), and the February 1, 2008 filing of Schroeder's Motion to

15  Dismiss, on February 6, 2008, KLA and some of the KLA witnesses whose depositions we had

16  noticed and Skadden filed Motions for Protective Orders to stay discovery entirely against the

17  current and former employees of KLA and the attorneys representing the Special Committee (we

18  had previously agreed to KLA's motion for an order shortening time so that KLA's Motion for a

19  Protective Order could be heard).  We opposed the motion on behalf of Schroeder.  At the

20  February 12, 2008 hearing on the Motions for Protective Order before Magistrate Judge Lloyd,

21  the SEC complained about Schroeder's change of strategy from filing a motion to compel

22  discovery to filing a motion to dismiss the Complaint.  The court acknowledged in its opinion,

23  however, that Schroeder was free to pursue the course he elected in the case.  See Order Granting

24  KLA-Tencor's Motion for A Protective Order, attached hereto as Exhibit 19, p. 4.  The court

25  declined to stay discovery entirely, but, granting KLA's Motion in part,[1] ruled that the depositions

26  of witnesses implicating privilege could not be taken until privilege issues were resolved.

27

28  _____
[1] The Court did not rule on Skadden's motion as it was filed untimely.

13.    In a telephone conference call attended by counsel for the SEC and Counsel for KLA and myself and Mr. David Priebe of our office, conducted during the time we were awaiting Magistrate Judge Lloyd's ruling on KLA's Motion for a Protective Order, I asked KLA's counsel, John Hemann if a hearing on privilege issues before Magistrate Judge Lloyd would have resolved the privilege issues if KLA had lost. He responded: "only if Magistrate Judge Lloyd is the Supreme Court." This indicated to me that KLA would appeal an adverse ruling on privilege and that litigation of the privilege issues in this case would likely be lengthy and burdensome.

14.    In short, there was no bad faith and no unnecessary delay in the defense's election of which motion to pursue in the case as a result of KLA's and Skadden's assertion of privilege. We indicated our prior intention to file a Motion to Compel Discovery to the SEC and to Magistrate Judge Lloyd which was true at the time, but we certainly did not promise the SEC anything. The Motion to Dismiss was filed in good faith and is based on the strong belief of the defense lawyers that the case should be dismissed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was signed in San Diego California on the date set forth below.

Executed on March 10, 2008.

_____
Shirli Fabbri Weiss

I hereby attest that I have on file all holographic signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

SD\1785380.1

SUPPLEMENTAL DECLARATION OF SHIRLI FABBRI WEISS IN SUPPORT OF REPLY
NO. C 07 3798 JW