# Exhibit 17

1  SHIRLI F. WEISS, Bar No. 79225
   shirli.weiss@dlapiper.com
2  DAVID A. PRIEBE, Bar No. 148679
   david.priebe@dlapiper.com
3  JEFFREY B. COOPERSMITH
   (Admitted *pro hac vice*)
4  jeff.coopersmith@dlapiper.com
   DLA PIPER US LLP
5  400 Capitol Mall, Suite 2400
   Sacramento, CA  95814-4428
6  Tel: 916.930.3200
   Fax: 916.930.3201
7
   Attorneys for Defendant
8  Kenneth L. Schroeder

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13  SECURITIES AND EXCHANGE          Case No. C-07-3798-JW
    COMMISSION,
14                                   NOTICE OF SUBPOENA FOR RECORDS
          Plaintiff,                 TO KLA-TENCOR CORPORATION
15
          v.
16
    KENNETH L. SCHROEDER,
17
          Defendant.
18

19

20

21

22

23

24

25

26

27

28
                                 1

1    **TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD:**

2    PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

3    Procedure, Defendant Kenneth L. Schroeder ("Defendant"), by his attorneys, demands that

4    deponent respond to the requests for production of documents and things identified in Attachment

5    A to the attached subpoena by producing the requested documents on or before Tuesday,

6    November 8, 2007, at 9:00 a.m. at the offices of DLA Piper US LLP, located at 153 Townsend

7    Street, Suite 800, San Francisco, California 94107-1957; Telephone: (415) 836-2500.

8

9    Dated: October 19, 2007                          DLA PIPER US LLP

10

11                                                    By

12                                                    SHIRLI F. WEISS
                                                      DAVID A. PRIEBE
13                                                    JEFFREY B. COOPERSMITH
                                                      Attorneys for Defendant
                                                      Kenneth L. Schroeder

14

15   SD\1763023.1

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA Piper US LLP
Seattle

2
NOTICE OF SUBPOENA FOR RECORDS TO KLA-TENCOR CORPORATION    CASE NO. C-07-3798-JW

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION
### V.

KENNETH L. SCHROEDER

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-07-3798-JW

TO: CUSTODIAN OF RECORDS FOR KLA-TENCOR CORPORATION c/o Morgan Lewis & Bockius, LLP, Attention: John Hemann, One Market, Spear Street Tower, San Francisco, CA 94105; (415) 442-1355

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A

| PLACE <br> DLA Piper US LLP, 153 Townsend Street, Suite 800, San Francisco, CA 94107-1957 | DATE AND TIME <br> November 8, 2007; 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> *Shirli Weiss, attorney for Kenneth Schroeder* | DATE <br> 10/19/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shirli F. Weiss, DLA Piper US LLP, 2000 University Avenue, East Palo, CA 94303-2214; (650) 833-2000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT A TO SUBPOENA TO KLA-TENCOR CORPORATION**

***SEC v. Schroeder***

**DEFINITIONS**

1.    "YOU" or "YOUR" or "THE COMPANY" shall mean and refer to KLA-Tencor Corporation and its predecessor corporations (including KLA Instruments and Tencor Instruments), all committees of its Board of Directors including its SPECIAL COMMITTEE (defined below) and its SPECIAL LITIGATION COMMITTEE (defined below), their agents, trustees, custodians, affiliates, law firms, accountants, representatives, consultants, or other persons acting under its direction or control.

2.    "SCHROEDER" shall mean and refer to Defendant Kenneth L. Schroeder.

3.    "COMMUNICATION(S)" shall mean the exchange of information by any means, including without limitation telephone, telecopy, facsimile, electronic mail, text message, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation or other form of verbal expression.

4.    "CONCERN" or "CONCERNING" shall mean relating to, referring to, describing, discussing, memorializing, reflecting, containing, evidencing or constituting.

