# Exhibit 19

083

*E-FILED 2/20/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KENNETH L. SCHROEDER,<br><br>　　　　Defendant.<br>_____/ | No. C07-03798 JW (HRL)<br><br>**ORDER GRANTING KLA-TENCOR'S MOTION FOR PROTECTIVE ORDER**<br><br>[Re: Docket No. 45, 49, 56] |

　　　　This is a civil enforcement action for alleged improper stock option backdating at KLA-Tencor Corporation ("KLA"). Defendant Kenneth Schroeder is KLA's former Chief Executive Officer. The SEC contends that he was a key participant in a fraudulent scheme to backdate stock options, resulting in the concealment of millions of dollars in executive and employee compensation and significant overstatement of the company's income.

　　　　Before filing the instant action, the SEC investigated KLA's option granting practices. In that investigation, the SEC obtained memoranda of approximately 55 witness interviews conducted by a Special Committee of KLA-Tencor's Board of Directors. The SEC reportedly produced these memoranda to Schroeder as part of its initial disclosures in the instant action. The Skadden, Arps, Meagher & Flom law firm ("Skadden") served as counsel for the Special Committee.

　　　　Schroeder has filed a motion to dismiss which is set for hearing before Judge Ware on

March 24, 2008. In that motion, he essentially argues that, because of KLA's assertion of the attorney-client privilege and work product protection, he has been prevented from obtaining key discovery and preparing an adequate defense against the SEC's allegations.

This matter presently is before this court on KLA's expedited motion for protective order. KLA, a non-party, argues that the deposition of its officer, John Kispert – as well as the depositions of all current and former KLA directors, officers and employees – should, at the very least, be postponed until after Judge Ware rules on Schroeder's motion to dismiss. Even assuming that the case survives dismissal, KLA argues that the depositions should be postponed, in any event, until after this court resolves the privilege disputes that have arisen in connection with this discovery.

Non-parties Kenneth Levy, Edward Barnholt and Gary Dickerson – all current or former KLA-affiliated deponents – join in KLA's motion. Skadden also filed a "joinder," requesting that this court postpone the depositions of all Skadden attorneys and suspend Skadden's obligation to respond to Schroeder's written discovery until after the court resolves his motion to dismiss and all associated privilege issues. Defendant opposes KLA's motion and objects to Skadden's purported joinder.

Upon consideration of the papers filed by the parties, as well as the arguments presented at the February 12, 2008 expedited hearing, this court grants KLA's motion as follows:

The court declines to postpone the depositions of KLA's current and former officers, directors and employees merely because a motion to dismiss is pending. As discussed at the motion hearing, it finds that the more salient question is whether the depositions at issue should be postponed in view of apparent disputes which have arisen over KLA's privilege and work product assertions.

Although the precise number of KLA depositions in question has been somewhat of a moving target, there appear to be fourteen individuals whom Schroeder wishes to depose in the near term (i.e., before the March 24, 2008 hearing on his motion to dismiss). He intends to proceed with the previously noticed February 22, 2008 deposition of Edward Barnholt (identified as a member of KLA's Board of Directors who also served on the Compensation

Committee). Additionally, Schroeder says that he plans to serve deposition subpoenas on some thirteen other current or former KLA-affiliated individuals, with the depositions to take place (as schedules permit) before March 24, 2008. Those deponents are:

- Jane Butler (identified as a current KLA employee who worked in the Human Resources Department during the relevant period with knowledge pertaining to KLA's stock option granting procedures);
- Tracy LaBoy (identified as a current KLA employee who worked in the Finance Department during the relevant period with knowledge of KLA's stock option granting procedures);
- Cynthia Mangan (identified as a current KLA employee who worked as Gary Dickerson's administrative assistant during the relevant period);
- Leo Chamberlain, Lida Urbanek, James Bagley, Robert Bond and Raymond Bingham (identified as members of the Compensation Committee);
- Peter Campagna, Kathryn Cross, Pat Marshall, Sharon Orlando and Arthur Schnitzer (identified as former KLA employees).

Schroeder notes that, in addition to these fourteen deponents, there may be several (unidentified) others that he will seek to depose "as schedules permit." (*See* Opp. at p. 9). (As for other previously noticed depositions, Schroeder says that he has no plans to reconvene or continue the depositions of Stuart Nichols and Lars Samson until after the court rules on his pending motion to dismiss. Nor does he intend to schedule the depositions of Levy and Dickerson until after disputes over KLA's privilege assertions are resolved.)

