MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal Bar No. 178570)
  fickesm@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

*IT IS SO ORDERED AS MODIFIED*
/s/ James Ware
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

   vs.

KENNETH L. SCHROEDER,

   Defendant.

Case No. C-07-3798 JW/HRL

**STIPULATED DISCOVERY PLAN and [PROPOSED] SCHEDULING ORDER**

Pursuant to this Court's Order dated January 7, 2008, and with the direction and guidance of United States Magistrate Judge Howard R. Lloyd at the Discovery Conference held on January 29, 2008, plaintiff Securities and Exchange Commission (the "Commission") and defendant Kenneth L. Schroeder ("Mr. Schroeder") hereby agree and stipulate to the following Stipulated Discovery Plan.

   I. <u>Noticing and Taking Depositions in Excess of Presumed Limits Under the FRCP</u>

Deposition discovery in this case shall be conducted in two phases, the <u>First Phase</u> and the <u>Second Phase</u>. In the <u>First Phase</u>, each party shall be entitled to notice and take up to 40 depositions.

1   The parties agree that no further leave of Court, pursuant to FRCP 30(a)(2)(A), shall be required in
2   order for a party to notice and take up to 40 depositions.

3   The Second Phase governs the ability of either party to notice and take more than 40
4   depositions.  After a party has noticed or taken 40 depositions, prior to noticing any further
5   deposition, that party will comply with the following steps:  (1) Meet and confer with the opposing
6   party, identifying the person sought to be deposed and why that deposition is needed, in order to
7   obtain agreement that the deposition should go forward.  If agreement that the deposition may go
8   forward is reached between the parties, no further action is required and the party wishing to take the
9   deposition need not seek further leave of Court pursuant to FRCP 30(a)(2) to notice and take the
10  deposition.  (2) If, after meeting and conferring, no agreement is reached between the parties that the
11  deposition may go forward, the party wishing to take the deposition may seek leave from the Court
12  (Magistrate Judge Lloyd) to take the deposition, providing the Court with a brief (two-page or less)
13  statement setting forth: the need for the particular deposition, why the discovery cannot be had
14  through other means, and the reasons the parties have not been able to reach agreement.  The party
15  opposing the deposition may respond, within three business days after receipt of the opposing party's
16  statement, with a brief (two-page or less) statement setting forth: why the particular deposition is
17  unnecessary, and/or how the discovery may be had through other means, and the reasons the parties
18  did not reach agreement.  If the opposing party does not so respond, the deposition may proceed.

19  II.  Scheduling Depositions: Required Meet and Confer

20  The parties agree that, to the maximum extent possible, prior to noticing a deposition, a party
21  will contact the opposing party and the deponent to learn of availability and any obstacles to
22  availability during the time period contemplated for the deposition.  In offering dates for a deposition,
23  the noticing party will provide alternatives unless the deponent is unavoidably available only on a
24  single date; if a deponent is temporarily unavailable during most or all of the desired period for taking
25  their deposition, the noticing party should first attempt to accommodate them and opposing counsel
26  by seeking a deposition during another period, rather than offering inconvenient dates or times for the
27  deposition.
28

III. Conducting Depositions

The parties agree to the following procedures for dividing the time allocated and interposing objections during depositions:

(1) Only one attorney per party may ask questions or interpose objections during a deposition, unless an attorney for a party is required to leave the deposition early or join it late; in any event, only one attorney per party may ask questions or object at any given time. (2) The noticing party will reserve one hour of the seven hour deposition to the opposing party for further questioning at the end of the deposition. To the extent a party needs more time to question a witness than one hour, the party may cross-notice a deposition.

**\*\*\* ORDER AS TO STIPULATED DISCOVERY PLAN \*\*\***

The parties shall comply with the above terms and procedures as agreed to in their Stipulated Discovery Plan. In addiion, the parties shall comply with the Court's standing Scheduling Order as follows:

**Case Schedule:**
(1) Close of All Discovery: **March 31, 2009**
(2) Last Date for Hearing Dispositive Motions: **June 8, 2009**
(3) Preliminary Pretrial Conference: **February 23, 2009 at 11 a.m**.
(4) Preliminary Pretrial Statement: **February 13, 2009**

**Standing Order to Lodge Printed Copy of "ECF" Papers**
1.   In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy–Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

**Compliance with Discovery Plan and Reference to Magistrate Judge**
2.   The Court adopts the Discovery Plan proposed by the parties in their Stipulation. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

**Document Management During Pretrial Discovery and Electronic Evidence Presentation**
3.   This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

**Disclosure of Expert Witnesses**

4. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résuméand a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days before close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

5. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B).

6. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

**Rebuttal Expert Witnesses**

7. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **49 days prior to discovery cutoff.**

**Limitation on Testimony by Expert Witnesses**

8. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

**Close of Discovery**

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

**Last date for Hearing Dispositive Motions**

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

**Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order**

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

In light of this Order, the Court VACATES the Case Management Conference currently scheduled for June 2, 2008.

Dated: May 29, 2008                    _____
                                        JAMES WARE
                                        United States District Court