**Exhibit 8**

MARC J. FAGEL (State Bar No. 154425)
JUDITH L. ANDERSON (State Bar No. 124281)
MICHAEL S. DICKE (State Bar No. 158187)
ELENA RO (State Bar No. 197308)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

**ORIGINAL**

FILED
07 JUL 25 AM 9: 18
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

# C 07 3799

**HRL**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

        v.

KLA-TENCOR CORPORATION,

        Defendant.

Case No. _____

**CONSENT OF DEFENDANT KLA-TENCOR CORPORATION TO ENTRY OF FINAL JUDGMENT**

1.     Defendant KLA-Tencor Corporation ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)     permanently restrains and enjoins Defendant from violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B)] and

1        Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1,

2        240.13a-11 and 240.13a-13] thereunder.

3        3.        Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule

4    52 of the Federal Rules of Civil Procedure.

5        4.        Defendant waives the right, if any, to a jury trial and to appeal from the entry of the

6    Final Judgment.

7        5.        Defendant enters into this Consent voluntarily and represents that no threats, offers,

8    promises, or inducements of any kind have been made by the Commission or any member, officer,

9    employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10        6.        Defendant agrees that this Consent shall be incorporated into the Final Judgment with

11    the same force and effect as if fully set forth therein.

12        7.        Defendant will not oppose the enforcement of the Final Judgment on the ground, if

13    any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

14    waives any objection based thereon.

15        8.        Defendant waives service of the Final Judgment and agrees that entry of the Final

16    Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its

17    terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty

18    days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration

19    stating that Defendant has received and read a copy of the Final Judgment.

20        9.        Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted

21    against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

22    representation has been made by the Commission or any member, officer, employee, agent, or

23    representative of the Commission with regard to any criminal liability that may have arisen or may

24    arise from the facts underlying this action or immunity from any such criminal liability.  Defendant

25    waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the

26    imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's

27    entry of a permanent injunction may have collateral consequences under federal or state law and the

28    rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

2

1  organizations. Such collateral consequences include, but are not limited to, a statutory

2  disqualification with respect to membership or participation in, or association with a member of, a

3  self-regulatory organization. This statutory disqualification has consequences that are separate from

4  any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding

5  before the Commission based on the entry of the injunction in this action, Defendant understands that

6  it shall not be permitted to contest the factual allegations of the complaint in this action.

7      10.    Defendant understands and agrees to comply with the Commission's policy "not to

8  permit a defendant or respondent to consent to a judgment or order that imposes a sanction while

9  denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance

10  with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any

11  public statement denying, directly or indirectly, any allegation in the complaint or creating the

12  impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent,

13  Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation

14  in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to

15  vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph

16  affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in

17  litigation or other legal proceedings in which the Commission is not a party.

18      11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

19  Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

20  the United States, or any agency, or any official of the United States acting in his or her official

21  capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

22  expended by Defendant to defend against this action. For these purposes, Defendant agrees that

23  Defendant is not the prevailing party in this action since the parties have reached a good faith

24  settlement.

25      12.    Defendant agrees that the Commission may present the Final Judgment to the Court

26  for signature and entry without further notice.

27      13.    In connection with this action and any related judicial or administrative proceeding or

28  investigation commenced by the Commission or to which the Commission is a party, Defendant

3

SEC v. KLA-TENCOR CORP.
CONSENT TO ENTRY OF FINAL JUDGMENT

1  (i) agrees to take all possible steps to make available its employees and agents to appear and be

2  interviewed by Commission staff at such times and places as the staff requests upon reasonable

3  notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the

4  Commission for documents or testimony at depositions, hearings, or trials, or in connection with any

5  related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to

6  receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas,

7  waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure

8  and any applicable local rules, provided that the party requesting the testimony reimburses

9  Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per

10  diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District

11  Court for purposes of enforcing any such subpoena.

12       14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

13  purpose of enforcing the terms of the Final Judgment.

14

15  Dated: **7/23/07** , 2007

16               [Name] Brian Martin
                      [Title] General Counsel
                      For KLA-Tencor Corporation

17

18

19    On **July 23** , 2007, **Brian Martin** , a person known to me, personally

20  appeared before me and acknowledged executing the foregoing Consent.

