# Exhibit 12

Privilege Log for Third Parties Skadden, Arps, Slate, Meagher & Flom LLP, Galen Bellamy, Jack DiCanio, Zvi Gabbay, Victoria Holstein-Childress, Cale Keable, Morgan Lopez, Richard Marmaro, Thomas McDonald, Lanelle Meidan, Jonah Van Zandt and Sheryl Wu

SEC v. Schroeder, Case No. C 07-3798 (JW)

A:    CATEGORIES OF DOCUMENTS THAT HAVE BEEN PRODUCED TO SCHROEDER PURSUANT TO THE SEC'S INITIAL DISCLOSURES, WHICH ARE BEING WITHHELD ON THE GROUNDS OF ATTORNEY-CLIENT PRIVILEGE AND/OR THE WORK PRODUCT DOCTRINE

| | Date Range | Sender/Recipient/Copyees | Document | Description |
|---|---|---|---|---|
| 1. | 7/21/97-11/8/05 | James Bagley; J.C. Berger; Lisa Berry*.; Bob Boehlke; Loann Campbell; Kathryn Cross; Bret DiMarco*.; Ken Levy; Jon Tompkins; Ken Schroeder; Art Schnitzer; Lars Samson; Virenda Kirloskar; Tracy Laboy; Stuart Nichols*.; Jeff Hall; Jennifer Lacey; Leslie Wilson; Joy Nyberg; John Kispert;.; Richard Elkus; Dean Morton; Lida Urbanek; Ye-Chun Wang; Rick Wallace; Jeanne Lyon; Mike Kahn; Kathy Marines | Emails; Memos | Emails re stock option grant process, seeking legal advice; memos re stock option grants and grant process, providing legal advice |
| 2. | 12/4/98-9/1/02 | Stuart Nichols*.; Joy Nyberg; John Kispert; Sharon Orlando; Leslie Wilson; Mark Nordstrom; Lisa Berry*.; Maureen Lamb; Jeff Hall; Tom Coffey | Emails; Memos | Emails re stock option strategies, seeking and providing legal advice |

-1-

---

[1] The symbol "*" denotes an attorney.

| | Date | To, From, Author, Recipient, Copy | Document Type | Description |
|---|---|---|---|---|
| 3. | 12/16/97-1/31/06 | Stuart Nichols*; Maureen Lamb; Joy Nyberg; Barbara Stebbins; Ken Levy; Ken Schroeder; Jon Tompkins; Lisa Berry*; Leslie Wilson; Sharon Orlando; Pat Marshall; Kathryn Cross; Rick Wallace; Lars Samson; Art Schnitzer; Tom Coffey; Gary Dickerson | Emails; Memos | Emails re stock option approval, seeking information in order to provide legal advice and providing legal advice; memos re stock option approval, providing legal advice |
| 4. | 8/30/96-6/19/06 | Joy Nyberg; Lisa Berry*; Mark Nordstrom; Sharon Orlando; Leslie Wilson; Ken Schroeder; Bret DiMarco* (WSGR); Roger Stern* (WSGR); Stuart Nichols*; Maureen Lamb; John Kispert; Galen Bellamy*; Elizabeth Harlan*; Karen Rogers; Ken Levy; Jon Tompkins; Gary Dickerson; Tom Coffey; Tina Galindo; Cynthia Mangan; Judith Christiansen; Ned Barnholt; Bob Bonds; Lida Urbanek; Leo Chamberlain; Dag Tellefsen; Mike Kahn; Kevin McAndrews; Ben Tsai; David Adler; Tracy Laboy | Emails; Memos | Emails re stock option pricing, providing legal advice; memos re stock option pricing, providing legal advice |
| 5. | 6/6/01-11/8/05 | Stuart Nichols*; Jeff Hall; John Kispert; Roger Stern*; Peter Campagna; Carole Skebe; Tracy Laboy; Robert Lee; Jeff Hall | Emails | Emails re compensation agreement status, seeking and summarizing legal advice |
| 6. | 1/22/91-2/17/05 | Sharon Orlando; Joy Nyberg; Mark Nordstrom; Lisa Berry*; Leslie Wilson; Karen Rogers; Kenneth Levy; Dean Morton; Stuart Nichols*; Tracy Laboy; Peter S. Presunka; Julie Little; Kathryn Cross | Emails; Memos | Other emails and memos seeking and summarizing legal advice from counsel (some contain handwritten notes of counsel) |
| 7. | 9/21/04 | Stuart Nichols*; Kim Jackson*; Maureen Lamb; Tracy Laboy; John Kispert | Emails | Emails re draft public filings, seeking and providing legal advice |

| | | | |
|---|---|---|---|
| 8. | 4/28/97-5/16/01 | Stuart Nichols*; Maureen Lamb; Tom Coffey; Joy Nyberg; Judith O'Brien; Larry Sonsini* (WSGR); Judith Mayer O'Brien* (WSGR); Lisa Berry* | Emails; Memos; Draft board documents | Emails re board meetings, board presentations and correspondence seeking and providing legal advice; memos re board meetings; drafts of board minutes |
| 9. | 7/21/97-4/27/04 | Lisa Berry*; Bret DiMarco*; Stuart Nichols* | Board documents | Board minutes (with exhibits) *(portions reflecting presentations by counsel have been redacted)*[2] |
| 10. | 9/21/99-9/26/05 | Stuart Nichols*; Joy Nyberg; Lars Samson; Wendy Harrison; Maureen Lamb; John Kispert; Kim Jackson*; Bob Bond; Dean Lindholm; Tina Galindo; Ken Levy; Ken Schroeder; Yolanda Squarcia; Jill Cartagna; Kerry Bird; Judith Christiansen; Leslie Wilson; Roger Stern*; Mike Kahn | Emails; Draft board documents | Emails re: Compensation Committee, seeking and providing legal advice; drafts of committee minutes; draft reports; draft legal documents *(some contain handwritten notes of counsel)* |
| 11. | 8/6/98-5/3/01 | Lisa Berry*; Bret DiMarco*; Edward Barnholt; Bob Bond; Lida Urbanek; Ken Schroeder; Ken Levy; Kerry Robison; Stuart Nichols*; Joy Nyberg; Judith Christiansen; Yolanda Squarcia | Board documents | Compensation Committee minutes, agenda, reports (with exhibits) *(some contain handwritten notes of counsel)*[3] |
| 12. | 11/19/03-2/2/04 | Maureen Lamb; Ken Schroeder; John Kispert; Stuart Nichols*; Dean Lindholm; Joy Nyberg | Memos; Emails | Memos and emails re Sarbanes-Oxley and corporate governance issues; draft memos re same |
| 13. | 4/23/97 | Lisa Berry*; Ken Levy; Ken Schroeder; Jon Tompkins | Memos | Memos re employee compensation *(some contain handwritten notes of counsel)* |
| 14. | 9/19/00 | Lisa Berry* | Company document | KLA-Tencor Corporation Document Retention Policy |
| 15. | 8/24/06 | Dean Lindholm; Timothy Miller* | Letter | Letter re interview in connection with Special Committee investigation |

- 3 -

[2] Documents will be produced subject to redaction of privileged or work product information.
[3] Documents will be produced subject to redaction of privileged or work product information.

| No. | Time Period | Author(s) / Recipient(s) | Type(s) | Privilege(s) |
|---|---|---|---|---|
| 16. | 10/25/02-9/20/04 | Judith Christiansen; Ken Levy; Tina Galindo; Ken Schroeder; Gary Dickerson; John Kispert; Tom Coffey; Cynthia Mangan; Stuart Nichols*; Maureen Lamb; Kimberly Jackson | Emails | Emails re stock option committee meeting and current committee issues, seeking and providing legal advice |
| 17. | 6/8/06-9/26/06 | Lanelle Meidan* (Skadden); Elizabeth Harlan* (Skadden); Sheryl Wu* (Skadden); Jonah Van Zandt* (Skadden); Galen Bellamy* (formerly of Skadden); Cale Keable* (Skadden); Zvi Gabbay* (Skadden); Timothy Miller* (Skadden); Thomas McDonald* (formerly of Skadden); Victoria Holstein-Childress* (Skadden); Morgan Lopez* (Skadden) | Memos | All final memoranda of Special Committee witness interviews [4] (including all exhibits which are privileged or protected by the work product doctrine referenced therein) |

- 4 -

<hr>

[4] Final interview memoranda were created for the following witnesses: Akbar, Jeannine; Bagley, James; Barnholt, Ned; Berger, JC; Bertran, Steve; Biligiri, Vijay; Bingham, Ray; Boehlke, Bob; Bond, Bob; Brienzo, Frank; Butler, Jane; Chamberlain, Leo; Chikara, Raman; Christiansen, Judith (2 memos); Cross, Kathryn (3 memos); Dahl, Sandra; Dickerson, Gary (2 memos); DiMarco, Bret; Elkus, Richard; Eslabon, Virginia; Ezrin, Thomas; Foote, Michelle; Galindo, Tina; Kahn, Michael; Kaufman, Steve; Kirloskar, Virendra; Kispert, John (2 memos); Laboy, Tracy (3 memos); Lacey, Jennifer; Lamb, Maureen (2 memos); Levy, Ken (2 memos); Lindholm, Dean; Lorenzini, Robert; Mangan, Cynthia; Marines, Kathy; Marks, Michael; Mohr, Marshall; Morton, Dean; Nichols, Stuart (3 memos); Nishi, Yoshio; Nyberg, Joy (3 memos); Omura, Gary; Orlando, Sharon; Rubinovitz, Samuel; Samson, Lars (2 memos); Schnitzer, Art; Schroeder, Ken (2 memos); Skebe, Carol; Stebbins, Barbara; Stern, Roger; Tompkins, Jon; Urbanek, Lida; Vashaimpayan, Sonai; Wallace, Rick; and Wilson, Leslie (2 memos).

