# Exhibit 17

1  JAMES E. LYONS (Cal. Bar No. 112582)
   RAYMOND H. CHO (Cal Bar No. 240556)
2  Skadden, Arps, Slate, Meagher & Flom LLP
   Four Embarcadero Center, Suite 3800
3  San Francisco, California 94111-4144
   (415) 984-6400
4  (415) 984-2698 (fax)
   jlyons@skadden.com
5  rcho@skadden.com

6  MATTHEW E. SLOAN (Cal. Bar No. 165165)
   Skadden, Arps, Slate, Meagher & Flom LLP
7  300 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-3144
8  (213) 687-5000
   (213) 687-5600 (fax)
9  masloan@skadden.com

10 Attorneys for Non-Party
   Skadden, Arps, Slate, Meagher & Flom LLP

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14
   SECURITIES AND EXCHANGE          )   CASE NO. C 07-3798 (JW)
15 COMMISSION,                      )
                                    )
16              Plaintiff,          )   **NON-PARTY SKADDEN, ARPS, SLATE,**
        vs.                         )   **MEAGHER & FLOM LLP'S RESPONSES**
17                                  )   **AND OBJECTIONS TO DEFENDANT**
   KENNETH L. SCHROEDER,            )   **KENNETH L. SCHROEDER'S**
18                                  )   **SUBPOENA FOR RECORDS**
                                    )
19              Defendant.          )
                                    )
20
   ─────────────────────────────────

21        Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Skadden, Arps,

22 Slate, Meagher & Flom LLP ("Skadden"), by and through undersigned counsel, hereby objects and

23 responds to the Subpoena Duces Tecum (the "Subpoena") served by defendant Kenneth L.

24 Schroeder ("Schroeder") in the above-captioned litigation ("Litigation") as follows:

25

26

27

28

1

## GENERAL OBJECTIONS

2      1.      Skadden incorporates by reference each and every General Objection set
3 forth below into each and every specific response.

4      2.      Skadden objects to the Subpoena to the extent that it seeks the production of
5 documents that are within Schroeder's possession, custody or control, or that are equally as
6 accessible to Schroeder as to Skadden, including documents produced to Schroeder by the
7 Securities and Exchange Commission ("SEC"), as outlined in its Initial Disclosures pursuant to
8 F.R.C.P. 26(a)(1).

9      3.      Skadden objects to the Subpoena to the extent that it is vague, overbroad,
10 unduly burdensome and/or calls for the production of documents not relevant to the issues raised
11 nor reasonably calculated to lead to the discovery of admissible evidence.  Skadden does not
12 concede the relevance of any document produced in response to the Subpoena.

13      4.      Skadden objects to the Subpoena to the extent it would require Skadden to
14 conduct an unreasonably broad and burdensome search for documents that would only have
15 marginal relevance.

16      5.      Skadden objects to the Subpoena insofar as it requests documents that are
17 protected from discovery by the attorney-client privilege, the work-product doctrine, or any other
18 applicable privilege or immunity.  By producing documents in response to the Subpoena, Skadden
19 does not waive, intentionally or otherwise, any privilege, doctrine or immunity protecting its
20 communications, transactions or records from disclosure.  Any production of documents
21 inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such
22 privilege or protection.

23      6.      Skadden objects to the Subpoena to the extent it seeks confidential,
24 proprietary or competitively sensitive information, or information concerning past or present
25 employees of Skadden or KLA-Tencor Corporation ("KLA") which is protected by the right of
26 privacy under Article I, Section 1 of the California Constitution or other applicable law.  Absent

27

28

---

1   the entry of a suitable protective order in this case to safeguard the confidentiality of the documents

2   sought, no such documents will be produced.

3           7.      Skadden objects to the Subpoena to the extent it purports to require Skadden

4   to comply with requirements beyond those imposed by the Federal Rules of Civil Procedure and

5   the Local Rules of the United States District Court for the Northern District of California, or which

6   exceed the permissible scope of discovery under said rules.

7           8.      Skadden objects to the term "DOCUMENT(S)" as defined in the Subpoena

8   as overly broad and unduly burdensome to the extent that this definition is broader than and

9   deviates from the commonly understood definition of that term.

10          9.      Skadden objects to the Subpoena on the ground that it makes no provision

11  for reimbursement of the substantial expenses that Skadden may incur in complying with the

12  Subpoena. Skadden's response to the Subpoena is subject to its claim for reimbursement of the

13  reasonable costs and expenses incurred in connection with the Subpoena as provided in Federal

14  Rule of Civil Procedure 45(c)(1).

15          10.     Skadden objects to the Subpoena to the extent it seeks documents or

16  information primarily to harass or annoy KLA, for use in other litigation, or to release to third

17  parties.

18          11.     Without waiving any of the foregoing General Objections, Skadden responds

19  to the Subpoena, subject to the following additional express reservations of rights:

20          a.      Skadden expressly reserves the right to object, on the grounds of

21  competency, privilege, relevance, burden or materiality, or any other proper ground, to the use of

22  these responses or documents produced in response to the Subpoena for any purpose, in whole or

23  in part, in any subsequent stage or proceeding in the Litigation;

24          b.      Skadden does not concede the relevancy of any document or

25  information being produced in response to the Requests and expressly reserves the right to object

26  to the introduction into evidence or any other use of such documents or information on relevance or

27  any other grounds; and

28

1           c.     Skadden expressly reserves the right to revise, amend, correct, add to

2    or clarify any of the responses or objections propounded herein.

3                       **SPECIFIC RESPONSES AND OBJECTIONS**

4               Without waiving or departing from its General Objections, and specifically

5    incorporating the General Objections into each of the specific responses below, Skadden makes the

6    following additional objections and responses to specific document requests in the Subpoena.

7    **REQUEST FOR PRODUCTION NO. 1:**

8               All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

9    INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

10   part), summarized, presented to or received from the SEC.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

12              Skadden incorporates by reference its General Objections as though fully set forth

13   herein. Skadden additionally objects to this Request to the extent that it seeks the production of

14   documents that are within Schroeder's possession, custody or control, or that are equally as

15   accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

16   seeks the discovery of information that is neither relevant to the subject matter of this action nor

17   reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

18   objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

19   objects to this Request to the extent that it seeks the production of documents that are subject to

20   any applicable privilege, doctrine or immunity, including without limitation the attorney-client

21   privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

22   to this Request to the extent that it is vague and ambiguous with respect to the terms

23   "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

24   Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

25   requires Skadden to speculate as to the nature and scope of the documents sought. Requiring

26   Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

27   reasonably calculated to lead to the discovery of admissible evidence.

28

1        Based on Skadden's review of the SEC's Initial Disclosures, the SEC has already

2 produced substantially all of the documents responsive to this Request to Schroeder, pursuant to

3 F.R.C.P. 26(a)(1).  Because these documents are already in Schroeder's possession, custody or

4 control, it would be unduly burdensome and an improper use of the discovery process to compel

5 Skadden to produce such documents in this case.  Accordingly, Skadden will not produce any

6 documents responsive to this Request which the SEC has already produced to Schroeder as such

7 documents are already in Schroeder's possession, custody or control, and therefore are equally

8 accessible to Schroeder as to Skadden.    Skadden also refuses to produce many of these responsive

9 documents on the additional grounds that they are protected by the attorney client privilege, the

10 work product doctrine, and/or other applicable privileges.

11        To the extent that Skadden has any responsive documents that were not included in

12 the SEC's Initial Disclosures to Schroeder, and are not protected by the attorney-client privilege,

13 the work product doctrine or some other applicable privilege, Skadden will produce such

14 documents to Schroeder to the extent that they do not contain any trade secrets or confidential or

15 competitively sensitive business information.  To the extent that such responsive, non-privileged

16 documents do contain any trade secrets or confidential or competitively sensitive business

17 information, Skadden will produce them to Schroeder subject to the entry by the court of a

18 confidentiality order prohibiting the parties from disclosing such documents or information to third

19 parties or using them for purposes unrelated to this Litigation.   However, Skadden currently

20 believes that all non-privileged responsive documents that were produced to the SEC have already

21 been produced to Schroeder pursuant to the SEC's Initial Disclosures.

22 **REQUEST FOR PRODUCTION NO. 2:**

23        All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

24 INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

25 part), summarized, presented to or received from the DOJ.

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

2 |        Skadden incorporates by reference its General Objections as though fully set forth

3 | herein. Skadden additionally objects to this Request to the extent that it seeks the production of

4 | documents that are within Schroeder's possession, custody or control, or that are equally as

5 | accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

6 | seeks the discovery of information that is neither relevant to the subject matter of this action nor

7 | reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

8 | objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

9 | objects to this Request to the extent that it seeks the production of documents that are subject to

10 | any applicable privilege, doctrine or immunity, including without limitation the attorney-client

11 | privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

12 | to this Request to the extent that it is vague and ambiguous with respect to the terms

13 | "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

14 | Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

15 | requires Skadden to speculate as to the nature and scope of the documents sought. Requiring

16 | Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

17 | reasonably calculated to lead to the discovery of admissible evidence.

