1   SHIRLI F. WEISS (Bar No. 079225)
    DAVID A. PRIEBE (Bar No. 148679)
2   JEFFREY B. COOPERSMITH (Bar No. 252819)
    **DLA PIPER US LLP**
3   401 B Street, Suite 1700
    San Diego, CA  92101-4297
4   Tel:  619.699.2700
    Fax:  619.699.2701
5   E-mail: shirli.weiss@dlapiper.com
    E-mail: david.priebe@dlapiper.com
6   E-mail: jeff.coopersmith@dlapiper.com

7   ELLIOT R. PETERS (Bar No. 158708)
    STUART L. GASNER (Bar No. 164675)
8   **KEKER & VAN NEST LLP**
    710 Sansome Street
9   San Francisco, CA 94111
    Tel:  (415) 391-5400
10  Fax:  (415) 397-7188
    E-mail: EPeters@KVN.com
11  E-mail: SGasner@KVN.com

12  Attorneys for Defendant
    KENNETH L. SCHROEDER
13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-07-3798-JW (HRL) |
| Plaintiff, | **STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2 REGARDING DOCUMENTS SOUGHT FROM KLA-TENCOR CORPORATION** |
| v. | |
| KENNETH L. SCHROEDER, | Date:      July 15, 2008 |
| Defendant. | Time:      10:00 a.m. |
| | Courtroom: 8 |
| | Judge:     Magistrate Judge Howard R. Lloyd |

1   Defendant Kenneth L. Schroeder respectfully submits this Statement in Compliance with

2   Local Rule 37-2 Regarding Documents Sought from KLA-Tencor Corporation ("KLA").  For

3   ease of reference, Mr. Schroeder has organized this statement to correspond to the five general

4   categories of documents and testimony identified in the Motion Of Kenneth L. Schroeder To

5   Compel Further Responses To Discovery Requests (Testimony And Documents) By (1) KLA-

6   Tencor Corporation And (2) Skadden, Arps, Slate, Meagher & Flom LLP, Attorneys For The

7   Special Committee Of KLA's Board Of Directors (the "Motion to Compel"):  (1) documents and

8   communications concerning historical attorney communications about KLA's option granting and

9   accounting practices; (2) original notes and draft interview memoranda from Special Committee

10  witness interviews; (3) documents and communications relating to the Special Committee

11  investigation shown to or discussed with government or regulatory agencies; (4) all other

12  documents and communications relating to the Special Committee investigation; and (5)

13  documents and communications shared with KLA's outside auditors.

14  KLA has refused to produce the documents and communications at issue in the Motion to

15  Compel, and to permit witnesses to testify about those documents and communications, on the

16  basis of the attorney-client privilege and/or the work product doctrine.  KLA also asserts that the

17  "majority" of the documents and communications that Mr. Schroeder seeks have already been

18  produced to him in this litigation by the SEC.  KLA has failed, however, to identify with any

19  specificity what documents it is withholding or the specific grounds for withholding them.

20  By the Motion to Compel and this statement, Mr. Schroeder does not seek to compel KLA

21  to re-produce documents that have already been produced to him by the SEC.  Rather,

22  Mr. Schroeder seeks production of the documents that have been withheld from production to him

23  to date, as well as testimony relating to all of the documents and communications that KLA has

24  withheld based on privilege assertions.  The documents and testimony that Mr. Schroeder seeks

25  are vital to Mr. Schroeder's ability to fully defend himself, and, under the circumstances of this

26  case, all of KLA's privilege claims are unfounded, either because no privilege or protection ever

27  attached or because KLA has waived any applicable privilege or protection.

28

1    **I.    CATEGORY 1: DOCUMENTS CONCERNING HISTORICAL ATTORNEY**
2        **COMMUNICATIONS ABOUT KLA'S OPTION GRANTING AND**
         **ACCOUNTING PRACTICES**

3    **A.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 16 TO KLA**

4        Production Demand No. 16

5        All calendars, notebooks or diaries memorializing dates for telephone calls and/or

6    meetings of Kenneth Levy, Jon Tompkins, Gary Dickerson, Joy Nyberg, Lisa Berry, Stuart

7    Nichols, John Kispert, Maureen Lamb, Barbara Stebbins and Mark Nordstrom CONCERNING

8    compensation of employees, accounting for employee compensation, stock option grants and/or

9    corporate governance issues.

10        KLA's Amended Response to Production Demand No. 16

11        KLA reasserts and incorporates each of the General Objections set forth above.  KLA

12    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

13    to this Demand to the extent that it is vague and ambiguous, compound and improper in form.

14    KLA further objects to this Demand to the extent it seeks production of documents which are

15    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

16    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

17    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

18    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

19    seeks confidential, proprietary, or highly sensitive information or information that is protected by

20    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

21    Demand to the extent it contains duplicative requests, in whole or in part.

22        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

23    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

24    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

25    No such documents will be produced by KLA.

26        Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 16

27        As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

28    responsive to Production Demand No. 16 that KLA has withheld based on the attorney-client

1   privilege and/or work product doctrine because (1) KLA has not established the applicability of

2   any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

3   produced to the SEC documents reflecting attorney-client communications concerning KLA's

4   options granting practices, witness interview memoranda concerning such communications, and

5   instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

6   options practices without regard to matters of privilege.

7   **B.      MR. SCHROEDER'S PRODUCTION DEMAND NO. 28 TO KLA**

8           Production Demand No. 28

9           All DOCUMENTS concerning the Board of Directors' granting of options to Section 16b

10  officers including all DOCUMENTS evidencing any follow-up to assure that the Secretary,

11  General Counsel, or Human Resources had properly documented its grants.

12          KLA's Amended Response to Production Demand No. 28

13          KLA reasserts and incorporates each of the General Objections set forth above.  KLA

14  objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

15  to this Demand to the extent that it is vague and ambiguous, compound, argumentative, lacks

16  foundation, and is improper in form.  KLA further objects to this Demand to the extent it seeks

17  production of documents which are neither relevant to the subject matter of this action nor

18  reasonably calculated to lead to the discovery of admissible evidence.  KLA objects to this

19  Demand to the extent it seeks documents protected by the attorney-client privilege, work product

20  doctrine, or other applicable privilege.  No such privileged documents will be produced.  KLA

21  objects to this Demand to the extent it seeks confidential, proprietary, or highly sensitive

22  information or information that is protected by the right to privacy of any third party that KLA is

23  obligated to safeguard.  KLA objects to this Demand to the extent it contains duplicative requests,

24  in whole or in part.

25          KLA objects to this demand to the extent it seeks documents that Schroeder already has in

26  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

27  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

28  No such documents will be produced by KLA.

1    <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 28</u>

2    As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

3    responsive to Production Demand No. 28 that KLA has withheld based on the attorney-client

4    privilege and/or work product doctrine because (1) KLA has not established the applicability of

5    any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

6    produced to the SEC documents reflecting attorney-client communications concerning KLA's

7    options granting practices, witness interview memoranda concerning such communications, and

8    instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

9    options practices without regard to matters of privilege.

