1  SHIRLI F. WEISS (Bar No. 079225)
   DAVID A. PRIEBE (Bar No. 148679)
2  JEFFREY B. COOPERSMITH (Bar No. 252819)
   **DLA PIPER US LLP**
3  401 B Street, Suite 1700
   San Diego, CA  92101-4297
4  Tel:  619.699.2700
   Fax:  619.699.2701
5  E-mail: shirli.weiss@dlapiper.com
   E-mail: david.priebe@dlapiper.com
6  E-mail: jeff.coopersmith@dlapiper.com

7  ELLIOT R. PETERS (Bar No. 158708)
   STUART L. GASNER (Bar No. 164675)
8  **KEKER & VAN NEST LLP**
   710 Sansome Street
9  San Francisco, CA 94111
   Tel:  (415) 391-5400
10 Fax:  (415) 397-7188
   E-mail: EPeters@KVN.com
11 E-mail: SGasner@KVN.com

12 Attorneys for Defendant
   KENNETH L. SCHROEDER
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                  SAN JOSE DIVISION

17
   SECURITIES AND EXCHANGE           Case No. C-07-3798-JW (HRL)
18 COMMISSION,
                                     **STATEMENT IN COMPLIANCE WITH**
19            Plaintiff,             **CIVIL LOCAL RULE 37-2 REGARDING**
                                     **DOCUMENTS SOUGHT FROM**
20      v.                           **SKADDEN, ARPS, SLATE, MEAGHER &**
                                     **FLOM LLP AND ITS INDIVIDUAL**
21 KENNETH L. SCHROEDER,             **ATTORNEYS**

22            Defendant.
                                     Date:     July 15, 2008
23                                   Time:     10:00 a.m.
                                     Courtroom: 8
24                                   Judge:    Magistrate Judge Howard R. Lloyd

25

26

27

28
                                              Case No. C 07 3798 JW

1   Defendant Kenneth L. Schroeder respectfully submits this Statement in Compliance with

2   Civil Local Rule 37-2 Regarding Documents Sought from Skadden, Arps, Slate, Meagher &

3   Flom LLP and Its Individual Attorneys ("Skadden").  For ease of reference, Mr. Schroeder has

4   organized this statement to correspond to the five general categories of documents and testimony

5   identified in the Motion Of Kenneth L. Schroeder To Compel Further Responses To Discovery

6   Requests (Testimony And Documents) By (1) KLA-Tencor Corporation And (2) Skadden, Arps,

7   Slate, Meagher & Flom LLP, Attorneys For The Special Committee Of KLA's Board Of

8   Directors (the "Motion to Compel"):  (1) documents and communications concerning historical

9   attorney communications about KLA's option granting and accounting practices; (2) original

10  notes and draft interview memoranda from Special Committee witness interviews; (3) documents

11  and communications relating to the Special Committee investigation shown to or discussed with

12  government or regulatory agencies; (4) all other documents and communications relating to the

13  Special Committee investigation; and (5) documents and communications shared with KLA's

14  outside auditors.

15  Skadden has refused to produce the documents and communications at issue in the Motion

16  to Compel, and to permit its individual attorneys to testify about those documents and

17  communications, on the basis of the attorney-client privilege and/or the work product doctrine.

18  Skadden has also refused to produce certain of the documents and communications that

19  Mr. Schroeder seeks on the ground that they have already been produced to him in this litigation

20  by the SEC.

21  By the Motion to Compel and this statement, Mr. Schroeder does not seek to compel

22  Skadden to re-produce documents that have already been produced to him by the SEC.  Rather,

23  Mr. Schroeder seeks production of the documents that have been withheld from production to him

24  to date, as well as testimony relating to all of the documents and communications that Skadden

25  has withheld based on privilege assertions.  The documents and testimony that Mr. Schroeder

26  seeks are vital to Mr. Schroeder's ability to fully defend himself, and, under the circumstances of

27  this case, all of Skadden's privilege claims are unfounded, either because no privilege or

28

protection ever attached or because KLA and Skadden have waived any applicable privilege or protection.

