# TAB 1

# TAB 1

110TH CONGRESS
1ST SESSION
# H. R. 3013

# AN ACT

To provide appropriate protection to attorney-client privileged communications and attorney work product.

1   *Be it enacted by the Senate and House of Representa-*
2   *tives of the United States of America in Congress assembled,*

2

1  **SECTION 1. SHORT TITLE.**

2  This Act may be cited as the "Attorney-Client Privi-
3  lege Protection Act of 2007".

4  **SEC. 2. FINDINGS AND PURPOSE.**

5  (a) FINDINGS.—Congress finds the following:

6  (1) Justice is served when all parties to litiga-
7  tion are represented by experienced diligent counsel.

8  (2) Protecting attorney-client privileged commu-
9  nications from compelled disclosure fosters voluntary
10  compliance with the law.

11  (3) To serve the purpose of the attorney-client
12  privilege, attorneys and clients must have a degree
13  of confidence that they will not be required to dis-
14  close privileged communications.

15  (4) The ability of an organization to have effec-
16  tive compliance programs and to conduct com-
17  prehensive internal investigations is enhanced when
18  there is clarity and consistency regarding the attor-
19  ney-client privilege.

20  (5) Prosecutors, investigators, enforcement offi-
21  cials, and other officers or employees of Government
22  agencies have been able to, and can continue to, con-
23  duct their work while respecting attorney-client and
24  work product protections and the rights of individ-
25  uals, including seeking and discovering facts crucial
26  to the investigation and prosecution of organizations.

•HR 3013 EH

3

(6) Despite the existence of these legitimate tools, the Department of Justice and other agencies have increasingly employed tactics that undermine the adversarial system of justice, such as encouraging organizations to waive attorney-client privilege and work product protections to avoid indictment or other sanctions.

(7) An indictment can have devastating consequences on an organization, potentially eliminating the ability of the organization to survive post-indictment or to dispute the charges against it at trial.

(8) Waiver demands and other tactics of Government agencies are encroaching on the constitutional rights and other legal protections of employees.

(9) The attorney-client privilege, work product doctrine, and payment of counsel fees shall not be used as devices to conceal wrongdoing or to cloak advice on evading the law.

(b) PURPOSE.—It is the purpose of this Act to place on each agency clear and practical limits designed to preserve the attorney-client privilege and work product protections available to an organization and preserve the constitutional rights and other legal protections available to employees of such an organization.

4

## SEC. 3. DISCLOSURE OF ATTORNEY-CLIENT PRIVILEGE OR ADVANCEMENT OF COUNSEL FEES AS ELEMENTS OF COOPERATION.

(a) IN GENERAL.—Chapter 201 of title 18, United States Code, is amended by inserting after section 3013 the following:

**"§ 3014. Preservation of fundamental legal protections and rights in the context of investigations and enforcement matters regarding organizations**

"(a) DEFINITIONS.—In this section:

"(1) ATTORNEY-CLIENT PRIVILEGE.—The term 'attorney-client privilege' means the attorney-client privilege as governed by the principles of the common law, as they may be interpreted by the courts of the United States in the light of reason and experience, and the principles of article V of the Federal Rules of Evidence.

"(2) ATTORNEY WORK PRODUCT.—The term 'attorney work product' means materials prepared by or at the direction of an attorney in anticipation of litigation, particularly any such materials that contain a mental impression, conclusion, opinion, or legal theory of that attorney.

5

1  "(b) IN GENERAL.—In any Federal investigation or
2 criminal or civil enforcement matter, an agent or attorney
3 of the United States shall not—

4     "(1) demand, request, or condition treatment
5   on the disclosure by an organization, or person affili-
6   ated with that organization, of any communication
7   protected by the attorney-client privilege or any at-
8   torney work product;

9     "(2) condition a civil or criminal charging deci-
10   sion relating to a organization, or person affiliated
11   with that organization, on, or use as a factor in de-
12   termining whether an organization, or person affili-
13   ated with that organization, is cooperating with the
14   Government—

15       "(A) any valid assertion of the attorney-cli-
16     ent privilege or privilege for attorney work
17     product;

18       "(B) the provision of counsel to, or con-
19     tribution to the legal defense fees or expenses
20     of, an employee of that organization;

21       "(C) the entry into a joint defense, infor-
22     mation sharing, or common interest agreement
23     with an employee of that organization if the or-
24     ganization determines it has a common interest

6

1 in defending against the investigation or en-
2 forcement matter;
3     "(D) the sharing of information relevant to
4 the investigation or enforcement matter with an
5 employee of that organization; or
6     "(E) a failure to terminate the employ-
7 ment of or otherwise sanction any employee of
8 that organization because of the decision by
9 that employee to exercise the constitutional
10 rights or other legal protections of that em-
11 ployee in response to a Government request; or
12     "(3) demand or request that an organization, or
13 person affiliated with that organization, not take any
14 action described in paragraph (2).
15     "(c) INAPPLICABILITY.—Nothing in this Act shall
16 prohibit an agent or attorney of the United States from
17 requesting or seeking any communication or material that
18 such agent or attorney reasonably believes is not entitled
19 to protection under the attorney-client privilege or attor-
20 ney work product doctrine.
21     "(d) VOLUNTARY DISCLOSURES.—Nothing in this
22 Act is intended to prohibit an organization from making,
23 or an agent or attorney of the United States from accept-
24 ing, a voluntary and unsolicited offer to share the internal
25 investigation materials of such organization.

•HR 3013 EH

7

1 "(e) NOT TO AFFECT EXAMINATION OR INSPECTION
2 ACCESS OTHERWISE PERMITTED.—This Act does not af-
3 fect any other federal statute that may authorize, in the
4 course of an examination or inspection, an agent or attor-
5 ney of the United States to require or compel the produc-
6 tion of attorney-client privileged material or attorney work
7 product.

8 "(f) CHARGING DECISIONS NOT TO INCLUDE DECI-
9 SIONS TO CHARGE UNDER INDEPENDENT PROHIBI-
10 TIONS.—It is not conditioning a charging decision under
11 subsection (b)(2) of this section to charge an organization
12 or person affiliated with that organization for conduct de-
13 scribed in subparagraph (B), (C), or (D) of that sub-
14 section under a federal law which makes that conduct in
15 itself an offense.".

16 (b) CONFORMING AMENDMENT.—The table of sec-
17 tions for chapter 201 of title 18, United States Code, is
18 amended by adding at the end the following:

"3014. Preservation of fundamental legal protections and rights in the context of investigations and enforcement matters regarding organizations.".

Passed the House of Representatives November 13, 2007.

Attest:

Clerk.

•HR 3013 EH

110TH CONGRESS
1ST SESSION

# H. R. 3013

## AN ACT

To provide appropriate protection to attorney-client privileged communications and attorney work product.