# TAB 2

# TAB 2

II

110TH CONGRESS
2D SESSION
# S. 3217

To provide appropriate protection to attorney-client privileged communications
and attorney work product.

_____

## IN THE SENATE OF THE UNITED STATES

JUNE 26, 2008

Mr. SPECTER (for himself, Mr. BIDEN, Mr. GRAHAM, Mr. KERRY, Mr.
CORNYN, Mr. PRYOR, Mrs. DOLE, Ms. LANDRIEU, Mr. COCHRAN, Mr.
CARPER, Mrs. MCCASKILL, and Mrs. FEINSTEIN) introduced the fol-
lowing bill; which was read twice and referred to the Committee on the
Judiciary

_____

# A BILL

To provide appropriate protection to attorney-client privileged
communications and attorney work product.

1    *Be it enacted by the Senate and House of Representa-*

2 *tives of the United States of America in Congress assembled,*

3 **SECTION 1. SHORT TITLE.**

4    This Act may be cited as the "Attorney-Client Privi-

5 lege Protection Act of 2008".

6 **SEC. 2. FINDINGS AND PURPOSE.**

7    (a) FINDINGS.—Congress finds the following:

8        (1) Justice is served when all parties to litiga-

9    tion are represented by experienced diligent counsel.

2

1       (2) Protecting attorney-client privileged commu-

2    nications from compelled disclosure fosters voluntary

3    compliance with the law.

4       (3) To serve the purpose of the attorney-client

5    privilege, attorneys and clients must have a degree

6    of confidence that they will not be required to dis-

7    close privileged communications.

8       (4) The ability of an organization to have effec-

9    tive compliance programs and to conduct com-

10   prehensive internal investigations is enhanced when

11   there is clarity and consistency regarding the attor-

12   ney-client privilege.

13      (5) Prosecutors, investigators, enforcement offi-

14   cials, and other officers or employees of Government

15   agencies have been able to, and can continue to, con-

16   duct their work while respecting attorney-client and

17   work product protections and the rights of individ-

18   uals, including seeking and discovering facts crucial

19   to the investigation and prosecution of organizations.

20      (6) Congress recognized that law enforcement

21   can effectively investigate without attorney-client

22   privileged information when it banned demands by

23   the Attorney General for privileged materials in the

24   Racketeer Influenced and Corrupt Organizations

3

1    Act. See section 1968(c)(2) of title 18, United

2    States Code.

3        (7) Despite the existence of numerous investiga-

4    tive tools that do not impact the attorney-client rela-

5    tionship, the Department of Justice and other agen-

6    cies have increasingly created and implemented poli-

7    cies that tend to undermine the adversarial system

8    of justice, such as encouraging organizations to

9    waive attorney-client privilege and work product pro-

10   tections to avoid indictment or other sanctions.

11       (8) An indictment can have devastating con-

12   sequences on an organization, potentially eliminating

13   the ability of the organization to survive post-indict-

14   ment or to dispute the charges against it at trial.

15       (9) Waiver demands and related policies of Gov-

16   ernment agencies are encroaching on the constitu-

17   tional rights and other legal protections of employ-

18   ees.

19       (10) As recognized throughout the common law,

20   and specifically in the crime-fraud exception, the at-

21   torney-client privilege, work product doctrine, and

22   payment of counsel fees cannot and shall not be

23   used as devices to conceal wrongdoing or to cloak

24   advice on evading the law.

4

1    (b) PURPOSE.—It is the purpose of this Act to place

2 on each agency clear and practical limits designed to pre-

3 serve the attorney-client privilege and work product pro-

4 tections available to an organization and preserve the con-

5 stitutional rights and other legal protections available to

6 employees of such an organization.

7 **SEC. 3. DISCLOSURE OF ATTORNEY-CLIENT PRIVILEGE OR**

8               **ADVANCEMENT OF COUNSEL FEES AS ELE-**

9               **MENTS OF COOPERATION.**

10    (a) IN GENERAL.—Chapter 201 of title 18, United

11 States Code, is amended by inserting after section 3013

12 the following:

13 **"§ 3014. Preservation of fundamental legal protec-**

14               **tions and rights in the context of inves-**

15               **tigations and enforcement matters re-**

16               **garding organizations**

17    "(a) DEFINITIONS.—In this section:

18       "(1) ATTORNEY-CLIENT PRIVILEGE.—The term

19    'attorney-client privilege' means the attorney-client

20    privilege as governed by the principles of the com-

21    mon law, as they may be interpreted by the courts

22    of the United States in the light of reason and expe-

23    rience, and the principles of article V of the Federal

24    Rules of Evidence.

5

1          "(2) ATTORNEY WORK PRODUCT.—The term

2     'attorney work product' means materials prepared

3     by or at the direction of an attorney in anticipation

4     of litigation, particularly any such materials that

5     contain a mental impression, conclusion, opinion, or

6     legal theory of that attorney.

7          "(3) ORGANIZATION.—The term 'organization'

8     does not include—

9               "(A) a continuing criminal enterprise, as

10              defined in section 408 of the Controlled Sub-

11              stances Act (21 U.S.C. 848);

12              "(B) any group of individuals whose pri-

13              mary purpose is to obtain money through illegal

14              acts; or

15              "(C) any terrorist organization, as defined

16              in section 2339B.

