# TAB 4

# TAB 4

## "Attorney-Client Privilege Protection Act of 2008"
### *Floor Statement of The Honorable Arlen Specter*
Ranking Member, Senate Judiciary Committee
June 26, 2008

Mr. President, I seek recognition today to introduce the "Attorney-Client Privilege Protection Act of 2008," which is a modified version of my earlier legislation by the same name. This legislation, which adds original cosponsors, continues to address the Department of Justice's corporate prosecution guidelines. Those Guidelines, last revised by former Deputy Attorney General Paul McNulty in December 2006, erode the attorney-client relationship by allowing prosecutors to request privileged information backed by the hammer of prosecution if the request is denied.

Like my previous bill, S. 186, this bill will protect the sanctity of the attorney-client relationship by prohibiting federal prosecutors and investigators from requesting waiver of attorney-client privilege and attorney work product protections in corporate investigations. The bill would similarly prohibit the government from conditioning charging decisions or any adverse treatment on an organization's payment of employee legal fees, invocation of the attorney-client privilege, or agreement to a joint defense agreement.

The new version of the bill makes many subtle improvements, including defining "organization" to make clear that continuing criminal enterprises and terrorist organizations will not benefit from the bill's protections. The bill also clarifies language that the Department of Justice had previously criticized as ambiguous. The bill also makes clear in its findings that its prohibition on informal privilege waiver demands is far from unprecedented. The bill states: "Congress recognized that law enforcement can effectively investigate without attorney-client privileged information when it banned Attorney General demands for privileged materials in the Racketeer Influenced and Corrupt Organizations Act. *See* 18 U.S.C. § 1968(c)(2)."

There is no need to wait to see how the McNulty memorandum will operate in practice. There is similarly no need to wait for another internal Department of Justice reform that will likely fall short and be the fifth policy in the last ten years. Any such internal reform will not address the privilege waiver policies of other government agencies that refer matters to the Department of Justice and allow in through the window what isn't allowed through the door.

As I said when I introduced S. 186, the right to counsel is too important to be passed over for prosecutorial convenience. It has been engrained in American jurisprudence since the 18th century when the Bill of Rights was adopted. The 6th Amendment is a fundamental right afforded to individuals charged with a crime and guarantees proper representation by counsel throughout a prosecution. However, the right to counsel is largely ineffective unless the confidential communications made by a client to his or her lawyer are protected by law. As the Supreme Court observed in Upjohn Co. v. United States, "the attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." When the Upjohn Court affirmed that attorney-client privilege protections apply to corporate internal legal dialogue, the Court manifested in the law the importance of the attorney-client privilege in encouraging full and frank communication between attorneys and their clients, as well as the broader public interests the privilege serves in fostering the observance of law and the administration of justice. The Upjohn Court also made clear that the value of legal advice and advocacy depends on the lawyer having been fully informed by the client.

In addition to the importance of the right to counsel, it is also fundamental that the government has the burden of investigating and proving its own case. Privilege waiver tends to transfer this burden to the organization under investigation. As a former prosecutor, I am well aware of the enormous power and tools a prosecutor has at his or her disposal. The prosecutor has enough power without the coercive tools of the privilege waiver, whether that waiver policy is embodied in the Holder, Thompson, McCallum, McNulty – or a future Filip – memorandum.

As in S. 186, this bill amends title 18 of the United States Code by adding a new section, § 3014, that would prohibit any agent or attorney of the United States government in any criminal or civil case to demand or request the disclosure of any communication protected by the attorney-client privilege or attorney work product. The bill would also prohibit government lawyers and agents from basing any charge or adverse treatment on whether an organization pays attorneys' fees for its employees or signs a joint defense agreement.

This legislation is needed to ensure that basic protections of the attorney-client relationship are preserved in federal prosecutions and investigations.