MORGAN, LEWIS & BOCKIUS LLP
JOHN H. HEMANN (SBN 165823)
JOSEPH E. FLOREN (SBN 168292)
THOMAS R. GREEN (SBN 203480)
MATTHEW S. WEILER (SBN 236052)
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Third Party KLA-Tencor Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>  Defendant. | Case No. C-07-3798-JW<br><br>**DECLARATION OF THOMAS R. GREEN IN SUPPORT OF NON-PARTY KLA-TENCOR CORPORATION'S OPPOSITION TO KENNETH L. SCHROEDER'S MOTION TO COMPEL**<br><br>Date:   September 9, 2008<br>Time:   10:00 a.m.<br>Dept.:  Courtroom 2, 5th Floor<br>Judge:  Magistrate Judge Howard R. Lloyd<br><br>Trial Date: |

DB2/20782040.1

I, Thomas R. Green, declare under penalty of perjury as follows:

1. I am an attorney licensed to practice before all the courts in the State of California, and an associate with the law firm of Morgan, Lewis & Bockius LLP, counsel of record for Non-Party KLA-Tencor Corporation ("KLA"), on whose behalf I make this declaration. If called as a witness I would competently testify to the following facts, all of which are within my own personal knowledge, or based on information and belief, as to those matters I believe to be true. I make this declaration in support of KLA's Opposition to the Motion of Kenneth L. Schroeder To Compel Further Responses To Discovery Requests (Testimony And Documents) By (1) KLA-Tencor Corporation and (2) Skadden, Arps, Slate, Meagher & Flom LLP, Attorneys For The Special Committee Of KLA's Board Of Directors (the "Motion to Compel").

2. I have been actively involved representing KLA in various actions since late January 2008. On or around February 1, 2008 Schroeder filed a motion to dismiss this action. As evidenced by the Certification of Counsel filed by Schroeder's counsel in connection with his Motion to Compel, which only references meet and confer efforts dating back to November 2007 through January 2008, Schroeder made no effort to meet and confer with any KLA counsel regarding what documents or testimony KLA would be willing to produce and/or allow prior to filing his Motion to Compel.

3. In early June 2008, I spoke with counsel for Schroeder and suggested that KLA may be willing to allow Schroeder to depose KLA witnesses regarding privileged documents. I suggested that there may be a legal basis to disclose privileged communications to its former officer and CEO and that KLA did not want to deny Schroeder the ability to defend himself. Counsel for Schroeder initially expressed a general willingness to work with KLA and suggested that Schroeder would be willing to agree that disclosing communications to Schroeder does not constitute a waiver of the privilege. Accordingly, I drafted a confidentiality agreement intended to minimize the risk of any disclosure or waiver of privileged communications and circulated it to counsel for Schroeder on June 23, 2008.

4. Schroeder did not respond to KLA's draft confidentiality agreement and meet and confer effort until July 12, 2008, by email. Counsel for Schroeder gave no indication as to how

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20782040.1                                1.
                                              DECLARATION OF THOMAS R. GREEN
                                              CASE NO. C-07-3798-JW

1 the draft agreement was lacking, but instead said that Schroeder viewed "the production to Schroeder of Skadden's withheld documents as an integral part of a potential agreement." Schroeder also suggested that he would be better off losing the Motion to Compel, because it would revive his motion to dismiss, than receiving the discovery that he sought by way this motion. In subsequent conversations after the July 12 email, Schroeder's counsel continued to suggest to me during a few phone calls that Schroeder was unwilling to consider any "deal" unless it included Skadden producing its witness notes and draft memoranda. I attempted to explain on multiple occasions that the Schroeder's demands of Skadden have no bearing on Schroeder's demands of KLA. Ever since June 23 I have continually requested Schroeder's counsel to provide me with a revised draft confidentiality agreement that satisfied Schroeder's unexplained concerns. On July 29, 2008, counsel for Schroeder for the first time provided KLA with a substantive response, sending KLA a draft protective order.

     5.    KLA and Schroeder have entered into two settlement agreements that provide for the mutual release of all claims between Schroeder and the Company. These settlements were the result of months of intense negotiations among Schroeder, KLA, and the SLC. The settlements were agreed upon in principle in March of 2008, and were executed on June 3, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and based on my personal knowledge, and that this declaration was executed on August 1, 2008, in San Francisco, California.

By    /s/ Thomas R. Green
        Thomas R. Green

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20782040.1      2.

DECLARATION OF THOMAS R. GREEN
CASE NO. C-07-3798-JW