# EXHIBIT 6
### TO
### HEMANN DECLARATION

# EXHIBIT 6
### TO
### HEMANN DECLARATION



**Office of the Deputy Attorney General**

Washington, D.C. 20530

July 9, 2008

The Honorable Patrick J. Leahy
Chairman
Committee on the Judiciary
United States Senate
Washington, DC 20510

The Honorable Arlen Specter
Ranking Member
Committee on the Judiciary
United States Senate
Washington, DC 20510

Dear Chairman Leahy and Senator Specter:

    At your request during my confirmation proceedings last year, I committed to review the Department of Justice's Principles of Federal Prosecution of Business Organizations ("Principles"), the internal policy that governs how all federal prosecutors investigate, charge, and prosecute corporate crimes. I write to update you on my review, and to provide you with a summary of certain changes to the Principles that the Department intends to make in the coming weeks to address issues you have raised and that were echoed during my review. I respectfully ask that you give us an opportunity to implement these changes and then review their operation after a reasonable amount of time before pursuing legislation in this area.

    As you are aware, some have raised concerns about the effect of the Principles on the preservation of the attorney-client privilege and work product protection. Specifically and most notably, some have argued that the Department has used the threat of criminal indictment and prosecution (or the threat of withholding cooperation credit) to coerce corporations to waive privilege or work product protection against their will and to provide information to the government that otherwise would be subject to these protections. Others have argued that the perceived widespread use of privilege waivers has inhibited candid communications between corporate employees and legal counsel whose advice has been sought. Additionally, some have expressed concern that the Principles improperly permit the government to limit or refuse cooperation credit to a corporation if the corporation has advanced attorneys' fees to its employees, failed to sanction or fire allegedly culpable employees, or entered into joint defense agreements.

Page 2
Letter to Chairman Leahy and Senator Specter

In response to these and other concerns, senior attorneys in the Department and I met internally and with several organizations and former government officials who expressed an interest in this issue, including representatives of the corporate community, criminal defense attorneys, in-house counsel, and civil liberties advocates. During those meetings, we discussed the matters noted above, as well as the Department's belief that we have been judicious in our limited requests for waivers. We pointed out that in the eighteen months since the Principles were last amended, the Department has approved no requests by prosecutors to obtain from corporations core attorney-client communications or non-factual attorney work product.

Despite the obvious difference of opinion between the Department and these groups in some key areas, our meetings were extremely productive and we did find common ground, particularly in the areas of joint defense agreements, attorneys' fees, and employee sanctions. I also came away impressed by the need for the Department to address any lingering perceptions that our conduct in corporate criminal investigations is anything other than fair and respectful of the attorney-client privilege. To that end, I have carefully reviewed the Principles and expect that the Department will make the following revisions to them in the next few weeks:

- <u>Cooperation will be measured by the extent to which a corporation discloses relevant facts and evidence, not its waiver of privileges.</u> The government's key measure of cooperation will be the same for a corporation as for an individual: to what extent has the corporation timely disclosed the relevant facts about the misconduct? That will be the operative question – *not* whether the corporation waived attorney-client privilege or work product protection in making its disclosures.

- <u>Federal prosecutors will not demand the disclosure of "Category II" information as a condition for cooperation credit.</u> To be eligible for cooperation credit, a corporation need not disclose, and the government may not demand, what the McNulty Memo defines as "Category II information" – namely, non-factual attorney work product and core attorney-client privileged communications. (Of course, attorney-client communications that were made in furtherance of a crime or fraud, or that relate to an advice-of-counsel defense, are excluded from the protection of the privilege by well-settled case law and will therefore continue to fall outside these principles.)

Page 3
Letter to Chairman Leahy and Senator Specter

- <u>Federal prosecutors will not consider whether the corporation has advanced attorneys' fees to its employees in evaluating cooperation.</u>  The advancement of attorneys' fees or provision of counsel by a corporation to its employees will not be taken into account for the purpose of evaluating cooperation.

- <u>Federal prosecutors will not consider whether the corporation has entered into a joint defense agreement in evaluating cooperation.</u>  The mere participation in a joint defense, common interest, or similar agreement by a corporation will not be taken into account for the purpose of evaluating cooperation.  The government may, of course, request that a corporation refrain from disclosing to others sensitive information about the investigation that the government provides in confidence to the corporation, and may consider whether the corporation has abided by that request.

- <u>Federal prosecutors will not consider whether the corporation has retained or sanctioned employees in evaluating cooperation.</u>  How and whether a corporation disciplines culpable employees may bear on the quality of its remedial measures or its compliance program; it will not be taken into account for the purpose of evaluating cooperation.

During my tenure as Deputy Attorney General, I have appreciated the courtesy you have extended to me and to the Department, particularly your patience during my review of this important issue. I have come to the conclusion that the above changes to the Principles are preferable to any legislation, however well intentioned and diligently drafted, that would seek to address the same core set of issues. I think we all very much share an appreciation for the foundational role that the attorney-client privilege plays in our legal system, including our system of criminal justice. The interest that you both have shown in this matter, including your vigilance in protecting the attorney-client privilege, certainly has motivated the Department to pursue the changes I have outlined above.

I remain available to discuss this matter with you further at your convenience. Thank you again for considering our views.

Sincerely,

Mark Filip
Deputy Attorney General