SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
RICHARD MARMARO (Cal. Bar No. 91387)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
Email:        rmarmaro@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
JAMES E. LYONS (Cal. Bar No. 112582)
TIMOTHY A. MILLER (Cal. Bar No. 154744)
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698 (fax)
Email:        jlyons@skadden.com
              tmiller@skadden.com

Attorneys for Non-Parties Skadden, Arps, Slate, Meagher & Flom LLP
and Individual Skadden Attorneys

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>        vs.<br><br>KENNETH L. SCHROEDER,<br><br>               Defendant. | CASE NO. C 07-3798-JW (HRL)<br><br>**DECLARATION OF VICTORIA HOLSTEIN-CHILDRESS IN SUPPORT OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP'S OPPOSITION TO KENNETH L. SCHROEDER'S MOTION TO COMPEL**<br><br>Date:        September 9, 2008<br>Time:        10:00 a.m.<br>Courtroom:  8<br>Judge:  Magistrate Judge Howard R. Lloyd |

**DECL. OF V. HOLSTEIN-CHILDRESS ISO SKADDEN'S OPP. MOTION TO COMPEL     CASE NO. C 07-3798-JW (HRL)**

# DECLARATION OF VICTORIA HOLSTEIN-CHILDRESS

I, Victoria Holstein-Childress, declare:

1. I am an attorney duly licensed to practice law in the State of Louisiana, the State of Texas, and the District of Columbia. I am an associate at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"). My home office is Skadden's Washington, D.C. office. Skadden represents the Special Committee ("SC") of the Board of Directors of KLA-Tencor Corporation ("KLA" or the "Company"). I have personal knowledge of the facts set forth below and could competently testify thereto.

2. I graduated from law school in 2002 and have worked on several internal investigations since then. I have attended approximately a dozen witness interviews in connection with those investigations.

3. In September 2006, I was asked to take notes at an interview of a former KLA employee in connection with an investigation of KLA's stock option granting practices being conducted by the SC. The interview was scheduled to take place on September 16, 2006, in Skadden's Washington, D.C. office.

4. In order to familiarize myself with the investigation, I reviewed general background material regarding the investigation and key documents that had been identified by the Skadden team as potential topics of the interview. I reviewed these documents prior to attending the interview.

5. In addition, prior to the interview, I spoke with Jack DiCanio, a partner in Skadden's Los Angeles office, at which time he reviewed certain key facts and legal issues with me and discussed the status of the investigation. Mr. DiCanio also explained that following the interview, I would be responsible for drafting a memorandum of the interview.

6. My primary responsibility at the SC interview in which I participated was to record information provided or observations made by the witness, which, in my judgment, were of importance to the investigation and relevant to a further understanding of the option granting practices at KLA.

7. My review of key documents and conversation with Mr. DiCanio about the case informed my participation in the interview in which I participated. I relied on my understanding of important facts and applicable legal theories to determine, in my judgment, the relevant facts to be recorded.

8. After the conclusion of the SC interview, I used my notes and recollections to prepare a memorandum. I circulated a draft of the memorandum to Mr. DiCanio for his review. To my knowledge, neither my notes nor any drafts of the interview memorandum were seen or adopted by the witness.

9. The notes I took at the SC interview are not verbatim transcriptions, and I did not understand the purpose of my participation in the interviews to be to create verbatim transcriptions. I did not share my notes with anyone outside of Skadden. To my knowledge, none of my notes have ever been seen or reviewed by anyone outside of Skadden, and neither my notes nor any drafts of the interview memorandum were adopted by the witness prior to finalization of the memorandum.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 31st day of July 2008, in Washington, D.C.

_____
Victoria Holstein-Childress