SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
RICHARD MARMARO (Cal. Bar No. 91387)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
Email:         rmarmaro@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
JAMES E. LYONS (Cal. Bar No. 112582)
TIMOTHY A. MILLER (Cal. Bar No. 154744)
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698 (fax)
Email:         jlyons@skadden.com
               tmiller@skadden.com

Attorneys for Non-Parties Skadden, Arps, Slate, Meagher & Flom LLP
and Individual Skadden Attorneys

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>vs.<br><br>KENNETH L. SCHROEDER,<br><br>              Defendant. | CASE NO. C 07-3798-JW (HRL)<br><br>**DECLARATION OF ZVI GABBAY IN SUPPORT OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP'S OPPOSITION TO KENNETH L. SCHROEDER'S MOTION TO COMPEL**<br><br>Date:         September 9, 2008<br>Time:        10:00 a.m.<br>Courtroom:  8<br>Judge: Magistrate Judge Howard R. Lloyd |

## DECLARATION OF ZVI GABBAY

I, Zvi Gabbay, declare:

1.  I am an attorney duly licensed to practice law in the State of New York and am an associate at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"). My home office is Skadden's New York office. Skadden represented the Special Committee ("SC") of the Board of Directors of KLA-Tencor Corporation ("KLA" or the "Company"). I have personal knowledge of the facts set forth below and could competently testify thereto.

2.  I graduated from law school in 1999 and have worked on a number of cases involving internal investigations since then.

3.  In August 2006, I was asked to take notes at an interview of a former KLA senior executive in connection with an investigation of KLA's stock option granting practices being conducted by a Special Committee of the KLA Board of Directors. The interview was scheduled to take place on August 31, 2006, in Skadden's New York office.

4.  In order to familiarize myself with the investigation, I reviewed general background material regarding the investigation and key documents that had been identified by the Skadden team as potential topics of the interview. I reviewed these documents prior to attending the interview. From previous legal work on other matters, I was already generally familiar with issues related to stock options and stock option granting practices.

5.  Prior to the interview, I spoke with Jack DiCanio, a partner in Skadden's Los Angeles office, at which time he provided background on the case and explained that following the interview, I would be responsible for drafting a memorandum of the interview.

6.  My primary responsibility at the SC interview in which I participated was to record information provided or observations made by the witness, which, in my judgment, were of importance to the investigation and relevant to a further understanding of the option granting practices at KLA.

7.  My review of key documents and conversation with Mr. DiCanio about the case informed my participation in the interview in which I participated. I relied on my understanding of

DECLARATION OF ZVI GABBAY ISO SKADDEN'S OPP. MOTION TO COMPEL    CASE NO. C 07-3798-JW (HRL)

important facts and applicable legal theories to determine, in my judgment, the relevant facts to be recorded.

8. After the conclusion of the Special Committee witness interview, I used my notes and recollections to prepare a memorandum. I then circulated a draft of the memorandum to Mr. DiCanio and Richard Marmaro, a partner in Skadden's Los Angeles office who, along with Mr. DiCanio, also participated in the interview. I incorporated any comments I received from them into the memorandum. To my knowledge, neither my notes nor any drafts of the interview memorandum were seen or adopted by the witness.

9. The notes I took at the SC interview were not verbatim transcriptions, and I did not understand the purpose of my participation in the interview to be to create a verbatim transcription. I did not share my notes with anyone outside of Skadden. To my knowledge, my notes have never been seen or reviewed by anyone outside of Skadden.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29 day of July 2008, in New York, New York.

_____
Zvi Gabbay

2