SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH (Bar No. 252819)
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant*. | No. C 07 3798 JW<br><br>**DECLARATION OF SHIRLI F. WEISS IN SUPPORT OF REPLY MEMORANDUM IN SUPPORT OF MOTION OF KENNETH L. SCHROEDER TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS (TESTIMONY AND DOCUMENTS) BY (1) KLA-TENCOR CORPORATION AND (2) SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, ATTORNEYS FOR THE SPECIAL COMMITTEE OF KLA'S BOARD OF DIRECTORS**<br><br>Date: September 23, 2008<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Judge: Magistrate Judge Howard R. Lloyd |

SEC v. Schroeder
C-07-3798 (JW) - 1
WEST\21498714.1

DLA PIPER US LLP

DECLARATION OF SHIRLI FABBRI WEISS

I, Shirli F. Weiss, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am admitted to practice before this honorable Court. I am one of the attorneys representing Defendant Kenneth L. Schroeder in this case. I have personal knowledge of, and am competent to testify with regard to, the matters in this declaration.

2. Since receiving the responses of KLA-Tencor Corporation ("KLA") and Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") to the subpoenas for documents and testimony served on them in this case, as set forth at length in our opening brief in this motion, on behalf of Mr. Schroeder, I and my colleague Jeff Coopersmith have had numerous "meet and confer" exchanges of correspondence and telephone calls with attorneys for KLA and Skadden. These meet and confer exchanges were in an effort to resolve privilege objections to the discovery we served. We met and conferred both before and after we filed a motion to dismiss on behalf of Mr. Schroeder in February, 2008 seeking dismissal on the grounds that KLA's and Skadden's withholding of documents and testimony amounted to an infringement of Mr. Schroeder's Constitutional right to Due Process. These efforts were not successful.

3. Finally, on May 28, 2008, at my request, my colleague, Jeffrey B. Coopersmith, informed counsel for the SEC, Skadden, and KLA, by email, that in light of Judge Ware's May 22, 2008 Order denying Mr. Schroeder's Motion to Dismiss the Complaint in this case, Mr. Schroeder would shortly be filing his Motion to Compel documents and testimony that KLA and Skadden had withheld from him on the basis of the attorney-client privilege and/or the work product protection. In that May 28 email, Mr. Coopersmith sought counsel's agreement to appropriate briefing arrangements for the Motion to Compel. I was copied on this email.

4. A week later, on June 4, 2008, Mr. Coopersmith again wrote counsel for KLA, Skadden and the SEC. Mr. Coopersmith stated that he had not received any response from KLA or Skadden to his May 28 email, and he again asked them to respond. Mr. Coopersmith also requested the parties' agreement to a July 15, 2008 hearing date for Mr. Schroeder's Motion to Compel. I was copied on this email.

5. Thomas R. Green, one of the attorneys for KLA, responded to Mr. Coopersmith on June 6, 2008. In his response, Mr. Green did not state or otherwise suggest that Mr. Schroeder, KLA, and Skadden were required to or should engage in further meet-and-confer sessions before Mr. Schroeder filed his Motion to Compel, or that it would be productive to do so. I was copied on this email.

6. In his declaration in support of KLA's opposition to the Motion to Compel, Mr. Green states that he contacted counsel for Mr. Schroeder in "early June" about a possible non-judicial resolution for Mr. Schroeder's discovery dispute with KLA. My records reflect that Mr. Green spoke with me about a non-judicial resolution for Mr. Schroeder's discovery dispute with KLA on June 16, 2008, one week after Mr. Schroeder filed his Motion to Compel.

7. Mr. Coopersmith and I have conducted numerous additional meet-and-confer sessions by telephone and email in July and August 2008 in an effort to resolve the attorney-client privilege issues with KLA's counsel, but we have been unable to reach agreement. In connection with these sessions, Mr. Green provided counsel for Mr. Schroeder with drafts of proposed confidentiality agreements setting out the terms on which KLA would agree to permit Mr. Schroeder to depose current or former KLA employees concerning historical attorney communications about KLA's stock option granting processes. These drafts contained numerous restrictions and were not acceptable to counsel for Mr. Schroeder.

8. Attached as exhibit 1 hereto is a true and correct copy of a September 16, 2006 memorandum documenting a September 15, 2006 Special Committee interview of Cynthia Mangan. Mr. Schroeder received this document as part of the SEC's initial disclosures in this lawsuit. This memorandum is referenced in our Reply in support of Mr. Schroeder's Motion to Compel as an example of a Final Interview Memorandum prepared by Skadden.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 26th day of August, 2008.

*/s/ Shirli F. Weiss*
Shirli F. Weiss

1    I hereby attest that I have on file all holographic signatures for any signatures indicated by
2    a "conformed" signature (/S/) within this e-filed document.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28