SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
RICHARD MARMARO (Cal. Bar No. 91387)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
Email: rmarmaro@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
JAMES E. LYONS (State Bar No. 112582)
TIMOTHY A. MILLER (State Bar No. 154744)
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: jlyons@skadden.com
tmiller@skadden.com

Attorneys for Non-Parties Skadden, Arps, Slate, Meagher & Flom LLP and Individual Skadden Attorneys

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

KENNETH L. SCHROEDER,

Defendant.

Case No. C 07-3798 (JW) (HRL)

**(1) SURREPLY BY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND INDIVIDUAL SKADDEN ATTORNEYS IN FURTHER SUPPORT OF ITS OPPOSITION TO KENNETH L. SCHROEDER'S MOTION TO COMPEL; DECLARATION OF TIMOTHY A. MILLER IN SUPPORT**

**(2) [PROPOSED] ORDER (Submitted Under Separate Cover)**

Date: September 23, 2008
Time: 10:00 a.m.
Courtroom: 8
Judge: Magistrate Judge Howard R. Lloyd

Hoping to avoid altogether the valid attorney work product claims of non-Parties Skadden, Arps, Slate, Meagher & Flom LLP and the individual Skadden attorneys upon whom he served subpoenas (collectively, "Skadden"), Defendant Kenneth L. Schroeder argues for the first time in his Reply that Skadden, as a non-party, cannot claim protection under the attorney work product doctrine, arguing that Fed. R. Civ. P. 26(b)(3) technically applies only to parties to this action, relying principally on *In re California Public Utilities Commission*, 892 F.2d 778 (9th Cir. 1989) ("*CPUC*"). (Dkt. 89 at 17:1-18:8.) (Decl. of Timothy A. Miller ISO Surreply ("Miller Decl.") ¶ 8.) Schroeder's eleventh hour argument fails to salvage his attempt to obtain his adversary's work product because: (i) the Court should disregard these new arguments raised for the first time on reply; (ii) the cases upon which Schroeder relies, including *CPUC*, are inapposite because they did not involve an attempt by a party to one action to obtain attorney work product from his adversary by means of a subpoena in a related action; and (iii) even if *CPUC* is applicable here, and Rule 26(b)(3) is thus inapplicable, the Court is nevertheless independently empowered under Fed. R. Civ. P. 26(c) and 45(c)(3)(A)(iii) to issue a protective order prohibiting the disclosure of Skadden's attorney work product to Schroeder, KLA's litigation adversary. Schroeder and Skadden have stipulated to the filing of this Surreply and that the Court should deem this Surreply as a motion for protective order. (Dkt. 95.)

## I. RELEVANT BACKGROUND

In his Motion to Compel, Schroeder seeks, among other things, to compel the production of Skadden interview notes and drafts of Skadden interview memoranda that have never been provided to any party outside of Skadden, including the SEC or even Skadden's own clients. Skadden and Schroeder engaged in months of "meet and confer" to attempt to resolve this dispute. During that entire period, Skadden maintained that its attorney interview notes and draft interview memoranda were protected from disclosure under the attorney work product doctrine, including in privilege logs and letter's to Schroeder's counsel. (*See* Coopersmith Decl. ¶¶ 14, 15, 19-22; Miller Decl. ¶ 6-7; Sloan Decl. ¶ 8, 10.) Schroeder never once claimed during that extensive "meet and confer" process or in his Motion to Compel, which directly addressed Skadden's work product objections, that Skadden was prohibited from asserting work product objections because it is not a

party to this action or that Skadden was required to file a motion for protective order to guard its work product. Instead, Schroeder proceeded to file his Motion to Compel. It was not until Schroeder filed his Reply brief (Dkt. 89) on August 26, 2008, that Schroeder first argued that "the Court need not even consider any of Skadden's arguments concerning work product protection" because, Schroeder contends, work product protection under Rule 26(b)(3) is not applicable to Skadden as a non-party, citing *CPUC*. (Dkt. 89 at 17:1-18:8.) (Miller Decl. ¶ 8.)

There can be no question that Schroeder and KLA are litigation adversaries. The attorney interview notes and draft interview memoranda at issue on the Motion to Compel were created by Skadden attorneys in connection with an investigation by the Special Committee of the KLA Board of Directors into the retroactive pricing of stock options at KLA, following which Schroeder was terminated by KLA. Schroeder and KLA are adversaries in shareholder derivative litigation pending in this court before Judge Ware arising from the backdating of options at KLA. In that derivative action, Plaintiff alleges on behalf of KLA that Schroeder engaged in intentional misconduct and caused hundreds of millions of dollars of harm to KLA. The Special Litigation Committee of the KLA Board has reached a settlement of those claims with Schroeder that is subject to Court approval. In the derivative action, Schroeder has threatened to sue KLA if the settlement is not approved. (*See* Schroeder Statement of Non-Opposition, Dkt. 283 (MFN) in Case No. C-06-03445-JW (HRL) at 2:25-3:4) (Miller Decl. ¶¶ 9-12.)

