SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
JAMES E. LYONS  (State Bar No. 112582)
TIMOTHY A. MILLER (State Bar No. 154744)
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
Telephone:  (415) 984-6400
Facsimile:  (415) 984-2698
E-mail:      jlyons@skadden.com
            tmiller@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
RICHARD MARMARO (Cal. Bar No. 91387)
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
Email:       rmarmaro@skadden.com

Attorneys for Non-Parties Skadden, Arps, Slate, Meagher & Flom LLP
and Individual Skadden Attorneys

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>KENNETH L. SCHROEDER,<br><br>Defendant.<br><br>_____ | Case No. C 07-3798 (JW) (HRL)<br><br>**[PROPOSED] PROTECTIVE ORDER UNDER FED. R. CIV. P. RULES 26(C) AND 45(C) PROHIBITING DISCLOSURE OF THE DOCUMENTS AND TESTIMONY OF SKADDEN**<br><br>Date:  September 23, 2008<br>Time:  10:00 a.m.<br>Courtroom:    8<br>Judge:  Magistrate Judge Howard R. Lloyd |

The Motion of Defendant Kenneth L. Schroeder to Compel Further Responses to Discovery Requests by (1) KLA-Tencor Corporation and (2) Skadden, Arps, Slate, Meagher & Flom LLP, Attorneys for the Special Committee of KLA's Board of Directors (the "Motion to Compel") came on for hearing on September 23, 2008.

With respect to Skadden, Schroeder's Motion to Compel seeks the disclosure of (i) notes taken by Skadden attorneys at interviews conducted by Skadden in connection with an investigation conducted by Skadden's client, the Special Committee of the KLA-Tencor Corporation Board of Directors (the "Special Committee") into historical stock option granting practices at KLA, (ii) attorney drafts of interview memoranda prepared by Skadden attorneys during that investigation, (iii) testimony of Skadden attorneys regarding their recollections of those interviews, and (iv) documents and communications concerning the Special Committee investigation. Schroeder concedes that he has received the final versions of all interview memoranda prepared by Skadden attorneys during the Special Committee's investigation. Schroeder does not contest Skadden's claim that the attorney notes and draft interview memoranda sought in the Motion to Compel have never been shared outside of Skadden (including with Skadden's client, the Special Committee). Schroeder also concedes that Schroeder and KLA are litigation adversaries in shareholder derivative litigation pending before this Court.

Skadden objects to the production of the documents and testimony sought in Schroeder's Motion to Compel on the ground that the documents and testimony are protected from disclosure under the attorney work product doctrine.

In his Reply brief, Schroeder argued for the first time that Skadden, as a non-party, is not permitted to claim protection under the attorney work product doctrine because Rule 26(b)(3) of the Federal Rules of Civil Procedure applies only to parties to this action, citing primarily *In re California Public Utilities Commission*, 892 F.2d 778, 781 (9th Cir. 1989). In light of this new argument, Schroeder and Skadden stipulated to the filing of a five page surreply by Skadden and that Skadden's surreply would constitute a motion under Rule 26(c) and Rule 45(c) of the Federal

1

1  Rules of Civil Procedure for a protective order prohibiting the disclosure of the documents and

2  testimony sought in the Motion to Compel that Skadden claims constitute its work product.

3      Having considered the supporting and opposing papers, the papers and pleadings on file,

4  and being fully advised in this matter,

5      IT IS HEREBY FOUND AND ORDERED THAT:

6      1.    The documents and testimony sought by Schroeder from Skadden in his Motion to

7  Compel constitute Skadden's attorney work product in that they were prepared in anticipation of

8  litigation by and against KLA with respect to historical option granting practices at KLA and the

9  disclosure of the documents and testimony would reveal the mental impressions of Skadden

10  attorneys. *See Upjohn Co. v. United States*, 449 U.S. 383, 399-400 (1981) ("Forcing an attorney to

11  disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it

12  tends to reveal the attorney's mental processes."); *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

13      2.    Schroeder contends that Skadden may not claim protection under the attorney work

14  product doctrine because Rule 26(b)(3) of the Federal Rules of Civil Procedure applies only to

15  parties to this action, replying primarily on *In re California Public Utilities Commission*, 892 F.2d

16  778, 781 (9th Cir. 1989) ("CPUC").  Neither *CPUC* nor the other cases cited by Schroeder

17  involved a situation where a party to the underlying action sought, through the subpoena power, to

18  compel a third party to produce attorney work product where that third party was the requesting

19  party's adversary in related litigation arising from the same subject matter.  But the Court need not

20  reach this issue because the Federal Rules of Civil Procedure provide for the issuance of a

21  protective order prohibiting the disclosure of the requested documents if the subpoenas "require[]

22  disclosure of privileged or other protected matter," Fed. R. Civ. P. 45(c)(3)(A)(iii), or to protect

23  Skadden and its client from "annoyance, embarrassment, oppression, or undue burden or expense,"

24  Fed. R. Civ. P. 26(c).

25      3.    The Court finds that Schroeder and KLA are adversaries in related litigation.

26  Schroeder and KLA are also potential adversaries with respect to certain claims threatened by

27  Schroeder.  The documents at issue were created by Skadden for its client, the Special Committee,

28  in connection with an investigation authorized by KLA's Board of Directors.  The Court finds that

2

1  permitting disclosure of Skadden's work product (whether in the form of documents reflecting that

2  work product or testimony by Skadden attorneys) to KLA's litigation adversary would be

3  oppressive and would impose an undue burden on KLA in the related shareholder derivative action.

4      4.    Accordingly, pursuant to Rules 45(c)(3)(A)(iii) and 26(c) of the Federal Rules of

5  Civil Procedure, the Court hereby issues a protective order forbidding the disclosure to Schroeder

6  of the documents and testimony sought from Skadden in the Motion to Compel.

7      IT IS SO ORDERED.

8  Dated: _____

9                    By: _____

10                            Howard R. Lloyd
                           United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PROHIBITING DISCLOSURE OF ATTY WORK PRODUCT – CASE NO. C 07-3798 JW (HRL)
208450 San Francisco Server 1A - MSW