IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Securities and Exchange Commission,<br><br>　　　　Plaintiff,<br>　v.<br><br>Kenneth L. Schroeder,<br><br>　　　　Defendant._____/ | NO. C 07-03798 JW<br><br>**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |

## I. INTRODUCTION

On June 9, 2008, Defendant filed a Motion to Compel Further Responses to Discovery Requests by non-parties KLA-Tencor Corp. ("KLA") and the law firm of Skadden, Arps, Slate, Meagher & Flom ("Skadden"). (Docket Item No. 75.) In his Motion, Defendant sought an order compelling:

(1) KLA to (a) produce documents about communications with or involving the Company's inside and outside attorneys relating to KLA's option granting and accounting practices, (b) permit its current and former attorneys, officers, directors, and employees to testify as to the same, and (c) refrain from instructing the deponents not to answer or from otherwise preventing the on the grounds of attorney-client privilege and/or work product protection;

(2) Skadden to (a) produce the original attorneys' notes and all versions of memoranda they prepared based on witness interviews they conducted on behalf of the Special Committee and (b) testify as to the same;

(3) KLA and Skadden to produce documents and provide testimony about all communications with government agencies, including documents orally referenced or discussed, but not left with those agencies;

1  (4) KLA and Skadden to produce all documents and communications shared with KLA's outside auditors relating to KLA's option granting practices and the Special Committee's investigation; and

2  (5) Skadden to produce all documents and communications concerning the Special Committee investigation.

(See April 27 Order at 5.)

On September 23, 2008, a hearing on Defendant's Motion was held before Magistrate Judge Lloyd. On April 27, 2009, Judge Lloyd issued an Order Granting in Part and Denying in Part Defendant's Motion to Compel Further Responses to Discovery Requests. (hereafter, "April 27 Order, Docket Item No. 117.) With respect to discovery sought from KLA, Judge Lloyd found that KLA agreed to produce the requested documents, without objections as to privilege or work product, subject to a protective order relating to the use of those documents. (Id. at 6.) Accordingly, Judge Lloyd denied as moot Defendant's motion to compel with respect to KLA. (Id. at 7.)

With respect to Skadden, Judge Lloyd ruled as follows: First, Defendant was not permitted discovery into Skadden's interview notes and draft memoranda, from which Skadden produced Final Interview Memoranda for presentation to the Special Committee and the SEC.[1] (Id. at 9.) Second, Skadden agreed to produce communications with government entities, subject to a protective order. Judge Lloyd thus denied this request as moot. (Id. at 12.) Third, Defendant was not permitted discovery into documents relating to communications between the Special Committee and PwC, KLA's outside auditor. (Id. at 14.) Fourth, Defendant was denied discovery into communications between Skadden and the Special Committee. Finally, Defendant was permitted access into certain communications between and among Skadden, the Special Committee, KLA, KLA's outside counsel, and Skadden's forensic consultant. (Id. at 16-19.)

Presently before the Court are Defendant's Objections to Order Granting in Part and Denying in Part Defendant's Motion to Compel Further Responses to Discovery Requests. (hereafter, "Objections," Docket Item No. 121.) The Court finds it appropriate to take the motion under submission without oral argument. See Civ. L.R. 7-1(b).

---

[1] The Final Interview Memoranda were produced to Defendant. (April 27 Order at 9.)

2

## II. DISCUSSION

Defendant objects to Judge Lloyd's April 27 Order on the grounds that Judge Lloyd (1) improperly imposed a protective order on the discovery permitted from KLA and Skadden; (2) erred by ruling that Skadden's interview notes and draft memoranda are opinion work product; and (3) erred by ruling that production to outside auditors is not a waiver of the work product protection.[2] The Court considers each objection in turn.

A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as an order to compel discovery, if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).

First, Defendant objects to Judge Lloyd's ruling that various aspects of Defendant's Motion to Compel were mooted by the willingness of KLA and Skadden to provide the discovery sought, subject to a protective order. (Objections at 8-14.) The primary thrust of Defendant's objection in this regard is that Judge Lloyd failed to place the burden of justifying a protective order on KLA and Skadden.

A reading of the April 27 Order demonstrates that Judge Lloyd sought to balance Defendant's legitimate needs to mount an effective defense with the interests of non-parties in maintaining the confidentiality of some discoverable information. In particular, Judge Lloyd stated that "there is no longer any issue as to Schroeder's access to the KLA information he says he needs." (April 27 Order at 7.) Judge Lloyd, however, also expressed concern with Defendant's apparent desire to "use whatever discovery he obtains from KLA in the court of public opinion." (Id.) This issue was of import because, as Judge Lloyd also noted, Defendant's Motion to Compel was "not a focused inquiry," which prevented Judge Lloyd from making particularized determinations as to the applicability of attorney-client and work product protections. (Id. at 5-7.) Ultimately, Judge Lloyd reasoned that the best approach was to permit Defendant to have access to the desired documents,

---

[2] KLA and Skadden both oppose Defendant's Objections. (See Skadden Opposition, Docket Item No. 129; KLA Opposition, Docket Item No. 131.)

