SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH (Bar No. 252819)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

*ORDER E-FILED 6/18/2009*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant.* | No. C 07 3798 JW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DOCUMENTS PRODUCED BY NON-PARTY FEDERAL BUREAU OF INVESTIGATION** |

# STIPULATION

WHEREAS Defendant Kenneth L. Schroeder has subpoenaed the production of documents from non-party the Federal Bureau of Investigation ("FBI"), identified and described as follows: (i) "All Federal Bureau of Investigation ("FBI") Form FD-302s, and any other reports of investigation, memoranda and DOCUMENTS reflecting witness interviews, from any investigation of the stock option granting practices of KLA-Tencor Corporation or any director, officer, employee, or agent thereof"; and (ii) "All DOCUMENTS and other materials provided to [the FBI ] by the SEC CONCERNING any investigation of KLA-Tencor Corporation or any director, officer, employee, or agent thereof" (*see* Subpoena for Records to the FBI dated June 16, 2009 (attached hereto as Exhibit 1));

WHEREAS after preliminary review of this matter, the FBI has concluded that all responsive records are subject to the restrictions of the Privacy Act, 5 U.S.C. § 552a(b); and

WHEREAS the parties agree to entry of this Stipulation and [Proposed] Protective Order (the "Protective Order") pursuant to 5 U.S.C. § 552a(b)(11) (permitting disclosure of otherwise protected records if done pursuant to the order of a court of competent jurisdiction);

Mr. Schroeder, the SEC and the FBI therefore stipulate and agree as follows:

1. The FBI may produce non-privileged documents which are responsive to Mr. Schroeder's subpoena upon approval of this Protective Order. Under the authority of the Court conferred by Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552(a)(b)(11), such production will not be contrary to the Privacy Act.

2. Documents produced by the FBI shall be held in confidence by counsel. Specifically, FBI records produced pursuant to authority of this Protective Order shall be made available only to counsel, consultants and advisors of counsel, the parties represented by counsel, and to witnesses during the course of oral depositions in this case, as further described in paragraph 4 of this Protective Order. Unless otherwise agreed by counsel or ordered by the Court, such documents may be used only for the purpose of this litigation, and all copies will be destroyed by the parties at the termination of this case.

3. All persons having access to the documents produced under this Protective Order will first agree not to further disclose the documents, or the information they contain, other than in conformance with this Protective Order (or such further order as the Court may enter), and/or the provisions of the Privacy Act, 5 U.S.C. § 552a. Each person who has been granted access to the documents will evidence such agreement by executing an Acknowledgment of Protective Order and serving all counsel. A sample Acknowledgment has been attached hereto as Exhibit 2.

4. Unless the Court shall have first entered an order modifying the limitations of this Protective Order on further disclosure of documents and the information they contain, if a document or information contained therein, subject to this Protective Order, is used as evidence in a deposition or other discovery proceeding in this case, that portion of the deposition or other discovery proceeding shall be subject to this Protective Order and may only be entered into the record in this case under seal.

Dated: June 17, 2009          DLA PIPER LLP (US)

                              By: /s/ Jeffrey B. Coopersmith
                              JEFFREY B. COOPERSMITH

                              Attorneys for Defendant
                              KENNETH L. SCHROEDER

Dated: June 17, 2009          SECURITIES AND EXCHANGE COMMISSION

                              By: /s/ Susan F. LaMarca
                              MARK FICKES
                              SUSAN F. LAMARCA

                              Attorneys for Plaintiff
                              SECURITIES AND EXCHANGE COMMISSION

Dated: June 17, 2009

By: /s/ Brenda Atkinson
BRENDA ATKINSON
Associate Division Counsel
Federal Bureau of Investigation

Attorneys for Non-Party
FEDERAL BUREAU OF INVESTIGATION

### PROPOSED ORDER

Pursuant to stipulation, **IT IS SO ORDERED.**

Dated: June 18, 2009

_____
HOWARD R. LLOYD
United States Magistrate Judge

WEST\21735543.3

**EXHIBIT 1**

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>*Plaintiff*<br>v.<br>KENNETH L. SCHROEDER<br>*Defendant* | Civil Action No.  C 07-3798 JW<br><br>(If the action is pending in another district, state where: |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: Federal Bureau of Investigation, c/o Brenda Atkinson, Associate Division Counsel, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents responsive to the requests set forth in Attachment A hereto.

| Place: DLA PIPER LLP (US), 555 Mission Street, Suite 2400<br>San Francisco, CA 94105-2933<br>Phone: (415) 836-2500 | Date and Time:<br><br>06/23/2009 10:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___06/16/2009___

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Kenneth L. Schroeder__
_____, who issues or requests this subpoena, are:

Jeffrey B. Coopersmith, DLA Piper LLP (US) 701 Fifth Avenue, Suite 7000, Seattle, WA 98104;
jeff.coopersmith@dlapiper.com; (206) 839-4800

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. C 07-3798 JW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A TO SUBPOENA TO FEDERAL BUREAU OF INVESTIGATION

## *SEC v. Schroeder*

## DEFINITIONS

1. "YOU" and "YOUR" shall mean and refer to the Federal Bureau of Investigation, including its agents, custodians, attorneys, expert consultants, paralegals, representatives, or other persons acting under the Federal Bureau Investigation's direction or control.

2. "COMMUNICATION(S)" shall mean the exchange of information by any means, including without limitation telephone, telecopy, facsimile, electronic mail, text message, or other electronic medium, letter, memorandum, notes or other writing method, meeting, discussion, conversation or other form of verbal expression.

3. "CONCERN" or "CONCERNING" shall mean relating to, referring to, describing, discussing, memorializing, reflecting, containing, evidencing or constituting.

