**\*\* E-Filed July 14, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br>v.<br>LISA C. BERRY,<br>    Defendant. | No. C07-04431 RMW (HRL)<br>**[Re: Docket No. 99]** |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br>v.<br>KENNETH L. SCHROEDER,<br>    Defendant. | No. C07-03798 JW (HRL)<br>**[Re: Docket No. 146]**<br><br>**ORDER DENYING LISA C. BERRY'S MOTION FOR (A) PROTECTIVE ORDER REGARDING HER DEPOSITION AND (B) JOINT DEPOSITIONS OF CERTAIN WITNESSES** |

In 2007, the Securities and Exchange Commission (the "SEC") filed two securities fraud actions: one against Lisa C. Berry, *SEC v. Berry*, C07-04431 RMW ("*Berry*"), and another against Kenneth L. Schroeder, *SEC v. Schroeder*, C07-03798 JW ("*Schroeder*"). These suits concern alleged illegal stock option backdating at KLA-Tencor Corporation ("KLA") and Juniper Networks, Inc. ("Juniper"). Berry was the General Counsel for KLA from September 1996 through June 1999 and thereafter was the General Counsel for Juniper until January 2004.

1  Schroeder held several officer and board positions at KLA, including Chief Executive Officer,
2  from April 1997 to January 2006. Berry is a third-party witness in *Schroeder*, and Schroeder is
3  a third-party witness in *Berry*.

4  The presiding judge in *Berry* ordered that deposition discovery was to begin in October
5  2008. (Haag. Supplemental Dec. Ex. A.) However, the parties agreed to delay deposing Berry
6  until after this court issued an order for a motion to compel in *Schroeder*. (Haag Dec. ¶ 9;
7  LaMarca Dec. ¶ 8.) This court entered that order on April 27, 2009. (C07-03798, Docket No.
8  117.) The SEC has noticed her deposition in *Berry* for August 5, 2009; Schroeder has noticed
9  her deposition in *Schroeder* for September 2009.

10  Berry now moves for a protective order that (1) further postpones her depositions in
11  both cases until thirty days after she receives documents sought by a pending motion to compel
12  and (2) requires that the SEC and Schroeder jointly depose her for both cases in a single, two-
13  day deposition. She also requests that the court order joint depositions for each KLA employee
14  witness common to both actions. The SEC opposes the motion in full; Schroeder opposes it in
15  part. The court agreed to hear the matter on shortened time. Upon consideration of the papers
16  filed by the parties, as well as the arguments presented at the motion hearing, this court
17  DENIES Berry's motion.

18  **LEGAL STANDARD**

19  The federal rules provide for liberal discovery. *See* Fed. R. Civ. P. 26(b)(1).
20  Nevertheless, upon a showing of good cause, the court may limit the broad scope of discovery
21  "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or
22  expense." Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of
23  showing good cause, *Blankenship v. Hearst*, 519 F.2d 418 (9th Cir. 1975), and must show the
24  specific prejudice or harm that will result if the court does not grant the protective order, *Foltz*
25  *v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). The party must also
26  demonstrate that its good cause outweighs any burden the other party may suffer as a result of
27  the limitation. *Wood v. McEwen*, 644 F.2d 797, 801–02 (9th Cir. 1981).
28  ///

**DISCUSSION**

**A. Postponement of Berry Deposition**

Berry argues that her depositions in both the *Berry* and *Schroeder* actions should be postponed until after she obtains and reviews documents she requested from KLA, the Special Committee of KLA's Board of Directors, and the law firm Wilson Sonsini Goodrich and Rosati that have been withheld on privilege grounds.[1] Although she has a pending motion to compel these documents, Berry advises that she hopes to obtain the documents by the end of July.[2]

Berry says that she will suffer significant prejudice if she is unable to refresh her memory with these documents prior to her deposition. She claims that the documents are highly relevant and crucial to her defense. She also maintains that because the events in question occurred over ten years ago, she needs to review these documents to effectively prepare for deposition. She claims the SEC will not suffer prejudice by a short delay because it reportedly has performed little discovery in the case and has been completely inactive for the past nine months. Schroeder is unopposed to a postponement of Berry's deposition as long as the issues raised in her motion to compel are quickly resolved.

The SEC objects that it has a right to take Berry's deposition regardless of whether she has reviewed all the documents she desires in advance. It notes that a deposition is not the time for Berry to present her full case, but rather is to provide the SEC the opportunity to directly hear her version of events. It avers that it already provided Berry with millions of pages of documents for review and that she has had access to additional KLA and Juniper documents. The SEC also claims that Berry has not met and conferred in good faith to schedule her deposition, but has instead offered varying reasons for delay throughout the history of the case. It indicates that it wishes to depose Berry without further delay so it can plan further discovery based on her responses. It asserts that it would therefore be prejudicial to delay her deposition.

