\*\* **E-filed October 13, 2009** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KENNETH L. SCHROEDER,<br><br>　　　　Defendant.<br>_____/ | No. C07-03798 JW (HRL)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR EXTRA HOURS FOR NYBERG DEPOSITION**<br><br>**[Re: Docket No. 179]** |

## INTRODUCTION

The Securities and Exchange Commission ("SEC") brings this civil suit against Kenneth Schroeder, former CEO of KLA Tencor ("KLA"), over his alleged involvement in the improper backdating of stock options. Here, Schroeder moves this court for an order allowing him two full days to depose Joy Nyberg, a former KLA employee who for a period of years had duties dealing with stock options. The SEC and Nyberg oppose the motion, arguing that a full and fair deposition can be done in one day and that—in any event—the court should not even consider a possible second day until after the first day is completed.[1]

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that, absent a stipulation or court order, "a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(1). Both sides have extensively cited cases which, they say, support their views. None of those cases demand a

---

[1] The court agreed to hear this motion on shortened time and indicated it intended to rule based on the papers without oral argument. *See* N.D. Cal. Civ. R. 7-1(b).

particular result here, and the court sees no need to discuss them.  Bottom line: the court should allow additional time if it is needed to allow Schroeder to "fairly examine" Nyberg.  And, it is Schroeder's burden to show that he really needs the extra time.

## DISCUSSION

Nyberg worked for KLA in the area of Compensation and Benefits from 1996 through 2004.  In order, she was a Manager, a Director, and—ultimately—Senior Director.  Schroeder asserts she was heavily "involved" in stock option grants.  In contrast, Nyberg describes herself as an "administrator," one of a number of persons in the Human Resources Department who handled stock option paperwork and followed the directions of others more senior.  This court wonders whether her actual role was somewhere in the middle between these two polar-opposite characterizations.

Schroeder says he needs two days for Nyberg because her name appears on hundreds (maybe thousands) of documents that have been produced, and because she had something to do with almost all of the stock option grants at issue in this case (exactly what, is not clearly described).  Also, she was extensively interviewed by KLA's Special Litigation Committee and by various agencies of the government.  This signifies, arguably, that she has much to say and that two days to depose her is surely fair.

In opposition, Nyberg and the SEC assert that Nyberg's name is on many of documents because her name was one of the search terms used to locate responsive documents.  Her role, they say, was administrative, not decision-making.  Schroeder has the summaries of each of her interviews, meaning he already knows what her testimony will be and, rather than wasting time in deposition establishing the parameters of her knowledge of relevant information, defendant has a road map enabling him to cut right to the chase.

Primarily, Schroeder's argument is a study in artful vagueness and an invitation for this court to rule based on conjecture rather than a solid, detailed showing.  He does not tell the court about the actual topics he intends to cover, or give any clue how he would budget the time if he did have two days.  He does not identify actual documents about which he intends to examine her or even say how many there will be.  He was, the court is informed, originally scheduled to take Nyberg's

2

deposition last month, which means that he should at this point be in a position to offer particulars, not sweeping generalizations.

In short, defendant has not constructed a convincing case why he needs two days with Nyberg. Also, with one caveat, he has not justified more than the normal seven hours. That one caveat is his representation that Nyberg is "the single most important witness in this complex case." (Mot. 8:13–16; *see also* Mot. 2:5.) Yes, the case does appear to be complex, and the court is sensitive—even if defendant's arguments otherwise fell short—to give him sufficient time with a witness who is the key to his defense.[2]

The court grants Schroeder ten hours to depose Nyberg. However, in order to maximize the most efficient use of deposition time, the ten hours is conditioned upon Schroeder delivering two sets of documents to Nyberg and the SEC by 5:00 p.m. on October 16, 2009. Set one shall be the documents that he intends to use in his examination of Nyberg. Set two shall be the documents he might use, and these documents are to be conscientiously chosen (i.e., no document "dump").

**IT IS SO ORDERED.**

Dated: October 13, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] This argument only works once. The court has been advised that there are many depositions to come. None of those upcoming deponents can plausibly also be labeled as "the most important witness."

3

**C 07-03798 Notice will be electronically mailed to:**

| | |
|---|---|
| Alice L. Jensen | ajensen@fenwick.com, cprocida@fenwick.com |
| Arlena Victoria Carrozzi | rlena.carrozzi@dlapiper.com |
| David Allen Priebe | david.priebe@dlapiper.com, margaret.austin@dlapiper.com, stacy.murray@dlapiper.com |
| Elena Ro | roe@sec.gov |
| Elliot Remsen Peters | epeters@kvn.com, aap@kvn.com, efiling@kvn.com |
| Flora F Vigo | fvigo@omm.com, dmeredith@omm.com |
| James Elliot Lyons | jlyons@skadden.com, btravagl@skadden.com, David.Zygarewicz@skadden.com, michael.troost@skadden.com, wacampbe@skadden.com |
| Jeffrey Bruce Coopersmith | jeff.coopersmith@dlapiper.com, bradley.meissner@dlapiper.com, evelyn.dacuag@dlapiper.com |
| Jeffrey S. Facter | jfacter@shearman.com, rcheatham@shearman.com |
| Jonathan B. Gaskin | jgaskin@orrick.com, mticzon@orrick.com |
| Joni L. Ostler | jostler@wsgr.com, pbaird@wsgr.com |
| Judith L. Anderson | andersonju@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov |
| Lanelle Kay Meidan | lanelle.meidan@skadden.com |
| Marc J. Fagel | fagelm@sec.gov |
| Mark Philip Fickes | fickesm@sec.gov |
| Matthew Eric Sloan | Matthew.Sloan@skadden.com, eaviad@skadden.com, jlyons@skadden.com, mtroost@skadden.com |
| Rebecca Felice Lubens | rlubens@orrick.com, jcopoulos@orrick.com, sjaffer@orrick.com |
| Richard Marmaro | rmarmaro@skadden.com, kcooley@skadden.com, ljohnsto@skadden.com, rmckaig@skadden.com |
| Robert James Slaughter | rslaughter@kvn.com, efiling@kvn.com, mls@kvn.com |
| Shirli Fabbri Weiss | shirli.weiss@dlapiper.com |
| Steven Keeley Taylor | skt@kvn.com, efiling@kvn.com, nsn@kvn.com |
| Stuart L. Gasner | slg@kvn.com, dxc@kvn.com, efiling@kvn.com, jstiles@kvn.com |
| Susan F. LaMarca | lamarcas@sec.gov, alcairoe@sec.gov, johnstonj@sec.gov |
| Thomas R. Green | thomas.green@usdoj.gov, daniel.charlier-smith@usdoj.gov |
| Timothy Alan Miller | tmiller@skadden.com, elanders@skadden.com, mborden@skadden.com, wacampbe@skadden.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**