```
MARC J. FAGEL (Cal. Bar No. 154425)
MARK P. FICKES (Cal Bar No. 178570)
  fickesm@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
ELENA RO (Cal. Bar No. 197308)
  roe@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>KENNETH L. SCHROEDER,<br><br>    Defendant. | Case No. C-07-3798 JW<br><br>[PROPOSED] PARTIAL FINAL JUDGMENT AS TO DEFENDANT KENNETH L. SCHROEDER |

### PARTIAL FINAL JUDGMENT AS TO KENNETH L. SCHROEDER

The Securities and Exchange Commission having filed a Complaint and Defendant Kenneth L. Schroeder ("Mr. Schroeder") having entered a general appearance and having submitted the Consent of Defendant Kenneth L. Schroeder to Entry of Partial Final Judgment ("Consent"), in which he has admitted the Court's jurisdiction over him and the subject matter of this action; consented to the entry of this Partial Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to a trial on the issues resolved herein or to an appeal from this Partial Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act, 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

**V.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with

any of them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-2 of the Exchange Act, 17 C.F.R. §240.13b2-2, by making or causing to be made a materially false or misleading statement, or by omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (A) any audit or examination of the financial statements of an issuer required to be made pursuant to the federal securities laws or (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the federal securities laws or otherwise.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 & 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the Commission's Rules, including annual reports on Form 10-K, quarterly reports on Form 10-Q and current reports on Form 8-K.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Rule 13a-14 of the Exchange Act, 17 C.F.R. § 240.13a-14, as a principal executive or principal financial officer of an issuer, or as a person performing similar functions, falsely certifying any report filed under 15 U.S.C. § 78m(a) (other than a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F under 17 C.F.R. § 240.13a-19), including reports filed on Forms 10-Q, Forms 10-QSB, Forms 10-K, or Forms 10-KSB.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or

otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other applicable criteria, and to maintain accountability for assets.

## X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9, 17 C.F.R. § 240.14a-9, by knowingly providing substantial assistance to an issuer's solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein (or in an earlier communication of a proxy for the same meeting or subject matter) not false or misleading.

## XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Schroeder and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Partial Final Judgment, by personal service or

otherwise, and each of them, are permanently enjoined and restrained from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and/or Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3, by failing to file, within the time period required, a statement setting for the amount (or any changes in the amount) of all equity securities of such issuer of which he is a director, an officer, or the beneficial owner of more than 10 percent of any class of equity security that is not exempt, which is registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Schroeder shall pay a civil penalty in the amount of $275,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §§ 77t(d) & 78u(d)(3), within ten (10) business days after entry of this Partial Final Judgment. The payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission and shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Kenneth L. Schroeder as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Partial Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid as a civil penalty pursuant to this paragraph to the United States Treasury.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon request of the Commission, the Court shall determine whether it is appropriate to enter an order, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], barring him from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g)

or 15(d) of the Exchange Act [15 U.S.C. §§78l(b), 78l(g), 78o(d)]. With respect to said determination, the Commission will ask the Court to impose no more than a five-year bar, and Mr. Schroeder will ask that no bar be imposed.

### XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Mr. Schroeder shall comply with all of the undertakings and agreements set forth therein.

### XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Partial Final Judgment.

### XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Partial Final Judgment forthwith and without further notice.

Dated: __June 25__, 2010

_James Ware_
**James Ware**
**UNITED STATES DISTRICT JUDGE**

Approved as to form:

_____
Shirli F. Weiss
David Priebe
Jeffrey B. Coopersmith
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, California 92101
Attorneys for Defendant Kenneth L. Schroeder

Submitted by:

_____
Susan F. LaMarca, Esq.
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street
Suite 2600
San Francisco, California 94104
Attorney for Plaintiff