IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Securities and Exchange Commission, | NO. C 07-03798 JW |
|     Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR DIRECTOR AND OFFICER BAR** |
| v. | |
| Kenneth L. Schroeder, | |
|     Defendant. | |

## I. INTRODUCTION

The Securities and Exchange Commission ("SEC") brought this civil enforcement action against Kenneth L. Schroeder ("Defendant") alleging, *inter alia*, violations of § 10(b) of the Securities and Exchange Act of 1934 and various SEC rules. The SEC alleges that Defendant unlawfully backdated options grants and submitted false financial statements for KLA-Tencor Corporation, ("KLA" or the "Company").

Presently before the Court is the SEC's Motion for an Order Barring Defendant from Serving as an Officer or Director of a Public Company.[1] The Court conducted a hearing on November 1, 2010. Based on the papers submitted to date and oral argument, the Court DENIES the SEC's Motion for an Order to Bar Defendant from Serving as an Officer or Director of a Public Company.

---

[1] (hereafter, "Motion," Docket Item No. 225.)

## II. BACKGROUND

On July 25, 2007, the SEC filed their Complaint, alleging that Defendant had engaged in a scheme to illegally backdate KLA employee stock options from mid-1999 to mid-2002, and once again in 2005, in efforts to overstate KLA's income and conceal expenses from investors.[2] The SEC further alleged that Defendant continued to undertake this practice even after notification from KLA counsel that the practice was improper, and that Defendant benefitted from the scheme, personally receiving several million dollars. (Id. at 2-3.) On June 18, 2010, Defendant filed the Consent of Defendant Kenneth L. Schroeder to Entry of Partial Final Judgment. (hereafter, "Consent," Docket Item No. 219.) In his Consent, Defendant consented to partial final judgment against him, without admitting or denying the allegations of the Complaint, and agreed to pay a civil penalty in the amount of $275,000. (Id. at 1-2.) In the Consent, the parties dispute whether a director bar is appropriate, and expressly reserve the issue for the Court to decide following the parties' discovery. (Id. at 2.) On June 25, 2010, the Court entered partial final judgment as to Defendant. (Docket Item No. 221.)

Presently before the Court is Plaintiff's Motion for a Director Bar.

## III. DISCUSSION

The SEC seeks a bar prohibiting Defendant from serving as a director or officer of a public company for a period of five years. (Motion at 1.)

A district court "may prohibit, conditionally or unconditionally, and permanently or for such period of time as it shall determine," any person engaged in securities fraud "from acting as an officer or director [of a public company] if the person's conduct demonstrates unfitness to serve as an officer or director." 15 U.S.C. § 78u(d)(2). In determining whether to order a director and officer bar, a court may consider:

---

[2] (Complaint at 1, Docket Item No. 1.)

2

(1) the "egregiousness" of the underlying securities law violation; (2) the defendant's "repeat offender" status; (3) the defendant's "role" or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur.[3]

Here, in the Consent, the parties have stipulated to reserve the determination of the appropriateness of a five year director bar for the Court. (Consent at 2.) However, the extent to which the parties have stipulated to relitigate the underlying factual allegations of the Complaint is unclear. (Id. at 4.) The Consent prohibits Defendant from "denying the allegations in the complaint or order for proceedings," but further provides that "[t]his Consent shall not be binding on the parties' rights and obligations related to litigating the Court's determination of the entry of an order barring [Defendant] from serving as an officer or director . . . ." (Id. 4-5.) Whether "litigating the Court's determination of the [director bar]" should allow the proffering of evidence in conflict with facts alleged in the Complaint is not explicitly stated in the Consent. (Id.) Despite the lack of explicit stipulation in the Consent as to how litigation should proceed, the Court finds good cause to resolve the director bar determination based on parties' present submissions.[4]

Upon review,[5] although the Court finds examples of the recurrent nature of Defendant's alleged violative conduct, there is also uncontroverted evidence showing that someone had altered Defendant's signature and the date on backdated documents. Thus, it cannot be said that the SEC