5.    "DOCUMENT(S)" shall mean and include all "writings" as "writings" is defined in the Federal Rules of Evidence, Rule 1001(1), as well as all writings of any nature whatsoever within YOUR possession, custody or control, including but not limited to, contracts, agreements, COMMUNICATIONS, correspondence, telegrams, electronic mail, memoranda, records, power point presentations, reports, books, summaries, records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, billing records, work papers, drafts, copies, graphs, accounts, analytical records, minutes and other records of meetings, conferences, consultant reports, appraisals, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes, personal notes, handwritten notes, marginal notations, bills, invoices, checks, photographs, brochures, lists, journals, advertising, computer tapes, disks, or other computer storage media,

1  electronic or magnetic storage media, and all other matter, printed, recorded or photographic

2  matter or sound reproductions, including video and audio tapes, however produced or reproduced.

3      6.    "DOJ" shall mean and refer to the United States Department of Justice, including

4  its agents, custodians, attorneys, expert consultants, paralegals, representatives, or other persons

5  acting under the United States Department of Justice's direction or control.

6      7.    "LECG" shall mean and refer to LECG, LLC, including its agents, custodians,

7  expert consultants, representatives, or other persons acting under LECG's direction or control.

8      8.    "NASDAQ" shall mean and refer to the NASDAQ stock exchange and NASD,

9  Inc., including their predecessor entities, successor entities (including the Financial Industry

10  Regulatory Authority (FINRA)), agents, custodians, attorneys, expert consultants, representatives,

11  or other persons acting under the NASDAQ's direction or control.

12      9.    "PWC" shall mean and refer to PricewaterhouseCoopers International Limited,

13  including its member firms, predecessor firms, and their agents, custodians, attorneys, expert

14  consultants, representatives, or other persons acting under their direction or control.

15      10.   "RESTATEMENT" shall mean and refer to the Restatement announced in THE

16  COMPANY's Form 10-K filed with the Securities & Exchange Commission on January 29,

17  2007.

18      11.   "SEC" shall mean and refer to the United States Securities and Exchange

19  Commission, including its agents, custodians, attorneys, paralegals, expert consultants,

20  representatives, or other persons acting under the United States Securities and Exchange

21  Commission's direction or control.

22      12.   "SLC INVESTIGATION" shall mean and refer to the investigation conducted by

23  the SPECIAL LITIGATION COMMITTEE, its legal counsel and other advisors concerning

24  possible claims relating to KLA-TENCOR's historical stock option practices.

25      13.   "SPECIAL COMMITTEE" shall mean and refer to the Special Committee of

26  KLA-TENCOR's Board of Directors appointed on or about May 23, 2006 to investigate THE

27  COMPANY's historical stock option granting practices.

28  /////

14.   "SPECIAL LITIGATION COMMITTEE" shall mean and refer to the Special Litigation Committee appointed by KLA-TENCOR's Board of Directors to conduct an investigation of the possible claims of KLA-TENCOR relating to its historical stock option practices.

15.   "SPECIAL COMMITTEE INVESTIGATION" shall mean and refer to the internal investigation (including any follow-up activities) conducted by the SPECIAL COMMITTEE and its legal counsel, accounting experts, consultants, and other advisors, which investigation was initiated by KLA-TENCOR's Board of Directors on or about May 23, 2006 to examine the historical stock option practices of THE COMPANY.

## INSTRUCTIONS

1.   If any DOCUMENTS described in these Demands are not produced as demanded, then with respect to each such DOCUMENT please state:

(a)   The name, present or last known address, telephone number, present or last known business affiliation and location, job title and job responsibilities of the DOCUMENT's author, drafter or originator, each PERSON who edited, corrected, revised, amended or reviewed the DOCUMENT, each PERSON who entered any initials, comments or notations into the DOCUMENT, and each recipient of the DOCUMENT or a copy thereof;

(b)   The DOCUMENT date;

(c)   A description of the DOCUMENT's subject matter or general nature (i.e., opinion of counsel, report, letter);

(d)   The basis for not producing the DOCUMENT or a copy thereof; and

(e)   The present location of the DOCUMENT and every copy thereof, and the name of the PERSON in each location having custody or control of the DOCUMENT or a copy.