Schroeder contends that KLA's motion should be denied because the testimony of these deponents will not "significantly implicate" claimed privileged matters. KLA and Barnholt disagree. They argue that the majority of the fourteen individuals will likely be asked for information in a number of areas that KLA claims is privileged. They maintain that it will be unduly burdensome for them to appear for deposition now and, possibly, again later if Schroeder (eventually) successfully challenges KLA's privilege assertions.

3

On the record presented, there is no way for this court to meaningfully assess the degree to which the testimony of these fourteen (or so) individuals will implicate KLA's privilege/work product assertions. The court is not anxious to preclude Schroeder from taking discovery now. However, Schroeder does not say that no questions will be asked which will draw a privilege objection. And, the court believes that the depositions should not proceed in what may well be piecemeal fashion.

Schroeder asserts that he will be prejudiced if he is not permitted to proceed with this discovery now. However, the predicament appears to be one of his own making. He has the ability to move the court now to clarify the privilege issues which impact these depositions. (At a recent discovery conference, Schroeder indicated to the court that he would be filing such a motion shortly. According to the SEC, Schroeder has stated since December that he would be bringing such a motion, and the SEC says that it agreed to postpone the deposition of Skadden attorney Elizabeth Harlan for that reason.) But Schroeder has now changed his mind. He just told this court at oral argument that he has no intention of seeking relief as to KLA's asserted privilege until after his motion to dismiss is resolved. Indeed, he indicated that he made a deliberate and conscious decision *not* to challenge KLA's asserted privilege now so that he could pursue that request for dismissal. Schroeder certainly is free to pursue this strategy. However, after weighing competing legitimate interests and possible prejudice, this court finds that it will not be fair or efficient to proceed with depositions in a manner which might well require the KLA deponents to appear for examination more than once.

Accordingly, KLA's motion for protective order will be granted as to depositions of its current or former officers, directors and employees which will call for testimony falling within the privilege asserted by KLA. Those depositions shall not proceed until after the related privilege issues are resolved.

The court declines to entertain Skadden's so-called "joinder," which expands the scope of KLA's motion, and which need not have been heard on the truncated schedule set on KLA's motion. In any event, Schroeder says that no Skadden attorneys have been subpoenaed to give testimony between now and March 24, 2008; and, Schroeder and the SEC agree that the one

4

087

deposition that has been noticed (attorney Elizabeth Harlan) should be postponed until after privilege issues are resolved by dismissal or otherwise.

IT IS SO ORDERED.

Dated:   February 20, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-3798 Notice has been electronically mailed to:**

Judith L. Anderson andersonju@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

Jeffrey Bruce Coopersmith jeff.coopersmith@dlapiper.com, bradley.meissner@dlapiper.com, kelly.hamilton@dlapiper.com, stephanie.tucker@dlapiper.com

Jeffrey S. Facter jfacter@shearman.com, jae.ko@shearman.com, rcheatham@shearman.com

Marc J. Fagel fagelm@sec.gov

Mark Philip Fickes fickesm@sec.gov

Jonathan B. Gaskin jgaskin@orrick.com, mticzon@orrick.com

Stuart L. Gasner slg@kvn.com, dxc@kvn.com, efiling@kvn.com, mcianfrani@kvn.com

Thomas R. Green tgreen@morganlewis.com, lbuda@morganlewis.com

Alice L. Jensen ajensen@fenwick.com, cprocida@fenwick.com

Susan F. LaMarca lamarcas@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov

Joni L. Ostler jostler@wsgr.com, pbaird@wsgr.com

Elliot Remsen Peters epeters@kvn.com, aap@kvn.com, efiling@kvn.com

David Allen Priebe david.priebe@dlapiper.com, stacy.murray@dlapiper.com

Elena Ro roe@sec.gov

Skadden, Arps, Slate, Meagher & Flom LLP matthew.sloan@skadden.com

Matthew Eric Sloan Matthew.Sloan@skadden.com

Steven Keeley Taylor skt@kvn.com, efiling@kvn.com, nsn@kvn.com

Shirli Fabbri Weiss shirli.weiss@dlapiper.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

089