21

22                Notary Public  Odette H. Devera
                      Commission expires: Jan 21, 2010

23

24  Approved as to form:

25

26  John H. Hemann, Esq.
    William H. Kimball, Esq.

27  Morgan, Lewis & Bockius LLP
    One Market, Spear Street Tower

28

ODETTE H. DEVERA
Commission # 1632812
Notary Public - California
Santa Clara County
My Comm. Expires Jan 21, 2010

SEC v. KLA-TENCOR CORP.
CONSENT TO ENTRY OF FINAL JUDGMENT

1   San Francisco, California 94105
    Telephone: (415) 442-1000
2   Facsimile: (415) 442-1001

3   Attorneys for Defendant
    KLA-TENCOR CORPORATION

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1  MARC J. FAGEL (State Bar No. 154425)
   JUDITH L. ANDERSON (State Bar No. 124281)
2  MICHAEL S. DICKE (State Bar No. 158187)
   ELENA RO (State Bar No. 197308)
3
   Attorneys for Plaintiff
4  SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2600
5  San Francisco, California 94104
   Telephone: (415) 705-2500
6  Facsimile: (415) 705-2501

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12  SECURITIES AND EXCHANGE COMMISSION,    Case No. _____

13              Plaintiff,

14       v.                                [PROPOSED] FINAL JUDGMENT

15  KLA-TENCOR CORPORATION,

16              Defendant.

17

18

19       The Securities and Exchange Commission having filed a Complaint and Defendant KLA-

20  Tencor Corporation having entered a general appearance; consented to the Court's jurisdiction over

21  Defendant and the subject matter of this action; consented to entry of this Final Judgment without

22  admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

23  fact and conclusions of law; and waived any right to appeal from this Final Judgment:

24

25                                    I.

26       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and its agents,

27  servants, employees, attorneys, and all persons in active concert or participation with any of them

28  who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently

                                      1

1   restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 18m(a)] and

2   Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and

3   240.13a-13], thereunder, by failing to file annual, quarterly and current reports in conformity with the

4   Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing

5   to include such further material information as may be necessary to make the required statements, in

6   light of the circumstances under which they were made, not misleading.

7

8                                                    II.

9       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and its agents,

10  servants, employees, attorneys, and all persons in active concert or participation with any of them

11  who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently

12  restrained and enjoined from any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange

13  Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing, with respect to any issuer which has a

14  class of securities registered pursuant to Section 12 of the Exchange Act or which is required to file

15  reports pursuant to Section 15(d) of the Exchange Act, (A) to make and keep books, records, and

16  accounts, which, in reasonable detail, accurately reflect the transactions and dispositions of the assets

17  of the issuer; and (B) to devise and maintain a system of internal accounting controls sufficient to

18  provide reasonable assurances that:

19      (a)          transactions are executed in accordance with management's general or specific

20  authorization;

21      (b)          transactions are recorded as necessary (1) to permit preparation of financial

22  statements in conformity with generally accepted accounting principles or any other criteria

23  applicable to such statements, and (2) to maintain accountability for assets;

24      (c)          access to assets is permitted only in accordance with management's general or

25  specific authorization; and

26      (d)          the recorded accountability for assets is compared with the existing assets at

27  reasonable intervals and appropriate action is taken with respect to any differences.

28

SEC v. KLA-TENCOR CORP.
[PROPOSED] FINAL JUDGMENT

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2007

_____
UNITED STATES DISTRICT JUDGE

Approved as to form:

_____
John H. Hemann, Esq.
William H. Kimball, Esq.
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

Attorneys for Defendant
KLA-TENCOR CORPORATION

3

**Exhibit 9**

1   SHIRLI F. WEISS, Bar No. 79225
    shirli.weiss@dlapiper.com
2   DAVID A. PRIEBE, Bar No. 148679
    david.priebe@dlapiper.com
3   JEFFREY B. COOPERSMITH
    (Admitted *pro hac vice*)
4   jeff.coopersmith@dlapiper.com
    DLA PIPER US LLP
5   400 Capitol Mall, Suite 2400
    Sacramento, CA 95814-4428
6   Tel: 916.930.3200
    Fax: 916.930.3201
7

8   Attorneys for Defendant
    Kenneth L. Schroeder

9

             UNITED STATES DISTRICT COURT
10

           NORTHERN DISTRICT OF CALIFORNIA
11

               SAN JOSE DIVISION
12

13   SECURITIES AND EXCHANGE       Case No. C-07-3798-JW
    COMMISSION,
14                          **NOTICE OF SUBPOENA FOR RECORDS**
          Plaintiff,         **TO KLA-TENCOR CORPORATION**
15

16      v.