B:    CATEGORIES OF DOCUMENTS THAT ARE NOT ON THE SEC'S INITIAL DISCLOSURES, THAT ARE BEING
      WITHHELD THE GROUNDS OF ATTORNEY-CLIENT PRIVILEGE AND/OR THE WORK PRODUCT DOCTRINE

| | Date Range | Author(s) | Document Type(s) | Description |
|---|---|---|---|---|
| 18. | 6/23/06 | Galen Bellamy* | Outline | KLA: Summary of Process, discussed at 6/23/06 meeting with LECG (contains handwritten notes of counsel) |
| 19. | 6/15/06-12/12/06 | Galen Bellamy* | Notes | Handwritten notes re Special Committee witness interviews, LECG analysis, PWC requests, document preservation/collection and document review |
| 20. | 12/18/06-12/19/06 | Galen Bellamy* | Emails; Memos | Emails and memos to KLA-Tencor re document harvesting and collection for Special Committee investigation |
| 21. | 12/14/06 | Galen Bellamy* | Draft of chart | Draft of chart re witness statements (contains handwritten notes of counsel) |
| 22. | 9/18/06-9/21/06 | Galen Bellamy* | Drafts of memos | Paper drafts of memos re Special Committee witness interviews (contain handwritten notes of counsel) |
| 23. | 9/6/06-9/18/06 | Williana Chang* | Memos; Spreadsheets; Outlines | Memos and outlines re KLA-Tencor options research; KLA-Tencor options spreadsheets |
| 24. | 1/2/07-1/8/07 | Lisa Chen* | Notes; Emails | Handwritten notes and emails re review of privileged documents from Special Committee investigation |
| 25. | 7/18/06 | Kristin Davis* | Chart | Chart re key provisions of stock option plans of KLA-Tencor and related entities |

| | | | | |
|---|---|---|---|---|
| 26. | 8/1/06 | Zoila Davis* | Proposed amendment | Proposed amendment to memo to Special Committee re investigation |
| 27. | 9/7/06 | Zvi Gabbay* | Draft of memo | Paper draft of memo re Special Committee witness interview |
| 28. | 7/13/06-10/9/06 | Elizabeth Harlan* | Drafts of memos | Paper drafts of memos re Special Committee witness interviews (*most contain handwritten notes of counsel*) |
| 29. | 7/11/06-9/26/06 | Elizabeth Harlan* | Notes | Handwritten notes re Special Committee witness interviews |
| 30. | 8/27/06 | Stephen Haydon-Khan* | Notes | Typed notes re internal organization and personnel of KLA-Tencor |
| 31. | 8/31/06 | Cale Keable* | Notes | Handwritten notes re Special Committee witness interview |
| 32. | 8/29/06 | Morgan Lopez* | Draft of memo; Notes | Electronic draft of memo and handwritten/typed notes re Special Committee witness interviews |
| 33. | 8/30/06 | Morgan Lopez* | Draft of memo | Paper draft of memo with track changes re Special Committee witness interview |
| 34. | 8/24/06 | Thomas McDonald* | Notes | Handwritten notes re Special Committee witness interview |
| 35. | 2/6/07-1/11/07 | Lanelle Meidan* | Letters | Letters re disclosure of Special Committee investigation documents to company counsel |
| 36. | 12/5/06-12/19/06 | Lanelle Meidan* | Charts; Notes | Charts and typed notes re KLA's organizational structure and lists of employees and their titles |
| 37. | 8/15/06-10/25/06 | Lanelle Meidan* | Drafts of memos; Notes; Summaries | Electronic drafts of memos re Special Committee witness interviews; typed notes and summaries re same |

| | Date Range | Author(s)/Recipient(s) | Document Type | Description |
|---|---|---|---|---|
| 38. | 9/15/06-10/5/06 | Lanelle Meidan* | Drafts of memos | Paper drafts of memos re Special Committee witness interviews (some contain handwritten notes of counsel) |
| 39. | 8/24/06-9/21/06 | Lanelle Meidan* | Notes; Comments | Handwritten notes re Special Committee witness interviews; typed comments re requested revisions to interview memos |
| 40. | 7/18/06-11/27/06 | Timothy Miller* | Notes | Handwritten notes re Special Committee investigation process and Special Committee witness interviews |
| 41. | 4/25/07-4/30/07 | Nelson Richards* | Proposed amendments; Notes | Proposed amendments to Special Litigation Committee report re: the company and certain legal concepts; handwritten notes in preparation of proposed amendments |
| 42. | 9/3/06-8/1/06 | Jonah Van Zandt* | Drafts of memos | Electronic drafts of memos re Special Committee witness interviews |
| 43. | 8/30/06 | Jonah Van Zandt* | Chart | Chart of Special Committee interviewees' statements re Schroeder |
| 44. | 10/13/06 | Jonah Van Zandt* | Letters | Drafts of letters to government agencies re document production |
| 45. | 9/8/06-9/11/06 | Jonah Van Zandt* | Summaries; Outlines | Summaries and outlines of summaries of memos re Special Committee witness interviews |
| 46. | 6/8/06-10/31/06 | Sheryl Wu* | Notes | Handwritten notes re Special Committee investigatory process and Special Committee witness interviews |
| 47. | 6/12/06-1/15/07 | Sheryl Wu* | Notes | Typed notes re Special Committee witness interviews |
| 48. | 6/12/06-6/21/06 | Sheryl Wu* | Notes | Notes re Special Committee custodian interviews |

-7-

| No. | Date Range | Author/Recipients | Document Type | Description |
|---|---|---|---|---|
| 49. | | Skadden attorneys | Emails and/or other communications | Internal Skadden communications re Special Committee investigation |
| 50. | | Skadden attorneys; H. Raymond Bingham; Stephen Kaufman | Emails and/or other communications | Communications to/from Special Committee re Special Committee investigation |
| 51. | | Skadden attorneys; Morgan Lewis attorneys; KLA employees | Emails and/or other communications | Communications to/from Skadden, Morgan Lewis or KLA-Tencor re Special Committee investigation |
| 52. | | Skadden attorneys; PWC employees | Emails and/or other communications | Communications to/from Skadden and PWC re Special Committee investigation |
| 53. | | Skadden attorneys; LECG employees | Emails and/or other communications | Communications to/from Skadden and LECG re Special Committee investigation |
| 54. | 10/18/06-10/29/06 | Timothy Miller* | Presentation | Powerpoint presentations to PWC re Special Committee investigation |
| 55. | 10/12/06 | Timothy Miller* | Presentation | Powerpoint presentation to SEC/USAO re Special Committee investigation |
| 56. | 9/27/06-10/13/06 | Lisa Chen*; Elizabeth Harlan*; Richard Marmaro*; Timothy Miller*; Ryan Weinstein*; Lanelle Meidan* | Presentation | Powerpoint presentation and draft presentations to Board of Directors of KLA-Tencor re Special Committee investigation |
| 57. | 10/12/06 | Joe Anastasi (LECG); Steve Daughters (LECG); Timothy Miller* | Presentation | Powerpoint presentations by LECG re Special Committee investigation |
| 58. | 5/1/06-12/11/07 | Skadden attorneys | Billing Records | Time detail[5] *(descriptions of legal work performed redacted)* |

- 8 -

---
[5] Documents will be produced subject to redaction of privileged or work product information.

| | | | | Description |
|---|---|---|---|---|
| 59. | | Skadden attorneys | Metadata | Metadata for final memoranda of Special Committee witness interviews[6] (descriptions of legal work performed not included) |
| 60. | | Skadden attorneys | Calendars | Calendars[7] (descriptions of nonresponsive, privileged or work product entries redacted) |

[6] Documents will be produced subject to redaction of privileged or work product information.
[7] Documents will be produced subject to redaction of privileged or work product information.

**Exhibit 13**

Third Party Elizabeth Harlan's Privilege Log

SEC v. Schroeder, Case No. C 07-3798 (JW)

CATEGORY I:    DOCUMENTS WITHHELD ON THE BASIS OF THE ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT DOCTRINE

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 1. | 9/14/98 | Sharon Orlando | Joy Nyberg | Mark Nordstrom; Lisa Berry[1]; Leslie Wilson; Karen Rogers | Email chain seeking legal advice from counsel (Ex. 13 to Memo re August 18, 2006, Interview of Jon Tompkins) | AC |
| 2. | 10/27/98 | Kenneth Levy | Dean Morton | | (Memo) KLA-Tencor Memorandum (summarizing legal advice of counsel) (Ex. 6 to Memo re September 21, 2006, Meeting with Dean Morton) | AC |
| 3. | 9/19/00 | Lisa Berry* | | | KLA-Tencor Corporation Document Retention Policy (Ex. 14 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC, WP |
| 4. | 10/9/00 | Stuart Nichols* | Maureen Lamb | | Email chain re Board presentation seeking and providing legal advice (Ex. 1 to Memo re July 21, 2006, Interview of Maureen Lamb) | AC |
| 5. | 10/27/00 | Stuart Nichols* | Joy Nyberg | | Email re option strategies, seeking and providing legal advice (Ex. 7 to Memo re September 21, 2006, Interview of Dean Morton) | AC |
| 6. | 11/8/00 | Stuart Nichols* | | | Draft minutes of Compensation Committee meeting | AC |

1

[1] The symbol * denotes an attorney.