18 |        Based on Skadden's review of the SEC's Initial Disclosures, the SEC has already

19 | produced substantially all of the documents responsive to this Request to Schroeder, pursuant to

20 | F.R.C.P. 26(a)(1). Because these documents are already in Schroeder's possession, custody or

21 | control, it would be unduly burdensome and an improper use of the discovery process to compel

22 | Skadden to produce such documents in this case. Accordingly, Skadden will not produce any

23 | documents responsive to this Request which the SEC has already produced to Schroeder as such

24 | documents are already in Schroeder's possession, custody or control, and are therefore equally

25 | accessible to Schroeder as to Skadden. Skadden also refuses to produce many of these responsive

26 | documents on the additional grounds that they are protected by the attorney client privilege, the

27 | work product doctrine, and/or other applicable privileges.

28 |

---

**NON-PARTY SKADDEN'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS**

1    To the extent that Skadden has any responsive documents that were not included in

2    the SEC's Initial Disclosures to Schroeder, and are not protected by the attorney-client privilege,

3    the work product doctrine or some other applicable privilege, Skadden will produce such

4    documents to Schroeder to the extent that they do not contain any trade secrets or confidential or

5    competitively sensitive business information.  To the extent that such responsive, non-privileged

6    documents do contain any trade secrets or confidential or competitively sensitive business

7    information, Skadden will produce them to Schroeder subject to the entry by the court of a

8    confidentiality order prohibiting the parties from disclosing such documents or information to third

9    parties or using them for purposes unrelated to this Litigation.  However, Skadden currently

10    believes that all non-privileged responsive documents that were produced to the DOJ have already

11    been produced to Schroeder pursuant to the SEC's Initial Disclosures.

12    **REQUEST FOR PRODUCTION NO. 3:**

13    All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

14    INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

15    part), summarized, presented to or received from the NASDAQ.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17    Skadden incorporates by reference its General Objections as though fully set forth

18    herein.  Skadden further objects to this Request to the extent that it seeks the discovery of

19    information that is neither relevant to the subject matter of this action nor reasonably calculated to

20    lead to the discovery of admissible evidence.  Skadden additionally objects to this Request to the

21    extent that it is overbroad and unduly burdensome.  Skadden additionally objects to this Request to

22    the extent that it is vague and ambiguous with respect to the terms "CONCERNING", transmitted",

23    "read from", "summarized", "presented" and "received."  Skadden objects that the use of these

24    vague and ambiguous terms in conjunction with this Request requires Skadden to speculate as to

25    the nature and scope of the documents sought.  Requiring Skadden to so speculate renders the

26    Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the

27    discovery of admissible evidence.

28

1           Subject to and without waiving any of the above objections, Skadden will produce

2   documents responsive to this Request, to the extent that such documents are not subject to any

3   applicable privilege, doctrine or immunity.

4   **REQUEST FOR PRODUCTION NO. 4:**

5           All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

6   INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in

7   part), summarized, presented to or received from the PWC.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

9           Skadden incorporates by reference its General Objections as though fully set forth

10  herein. Skadden additionally objects to this Request to the extent that it seeks the production of

11  documents that are within Schroeder's possession, custody or control, or that are equally as

12  accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

13  seeks the discovery of information that is neither relevant to the subject matter of this action nor

14  reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

15  objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

16  objects to this Request to the extent that it seeks the production of documents that are subject to

17  any applicable privilege, doctrine or immunity, including without limitation the attorney-client

18  privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

19  to this Request to the extent that it is vague and ambiguous with respect to the terms

20  "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

21  Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request

22  requires Skadden to speculate as to the nature and scope of the documents sought. Requiring

23  Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not

24  reasonably calculated to lead to the discovery of admissible evidence.

25          Skadden will not produce documents responsive to this Request because any such

26  documents are protected by the work product doctrine and/or the attorney-client privilege.

27

28

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from LECG.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Skadden incorporates by reference its General Objections as though fully set forth herein. Skadden additionally objects to this Request to the extent that it seeks the production of documents that are within Schroeder's possession, custody or control, or that are equally as accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it seeks the discovery of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further objects to this Request to the extent that it seeks the production of documents that are subject to any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects to this Request to the extent that it is vague and ambiguous with respect to the terms "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received." Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

Skadden will not produce documents responsive to this Request because any such documents are protected by the work product doctrine and/or the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from MORGAN LEWIS.

1 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**</u>:

2       Skadden incorporates by reference its General Objections as though fully set forth

3 herein. Skadden additionally objects to this Request to the extent that it seeks the production of

4 documents that are within Schroeder's possession, custody or control, or that are equally as

5 accessible to Schroeder as to Skadden. Skadden additionally objects to this Request to the extent

6 that it seeks the production of documents that are within Schroeder's possession, custody or control,

7 or that are equally as accessible to Schroeder as to Skadden. Skadden further objects to this

8 Request to the extent that it seeks the discovery of information that is neither relevant to the subject

9 matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

10 Skadden additionally objects to this Request to the extent that it is overbroad and unduly

11 burdensome. Skadden further objects to this Request to the extent that it seeks the production of

12 documents that are subject to any applicable privilege, doctrine or immunity, including without

13 limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy.

14 Skadden additionally objects to this Request to the extent that it is vague and ambiguous with

15 respect to the terms "CONCERNING," "transmitted", "read from", "summarized", "presented" and

16 "received." Skadden objects that the use of these vague and ambiguous terms in conjunction with

17 this Request requires Skadden to speculate as to the nature and scope of the documents sought.

18 Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive

19 and not reasonably calculated to lead to the discovery of admissible evidence.

20       Skadden will not produce documents responsive to this Request because any such

21 documents are protected by the attorney-client privilege and/or the work product doctrine.

22 <u>**REQUEST FOR PRODUCTION NO. 7**</u>:

23       All DOCUMENTS CONCERNING notes and/or memoranda of witness interviews

24 WHICH YOU conducted on behalf of the SPECIAL COMMITTEE, including but not limited to:

25 (1) YOUR handwritten notes; (2) all drafts of interview memoranda, whether dictated, handwritten,

26 typed or otherwise memorialized; (3) the metadata of any electronically created and edited

27 electronic DOCUMENTS showing when they were edited; (4) all exhibits or other DOCUMENTS

28

1 referenced in any such memoranda or notes; and (5) all DOCUMENTS showing edits of such

2 memoranda or notes.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

4          Skadden incorporates by reference its General Objections as though fully set forth

5 herein. Skadden additionally objects to this Request to the extent that it seeks the production of

6 documents that are within Schroeder's possession, custody or control, or that are equally as

7 accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it

8 seeks the discovery of information that is neither relevant to the subject matter of this action nor

9 reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally

10 objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further

11 objects to this Request to the extent that it seeks the production of documents that are subject to

12 any applicable privilege, doctrine or immunity, including without limitation the attorney-client

13 privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects

14 to this Request to the extent that it is vague and ambiguous with respect to the terms

15 "CONCERNING," "notes", "memoranda", "conducted", "on behalf of", "drafts", "memorialized",

16 "metadata", "electronic", "edited", "referenced" and "showing." Skadden objects that the use of

17 these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate

18 as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the

19 Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the

20 discovery of admissible evidence.

21          Based on Skadden's review of the SEC's initial disclosures to Schroeder, pursuant to

22 F.R.C.P. 26(a)(1), the SEC has already produced the final version of all witness interview

23 memoranda prepared by Skadden (the "Interview Memoranda") as well as all the document or

24 exhibits referenced therein. Because such documents are already in Schroeder's possession,

25 custody or control, it would be unduly burdensome and an improper use of the discovery process to

26 compel Skadden to produce such documents in this case. Accordingly, Skadden will not produce

27 any of the Interview Memoranda or the documents or exhibits referenced therein to Schroeder as

28

1  the SEC has already produced such documents to Schroeder and they are, accordingly, equally

2  accessible to Schroeder as to Skadden.  Skadden also refuses to produce any of the Interview

3  Memoranda, or any of the privileged documents or exhibits attached thereto, on the additional

4  grounds that such documents are protected from discovery by the attorney client privilege, the

5  work product doctrine, or other applicable privileges.

6            Skadden will produce the electronic document metadata concerning the Interview

7  Memoranda, which reflect information such as "date last modified," "date created," and "date

8  printed," but do not disclose information protected by the work product doctrine, or any other

9  applicable privileges, doctrines or immunities, such as the substance of any revisions or

10 amendments made to the Interview Memoranda.

11           Skadden will refuse to produce all other documents responsive to this Request on

12 the grounds that they are protected by the attorney client privilege, the work product doctrine or

13 other applicable privileges or immunities.

14 **REQUEST FOR PRODUCTION NO. 8:**

15           YOUR calendars and billing time records which reference or describe the dates,

16 length and content of: (1) witness interviews YOU attended conducted by the SPECIAL

17 COMMITTEE or SKADDEN; (2) meetings or telephone calls YOU attended with any agency of

18 the government CONCERNING the SPECIAL COMMITTEE INVESTIGATION; (3) meetings or

19 telephone calls YOU attended with PWC CONCERNING the SPECIAL COMMITTEE

20 INVESTIGATION and/or RESTATEMENT; (4) meetings or telephone calls YOU attended with

21 LECG CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or

22 RESTATEMENT; (5) meetings YOU attended with the NASDAQ CONCERNING the SPECIAL

23 COMMITTEE INVESTIGATION and/or RESTATEMENT; (6) time YOU spent on the SPECIAL

24 COMMITTEE INVESTIGATION and/or RESTATEMENT other than that specified in (1) through

25 (5) above.