10   **C.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 30 TO KLA**

11   <u>Production Demand No. 30</u>

12   All DOCUMENTS concerning the Compensation Committee's granting of options to

13   Section 16b officers including all DOCUMENTS evidencing any follow-up to assure that the

14   Secretary, General Counsel, or Human Resources had properly documented its grants.

15   <u>KLA's Amended Response to Production Demand No. 30</u>

16   KLA reasserts and incorporates each of the General Objections set forth above.  KLA

17   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

18   to this Demand to the extent that it is vague and ambiguous, compound, argumentative, lacks

19   foundation, and is improper in form.  KLA further objects to this Demand to the extent it seeks

20   production of documents which are neither relevant to the subject matter of this action nor

21   reasonably calculated to lead to the discovery of admissible evidence.  KLA objects to this

22   Demand to the extent it seeks documents protected by the attorney-client privilege, work product

23   doctrine, or other applicable privilege.  No such privileged documents will be produced.  KLA

24   objects to this Demand to the extent it seeks confidential, proprietary, or highly sensitive

25   information or information that is protected by the right to privacy of any third party that KLA is

26   obligated to safeguard.  KLA objects to this Demand to the extent it contains duplicative requests,

27   in whole or in part.

28

1   KLA objects to this demand to the extent it seeks documents that Schroeder already has in

2   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

3   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

4   No such documents will be produced by KLA.

5           Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 30

6           As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

7   responsive to Production Demand No. 30 that KLA has withheld based on the attorney-client

8   privilege and/or work product doctrine because (1) KLA has not established the applicability of

9   any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

10  produced to the SEC documents reflecting attorney-client communications concerning KLA's

11  options granting practices, witness interview memoranda concerning such communications, and

12  instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

13  options practices without regard to matters of privilege.

14  **D.      MR. SCHROEDER'S PRODUCTION DEMAND NO. 44 TO KLA**

15          Production Demand No. 44

16          All DOCUMENTS CONCERNING COMMUNICATIONS between Lisa Berry and

17  anyone CONCERNING stock options, accounting for stock options, stock option procedures,

18  selection of stock option grant dates and all DOCUMENTS found on her computer relating to the

19  same subjects.

20          KLA's Amended Response To Production Demand No. 44

21          KLA reasserts and incorporates each of the General Objections set forth above. KLA

22  objects to this Demand to the extent that it is overly broad and unduly burdensome. KLA objects

23  to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

24  KLA further objects to this Demand to the extent it seeks production of documents which are

25  neither relevant to the subject matter of this action nor reasonably calculated to lead to the

26  discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

27  protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

28  No such privileged documents will be produced. KLA objects to this Demand to the extent it

1   seeks confidential, proprietary, or highly sensitive information or information that is protected by

2   the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this

3   Demand to the extent it contains duplicative requests, in whole or in part.

4        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

5   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

6   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

7   No such documents will be produced by KLA.

8        <u>Mr. Schroeder's Entitlement To Documents Response to Production Demand No. 44</u>

9        As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

10   responsive to Production Demand No. 44 that KLA has withheld based on the attorney-client

11   privilege and/or work product doctrine because (1) KLA has not established the applicability of

12   any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

13   produced to the SEC documents reflecting attorney-client communications concerning KLA's

14   options granting practices, witness interview memoranda concerning such communications, and

15   instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

16   options practices without regard to matters of privilege.

17   **E.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 47 TO KLA**

18        <u>Production Demand No. 47</u>

19        All DOCUMENTS created by, sent by or to, or received by or from any current or former

20   employee of THE COMPANY's Human Resources Department, Finance Department, Legal

21   Department, or stock option committee CONCERNING THE COMPANY's stock option grants,

22   which grants were dated on or as of the following dates:

23       1.    November 14, 1991
    2.    September 14, 1992

24       3.    July 26, 1994
    4.    April 18, 1995

25       5.    January 15, 1996
    6.    September 17, 1996

26       7.    October 8, 1996
    8.    April 30, 1997

27       9.    July 21, 1997
    10.   July 31, 1997

28       11.   October 30, 1997

12.    November 24, 1997
13.    January 20, 1998
14.    March 18, 1998
15.    April 27, 1998
16.    June 3, 1998
17.    June 22, 1998
18.    August 5, 1998
19.    August 31, 1998
20.    September 10, 1997
21.    October 19, 1998
22.    October 23, 1998
23.    November 3, 1998
24.    November 30, 1998
25.    December 16, 1998
26.    January 22, 1999
27.    February 26, 1999
28.    March 24, 1999
29.    April 19, 1999
30.    May 26, 1999
31.    June 15, 1999
32.    July 26, 1999
33.    August 20, 1999
34.    November 30, 1999
35.    December 16, 1999
36.    January 28, 2000
37.    February 18, 2000
38.    April 14, 2000
39.    May 25, 2000
40.    July 5, 2000
41.    August 13, 2000
42.    October 17, 2000
43.    November 10, 2000
44.    December 22, 2000
45.    February 9, 2001
46.    April 4, 2001
47.    May 30, 2001
48.    July 10, 2001
49.    October 2, 2001
50.    November 20, 2001
51.    January 18, 2002
52.    February 28, 2002
53.    January 24, 2005

KLA's Amended Response To Production Demand No. 47

KLA reasserts and incorporates each of the General Objections set forth above. KLA objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects to this Demand to the extent that it is vague and ambiguous, compound, and improper in form. KLA further objects to this Demand to the extent it seeks production of documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the

1   discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

2   protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

3   No such privileged documents will be produced.  KLA objects to this Demand to the extent it

4   seeks confidential, proprietary, or highly sensitive information or information that is protected by

5   the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this

6   Demand to the extent it contains duplicative requests, in whole or in part.  KLA objects to the

7   production of documents pertaining to stock option grants before 1997.

8        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

9   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

10  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

11  No such documents will be produced by KLA.

12       Subject to and without waiving the foregoing limitations and General and Specific

13  Objections, KLA will produce relevant, non-privileged documents that are responsive to this

14  Demand provided that an adequate protective order is entered that will protect disclosure of KLA

15  and KLA current and former employees' confidential, proprietary, and/or private information.

16       Mr. Schroeder's Entitlement To Documents Response to Production Demand No. 47

17       As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

18  responsive to Production Demand No. 47 that KLA has withheld based on the attorney-client

19  privilege and/or work product doctrine because (1) KLA has not established the applicability of

20  any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

21  produced to the SEC documents reflecting attorney-client communications concerning KLA's

22  options granting practices, witness interview memoranda concerning such communications, and

23  instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

24  options practices without regard to matters of privilege.

25  **F.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 48 TO KLA**

26       Production Demand No. 48

27       All DOCUMENTS CONCERNING COMMUNICATIONS sent by or received by Stuart

28  J. Nichols CONCERNING stock options, the authority to grant or price stock options, Board

1    ratification of stock option grants, including but not limited to, all drafts of the memorandum sent

2    by Nichols dated March 19, 2001, and all COMMUNICATIONS with Wilson Sonsini Goodrich

3    & Rosati CONCERNING stock options.