**I.     CATEGORY 2:  ORIGINAL NOTES AND DRAFT MEMORANDA FROM SPECIAL COMMITTEE INTERVIEWS**

**A.     MR. SCHROEDER'S PRODUCTION DEMAND NO. 7 TO SKADDEN**

Production Demand No. 7

All DOCUMENTS CONCERNING notes and/or memoranda of witness interviews WHICH YOU conducted on behalf of the SPECIAL COMMITTEE, including but not limited to: (1) YOUR handwritten notes; (2) all drafts of interview memoranda, whether dictated, handwritten, typed or otherwise memorialized; (3) the metadata of any electronically created and edited electronic DOCUMENTS showing when they were edited; (4) all exhibits or other DOCUMENTS referenced in any such memoranda or notes; and (5) all DOCUMENTS showing edits of such memoranda or notes.

Skadden's Response to Production Demand No. 7

Skadden incorporates by reference its General Objections as though fully set forth herein. Skadden additionally objects to this Request to the extent that it seeks the production of documents that are within Schroeder's possession, custody or control, or that are equally as accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that it seeks the discovery of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further objects to this Request to the extent that it seeks the production of documents that are subject to any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects to this Request to the extent that it is vague and ambiguous with respect to the terms "CONCERNING," "notes", "memoranda", "conducted", "on behalf of, "drafts", "memorialized", "metadata", "electronic", "edited", "referenced" and "showing."  Skadden objects that the use of these vague and ambiguous terms in conjunction with this Request requires Skadden to speculate

1   as to the nature and scope of the documents sought.  Requiring Skadden to so speculate renders

2   the Request overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to

3   the discovery of admissible evidence.

4          Based on Skadden's review of the SEC's initial disclosures to Schroeder, pursuant to

5   F.R.C.P. 26(a)(1), the SEC has already produced the final version of all witness interview

6   memoranda prepared by Skadden (the "Interview Memoranda") as well as all the document or

7   exhibits referenced therein.  Because such documents are already in Schroeder's possession,

8   custody or control, it would be unduly burdensome and an improper use of the discovery process

9   to compel Skadden to produce such documents in this case.  Accordingly, Skadden will not

10  produce any of the Interview Memoranda or the documents or exhibits referenced therein to

11  Schroeder as the SEC has already produced such documents to Schroeder and they are,

12  accordingly, equally accessible to Schroeder as to Skadden.  Skadden also refuses to produce any

13  of the Interview Memoranda, or any of the privileged documents or exhibits attached thereto, on

14  the additional grounds that such documents are protected from discovery by the attorney client

15  privilege, the work product doctrine, or other applicable privileges.

16         Skadden will produce the electronic document metadata concerning the Interview

17  Memoranda, which reflect information such as "date last modified," "date created," and "date

18  printed," but do not disclose information protected by the work product doctrine, or any other

19  applicable privileges, doctrines or immunities, such as the substance of any revisions or

20  amendments made to the Interview Memoranda.

21         Skadden will refuse to produce all other documents responsive to this Request on the

22  grounds that they are protected by the attorney client privilege, the work product doctrine or other

23  applicable privileges or immunities.

24         <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 7</u>

25         As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

26  responsive to Production Demand No. 7 that Skadden has withheld based on the attorney-client

27  privilege and/or work product doctrine because (1) KLA and Skadden cannot establish that the

28  attorney-client privilege or work product protection applies to any such documents, because they

1    were created with the intent to disclose them to the government; and (2) KLA and Skadden

2    waived any applicable privilege or protection as to the subject matter of the Special Committee

3    investigation when they disclosed to the SEC witness interview memoranda and other purportedly

4    privileged materials and/or work product created during the Special Committee investigation.