17     "(b) ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY

18 WORK PRODUCT.—

19          "(1) IN GENERAL.—In any Federal investiga-

20     tion or criminal or civil enforcement matter, includ-

21     ing any form of administrative proceeding or adju-

22     dication, an agent or attorney of the United States

23     shall not—

24              "(A) demand or request that an organiza-

25              tion, or a current or former employee or agent

6

1    of such organization, waive the protections of

2    the attorney-client privilege or the attorney

3    work product doctrine;

4    &#8220;(B) offer to reward or actually reward an

5    organization, or current or former employee or

6    agent of such organization, for waiving the pro-

7    tections of the attorney-client privilege or the

8    attorney work product doctrine; or

9    &#8220;(C) threaten adverse treatment or penal-

10   ize an organization, or current or former em-

11   ployee or agent of such organization, for declin-

12   ing to waive the protections of the attorney-cli-

13   ent privilege or the attorney work product doc-

14   trine.

15   &#8220;(2) CHARGING DECISIONS.&#8212;

16   &#8220;(A) IN GENERAL.&#8212;In any Federal inves-

17   tigation or criminal or civil enforcement matter,

18   including any form of administrative proceeding

19   or adjudication, an agent or attorney of the

20   United States shall not consider any conduct

21   described in subparagraph (B) in&#8212;

22   &#8220;(i) making a civil or criminal charg-

23   ing or enforcement decision relating to an

24   organization, or a current or former em-

25   ployee or agent of such organization; or

7

1    "(ii) determining whether an organi-

2    zation, or a current or former employee or

3    agent of such organization, is cooperating

4    with the Government.

5    "(B) CONDUCT.—The conduct described in

6    this subparagraph is—

7    "(i) the valid assertion of the protec-

8    tion of the attorney-client privilege or at-

9    torney work product doctrine;

10    "(ii) the provision of counsel to, or

11    contribution to the legal defense fees or ex-

12    penses of, a current or former employee or

13    agent of an organization;

14    "(iii) the entry into, or existence of, a

15    valid joint defense, information sharing, or

16    common interest agreement between an or-

17    ganization and a current or former em-

18    ployee or agent of such organization, or

19    among its current or former employees;

20    "(iv) except as provided in subsection

21    (f), the sharing of relevant information in

22    anticipation of or in response to an inves-

23    tigation or enforcement matter between an

24    organization and a current or former em-

8

1  ployee or agent of such organization, or

2  among its current or former employees; or

3  "(v) the failure to terminate the em-

4  ployment or affiliation of or otherwise

5  sanction any employee or agent of that or-

6  ganization because of the decision by that

7  employee or agent to exercise personal con-

8  stitutional rights or other legal protections

9  in response to a Government request.

10  "(3) DEMANDS AND REQUESTS.—In any Fed-

11  eral investigation or criminal or civil enforcement

12  matter, including any form of administrative pro-

13  ceeding or adjudication, an agent or attorney of the

14  United States shall not demand or request an orga-

15  nization, or a current or former employee or agent

16  of such organization, to refrain from the conduct de-

17  scribed in paragraph (2)(B).

18  "(c) INAPPLICABILITY.—Nothing in this section shall

19  be construed to prohibit an agent or attorney of the

20  United States from requesting or seeking any communica-

21  tion or material that—

22  "(1) an agent or attorney of ordinary sense and

23  understanding would not know is subject to a claim

24  of attorney-client privilege or attorney work product;

9

1    "(2) an agent or attorney of ordinary sense and

2    understanding would reasonably believe is not enti-

3    tled to protection under the attorney-client privilege

4    or attorney work product doctrine; or

5    "(3) would not be privileged from disclosure if

6    demanded by a subpoena duces tecum issued by a

7    court of the United States in aid of a grand jury in-

8    vestigation.

9    "(d) VOLUNTARY DISCLOSURES.—

10    "(1) IN GENERAL.—Nothing in this section

11    may be construed to prohibit an organization from

12    making, or an agent or attorney of the United

13    States from accepting, a voluntary and unsolicited

14    offer to waive the protections of the attorney-client

15    privilege or attorney work product doctrine.

16    "(2) CONSIDERATION IN CHARGING DECI-

17    SIONS.—An agent or attorney of the United States

18    shall not consider the fact that material provided as

19    described in paragraph (1), or any material redacted

20    therefrom, had been subject to a nonfrivolous claim

21    of attorney-client privilege or work-product protec-

22    tion in—

23        "(A) making a civil or criminal charging or

24        enforcement decision relating to an organiza-

10

1    tion, or a current or former employee or agent

2    of such organization; or

3         "(B) determining whether an organization,

4    or a current or former employee or agent of

5    such organization, is cooperating with the Gov-

6    ernment.

7         "(3) OTHER CONSIDERATION.—Subject to the

8    limitations under subsection (b), an agent or attor-

9    ney of the United States may consider a voluntary

10    disclosure described in paragraph (1) for any other

11    purpose that is otherwise lawful.

12    "(e) NOT TO AFFECT EXAMINATION OR INSPECTION

13    ACCESS OTHERWISE PERMITTED.—This section does not

14    affect any other Federal statute that authorizes, in the

15    course of an examination or inspection, an agent or attor-

16    ney of the United States to require or compel the produc-

17    tion of attorney-client privileged material or attorney work

18    product.

19    "(f) CHARGING DECISIONS NOT TO INCLUDE DECI-

20    SIONS TO CHARGE UNDER INDEPENDENT PROHIBI-

21    TIONS.—Subsection (b)(2) shall not be construed to pro-

22    hibit charging an organization, or a current or former em-

23    ployee or agent of such organization, for conduct described

24    in clause (ii), (iii), or (iv) of subparagraph (B) of that

11

1 subsection under a Federal law which makes that conduct

2 in itself an offense.".

3       (b) CONFORMING AMENDMENT.—The table of sec-

4 tions for chapter 201 of title 18, United States Code, is

5 amended by adding at the end the following:

"3014. Preservation of fundamental legal protections and rights in the context of investigations and enforcement matters regarding organizations.".

○