## II. <u>ARGUMENT</u>

### A. <u>The Court Should Not Consider Schroeder's Eleventh Hour Reply Argument.</u>

The Court should disregard Schroeder's argument that the protections of the attorney work product doctrine do not extend to Skadden as a non-party to this action because Schroeder introduced this entirely new and distinct argument for the first time on reply, despite months of "meet and confer" regarding Skadden's work product objections. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (affirming a district court's refusal to consider an argument regarding litigation privilege because moving party raised it for the first time in its reply brief); *Hillblom v. County of Fresno*, 539 F. Supp. 2d 1192, 1206 (E.D. Cal. 2008) ("A moving party's attempt to introduce new facts or different legal arguments in reply papers is improper.").

**B. *CPUC* Is Inapposite To The Present Action**

The cases upon which Schroeder relies are inapposite because not one of them involved a situation in which the requesting party and the third party are adversaries in a related proceeding. *CPUC*, Schroeder's principal authority, involved litigation brought by SoCal Edison against Westinghouse regarding alleged defects in nuclear generators purchased from Westinghouse. *CPUC*, 892 F.2d at 779. SoCal Edison had initially elected not to sue, but later brought the action after the CPUC rejected SoCal Edison's request to pass the costs of the defects along to the ratepayers unless it brought suit against Westinghouse. *Id.* at 779-780. Westinghouse subpoenaed work product documents from CPUC regarding its investigation into the matter. *Id.* at 780. Thus, the requesting party, Westinghouse, and the non-party, CPUC, were not adversaries in any litigation. The same holds true for each of Schroeder's cases.[1] Here, the reverse is true—Schroeder and KLA are adversaries in a related shareholder derivative action arising from the same facts pending before the same judge and involving the same counsel. Skadden's client, the Special Committee, conducted its investigation on behalf of KLA. Schroeder's cases do not support his attempted end run around the attorney work product doctrine.

**C. Even If Federal Rule of Civil Procedure 26(b)(3) Does Not Apply To Skadden Under *CPUC*, The Court Can And Should Issue A Protective Order Prohibiting Disclosure Of Skadden's Work Product.**

The Ninth Circuit in CPUC expressly recognized that, even where Fed. R. Civ. P. 26(b)(3) is found not to apply to the attorney work product claims of a non-party, a district court is empowered under Fed. R. Civ. P. 26(c) to issue a protective order prohibiting such disclosure. *CPUC*, 892 F.2d at 781 & n.2; *accord San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2006 WL 2734284, at *3 (N.D. Cal. Sept. 25, 2006) (notwithstanding *CPUC*'s

[1] *See United States v. Graham*, 555 F. Supp. 2d 1046, 1047-48, 1049-50 (N.D. Cal. 2008) (in criminal action against individual for making false statements to the government, requesting party, the defendant, and non-party, United States Anti-Doping Agency, were not adversaries in any litigation); *Tubar v. Clift*, No. C05-1154JCC, 2007 WL 30872, at *1, *4 (W.D. Wash. Jan. 4, 2007) (in action against police officer and municipality for alleged violation of plaintiff's civil rights, non-party, the prosecuting attorney in related criminal case, was neither an adversary nor represented an adversary of requesting party, the plaintiff, in any litigation); *Loustalet v. Refco, Inc.*, 154 F.R.D. 243, 246-47 (C.D. Cal. 1993) (in fraud action, requesting party, the defendant, and non-party, the owner of company involved in defrauding various municipalities, were not adversaries in any litigation, although non-party was party to actions arising from same facts as present action).

interpretation of Rule 26(b)(3), the rule "does not preclude the Court from issuing a protective order under Rule 26(c) [where it] will prevent the release of otherwise confidential information"); *Asarco, LLC v. Americas Mining Corp.*, No. MS 07-6289-EJL-MHW, 2007 WL 3504774, at *6 (D. Idaho Nov. 15, 2007) (forbidding the disclosure of attorney work product on the ground that, notwithstanding Rule 26(b)(3), Rules 45(c) and 26(c) also provide a basis to shield third party attorney work product from disclosure).[2]