3

1   but "without knowing exactly what [those] documents say . . . [Judge Lloyd saw] no reason to allow
2   Schroeder to have unfettered use of the information in question." (Id. at 7.) Indeed, Judge Lloyd
3   did not even impose the terms of the protective order, but left it to the parties to establish the terms,
4   and specifically stated that "Defendant may make an application to this court" to make public use of
5   particular documents. (Id.) Accordingly, the Court finds nothing clearly erroneous in Judge Lloyd's
6   determination that Defendant's receipt of KLA documents is appropriately tethered to the imposition
7   of a mutually agreed upon protective order. This is especially the case in light of the somewhat
8   amorphous contours of the documentary discovery on which Judge Lloyd ruled.

9   Second, Defendant contends that Judge Lloyd improperly determined that Skadden interview
10  notes and draft interview memoranda were opinion work product. (Objections at 14.) Defendant
11  asserts that, because the Final Interview Memoranda were shared with the government, work
12  product protection was waived for the notes and drafts leading to the preparation of the Final
13  Memoranda. (Id. at 15.) Upon review of the April 27 Order, the Court finds that Judge Lloyd
14  appropriately reasoned that the notes and drafts were "prepared in anticipation of litigation," and
15  thus subject to the work product protection. (April 27 Order at 9 (quoting Fed. R. Civ. P. 26(b)(3)).)
16  The Court finds that Judge Lloyd was not clearly erroneous in distinguishing the Final Memoranda
17  from the preparative notes and drafts for purposes of establishing the contours of the applicable
18  work product protection. Furthermore, Judge Lloyd expressly noted that Defendant demonstrated
19  no compelling need for the documents in question, or that those documents contain otherwise
20  undiscoverable information that is crucial to his defense. (Id. at 11-12.)

21  Third, Defendant contends that Judge Lloyd erred by finding that there was no waiver of the
22  work product protection for documents shared with KLA's outside auditors. (Objections at 16.)
23  Defendant contends that Judge Lloyd erred in making this determination, as a matter of law. Upon
24  review of the competing contentions, it appears that Defendant agrees with Judge Lloyd's
25  determination that there is a split of authority in the federal courts as to whether disclosure to outside
26  auditors constitutes a waiver of work product protection. (See Objections at 16; April 27 Order at
27  13.) Although Defendant disagrees with Judge Lloyd's decision that the split of authority should be
28

4

resolved in favor of non-waiver, Defendant offers no controlling authority in support of his position upon which Judge Lloyd failed to rely. The Court thus has no basis to find that Judge Lloyd erred as a matter of law in this determination.

### III. CONCLUSION

In sum, the Court finds that Judge Lloyd committed no clear error in addressing Defendant's Motion to Compel. Accordingly, the Court OVERRULES Defendant's objections. In light of this Order, the hearing on the Motion currently set for June 15, 2009 is VACATED.

Dated: June 10, 2009

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alice L. Jensen ajensen@fenwick.com
Arlena Victoria Carrozzi arlena.carrozzi@dlapiper.com
David Allen Priebe david.priebe@dlapiper.com
Elena Ro roe@sec.gov
Elliot Remsen Peters epeters@kvn.com
James Elliot Lyons jlyons@skadden.com
Jeffrey Bruce Coopersmith jeff.coopersmith@dlapiper.com
Jeffrey S. Facter jfacter@shearman.com
Jonathan B. Gaskin jgaskin@orrick.com
Joni L. Ostler jostler@wsgr.com
Judith L. Anderson andersonju@sec.gov
Lanelle Kay Meidan lanelle.meidan@skadden.com
Marc J. Fagel fagelm@sec.gov
Mark Philip Fickes fickesm@sec.gov
Matthew Eric Sloan Matthew.Sloan@skadden.com
Richard Marmaro rmarmaro@skadden.com
Shirli Fabbri Weiss shirli.weiss@dlapiper.com
Steven Keeley Taylor skt@kvn.com
Stuart L. Gasner slg@kvn.com
Susan F. LaMarca lamarcas@sec.gov
Thomas R. Green tgreen@morganlewis.com
Timothy Alan Miller tmiller@skadden.com

**Dated: June 10, 2009**                             **Richard W. Wieking, Clerk**

                                                **By:    /s/ JW Chambers**
                                                      **Elizabeth Garcia**
                                                      **Courtroom Deputy**

United States District Court
For the Northern District of California