4. "DOCUMENT(S)" shall mean and include all "writings" as "writings" is defined in the Federal Rules of Evidence, Rule 1001(1), as well as all writings of any nature whatsoever within YOUR possession, custody or control, including but not limited to, contracts, agreements, COMMUNICATIONS, correspondence, telegrams, electronic mail, memoranda, records, power point presentations, reports, books, summaries, records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, forecasts, statistical statements, billing records, work papers, drafts, copies, graphs, accounts, analytical records, minutes and other records of meetings, conferences, consultant reports, appraisals, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, notes, personal notes, handwritten notes, marginal notations, bills, invoices, checks, photographs, brochures, lists, journals, advertising, computer tapes, disks, or other computer storage media, electronic or magnetic storage media, and all other matter, printed, recorded or photographic matter or sound reproductions, including video and audio tapes, however produced or reproduced.

5. "SEC" shall mean and refer to the United States Securities and Exchange Commission, including its agents, custodians, attorneys, paralegals, expert consultants,

representatives, or other persons acting under the United States Securities and Exchange Commission's direction or control.

## INSTRUCTIONS

1. If any DOCUMENTS described in these Demands are not produced as demanded, then with respect to each such DOCUMENT please state:

    (a) The name, present or last known address, telephone number, present or last known business affiliation and location, job title and job responsibilities of the DOCUMENT's author, drafter or originator, each PERSON who edited, corrected, revised, amended or reviewed the DOCUMENT, each PERSON who entered any initials, comments or notations into the DOCUMENT, and each recipient of the DOCUMENT or a copy thereof;

    (b) The DOCUMENT date;

    (c) A description of the DOCUMENT's subject matter or general nature (i.e., opinion of counsel, report, letter);

    (d) The basis for not producing the DOCUMENT or a copy thereof; and

    (e) The present location of the DOCUMENT and every copy thereof, and the name of the PERSON in each location having custody or control of the DOCUMENT or a copy.

2. This Demand for production requires that the DOCUMENTS be produced in the same form and in the same order in which they existed prior to production.

3. This Demand for production is a continuing demand for all DOCUMENTS which are described herein which may hereafter come into YOUR possession, custody, or control.

4. In the event that any DOCUMENTS referred to in YOUR response are not in YOUR possession, custody, or control, please specify what disposition was made of them and by whom the DOCUMENTS are now possessed, held in custody, or controlled.

5. Wherever it is necessary to bring within the scope of these Demands DOCUMENTS that might otherwise be construed to be outside its scope:

    (a) The words "and" and "or" shall be construed both disjunctively and conjunctively;

    (b) The words "any" and "all" shall be construed to mean "any and all;"

(c) The singular shall include the plural, and vice versa; and

(d) The words "include(s)" and "including" shall be construed to mean "including without limitation."

6. These Demands require that YOU make available for inspection and copying each responsive DOCUMENT or tangible thing that is within YOUR actual or constructive possession, custody, care or control, including DOCUMENTS that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

7. Each category of DOCUMENTS in these Demands seeks production of each responsive DOCUMENT in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

8. If a portion of an otherwise responsive DOCUMENT contains information subject to a claim of privilege, only those portions of the DOCUMENT subject to the claim of privilege shall be deleted or redacted from the DOCUMENT, and the rest of the DOCUMENT shall be produced.

9. Any DOCUMENT responsive to any category of these Demands that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

(a) The manner of disposal, including destruction, loss, discarding, or any other means of disposal;

(b) The date of disposal;

(c) The reason for disposal;

(d) The person authorizing disposal;

(e) The person disposing of the DOCUMENT; and

(f) The name and address of the most recent custodian of the DOCUMENT.

10. TIME PERIOD OF DEMANDS: Unless otherwise specified, the time period covered by these Demands is May 1, 2006 through the present.

3

## DEMAND FOR PRODUCTION OF DOCUMENTS AND THINGS

### PRODUCTION DEMAND NO. 1

All Federal Bureau of Investigation ("FBI") Form FD-302s, and any other reports of investigation, memoranda and DOCUMENTS reflecting witness interviews, from any investigation of the stock option granting practices of KLA-Tencor Corporation or any director, officer, employee, or agent thereof.

### PRODUCTION DEMAND NO. 2

All DOCUMENTS and other materials provided to YOU by the SEC CONCERNING any investigation of KLA-Tencor Corporation or any director, officer, employee, or agent thereof.

**EXHIBIT 2**

SHIRLI FABBRI WEISS (Bar No. 079225)
DAVID PRIEBE (Bar No. 148679)
JEFFREY B. COOPERSMITH (Bar No. 252819)
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel: (650) 833-2000
Fax: (650) 833-2001
Email: shirli.weiss@dlapiper.com
Email: david.priebe@dlapiper.com
Email: jeff.coopersmith@dlapiper.com

ELLIOT R. PETERS (Bar No. 158708)
STUART L. GASNER (Bar No. 164675)
**KEKER & VAN NEST LLP**
710 Sansome Street
San Francisco, CA 94111
Tel: (415) 391-5400
Fax: (415) 397-7188
E-mail: EPeters@KVN.com
E-mail: SGasner@KVN.com

Attorneys for Defendant
KENNETH L. SCHROEDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>KENNETH L. SCHROEDER,<br><br>*Defendant*. | No. C 07 3798 JW<br><br>**ACKNOWLEDGEMENT OF STIPULATION AND PROTECTIVE ORDER** |

1  I, _____, hereby acknowledge, under penalty
2  of perjury, that I have read the Stipulation and Order filed with this Court on June 17, 2009. I am
3  familiar with the specific terms of the Stipulation and Order and agree to be bound by its terms. I
4  further understand that I am subject to the contempt powers of this Court for violation of the
5  Stipulation and Order.

7  _____

10  Date: _____

16  WEST\21736356.2