---

[1] These documents include communications between Berry and outside counsel and auditors, as well as communications between Berry and other KLA employees.

[2] The motion is scheduled for August 4, 2009. The parties involved are drafting a protective order based upon one this court entered for *Schroeder* on July 7, 2009. (C07-03798, Docket No. 165.) Berry's counsel advised the court that once the protective order is on file, she may be in a position to take the motion off this court's calendar or continue it to a later date.

3

1    Although Berry's argument for a protective order emphasizes the importance of these
2 particular documents to her overall defense, the issue before the court today is not the relevance
3 of the documents or whether they may ultimately disprove Berry's liability.  Instead, the court
4 must decide whether she has demonstrated good cause to resist a properly noticed deposition
5 until she has these documents in hand.[3]  Berry has provided no legal support for the position
6 that the court must limit the timing of her depositions until after she reviews all relevant
7 documents.  If either the SEC or Schroeder ask her questions for which she has no memory, she
8 may respond that she lacks personal knowledge about the matter.  Furthermore, if she obtains
9 the documents later, she will not be precluded from trying to use them in her defense, even if
10 she denied personal knowledge about them during her deposition.  Berry has therefore not
11 shown good cause for a protective order at this time.

12    Even if Berry had shown good cause, the court is not convinced that the SEC would
13 not be unfairly prejudiced by a court-ordered delay in her deposition.  The SEC filed the *Berry*
14 action nearly two years ago.  It tried to set a date for her deposition shortly after filing the
15 complaint and made several later attempts as well.  The most recent delay appears to be a direct
16 result of its agreement with Berry to postpone her deposition until the court decided a motion to
17 compel in *Schroeder*.  Berry's assertion that the SEC knows her defenses from her answer to the
18 complaint and her two motions to dismiss is also unavailing.  These court actions are not a
19 substitute for an oral deposition.  Berry's motion as to this matter is therefore DENIED.

20 **B.    Joint Berry-Schroeder Deposition**

21    Berry also asks the court to limit her depositions in these actions to a single, joint, two-
22 day deposition conducted by both the SEC and Schroeder.  She asserts there is "considerable
23 overlap" in the SEC's allegations in the two cases as they pertain to her, (Mot. 6), and as a
24 result, her testimony will be identical in both depositions, especially as it relates to KLA.  Berry
25 argues that she has good cause for a protective order because the SEC would otherwise be able
26 to depose her twice about the same matters.  Schroeder agrees that he and the SEC should
27 ///

---

[3] Berry's position is also predicated on a presumption that the court will grant her motion to compel—but that matter is also not before the court today.

4

jointly conduct Berry's deposition. However, he does not believe that a joint deposition will result in saving time, especially as he does not agree with Berry's proposed two-day limitation.

The SEC counters that Berry's third-party notice in *Schroeder*, a case unrelated to *Berry*, does not provide good cause to force a joint deposition. It asserts that it has a right to conduct Berry's deposition outside of the presence of a defendant in a separate case. It also raises the concern that a joint deposition will result in adverse parties (the SEC and Schroeder) trying to depose her at the same time, but with differing purposes. In addition, it states that it will ask Berry different questions as a defendant in *Berry* than it will as a witness in *Schroeder*. It further notes that most of the conduct at issue in *Berry* took place while Berry worked at Juniper, and thus will not be relevant to questions it might ask for *Schroeder*.

The court is unpersuaded that Berry's deposition testimony would be identical in both actions. First, Berry's involvement in the two actions—one as a party and one as a witness—serve different functions and may elicit different types of questions and responses, even for matters relating to KLA. Second, *Berry* involves more than just her conduct at KLA—it also includes her four-and-one-half years at Juniper. Thus, the SEC will spend time deposing Berry about conduct that is simply not relevant in the *Schroeder* case.

The court is also not convinced that a joint deposition of Berry would improve efficiency. Although efficiency is a factor to consider when balancing good cause with the burden caused by a protective order, *Glenmede Trust Co. v. Thompson*, 46 F.3d 476, 483 (3d Cir. 1995), Berry's proposal is not efficient under the circumstances. A joint deposition in these actions would likely add unnecessarily to the complexity of the deposition and only increase disputes. As a result, Berry's motion as to this matter is DENIED.