---

[3] SEC v. First Pac. Bancorp., 142 F.3d 1186, 1193 (9th Cir. 1998) (quoting 15 U.S.C. § 78u(d)(2)); see also SEC v. Hilsenrath, 2009 U.S. Dist. LEXIS 58930 (N.D.C.A.). In the Sarbanes-Oxley Act of 2002, Congress lowered the SEC's burden in seeking a director and officer bar from showing "substantial unfitness" to serve to only showing "unfitness" to serve. SEC v. Levine, 517 F. Supp. 2d 121, 144-45 (D.D.C. 2007). Based on this reduced burden post-Sarbanes-Oxley, SEC contends that the Court should adopt the unfitness test adopted by the D.C. district court in Levine. In that test, the Court also considers the defendant's acknowledgment of wrongdoing and credibility of the defendant's contrition as unfitness factors. See Levine, 517 F. Supp. 2d at 145-46. Since the Ninth Circuit has not adopted the Levine test, and at least one court in the district has continued applying First Pacific Bancorp after Sarbanes-Oxley's removal of "substantial" from the statutory language, the Court will only consider the First Pacific Bancorp factors here. However, the Court finds that in this case, both tests would yield the same outcome.

[4] At the hearing, the parties also reconfirmed that the Consent provides the Court with the discretion to adjudicate the director bar issue.

[5] As a preliminary matter, since the parties have filed most of the evidence for this Motion under seal, this Order only summarizes the evidence and provides general citations to the evidence but does not refer to any specific confidential information.

3

has demonstrated that Defendant possessed the degree of scienter sufficient to impose a five year director bar. Further, because it appears that Defendant has had difficulty obtaining regular employment since October 2006 when KLA made public the allegations against Defendant, the Court finds that he has already been effectively barred from his profession for four years.

Thus, weighing Defendant's showing of alterations of his approval of certain options grants and considering his effective bar over the last four years, the Court finds a director and officer bar unwarranted in the present case. Accordingly, the Court DENIES the SEC's Motion for a Director Bar.

## IV.  CONCLUSION

The Court DENIES Plaintiff's Motion for a Director Bar. On or before **November 29, 2010**, the parties shall file a Joint Proposed Final Judgment for the Court's approval to bring this case to a close.

Dated:  November 17, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alice L. Jensen ajensen@fenwick.com
Arlena Victoria Carrozzi arlena.carrozzi@dlapiper.com
David Allen Priebe david.priebe@dlapiper.com
Elena Ro roe@sec.gov
Elliot Remsen Peters epeters@kvn.com
Flora F Vigo fvigo@omm.com
James Elliot Lyons jlyons@skadden.com
Jeffrey Bruce Coopersmith jeff.coopersmith@dlapiper.com
Jeffrey S. Facter jfacter@shearman.com
Jonathan B. Gaskin jgaskin@orrick.com
Joni L. Ostler jostler@wsgr.com
Judith L. Anderson andersonju@sec.gov
Lanelle Kay Meidan lanelle.meidan@skadden.com
Marc J. Fagel fagelm@sec.gov
Mark Philip Fickes fickesm@sec.gov
Matthew Eric Sloan Matthew.Sloan@skadden.com
Rebecca Felice Lubens rlubens@orrick.com
Richard Marmaro rmarmaro@skadden.com
Robert Adam Lauridsen alauridsen@kvn.com
Robert James Slaughter rjs@kvn.com
Shirli Fabbri Weiss shirli.weiss@dlapiper.com
Steven Keeley Taylor skt@kvn.com
Stuart L. Gasner slg@kvn.com
Susan F. LaMarca lamarcas@sec.gov
Thomas R. Green tgreen@morganlewis.com
Timothy Alan Miller tmiller@skadden.com

**Dated: November 17, 2010**               **Richard W. Wieking, Clerk**

                                           **By:    /s/ JW Chambers**
                                           **Elizabeth Garcia**
                                           **Courtroom Deputy**

**United States District Court**
For the Northern District of California