2.   This Demand for production requires that the DOCUMENTS be produced in the same form and in the same order in which they existed prior to production.

3.   This Demand for production is a continuing demand for all DOCUMENTS which are described herein which may hereafter come into YOUR possession, custody, or control.

1    4.    In the event that any DOCUMENTS referred to in YOUR response are not in

2    YOUR possession, custody, or control, please specify what disposition was made of them and by

3    whom the DOCUMENTS are now possessed, held in custody, or controlled.

4    5.    Wherever it is necessary to bring within the scope of these Demands

5    DOCUMENTS that might otherwise be construed to be outside its scope:

6        (a)    The words "and" and "or" shall be construed both disjunctively and

7    conjunctively;

8        (b)    The words "any" and "all" shall be construed to mean "any and all;"

9        (c)    The singular shall include the plural, and vice versa; and

10        (d)    The words "include(s)" and "including" shall be construed to mean

11    "including without limitation."

12    6.    These Demands require that YOU make available for inspection and copying each

13    responsive DOCUMENT or tangible thing that is within YOUR actual or constructive possession,

14    custody, care or control, including DOCUMENTS that YOU have a right to secure from any

15    other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants,

16    consultants, advisors or other PERSONS acting or purporting to act on YOUR behalf.

17    7.    Each category of DOCUMENTS in these Demands seeks production of each

18    responsive DOCUMENT in its entirety, without abbreviation or expurgation, including all

19    attachments or other matters affixed thereto.

20    8.    If a portion of an otherwise responsive DOCUMENT contains information subject

21    to a claim of privilege, only those portions of the DOCUMENT subject to the claim of privilege

22    shall be deleted or redacted from the DOCUMENT, and the rest of the DOCUMENT shall be

23    produced.

24    9.    Any DOCUMENT responsive to any category of these Demands that was, but no

25    longer is, in YOUR possession, custody or control, whether actual or constructive, shall be

26    described as completely as possible, and the following information shall be provided:

27        (a)    The manner of disposal, including destruction, loss, discarding, or any

28    other means of disposal;

DLA PIPER US LLP
SEATTLE

4
ATTACHMENT A TO SUBPOENA TO KLA-TENCOR CORPORATION   CASE NO. C-07-3798-JW

014

1        (b)   The date of disposal;

2        (c)   The reason for disposal;

3        (d)   The PERSON authorizing disposal;

4        (e)   The PERSON disposing of the DOCUMENT; and

5        (f)   The name and address of the most recent custodian of the DOCUMENT.

6    10.   TIME PERIOD OF DEMANDS: Unless otherwise specified, the time period

7 covered by these Demands is January 1, 1991 through the present.

8 ## DEMAND FOR PRODUCTION OF DOCUMENTS AND THINGS

9 ### PRODUCTION DEMAND NO. 1

10 All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the SEC.

13 ### PRODUCTION DEMAND NO. 2

14 All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the DOJ.

17 ### PRODUCTION DEMAND NO. 3

18 All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the NASDAQ.

21 ### PRODUCTION DEMAND NO. 4

22 All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, PWC.

///// ///// /////

DLA Piper US LLP
Seattle

5

ATTACHMENT A TO SUBPOENA TO KLA-TENCOR CORPORATION    CASE NO. C-07-3798-JW

015

**PRODUCTION DEMAND NO. 5**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from LECG.

**PRODUCTION DEMAND NO. 6**

All DOCUMENTS which you reviewed as part of the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT.

**PRODUCTION DEMAND NO. 7**

All DOCUMENTS which YOU created or prepared in connection with SPECIAL COMMITTEE INVESTIGATION, including all DOCUMENTS concerning interviews of witnesses, and summaries of option grants, including all drafts.

**PRODUCTION DEMAND NO. 8**

All DOCUMENTS which YOU created or prepared in connection with SLC INVESTIGATION, including all DOCUMENTS concerning interviews of witnesses, including all drafts.