17   KENNETH L. SCHROEDER,

18          Defendant.

19

20

21

22

23

24

25

26

27

28

                           1

1  **TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD:**

2      PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

3  Procedure, Defendant Kenneth L. Schroeder ("Defendant"), by his attorneys, demands that

4  deponent respond to the requests for production of documents and things identified in Attachment

5  A to the attached subpoena by producing the requested documents on or before Tuesday,

6  November 8, 2007, at 9:00 a.m. at the offices of DLA Piper US LLP, located at 153 Townsend

7  Street, Suite 800, San Francisco, California 94107-1957; Telephone: (415) 836-2500.

8

9  Dated: October 19, 2007

    DLA PIPER US LLP

10

11  By

    SHIRLI F. WEISS

12      DAVID A. PRIEBE

    JEFFREY B. COOPERSMITH

13      Attorneys for Defendant

    Kenneth L. Schroeder

14

15  SDA1763023.1

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF SUBPOENA FOR RECORDS TO KLA-TENCOR CORPORATION    CASE NO. C-07-3798-JW

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION **SUBPOENA IN A CIVIL CASE**
V.

KENNETH L. SCHROEDER                    Case Number:[1] C-07-3798-JW

TO: CUSTODIAN OF RECORDS FOR KLA-TENCOR CORPORATION c/o Morgan Lewis & Bockius, LLP, Attention: John Hemann, One Market, Spear Street Tower, San Francisco, CA 94105; (415) 442-1355

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP, 153 Townsend Street, Suite 800, San Francisco, CA 94107-1957 | November 8, 2007; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Shirli Weiss, attorney for Kenneth Schroeder* | 10/19/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shirli F. Weiss, DLA Piper US LLP, 2000 University Avenue, East Palo, CA 94303-2214; (650) 833-2000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

1

## ATTACHMENT A TO SUBPOENA TO KLA-TENCOR CORPORATION

2

### *SEC v. Schroeder*

3

4

### DEFINITIONS

5    1.    "YOU" or "YOUR" or "THE COMPANY" shall mean and refer to KLA-Tencor

6    Corporation and its predecessor corporations (including KLA Instruments and Tencor

7    Instruments), all committees of its Board of Directors including its SPECIAL COMMITTEE

8    (defined below) and its SPECIAL LITIGATION COMMITTEE (defined below),  their agents,

9    trustees, custodians, affiliates, law firms, accountants, representatives, consultants, or other

10   persons acting under its direction or control.

11   2.    "SCHROEDER" shall mean and refer to Defendant Kenneth L. Schroeder.

12   3.    "COMMUNICATION(S)" shall mean the exchange of information by any means,

13   including without limitation telephone, telecopy, facsimile, electronic mail, text message, or other

14   electronic medium, letter, memorandum, notes or other writing method, meeting, discussion,

15   conversation or other form of verbal expression.

16   4.    "CONCERN" or "CONCERNING" shall mean relating to, referring to, describing,

17   discussing, memorializing, reflecting, containing, evidencing or constituting.

18   5.    "DOCUMENT(S)" shall mean and include all "writings" as "writings" is defined

19   in the Federal Rules of Evidence, Rule 1001(1), as well as all writings of any nature whatsoever

20   within YOUR possession, custody or control, including but not limited to, contracts, agreements,

21   COMMUNICATIONS, correspondence, telegrams, electronic mail, memoranda, records, power

22   point presentations, reports, books, summaries,  records of telephone conversations, summaries or

23   records of personal conversations or interviews, diaries, calendars, forecasts, statistical

24   statements, billing records, work papers, drafts, copies, graphs, accounts, analytical records,

25   minutes and other records of meetings, conferences, consultant reports, appraisals, reports or

26   summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes,

27   personal notes, handwritten notes, marginal notations, bills, invoices, checks, photographs,

28   brochures, lists, journals, advertising, computer tapes, disks, or other computer storage media,

1    electronic or magnetic storage media, and all other matter, printed, recorded or photographic

2    matter or sound reproductions, including video and audio tapes, however produced or reproduced.

3            6.      "DOJ" shall mean and refer to the United States Department of Justice, including

4    its agents, custodians, attorneys, expert consultants, paralegals, representatives, or other persons

5    acting under the United States Department of Justice's direction or control.