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 7. | 3/13/01 | Stuart Nichols* | Maureen Lamb; Joy Nyberg | | Email chain re stock options approval, seeking information in order to provide legal advice and providing legal advice (Ex. 6 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC |
| 8. | 3/13/01 | Stuart Nichols* | Maureen Lamb, Joy Nyberg | | Email chain re stock option approval, seeking information in order to provide legal advice and providing legal advice (Ex. 2 to Memo re July 21, 2006, Interview of Maureen Lamb) | AC |
| 9. | 3/13/01 | Stuart Nichols* | Maureen Lamb; Joy Nyberg | | Email chain re stock option approval, seeking information in order to provide legal advice and providing legal advice (Ex. 1 to Memo re July 28, 2006, Interview of Stuart Nichols) | AC |
| 10. | 3/14/01 | Bret DiMarco* (WSGR) | Roger Stern* (WSGR); Stuart Nichols* | | Email chain providing legal advice regarding stock option pricing (Ex. 1 to Memo re September 18, 2006, Interview of Stuart Nichols*) | AC |
| 11. | 3/14/01 | Bret DiMarco* | Roger Stern*, Stuart Nichols* | | Email chain providing legal advice regarding stock option pricing (Ex. 1 to Memo re September 18, 2006, interview of Maureen Lamb) | AC |
| 12. | 3/22/01 | Stuart Nichols* | Maureen Lamb | | Email chain re stock option pricing, seeking information in order to provide legal advice (Ex. 8 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC |
| 13. | 3/22/01 | Stuart Nichols* | Maureen Lamb | | Email chain seeking information in order to provide legal advice re stock option pricing (Ex. 3 to Memo re July 21, 2006, Interview of Maureen Lamb) | AC |
| 14. | 3/22/01 | Stuart Nichols* | Maureen Lamb | | Email chain seeking information in order to provide legal advice re stock option pricing (Ex. 4 to Memo re July 28, 2006, Interview of Stuart Nichols) | AC |

2

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 15. | 3/22/01 | Stuart Nichols* | John Kispert | | Email chain seeking information in order to provide legal advice re stock option pricing (Ex. 5 to Memo re July 28, 2006, Interview of Stuart Nichols) | AC |
| 16. | 3/22/01 | Roger Stern* | Stuart Nichols*; Bret DiMarco* | | Email chain seeking and providing legal advice re stock option pricing (Ex. 6 to Memo re July 28, 2006, Interview of Stuart Nichols) | AC |
| 17. | 5/16/01 | Stuart Nichols* | Tom Coffey | Joy Nyberg | Email chain re letter for Board, providing legal advice (Ex. 15 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC |
| 18. | 10/24/01 | Joy Nyberg | Lars Samson | Wendy Harrison | Email chain forwarding request for legal advice re Compensation Committee (includes request for legal advice and summarizes advice of counsel) (Ex. 1 to Memo re September 22, 2006, Interview of Joy Nyberg) | AC |
| 19. | 10/24/01 | Joy Nyberg | Lars Samson | Wendy Harrison | Email chain forwarding request for legal advice re Compensation Committee (includes request for legal advice and summarizes advice of counsel) (Ex. 34 to Memo re August 31, 2006, Interview of Gary Dickerson) | AC |
| 20. | 9/1/02 | Stuart Nichols* | John Kispert | | Email chain re stock options, providing legal advice (Ex. 9 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC |
| 21. | 11/19/03 | Stuart Nichols* | Maureen Lamb; Joy Nyberg | John Kispert | Email chain re Compensation Committee, providing legal advice (Ex. 11 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC |
| 22. | 8/2/04 | Stuart Nichols* | Tracy Laboy | | Email chain summarizing legal advice (Ex. 5 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC |

3

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 23. | 9/21/04 | Kim Jackson* | | | (Draft) Action by Unanimous Written Consent of the Compensation Committee of the Board of Directors of KLA-Tencor Corporation, prepared by counsel (a Delaware Corporation) (Ex. 5 to Memo re September 8, 2006, Interview of Michael Marks) | AC |
| 24. | 2/17/05 | Peter S. Presunka | Stuart Nichols* | Julie Little; Kathryn Cross | Email chain seeking legal advice (Ex. 12 to Memo re August 4, 2006, Interview of Stuart Nichols*) | AC |
| 25. | 8/16/05 | Tracy Laboy | Kathryn Cross; Lars Samson; Virendra Kirloskar; J.C. Berger; Loann Campbell | Jeff Hall; Stuart Nichols* | Email chain re option grant process (seeking legal advice) (Ex. 2 to Memo re August 22, 2006, Interview of Virendra Kirloskar) | AC |
| 26. | 9/9/05 | Tracy Laboy | Stuart Nichols*, Virendra Kirloskar; Kathryn Cross | J.C. Berger; Lars Samson; Loann Campbell; Jennifer Lacey | Email chain re option grant process, seeking legal advice (Ex. 3 to Memo re August 22, 2006, Interview of Virendra Kirloskar) | AC |
| 27. | 9/26/05 | Stuart Nichols* | Bret DiMarco* | | Email chain re option grant process, seeking legal advice (Ex. 4 to Memo re August 22, 2006, Interview of Virendra Kirloskar) | AC |
| 28. | 9/26/05 | Stuart Nichols* | Bob Bond | | Email chain re Compensation Committee meeting, seeking information in order to provide legal advice (Ex. 2 to Memo re September 8, 2006, Interview of Michael Marks) | AC |
| 29. | 11/8/05 | Stuart Nichols* | Jeff Hall, John Kispert | Roger Stern* | Email chain re agreement status, seeking and summarizing legal advice (Ex. 6 to Memo re September 8, 2006, Interview of Michael Marks) | AC |
| 30. | 5/24/06 | Stuart Nichols* | Bret DiMarco* | | Email chain re stock option pricing, seeking and providing legal advice (Ex. 2 to Memo re August 3, 2006, Interview of Bret DiMarco*) | AC/WP |

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 31. | 6/19/06 | Galen Bellamy* (formerly of Skadden) | Elizabeth Harlan* (Skadden) | | Skadden email forwarding email chain between Stuart Nichols*, Roger Stern*, and Bret DiMarco* re Stock Option Pricing, seeking and providing legal advice (Ex. 8 to Memo re August 3, 2006, Interview of Roger Stern*) | AC |
| 32. | 6/23/06 | Galen Bellamy* | | | (Outline) KLA: Summary of Process Discussed at 6/23/06 Meeting with LECG *(contains handwritten notes of counsel)* | WP |
| 33. | (7/11/06) | Elizabeth Harlan* | | | Handwritten notes re interviews of Gary Omura and Mike Kahn | AC/WP |
| 34. | 7/12/06 | Jason Robman (LECG) | Elizabeth Harlan* | Scott Lane (Skadden); Jeffrey Wang (LECG); Stephen Daughters (LECG) | Email chain discussing Special Committee investigation strategy *(contains handwritten notes of counsel)* | WP |
| 35. | 7/12/06 | Jeffrey Wang | Elizabeth Harlan* | J. Robman; Stephen Daughters; Scott Lane | Email chain re Joy Nyberg, discussing Special Committee investigation strategy | WP |
| 36. | 7/13/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re July 11, 2006, Interview of Gary Omura *(contains handwritten notes of counsel)* | AC/WP |
| 37. | 7/20/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re July 11, 2006, Interview of Michael Kahn *(contains handwritten notes of counsel)* | AC/WP |
| 38. | (7/21/06) | Elizabeth Harlan* | | | Handwritten notes re interview of Michelle Foote | AC/WP |
| 39. | (7/21/06) | Elizabeth Harlan* | | | Handwritten notes re interview of Maureen Lamb | AC/WP |
| 40. | 7/24/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re July 21, 2006, Interview of Maureen Lamb *(contains handwritten notes of counsel)* | AC/WP |
| 41. | 7/24/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re July 21, 2006, Interview of Michelle Foote *(contains handwritten notes of counsel)* | AC/WP |
| 42. | 7/27/06 | Kris Haworth (LECG) | Jason Robman | Elizabeth Harlan*; Galen Bellamy* | Email chain discussing Special Committee investigation strategy | WP |

5

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 43. | 7/27/06 | Jack DiCanio* (Skadden) | Elizabeth Harlan* | | (Fax) Draft memo re July 21, 2006, Interview of Maureen Lamb *(contains handwritten notes of counsel)* | AC/WP |
| 44. | (7/28/06) | Elizabeth Harlan* | | | Handwritten notes re Stuart Nichols interview | AC/WP |
| 45. | 7/31/06 | Stephen Daughters | Elizabeth Harlan* | Timothy Miller* (Skadden); J. Anastasi (LECG) | Email discussing Special Committee investigation strategy *(contains handwritten notes of counsel)* | WP |
| 46. | 7/31/06 | Jack DiCanio* | Elizabeth Harlan* | | (Fax) Draft memo re July 21, 2006 Interview of Michelle Foote *(contains handwritten notes of counsel)* | AC/WP |
| 47. | (8/3/06 – 8/4/06) | Elizabeth Harlan* | | | Handwritten notes re interviews of Roger Stern, Bret DiMarco, and Stuart Nichols (second interview) | AC/WP |
| 48. | (8/4/06) | Elizabeth Harlan* | | | Handwritten notes re second interview of Stuart Nichols* (continued) | AC/WP |
| 49. | 8/6/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re August 4, 2006, Interview of Stuart Nichols* *(contains handwritten notes of counsel)* | AC/WP |
| 50. | 8/13/06 | Jack DiCanio* | Elizabeth Harlan* | | (Fax) Draft memo re August 4, 2006, Interview of Stuart Nichols* *(contains handwritten notes of counsel)* | AC/WP |
| 51. | 8/13/06 | Jack DiCanio* | Elizabeth Harlan* | | (Fax) Draft memo re August 3, 2006, Interview of Bret DiMarco* *(contains handwritten notes of counsel)* | AC/WP |
| 52. | 8/13/06 | Jack DiCanio* | Elizabeth Harlan* | | (Fax) Draft memo re August 3, 2006, Interview of Roger Stern* *(contains handwritten notes of counsel)* | AC/WP |
| 53. | (8/18/06) | Elizabeth Harlan* | | | Handwritten notes re interview of Jon Tompkins | AC/WP |
| 54. | 8/19/06 | Jack DiCanio* | Elizabeth Harlan* | | (Fax) Draft memo re July 28, 2006, Interview of Stuart Nichols* *(contains handwritten notes of counsel)* | AC/WP |
| 55. | 8/20/06 | Sheryl Wu* (Skadden) | KLA-Tencor File | | Draft memo re August 17, 2006 Meeting with JC Berger | AC/WP |
| 56. | 8/22/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re August 18, 2006, Interview of Jon Tompkins *(contains handwritten notes of counsel)* | AC/WP |