26

27

28

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2          Skadden incorporates by reference its General Objections as though fully set forth

3 herein. Skadden further objects to this Request to the extent that it seeks the discovery of

4 information that is neither relevant to the subject matter of this action nor reasonably calculated to

5 lead to the discovery of admissible evidence. Skadden additionally objects to this Request to the

6 extent that it is overbroad and unduly burdensome. Skadden further objects to this Request to the

7 extent that it seeks the production of documents that are subject to any applicable privilege,

8 doctrine or immunity, including without limitation the attorney-client privilege, the attorney work

9 product doctrine or the right of privacy. Skadden additionally objects to this Request to the extent

10 that it is vague and ambiguous with respect to the terms "CONCERNING," "calendars", "time

11 records", "reference", "describe", "attended", "conducted" and "meetings." Skadden objects that

12 the use of these vague and ambiguous terms in conjunction with this Request requires Skadden to

13 speculate as to the nature and scope of the documents sought. Requiring Skadden to so speculate

14 renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to

15 lead to the discovery of admissible evidence.

16          Subject to and without waiving any of the above objections, Skadden will produce

17 certain documents responsive to this Request, including final versions of billing records and certain

18 calendar items, which have been redacted to remove information protected by the attorney-client

19 privilege, the work product doctrine, the right of privacy and confidential information that is not

20 responsive to this Request.

21 **REQUEST FOR PRODUCTION NO. 9:**

22          All DOCUMENTS summarizing any interactions which YOU attended with

23 representatives of the SEC, DOJ and/or NASDAQ concerning the SPECIAL COMMITTEE

24 INVESTIGATION and/or RESTATEMENT including notes or memoranda of any such interaction

25 and any presentations that YOU made therein.

26

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Skadden incorporates by reference its General Objections as though fully set forth herein. Skadden further objects to this Request to the extent that it seeks the discovery of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further objects to this Request to the extent that it seeks the production of documents that are subject to any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects to this Request to the extent that it is vague and ambiguous with respect to the terms "CONCERNING," "summarizing", "interactions", "attended", "representatives", "notes", "memoranda" and "presentations." Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the above objections, Skadden will produce any documents responsive to this Request, to the extent they exist, which are not protected by the work product doctrine, the attorney client privilege, or any other applicable privilege or immunity. However, Skadden believes that substantially all, if not all, responsive documents, if any, will be protected by the work product doctrine, the attorney client privilege, or other applicable privileges, and will not produce any such documents.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS CONCERNING statements which YOU transmitted, read from (in whole or in part), summarized or presented to, or received from, any member of the press or news media or made to attendees at any seminars, CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or SCHROEDER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

1    Skadden incorporates by reference its General Objections as though fully set forth

2  herein.  Skadden further objects to this Request to the extent that it seeks the discovery of

3  information that is neither relevant to the subject matter of this action nor reasonably calculated to

4  lead to the discovery of admissible evidence.  Skadden additionally objects to this Request to the

5  extent that it is overbroad and unduly burdensome.  Skadden further objects to this Request to the

6  extent that it seeks the production of documents that are subject to any applicable privilege,

7  doctrine or immunity, including without limitation the attorney-client privilege, the attorney work

8  product doctrine or the right of privacy.  Skadden additionally objects to this Request to the extent

9  that it is vague and ambiguous with respect to the terms "CONCERNING," "statements",

10  "transmitted", "read from", "summarized", "presented", "received", "member", "press", "news

11  media", "attendees" and "seminars."  Skadden objects that the use of these vague and ambiguous

12  terms in conjunction with this Request requires Skadden to speculate as to the nature and scope of

13  the documents sought.  Requiring Skadden to so speculate renders the Request overbroad, unduly

14  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16    Subject to and without waiving any of the above objections, Skadden will produce

17  documents responsive to this Request, if any, to the extent that such documents are not subject to

18  any applicable privilege, doctrine or immunity.  However, Skadden does not believe it has any such

19  documents.

20  **REQUEST FOR PRODUCTION NO. 11:**

21    All DOCUMENTS CONCERNING the COMPANY'S SEC filings that refer to or

22  discuss the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including

23  drafts which YOU prepared, edited or commented upon.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

25    Skadden incorporates by reference its General Objections as though fully set forth

26  herein.  Skadden additionally objects to this Request to the extent that it seeks the production of

27  documents that are within Schroeder's possession, custody or control, or that are equally as

28

accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it seeks the discovery of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further objects to this Request to the extent that it seeks the production of documents that are subject to any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects to this Request to the extent that it is vague and ambiguous with respect to the terms "CONCERNING," "filings", "refer", "discuss", "drafts", "prepared", "edited" and "commented." Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the above objections, Skadden will produce any documents responsive to this Request which are not protected by the work product doctrine, the attorney-client privilege, or any other applicable privilege or immunity. However, Skadden does not believe it has any such non-privileged documents.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU transmitted to, read from (in whole or in part), summarized, presented to or received from any government agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Skadden incorporates by reference its General Objections as though fully set forth herein. Skadden additionally objects to this Request to the extent that it seeks the production of documents that are within Schroeder's possession, custody or control, or that are equally as accessible to Schroeder as to Skadden. Skadden further objects to this Request to the extent that it seeks the discovery of information that is neither relevant to the subject matter of this action nor

1  reasonably calculated to lead to the discovery of admissible evidence. Skadden additionally
2  objects to this Request to the extent that it is overbroad and unduly burdensome. Skadden further
3  objects to this Request to the extent that it seeks the production of documents that are subject to
4  any applicable privilege, doctrine or immunity, including without limitation the attorney-client
5  privilege, the attorney work product doctrine or the right of privacy. Skadden additionally objects
6  to this Request to the extent that it is vague and ambiguous with respect to the terms
7  "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."
8  Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request
9  requires Skadden to speculate as to the nature and scope of the documents sought. Requiring
10  Skadden to so speculate renders the Request overbroad, unduly burdensome, oppressive and not
11  reasonably calculated to lead to the discovery of admissible evidence.

12        Subject to and without waiving any of the above objections, Skadden will produce
13  documents responsive to this Request, if any, to the extent that such documents are not subject to
14  any applicable privilege, doctrine or immunity.

15  **REQUEST FOR PRODUCTION NO. 13:**

16        All DOCUMENTS CONCERNING the SLC INVESTIGATION which YOU
17  transmitted to, read from (in whole or in part), summarized, presented to or received from, PWC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

19        Skadden incorporates by reference its General Objections as though fully set forth
20  herein. Skadden further objects to this Request to the extent that it seeks the discovery of
21  information that is neither relevant to the subject matter of this action nor reasonably calculated to
22  lead to the discovery of admissible evidence. Skadden additionally objects to this Request to the
23  extent that it is overbroad and unduly burdensome. Skadden further objects to this Request to the
24  extent that it seeks the production of documents that are subject to any applicable privilege,
25  doctrine or immunity, including without limitation the attorney-client privilege, the attorney work
26  product doctrine or the right of privacy. Skadden additionally objects to this Request to the extent
27  that it is vague and ambiguous with respect to the terms "CONCERNING," "transmitted", "read
28

1  from", "summarized", "presented" and "received."  Skadden objects that the use of these vague and

2  ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature

3  and scope of the documents sought.  Requiring Skadden to so speculate renders the Request

4  overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

5  of admissible evidence.

6          Skadden will not produce documents responsive to this Request because any such

7  documents are protected by the work product doctrine and/or attorney-client privilege.

8  **REQUEST FOR PRODUCTION NO. 14:**

9          All DOCUMENTS CONCERNING the SPECIAL COMMITTEE

10  INVESTIGATION which YOU created or edited, which related to the findings of the SPECIAL

11  COMMITTEE.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

13          Skadden incorporates by reference its General Objections as though fully set forth

14  herein.  Skadden additionally objects to this Request to the extent that it seeks the production of

15  documents that are within Schroeder's possession, custody or control, or that are equally as

16  accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that it

17  seeks the discovery of information that is neither relevant to the subject matter of this action nor

18  reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

19  objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

20  objects to this Request to the extent that it seeks the production of documents that are subject to

21  any applicable privilege, doctrine or immunity, including without limitation the attorney-client

22  privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

23  to this Request to the extent that it is vague and ambiguous with respect to the terms

24  "CONCERNING," "created", "edited" and "findings."  Skadden objects that the use of these vague

25  and ambiguous terms in conjunction with this Request requires Skadden to speculate as to the

26  nature and scope of the documents sought.  Requiring Skadden to so speculate renders the Request

27

28

1   overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

2   of admissible evidence.

3          Subject to and without waiving any of the above objections, Skadden will produce

4   any documents responsive to this Request, which are not protected by the work product doctrine,

5   the attorney client privilege, or any other applicable privilege or immunity.