4        KLA's Amended Response To Production Demand No. 48

5        KLA reasserts and incorporates each of the General Objections set forth above. KLA

6    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

7    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

8    KLA further objects to this Demand to the extent it seeks production of documents which are

9    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

10    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

11    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

12    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

13    seeks confidential, proprietary, or highly sensitive information or information that is protected by

14    the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this

15    Demand to the extent it contains duplicative requests, in whole or in part.

16        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

17    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

18    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

19    No such documents will be produced by KLA.

20        Mr. Schroeder's Entitlement To Documents Responsive to Production Demand No. 48

21        As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

22    responsive to Production Demand No. 48 that KLA has withheld based on the attorney-client

23    privilege and/or work product doctrine because (1) KLA has not established the applicability of

24    any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

25    produced to the SEC documents reflecting attorney-client communications concerning KLA's

26    options granting practices, witness interview memoranda concerning such communications, and

27    instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

28    options practices without regard to matters of privilege.

1    **G.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 50 TO KLA**

2    Production Demand No. 50

3    All DOCUMENTS CONCERNING internal controls existing prior to the SPECIAL

4    COMMITTEE INVESTIGATION to assure that the granting of stock options were properly

5    accounted for, and all DOCUMENTS relating to the training of Human Resource, stock

6    administration departments and members of the stock option committee were trained in proper

7    procedures for granting and accounting for option grants.

8    KLA's Amended Response to Production Demand No. 50

9    KLA reasserts and incorporates each of the General Objections set forth above.  KLA

10    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

11    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

12    KLA further objects to this Demand to the extent it seeks production of documents which are

13    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

14    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

15    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

16    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

17    seeks confidential, proprietary, or highly sensitive information or information that is protected by

18    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

19    Demand to the extent it contains duplicative requests, in whole or in part.

20    KLA objects to this demand to the extent it seeks documents that Schroeder already has in

21    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

22    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

23    No such documents will be produced by KLA.

24    Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 50

25    As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

26    responsive to Production Demand No. 50 that KLA has withheld based on the attorney-client

27    privilege and/or work product doctrine because (1) KLA has not established the applicability of

28    any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

1    produced to the SEC documents reflecting attorney-client communications concerning KLA's

2    options granting practices, witness interview memoranda concerning such communications, and

3    instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

4    options practices without regard to matters of privilege.

5    **H.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 52 TO KLA**

6        Production Demand No. 52

7        All documents CONCERNING the November 14, 1998 COMMUNICATION from Lisa

8    Berry to Larry Sonsini of Wilson Sonsini Goodrich & Rosati.

9        KLA's Amended Response to Production Demand No. 52

10        KLA reasserts and incorporates each of the General Objections set forth above. KLA

11    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

12    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

13    KLA further objects to this Demand to the extent it seeks production of documents which are

14    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

15    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

16    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

17    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

18    seeks confidential, proprietary, or highly sensitive information or information that is protected by

19    the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this

20    Demand to the extent it contains duplicative requests, in whole or in part.

21        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

22    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

23    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

24    No such documents will be produced by KLA.

25        Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 52

26        As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

27    responsive to Production Demand No. 52 that KLA has withheld based on the attorney-client

28    privilege and/or work product doctrine because (1) KLA has not established the applicability of

1    any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

2    produced to the SEC documents reflecting attorney-client communications concerning KLA's

3    options granting practices, witness interview memoranda concerning such communications, and

4    instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

5    options practices without regard to matters of privilege.

6    **I.      MR. SCHROEDER'S PRODUCTION DEMAND NO. 53 TO KLA**

7           Production Demand No. 53

8           All documents CONCERNING any meeting held on April 4, 2001 at THE COMPANY,

9    including the "Stock Option Pricing" meeting scheduled by the assistant for Maureen Lamb.

10          KLA's Amended Response to Production Demand No. 53

11          KLA reasserts and incorporates each of the General Objections set forth above. KLA

12   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

13   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

14   KLA further objects to this Demand to the extent it seeks production of documents which are

15   neither relevant to the subject matter of this action nor reasonably calculated to lead to the

16   discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

17   protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

18   No such privileged documents will be produced.  KLA objects to this Demand to the extent it

19   seeks confidential, proprietary, or highly sensitive information or information that is protected by

20   the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this

21   Demand to the extent it contains duplicative requests, in whole or in part.

22          KLA objects to this demand to the extent it seeks documents that Schroeder already has in

23   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

24   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

25   No such documents will be produced by KLA.

26          Subject to and without waiving the foregoing limitations and General and Specific

27   Objections, KLA will produce relevant, non-privileged documents that are responsive to this

28

1   Demand provided that an adequate protective order is entered that will protect disclosure of KLA

2   and KLA current and former employees' confidential, proprietary, and/or private information.

3   <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 53</u>

4   As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

5   responsive to Production Demand No. 53 that KLA has withheld based on the attorney-client

6   privilege and/or work product doctrine because (1) KLA has not established the applicability of

7   any privilege or protection; and (2) KLA waived any applicable privilege or protection when it

8   produced to the SEC documents reflecting attorney-client communications concerning KLA's

9   options granting practices, witness interview memoranda concerning such communications, and

10   instructed at least one former KLA attorney to provide information to the SEC about KLA's stock

11   options practices without regard to matters of privilege.

12   **J.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 57 TO KLA**

13   <u>Production Demand No. 57</u>

14   All COMMUNICATIONS CONCERNING stock options or accounting for stock options

15   sent or received by Ken Levy, Ken Schroeder, Gary Dickerson, Jon Tompkins, John Kispert, Lisa

16   Berry, Mark Nordstom, Stuart Nichols, Maureen Lamb, and any officer or employee of KLA-

17   TENCOR's human resources, finance, stock administration, and legal departments.

18   <u>KLA's Amended Response to Production Demand No. 57</u>

19   KLA reasserts and incorporates each of the General Objections set forth above.  KLA

20   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

21   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

22   KLA further objects to this Demand to the extent it seeks production of documents which are

23   neither relevant to the subject matter of this action nor reasonably calculated to lead to the

24   discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

25   protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

26   No such privileged documents will be produced.  KLA objects to this Demand to the extent it

27   seeks confidential, proprietary, or highly sensitive information or information that is protected by

28

the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this Demand to the extent it contains duplicative requests, in whole or in part.

KLA objects to this demand to the extent it seeks documents that Schroeder already has in his possession, custody or control or are as accessible to Schroeder as they are to KLA, including, but not limited to, documents that Schroeder already has obtained from the SEC in this action. No such documents will be produced by KLA.

Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 57

As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents responsive to Production Demand No. 57 that KLA has withheld based on the attorney-client privilege and/or work product doctrine because (1) KLA has not established the applicability of any privilege or protection; and (2) KLA waived any applicable privilege or protection when it produced to the SEC documents reflecting attorney-client communications concerning KLA's options granting practices, witness interview memoranda concerning such communications, and instructed at least one former KLA attorney to provide information to the SEC about KLA's stock options practices without regard to matters of privilege.

## II.   CATEGORY 2:  ORIGINAL NOTES AND DRAFT MEMORANDA FROM SPECIAL COMMITTEE INTERVIEWS

### A.   MR. SCHROEDER'S PRODUCTION DEMAND NO. 7 TO KLA

Production Demand No. 7

All DOCUMENTS which YOU created or prepared in connection with SPECIAL COMMITTEE INVESTIGATION, including all DOCUMENTS concerning interviews of witnesses and summaries of option grants, including all drafts.