5    **II.    CATEGORY 3:  DOCUMENTS RELATING TO THE SPECIAL COMMITTEE
        INVESTIGATION SHOWN TO OR DISCUSSED WITH THE SEC OR OTHER

6         AGENCIES**

7    **A.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 1 TO SKADDEN**

8         Production Demand No. 1

9         All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

10   and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

11   presented to or received from the SEC.

12        Skadden's Response to Production Demand No. 1

13        Skadden incorporates by reference its General Objections as though fully set forth herein.

14   Skadden additionally objects to this Request to the extent that it seeks the production of

15   documents that are within Schroeder's possession, custody or control, or that are equally as

16   accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that

17   it seeks the discovery of information that is neither relevant to the subject matter of this action nor

18   reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

19   objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

20   objects to this Request to the extent that it seeks the production of documents that are subject to

21   any applicable privilege, doctrine or immunity, including without limitation the attorney-client

22   privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

23   to this Request to the extent that it is vague and ambiguous with respect to the terms

24   "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

25   Skadden objects that the use of these vague and ambiguous terms in conjunction with this

26   Request requires Skadden to speculate as to the nature and scope of the documents sought.

27   Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome,

28   oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

1    Based on Skadden's review of the SEC's Initial Disclosures, the SEC has already

2    produced substantially all of the documents responsive to this Request to Schroeder, pursuant to

3    F.R.C.P. 26(a)(1).  Because these documents are already in Schroeder's possession, custody or

4    control, it would be unduly burdensome and an improper use of the discovery process to compel

5    Skadden to produce such documents in this case.  Accordingly, Skadden will not produce any

6    documents responsive to this Request which the SEC has already produced to Schroeder as such

7    documents are already in Schroeder's possession, custody or control, and therefore are equally

8    accessible to Schroeder as to Skadden.  Skadden also refuses to produce many of these responsive

9    documents on the additional grounds that they are protected by the attorney client privilege, the

10   work product doctrine, and/or other applicable privileges.

11   To the extent that Skadden has any responsive documents that were not included in the

12   SEC's Initial Disclosures to Schroeder, and are not protected by the attorney-client privilege, the

13   work product doctrine or some other applicable privilege, Skadden will produce such documents

14   to Schroeder to the extent that they do not contain any trade secrets or confidential or

15   competitively sensitive business information.  To the extent that such responsive, non-privileged

16   documents do contain any trade secrets or confidential or competitively sensitive business

17   information, Skadden will produce them to Schroeder subject to the entry by the court of a

18   confidentiality order prohibiting the parties from disclosing such documents or information to

19   third parties or using them for purposes unrelated to this Litigation.  However, Skadden currently

20   believes that all non-privileged responsive documents that were produced to the SEC have

21   already been produced to Schroeder pursuant to the SEC's Initial Disclosures.

22   <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 1</u>

23   As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

24   responsive to Production Demand No. 1 that Skadden has withheld based on the attorney-client

25   privilege and/or work product doctrine because (1) KLA and Skadden cannot establish that the

26   attorney-client privilege or work product protection applies to any such documents, because they

27   were created with the intent to disclose them to the government; (2) KLA and Skadden waived

28   any applicable privilege or protection as to the subject matter of the Special Committee

1  investigation when they disclosed to the SEC witness interview memoranda and other purportedly

2  privileged materials and/or work product created during the Special Committee investigation; and

3  (3) waiver applies irrespective of whether KLA or Skadden physically produced such documents

4  to the SEC or disclosed the materials orally or by other means.

5  **B.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 2 TO SKADDEN**

6      Production Demand No. 2

7      All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

8  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

9  presented to or received from the DOJ.