*In re Student Finance Corp.*, No. 02-11620-JBR, 2006 WL 3484387 (E.D. Pa. Nov. 29, 2006), is instructive because the court held that Rule 26(b)(3) did not apply to the work product claims asserted by a third party (citing *CPUC*), but nevertheless issued a protective order under Rules 45(c) and 26(c) prohibiting a party to the litigation from obtaining interview memoranda and other investigatory materials prepared by the third party in anticipation of litigation with the requesting party. *Id*. at *11-12, 16. Student Finance Corporation provided student loans to trade and trucking schools, including Career Path, the requesting party. *Id*. at *1-2. The Mintz Group, the third party subpoenaed by Career Path, had conducted an investigation into possible claims against Student Finance and schools like Career Path for Royal Indemnity, one of the largest creditors in Student Finance's bankruptcy. *Id*. at *1, 3. The court granted a protective order prohibiting Career Path from obtaining Mintz's investigative file, including interview notes and memoranda which had been prepared by Mintz in anticipation of litigation between Royal and Career Path because "the subpoena [sought] to compel discovery of an adversary's work product prepared in anticipation of litigation against the very party issuing the subpoena." *Id*. at *11. Similarly, Schroeder, KLA's adversary in the derivative action, seeks to compel discovery of interview notes and investigatory materials prepared by counsel for the Special Committee, which had been duly authorized by the KLA Board of Directors, in anticipation of litigation with any

---

2 *See also In re Polypropylene Carpet Antitrust Litig.*, 181 F.R.D. 680, 692 (N.D. Ga. 1998) (entering a protective order under Rule 26(c) forbidding the disclosure of materials covered by the attorney work product doctrine, notwithstanding the inapplicability of Rule 26(b)(3)); *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 697 (N.D. Ga. 2007) (same); *Basinger v. Glacier Carriers, Inc.*, 107 F.R.D. 771, 772 (M.D. Pa. 1985) (non-parties granted protective order quashing subpoenas seeking attorney work product materials under Rule 26(c), notwithstanding the inapplicability of Rule 26(b)(3))

KLA employees found responsible for harming KLA, including Schroeder. *See also* 8 Charles A. Wright et al., *Federal Practice and Procedure* § 2024 (2d ed. 2008) (acknowledging cases that have refused to apply Rule 26(b)(3) to third parties, but recognizing the power of a court to issue a protective order under Rule 26(c) to prevent the "intolerable" potential result of a defendant in two related actions obtaining the work product of his adversary in first action by issuing a subpoena to him in the related action).

Rule 45 allows the Court to quash or modify the subpoena if it "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(c)(3)(A)(iii). Similarly, Rule 26(c) authorizes the Court to issue a protective order forbidding disclosure to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c)(1)(A). Here, a protective order should issue to prevent Schroeder, KLA's adversary in related shareholder derivative litigation led by the same counsel before the same judge, from obtaining attorney work product that he would be unable to obtain in that parallel litigation. Any other result would permit Schroeder to exploit a technical reading of Fed. R. Civ. P. 26(b)(3) to circumvent the important policies underlying the work product doctrine, as enunciated by the United States Supreme Court in *Upjohn Co. v. United States*, 449 U.S. 383, 399-400 (1981) ("Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorneys' mental processes."), and *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) (the work product doctrine prevents "unwarranted inquiries into the files and the mental impressions of an attorney").

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court should issue a protective order under Fed. R. Civ. P. 45(c) and 26(c) shielding Skadden's attorney work product materials from disclosure, or in the alternative, deny Schroeder's Motion to Compel.

Dated: September 15, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/

Timothy A. Miller
Attorneys for the Non-Parties Skadden, Arps, Slate, Meagher & Flom LLP and Individual Skadden Attorneys

**DECLARATION OF TIMOTHY A. MILLER**

I, Timothy A. Miller, hereby declare as follows:

1. I am a partner of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") and am admitted to practice before the courts of the State of California and before this Court. Skadden represents the Special Committee (the "Special Committee") of the Board of Directors of KLA-Tencor Corporation ("KLA" or the "Company"). Except where otherwise noted, I have personal knowledge of the facts set forth below and could testify competently thereto.

2. In November 2007, defendant Kenneth L. Schroeder served Skadden and certain of its individual attorneys (collectively referred to herein as "Skadden") with subpoenas in this action.

3. On June 9, 2008, Schroeder filed his Motion of Kenneth L. Schroeder to Compel Further Responses to Discovery Requests (Testimony and Documents) By (1) KLA-Tencor Corporation and (2) Skadden, Arps, Slate, Meagher & Flom LLP, Attorneys for the Special Committee of KLA's Board of Directors (the "Motion to Compel") (Dkt. 75), originally setting the Motion to Compel for hearing on July 15, 2008, and later, at the request of KLA and Skadden, continuing the hearing to August 26, 2008.