**C.      Joint Common Witness Depositions**

Finally, Berry also argues that efficiency interests require the joint deposition of all current and former employees of KLA who are common witnesses in the two actions. The SEC opposes this request as it has already noticed or deposed several such witnesses for *Schroeder*. It indicates that it is willing to discuss the possibility of joint depositions where appropriate. Schroeder, too, is willing to discuss joint depositions, but does not want any such joint

5

1  examination to interfere with his case schedule, significantly curtail the time available for his
2  questions, or derail several depositions that have already been scheduled in his case.  Yet, he
3  asserts that several such witnesses have already refused to participate in separate depositions.
4      Requiring that an unknown number of witnesses be jointly deposed by three parties in
5  two separate actions is likely to cause more problems than it might solve.  The court is also
6  cognizant that any delay resulting from attempts to coordinate joint examinations risks
7  interfering with *Schroder's* scheduling order.  Although *Berry* has no scheduling order in place,
8  *Schroeder* is subject to a discovery cut-off date in March 2010.  (C07-03798, Docket No. 156.)
9  Furthermore, the *Berry* and *Schroeder* actions are being heard by different presiding judges and
10 are thus subject to different scheduling constraints.  Joint depositions for witnesses common to
11 the two actions are therefore at the discretion of the parties.  Berry's motion as to this matter is
12 DENIED.

14 **IT IS SO ORDERED.**

16 Dated: July 14, 2009

18     HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

6

**C 07-04431: Notice will be electronically mailed to:**

| | |
|---|---|
| Elena Ro | roe@sec.gov |
| James A. Meyers | jmeyers@orrick.com |
| James Neil Kramer | jkramer@orrick.com |
| Jeremy Emerson Pendrey | pendreyj@sec.gov |
| Judith L. Anderson | andersonju@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov |
| Lucy B. Ricca | lricca@orrick.com |
| Marc J. Fagel | fagelm@sec.gov |
| Mark Philip Fickes | fickesm@sec.gov |
| Melinda Haag | mhaag@orrick.com, vsweet@orrick.com |
| Mozhgan Saniefar | msaniefar@orrick.com, gpackard@orrick.com |
| Nancy E. Harris | nharris@orrick.com, vsweet@orrick.com |
| Randall Scott Luskey | rluskey@orrick.com, gpackard@orrick.com |
| Rebecca Felice Lubens | rlubens@orrick.com |
| Susan F. LaMarca | lamarcas@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov |
| Thomas R. Green | tgreen@morganlewis.com, lbuda@morganlewis.com |

**C 07-03798: Notice will be electronically mailed to:**

| | |
|---|---|
| Alice L. Jensen | ajensen@fenwick.com, cprocida@fenwick.com |
| Arlena Victoria Carrozzi | arlena.carrozzi@dlapiper.com |
| David Allen Priebe | david.priebe@dlapiper.com, margaret.austin@dlapiper.com, stacy.murray@dlapiper.com |
| Elena Ro | roe@sec.gov |
| Elliot Remsen Peters | epeters@kvn.com, aap@kvn.com, efiling@kvn.com |
| James Elliot Lyons | jlyons@skadden.com, btravagl@skadden.com, kvirdone@skadden.com, wacampbe@skadden.com |
| Jeffrey Bruce Coopersmith | jeff.coopersmith@dlapiper.com, bradley.meissner@dlapiper.com, evelyn.dacuag@dlapiper.com |
| Jeffrey S. Facter | jfacter@shearman.com, rcheatham@shearman.com |
| Jonathan B. Gaskin | jgaskin@orrick.com, mticzon@orrick.com |
| Joni L. Ostler | jostler@wsgr.com, pbaird@wsgr.com |
| Judith L. Anderson | andersonju@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov |
| Lanelle Kay Meidan | lanelle.meidan@skadden.com |
| Marc J. Fagel | fagelm@sec.gov |
| Mark Philip Fickes | fickesm@sec.gov |
| Matthew Eric Sloan | Matthew.Sloan@skadden.com, eaviad@skadden.com, jlyons@skadden.com, mtroost@skadden.com, rcho@skadden.com |
| Rebecca Felice Lubens | rlubens@orrick.com, jcopoulos@orrick.com |
| Richard Marmaro | rmarmaro@skadden.com, kcooley@skadden.com, ljohnsto@skadden.com, rmckaig@skadden.com |
| Shirli Fabbri Weiss | shirli.weiss@dlapiper.com |
| Steven Keeley Taylor | skt@kvn.com, efiling@kvn.com, nsn@kvn.com |
| Stuart L. Gasner | slg@kvn.com, dxc@kvn.com, efiling@kvn.com, jstiles@kvn.com, rjs@kvn.com |
| Susan F. LaMarca | lamarcas@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov |
| Thomas R. Green | tgreen@morganlewis.com, lbuda@morganlewis.com, |

7

| | |
|---|---|
| | mchiu@morganlewis.com |
| Timothy Alan Miller | tmiller@skadden.com, elanders@skadden.com, kvirdone@skadden.com, mborden@skadden.com, wacampbe@skadden.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

8