**PRODUCTION DEMAND NO. 9**

All DOCUMENTS memorializing any interactions which you attended with representatives of the SEC, DOJ and/or NASDAQ CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT.

**PRODUCTION DEMAND NO. 10**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, members of the press or other news media.

**PRODUCTION DEMAND NO. 11**

All DOCUMENTS CONCERNING the COMPANY'S SEC filings that refer to or discuss the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts which YOU prepared or edited.

1

**PRODUCTION DEMAND NO. 12**

2
3

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the SEC.

4

**PRODUCTION DEMAND NO. 13**

5
6

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the DOJ.

7

**PRODUCTION DEMAND NO. 14**

8
9
10
11

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the NASDAQ, in any interaction with it in YOUR capacity as counsel for KLA-TENCOR or as counsel for any individual director or employee of KLA-TENCOR.

12

**PRODUCTION DEMAND NO. 15**

13
14
15

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, PWC.

16

**PRODUCTION DEMAND NO. 16**

17
18
19
20
21

All calendars, notebooks or diaries memorializing dates for telephone calls and/or meetings of Kenneth Levy, Jon Tompkins, Gary Dickerson, Joy Nyberg, Lisa Berry, Stuart Nichols, John Kispert, Maureen Lamb, Barbara Stebbins and Mark Nordstrom CONCERNING compensation of employees, accounting for employee compensation, stock option grants and/or corporate governance issues.

22

**PRODUCTION DEMAND NO. 17**

23
24
25
26

All DOCUMENTS CONCERNING the dates, times, participants and length of meetings and/or telephone calls which YOU had with the SEC, DOJ and/or NASDAQ CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or SLC INVESTIGATION, including attorney billing records and calendar entries.

27

/////

28

/////

**PRODUCTION DEMAND NO. 18**

All DOCUMENTS CONCERNING meetings and/or telephone calls which YOU had with representatives of the press or other news media CONCERNING SCHROEDER, LEVY, the SPECIAL COMMITTEE INVESTIGATION and/or the SLC INVESTIGATION, including attorney billing records and calendar entries.

**PRODUCTION DEMAND NO. 19**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from the press.

**PRODUCTION DEMAND NO. 20**

All lists of search words, terms, or phrases that you used to search through DOCUMENTS in connection with the SPECIAL COMMITTEE INVESTIGATION OR SPECIAL LITIGATION COMMITTEE INVESTIGATION.

**PRODUCTION DEMAND NO. 21**

All DOCUMENTS CONCERNING the RESTATEMENT.

**PRODUCTION DEMAND NO. 22**

All DOCUMENTS CONCERNING KLA-TENCOR's SPECIAL COMMITTEE INVESTIGATION which the law firms of Skadden Arps Slate Meagher & Flom LLP on behalf of the SPECIAL COMMITTEE or Morgan Lewis, on behalf of the COMPANY transmitted to, read to (in whole or in part), summarized to, presented to or received from any government agency or the NASDAQ.

**PRODUCTION DEMAND NO. 23**

All DOCUMENTS CONCERNING KLA-TENCOR's stock option grants to directors and any other non-employee of the COMPANY.

/////
/////
/////
/////

1

**PRODUCTION DEMAND NO. 24**

2    All DOCUMENTS CONCERNING KLA-TENCOR's accounting for stock option

3    grants, both before and after the SPECIAL COMMITTEE INVESTIGATION, including all

4    DOCUMENTS transmitted to and received from PWC or LECG in connection with the

5    RESTATEMENT.

6    **PRODUCTION DEMAND NO. 25**

7    All DOCUMENTS CONCERNING action or remedial measures that YOU took as a

8    result of the SPECIAL COMMITTEE INVESTIGATION, including documents CONCERNING

9    resignations of directors from YOUR board of directors, terminations of officers and/or

10   employees, cancellations of options, re-pricing of options and payment of bonuses on account of

11   re-priced options.