6            7.      "LECG" shall mean and refer to LECG, LLC, including its agents, custodians,

7    expert consultants, representatives, or other persons acting under LECG's direction or control.

8            8.      "NASDAQ" shall mean and refer to the NASDAQ stock exchange and NASD,

9    Inc., including their predecessor entities, successor entities (including the Financial Industry

10   Regulatory Authority (FINRA)), agents, custodians, attorneys, expert consultants, representatives,

11   or other persons acting under the NASDAQ's direction or control.

12           9.      "PWC" shall mean and refer to PricewaterhouseCoopers International Limited,

13   including its member firms, predecessor firms, and their agents, custodians, attorneys, expert

14   consultants, representatives, or other persons acting under their direction or control.

15           10.     "RESTATEMENT" shall mean and refer to the Restatement announced in THE

16   COMPANY's Form 10-K filed with the Securities & Exchange Commission on January 29,

17   2007.

18           11 .    "SEC" shall mean and refer to the United States Securities and Exchange

19   Commission, including its agents, custodians, attorneys, paralegals, expert consultants,

20   representatives, or other persons acting under the United States Securities and Exchange

21   Commission's direction or control.

22           12.     "SLC INVESTIGATION" shall mean and refer to the investigation conducted by

23   the SPECIAL LITIGATION COMMITTEE, its legal counsel and other advisors concerning

24   possible claims relating to KLA-TENCOR's historical stock option practices.

25           13.     "SPECIAL COMMITTEE" shall mean and refer to the Special Committee of

26   KLA-TENCOR's Board of Directors appointed on or about May 23, 2006 to investigate THE

27   COMPANY's historical stock option granting practices.

28   /////

14.    "SPECIAL LITIGATION COMMITTEE" shall mean and refer to the Special Litigation Committee appointed by KLA-TENCOR's Board of Directors to conduct an investigation of the possible claims of KLA-TENCOR relating to its historical stock option practices.

15.    "SPECIAL COMMITTEE INVESTIGATION" shall mean and refer to the internal investigation (including any follow-up activities) conducted by the SPECIAL COMMITTEE and its legal counsel, accounting experts, consultants, and other advisors, which investigation was initiated by KLA-TENCOR's Board of Directors on or about May 23, 2006 to examine the historical stock option practices of THE COMPANY.

## INSTRUCTIONS

1.    If any DOCUMENTS described in these Demands are not produced as demanded, then with respect to each such DOCUMENT please state:

(a)    The name, present or last known address, telephone number, present or last known business affiliation and location, job title and job responsibilities of the DOCUMENT's author, drafter or originator, each PERSON who edited, corrected, revised, amended or reviewed the DOCUMENT, each PERSON who entered any initials, comments or notations into the DOCUMENT, and each recipient of the DOCUMENT or a copy thereof;

(b)    The DOCUMENT date;

(c)    A description of the DOCUMENT's subject matter or general nature (i.e., opinion of counsel, report, letter);

(d)    The basis for not producing the DOCUMENT or a copy thereof; and

(e)    The present location of the DOCUMENT and every copy thereof, and the name of the PERSON in each location having custody or control of the DOCUMENT or a copy.

2.    This Demand for production requires that the DOCUMENTS be produced in the same form and in the same order in which they existed prior to production.

3.    This Demand for production is a continuing demand for all DOCUMENTS which are described herein which may hereafter come into YOUR possession, custody, or control.

4.    In the event that any DOCUMENTS referred to in YOUR response are not in YOUR possession, custody, or control, please specify what disposition was made of them and by whom the DOCUMENTS are now possessed, held in custody, or controlled.

5.    Wherever it is necessary to bring within the scope of these Demands DOCUMENTS that might otherwise be construed to be outside its scope:

    (a)    The words "and" and "or" shall be construed both disjunctively and conjunctively;

    (b)    The words "any" and "all" shall be construed to mean "any and all;"

    (c)    The singular shall include the plural, and vice versa; and

    (d)    The words "include(s)" and "including" shall be construed to mean "including without limitation."

6.    These Demands require that YOU make available for inspection and copying each responsive DOCUMENT or tangible thing that is within YOUR actual or constructive possession, custody, care or control, including DOCUMENTS that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other PERSONS acting or purporting to act on YOUR behalf.