6

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 57. | 8/22/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re August 22, 2006, Interview of Virendra Kirloskar (contains handwritten notes of counsel) | AC/WP |
| 58. | (8/22/06) | Elizabeth Harlan* | | | Handwritten notes re interview of Virendra Kirloskar | AC/WP |
| 59. | 8/24/06 | Jack DiCanio* | Elizabeth Harlan* | | (Fax) Draft memo re August 18, 2006, Interview of Jon Tompkins (contains handwritten notes of counsel) | AC/WP |
| 60. | 8/29/06 | Stephen Daughters | Elizabeth Harlan* | J. Anastasi (LECG) | Email chain discussing Special Committee investigation strategy (contains handwritten notes of counsel) | WP |
| 61. | 9/06 | Elizabeth Harlan*; Jack DiCanio* | Elizabeth Harlan* | | Draft memo re September 1, 2006, Interview of Ken Schroeder (contains handwritten notes of counsel) | AC/WP |
| 62. | 9/06 | Elizabeth Harlan* | | | Draft memo re September 1, 2006, Interview of Ken Schroeder | AC/WP |
| 63. | 9/06 | Elizabeth Harlan* | Jack DiCanio | | Draft memo re September 1, 2006, Interview of Ken Schroeder (contains handwritten notes of counsel) | AC/WP |
| 64. | 9/1/06 | Elizabeth Harlan* | Steve Kaufman; Ray Bingham | Skadden attorneys: Richard Marmaro*; Jack DiCanio*; Timothy Miller*; Sheryl Wu*; Lanelle Meidan*; Jonah Van Zandt*; Galen Bellamy* | Email regarding interview of Ken Schroeder, summarizing observations and mental impressions of counsel | AC/WP |
| 65. | 9/1/06 | Elizabeth Harlan* | Elizabeth Harlan* | | Handwritten notes re interview of Ken Schroeder | AC/WP |
| 66. | 9/10/06 | Elizabeth Harlan*; Jack DiCanio* | Elizabeth Harlan* | | (Fax) Excerpts of draft memo re September 1, 2006, Interview of Ken Schroeder; with handwritten notes of Jack DiCanio | AC/WP |
| 67. | (9/14/06) | Elizabeth Harlan* | | | Handwritten notes re interview of Leo Chamberlain | AC/WP |
| 68. | 9/14/06 | Jonah Van Zandt* | KLA-Tencor File | | Draft memo re August 1, 2006, Interview of Steve Bertran | AC/WP |

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 69. | 9/16/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re September 14, 2006, Interview of Leo Chamberlain *(contains handwritten notes of counsel)* | AC/WP |
| 70. | 9/19/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re September 18, 2006, Interview of Stuart Nichols* *(contains handwritten notes of counsel)* | AC/WP |
| 71. | 9/20/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re August 18, 2006, Interview of Jon Tompkins *(contains handwritten notes of counsel)* | AC/WP |
| 72. | 9/20/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re July 21, 2006, Interview of Maureen Lamb *(contains handwritten notes of counsel)* | AC/WP |
| 73. | 9/21/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re July 28, 2006, Interview of Stuart Nichols* *(contains handwritten notes of counsel)* | AC/WP |
| 74. | (9/21/06) | Elizabeth Harlan* | . | | Handwritten notes re second interview of Kenneth Levy | AC/WP |
| 75. | (9/22/06) | Elizabeth Harlan* | | | Handwritten notes re interview of Gary Dickerson | AC/WP |
| 76. | (9/22/06) | Elizabeth Harlan* | | | Handwritten notes re interview of Joy Nyberg | AC/WP |
| 77. | (9/26/06) | Elizabeth Harlan* | | | Handwritten notes re interviews of Kathryn Cross (third interview) and Carol Skebe | AC/WP |
| 78. | 9/28/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re September 22, 2006, Interview of Joy Nyberg *(contains handwritten notes of counsel)* | AC/WP |
| 79. | 10/5/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re September 22, 2006, Interview of Joy Nyberg *(contains handwritten notes of counsel)* | AC/WP |
| 80. | 10/6/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re September 21, 2006, Interview of Ken Levy *(contains handwritten notes of counsel)* | AC/WP |
| 81. | 10/7/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re September 21, 2006, Interview of Ken Levy *(contains handwritten notes of counsel)* | AC/WP |

8

| | Date | Author/Sender | Recipient | Copyee | Description of Document | Privilege Designation |
|---|---|---|---|---|---|---|
| 82. | 10/7/06 | Timothy Miller* | Elizabeth Harlan* | | (Fax) Draft memo re September 15, 2006, Interview of Cynthia Mangan *(contains handwritten notes of counsel)* | AC/WP |
| 83. | 10/7/06 | Timothy Miller* | Elizabeth Harlan* | | (Fax) Draft memo re September 26, 2006, Interview of Carol Skebe *(contains handwritten notes of counsel)* | AC/WP |
| 84. | 10/7/06 | Elizabeth Harlan* | KLA-Tencor File | | Draft memo re September 1, 2006, Interview of Ken Schroeder | AC/WP |
| 85. | 10/8/06 | Jack DiCanio* | Elizabeth Harlan* | | (Fax) Draft memo re September 18, 2006, Interview of Maureen Lamb *(contains handwritten notes of counsel)* | AC/WP |
| 86. | 07/06-10/06 | Elizabeth Harlan, other Skadden attorneys | | | Metadata for memoranda of witness interviews prepared, commented on, or edited by Elizabeth Harlan | WP |

**CATEGORY II: ATTORNEY-CLIENT PRIVILEGED OR WORK PRODUCT DOCUMENTS THAT HARLAN WILL PRODUCE SUBJECT TO THE ENTRY OF AN APPROPRIATE CONFIDENTIALITY ORDER**

| | | | | | |
|---|---|---|---|---|---|
| 87. | Undated | Lisa Berry* | | Memorandum re Stock Option Committee Procedures (Ex. 18 to Memo re Sept. 1, 2006 interview of Ken Schroeder)* | AC |
| 88. | 10/13/97 | Lisa Berry* | Ken Levy; Jon Tompkins; Ken Schroeder | Bob Boehlke | Memo re option granting process (Ex. 6 to Memo re September 1, 2006, interview of Ken Schroeder)* | AC |
| 89. | 10/13/97 | Lisa Berry* | Ken Levy; Jon Tompkins; Ken Schroeder | Bob Boehlke; Art Schnitzer | Memo re option granting process(Ex. 5 to Memo re September 1, 2006, interview of Ken Schroeder) | AC |
| 90. | 11/6/98 | Leslie Wilson | Ken Levy | Joy Nyberg; Lisa Berry* | Email chain regarding employee stock ownership, seeking legal advice (Ex. 22 to Memo re Sept. 1, 2006 interview of Ken Schroeder) | AC |
| 91. | 12/4/98 | Joy Nyberg | Lisa Berry* | Mark Nordstrom; Sharon Orlando; Leslie Wilson | Email chain seeking and providing legal advice regarding option pricing | AC |
| 92. | 6/30/99 | Lisa Berry* | Leslie Wilson; Joy Nyberg | | Email forwarding 6/22/99 message re stock option process from Mike Kahn to Lisa Berry (Ex. 29 to Memo re Sept. 1, 2006 interview of Ken Schroeder) | AC/WP |
| 93. | 3/13/01 | Stuart Nichols* | Roger Stern*, Bret DiMarco* | | Email seeking legal advice re stock option pricing and grant process (Ex. 31 to Memo re Sept. 1, 2006 interview of Ken Schroeder)* | AC |
| 94. | 3/14/01 | Bret DiMarco* | Stuart Nichols* | | Email chain re revisions to memorandum re stock option process (Ex. 34 to Memo re Sept. 1, 2006 interview of Ken Schroeder)* | AC |

10

---

* An exact duplicate of this exhibit is attached to other interview memos.

| # | Date | | | | Description | |
|---|---|---|---|---|---|---|
| 95. | 3/19/01 | Stuart Nichols* | Ken Schroeder | Maureen Lamb; John Kispert; Joy Nyberg | Memo re "Stock Option Pricing" (Ex. 32 to Memo re Sept. 1, 2006 interview of Ken Schroeder)[#] | AC |
| 96. | 3/22/01 | Stuart Nichols* | Roger Stern*, Bret DiMarco* | | Email seeking legal advice re stock option pricing and grant process (Ex. 33 to Memo re Sept. 1, 2006 interview of Ken Schroeder) | AC |
| 97. | 11/19/03 | Maureen Lamb | Ken Schroeder; John Kispert | Stuart Nichols*; Dean Lindholm; Joy Nyberg | Memorandum re Sarbanes-Oxley and corporate governance issues[#] | AC |
| 98. | 7/11/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo[2] re July 11, 2006, Interview of Gary Omura | AC/WP |
| 99. | 7/17/06 | Elizabeth Harlan* | KLA-Tencor Files | | Final memo re July 11, 2006, Interview of Michael Kahn | AC/WP |
| 100. | 7/21/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo re July 21, 2006, Interview of Maureen Lamb | AC/WP |
| 101. | 7/24/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo re July 21, 2006, Interview of Michelle Foote | AC/WP |
| 102. | 7/29/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo re July 28, 2006, Interview of Stuart Nichols* | AC/WP |
| 103. | 8/4/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo re August 3, 2006, Interview of Roger Stern* | AC/WP |
| 104. | 8/6/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo re August 4, 2006, Interview of Stuart Nichols* | AC/WP |
| 105. | 8/6/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo re August 3, 2006, Interview of Bret DiMarco* | AC/WP |
| 106. | 8/20/06 | Sheryl Wu* | KLA-Tencor File | | Final Memo of August 17, 2006 Interview of JC Berger | AC/WP |
| 107. | 8/20/06 | Sheryl Wu* | KLA-Tencor File | | Final memo re August 17, 2006, Meeting with Sonal Vashaimpayan | AC/WP |
| 108. | 8/22/06 | Elizabeth Harlan* | KLA-Tencor File | | Final memo re August 22, 2006, Interview of Virendra Kirloskar | AC/WP |
| 109. | 8/31/06 | Cale Keable* | KLA-Tencor File | | Final memo re August 31, 2006, Interview of Gary Dickerson | AC/WP |

[#]  An exact duplicate of this exhibit is attached to other interview memos.