6   **REQUEST FOR PRODUCTION NO. 15:**

7          All DOCUMENTS CONCERNING meetings and/or telephone calls which YOU

8   had with representatives of the press or other news media CONCERNING SCHROEDER, the

9   SPECIAL COMMITTEE INVESTIGATION and/or the SLC INVESTIGATION, including billing

10   records and calendar entries showing any such meetings or telephone calls.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

12          Skadden incorporates by reference its General Objections as though fully set forth

13   herein. Skadden further objects to this Request to the extent that it seeks the discovery of

14   information that is neither relevant to the subject matter of this action nor reasonably calculated to

15   lead to the discovery of admissible evidence. Skadden further objects to this Request to the extent

16   that it seeks the production of documents that are subject to any applicable privilege, doctrine or

17   immunity, including without limitation the attorney-client privilege, the attorney work product

18   doctrine or the right of privacy. Skadden additionally objects to this Request to the extent that it is

19   vague and ambiguous with respect to the terms "CONCERNING," "meetings", "representatives",

20   "press", "news media", "billing records" and "calendar entries." Skadden objects that the use of

21   these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate

22   as to the nature and scope of the documents sought. Requiring Skadden to so speculate renders the

23   Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the

24   discovery of admissible evidence.

25          Subject to and without waiving any of the above objections, Skadden will produce

26   documents responsive to this Request, if any, to the extent that such documents are not subject to

27

28

1   any applicable privilege, doctrine or immunity.  However, Skadden does not believe it has any such

2   documents.

3 **REQUEST FOR PRODUCTION NO. 16:**

4           All DOCUMENTS CONCERNING any investigation CONCERNING

5   SCHROEDER or KLA-TENCOR's historical stock option practices (other than the SPECIAL

6   COMMITTEE INVESTIGATION, RESTATEMENT, and SLC INVESTIGATION) which YOU

7   gave, read from (in whole or in part), summarized, presented to or received from any of the

8   following entities: SEC, DOJ, NASDAQ or news media.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

10           Skadden incorporates by reference its General Objections as though fully set forth

11   herein.  Skadden additionally objects to this Request to the extent that it seeks the production of

12   documents that are within Schroeder's possession, custody or control, or that are equally as

13   accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that it

14   seeks the discovery of information that is neither relevant to the subject matter of this action nor

15   reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

16   objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

17   objects to this Request to the extent that it seeks the production of documents that are subject to

18   any applicable privilege, doctrine or immunity, including without limitation the attorney-client

19   privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

20   to this Request to the extent that it is vague and ambiguous with respect to the terms

21   "CONCERNING," "historical", "practices", "other than", gave", "read from", "summarized",

22   "presented", "received" and "news media."  Skadden objects that the use of these vague and

23   ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature

24   and scope of the documents sought.  Requiring Skadden to so speculate renders the Request

25   overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

26   of admissible evidence.

27

28

1    Subject to and without waiving any of the above objections, Skadden will produce

2  documents responsive to this Request, if any, to the extent that such documents are not subject to

3  any applicable privilege, doctrine or immunity.  However, Skadden does not believe it has any such

4  documents.

5  **REQUEST FOR PRODUCTION NO. 17:**

6    All DOCUMENTS that relate to any ownership interest in KLA-TENCOR

7  securities held during the time period May 1, 2006 to the present by any SKADDEN attorney(s)

8  who worked on the SPECIAL COMMITTEE INVESTIGATION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

10    Skadden incorporates by reference its General Objections as though fully set forth

11  herein.  Skadden further objects to this Request on the ground that it seeks the production of

12  documents subject to a constitutional, statutory or common law right of privacy.  *See, e.g., Whittall*

13  *v. Henry Schein, Inc.*, No. CIVS051629 WBS GGH, 2006 WL 902571, at *4 (E.D. Cal. Apr. 5,

14  2006) ("Personal financial information comes within the zone of privacy protected by article I,

15  section 1 of the California Constitution").  A non-party's personal financial information is

16  irrelevant to this action, and therefore this Request is inapplicable, harassing, and seeks information

17  that is not reasonably calculated to lead to the discovery of admissible evidence.  Skadden

18  additionally objects to this Request to the extent that it is vague and ambiguous with respect to the

19  terms "CONCERNING," "relate", "ownership" and "securities."

20    Notwithstanding the foregoing objections, no current or former Skadden associate,

21  counsel or partner who attended a witness interview, authored an interview memorandum, or

22  billed more than 50 hours in connection with the Special Committee investigation, has any

23  documents responsive to this request, with the possible exception of documents relating to mutual

24  funds.  Skadden will not produce any such documents relating to attorneys' mutual fund holdings,

25  to the extent they exist, as it would be unduly burdensome to find such documents and the

26  information contained therein would be irrelevant, not reasonably calculated to lead to the

27

28

---

**NON-PARTY SKADDEN'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS**

1   discovery of admissible evidence, and would be protected by the constitutional, statutory and/or

2   common law right of privacy of the individual Skadden attorneys involved in this case.

3   Dated:  December 10, 2007          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4

5                                      By: _____

6                                              Matthew E. Sloan

7                                          Attorneys for Non-Party
                                   Skadden, Arps, Slate, Meagher & Flom LLP

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 18**

1   JAMES E. LYONS (Cal. Bar No. 112582)
    Skadden, Arps, Slate, Meagher & Flom LLP
2   Four Embarcadero Center, Suite 3800
    San Francisco, California 94111-4144
3   (415) 984-6400
    (415) 984-2698 (fax)
4   jlyons@skadden.com

5   MATTHEW E. SLOAN (Cal. Bar No. 165165)
    Skadden, Arps, Slate, Meagher & Flom LLP
6   300 South Grand Avenue, Suite 3400
    Los Angeles, California 90071-3144
7   (213) 687-5000
    (213) 687-5600 (fax)
8   masloan@skadden.com

9   Attorneys for Non-Party
    Elizabeth Harlan

10

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13  SECURITIES AND EXCHANGE            )   CASE NO. C 07-3798 (JW)
    COMMISSION,                        )
14                                     )   NON-PARTY ELIZABETH HARLAN'S
                       Plaintiff,      )   RESPONSES AND OBJECTIONS TO
15         vs.                         )   DEFENDANT KENNETH L.
                                       )   SCHROEDER'S SUBPOENA FOR
16  KENNETH L. SCHROEDER,              )   RECORDS
                                       )
17                                     )
                       Defendant.      )
18                                     )
                                       )
19  _____)

20

21         Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Elizabeth Harlan

    ("Harlan") of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), by and through
22
    undersigned counsel, hereby objects and responds to the Subpoena Duces Tecum (the "Subpoena")
23
    served by defendant Kenneth L. Schroeder in the above-captioned litigation ("Litigation") as
24
    follows:
25

26

27

28

─────────────────────────────────────────────
        NON-PARTY ELIZABETH HARLAN'S RESPONSES AND OBJECTIONS TO
        DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS

## GENERAL OBJECTIONS

1.     Harlan incorporates by reference each and every General Objection set forth below into each and every specific response.

2.     Harlan objects to the Subpoena to the extent that it is vague, overbroad, unduly burdensome and/or calls for the production of documents not relevant to the issues raised nor reasonably calculated to lead to the discovery of admissible evidence. Harlan does not concede the relevance of any document produced in response to the Subpoena.

3.     Harlan objects to the Subpoena to the extent it would require Harlan to conduct an unreasonably broad and burdensome search for documents that would only have marginal relevance.

4.     Harlan objects to the Subpoena insofar as it requests documents that are protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine or immunity. By producing documents in response to the Subpoena, Harlan does not waive, intentionally or otherwise, any privilege, doctrine or immunity protecting her communications, transactions or records from disclosure. Without waiving those privileges, doctrines, or immunities, Harlan will produce certain responsive documents that have already been produced to the Securities and Exchange Commission ("SEC"), subject to the entry of a suitable confidentiality or protective order which provides, among other things, that the production of such documents will not be deemed to be a waiver of any applicable privileges, doctrines, or immunities. Any production of documents inconsistent with the foregoing is wholly inadvertent and shall not constitute a waiver of any such privilege or protection.

5.     Harlan objects to the Subpoena to the extent it seeks confidential, proprietary or competitively sensitive information, or information concerning past or present employees of KLA-Tencor Corporation ("KLA") which is protected by the right of privacy under Article I, Section 1 of the California Constitution or other applicable law. Absent the entry of a suitable

1   confidentiality or protective order in this case to safeguard the confidentiality of the documents

2   sought, no such documents will be produced.

3       6.    Harlan objects to the Subpoena to the extent it purports to require Harlan to

4   comply with requirements beyond those imposed by the Federal Rules of Civil Procedure and the

5   Local Rules of the United States District Court for the Northern District of California, or exceed

6   the permissible scope of discovery under said rules.

7       7.    Harlan objects to the term "DOCUMENT(S)" as defined in the Subpoena as

8   overly broad and unduly burdensome to the extent that its definition is broader than and deviates

9   from the commonly understood definition of that term.

10      8.    Harlan objects to the terms "YOU" and "YOUR as defined in the Subpoena

11  as overly broad, vague and ambiguous to the extent that their definitions are broader than and

12  deviate from the commonly understood definitions of those terms.

13      9.    Without waiving any of the foregoing General Objections, Harlan responds

14  to the Subpoena, subject to the following additional express reservations of rights:

15          a.    Harlan expressly reserves the right to object, on the grounds of

16  competency, privilege, relevance, burden or materiality, or any other proper grounds, to the use of

17  these responses or documents produced in response to the Subpoena for any purpose, in whole or

18  in part, in any subsequent stage or proceeding in this or any other litigation;

19          b.    Harlan does not concede the relevancy of any document or

20  information being produced in response to the Requests and expressly reserves the right to object

21  to the introduction into evidence or any other use of such documents or information on relevance or

22  any other grounds; and

23          c.    Harlan expressly reserves the right to revise, correct, amend, add to

24  or clarify any of the responses propounded herein.