KLA's Amended Response to Production Demand No. 7

KLA reasserts and incorporates each of the General Objections set forth above. KLA objects to this Demand to the extent that it is overly broad and unduly burdensome. KLA objects to this Demand to the extent that it is vague and ambiguous, compound and improper in form. KLA further objects to this Demand to the extent it seeks production of documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the

1    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

2    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

3    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

4    seeks confidential, proprietary, or highly sensitive information or information that is protected by

5    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

6    Demand to the extent it contains duplicative requests, in whole or in part.

7         KLA objects to this demand to the extent it seeks documents that Schroeder already has in

8    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

9    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

10   No such documents will be produced by KLA.

11             Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 7

12        As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

13   responsive to Production Demand No. 7 that KLA has withheld based on the attorney-client

14   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

15   privilege or work product protection applies to any such documents, because they were created

16   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

17   or protection as to the subject matter of the Special Committee investigation when it disclosed to

18   the SEC witness interview memoranda and other purportedly privileged materials and/or work

19   product created during the Special Committee investigation.

20   **III.    CATEGORY 3:  DOCUMENTS RELATING TO THE SPECIAL COMMITTEE
     INVESTIGATION SHOWN TO OR DISCUSSED WITH THE SEC OR OTHER
21   AGENCIES**

22   **A.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 1 TO KLA**

23        Production Demand No. 1

24        All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or

25   the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

26   presented to or received from, the SEC.

27

28

Case No. C 07 3798 JW
STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2

1       KLA's Amended Response to Production Demand No. 1

2       KLA reasserts and incorporates each of the General Objections set forth above. KLA

3 objects to this Demand to the extent that it is overly broad and unduly burdensome. KLA objects

4 to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

5 KLA further objects to this Demand to the extent it seeks production of documents which are

6 neither relevant to the subject matter of this action nor reasonably calculated to lead to the

7 discovery of admissible evidence. KLA objects to this Demand to the extent it seeks documents

8 protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

9 No such privileged documents will be produced. KLA objects to this Demand to the extent it

10 seeks confidential, proprietary, or highly sensitive information or information that is protected by

11 the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this

12 Demand to the extent it contains duplicative requests, in whole or in part.

13       Based on KLA's review of the SEC's Initial Disclosures, KLA believes the SEC has

14 already produced substantially all of the documents responsive to this Demand to Schroeder.

15 Because these documents are already in Schroeder's possession, custody, or control, it would be

16 unduly burdensome and an improper use of the discovery process to compel KLA to produce

17 such documents in this case. Accordingly, KLA will not produce any documents responsive to

18 this Demand which the SEC has already produced to Schroeder, as such documents are already in

19 Schroeder's possession, custody, or control, and therefore are equally accessible to Schroeder as

20 to KLA. KLA also refuses to produce many of these responsive documents on the additional

21 ground that they are protected by the attorney client privilege, the work product doctrine, and/or

22 other applicable privileges. To the extent Schroeder is concerned that the set of documents he

23 received from the SEC is incomplete, KLA is willing to meet and confer with Schroeder to

24 compare the documents he has received from the SEC with the non-privileged, non-attorney work

25 product documents KLA already produced to the SEC.

26       To the extent that KLA has any responsive documents that the SEC has not produced to

27 Schroeder and that are not protected by the attorney-client privilege, the work product doctrine, or

28 some other applicable privilege, KLA will product such documents to Schroeder to the extent

1    they do not contain any trade secrets or confidential or completely sensitive business information

2    and subject to the entry by the court of a protective order prohibiting the parties from disclosing

3    such documents or information to third parties or using them for purposes unrelated to this

4    litigation.  However, KLA currently believes that all non-privileged responsive documents that

5    were produced to the SEC have already been produced to Schroeder pursuant to the SEC's Initial

6    Disclosures.

7           <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 1</u>

8           As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

9    responsive to Production Demand No. 1 that KLA has withheld based on the attorney-client

10   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

11   privilege or work product protection applies to any such documents, because they were created

12   with the intent to disclose them to the government; (2) KLA waived any applicable privilege or

13   protection as to the subject matter of the Special Committee investigation when it disclosed to the

14   SEC witness interview memoranda and other purportedly privileged materials and/or work

15   product created during the Special Committee investigation; and (3) waiver applies irrespective of

16   whether KLA physically produced such documents to the SEC or disclosed the materials orally or

17   by other means.

18   **B.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 2 TO KLA**

19          <u>Production Demand No. 2</u>

20          All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or

21   the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

22   presented to or received from, the DOJ.

23          <u>KLA's Amended Response to Production Demand No. 2</u>

24          KLA reasserts and incorporates each of the General Objections set forth above. KLA

25   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

26   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

27   KLA further objects to this Demand to the extent it seeks production of documents which are

28   neither relevant to the subject matter of this action nor reasonably calculated to lead to the

1   discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

2   protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

3   No such privileged documents will be produced.  KLA objects to this Demand to the extent it

4   seeks confidential, proprietary, or highly sensitive information or information that is protected by

5   the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

6   Demand to the extent it contains duplicative requests, in whole or in part.

7           Based on KLA's review of the SEC's Initial Disclosures, KLA believes the SEC has

8   already produced substantially all of the documents responsive to this Demand to Schroeder.

9   Because these documents are already in Schroeder's possession, custody, or control, it would be

10  unduly burdensome and an improper use of the discovery process to compel KLA to produce

11  such documents in this case.  Accordingly, KLA will not produce any documents responsive to

12  this Demand which the SEC has already produced to Schroeder, as such documents are already in

13  Schroeder's possession, custody, or control, and therefore are equally accessible to Schroeder as

14  to KLA.  KLA also refuses to produce many of these responsive documents on the additional

15  ground that they are protected by the attorney client privilege, the work product doctrine, and/or

16  other applicable privileges.  To the extent Schroeder is concerned that the set of documents he

17  received from the SEC is incomplete, KLA is willing to meet and confer with Schroeder to

18  compare the documents he has received from the SEC with the non-privileged, non-attorney work

19  product documents KLA already produced to the DOJ.

20          To the extent that KLA has any responsive documents that the SEC has not produced to

21  Schroeder and that are not protected by the attorney-client privilege, the work product doctrine, or

22  some other applicable privilege, KLA will produce such documents to Schroeder to the extent

23  they do not contain any trade secrets or confidential or completely sensitive business information

24  and subject to the entry by the court of a protective order prohibiting the parties from disclosing

25  such documents or information to third parties or using them for purposes unrelated to this

26  litigation.  However, KLA currently believes that all non-privileged responsive documents that

27  were produced to DOJ have already been produced to Schroeder pursuant to the SEC's Initial

28  Disclosures.

1    <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 2</u>

2    As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

3    responsive to Production Demand No. 2 that KLA has withheld based on the attorney-client

4    privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

5    privilege or work product protection applies to any such documents, because they were created

6    with the intent to disclose them to the government; (2) KLA waived any applicable privilege or

7    protection as to the subject matter of the Special Committee investigation when it disclosed to the

8    SEC witness interview memoranda and other purportedly privileged materials and/or work

9    product created during the Special Committee investigation; and (3) waiver applies irrespective of

10    whether KLA physically produced such documents to the SEC or disclosed the materials orally or

11    by other means.

12    **C.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 3 TO KLA**

13    <u>Production Demand No. 3</u>

14    All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION or

15    the RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

16    presented to or received from, the NASDAQ.