10     Skadden's Response to Production Demand No. 2

11     Skadden incorporates by reference its General Objections as though fully set forth herein.

12  Skadden additionally objects to this Request to the extent that it seeks the production of

13  documents that are within Schroeder's possession, custody or control, or that are equally as

14  accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that

15  it seeks the discovery of information that is neither relevant to the subject matter of this action nor

16  reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

17  objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

18  objects to this Request to the extent that it seeks the production of documents that are subject to

19  any applicable privilege, doctrine or immunity, including without limitation the attorney-client

20  privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

21  to this Request to the extent that it is vague and ambiguous with respect to the terms

22  "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

23  Skadden objects that the use of these vague and ambiguous terms in conjunction with this

24  Request requires Skadden to speculate as to the nature and scope of the documents sought.

25  Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome,

26  oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

27     Based on Skadden's review of the SEC's Initial Disclosures, the SEC has already

28  produced substantially all of the documents responsive to this Request to Schroeder, pursuant to

1    F.R.C.P. 26(a)(1).  Because these documents are already in Schroeder's possession, custody or

2    control, it would be unduly burdensome and an improper use of the discovery process to compel

3    Skadden to produce such documents in this case.  Accordingly, Skadden will not produce any

4    documents responsive to this Request which the SEC has already produced to Schroeder as such

5    documents are already in Schroeder's possession, custody or control, and therefore are equally

6    accessible to Schroeder as to Skadden.  Skadden also refuses to produce many of these responsive

7    documents on the additional grounds that they are protected by the attorney client privilege, the

8    work product doctrine, and/or other applicable privileges.

9        To the extent that Skadden has any responsive documents that were not included in the

10    SEC's Initial Disclosures to Schroeder, and are not protected by the attorney-client privilege, the

11    work product doctrine or some other applicable privilege, Skadden will produce such documents

12    to Schroeder to the extent that they do not contain any trade secrets or confidential or

13    competitively sensitive business information.  To the extent that such responsive, non-privileged

14    documents do contain any trade secrets or confidential or competitively sensitive business

15    information, Skadden will produce them to Schroeder subject to the entry by the court of a

16    confidentiality order prohibiting the parties from disclosing such documents or information to

17    third parties or using them for purposes unrelated to this Litigation.  However, Skadden currently

18    believes that all non-privileged responsive documents that were produced to the DOJ have

19    already been produced to Schroeder pursuant to the SEC's Initial Disclosures.

20        Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 2

21        As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

22    responsive to Production Demand No. 2 that Skadden has withheld based on the attorney-client

23    privilege and/or work product doctrine because (1) KLA and Skadden cannot establish that the

24    attorney-client privilege or work product protection applies to any such documents, because they

25    were created with the intent to disclose them to the government; (2) KLA and Skadden waived

26    any applicable privilege or protection as to the subject matter of the Special Committee

27    investigation when they disclosed to the SEC witness interview memoranda and other purportedly

28    privileged materials and/or work product created during the Special Committee investigation; and

1    (3) waiver applies irrespective of whether KLA or Skadden physically produced such documents

2    to the SEC or disclosed the materials orally or by other means.

3    **C.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 9 TO SKADDEN**

4            Production Demand No. 9

5            All DOCUMENTS summarizing any interactions which YOU attended with

6    representatives of the SEC, DOJ and/or NASDAQ concerning the SPECIAL COMMITTEE

7    INVESTIGATION and/or RESTATEMENT including notes or memoranda of any such

8    interaction and any presentations that YOU made therein.

9            Skadden's Response to Production Demand No. 9

10           Skadden incorporates by reference its General Objections as though fully set forth herein.

11   Skadden further objects to this Request to the extent that it seeks the discovery of information that

12   is neither relevant to the subject matter of this action nor reasonably calculated to lead to the

13   discovery of admissible evidence.  Skadden additionally objects to this Request to the extent that

14   it is overbroad and unduly burdensome.  Skadden further objects to this Request to the extend that

15   it seeks the production of documents that are subject to any applicable privilege, doctrine or

16   immunity, including without limitation the attorney-client privilege, the attorney work product

17   doctrine or the right of privacy.  Skadden additionally objects tot his Request to the extent that it

18   is vague and ambiguous with respect to the terms "CONCERNING," "summarizing",

19   "interactions", "attended", "representatives", "notes", "memoranda" and "presentations."