4. On August 1, 2008, Skadden filed its opposition to Schroeder's Motion to Compel, arguing principally that the documents and information sought in Schroeder's subpoenas are protected from disclosure by the attorney work product doctrine (Dkt. 84, and related entries).

5. On August 26, 2008, Schroeder filed his reply brief in support of his Motion to Compel (Dkt. 89) in which he argues, in part, that "the Court need not even consider any of Skadden's arguments concerning work product protection," citing principally *In re California Public Utilities Commission*, 892 F.2d 778, 781 (9th Cir. 1989) ("CPUC") (Dkt. 89, at 17:1-18:8).

6. From November 2007 to August 26, 2008, when Mr. Schroeder filed his reply brief, I and other Skadden attorneys engaged in numerous "meet and confer" communications with Schroeder's counsel in an attempt to resolve their discovery disputes and establish the scope of discovery. Throughout all of these discussions, Skadden maintained that its attorney interview notes and draft interview memoranda were protected from disclosure under the attorney work product doctrine.

7. Skadden asserted claims of attorney work product protection in written privilege logs provided to Schroeder's counsel, which are attached as exhibits 12 and 13 to the declaration of Jeffrey B. Coopersmith ("Coopersmith Decl.") (Dkt. 76) submitted in connection with the present motion. Skadden also asserted work product protection over the interview notes and draft interview memoranda at issue in numerous letters sent to counsel for Mr. Schroeder throughout the meet and confer process. (See Coopersmith Decl. ¶¶ 21 (Ex. 19), 22 (Ex. 20); Declaration of Matthew E. Sloan Decl. (Dkt. 88) ¶ 10 (Ex. B)).

8. Mr. Schroeder never once claimed during this extensive "meet and confer" process or in his Motion to Compel, which directly addresses Skadden's work product objections, that Skadden was prohibited from asserting work product objections because it is not a party to this action. It was not until Mr. Schroeder filed his reply brief that he first asserted this argument.

9. The attorney interview notes, draft interview memoranda and other investigatory documents at issue on Schroeder's Motion to Compel were created by Skadden attorneys in connection with an investigation by the Special Committee of the KLA Board of Directors into the historical stock options granting practices and processes at KLA. At the conclusion of the Special Committee's investigation, Schroeder was terminated by KLA.

10. The subject and facts of the Special Committee investigation also underlies a related shareholder derivative action before this Court, in which Mr. Schroeder and KLA are in an adversarial posture. In that shareholder derivative action, the shareholder Plaintiff alleges on behalf of KLA that Mr. Schroeder engaged in intentional misconduct and caused hundreds of millions of dollars of harm to KLA. The Special Litigation Committee of the KLA Board has reached a settlement of those claims with Mr. Schroeder that is subject to court approval.

11. In Mr. Schroeder's Statement of Non-Opposition filed in the derivative action in connection with the Special Litigation Committee's motion for approval of that settlement, Mr. Schroeder has threatened to file a multi-million dollar lawsuit against KLA unless the settlement in that action is approved. (See Declaration of Jeffrey B. Coopersmith in support of Kenneth L. Schroeder's Statement Of Non-Opposition To The Special Litigation Committee's Motion To: (A) Terminate And Dismiss The Amended Consolidated Complaint; And (B) To Approve Settlements

With Certain Individual Defendants, which attaches a draft complaint embodying Schroeder's threatened claims, Dkt. 283 (MFN) in Case No. C-06-03445-JW (HRL) at Ex. C.)

12. Plaintiff in the derivative action opposes KLA's settlement with Mr. Schroeder in part on the ground that Schroeder and his counsel intimidated KLA's Special Litigation Committee into accepting the settlement by means of his threats of litigation against KLA. (See Lead Plaintiff's Response to Kenneth L. Schroeder's Statement Of Non-Opposition, Dkt. 306 (MFN) in Case No. C-06-03445-JW (HRL) at 20:20-27; 21:1-8.)

13. Mr. Schroeder is represented in this action by the same counsel that represents him in the shareholder derivative litigation. The shareholder derivative litigation is also pending before this Court. Compelling disclosure of Skadden's work product to Schroeder and his counsel in this action would harm KLA in the related litigation by permitting Schroeder, KLA's litigation adversary, access to confidential attorney work product to which he would not be entitled in the related derivative litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on September 15, 2008, in San Francisco, California.

/s/
Timothy A. Miller