12   **PRODUCTION DEMAND NO. 26**

13   All DOCUMENTS CONCERNING interviews of KLA-TENCOR current and former

14   directors, officers, attorneys, employees, auditors, and consultants in whatever form (including

15   memoranda, reports, handwritten notes, e-mails, dictation and summaries) that were conducted as

16   part of the SPECIAL LITIGATION COMMITTEE INVESTIGATION.

17   **PRODUCTION DEMAND NO. 27**

18   All DOCUMENTS evidencing the Board and/or the Compensation Committee's

19   intention that officer grants be dated the same day as employee grants.

20   **PRODUCTION DEMAND NO. 28**

21   All DOCUMENTS concerning the Board of Directors' granting of options to Section 16b

22   officers including all DOCUMENTS evidencing any follow-up to assure that the Secretary,

23   General Counsel or Human Resources had properly documented its grants.

24   **PRODUCTION DEMAND NO. 29**

25   All DOCUMENTS CONCERNING the number and dates of options granted by the

26   Company to each of its directors and officers.

27

28

019

**PRODUCTION DEMAND NO. 30**

All DOCUMENTS concerning the Compensation Committee's granting of options to Section 16b officers including all DOCUMENTS evidencing any follow-up to assure that the Secretary, General Counsel or Human Resources had properly documented its grants.

**PRODUCTION DEMAND NO. 31**

All DOCUMENTS CONCERNING Part I, Item 3 (Legal Proceedings) and Part II, Item 7 (Management Discussion & Analysis) of THE COMPANY's Form 10-K filed on January 29, 2007, including all drafts of these items.

**PRODUCTION DEMAND NO. 32**

All DOCUMENTS CONCERNING the conclusions of the SPECIAL COMMITTEE set forth on pages 24 and 34 of THE COMPANY's Form 10-K filed January 29, 2007, including all drafts these items.

**PRODUCTION DEMAND NO. 33**

All DOCUMENTS CONCERNING measurement dates for option grants applied before and as a result of the RESTATEMENT.

**PRODUCTION DEMAND NO. 34**

All DOCUMENTS CONCERNING interviews of KLA-TENCOR current and former directors, officers, employees, auditors, and consultants in whatever form (including memoranda, typed reports, handwritten notes, and summaries) that were conducted in connection with the SLC INVESTIGATION.

**PRODUCTION DEMAND NO. 35**

All DOCUMENTS transmitted to or received from PWC CONCERNING the SLC INVESTIGATION, including all COMMUNICATIONS, binders and document compilations.

**PRODUCTION DEMAND NO. 36**

All DOCUMENTS provided to or received from LECG CONCERNING the SLC INVESTIGATION, including all COMMUNICATIONS, binders and document compilations.

1

**PRODUCTION DEMAND NO. 37**

2

All DOCUMENTS provided to or received from Skadden Arps Slate Meagher & Flom

3

LLP CONCERNING the SPECIAL INVESTIGATION.

4

**PRODUCTION DEMAND NO. 38**

5

All DOCUMENTS provided to or received from Morgan, Lewis & Bockius LLP

6

CONCERNING the SPECIAL INVESTIGATION.

7

**PRODUCTION DEMAND NO. 39**

8

All minutes of the meetings of THE COMPANY's Board of Directors.

9

**PRODUCTION DEMAND NO. 40**

10

All minutes of the meetings of THE COMPANY's Audit Committee.

11

**PRODUCTION DEMAND NO. 41**

12

All minutes of the meetings of THE COMPANY's Compensation Committee.

13

**PRODUCTION DEMAND NO. 42**

14

All DOCUMENTS CONCERNING KLA-TENCOR's unanimous written consents

15

granting stock options.

16

**PRODUCTION DEMAND NO. 43**

17

All DOCUMENTS CONCERNING THE COMPANY'S decision to pay its CEO,

18

Wallace, and any other officers or employees, a bonus to make up for re-pricing any of their mis-

19

dated options.

20

**PRODUCTION DEMAND NO. 44**

21

All DOCUMENTS CONCERNING COMMUNICATIONS between Lisa Berry and

22

anyone CONCERNING stock options, accounting for stock options, stock option procedures,

23

selection of stock option grant dates and all DOCUMENTS found on her computer relating to the

24

same subjects.