7.    Each category of DOCUMENTS in these Demands seeks production of each responsive DOCUMENT in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

8.    If a portion of an otherwise responsive DOCUMENT contains information subject to a claim of privilege, only those portions of the DOCUMENT subject to the claim of privilege shall be deleted or redacted from the DOCUMENT, and the rest of the DOCUMENT shall be produced.

9.    Any DOCUMENT responsive to any category of these Demands that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

    (a)    The manner of disposal, including destruction, loss, discarding, or any other means of disposal;

1        (b)     The date of disposal;

2        (c)     The reason for disposal;

3        (d)     The PERSON authorizing disposal;

4        (e)     The PERSON disposing of the DOCUMENT; and

5        (f)     The name and address of the most recent custodian of the DOCUMENT.

6      10.     TIME PERIOD OF DEMANDS: Unless otherwise specified, the time period

7 covered by these Demands is January 1, 1991 through the present.

## DEMAND FOR PRODUCTION OF DOCUMENTS AND THINGS

### PRODUCTION DEMAND NO. 1

10      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or

11 the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

12 presented to or received from, the SEC.

### PRODUCTION DEMAND NO. 2

14      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or

15 the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

16 presented to or received from, the DOJ.

### PRODUCTION DEMAND NO. 3

18      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or

19 the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

20 presented to or received from, the NASDAQ.

### PRODUCTION DEMAND NO. 4

22      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

23 and/or RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

24 presented to or received from, PWC.

25 /////

26 /////

27 /////

28

**PRODUCTION DEMAND NO. 5**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from LECG.

**PRODUCTION DEMAND NO. 6**

All DOCUMENTS which you reviewed as part of the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT.

**PRODUCTION DEMAND NO. 7**

All DOCUMENTS which YOU created or prepared in connection with SPECIAL COMMITTEE INVESTIGATION, including all DOCUMENTS concerning interviews of witnesses, and summaries of option grants, including all drafts.

**PRODUCTION DEMAND NO. 8**

All DOCUMENTS which YOU created or prepared in connection with SLC INVESTIGATION, including all DOCUMENTS concerning interviews of witnesses, including all drafts.

**PRODUCTION DEMAND NO. 9**

All DOCUMENTS memorializing any interactions which you attended with representatives of the SEC, DOJ and/or NASDAQ CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT.

**PRODUCTION DEMAND NO. 10**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, members of the press or other news media.

**PRODUCTION DEMAND NO. 11**

All DOCUMENTS CONCERNING the COMPANY'S SEC filings that refer to or discuss the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts which YOU prepared or edited.

**PRODUCTION DEMAND NO. 12**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the SEC.

**PRODUCTION DEMAND NO. 13**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the DOJ.

**PRODUCTION DEMAND NO. 14**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, the NASDAQ, in any interaction with it in YOUR capacity as counsel for KLA-TENCOR or as counsel for any individual director or employee of KLA-TENCOR.

**PRODUCTION DEMAND NO. 15**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from, PWC.

**PRODUCTION DEMAND NO. 16**

All calendars, notebooks or diaries memorializing dates for telephone calls and/or meetings of Kenneth Levy, Jon Tompkins, Gary Dickerson, Joy Nyberg, Lisa Berry, Stuart Nichols, John Kispert, Maureen Lamb, Barbara Stebbins and Mark Nordstrom CONCERNING compensation of employees, accounting for employee compensation, stock option grants and/or corporate governance issues.

**PRODUCTION DEMAND NO. 17**

All DOCUMENTS CONCERNING the dates, times, participants and length of meetings and/or telephone calls which YOU had with the SEC, DOJ and/or NASDAQ CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or SLC INVESTIGATION, including attorney billing records and calendar entries.

/////

/////

**PRODUCTION DEMAND NO. 18**

All DOCUMENTS CONCERNING meetings and/or telephone calls which YOU had with representatives of the press or other news media CONCERNING SCHROEDER, LEVY, the SPECIAL COMMITTEE INVESTIGATION and/or the SLC INVESTIGATION, including attorney billing records and calendar entries.

**PRODUCTION DEMAND NO. 19**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read to (in whole or in part), summarized to, presented to or received from the press.

**PRODUCTION DEMAND NO. 20**

All lists of search words, terms, or phrases that you used to search through DOCUMENTS in connection with the SPECIAL COMMITTEE INVESTIGATION OR SPECIAL LITIGATION COMMITTEE INVESTIGATION.