[2]  "Final Memo" means that this memo is identical to the interview memo that KLA-Tencor Corporation ("KLA") produced to the SEC pursuant to the KLA-SEC Confidentiality Agreement, dated October 12, 2006.

11

| | | | | |
|---|---|---|---|---|
| 110. | 9/3/06 | Jonah S. Van Zandt* | KLA-Tencor File | Final memo re August 1, 2006, Interview of Virginia Eslabon | AC/WP |
| 111. | 9/14/06 | Jonah S. Van Zandt* | KLA-Tencor File | Final memo re August 1, 2006 Interview of Steve Bertran | AC/WP |
| 112. | 9/16/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 14, 2006, Interview of Leo Chamberlain | AC/WP |
| 113. | 9/16/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 15, 2006, Interview of Cynthia Mangan | AC/WP |
| 114. | 9/19/06 | Lanelle Meidan* | KLA-Tencor File | Final memo re September 8, 2006, Interview of Michael Marks | AC/WP |
| 115. | 9/19/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 18, 2006, Interview of Stuart Nichols* | AC/WP |
| 116. | 9/20/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re August 18, 2006, Interview of Jon Tompkins | AC/WP |
| 117. | 9/28/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 22, 2006, Interview of Joy Nyberg | AC/WP |
| 118. | 10/5/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 22, 2006, Interview of Gary Dickerson | AC/WP |
| 119. | 10/5/06 | Sheryl Wu* | KLA-Tencor File | Final memo re September 21, 2006, Meeting with Dean Morton | AC/WP |
| 120. | 10/6/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 26, 2006, Interview of Kathryn Cross | AC/WP |
| 121. | 10/6/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 26, 2006, Interview of Carol Skebe | AC/WP |
| 122. | 10/7/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 18, 2006, Interview of Maureen Lamb | AC/WP |
| 123. | 10/7/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 21, 2006, Interview of Ken Levy | AC/WP |
| 124. | 10/7/06 | Elizabeth Harlan* | KLA-Tencor File | Final memo re September 1, 2006, Interview of Ken Schroeder (with all attachments) | AC/WP |
| 125. | 6/19/05 – 11/7/07 | Elizabeth Harlan* | | (Billing Records) Time Detail (descriptions of legal work performed redacted) | AC/WP |
| 126. | 06/06-09/06 | Elizabeth Harlan* | | (Calendars) (descriptions of nonresponsive entries redacted) | Privacy |

12

**Exhibit 14**

Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel. 415.442.1000
Fax: 415.442.1001
www.morganlewis.com

# Morgan Lewis
C O U N S E L O R S   A T   L A W

Joseph E. Floren
Partner
415.442.1391
jfloren@morganlewis.com

January 24, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Shirli Fabbri Weiss, Esq.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101

Re:    *SEC v. Schroeder*

Dear Shirli:

This responds to your "meet and confer" correspondence dated January 8, 2008 and summarizes
KLA-Tencor Corporation's ("KLA's") position as set forth in our follow-up communications
concerning KLA's response to Kenneth Schroeder's third party subpoena in the above action.
Additionally, this confirms our response, of which we previously advised you by telephone, to
your email indicating your intention to file a motion to compel on behalf of Mr. Schroeder in this
action and your request that we stipulate to your filing a single joint motion against both KLA
and the Skadden Arps law firm ("Skadden") as opposed to two separate motions. Though we
believe such a motion would be premature and misguided for the reasons set forth below and in
our previous discussions and correspondence, we are willing to enter into an appropriate
stipulation regarding combined briefing and page limit relief.

KLA, a third party to this action, has made significant efforts to respond to Mr. Schroeder's far-
reaching *sixty* requests for production. KLA has produced in excess of 6,000 documents on top
of the more than 75,000 KLA documents, all of which are responsive to one or more requests,
that Mr. Schroeder received from the SEC in its initial disclosure in this action, a fact you
neglected to share with KLA and a fact you inappropriately continue to minimize.

The KLA documents Mr. Schroeder already received represent the product of an extensive,
many-months-long company-wide internal investigation covering the same issues involved in
your client's current litigation with the SEC. As noted in your January 8 letter, KLA cooperated
to the fullest extent with the SEC, resulting in a comprehensive production of relevant

Shirli Fabbri Weiss, Esq.
January 24, 2008
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

documents to the SEC, *all* of which we understand Mr. Schroeder now has in his possession. Despite the fact that your client already possesses these documents, Mr. Schroeder suggests that KLA should withdraw its objections relating to any documents it produced to the SEC and *re-produce* all of these documents to your client, purportedly because of a speculation that the SEC's initial disclosures to Mr. Schroeder may not be precisely co-extensive with KLA's production of documents to the SEC. KLA previously offered, as noted in my December 14, 2007 letter, to work with you and take appropriate steps to provide Mr. Schroeder with further confirmation that the documents he already has are, indeed, all of the responsive KLA documents; your correspondence has ignored that offer. That offer still stands. Otherwise, we do not believe good cause exists to require the parties to litigate and the court to consider whether KLA should be compelled to produce documents to Mr. Schroeder that Mr. Schroeder already possesses. In the highly unlikely event KLA has responsive non-privileged documents concerning its historical options grants that Mr. Schroeder does not already possess, we will promptly produce such documents upon Mr. Schroeder's consent to an appropriate protective order to safeguard the confidentiality of those materials (as discussed further below).

With regard to materials protected by the work product doctrine and/or attorney-client privileges, as you know and as we have discussed with you on numerous occasions, KLA provided protected material to the SEC under an express confidentiality agreement that production did not waive applicable privileges. Based on the circumstances of the SEC investigation, under the common-interest exception to waiver doctrine and caselaw recognizing a "selective waiver," including *In re McKesson HBOC, Inc. Sec. Litig.*, 2005 WL 934331 (N.D. Cal. Mar. 31, 2005), KLA has not intended to waive any privileges and has vigorously intended to preserve the privilege as to Mr. Schroeder and others who are adverse to the Company. Mr. Schroeder's claim that those privileges have been waived is incorrect.

Notwithstanding the parties' disagreement on privilege waiver issues, KLA has taken additional steps in its good faith effort to avoid dispute with Mr. Schroeder over privilege issues. KLA proposed that Mr. Schroeder consent to a non-waiver provision in a protective order, which would allow KLA to provide Mr. Schroeder with copies of certain attorney-client and/or work product privileged materials – items to which he had access within the privilege when he was a KLA employee – without such production now being deemed a waiver of any privilege. Mr. Schroeder would not consent, clearly trying to force a fight on privilege issues even at the expense of obtaining documents.

With respect to Mr. Schroeder's remaining requests for production, we have explained that Mr. Schroeder no doubt already has the vast majority of the documents that could possibly be relevant in his case with the SEC. Your letter does not quibble with this. Nor has Mr. Schroeder cited a single document request among the 60 largely redundant demands for which he has not received responsive KLA documents, either from KLA directly or by way of the SEC. When

Shirli Fabbri Weiss, Esq.                      **Morgan Lewis**
January 24, 2008                             C O U N S E L O R S   A T   L A W
Page 3

one sifts through Mr. Schroeder's categorical unspecified accusations of KLA violating the subpoena and waiving the attorney-client privilege, your letter comes down to requests for the following documents:

- Power point presentations and other summaries, particularly those that reflected the Special Committee's findings in its own investigation of KLA's historical options grants, made to the SEC that KLA did not physically left with the SEC.

- Document productions previously made to the Department of Justice, the NASDAQ, KLA's auditors, and the press.[1]

- Documents regarding the Special Litigation Committee that KLA created to determine whether the Company should pursue claims against your client and others in relation to the shareholder derivative litigation in which Mr. Schroeder is a defendant.[2]

As we have made clear from the beginning, KLA will consider the production of further documents provided that Mr. Schroeder and KLA can agree on the terms of an appropriate protective order ultimately to be entered by the court. The documents Mr. Schroeder seeks are of a confidential and proprietary nature, including private and confidential personnel, compensation, and salary information of KLA officers and employees, as well as material non-public information related to the details of the Company's restatement, financial accounting judgments applied, and personnel actions taken in connection therewith. Your letter ignores our request for a protective order, a perfectly reasonable request of a third party in matters such as this, and you have indicated that Mr. Schroeder will not consent to any broad confidentiality protective order and will instead insist upon a document-by-document designation – even though there are well over 80,000 documents at issue – limited to materials that are actually trade secrets or protected by third party privacy rights. As noted, KLA's confidentiality interests extend beyond trade secrets and privacy rights, and there is no appropriate purpose to be served by an unduly narrow protective order and burdensome designation process in this case.

Mr. Schroeder's unwillingness to stipulate to a reasonable confidentiality order betrays the real reason for his overreaching subpoena. Matters such as the Special Committee investigation and

---

[1]    With regard to stock-option related documents supposedly provided to the press by KLA, I have previously advised you that KLA believes it has no such documents.

[2]    We have previously advised you that all such Special Litigation Committee materials are absolutely privileged, and obviously so, and that any use of the subpoena process in this action to invade the privileges of Mr. Schroeder's adversary's counsel in other litigation would be obviously improper. We are not aware of any disagreement with you on this point.

Shirli Fabbri Weiss, Esq.
January 24, 2008
Page 4

**Morgan Lewis**
C O U N S E L O R S   A T   L A W

KLA's statements to the press have no relevance to the claims or defenses in this case and marginal, if any, potential discovery relevance. Rather, Mr. Schroeder plainly wants these documents for his collateral litigation against the Company – in order to help him build his threatened case against the KLA for breach of contract, defamation, and other torts, and to aid his attempts to undermine the determinations of KLA's Special Litigation Committee in the shareholder derivative litigation – all matters in which Mr. Schroeder has no right to discovery at present. Those other litigation matters and Mr. Schroeder's plan to sue KLA do not provide a proper basis for him to seek discovery from KLA in this action. Under the circumstances, his subpoena is nothing less than harassment.