25

26

27

28

**NON-PARTY ELIZABETH HARLAN'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS**

## SPECIFIC RESPONSES AND OBJECTIONS

Without waiving or departing from its General Objections, and specifically incorporating the General Objections into each of the specific responses below, Harlan makes the following additional objections and responses to specific document requests in the Subpoena.

## REQUEST FOR PRODUCTION NO. 1

All DOCUMENTS CONCERNING notes and/or memoranda of witness interviews conducted by Skadden on behalf of the Special Committee which YOU prepared, commented on or edited, including but not limited to: (1) YOUR handwritten notes; (2) all drafts of interview memoranda, whether dictated, handwritten, typed or otherwise memorialized; (3) the metadata of any electronically created and edited electronic documents showing when they were edited; (4) all exhibits or other DOCUMENTS referenced in any such memoranda or notes; and (5) all DOCUMENTS showing edits of other people to memoranda prepared by YOU.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Harlan incorporates by reference her General Objections as though fully set forth herein. Harlan further objects to this Request to the extent that it seeks the production of documents that are subject to any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine or right of privacy. Harlan additionally objects to this Request to the extent that it is vague and ambiguous with respect to the terms "prepared," "commented," "edited," "drafts," "memorialized," "metadata," "referenced," "memoranda" and "notes." Harlan further objects that the phrase "CONCERNING" in conjunction with this Request requires Harlan to speculate as to the nature and scope of the documents sought. Requiring Harlan to so speculate renders the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of the above objections, and subject to the filing and court approval of a stipulated confidentiality or protective order between Skadden, the SEC, KLA and Schroeder's counsel providing, among other things, that the act of producing the

1  following documents will not be deemed to be a waiver of either the attorney client privilege or the

2  work product doctrine, Harlan will produce (a) the final version of her memorandum concerning

3  Skadden's September 1, 2006 interview of Schroeder on behalf of KLA's Special Committee (the

4  "Schroeder interview memorandum"); (b) all exhibits or other documents referenced in the

5  Schroeder interview memorandum; (c) all memoranda of witness interviews conducted by Skadden

6  on behalf of KLA's Special Committee which Harlan prepared, commented on, or edited which

7  were produced to the Securities and Exchange Commission prior to the commencement of the

8  Litigation; and (d) all documents or exhibits referenced in the memoranda mentioned in (c) above

9  which are not protected by the attorney-client privilege, the work product doctrine, or any other

10  applicable privileges or protections.

11           Harlan objects to the production of any additional documents responsive to this

12  Request on the grounds that such documents are subject to the attorney-client privilege, attorney

13  work product doctrine and/or right of privacy.

14  **REQUEST FOR PRODUCTION NO. 2**

15           YOUR calendars and billing time records which reference or describe the dates,

16  length and content of: (1) witness interviews YOU attended conducted by the SPECIAL

17  COMMITTEE or SKADDEN; (2) meetings or telephone calls YOU attended with any agency of

18  the government CONCERNING the SPECIAL COMMITTEE INVESTIGATION; (3) meetings or

19  telephone calls YOU attended with PWC CONCERNING the SPECIAL COMMITTEE

20  INVESTIGATION and/or RESTATEMENT; (4) meetings or telephone calls YOU attended with

21  LECG CONCERNING the SPECIAL COMMITTEE INVESTIGATION and/or

22  RESTATEMENT; (5) meetings YOU attended with the NASDAQ CONCERNING the SPECIAL

23  COMMITTEE INVESTIGATION and/or RESTATEMENT; (6) time YOU spent on the SPECIAL

24  COMMITTEE INVESTIGATION and/or RESTATEMENT other than that specified in (1) through

25  (5) above.

26

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

2        Harlan incorporates by reference her General Objections as though fully set forth

3    herein.  Harlan further objects to this Request to the extent that it seeks the production of

4    documents that are subject to any applicable privilege, doctrine or immunity, including without

5    limitation the attorney-client privilege, the work product doctrine or the right of privacy.  Harlan

6    additionally objects to this Request to the extent that it is vague and ambiguous with respect to the

7    terms "calendars," "billing time record," "reference," "describe," "attended" and "conducted."

8    Harlan further objects that the phrase "CONCERNING" in conjunction with this Request requires

9    Harlan to speculate as to the nature and scope of the documents sought.  Requiring Harlan to so

10   speculate renders the Request overbroad, unduly burdensome, oppressive and not reasonably

11   calculated to lead to the discovery of admissible evidence.

12       Subject to and without waiving any of the above objections, Harlan will produce

13   documents responsive to this Request, including final versions of billing records and certain

14   calendar items, which have been redacted to remove information protected by the attorney-client

15   privilege, the work product doctrine and confidential information that is not responsive to this

16   Request, subject to the filing and court approval of a stipulated confidentiality or protective order

17   between Skadden, the SEC, KLA and Schroeder's counsel providing, among other things, that the

18   act of producing such documents shall not be deemed to be a waiver of either the attorney client

19   privilege or the work product doctrine, and that parties will protect the confidentiality of the

20   documents produced.

21   **REQUEST FOR PRODUCTION NO. 3**

22       All DOCUMENTS CONCERNING meetings attended by any SKADDEN lawyers

23   and any agency of the government, which DOCUMENTS YOU prepared in whole or in part,

24   edited, or commented on, including presentations made to government agencies and notes of

25   interviews of, or meetings with, SKADDEN lawyers conducted by any government agency.

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

2        Harlan incorporates by reference her General Objections as though fully set forth

3  herein. Harlan further objects to this Request to the extent that it seeks the discovery of

4  information that is neither relevant to the subject matter of this action nor reasonably calculated to

5  lead to the discovery of admissible evidence. Harlan additionally objects to this Request to the

6  extent that it is overbroad and unduly burdensome. Harlan further objects to this Request to the

7  extent that it seeks the production of documents that are subject to any applicable privilege,

8  doctrine or immunity, including without limitation the attorney-client privilege, the attorney work

9  product doctrine or right of privacy. Harlan additionally objects to this Request to the extent that it

10 is vague and ambiguous with respect to the terms "meetings," "attended," "prepared," "edited,"

11 "commented," "presentations," "notes" and "conducted." Harlan further objects that the phrase

12 "CONCERNING" in conjunction with this Request requires Harlan to speculate as to the nature

13 and scope of the documents sought. Requiring Harlan to so speculate renders the Request

14 overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

15 of admissible evidence.

16        Without waiving the foregoing objections, Harlan has no responsive documents.

17 **REQUEST FOR PRODUCTION NO. 4**

18        All DOCUMENTS CONCERNING statements to the press made by SKADDEN,

19 KLA-TENCOR and/or or [sic] Morgan Lewis, which you prepared in whole or in part,

20 summarized, edited or commented on.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

22        Harlan incorporates by reference her General Objections as though fully set forth

23 herein. Harlan further objects to this Request to the extent that it seeks the discovery of

24 information that is neither relevant to the subject matter of this action nor reasonably calculated to

25 lead to the discovery of admissible evidence. Harlan additionally objects to this Request to the

26 extent that it is overbroad and unduly burdensome. Harlan further objects to this Request to the

27

28

1  extent that it seeks the production of documents that are subject to any applicable privilege,

2  doctrine or immunity, including without limitation the attorney-client privilege, the attorney work

3  product doctrine or right of privacy.  Harlan additionally objects to this Request to the extent that it

4  is vague and ambiguous with respect to the terms "statements," "press," "prepared," "summarized,"

5  "edited" and "commented."  Harlan further objects that the phrase "CONCERNING" in

6  conjunction with this Request requires Harlan to speculate as to the nature and scope of the

7  documents sought.  Requiring Harlan to so speculate renders the Request overbroad, unduly

8  burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

9  evidence.

10          Without waiving the foregoing objections, Harlan has no responsive documents.

11  **REQUEST FOR PRODUCTION NO. 5**

12          All DOCUMENTS CONCERNING SEC filings of KLA-TENCOR related to the

13  SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, which you prepared in

14  whole or in part, edited or commented on.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

16          Harlan incorporates by reference her General Objections as though fully set forth

17  herein.  Harlan further objects to this Request to the extent that it seeks the production of

18  documents that are subject to any applicable privilege, doctrine or immunity, including without

19  limitation the attorney-client privilege, the attorney work product doctrine or right of privacy.

20  Harlan additionally objects to this Request to the extent that it is vague and ambiguous with respect

21  to the terms "related," "prepared," "edited" and "commented."  Harlan further objects that the

22  phrase "CONCERNING" in conjunction with this Request requires Harlan to speculate as to the

23  nature and scope of the documents sought.  Requiring Harlan to so speculate renders the Request

24  overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

25  of admissible evidence.