17    <u>KLA's Amended Response to Production Demand No. 3</u>

18    KLA reasserts and incorporates each of the General Objections set forth above.  KLA

19    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

20    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

21    KLA further objects to this Demand to the extent it seeks production of documents which are

22    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

23    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

24    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

25    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

26    seeks confidential, proprietary, or highly sensitive information or information that is protected by

27    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

28    Demand to the extent it contains duplicative requests, in whole or in part.

1    KLA objects to this demand to the extent it seeks documents that Schroeder already has in

2    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

3    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

4    No such documents will be produced by KLA.

5    Subject to and without waiving the foregoing limitations and General and Specific

6    Objections, KLA will produce relevant, non-privileged documents that are responsive to this

7    Demand provided that an adequate protective order is entered that will protect disclosure of KLA

8    and KLA current and former employees' confidential, proprietary, and/or private information.

9    <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 3</u>

10    As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

11    responsive to Production Demand No. 3 that KLA has withheld based on the attorney-client

12    privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

13    privilege or work product protection applies to any such documents, because they were created

14    with the intent to disclose them to the government; (2) KLA waived any applicable privilege or

15    protection as to the subject matter of the Special Committee investigation when it disclosed to the

16    SEC witness interview memoranda and other purportedly privileged materials and/or work

17    product created during the Special Committee investigation; and (3) waiver applies irrespective of

18    whether KLA physically produced such documents to the SEC or disclosed the materials orally or

19    by other means.

20    **D.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 9 TO KLA**

21    <u>Production Demand No. 9</u>

22    All DOCUMENTS memorializing any interactions which you attended with

23    representatives of the SEC, DOJ and/or NASDAQ CONCERNING the SPECIAL COMMITTEE

24    INVESTIGATION and/or RESTATEMENT.

25    <u>KLA's Amended Response to Production Demand No. 9</u>

26    KLA reasserts and incorporates each of the General Objections set forth above.  KLA

27    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

28    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

1    KLA further objects to this Demand to the extent it seeks production of documents which are

2    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

3    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

4    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

5    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

6    seeks confidential, proprietary, or highly sensitive information or information that is protected by

7    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

8    Demand to the extent it contains duplicative requests, in whole or in part.

9        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

10   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

11   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

12   No such documents will be produced by KLA.

13       Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 9

14       As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

15   responsive to Production Demand No. 9 that KLA has withheld based on the attorney-client

16   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

17   privilege or work product protection applies to any such documents, because they were created

18   with the intent to disclose them to the government; (2) KLA waived any applicable privilege or

19   protection as to the subject matter of the Special Committee investigation when it disclosed to the

20   SEC witness interview memoranda and other purportedly privileged materials and/or work

21   product created during the Special Committee investigation; and (3) waiver applies irrespective of

22   whether KLA physically produced such documents to the SEC or disclosed the materials orally or

23   by other means.

24   **E.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 17 TO KLA**

25       Production Demand No. 17

26       All DOCUMENTS CONCERNING the dates, times, participants and length of meetings

27   and/or telephone calls with YOU had with the SEC, DOJ and/or NASDAQ CONCERNING the

28

1   SPECIAL COMMITTEE INVESTIGATION and/or SLC INVESTIGATION, including attorney

2   billing records and calendar entries.

3       KLA's Amended Response to Production Demand No. 17

4       KLA reasserts and incorporates each of the General Objections set forth above.  KLA

5   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

6   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

7   KLA further objects to this Demand to the extent it seeks production of documents when are

8   neither relevant to the subject matter of this action nor reasonably calculated to lead to the

9   discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

10  protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

11  No such privileged documents will be produced.  KLA objects to this Demand to the extent it

12  seeks confidential, proprietary, or highly sensitive information or information that is protected by

13  the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

14  Demand to the extent it contains duplicative requests, in whole or in part.

15      KLA objects to this demand to the extent it seeks documents that Schroeder already has in

16  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

17  but not limited to, documents that Schroeder already had obtained from the SEC in this action.

18  No such documents will be produced by KLA.

19      Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 17

20      As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

21  responsive to Production Demand No. 17 that KLA has withheld based on the attorney-client

22  privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

23  privilege or work product protection applies to any such documents, because they were created

24  with the intent to disclose them to the government; (2) KLA waived any applicable privilege or

25  protection as to the subject matter of the Special Committee investigation when it disclosed to the

26  SEC witness interview memoranda and other purportedly privileged materials and/or work

27  product created during the Special Committee investigation; and (3) waiver applies irrespective of

28

1   whether KLA physically produced such documents to the SEC or disclosed the materials orally or

2   by other means.

3   **F.      MR. SCHROEDER'S PRODUCTION DEMAND NO. 22 TO KLA**

4          Production Demand No. 22

5          All DOCUMENTS CONCERNING KLA-TENCOR's SPECIAL COMMITTEE

6   INVESTIGATION which the law firms of Skadden Arps Slate Meagher & Flom LLP on behalf

7   of the SPECIAL COMMITTEE or Morgan Lewis, on behalf of the COMPANY transmitted to

8   read to (in whole or in part), summarized to, presented to or received from any government

9   agency or the NASDAQ.

10         KLA's Amended Response to Production Demand No. 22

11         KLA reasserts and incorporates each of the General Objections set forth above.  KLA

12  objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

13  to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

14  KLA further objects to this Demand to the extent it seeks production of documents which are

15  neither relevant to the subject matter of this action nor reasonably calculated to lead to the

16  discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

17  protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

18  No such privileged documents will be produced.  KLA objects to this Demand to the extent it

19  seeks confidential, proprietary, or highly sensitive information or information that is protected by

20  the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

21  Demand to the extent it contains duplicative requests, in whole or in part.

22         KLA objects to this demand to the extent it seeks documents that Schroeder already has in

23  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

24  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

25  No such documents will be produced by KLA.

26         Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 22

27         As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

28  responsive to Production Demand No. 22 that KLA has withheld based on the attorney-client

privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client privilege or work product protection applies to any such documents, because they were created with the intent to disclose them to the government; (2) KLA waived any applicable privilege or protection as to the subject matter of the Special Committee investigation when it disclosed to the SEC witness interview memoranda and other purportedly privileged materials and/or work product created during the Special Committee investigation; and (3) waiver applies irrespective of whether KLA physically produced such documents to the SEC or disclosed the materials orally or by other means.

## IV.    CATEGORY 4:  ALL DOCUMENTS RELATING TO THE SPECIAL COMMITTEE INVESTIGATION

### A.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 6 TO KLA

Production Demand No. 6

All DOCUMENTS which you reviewed as part of the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT.

KLA's Amended Response to Production Demand No. 6

KLA reasserts and incorporates each of the General Objections set forth above.  KLA objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects to this Demand to the extent that it is vague and ambiguous, compound, and improper in form. KLA further objects to this Demand to the extent it seeks production of documents which are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege. No such privileged documents will be produced.  KLA objects to this Demand to the extent it seeks confidential, proprietary, or highly sensitive information or information that is protected the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this Demand to the extent it contains duplicative requests, in whole or in part.

KLA objects to this demand to the extent it seeks documents that Schroeder already has in his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

1   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

2   No such documents will be produced by KLA.

3   <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 6</u>

4   As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

5   responsive to Production Demand No. 6 that KLA has withheld based on the attorney-client

6   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

7   privilege or work product protection applies to any such documents, because they were created

8   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

9   or protection as to the subject matter of the Special Committee investigation when it disclosed to

10  the SEC witness interview memoranda and other purportedly privileged materials and/or work

11  product created during the Special Committee investigation.