20   Skadden objects that the use of these vague and ambiguous terms in conjunction with this

21   Request requires Skadden to speculate as to the nature and scope of the documents sought.

22   Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome,

23   oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

24           Subject to and without waiving any of the above objections, Skadden will produce any

25   documents responsive to this Request, to the extent they exist, which are not protected by the

26   work product doctrine, the attorney client privilege, or any other applicable privilege or

27   immunity.  However, Skadden believes that substantially all, if not all, responsive documents, if

28   any, will be protected by the work product doctrine, the attorney client privilege, or other

1   applicable privileges, and will not produce any such documents.

2        <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 9</u>

3        As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

4   responsive to Production Demand No. 9 that Skadden has withheld based on the attorney-client

5   privilege and/or work product doctrine because (1) KLA and Skadden cannot establish that the

6   attorney-client privilege or work product protection applies to any such documents, because they

7   were created with the intent to disclose them to the government; (2) KLA and Skadden waived

8   any applicable privilege or protection as to the subject matter of the Special Committee

9   investigation when they disclosed to the SEC witness interview memoranda and other purportedly

10  privileged materials and/or work product created during the Special Committee investigation; and

11  (3) waiver applies irrespective of whether KLA or Skadden physically produced such documents

12  to the SEC or disclosed the materials orally or by other means.

13  **III.    <u>CATEGORY 4:  ALL DOCUMENTS RELATING TO THE SPECIAL</u>**
14  **<u>COMMITTEE INVESTIGATION</u>**

15  **A.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 6 TO SKADDEN**

     <u>Production Demand No. 6</u>
16

17       All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

18  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

19  presented to or received from MORGAN LEWIS.

20       <u>Skadden's Response to Production Demand No. 6</u>

21       Skadden incorporates by reference its General Objections as though fully set forth herein.

22  Skadden additionally objects to this Request to the extent that it seeks the production of

23  documents that are within Schroeder's possession, custody or control, or that are equally as

24  accessible to Schroeder as to Skadden.  Skadden additionally objects to this Request to the extent

25  that it seeks the production of documents that are within Schroeder's possession, custody or

26  control, or that are equally as accessible to Schroeder as to Skadden.  Skadden further objects to

27  this Request to the extent that it seeks the discovery of information that is neither relevant to the

28  subject matter of this action nor reasonably calculated to lead to the discovery of admissible

1    evidence.  Skadden additionally objects to this Request to the extent that it is overbroad and

2    unduly burdensome.  Skadden further objects to this Request to the extent that it seeks the

3    production of documents that are subject to any applicable privilege, doctrine or immunity,

4    including without limitation the attorney-client privilege, the attorney work product doctrine or

5    the right of privacy.  Skadden additionally objects to this Request to the extent that it is vague and

6    ambiguous with respect to the terms "CONCERNING," "transmitted", "read from",

7    "summarized", "presented", and "received."  Skadden objects that the use of these vague and

8    ambiguous terms in conjunction with this Request requires Skadden to speculate as to the nature

9    and scope of the documents sought.  Requiring Skadden to so speculate renders the Request

10    overbroad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery

11    of admissible evidence.

12         Skadden will not produce documents responsive to this Request because any such

13    documents are protected by the attorney-client privilege and/or the work product doctrine.

14    <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 6</u>

15         As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

16    responsive to Production Demand No. 6 that Skadden has withheld based on the attorney-client

17    privilege and/or work product doctrine because (1) KLA and Skadden cannot establish that the

18    attorney-client privilege or work product protection applies to any such documents, because they

19    were created with the intent to disclose them to the government; and (2) KLA and Skadden

20    waived any applicable privilege or protection as to the subject matter of the Special Committee

21    investigation when they disclosed to the SEC witness interview memoranda and other purportedly

22    privileged materials and/or work product created during the Special Committee investigation.