25

/////

26

/////

27

28

1

## PRODUCTION DEMAND NO. 45

2       All DOCUMENTS CONCERNING the SLC INVESTIGATION that were shared, in

3   whole or in part, by oral reference or otherwise with any government agency or stock exchange,

4   including the SEC, the DOJ, or NASDAQ.

5

## PRODUCTION DEMAND NO. 46

6       ALL DOCUMENTS CONCERNING any KLA-TENCOR stock option committee.

7

## PRODUCTION DEMAND NO. 47

8       All DOCUMENTS created by, sent by or to, or received by or from any current or former

9   employee of THE COMPANY's Human Resources Department, Finance Department, Legal

10  Department, or stock option committee CONCERNING THE COMPANY's stock option grants,

11  which grants were dated on or as of the following dates:

12

      1.      November 14, 1991

13

      2.      September 14, 1992

14

      3.      July 26, 1994

15

      4.      April 18, 1995

16

      5.      January 15, 1996

17

      6.      September 17, 1996

18

      7.      October 8, 1996

19

      8.      April 30, 1997

20

      9.      July 21, 1997

21

      10.    July 31, 1997

22

      11.    October 30, 1997

23

      12.    November 24, 1997

24

      13.    January 20, 1998

25

      14.    March 18, 1998

26

      15.    April 27, 1998

27

      16.    June 3, 1998

28

      17.    June 22, 1998

      18.    August 5, 1998

      19.    August 31, 1998

      20.    September 10, 1997

      21.    October 19, 1998

22. October 23, 1998
23. November 3, 1998
24. November 30, 1998
25. December 16, 1998
26. January 22, 1999
27. February 26, 1999
28. March 24, 1999
29. April 19, 1999
30. May 26, 1999
31. June 15, 1999
32. July 26, 1999
33. August 20, 1999
34. November 30, 1999
35. December 16, 1999
36. January 28, 2000
37. February 18, 2000
38. April 14, 2000
39. May 25, 2000
40. July 5, 2000
41. August 13, 2000
42. October 17, 2000
43. November 10, 2000
44. December 22, 2000
45. February 9, 2001
46. April 4, 2001
47. May 30, 2001
48. July 10, 2001
49. October 2, 2001
50. November 20, 2001
51. January 18, 2002
52. February 28, 2002
53. January 24, 2005

## PRODUCTION DEMAND NO. 48

All DOCUMENTS CONCERNING COMMUNICATIONS sent by or received by Stuart J. Nichols CONCERNING stock options, the authority to grant or price stock options, Board

DLA PIPER US LLP
SEATTLE

13

ATTACHMENT A TO SUBPOENA TO KLA-TENCOR CORPORATION    CASE NO. C-07-3798-JW

1    ratification of stock option grants, including but not limited to, all drafts of the memorandum sent

2    by Nichols dated March 19, 2001, and all COMMUNICATIONS with Wilson Sonsini Goodrich

3    & Rosati CONCERNING stock options.

4    **PRODUCTION DEMAND NO. 49**

5        All DOCUMENTS CONCERNING COMMUNICATIONS sent by or received by John

6    Kispert or Mark Nordstrom CONCERNING stock options, accounting for stock options, other

7    employee compensation, the making of forgivable loans to officers or employees, SCHROEDER,

8    Kenneth Levy, Jon Tompkins, Rick Wallace, Gary Dickerson, Lisa Berry, Stuart Nichols, the

9    Compensation Committee or the Audit Committee.

10    **PRODUCTION DEMAND NO. 50**

11        All DOCUMENTS CONCERNING internal controls existing prior to the SPECIAL

12    COMMITTEE INVESTIGATION to assure that the granting of stock options were properly

13    accounted for, and all DOCUMENTS relating to the training of Human Resource, stock

14    administration departments and members of the stock option committee were trained in proper

15    procedures for granting and accounting for option grants.