**PRODUCTION DEMAND NO. 21**

All DOCUMENTS CONCERNING the RESTATEMENT.

**PRODUCTION DEMAND NO. 22**

All DOCUMENTS CONCERNING KLA-TENCOR's SPECIAL COMMITTEE INVESTIGATION which the law firms of Skadden Arps Slate Meagher & Flom LLP on behalf of the SPECIAL COMMITTEE or Morgan Lewis, on behalf of the COMPANY transmitted to, read to (in whole or in part), summarized to, presented to or received from any government agency or the NASDAQ.

**PRODUCTION DEMAND NO. 23**

All DOCUMENTS CONCERNING KLA-TENCOR's stock option grants to directors and any other non-employee of the COMPANY.

/////
/////
/////
/////

**PRODUCTION DEMAND NO. 24**

All DOCUMENTS CONCERNING KLA-TENCOR's accounting for stock option grants, both before and after the SPECIAL COMMITTEE INVESTIGATION, including all DOCUMENTS transmitted to and received from PWC or LECG in connection with the RESTATEMENT.

**PRODUCTION DEMAND NO. 25**

All DOCUMENTS CONCERNING action or remedial measures that YOU took as a result of the SPECIAL COMMITTEE INVESTIGATION, including documents CONCERNING resignations of directors from YOUR board of directors, terminations of officers and/or employees, cancellations of options, re-pricing of options and payment of bonuses on account of re-priced options.

**PRODUCTION DEMAND NO. 26**

All DOCUMENTS CONCERNING interviews of KLA-TENCOR current and former directors, officers, attorneys, employees, auditors, and consultants in whatever form (including memoranda, reports, handwritten notes, e-mails, dictation and summaries) that were conducted as part of the SPECIAL LITIGATION COMMITTEE INVESTIGATION.

**PRODUCTION DEMAND NO. 27**

All DOCUMENTS evidencing the Board and/or the Compensation Committee's intention that officer grants be dated the same day as employee grants.

**PRODUCTION DEMAND NO. 28**

All DOCUMENTS concerning the Board of Directors' granting of options to Section 16b officers including all DOCUMENTS evidencing any follow-up to assure that the Secretary, General Counsel or Human Resources had properly documented its grants.

**PRODUCTION DEMAND NO. 29**

All DOCUMENTS CONCERNING the number and dates of options granted by the Company to each of its directors and officers.

**PRODUCTION DEMAND NO. 30**

All DOCUMENTS concerning the Compensation Committee's granting of options to Section 16b officers including all DOCUMENTS evidencing any follow-up to assure that the Secretary, General Counsel or Human Resources had properly documented its grants.

**PRODUCTION DEMAND NO. 31**

All DOCUMENTS CONCERNING Part I, Item 3 (Legal Proceedings) and Part II, Item 7 (Management Discussion & Analysis) of THE COMPANY's Form 10-K filed on January 29, 2007, including all drafts of these items.

**PRODUCTION DEMAND NO. 32**

All DOCUMENTS CONCERNING the conclusions of the SPECIAL COMMITTEE set forth on pages 24 and 34 of THE COMPANY's Form 10-K filed January 29, 2007, including all drafts these items.

**PRODUCTION DEMAND NO. 33**

All DOCUMENTS CONCERNING measurement dates for option grants applied before and as a result of the RESTATEMENT.

**PRODUCTION DEMAND NO. 34**

All DOCUMENTS CONCERNING interviews of KLA-TENCOR current and former directors, officers, employees, auditors, and consultants in whatever form (including memoranda, typed reports, handwritten notes, and summaries) that were conducted in connection with the SLC INVESTIGATION.

**PRODUCTION DEMAND NO. 35**

All DOCUMENTS transmitted to or received from PWC CONCERNING the SLC INVESTIGATION, including all COMMUNICATIONS, binders and document compilations.

**PRODUCTION DEMAND NO. 36**

All DOCUMENTS provided to or received from LECG CONCERNING the SLC INVESTIGATION, including all COMMUNICATIONS, binders and document compilations.

**PRODUCTION DEMAND NO. 37**

All DOCUMENTS provided to or received from Skadden Arps Slate Meagher & Flom LLP CONCERNING the SPECIAL INVESTIGATION.