Finally, with regard your comments about KLA's privilege log and its claims of privilege with respect to the documents listed on the log, we fail to understand why Mr. Schroeder requires a more detailed privilege log than the one provided, and believe that further effort on this score would only create burdensome, expensive, and wholly unnecessary work for KLA.[3] The purpose of a privilege log is to provide a party *that does not possess the privileged documents themselves* with enough information about the documents to enable that party to challenge assertions of privilege that do not appear to be warranted. Here, Mr. Schroeder, KLA's former CEO, saw most of the privileged documents at issue during his employment and now has copies of all of them because the SEC provided them to him. Every document in the Bates range KT ACWP 00000001 - KT ACWP 00005220 is labeled "F.O.I.A. Confidential Treatment Requested," "Attorney/Client Privilege," and "Work Product Privilege." We understand that Mr. Schroeder has *all* of these documents. Given that, he does not need a log to assist him in asserting any privilege challenge that he deems warranted. Particularly given that your client already has the core documents at issue, there appears to be little purpose in further debating the merits of our respective positions at this stage. However, if you believe that there is authority supporting your position that a more detailed privilege log is required under these circumstances, we are prepared to consider it.

---

[3] We do not understand Mr. Schroeder's demand for a privilege log to encompass documents sent or received by counsel to the Company in connection with its representation of the Company following the commencement of the Special Committee investigation and through the presently ongoing litigation and negotiations with your client; such matters are obviously privileged and it is not customary for privilege log demands to encompass documents created in connection with the dispute at issue, as opposed to historical documents.

Shirli Fabbri Weiss, Esq.
January 24, 2008
Page 5



Let me reiterate KLA's desire to work with Mr. Schroeder to avoid needless dispute on these issues. If Mr. Schroeder reconsiders his position on a protective order, KLA will be in a position to produce additional documents. I look forward to discussing these issues with you further in an effort to narrow, if not eliminate entirely, the issues on which we are in disagreement.

Very truly yours,

/s/
Joseph E. Floren
1-SF/7655418.2

**Exhibit 15**

SHIRLI F. WEISS, Bar No. 79225
shirli.weiss@dlapiper.com
DAVID A. PRIEBE, Bar No. 148679
david.priebe@dlapiper.com
JEFFREY B. COOPERSMITH
(Admitted *pro hac vice*)
jeff.coopersmith@dlapiper.com
DLA PIPER US LLP
400 Capitol Mall, Suite 2400
Sacramento, CA  95814-4428
Tel:  916.930.3200
Fax:  916.930.3201

Attorneys for Defendant
Kenneth L. Schroeder

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-07-3798-JW |
| Plaintiff, | **NOTICE OF SUBPOENA FOR RECORDS TO SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| v. | |
| KENNETH L. SCHROEDER, | |
| Defendant. | |

1

NOTICE OF SUBPOENA FOR RECORDS TO SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
CASE NO. C-07-3798-JW

**TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Kenneth L. Schroeder ("Defendant"), by his attorneys, demands that

Skadden, Arps, Slate, Meagher & Flom LLP respond to the demands for production of documents

and things identified in Attachment A to the attached subpoena by producing the requested

documents on or before November 27, 2007, at 9:00 a.m. at the offices of DLA Piper US LLP,

located at 2000 University Avenue, East Palo Alto, CA 94303-2214; Telephone: (650) 833-2000.

Dated:  November 12, 2007              DLA PIPER US LLP

                                       By
                                          SHIRLI F. WEISS
                                          DAVID A. PRIEBE
                                          JEFFREY B. COOPERSMITH

                                       Attorneys for Defendant
                                       Kenneth L. Schroeder

SD\1774345.1

2

NOTICE OF SUBPOENA FOR RECORDS TO SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
CASE NO. C-07-3798-JW

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| KENNETH L. SCHROEDER | Case Number:[1] C-07-3798-JW |

TO: Custodian of Records: Skadden, Arps, Slate, Meagher & Flom, LLP, Four Embarcadero Center, Suite 3800, San Francisco, CA 94111; (415) 984-6400

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP, 2000 University Avenue, East Palo Alto, CA 94303-2214; (650) 833-2000 | November 27, 2007; 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorney for Kenneth Schroeder | November 12, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shirli F. Weiss, DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101; (619) 699-3650

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

# ATTACHMENT A TO SUBPOENA TO SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

## *SEC v. Schroeder*

## DEFINITIONS

1.    "YOU" or "YOUR" or "SKADDEN" shall mean and refer to the law firm of Skadden, Arps, Slate, Meagher & Flom LLP.

2.    "SCHROEDER" shall mean and refer to Defendant Kenneth L. Schroeder.

3.    "KLA-TENCOR" or "THE COMPANY" shall mean and refer to KLA-Tencor Corporation and its predecessor corporations (including KLA Instruments and Tencor Instruments), including its agents, trustees, custodians, affiliates, attorneys, accountants, representatives, consultants, or other persons acting under its direction or control.

4.    "COMMUNICATION(S)" shall mean the exchange of information by any means, including without limitation telephone, telecopy, facsimile, electronic mail, text message, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation or other form of verbal expression.

5.    "CONCERN" or "CONCERNING" shall mean relating to, referring to, describing, discussing, memorializing, reflecting, containing, evidencing or constituting.

6.    "DOCUMENT(S)" shall mean and include all "writings" as "writings" is defined in the Federal Rules of Evidence, Rule 1001(1), as well as all writings of any nature whatsoever within YOUR possession, custody or control, including but not limited to, contracts, agreements, COMMUNICATIONS, correspondence, telegrams, electronic mail, memoranda, records, reports, books, summaries, power point presentations, records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, billing records, work papers, drafts, copies, graphs, accounts, analytical records, minutes and other records of meetings, conferences, consultant reports, appraisals, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes, personal notes, handwritten notes, marginal notations, bills, invoices, checks, photographs, brochures, lists, journals, advertising, computer tapes, disks, or other computer storage media,

1   electronic or magnetic storage media, and all other matter, printed, recorded or photographic

2   matter or sound reproductions, including video and audio tapes, however produced or reproduced.

3       7.    "DOJ" shall mean and refer to the United States Department of Justice, including

4   its FBI agents or other custodians, attorneys, expert consultants, paralegals, representatives, or

5   other persons acting under the United States Department of Justice's direction or control.

6       8.    "LECG" shall mean and refer to LECG, LLC, including its employers, agents,

7   custodians, representatives, or other persons acting under LECG's direction or control.

8       9.    "MORGAN LEWIS" shall mean and refer to the law firm of Morgan Lewis &

9   Bockius, LLP.

10      10.   "NASDAQ" shall mean and refer to the NASDAQ stock exchange, including its

11   agents, custodians, attorneys, expert consultants, representatives, or other persons acting under

12   the NASDAQ's direction or control.

13      11.   "PWC" shall mean and refer to PricewaterhouseCoopers International Limited,

14   including its member firms, predecessor firms, and their agents, custodians, attorneys, expert

15   consultants, representatives, or other persons acting under their direction or control.

16      12.   "RESTATEMENT" shall mean and refer to the Restatement announced in THE

17   COMPANY's Form 10-K filed with the Securities & Exchange Commission on January 29,

18   2007.

19      13.   "SEC" shall mean and refer to the United States Securities and Exchange

20   Commission, including its agents, custodians, attorneys, paralegals, expert consultants,

21   representatives, or other persons acting under the United States Securities and Exchange

22   Commission's direction or control.

23      14.   "SLC INVESTIGATION" shall mean and refer to the investigation conducted by

24   the SPECIAL LITIGATION COMMITTEE, its legal counsel and other advisors concerning

25   possible claims relating to KLA-TENCOR's historical stock option practices.

26      15.   "SPECIAL COMMITTEE" shall mean and refer to the Special Committee of

27   KLA-TENCOR's Board of Directors appointed on or about May 23, 2006 to investigate THE

28   COMPANY's historical stock option granting practices.

16.    "SPECIAL LITIGATION COMMITTEE" shall mean and refer to the Special Litigation Committee appointed by KLA-TENCOR's Board of Directors to conduct an investigation of the possible claims of KLA-TENCOR relating to its historical stock option practices.

17.    "SPECIAL COMMITTEE INVESTIGATION" shall mean and refer to the internal investigation (including any follow-up activities) conducted by the SPECIAL COMMITTEE and its legal counsel, accounting experts, consultants, and other advisors, which investigation was initiated by KLA-TENCOR's Board of Directors on or about May 23, 2006 to examine the historical stock option practices of THE COMPANY.

## INSTRUCTIONS

1.    If any DOCUMENTS described in these Demands are not produced as demanded, then with respect to each such DOCUMENT please state:

(a)    The name, present or last known address, telephone number, present or last known business affiliation and location, job title and job responsibilities of the DOCUMENT's author, drafter or originator, each PERSON who edited, corrected, revised, amended or reviewed the DOCUMENT, each PERSON who entered any initials, comments or notations into the DOCUMENT, and each recipient of the DOCUMENT or a copy thereof;

(b)    The DOCUMENT date;

(c)    A description of the DOCUMENT's subject matter or general nature (i.e., opinion of counsel, report, letter);

(d)    The basis for not producing the DOCUMENT or a copy thereof; and

(e)    The present location of the DOCUMENT and every copy thereof, and the name of the PERSON in each location having custody or control of the DOCUMENT or a copy.

2.    This Demand for production requires that the DOCUMENTS be produced in the same form and in the same order in which they existed prior to production.

3.    This Demand for production is a continuing demand for all DOCUMENTS which are described herein which may hereafter come into YOUR possession, custody, or control.

-3-

4.    In the event that any DOCUMENTS referred to in YOUR response are not in YOUR possession, custody, or control, please specify what disposition was made of them and by whom the DOCUMENTS are now possessed, held in custody, or controlled.

5.    Wherever it is necessary to bring within the scope of these Demands DOCUMENTS that might otherwise be construed to be outside its scope:

(a)    The words "and" and "or" shall be construed both disjunctively and conjunctively;

(b)    The words "any" and "all" shall be construed to mean "any and all;"

(c)    The singular shall include the plural, and vice versa; and

(d)    The words "include(s)" and "including" shall be construed to mean "including without limitation."

6.    These Demands require that YOU make available for inspection and copying each responsive DOCUMENT or tangible thing that is within YOUR actual or constructive possession, custody, care or control, including DOCUMENTS that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other PERSONS acting or purporting to act on YOUR behalf.