26          Without waiving the foregoing objections, Harlan has no responsive documents.

27

28

1  **REQUEST FOR PRODUCTION NO. 6**

2          All COMMUNICATIONS between YOU and PWC concerning the SPECIAL

3  COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts of those

4  COMMUNICATIONS.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

6          Harlan incorporates by reference her General Objections as though fully set forth

7  herein. Harlan further objects to this Request to the extent that it seeks the production of

8  documents that are subject to any applicable privilege, doctrine or immunity, including without

9  limitation the attorney-client privilege, the attorney work product doctrine or right of privacy.

10  Harlan additionally objects to this Request to the extent that it is vague and ambiguous with respect

11  to the term "drafts." Harlan further objects that the phrase "concerning" in conjunction with this

12  Request requires Harlan to speculate as to the nature and scope of the documents sought.

13  Requiring Harlan to so speculate renders the Request overbroad, unduly burdensome, oppressive

14  and not reasonably calculated to lead to the discovery of admissible evidence.

15          Without waiving the foregoing objections, Harlan has no responsive documents.

16  **REQUEST FOR PRODUCTION NO. 7**

17          All COMMUNICATIONS between YOU and LECG concerning the SPECIAL

18  COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts of those

19  COMMUNICATIONS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

21          Harlan incorporates by reference her General Objections as though fully set forth

22  herein. Harlan further objects to this Request to the extent that it seeks the production of

23  documents that are subject to any applicable privilege, doctrine or immunity, including without

24  limitation the attorney-client privilege, the attorney work product doctrine or right of privacy.

25  Harlan additionally objects to this Request to the extent that it is vague and ambiguous with respect

26  to the term "drafts." Harlan further objects that the phrase "concerning" in conjunction with this

27

28

1 Request requires Harlan to speculate as to the nature and scope of the documents sought.

2 Requiring Harlan to so speculate renders the Request overbroad, unduly burdensome, oppressive

3 and not reasonably calculated to lead to the discovery of admissible evidence.

4         Harlan will not produce documents responsive to this Request because any such

5 documents are protected by the attorney-client privilege and/or the work product doctrine.

6 **REQUEST FOR PRODUCTION NO. 8**

7         All DOCUMENTS which YOU prepared, edited or commented on concerning

8 SCHROEDER.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

10         Harlan incorporates by reference her General Objections as though fully set forth

11 herein. Harlan further objects to this Request on the grounds that it is vague, overbroad, and

12 unduly burdensome. Harlan also objects to this Request to the extent that it seeks the production of

13 documents that are subject to any applicable privilege, doctrine or immunity, including without

14 limitation the attorney-client privilege and/or the attorney work product doctrine. Harlan

15 additionally objects to this Request to the extent that it is vague and ambiguous with respect to the

16 terms "prepared," "edited" and "commented." Harlan further objects that the phrase "concerning"

17 in conjunction with this Request requires Harlan to speculate as to the nature and scope of the

18 documents sought. Requiring Harlan to so speculate renders the Request overbroad, unduly

19 burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible

20 evidence. Harlan further objects to the extent that the phrase "concerning SCHROEDER" is vague,

21 overly broad and unduly burdensome.

22         With the exception of the document(s) produced in response to Request for

23 Production No. 1, above, which will only be produced pursuant to the entry of a stipulated

24 protective or confidentiality order, Harlan will not produce any documents responsive to this

25 Request as it is overbroad and it would be unduly burdensome and oppressive for Harlan to find all

26

27

28

1 | such documents.   Moreover, most, if not all, of such documents are protected by the attorney-

2 | client privilege and/or the attorney work product doctrine.

3 | **REQUEST FOR PRODUCTION NO. 9**

4 |         All DOCUMENTS created by SKADDEN CONCERNING the SPECIAL

5 | COMMITTEE INVESTIGATION, which YOU reviewed prior to serving as the note taker for Mr.

6 | Schroeder's interview conducted by SKADDEN.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

8 |         Harlan incorporates by reference her General Objections as though fully set forth

9 | herein.  Harlan further objects to this Request on the grounds that it is vague, overbroad, and

10 | unduly burdensome.  Harlan also objects to this Request to the extent that it seeks the production of

11 | documents that are subject to any applicable privilege, doctrine or immunity, including without

12 | limitation the attorney-client privilege, the attorney work product doctrine or right of privacy.

13 | Harlan additionally objects to this Request to the extent that it is vague and ambiguous with respect

14 | to the terms "created," "reviewed," "serving," "note taker" and "conducted."  Harlan further objects

15 | that the phrase "CONCERNING" in conjunction with this Request requires Harlan to speculate as

16 | to the nature and scope of the documents sought.  Requiring Harlan to so speculate renders the

17 | Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the

18 | discovery of admissible evidence.

19 |         Harlan will not produce any documents responsive to this Request because any such

20 | documents are protected by the attorney-client privilege and/or the work product doctrine.

21 | **REQUEST FOR PRODUCTION NO. 10:**

22 |         All DOCUMENTS that relate to any ownership YOU had or have in KLA-

23 | TENCOR securities during the time period May 1, 2006 to the present.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

25 |         Harlan incorporates by reference her General Objections as though fully set forth

26 | herein.  Harlan further objects to this Request on the ground that it seeks the production of

27 |

28 |

---

**NON-PARTY ELIZABETH HARLAN'S RESPONSES AND OBJECTIONS TO
DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS**

-11-

1  documents subject to a constitutional, statutory or common law right of privacy. *See, e.g., Whittall*

2  *v. Henry Schein, Inc.*, No. CIVS051629 WBS GGH, 2006 WL 902571, at *4 (E.D. Cal. Apr. 5,

3  2006) ("Personal financial information comes within the zone of privacy protected by article I,

4  section 1 of the California Constitution"). A non-party's personal financial information is

5  irrelevant to this action, and therefore this Request is inapplicable, harassing, and seeks information

6  that is not reasonably calculated to lead to the discovery of admissible evidence. Harlan

7  additionally objects to this Request to the extent that it is vague and ambiguous with respect to the

8  terms "relate," "ownership" and "securities."

9      Notwithstanding the foregoing objections, Harlan has no responsive documents,

10  with the possible exception of documents relating to mutual funds. Harlan will not produce any

11  such documents, to the extent they exist, as it would be unduly burdensome to find such documents

12  and the information contained therein would be irrelevant, not reasonably calculated to lead to the

13  discovery of admissible evidence, and would be protected by Harlan's constitutional, statutory

14  and/or common law right of privacy.

15

16  Dated:  November 21, 2007        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

17

18      By: *Matthew E. Sloan by Jm*
                        Matthew E. Sloan

19

20      Attorneys for Non-Party
          Elizabeth Harlan

21

22

23

24

25

26

27

28

1

2

### PROOF OF SERVICE

3

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4

  I am employed in the City and County of San Francisco, State of California. I am over the

5

age of 18 and not a party to the within action. My business address is Four Embarcadero Center,

6

Suite 3800, San Francisco, California 94111.

7

  On November 21, 2007, I served the following document described as:

8

**NON-PARTY ELIZABETH HARLAN'S RESPONSES AND OBJECTIONS TO**

9

**DEFENDANT KENNETH L. SCHROEDER'S SUBPOENA FOR RECORDS**

10

  in said action by placing a true copy thereof enclosed in a sealed envelope addressed as

11

follows:

12

### SEE SERVICE LIST ATTACHED

13

**BY OVERNIGHT MAIL**

14

  I am readily familiar with the firm's practice for the collection and processing of

15

correspondence to be delivered by overnight mail and the fact that the correspondence is placed for

16

collection by Federal Express that same day in the ordinary course of business, to wit, that

17

packages will either be picked up from my firm by Federal Express or delivered by my firm to the

18

Federal Express office. On this date, the above-referenced correspondence was placed for

19

collection and overnight mail following ordinary business practices at San Francisco, California.

20

  I declare under penalty of perjury under the laws of the State of California and the

21

United States of America that the foregoing is true and correct.

22

  Executed on November 21, 2007, at San Francisco, California.

23

24

          _____

25

          Angela Franklin

26

27

SF 201745

28

---

**PROOF OF SERVICE**

# Exhibit 19

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144
——
TEL: (213) 687-5000
FAX: (213) 687-5600

DIRECT DIAL
(213) 687-5276
DIRECT FAX
(213) 687-5600
EMAIL ADDRESS
MATTHEW.SLOAN@SKADDEN.COM

FIRM/AFFILIATE OFFICE
BOSTON
CHICAGO
HOUSTON
NEWARK
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
PRAGUE
SINGAPORE
SYDNEY
TOKYO
TORONTO

<u>CONFIDENTIAL</u>

December 27, 2007

<u>BY U.S. MAIL AND E-MAIL</u>

Shirli F. Weiss
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101

        RE:    SEC v. Schroeder, Case No. C 07-3798-JW
                <u>Areas of Inquiry for Deposition of E. Harlan</u>

Dear Ms. Weiss:

      Thank you for your letter of December 5, 2007. This letter responds to your various requests for clarification as presented in that letter.

<u>Questions Re: Responses to Inquiries Nos. 1 and 2:</u>

      You have asked us to clarify, with regard to your Inquiry Nos. 1 and 2 from your November 30, 2007 email, whether Skadden will allow Ms. Harlan to "testify with respect to the non-Schroeder interview memoranda which Skadden turned over to the SEC, in the event [you] were to sign the confidentiality /non-waiver agreement ... [we] have proposed."