12  **B.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 11 TO KLA**

13  <u>Production Demand No. 11</u>

14  All DOCUMENTS CONCERNING the COMPANY'S SEC filings that refer to or discuss

15  the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including drafts

16  which YOU prepared or edited.

17  <u>KLA's Amended Response to Production Demand No. 11</u>

18  KLA reasserts and incorporates each of the General Objections set forth above.  KLA

19  objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

20  to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

21  KLA further objects to this Demand to the extent it seeks production of documents which are

22  neither relevant to the subject matter of this action nor reasonably calculated to lead to the

23  discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

24  protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

25  No such privileged documents will be produced.  KLA objects to this Demand to the extent it

26  seeks confidential, proprietary, or highly sensitive information or information that is protected the

27  right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

28  Demand to the extent it contains duplicative requests, in whole or in part.

1    KLA objects to this demand to the extent it seeks documents that Schroeder already has in

2    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

3    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

4    No such documents will be produced by KLA.

5                  Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 11

6            As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

7    responsive to Production Demand No. 11 that KLA has withheld based on the attorney-client

8    privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

9    privilege or work product protection applies to any such documents, because they were created

10   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

11   or protection as to the subject matter of the Special Committee investigation when it disclosed to

12   the SEC witness interview memoranda and other purportedly privileged materials and/or work

13   product created during the Special Committee investigation.

14   **C.      MR. SCHROEDER'S PRODUCTION DEMAND NO. 20 TO KLA**

15           Production Demand No. 20

16           All lists of search words, terms, or phrases that you used to search through DOCUMENTS

17   in connection with the SPECIAL COMMITTEE INVESTIGATION OR SPECIAL

18   LITIGATION COMMITTEE INVESTIGATION.

19           KLA's Amended Response to Production Demand No. 20

20           KLA reasserts and incorporates each of the General Objections set forth above.  KLA

21   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

22   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

23   KLA further objects to this Demand to the extent it seeks production of documents which are

24   neither relevant to the subject matter of this action nor reasonably calculated to lead to the

25   discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

26   protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

27   No such privileged documents will be produced.  KLA objects to this Demand to the extent it

28   seeks confidential, proprietary, or highly sensitive information or information that is protected by

1  the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

2  Demand to the extent it contains duplicative requests, in whole or in part.

3       KLA objects to this demand to the extent it seeks documents that Schroeder already has in

4  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

5  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

6  No such documents will be produced by KLA.

7       Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 20

8       As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

9  responsive to Production Demand No. 20 that KLA has withheld based on the attorney-client

10  privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

11  privilege or work product protection applies to any such documents, because they were created

12  with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

13  or protection as to the subject matter of the Special Committee investigation when it disclosed to

14  the SEC witness interview memoranda and other purportedly privileged materials and/or work

15  product created during the Special Committee investigation

16  **D.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 25 TO KLA**

17       Production Demand No. 25

18       All DOCUMENTS CONCERNING action or remedial measures that YOU took as a

19  result of the SPECIAL COMMITTEE INVESTIGATION, including documents CONCERNING

20  resignations of directors from YOUR board of directors, terminations of officers and/or

21  employees, cancellations of options, re-pricing of options and payment of bonuses on account of

22  re-priced options.

23       KLA's Amended Response to Production Demand No. 25

24       KLA reasserts and incorporates each of the General Objections set forth above.  KLA

25  objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

26  to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

27  KLA further objects to this Demand to the extent it seeks production of documents which are

28  neither relevant to the subject matter of this action nor reasonably calculated to lead to the

1    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

2    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

3    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

4    seeks confidential, proprietary, or highly sensitive information or information that is protected by

5    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

6    Demand to the extent it contains duplicative requests, in whole or in part.

7           KLA objects to this demand to the extent it seeks documents that Schroeder already has in

8    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

9    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

10   No such documents will be produced by KLA.

11          Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 25

12          As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

13   responsive to Production Demand No. 25 that KLA has withheld based on the attorney-client

14   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

15   privilege or work product protection applies to any such documents, because they were created

16   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

17   or protection as to the subject matter of the Special Committee investigation when it disclosed to

18   the SEC witness interview memoranda and other purportedly privileged materials and/or work

19   product created during the Special Committee investigation.

20   **E.     MR. SCHROEDER'S PRODUCTION DEMAND NO. 31 TO KLA**

21          Production Demand No. 31

22          All DOCUMENTS CONCERNING Part I, Item 3 (Legal Proceedings) and Part II, Item 7

23   (Management Discussion & Analysis) of THE COMPANY's Form 10-K filed on January 29,

24   2007, including all drafts of these items.

25          KLA's Amended Response to Production Demand No. 31

26          KLA reasserts and incorporates each of the General Objections set forth above.  KLA

27   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

28   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

1    KLA further objects to this Demand to the extent it seeks production of documents which are

2    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

3    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

4    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

5    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

6    seeks confidential, proprietary, or highly sensitive information or information that is protected by

7    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

8    Demand to the extent it contains duplicative requests, in whole or in part.

9        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

10   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

11   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

12   No such documents will be produced by KLA.

13       <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 31</u>

14       As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

15   responsive to Production Demand No. 31 that KLA has withheld based on the attorney-client

16   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

17   privilege or work product protection applies to any such documents, because they were created

18   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

19   or protection as to the subject matter of the Special Committee investigation when it disclosed to

20   the SEC witness interview memoranda and other purportedly privileged materials and/or work

21   product created during the Special Committee investigation.

22   **F.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 32 TO KLA**

23       <u>Production Demand No. 32</u>

24       All DOCUMENTS CONCERNING the conclusions of the SPECIAL COMMITTEE set

25   forth on pages 24 and 34 of THE COMPANY's Form 10-K filed January 29, 2007, including all

26   drafts these items.

27       <u>KLA's Amended Response to Production Demand No. 32</u>

28       KLA reasserts and incorporates each of the General Objections set forth above.  KLA

1   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

2   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

3   KLA further objects to this Demand to the extent it seeks production of documents which are

4   neither relevant to the subject matter of this action nor reasonably calculated to lead to the

5   discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

6   protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

7   No such privileged documents will be produced.  KLA objects to this Demand to the extent it

8   seeks confidential, proprietary, or highly sensitive information or information that is protected by

9   the right to privacy of any third party KLA is obligated to safeguard.  KLA objects to this

10  Demand to the extent it contains duplicative request, in whole or in part.

11          KLA objects to this demand to the extent it seeks documents that Schroeder already has in

12  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

13  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

14  No such documents will be produced by KLA.

15          Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 32

16          As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

17  responsive to Production Demand No. 32 that KLA has withheld based on the attorney-client

18  privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

19  privilege or work product protection applies to any such documents, because they were created

20  with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

21  or protection as to the subject matter of the Special Committee investigation when it disclosed to

22  the SEC witness interview memoranda and other purportedly privileged materials and/or work

23  product created during the Special Committee investigation.