23    //

24    //

25    //

26    //

27    //

28    //

DLA Piper US LLP

Page - 10 -

Case No. C 07 3798 JW
STATEMENT IN COMPLIANCE WITH CIVIL LOCAL RULE 37-2

1    **B.      MR. SCHROEDER'S PRODUCTION DEMAND NO. 11 TO SKADDEN**

2           <u>Production Demand No. 11</u>

3           All DOCUMENTS CONCERNING THE COMPANY'S SEC filings that refer to or

4    discuss the SPECIAL COMMITTEE INVESTIGATION and/or RESTATEMENT, including

5    drafts which YOU prepared, edited or commented upon.

6           <u>Skadden's Response to Production Demand No. 11</u>

7           Skadden incorporates by reference its General Objections as though fully set forth herein.

8    Skadden additionally objects to this Request to the extent that it seeks the production of

9    documents that are within Schroeder's possession, custody or control, or that are equally as

10   accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that

11   it seeks the discovery of information that is neither relevant to the subject matter of this action nor

12   reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

13   objects to this Request to the extent that it seeks the production of documents that are subject to

14   any applicable privilege, doctrine or immunity, including without limitation the attorney-client

15   privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

16   to this Request to the extent that it is vague and ambiguous with respect to the terms

17   "CONCERNING," "filings", refer", "discuss", "drafts", "prepared", "edited' and "commented."

18   Skadden objects that the use of these vague and ambiguous terms in conjunction with this

19   Request requires Skadden to speculate as to the nature and scope of the documents sought.

20   Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome,

21   oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

22           Subject to and without waiving any of the above objections, Skadden will produce any

23   documents responsive to this Request which are not protected by the work product doctrine, the

24   attorney-client privilege, or any other applicable privilege or immunity.  However, Skadden does

25   not believe it has any such non-privileged documents.

26

27

28

1    <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 11</u>

2    As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

3    responsive to Production Demand No. 11 that Skadden has withheld based on the attorney-client

4    privilege and/or work product doctrine because (1) KLA and Skadden cannot establish that the

5    attorney-client privilege or work product protection applies to any such documents, because they

6    were created with the intent to disclose them to the government; and (2) KLA and Skadden

7    waived any applicable privilege or protection as to the subject matter of the Special Committee

8    investigation when they disclosed to the SEC witness interview memoranda and other purportedly

9    privileged materials and/or work product created during the Special Committee investigation.

10   **C.    MR. SCHROEDER'S PRODUCTION DEMAND NO. 14 TO SKADDEN**

11   <u>Production Demand No. 14</u>

12   All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

13   which YOU created or edited, which related to the findings of the SPECIAL COMMITTEE.

14   <u>Skadden's Response to Production Demand No. 14</u>

15   Skadden incorporates by reference its General Objections as though fully set forth herein.

16   Skadden additionally objects to this Request to the extent that it seeks the production of

17   documents that are within Schroeder's possession, custody or control, or that are equally as

18   accessible to Schroeder as to Skadden.  Skadden additionally objects to this Request to the extent

19   that it seeks the production of documents that are within Schroeder's possession, custody or

20   control, or that are equally as accessible to Schroeder as to Skadden.  Skadden further objects to

21   this Request to the extent that it seeks the discovery of information that is neither relevant to the

22   subject matter of this action nor reasonably calculated to lead to the discovery of admissible

23   evidence.  Skadden additionally objects to this Request to the extent that it is overbroad and

24   unduly burdensome.  Skadden further objects to this Request to the extent that it seeks the

25   production of documents that are subject to any applicable privilege, doctrine or immunity,

26   including without limitation the attorney-client privilege, the attorney work product doctrine or

27   the right of privacy.  Skadden additionally objects to this Request to the extent that it is vague and

28   ambiguous with respect to the terms "CONCERNING," "created", "edited" and "findings."

1  Skadden objects that the use of these vague and ambiguous terms in conjunction with this

2  Request requires Skadden to speculate as to the nature and scope of the documents sought.

3  Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome,

4  oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

5       Subject to and without waiving any of the above objections, Skadden will produce any

6  documents responsive to this Request, which are not protected by the work product doctrine, the

7  attorney client privilege, or any other applicable privilege or immunity.