16    **PRODUCTION DEMAND NO. 51**

17        Any and all stock charts or graphs reflecting historical prices of THE COMPANY's stock

18    prepared for or by, sent to or by, or received by or from any employee or officer of THE

19    COMPANY's Human Resources Department or any member of any of THE COMPANY's stock

20    option committees.

21

22    **PRODUCTION DEMAND NO. 52**

23        All documents CONCERNING the November 14, 1998 COMMUNICATION from Lisa

24    Berry to Larry Sonsini of Wilson Sonsini Goodrich & Rosati.

25    **PRODUCTION DEMAND NO. 53**

26        All documents CONCERNING any meeting held on April 4, 2001 at THE COMPANY,

27    including the "Stock Option Pricing" meeting scheduled by the assistant for Maureen Lamb.

28

DLA PIPER US LLP
SEATTLE

ATTACHMENT A TO SUBPOENA TO KLA-TENCOR CORPORATION    CASE NO. C-07-3798-JW

024

**PRODUCTION DEMAND NO. 54**

All calendars, diaries, or notes CONCERNING any witness or potential witness contacted during the SPECIAL COMMITTEE INVESTIGATION, including DOCUMENTS CONCERNING Kenneth Levy, Gary Dickerson, Jon Tompkins, John Kispert, Lisa Berry, Stuart Nichols, Maureen Lamb, Joy Nyberg and Mark Nordstrom and all of the COMPANY's vice presidents of Human Resources .

**PRODUCTION DEMAND NO. 55**

All DOCUMENTS CONCERNING stock options discussed and/or granted or issued by THE COMPANY to prepare for a potential change-in-control of THE COMPANY.

**PRODUCTION DEMAND NO. 56**

All DOCUMENTS CONCERNING any request by counsel for Gregory Reyes in *United States v. Reyes*, Case No. CR 06-4435 CRB (Northern District of California), to YOU for permission to use in that case YOUR information or DOCUMENTS that CONCERNED YOUR stock option practices, including but not limited to all COMMUNICATIONS CONCERNING such request(s) for permission to use DOCUMENTS or information CONCERNING Stephen Beyer.

**PRODUCTION DEMAND NO. 57**

All COMMUNICATIONS CONCERNING stock options or accounting for stock options sent or received by Ken Levy, Ken Schroeder, Gary Dickerson, Jon Tompkins, John Kispert, Lisa Berry, Mark Nordstom, Stuart Nichols, Maureen Lamb, and any officer or employee of KLA-TENCOR's human resources, finance, stock administration, and legal departments.

**PRODUCTION DEMAND NO. 58**

All DOCUMENTS CONCERNING KENNETH SCHROEDER including all DOCUMENTS concerning his employment, responsibilities at THE COMPANY, option grants and any action taken with respect to him based on the SPECIAL COMMITTEE INVESTIGATION OR SPECIAL LITIGATION COMMITTEE INVESTIGATION.

1

**PRODUCTION DEMAND NO. 59**

2    All DOCUMENTS CONCERNING internal controls that THE COMPANY put into place

3    on the basis of the results of the SPECIAL INVESTIGATION to assure proper granting and

4    accounting for its stock options and education of its personnel and directors regarding stock

5    option grants.

6    **PRODUCTION DEMAND NO. 60**

7    All DOCUMENTS CONCERNING any decisions made by the COMPANY

8    CONCERNING any remedial action taken or considered by THE COMPANY based on the

9    SPECIAL COMMITTEE INVESTIGATION, including employment decisions, requests for

10    director resignations and stock option re-pricing decisions and bonus decisions.

11

12

13    Dated: October 19, 2007.          DLA PIPER US LLP

14

                                       By

15                                        SHIRLI F. WEISS
                                          DAVID A. PRIEBE
16                                        JEFFREY B. COOPERSMITH
                                          Attorneys for Defendant
17                                        Kenneth L. Schroeder

18    SD\1762239.1

19

20

21

22

23

24

25

26

27

28