**PRODUCTION DEMAND NO. 38**

All DOCUMENTS provided to or received from Morgan, Lewis & Bockius LLP CONCERNING the SPECIAL INVESTIGATION.

**PRODUCTION DEMAND NO. 39**

All minutes of the meetings of THE COMPANY's Board of Directors.

**PRODUCTION DEMAND NO. 40**

All minutes of the meetings of THE COMPANY's Audit Committee.

**PRODUCTION DEMAND NO. 41**

All minutes of the meetings of THE COMPANY's Compensation Committee.

**PRODUCTION DEMAND NO. 42**

All DOCUMENTS CONCERNING KLA-TENCOR's unanimous written consents granting stock options.

**PRODUCTION DEMAND NO. 43**

All DOCUMENTS CONCERNING THE COMPANY'S decision to pay its CEO, Wallace, and any other officers or employees, a bonus to make up for re-pricing any of their mis-dated options.

**PRODUCTION DEMAND NO. 44**

All DOCUMENTS CONCERNING COMMUNICATIONS between Lisa Berry and anyone CONCERNING stock options, accounting for stock options, stock option procedures, selection of stock option grant dates and all DOCUMENTS found on her computer relating to the same subjects.

/////

/////

**PRODUCTION DEMAND NO. 45**

All DOCUMENTS CONCERNING the SLC INVESTIGATION that were shared, in whole or in part, by oral reference or otherwise with any government agency or stock exchange, including the SEC, the DOJ, or NASDAQ.

**PRODUCTION DEMAND NO. 46**

ALL DOCUMENTS CONCERNING any KLA-TENCOR stock option committee.

**PRODUCTION DEMAND NO. 47**

All DOCUMENTS created by, sent by or to, or received by or from any current or former employee of THE COMPANY's Human Resources Department, Finance Department, Legal Department, or stock option committee CONCERNING THE COMPANY's stock option grants, which grants were dated on or as of the following dates:

| | | |
|---|---|---|
| 1. | November 14, 1991 |
| 2. | September 14, 1992 |
| 3. | July 26, 1994 |
| 4. | April 18, 1995 |
| 5. | January 15, 1996 |
| 6. | September 17, 1996 |
| 7. | October 8, 1996 |
| 8. | April 30, 1997 |
| 9. | July 21, 1997 |
| 10. | July 31, 1997 |
| 11. | October 30, 1997 |
| 12. | November 24, 1997 |
| 13. | January 20, 1998 |
| 14. | March 18, 1998 |
| 15. | April 27, 1998 |
| 16. | June 3, 1998 |
| 17. | June 22, 1998 |
| 18. | August 5, 1998 |
| 19. | August 31, 1998 |
| 20. | September 10, 1997 |
| 21. | October 19, 1998 |

22.    October 23, 1998
23.    November 3, 1998
24.    November 30, 1998
25.    December 16, 1998
26.    January 22, 1999
27.    February 26, 1999
28.    March 24, 1999
29.    April 19, 1999
30.    May 26, 1999
31.    June 15, 1999
32.    July 26, 1999
33.    August 20, 1999
34.    November 30, 1999
35.    December 16, 1999
36.    January 28, 2000
37.    February 18, 2000
38.    April 14, 2000
39.    May 25, 2000
40.    July 5, 2000
41.    August 13, 2000
42.    October 17, 2000
43.    November 10, 2000
44.    December 22, 2000
45.    February 9, 2001
46.    April 4, 2001
47.    May 30, 2001
48.    July 10, 2001
49.    October 2, 2001
50.    November 20, 2001
51.    January 18, 2002
52.    February 28, 2002
53.    January 24, 2005

## PRODUCTION DEMAND NO. 48

All DOCUMENTS CONCERNING COMMUNICATIONS sent by or received by Stuart J. Nichols CONCERNING stock options, the authority to grant or price stock options, Board

13

1    ratification of stock option grants, including but not limited to, all drafts of the memorandum sent

2    by Nichols dated March 19, 2001, and all COMMUNICATIONS with Wilson Sonsini Goodrich

3    & Rosati CONCERNING stock options.