7.    Each category of DOCUMENTS in these Demands seeks production of each responsive DOCUMENT in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

8.    If a portion of an otherwise responsive DOCUMENT contains information subject to a claim of privilege, only those portions of the DOCUMENT subject to the claim of privilege shall be deleted or redacted from the DOCUMENT, and the rest of the DOCUMENT shall be produced.

9.    Any DOCUMENT responsive to any category of these Demands that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

(a)    The manner of disposal, including destruction, loss, discarding, or any other means of disposal;

DLA PIPER US LLP
ATTACHMENT A TO SUBPOENA TO SKADDEN ARPS, SLATE, MEAGHER & FLOM LLP    C07-3798-JW

(b)    The date of disposal;

(c)    The reason for disposal;

(d)    The PERSON authorizing disposal;

(e)    The PERSON disposing of the DOCUMENT; and

(f)    The name and address of the most recent custodian of the DOCUMENT.

10.    Time Period of Demand: Unless otherwise specified, the time period covered by these Demands is May 1, 2006 through the present.

## DEMAND FOR PRODUCTION OF DOCUMENTS AND THINGS

### PRODUCTION DEMAND NO. 1

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from the SEC.

### PRODUCTION DEMAND NO. 2

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from the DOJ.

### PRODUCTION DEMAND NO. 3

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from the NASDAQ.

### PRODUCTION DEMAND NO. 4

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from PWC.

### PRODUCTION DEMAND NO. 5

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

presented to or received from LECG.

**PRODUCTION DEMAND NO. 6**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from MORGAN LEWIS.

**PRODUCTION DEMAND NO. 7**

All DOCUMENTS CONCERNING notes and/or memoranda of witness interviews WHICH YOU conducted on behalf of the SPECIAL COMMITTEE, including but not limited to: (1) YOUR handwritten notes; (2) all drafts of interview memoranda, whether dictated, handwritten, typed or otherwise memorialized; (3) the metadata of any electronically created and edited electronic DOCUMENTS showing when they were edited; (4) all exhibits or other DOCUMENTS referenced in any such memoranda or notes; and (5) all DOCUMENTS showing edits of such memoranda or notes.

**PRODUCTION DEMAND NO. 8**

YOUR calendars and billing time records which reference or describe the dates, length and content of: (1) witness interviews YOU attended conducted by the SPECIAL COMMITTEE or SKADDEN; (2) meetings or telephone calls YOU attended with any agency of the government CONCERNING the SPECIAL COMMITTEE INVESTIGATION; (3) meetings or telephone calls YOU attended with PWC CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT; (4) meetings or telephone calls YOU attended with LECG CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT; (5) meetings YOU attended with the NASDAQ CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT; (6) time YOU spent on the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT other than that specified in (1) through (5) above.

**PRODUCTION DEMAND NO. 9**

All DOCUMENTS summarizing any interactions which YOU attended with

representatives of the SEC, DOJ and/or NASDAQ concerning the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT including notes or memoranda of any such interaction and any presentations that YOU made therein.

**PRODUCTION DEMAND NO. 10**

All DOCUMENTS CONCERNING statements which YOU transmitted, read from (in whole or in part), summarized or presented to, or received from, any member of the press or news media or made to attendees at any seminars, CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or SCHROEDER.

**PRODUCTION DEMAND NO. 11**

All DOCUMENTS CONCERNING the COMPANY'S SEC filings that refer to or discuss the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts which YOU prepared, edited or commented upon.

**PRODUCTION DEMAND NO. 12**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from any governmental agency.

**PRODUCTION DEMAND NO. 13**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from, PWC.

**PRODUCTION DEMAND NO. 14**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION which YOU created or edited, which related to the findings of the SPECIAL COMMITTEE.

**PRODUCTION DEMAND NO. 15**

All DOCUMENTS CONCERNING meetings and/or telephone calls which YOU had with representatives of the press or other news media CONCERNING SCHROEDER, the SPECIAL COMMITTEE INVESTIGATION and/or the SLC INVESTIGATION, including billing records and calendar entries showing any such meetings or telephone calls.

-7-

1    **PRODUCTION DEMAND NO. 16**

2      All DOCUMENTS CONCERNING any investigation CONCERNING SCHROEDER or

3 KLA-TENCOR's historical stock option practices (other than the SPECIAL COMMITTEE

4 INVESTIGATION, RESTATEMENT, and SLC INVESTIGATION) which YOU gave, read

5 from (in whole or in part), summarized, presented to or received from any of the following

6 entities: SEC, DOJ, NASDAQ or news media.

7    **PRODUCTION DEMAND NO. 17**

8      All DOCUMENTS that relate to any ownership interest in KLA-TENCOR securities held

9 during the time period May 1, 2006 to the present by any SKADDEN attorney(s) who worked on

10 the SPECIAL COMMITTEE INVESTIGATION.

11 Dated: November 12, 2007.        DLA PIPER US LLP

12

13                              By _____

14                                SHIRLI F. WEISS
                               DAVID A. PRIEBE

15                                JEFFREY B. COOPERSMITH
                               Attorneys for Defendant

16                                Kenneth L. Schroeder

SD\1773757.1

17

18

19

20

21

22

23

24

25

26

27

28

-8-

1

## PROOF OF SERVICE

2

I am employed in the City and County of San Diego, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297.

3

4

5

On November 12, 2007, I served the following document(s):

6

## NOTICE OF SUBPOENA FOR RECORDS TO SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

7

8

On the interested parties in the subject action by placing a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

9

10  Marc J. Fagel
    Susan F. La Marca

11  Mark P. Fickes
    Elena Ro

12  Securities and Exchange Commission
    44 Montgomery Street, Suite 2600

13  San Francisco, CA 94101

14  fagelm@sec.gov
    lamarcas@sec.gov

15  fickesm@sec.gov
    pendreyj@sec.gov

16  roe@sec.gov

17

James E. Lyons
Skadden Arps Slate Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
jlyons@skadden.com

Elliot R. Peters
Stuart L. Gasner
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
epeters@kvn.com
sgasner@kvn.com

18

19

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

20

21

Executed on November 12, 2007, at San Diego, California.

22

23

Emiko S. Gonzales

24

25

26

27

28

**Exhibit 16**

SHIRLI F. WEISS, Bar No. 79225
shirli.weiss@dlapiper.com
DAVID A. PRIEBE, Bar No. 148679
david.priebe@dlapiper.com
JEFFREY B. COOPERSMITH
(Admitted *pro hac vice*)
jeff.coopersmith@dlapiper.com
DLA PIPER US LLP
400 Capitol Mall, Suite 2400
Sacramento, CA  95814-4428
Tel:  916.930.3200
Fax:  916.930.3201

Attorneys for Defendant
Kenneth L. Schroeder

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH L. SCHROEDER,<br><br>        Defendant. | Case No. C-07-3798-JW<br><br>**NOTICE OF SUBPOENA FOR RECORDS TO ELIZABETH HARLAN** |

1

1    **TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD:**

2    PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

3    Procedure, Defendant Kenneth L. Schroeder ("Defendant"), by his attorneys, demands that

4    deponent respond to the requests for production of documents and things identified in Attachment

5    A to the attached subpoena by producing the requested documents on or before Monday,

6    November 19, 2007, at 9:00 a.m. at the offices of DLA Piper US LLP, located at 2000 University

7    Avenue, East Palo Alto, CA 94303-2214; Telephone: (650) 833-2000.

9    Dated: November 7, 2007           DLA PIPER US LLP

By _____
SHIRLI F. WEISS
DAVID A. PRIEBE
JEFFREY B. COOPERSMITH

Attorneys for Defendant
Kenneth L. Schroeder

SD\1773860.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION                    **SUBPOENA IN A CIVIL CASE**
V.

KENNETH L. SCHROEDER                                  Case Number:[1] C-07-3798-JW

TO:  Elizabeth Harlan c/o James E. Lyons at Skadden, Arps, Slate, Meagher & Flom LLP,
     Four Embarcadero Center, Suite 3800, San Francisco, CA 94111; (415) 984-6470

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
   to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
   the place, date, and time specified below (list documents or objects):
   SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| DLA Piper US LLP, 2000 University Avenue, East Palo Alto, CA 94303-2214; (650) 833-2000 | November 19, 2007 at 9 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_   Attorney for Kenneth Schroeder | November 7, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shirli F. Weiss, DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101; (619) 699-3650

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT A TO SUBPOENA TO ELIZABETH HARLAN

### *SEC v. Schroeder*

### DEFINITIONS

1.    "YOU" or "YOUR" shall mean and refer to Elizabeth Harlan and includes any assistant that sent COMMUNICATIONS (defined below) on her behalf.

2.    "KLA-TENCOR" and "the COMPANY" shall mean and refer to KLA-Tencor Corporation and its predecessor corporations (including KLA Instruments and Tencor Instruments), and shall include all committees of its Board of Directors.

3.    "SCHROEDER" shall mean and refer to Defendant Kenneth L. Schroeder.

4.    "COMMUNICATION(S)" shall mean the exchange of information by any means, including without limitation telephone, telecopy, facsimile, electronic mail, text message, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation or other form of verbal expression.

5.    "CONCERN" or "CONCERNING" shall mean relating to, referring to, describing, discussing, memorializing, reflecting, containing, evidencing or constituting.

6.    "DOCUMENT(S)" shall mean and include all "writings" as "writings" is defined in the Federal Rules of Evidence, Rule 1001(1), as well as all writings of any nature whatsoever within YOUR possession, custody or control, including but not limited to, contracts, agreements, COMMUNICATIONS, correspondence, telegrams, electronic mail, memoranda, records, power point presentations, reports, books, summaries, records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, billing records, work papers, drafts, copies, graphs, accounts, analytical records, minutes and other records of meetings, conferences, consultant reports, appraisals, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes, personal notes, handwritten notes, marginal notations, bills, invoices, checks, photographs, brochures, lists, journals, advertising, computer tapes, disks, or other computer storage media, electronic or magnetic storage media, and all other matter, printed, recorded or photographic

1    matter or sound reproductions, including video and audio tapes, however produced or reproduced.