      As an initial matter, we note that we believe it was KLA Tencor Corporation ("KLA" or "the Company") that produced the final witness interview memoranda (the "Interview Memoranda") to the SEC, not Skadden or KLA's Special Committee. That being said, we agree that the major "stumbling block" here is your unwillingness to sign a reasonable confidentiality agreement or protective order, which provides, among other things, that Ms. Harlan's — or other current or prior Skadden attorneys' — testimony about the interviews conducted by Skadden on

Shirli F. Weiss
December 27, 2007
Page 2

behalf of the Special Committee would not constitute a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. ("Confidentiality Order") (*See* Letter from M. Sloan to S. Weiss, dated December 3, 2007).

Providing you agree to sign such a Confidentiality Order, and it is entered by the court, we <u>will</u> allow Ms. Harlan to testify with respect to the statements that Mr. Schroeder and other witnesses made to Skadden during the interviews as long as Ms. Harlan was present at the witness interview. Additionally, we will allow Ms. Harlan to answer certain questions about the final interview memoranda produced to the SEC, which she authored or edited, providing you do not ask her any questions which call on her to discuss her or other Skadden attorneys' "mental impressions, conclusions, opinions or legal theories," which are protected by the work product doctrine. For example, we would allow you to ask Ms. Harlan her recollection of particular statements reflected in the Interview Memoranda, and to ask her whether she has any additional memory of the witness's statements besides those reflected in the Interview Memorandum.

As previously stated, however, we will not produce any of Ms. Harlan's handwritten "notes" about the interviews, or any "drafts" or revisions of the interview memoranda, and we will not allow her to answer any questions on such handwritten notes or drafts, as such information is squarely protected by the attorney work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495, 508 (1947).

<u>**Questions Re: Responses to Inquiry No. 3:**</u>

You have also asked whether your refusal to sign a Confidentiality Order, along the lines outlined above, is the principal reason we will not allow Ms. Harlan (or other Skadden attorneys) to answer questions about their "methodology for taking notes" and editing of interview memoranda, as requested in Inquiry No. 3 from your November 30, 2007 email to me. This is only partially correct.

As I indicated in my December 3, 2007 letter to you, we would allow Ms. Harlan to answer certain basic questions about her methodology for taking notes for the Schroeder interview, and certain "generic questions about her approach to taking notes and preparing interview memoranda in connection with other witness interviews," even without a Confidentiality Order. You are correct, however, that if you sign a Confidentiality Order, and it is entered by the Court, we would allow Ms. Harlan (or other Skadden attorneys) to answer more specific questions about the note-taking methodology they employed at the interviews of witnesses other than Mr. Schroeder.

However, even if the Court enters a Confidentiality Order, we will instruct Ms. Harlan and other potential Skadden witnesses <u>not</u> to answer any questions about the substance of their "notes" or about any corrections, revisions or amendments that they or other Skadden attorneys made or suggested to be made to the Interview Memoranda as such information is protected by the work product doctrine.

Shirli F. Weiss
December 27, 2007
Page 3

**Questions Re: Responses to Inquiry Nos. 4, 5 and 8:**

With regard to your Inquiry Nos. 4, 5, and 8, you have asked us to clarify whether we would allow Ms. Harlan to testify regarding the substance of her conversations with other Skadden attorneys about the witness interviews and the Special Committee's investigation -- and about the earlier (i.e., non-final) drafts of the Interview Memoranda -- in the event that a Confidentiality Order is entered.

You are correct that we will instruct Harlan not to testify about any of these topics, even if a Confidentiality Order is entered, on the grounds that these topics are protected by the attorney work product doctrine, and in some instances may also be protected by the attorney-client privilege. (*See* Letter from M. Sloan to S. Weiss, dated December 3, 2007).

**Questions Re: Responses to Inquiry No. 6:**

You have asked us to confirm that our response to Inquiry No. 6 is unqualified, i.e, that we would instruct Ms. Harlan not to answer any questions about her communications with the KLA Special Committee even if you were to sign a Confidentiality Order. You are correct. Ms. Harlan's communications with the Special Committee are protected by both the attorney-client privilege and/or the work product doctrine, and have not been divulged to the SEC or any other government entity. Therefore we would instruct Ms. Harlan not to answer any questions about such communications even if the Court entered a Confidentiality Order similar to the one outlined above.

**Questions Re: Responses to Inquiry No. 7:**

You have also asked for further clarification about our response to Inquiry No. 7 from your November 30 email which, in turn, asked for further clarification about Ms. Harlan's response to Request No. 1 in the document subpoena directed to her. Request No. 1 seeks documents concerning the witness interviews conducted by the Special Committee, including all of Ms. Harlan's notes, her final Interview Memoranda, drafts of interview memoranda, and all exhibits referenced in the Interview Memoranda. Based on the SEC's Initial Disclosures, the SEC has already produced to you every responsive document that the Special Committee or the Company produced to the SEC pursuant to the Company's confidentiality agreement with the government, including copies of (1) all final Interview Memoranda and (2) all exhibits or other documents referenced in the Interview Memoranda. Because the SEC has already produced these documents to you, we will not produce them again because they are already within your possession and control, and it would therefore be unduly burdensome and thus an abuse of the discovery process to compel Skadden or the Skadden Attorneys to produce them to you again. This position is not contingent on your agreement to enter a suitable Confidentiality Order. We are willing, however, to meet and confer further to confirm that you, in fact, have the final version of all responsive Interview Memoranda and other documents that were previously produced to the SEC by the Special Committee or the Company.

Shirli F. Weiss
December 27, 2007
Page 4

　　　　We will also continue to object to the production of Ms. Harlan's "handwritten notes" regarding the interviews, as well as to the production of any drafts or documents showing edits made by Ms. Harlan or other Skadden attorneys or personnel to the Interview Memoranda. These document are squarely protected by the work product doctrine and the attorney-client privilege, and we will object to their production even if you agree to enter our proposed Confidentiality Order.

　　　　We will, however, produce certain electronic meta-data concerning the Interview Memoranda, which reflect information such as "date last modified," "date created," and "date printed," but do not disclose information protected by the work product doctrine, or any other applicable privileges, doctrines or immunities, such as the substance of any revisions or amendments.

　　　　With regard to billing records and calendar entries, we direct you to Skadden's response to Request No. 8 in the document subpoena directed to Skadden, which states that Skadden will produce final versions of billing records and certain calendar items, which have been redacted to remove information protected by the attorney-client privilege, the work product doctrine, the right of privacy and other confidential information which is not relevant to this matter even without your agreement to enter into a Confidentiality Order.

**<u>Miscellaneous Questions</u>**

　　　　You have also asked whether the "additional documents" referenced in the last paragraph of Ms. Harlan's response to your Demand No. 1 are identified on the privilege log. We can confirm that they are.

　　　　At your request, we have treated the term "concerning" as a capitalized, defined term in our responses and objections to both the subpoenas to Skadden and to the individual Skadden Attorneys.

　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　*Matthew E. Sloan* RSH

　　　　　　　　　　　　　Matthew E. Sloan

cc:　　James E. Lyons
　　　　Raymond Cho

**Exhibit 20**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144
———

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(213) 687-5276
DIRECT FAX
(213) 687-5600
EMAIL ADDRESS
MATTHEW.SLOAN@SKADDEN.COM

CONFIDENTIAL

December 3, 2007

**VIA US MAIL AND E-MAIL**
Shirli Fabbri Weiss
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101

RE:    SEC v. Schroeder, Case No. C 07-3798-JW
       Areas of Inquiry for Deposition of E. Harlan

Dear Ms. Weiss:

     This letter responds to your e-mail to me on November 30, 2007, regarding your client, defendant Kenneth Schroeder's proposed areas of inquiry to Elizabeth Harlan ("Harlan") in connection with your document and deposition subpoenas directed to Ms. Harlan.  You indicated that you would agree to ask the SEC to postpone Ms. Harlan's deposition, now scheduled for November 7, 2007, providing we were able to provide detailed answers as to whether we would allow Ms. Harlan to answer questions regarding the ten "areas of inquiry" outlined in your e-mail.

     As we indicated in Ms. Harlan's Responses and Objections to your document subpoena, and in our meet and confer on November 29, 2007, we would allow Ms. Harlan to answer questions about all the witness interviews she attended subject to the entry of a stipulated confidentiality order which provided, among other things, that (1) you would not release her testimony to third parties or use it for purposes unrelated to this litigation; and (2) the production of the interview memoranda and

Shirli Fabbri Weiss
December 3, 2007
Page 2

Ms. Harlan's testimony about these interviews would not be deemed to be a waiver of the attorney-client privilege or the work product doctrine. Because you have refused this reasonable request for the protection of Mr. Harlan's testimony and the underlying documents memorializing the interviews which she attended, we have no choice but to substantially narrow the scope of questions we will allow Ms. Harlan to answer in order to maintain the confidentiality of this information and to avoid waiving the protection afforded by the attorney-client privilege and the work product doctrine.

Assuming that you are still unwilling to enter into such a stipulated confidentiality order, our responses to your inquiries are as follows:

**Inquiry No. 1:**

"We plan to examine Ms Harlan with respect to portions of each of the interview memoranda and Exhibits referenced therein, which the SEC produced to us, and which she is shown on the face of the memoranda to have authored."