24  **G.      MR. SCHROEDER'S PRODUCTION DEMAND NO. 37 TO KLA**

25          Production Demand No. 37

26          All DOCUMENTS provided to or received from Skadden Arps Slate Meagher & Flom

27  LLP CONCERNING the SPECIAL INVESTIGATION.

28

1    <u>KLA's Amended Response to Production Demand No. 37</u>

2    KLA reasserts and incorporates each of the General Objections set forth above. KLA

3    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

4    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

5    KLA objects to this Demand on the grounds that it is unintelligible; the Subpoena contains no

6    definition for the term "Special Investigation."  KLA further objects to this Demand to the extent

7    it seeks production of documents which are neither relevant to the subject matter of this action

8    nor reasonably calculated to lead to the discovery of admissible evidence.  KLA objects to this

9    Demand to the extent it seeks documents protected by the attorney-client privilege, work product

10   doctrine, or other applicable privilege.  No such privileged documents will be produced.  KLA

11   objects to this Demand to the extent it seeks confidential, proprietary, or highly sensitive

12   information or information that is protected by the right of privacy of any third party that KLA is

13   obligated to safeguard.  KLA objects to this Demand to the extent it contains duplicative requests,

14   in whole or in part.

15   KLA objects to this demand to the extent it seeks documents that Schroeder already has in

16   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

17   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

18   No such documents will be produced by KLA.

19   <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 37</u>

20   As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

21   responsive to Production Demand No. 37 that KLA has withheld based on the attorney-client

22   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

23   privilege or work product protection applies to any such documents, because they were created

24   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

25   or protection as to the subject matter of the Special Committee investigation when it disclosed to

26   the SEC witness interview memoranda and other purportedly privileged materials and/or work

27   product created during the Special Committee investigation.

28

1    **H.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 38 TO KLA**

2        Production Demand No. 38

3        All DOCUMENTS provided to or received from Morgan, Lewis & Bockius LLP

4    CONCERNING the SPECIAL INVESTIGATION.

5        KLA's Amended Response to Production Demand No. 38

6        KLA reasserts and incorporates each of the General Objections set forth above.  KLA

7    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

8    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

9    KLA objects to this Demand on the grounds that it is unintelligible; the Subpoena contains no

10   definition for the term "Special Investigation."  KLA further objects to this Demand to the extent

11   it seeks production of documents which are neither relevant to the subject matter of this action

12   nor reasonably calculated to lead to the discovery of admissible evidence.  KLA objects to this

13   Demand to the extent it seeks documents protected by the attorney-client privilege, work product

14   doctrine, or other applicable privilege.  No such privileged documents will be produced.  KLA

15   objects to this Demand to the extent it seeks confidential, proprietary, or highly sensitive

16   information or information that is protected by the right to privacy of any third party that KLA is

17   obligated to safeguard.  KLA objects to this Demand to the extent it contains duplicative requests,

18   in whole or in part.

19       KLA objects to this demand to the extent it seeks documents that Schroeder already has in

20   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

21   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

22   No such documents will be produced by KLA.

23       Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 38

24       As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

25   responsive to Production Demand No. 38 that KLA has withheld based on the attorney-client

26   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

27   privilege or work product protection applies to any such documents, because they were created

28   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

1   or protection as to the subject matter of the Special Committee investigation when it disclosed to

2   the SEC witness interview memoranda and other purportedly privileged materials and/or work

3   product created during the Special Committee investigation.

4   **I.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 54 TO KLA**

5           Production Demand No. 54

6       All calendars, diaries, or notes CONCERNING any witness or potential witness contacted

7   during the SPECIAL COMMITTEE INVESTIGATION, including DOCUMENTS

8   CONCERNING Kenneth Levy, Gary Dickerson, Jon Tompkins, John Kispert, Lisa Berry, Stuart

9   Nichols, Maureen Lamb, Joy Nyberg and Mark Nordstrom and all of the COMPANY's vice

10  presidents of Human Resources.

11          KLA's Amended Response to Production Demand No. 54

12      KLA reasserts and incorporates each of the General Objections set forth above.  KLA

13  objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

14  to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

15  KLA further objects to this Demand to the extent it seeks production of documents which are

16  neither relevant to the subject matter of this action nor reasonably calculated to lead to the

17  discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

18  protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

19  No such privileged documents will be produced.  KLA objects to this Demand to the extent it

20  seeks confidential, proprietary, or highly sensitive information or information that is protected by

21  the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

22  Demand to the extent it contains duplicative requests, in whole or in part.

23      KLA objects to this demand to the extent it seeks documents that Schroeder already has in

24  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

25  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

26  No such documents will be produced by KLA.

27

28

1    <u>Mr. Schroeder's Entitlement to Documents Responsive to Demand No. 54</u>

2    As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

3    responsive to Production Demand No. 54 that KLA has withheld based on the attorney-client

4    privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

5    privilege or work product protection applies to any such documents, because they were created

6    with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

7    or protection as to the subject matter of the Special Committee investigation when it disclosed to

8    the SEC witness interview memoranda and other purportedly privileged materials and/or work

9    product created during the Special Committee investigation.

10    **J.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 58 TO KLA**

11    <u>Production Demand No. 58</u>

12    All DOCUMENTS CONCERNING KENNETH SCHROEDER including all

13    DOCUMENTS concerning his employment, responsibilities at THE COMPANY, option grants

14    and any action taken with respect to him based on the SPECIAL COMMITTEE

15    INVESTIGATION OR SPECIAL LITIGATION COMMITTEE INVESTIGATION.

16    <u>KLA's Amended Response to Production Demand No. 58</u>

17    KLA reasserts and incorporates each of the General Objections set forth above.  KLA

18    objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

19    to this Demand to the extent that it is vague and ambiguous, compound, and improper form.

20    KLA further objects to this Demand to the extent it seeks production of documents which are

21    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

22    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

23    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

24    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

25    seeks confidential, proprietary, or highly sensitive information or information that is protected by

26    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

27    Demand to the extent it contains duplicative requests, in whole or in part.

28

1    KLA objects to this demand to the extent it seeks documents that Schroeder already has in

2    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

3    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

4    No such documents will be produced by KLA.

5             Mr. Schroeder's Entitlement to Documents Responsive to Demand No. 58

6            As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

7    responsive to Production Demand No. 58 that KLA has withheld based on the attorney-client

8    privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

9    privilege or work product protection applies to any such documents, because they were created

10   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

11   or protection as to the subject matter of the Special Committee investigation when it disclosed to

12   the SEC witness interview memoranda and other purportedly privileged materials and/or work

13   product created during the Special Committee investigation.

14   **K.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 59 TO KLA**

15            Production Demand No. 59

16           All DOCUMENTS CONCERNING internal controls that THE COMPANY put into place

17   on the basis of the results of the SPECIAL INVESTIGATION to assure proper granting and

18   accounting for its stock options and education of its personnel and directors regarding stock

19   option grants.

20            KLA's Amended Response to Production Demand No. 59

21           KLA reasserts and incorporates each of the General Objections set forth above.  KLA

22   objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

23   to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

24   KLA objects to this Demand on the grounds that it is unintelligible; the Subpoena contains no

25   definition for the term "Special Investigation."  KLA further objects to this Demand to the extent

26   it seeks production of documents which are neither relevant to the subject matter of this action

27   nor reasonably calculated to lead to the discovery of admissible evidence.  KLA objects to this

28   Demand to the extent it seeks documents protected by the attorney-client privilege, work product

1  doctrine, or other applicable privilege.  No such privileged documents will be produced.  KLA

2  objects to this Demand to the extent it seeks confidential, proprietary, or highly sensitive

3  information or information that is protected by the right to privacy of any third party that KLA is

4  obligated to safeguard.  KLA objects to this Demand to the extent it contains duplicative requests,

5  in whole or in part.