8       <u>Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 14</u>

9       As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

10  responsive to Production Demand No. 14 that Skadden has withheld based on the attorney-client

11  privilege and/or work product doctrine because (1) KLA and Skadden cannot establish that the

12  attorney-client privilege or work product protection applies to any such documents, because they

13  were created with the intent to disclose them to the government; and (2) KLA and Skadden

14  waived any applicable privilege or protection as to the subject matter of the Special Committee

15  investigation when they disclosed to the SEC witness interview memoranda and other purportedly

16  privileged materials and/or work product created during the Special Committee investigation.

17  **IV.**   **<u>CATEGORY 5:  DOCUMENTS SHARED WITH KLA'S OUTSIDE AUDITORS.</u>**

18  **A.**   **MR. SCHROEDER'S PRODUCTION DEMAND NO. 4 TO SKADDEN**

19       <u>Production Demand No. 4</u>

20       All DOCUMENTS CONCERNING the SPECIAL COMMITTEE INVESTIGATION

21  and/or RESTATEMENT which YOU transmitted to, read from (in whole or in part), summarized,

22  presented to or received from PWC.

23       <u>Skadden's Response to Production Demand No. 4</u>

24       Skadden incorporates by reference its General Objections as though fully set forth herein.

25  Skadden additionally objects to this Request to the extent that it seeks the production of

26  documents that are within Schroeder's possession, custody or control, or that are equally as

27  accessible to Schroeder as to Skadden.  Skadden further objects to this Request to the extent that

28  it seeks the discovery of information that is neither relevant to the subject matter of this action nor

1  reasonably calculated to lead to the discovery of admissible evidence.  Skadden additionally

2  objects to this Request to the extent that it is overbroad and unduly burdensome.  Skadden further

3  objects to this Request to the extent that it seeks the production of documents that are subject to

4  any applicable privilege, doctrine or immunity, including without limitation the attorney-client

5  privilege, the attorney work product doctrine or the right of privacy.  Skadden additionally objects

6  to this Request to the extent that it is vague and ambiguous with respect to the terms

7  "CONCERNING," "transmitted", "read from", "summarized", "presented" and "received."

8  Skadden objects that the use of these vague and ambiguous terms in conjunction with this

9  Request requires Skadden to speculate as to the nature and scope of the documents sought.

10  Requiring Skadden to so speculate renders the Request overbroad, unduly burdensome,

11  oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

12      Skadden will not produce documents responsive to this Request because any such

13  documents are protected by the work product doctrine and/or the attorney-client privilege.

14      Mr. Schroeder's Entitlement to Documents Responsive to Production Demand No. 4

15      As explained in the Motion to Compel, Mr. Schroeder is entitled to all documents

16  responsive to Production Demand No. 4 that Skadden has withheld based on the attorney-client

17  privilege and/or work product doctrine because (1) KLA and Skadden have not established the

18  applicability of any privilege or protection; and (2) KLA and Skadden waived any applicable

19  privilege or protection as to the documents requested by disclosing them to PwC.

20
21
22
23
24
25
26
27
28

1    Dated:  June 9, 2008

2                                             Respectfully submitted,

3                                             DLA PIPER US LLP

4                                             By: _/s/Jeffrey B. Coopersmith_____

5                                             SHIRLI FABBRI WEISS (Bar No. 079225)
                                              DAVID PRIEBE (Bar No. 148679)
6                                             JEFFREY B. COOPERSMITH (Bar No. 252819)
                                              **DLA PIPER US LLP**
7
                                              ELLIOT R. PETERS (Bar No. 158708)
8                                             STUART L. GASNER (Bar No. 164675)
                                              **KEKER & VAN NEST LLP**
9
                                              Attorneys for Defendant
10                                            KENNETH L. SCHROEDER

11
     WEST\21261132.5
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28