4    **PRODUCTION DEMAND NO. 49**

5        All DOCUMENTS CONCERNING COMMUNICATIONS sent by or received by John

6    Kispert or Mark Nordstrom CONCERNING stock options, accounting for stock options, other

7    employee compensation, the making of forgivable loans to officers or employees, SCHROEDER,

8    Kenneth Levy, Jon Tompkins, Rick Wallace, Gary Dickerson, Lisa Berry, Stuart Nichols, the

9    Compensation Committee or the Audit Committee.

10   **PRODUCTION DEMAND NO. 50**

11       All DOCUMENTS CONCERNING internal controls existing prior to the SPECIAL

12   COMMITTEE INVESTIGATION to assure that the granting of stock options were properly

13   accounted for, and all DOCUMENTS relating to the training of Human Resource, stock

14   administration departments and members of the stock option committee were trained in proper

15   procedures for granting and accounting for option grants.

16   **PRODUCTION DEMAND NO. 51**

17       Any and all stock charts or graphs reflecting historical prices of THE COMPANY's stock

18   prepared for or by, sent to or by, or received by or from any employee or officer of THE

19   COMPANY's Human Resources Department or any member of any of THE COMPANY's stock

20   option committees.

21   **PRODUCTION DEMAND NO. 52**

22       All documents CONCERNING the November 14, 1998 COMMUNICATION from Lisa

23   Berry to Larry Sonsini of Wilson Sonsini Goodrich & Rosati.

24   **PRODUCTION DEMAND NO. 53**

25       All documents CONCERNING any meeting held on April 4, 2001 at THE COMPANY,

26   including the "Stock Option Pricing" meeting scheduled by the assistant for Maureen Lamb.

27

28

**PRODUCTION DEMAND NO. 54**

All calendars, diaries, or notes CONCERNING any witness or potential witness contacted during the SPECIAL COMMITTEE INVESTIGATION, including DOCUMENTS CONCERNING Kenneth Levy, Gary Dickerson, Jon Tompkins, John Kispert, Lisa Berry, Stuart Nichols, Maureen Lamb, Joy Nyberg and Mark Nordstrom and all of the COMPANY's vice presidents of Human Resources .

**PRODUCTION DEMAND NO. 55**

All DOCUMENTS CONCERNING stock options discussed and/or granted or issued by THE COMPANY to prepare for a potential change-in-control of THE COMPANY.

**PRODUCTION DEMAND NO. 56**

All DOCUMENTS CONCERNING any request by counsel for Gregory Reyes in *United States v. Reyes*, Case No. CR 06-4435 CRB (Northern District of California), to YOU for permission to use in that case YOUR information or DOCUMENTS that CONCERNED YOUR stock option practices, including but not limited to all COMMUNICATIONS CONCERNING such request(s)  for permission to use DOCUMENTS or information CONCERNING Stephen Beyer.

**PRODUCTION DEMAND NO. 57**

All COMMUNICATIONS CONCERNING stock options or accounting for stock options sent or received by Ken Levy, Ken Schroeder, Gary Dickerson, Jon Tompkins, John Kispert, Lisa Berry, Mark Nordstom, Stuart Nichols, Maureen Lamb, and any officer or employee of KLA-TENCOR's human resources, finance, stock administration, and legal departments.

**PRODUCTION DEMAND NO. 58**

All DOCUMENTS CONCERNING KENNETH SCHROEDER including all DOCUMENTS concerning his employment, responsibilities at THE COMPANY, option grants and any action taken with respect to him based on the SPECIAL COMMITTEE INVESTIGATION OR SPECIAL LITIGATION COMMITTEE INVESTIGATION.

1   **PRODUCTION DEMAND NO. 59**

2       All DOCUMENTS CONCERNING internal controls that THE COMPANY put into place

3   on the basis of the results of the SPECIAL INVESTIGATION to assure proper granting and

4   accounting for its stock options and education of its personnel and directors regarding stock

5   option grants.

6   **PRODUCTION DEMAND NO. 60**

7       All DOCUMENTS CONCERNING any decisions made by the COMPANY

8   CONCERNING any remedial action taken or considered by THE COMPANY based on the

9   SPECIAL COMMITTEE INVESTIGATION, including employment decisions, requests for

10  director resignations and stock option re-pricing decisions and bonus decisions.

11

12

13  Dated: October 19, 2007.                    DLA PIPER US LLP

14                                              By

15                                                  SHIRLI F. WEISS
                                                    DAVID A. PRIEBE
16                                                  JEFFREY B. COOPERSMITH
                                                    Attorneys for Defendant
17                                                  Kenneth L. Schroeder

18  SD\1762239.1

19

20

21

22

23

24

25

26

27

28