2        7.    "DOJ" shall mean and refer to the United States Department of Justice, including

3    its agents, custodians, attorneys, expert consultants, paralegals, representatives, or other persons

4    acting under the United States Department of Justice's direction or control.

5        8.    "LECG" shall mean and refer to LECG, LLC, including its agents, custodians,

6    expert consultants, representatives, or other persons acting under LECG's direction or control.

7        9.    "NASDAQ" shall mean and refer to the NASDAQ stock exchange and NASD,

8    Inc., including their predecessor entities, successor entities (including the Financial Industry

9    Regulatory Authority (FINRA)), agents, custodians, attorneys, expert consultants, representatives,

10   or other persons acting under the NASDAQ's direction or control.

11       10.    "PWC" shall mean and refer to PricewaterhouseCoopers International Limited,

12   including its member firms, predecessor firms, and their agents, custodians, attorneys, expert

13   consultants, representatives, or other persons acting under their direction or control.

14       11.    "RESTATEMENT" shall mean and refer to the Restatement announced in THE

15   COMPANY's Form 10-K filed with the Securities & Exchange Commission on January 29,

16   2007.

17       12.    "SEC" shall mean and refer to the United States Securities and Exchange

18   Commission, including its agents, custodians, attorneys, paralegals, expert consultants,

19   representatives, or other persons acting under the United States Securities and Exchange

20   Commission's direction or control.

21       13.    "SPECIAL COMMITTEE" shall mean and refer to the Special Committee of

22   KLA-TENCOR's Board of Directors appointed on or about May 23, 2006 to investigate THE

23   COMPANY's historical stock option granting practices.

24       14.    "SPECIAL COMMITTEE INVESTIGATION" shall mean and refer to the internal

25   investigation (including any follow-up activities) conducted by the SPECIAL COMMITTEE and

26   its legal counsel, accounting experts, consultants, and other advisors, which investigation was

27   initiated by KLA-TENCOR's Board of Directors on or about May 23, 2006 to examine the

28   historical stock option practices of THE COMPANY.

2

15.    "SKADDEN" shall mean and refer to the law firm of Skadden Arps Meager & Flom, LLP, including its attorneys, paralegals and administrative staff.

## INSTRUCTIONS

1.    If any DOCUMENTS described in these Demands are not produced as demanded, then with respect to each such DOCUMENT please state:

(a)    The name, present or last known address, telephone number, present or last known business affiliation and location, job title and job responsibilities of the DOCUMENT's author, drafter or originator, each PERSON who edited, corrected, revised, amended or reviewed the DOCUMENT, each PERSON who entered any initials, comments or notations into the DOCUMENT, and each recipient of the DOCUMENT or a copy thereof;

(b)    The DOCUMENT date;

(c)    A description of the DOCUMENT's subject matter or general nature (i.e., opinion of counsel, report, letter);

(d)    The basis for not producing the DOCUMENT or a copy thereof; and

(e)    The present location of the DOCUMENT and every copy thereof, and the name of the PERSON in each location having custody or control of the DOCUMENT or a copy.

2.    This Demand for production requires that the DOCUMENTS be produced in the same form and in the same order in which they existed prior to production.

3.    This Demand for production is a continuing demand for all DOCUMENTS which are described herein which may hereafter come into YOUR possession, custody, or control.

4.    In the event that any DOCUMENTS referred to in YOUR response are not in YOUR possession, custody, or control, please specify what disposition was made of them and by whom the DOCUMENTS are now possessed, held in custody, or controlled.

5.    Wherever it is necessary to bring within the scope of these Demands DOCUMENTS that might otherwise be construed to be outside its scope:

(a)    The words "and" and "or" shall be construed both disjunctively and conjunctively;

(b)    The words "any" and "all" shall be construed to mean "any and all;"

3

DLA Piper US LLP
Seattle

ATTACHMENT A TO SUBPOENA TO ELIZABETH HARLAN    NO. C-07-3798-JW

1         (c)     The singular shall include the plural, and vice versa; and

2         (d)     The words "include(s)" and "including" shall be construed to mean

3    "including without limitation."

4         6.     These Demands require that YOU make available for inspection and copying each

5    responsive DOCUMENT or tangible thing that is within YOUR actual or constructive possession,

6    custody, care or control, including DOCUMENTS that YOU have a right to secure from any

7    other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants,

8    consultants, advisors or other PERSONS acting or purporting to act on YOUR behalf.

9         7.     Each category of DOCUMENTS in these Demands seeks production of each

10    responsive DOCUMENT in its entirety, without abbreviation or expurgation, including all

11    attachments or other matters affixed thereto.

12         8.     If a portion of an otherwise responsive DOCUMENT contains information subject

13    to a claim of privilege, only those portions of the DOCUMENT subject to the claim of privilege

14    shall be deleted or redacted from the DOCUMENT, and the rest of the DOCUMENT shall be

15    produced.

16         9.     Any DOCUMENT responsive to any category of these Demands that was, but no

17    longer is, in YOUR possession, custody or control, whether actual or constructive, shall be

18    described as completely as possible, and the following information shall be provided:

19         (a)     The manner of disposal, including destruction, loss, discarding, or any

20    other means of disposal;

21         (b)     The date of disposal;

22         (c)     The reason for disposal;

23         (d)     The PERSON authorizing disposal;

24         (e)     The PERSON disposing of the DOCUMENT; and

25         (f)     The name and address of the most recent custodian of the DOCUMENT.

26         10.     TIME PERIOD OF DEMANDS: Unless otherwise specified, the time period

27    covered by these Demands is May 1, 2006 through to the present.

28

**DEMAND FOR PRODUCTION OF DOCUMENTS AND THINGS**

**PRODUCTION DEMAND NO. 1**

All DOCUMENTS CONCERNING notes and/or memoranda of witness interviews conducted by Skadden on behalf of the Special Committee which YOU prepared, commented on or edited, including but not limited to: (1) YOUR handwritten notes; (2) all drafts of interview memoranda, whether dictated, handwritten, typed or otherwise memorialized; (3) the metadata of any electronically created and edited electronic documents showing when they were edited; (4) all exhibits or other DOCUMENTS referenced in any such memoranda or notes; and (5) all DOCUMENTS showing edits of other people to memoranda prepared by YOU.

**PRODUCTION DEMAND NO. 2**

YOUR calendars and billing time records which reference or describe the dates, length and content of: (1) witness interviews YOU attended conducted by the SPECIAL COMMITTEE or SKADDEN; (2) meetings or telephone calls YOU attended with any agency of the government CONCERNING the SPECIAL COMMITTEE INVESTIGATION; (3) meetings or telephone calls YOU attended with PWC CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT; (4) meetings or telephone calls YOU attended with LECG CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT; (5) meetings YOU attended with the NASDAQ CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT; (6) time YOU spent on the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT other than that specified in (1) through (5) above.

**PRODUCTION DEMAND NO. 3**

All DOCUMENTS CONCERNING meetings attended by any SKADDEN lawyers and any agency of the government, which DOCUMENTS YOU prepared in whole or in part, edited, or commented on, including presentations made to government agencies and notes of interviews of, or meetings with, SKADDEN lawyers conducted by any government agency.

**PRODUCTION DEMAND NO. 4**

All DOCUMENTS CONCERNING statements to the press made by SKADDEN, KLA-TENCOR and/or or Morgan Lewis, which you prepared in whole or in part, summarized, edited or commented on.

**PRODUCTION DEMAND NO. 5**

All DOCUMENTS CONCERNING SEC filings of KLA-TENCOR related to the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, which you prepared in whole or in part, edited or commented on.

**PRODUCTION DEMAND NO. 6**

All COMMUNICATIONS between YOU and PWC concerning the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts of those COMMUNICATIONS.

**PRODUCTION DEMAND NO. 7**

All COMMUNICATIONS between YOU and LECG concerning the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts of those COMMUNICATIONS.

**PRODUCTION DEMAND NO. 8**

All DOCUMENTS which YOU prepared, edited or commented on concerning SCHROEDER.

**PRODUCTION DEMAND NO. 9**

All DOCUMENTS created by SKADDEN CONCERNING the SPECIAL COMMITTEE INVESTIGATION, which YOU reviewed prior to serving as the note taker for Mr. Schroeder's interview conducted by SKADDEN.

/////
/////
/////
/////

DLA PIPER US LLP
SEATTLE

ATTACHMENT A TO SUBPOENA TO ELIZABETH HARLAN    NO. C-07-3798-JW

1    **PRODUCTION DEMAND NO. 10**

2        All DOCUMENTS that relate to any ownership YOU had or have in KLA-TENCOR

3    securities during the time period May 1, 2006 to the present.

4

5    Dated: November 7, 2007.                DLA PIPER US LLP

6                                            By

7                                               SHIRLI F. WEISS
                                               DAVID A. PRIEBE
8                                              JEFFREY B. COOPERSMITH
                                               Attorneys for Defendant
9                                              Kenneth L. Schroeder

10   SD\1773458.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I am employed in the City and County of San Diego, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101-4297.

3

4

5

On November 7, 2007, I served the following document(s):

6

**NOTICE OF SUBPOENA FOR RECORDS TO ELIZABETH HARLAN**

7

On the interested parties in the subject action by placing a true copy of the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

8

9

10

Marc J. Fagel
Susan F. La Marca
Mark P. Fickes
Jeremy Pendrey
Elena Ro
Securities and Exchange Commission
44 Montgomery Street, Suite 2600
San Francisco, CA 94101
fagelm@sec.gov
lamarcas@sec.gov
fickesm@sec.gov
pendreyj@sec.gov
roe@sec.gov

11

12

13

14

15

16

17

James E. Lyons
Skadden Arps Slate Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
jlyons@skadden.com


Elliot R. Peters
Stuart L. Gasner
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111
epeters@kvn.com
sgasner@kvn.com

18

19

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

20

Executed on November 7, 2007, at San Diego, California.

21

22

23

Emiko S. Gonzales

24

25

26

27

28