**Our response to Inquiry No. 1:**

We will allow Ms. Harlan to testify about the interview of Mr. Schroeder conducted by Skadden (on behalf of KLA's Special Committee) on September 1, 2006, and about certain details of the interview memorandum Ms. Harlan prepared concerning the Schroeder interview (the "Schroeder memorandum"). In particular, we will allow Ms. Harlan to testify, among others things, about what she recalls Mr. Schroeder saying during the interview; the specific questions put to Mr. Schroeder and by whom; and Mr. Schroeder's responses to such questions. In addition, to the extent that the Schroeder memorandum is unclear or ambiguous or incomplete about certain statements made by Mr. Schroeder, we will allow Ms. Harlan to testify, based on her personal recollection and her review of the Schroeder memorandum, about such statements.

We will also allow you to question Ms. Harlan about her methodology for taking notes at the Schroeder interview and preparing the Schroeder memorandum. You may, for instance, ask her whether she took handwritten notes; how she converted these into the Schroeder memorandum; how many drafts she prepared of the Schroeder memorandum; who commented on these drafts; and whether she made changes in response to suggestions from others, including other Skadden attorneys.

We will, however, instruct Ms. Harlan not to answer any questions that would call on her to testify about any information that might encompass her "mental

Shirli Fabbri Weiss
December 3, 2007
Page 3

impressions, conclusions, opinions or legal theories," or those of any other Skadden attorneys, as such information would clearly constitute protected attorney work product under *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). Accordingly, for example, we will not allow Ms. Harlan to answer questions about the substance of any communications she had with other Skadden attorneys about the Schroeder interview or the Schroeder memorandum; the substance of any changes or revisions she made to the Schroeder memorandum; or any observations in the Schroeder memorandum which reflect her "mental impressions, conclusions, opinions or legal theories," as opposed to merely her recollection of what Mr. Schroeder or others said during the interview.

In addition, because you have refused to sign the proposed confidentiality order, stipulating that Ms. Harlan's testimony will not be deemed to be a waiver of the attorney client privilege or the work product doctrine, we will instruct Ms. Harlan not to answer any questions regarding any of the other interview memorandums she authored, edited, or commented on, or about any of the other witness interviews she attended. These communications and the resulting memorandums that were prepared remain protected by both the attorney-client privilege and the work product doctrine, and because Mr. Schroeder was not a party to these communications, he has no basis to claim access to such privileged communications.

### Inquiry No. 2:

"We plan to examine Ms Harlan with respect to portions of each of the interview memoranda and Exhibits referenced therein which the SEC produced to us which she is shown on the face of the memoranda to have attended."

### Our response to Inquiry No. 2:

As set forth above, we will not allow Harlan to testify about any witness interviews or interview memorandum, other than the Schroeder memorandum, on the grounds that any such communications or documents are protected by the attorney-client privilege and/or the work production doctrine. *See* Response to Inquiry No. 1, above.

### Inquiry No. 3:

"We plan to examine Ms Harlan on her methodology for taking notes at each of the interviews at which she took notes; her methodology and practice regarding the editing of the interview memoranda on successive drafts as shown by the privilege logs or otherwise, and her knowledge regarding the editing of the interview memoranda by other Skadden lawyers."

Shirli Fabbri Weiss
December 3, 2007
Page 4

**Our response to Inquiry No. 3:**

As set forth in our response to Inquiry No. 1, above, Ms. Harlan will answer certain basic questions about her methodology for taking notes and preparing interview memoranda in connection with the Schroeder interview and the preparation of the Schroeder memorandum, but we will instruct her not to answer any questions that would call for her to testify about her "mental impressions, conclusions, opinions or legal theories," pursuant to *Hickman v. Taylor*, 329 U.S. 495, 508, 511 (1947). In addition, we will allow Ms. Harlan to answer some generic questions about her approach to taking notes and preparing interview memoranda in connection with other witness interviews, but we will not allow her to answer any specific questions regarding any of the other interview memoranda she may have authored.

**Inquiry No. 4:**

"We plan to examine [Harlan] on her conversations with other Skadden lawyers about the interviews, interview notes and the Special Committee work."

**Our response to Inquiry No. 4:**

As set forth in the response to Inquiry No. 1, above, Harlan will not testify about the topics referenced in this inquiry on the ground that the information sought would encompass the "mental impressions, conclusions, opinions or legal theories" of Ms. Harlan and other current or former Skadden attorneys, and would therefore constitute protected attorney work product under *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). In addition, such conversations may reflect confidential attorney-client communications which are protected by the attorney client privilege.

**Inquiry no. 5:**

"We plan to examine her on each of the entries on the privilege log."

**Our response to Inquiry No. 5:**

We will allow Ms. Harlan to testify about the efforts she took to search for documents responsive to your document subpoena, and to her role, if any, in preparing the privilege log, to the extent that such testimony does not encompass her "mental impressions, conclusions, opinions or legal theories," *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). However, we believe that any questions regarding the contents of the documents on the privilege log, or the reason we decided to include specific documents on the privilege log, would be improper to direct to Ms. Harlan, and we would, accordingly, direct her not to answer such questions.

Shirli Fabbri Weiss
December 3, 2007
Page 5

### Inquiry No. 6:

"We plan to examine her on communications with the Special Committee to which she has knowledge."

### Our response to Inquiry No. 6:

Harlan will not testify about the topics referenced in this inquiry on the grounds that the information sought is protected by the attorney-client privilege and/or the work product doctrine.

### Inquiry No. 7:

"We will establish at her deposition that She and Skadden are refusing to produce the documents requested in the subpoena to her that do exist, regardless of any protective order, except for the documents identified in response to Demand #1, and that Skadden would produce those documents only under the terms of a stipulated protective order re confidentiality."

### Our response to Inquiry No. 7:

This inquiry is vague and confusing, and we are not exactly sure what testimony you are seeking. To the extent you are contending that we have refused to produce any responsive documents except those specified in response to Request for Production No. 1, you are wrong. *See, e.g.*, Response to Request No. 2 (agreeing to produce redacted copies of Harlan's calendars and billing records, subject to the entry of a protective order). We direct you to Ms. Harlan's specific responses and objections to your subpoena for a more accurate statement of Harlan's responses to your document subpoena.

### Inquiry No. 8:

"We plan to examine her on all aspects of earlier drafts of the final interview memoranda produced to the government."

### Our response to Inquiry No. 8:

As set forth in response to Inquiry No. 1, above, Ms. Harlan will answer limited questions about her methodology for preparing the Schroeder memorandum, including questions about how many drafts she prepared, over what length of time, and who may have commented upon the drafts. We will not allow Ms. Harlan to answer any questions about the substance of corrections she or other attorneys made to the Schroeder memoranda, however, as this would reflect "mental impressions,

Shirli Fabbri Weiss
December 3, 2007
Page 6

conclusions, opinions or legal theories," of Ms. Harlan or other Skadden attorneys.
*Hickman v. Taylor*, 329 U.S. 495, 508 (1947). In addition, we will instruct Ms.
Harlan not to answer any questions about her preparation of other interview
memoranda (besides the Schroeder memorandum) she may have authored. *See*
Response to Inquiry No. 1, above.

### Inquiry No. 9:

"We plan to examine her on the steps she took to search for documents."

### Our response to Inquiry No. 9:

We will allow Ms. Harlan to testify about the efforts she took to search for
documents responsive to your document subpoena, including limited questions
regarding the methodology she employed in searching for said documents, to the
extent that such testimony does not encompass her "mental impressions, conclusions,
opinions or legal theories," *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). However,
we believe that any questions regarding the substance of her communications with
other Skadden attorneys regarding these documents would be improper, and will
therefore instruct her not to answer such questions.

### Inquiry No. 10:

"We will ask her to personally affirm each of the responses where the
response states no documents exist and her response to Demand No. 10."

### Our response to Inquiry No. 10:

We expect that Harlan will testify that, consistent with her responses and
objections to the Schroeder subpoena, she is not aware of any documents responsive
to document requests numbers 3 through 6. Ms. Harlan will also answer certain
questions regarding document request number 10, while preserving her right to
object to this line of inquiry on the grounds that it is irrelevant, not reasonably
calculated to lead to the discovery of admissible evidence, and because it
unjustifiably invades on her constitutional, statutory and common law right of
privacy.

Harlan and Skadden expressly reserve the right to amend, modify, or
supplement these responses at a later date. We believe that this letter provides
sufficient detail about the likely scope of Ms. Harlan's testimony, and the areas about
which she will assert privilege or work product, to obviate the need to go forward
with her deposition on December 5. As we expressed in the meet and confer, we

Shirli Fabbri Weiss
December 3, 2007
Page 7

believe that the best interests of the parties would be furthered by resolving the
outstanding privilege and work product issues before commencing the depositions of
Ms. Harlan or any other Skadden witnesses. If you do not take this course, and
choose to commence Ms. Harlan's deposition on December 5, we will object to any
future attempts to depose her. Please let me know if you have any additional
questions or concerns. In the event you do not, please let me know at your earliest
convenience whether you will agree to ask the SEC to vacate Ms. Harlan's December
5, 2007 deposition.

Very truly yours,

Matthew Sloan
Skadden, Arps, Slate, Meagher & Flom LLP


Attorneys for Elizabeth Harlan

cc:  James Lyons, Esq.
     Raymond Cho, Esq.