6      KLA objects to this demand to the extent it seeks documents that Schroeder already has in

7  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

8  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

9  No such documents will be produced by KLA.

10      Mr. Schroeder's Entitlement to Documents Responsive to Demand No. 59

11      As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

12  responsive to Production Demand No. 59 that KLA has withheld based on the attorney-client

13  privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

14  privilege or work product protection applies to any such documents, because they were created

15  with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

16  or protection as to the subject matter of the Special Committee investigation when it disclosed to

17  the SEC witness interview memoranda and other purportedly privileged materials and/or work

18  product created during the Special Committee investigation.

19  **L.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 60 TO KLA**

20      Production Demand No. 60

21      All DOCUMENTS CONCERNING any decisions made by the COMPANY

22  CONCERNING any remedial action taken or considered by THE COMPANY based on the

23  SPECIAL COMMITTEE INVESTIGATION, including employment decisions, requests for

24  director resignations and stock option re-pricing decisions and bonus decisions.

25      KLA's Amended Response to Production Demand No. 60

26      KLA reasserts and incorporates each of the General Objections set forth above.  KLA

27  objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

28  to this Demand to the extent that it is vague and ambiguous, compound, and improper form.

1    KLA further objects to this Demand to the extent it seeks production of documents which are

2    neither relevant to the subject matter of this action nor reasonably calculated to lead to the

3    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

4    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

5    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

6    seeks confidential, proprietary, or highly sensitive information or information that is protected by

7    the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

8    Demand to the extent it contains duplicative requests, in whole or in part.

9        KLA objects to this demand to the extent it seeks documents that Schroeder already has in

10   his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

11   but not limited to, documents that Schroeder already has obtained from the SEC in this action.

12   No such documents will be produced by KLA.

13       Mr. Schroeder's Entitlement to Documents Responsive to Demand No. 60

14       As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

15   responsive to Production Demand No. 60 that KLA has withheld based on the attorney-client

16   privilege and/or work product doctrine because (1) KLA cannot establish that the attorney-client

17   privilege or work product protection applies to any such documents, because they were created

18   with the intent to disclose them to the government; and (2) KLA waived any applicable privilege

19   or protection as to the subject matter of the Special Committee investigation when it disclosed to

20   the SEC witness interview memoranda and other purportedly privileged materials and/or work

21   product created during the Special Committee investigation.

22   **V.    CATEGORY 5:  DOCUMENTS SHARED WITH KLA'S OUTSIDE AUDITORS**

23   **A.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 4 TO KLA**

24       Production Demand No. 4

25       All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

26   and/or RESTATEMENT which YOU transmitted to, read to (in whole or in part), summarized to,

27   presented to or received from, PWC.

28       KLA's Amended Response to Production Demand No. 4

1    KLA reasserts and incorporates each of the General Objections set forth above. KLA

2    objects to this Demand to the extent that it is overly broad and unduly burdensome. KLA objects

3    to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

4    KLA further objects to this Demand to the extent it seeks production of documents which

5    are neither relevant to the subject matter of this action nor reasonably calculated to lead to the

6    discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

7    protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

8    No such privileged documents will be produced.  KLA objects to this Demand to the extent it

9    seeks confidential, proprietary, or highly sensitive information or information that is protected by

10    the right to privacy of any third party that KLA is obligated to safeguard. KLA objects to this

11    Demand to the extent it contains duplicative requests, in whole or in part.

12    KLA objects to this demand to the extent it seeks documents that Schroeder already has in

13    his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

14    but not limited to, documents that Schroeder already has obtained from the SEC in this action.

15    No such documents will be produced by KLA.

16    Subject to and without waiving the foregoing limitations and General and Specific

17    Objections, KLA will produce relevant, non-privileged documents that are responsive to this

18    Demand provided that an adequate protective order is entered that will protect disclosure of KLA

19    and KLA current and former employees' confidential, proprietary, and/or private information.

20    <u>Mr. Schroeder's Entitlement to Document Responsive to Production Demand No. 4</u>

21    As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

22    responsive to Production Demand No. 4 that KLA has withheld based on the attorney-client

23    privilege and/or work product doctrine because (1) KLA has not established the applicability of

24    any privilege or protection; and (2) KLA waived any applicable privilege or protection as to the

25    documents requested by disclosing them to PwC.

26    **B.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 24 TO KLA**

27    <u>Production Demand No. 24</u>

28    All DOCUMENTS CONCERNING KLA-TENCOR's accounting for stock option grants,

Case No. C 07 3798 JW
STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2

1  both before and after the SPECIAL COMMITTEE INVESTIGATION, including all

2  DOCUMENTS transmitted to and received from PWC or LECG in connection with the

3  RESTATEMENT.

4  <u>KLA's Amended Response to Production Demand No. 24</u>

5  KLA reasserts and incorporates each of the General Objections set forth above.  KLA

6  objects to this Demand to the extent that it is overly broad and unduly burdensome.  KLA objects

7  to this Demand to the extent that it is vague and ambiguous, compound, and improper in form.

8  KLA further objects to this Demand to the extent it seeks production of documents which are

9  neither relevant to the subject matter of this action nor reasonably calculated to lead to the

10  discovery of admissible evidence.  KLA objects to this Demand to the extent it seeks documents

11  protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

12  No such privileged documents will be produced.  KLA objects to this Demand to the extent it

13  seeks confidential, proprietary, or highly sensitive information or information that is protected by

14  the right to privacy of any third party that KLA is obligated to safeguard.  KLA objects to this

15  Demand to the extent it contains duplicative requests, in whole or in part.

16  KLA objects to this demand to the extent it seeks documents that Schroeder already has in

17  his possession, custody or control or are as accessible to Schroeder as they are to KLA, including,

18  but not limited to, documents that Schroeder already has obtained from the SEC in this action.

19  No such documents will be produced by KLA.

20  <u>Mr. Schroeder's Entitlement to Documents Responsive to Demand No. 24</u>

21  As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

22  responsive to Production Demand No. 24 that KLA has withheld based on the attorney-client

23  privilege and/or work product doctrine because (1) KLA has not established the applicability of

24  any privilege or protection; and (2) KLA waived any applicable privilege or protection as to the

25  documents requested by disclosing them to PwC.

26

27

28

1    Dated:  June 9, 2008

2                                            Respectfully submitted,

3                                            DLA PIPER US LLP

4                                            By: _/s/Jeffrey B. Coopersmith_____

5                                            SHIRLI FABBRI WEISS (Bar No. 079225)
                                             DAVID PRIEBE (Bar No. 148679)
6                                            JEFFREY B. COOPERSMITH (Bar No. 252819)
                                             **DLA PIPER US LLP**
7
                                             ELLIOT R. PETERS (Bar No. 158708)
8                                            STUART L. GASNER (Bar No. 164675)
                                             **KEKER & VAN NEST LLP**
9
                                             Attorneys for Defendant
10                                           KENNETH L. SCHROEDER

11

12    WEST\21261290.4

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07 3798 JW
STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2